**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,

      Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, by and through their undersigned counsel, file their Answer and Affirmative Defenses to Plaintiff, Unisource Discovery, Inc.'s Complaint.

**JURISDICTION AND VENUE**

1.      Defendants admit that this Court has subject matter jurisdiction of this action but deny that Plaintiff is entitled to any relief it seeks.

2.      Defendants admit, for the purposes of establishing jurisdiction only, that this Court has personal jurisdiction over them. Defendant deny the remaining allegations of paragraph 2.

3.      Defendants admit, for the purposes of establishing venue only, that venue is proper in this judicial district. Defendants deny the remaining allegation of paragraph 3.

**THE PARTIES**

4.      Defendants admit that Unisource Discovery, Inc. ("Unisource Florida"), is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Defendants further admit that Unisource Florida is engaged in the business of litigations support services, digital

records retrieval, and service of process and that Unisource Florida uses the trademark defined as the "Mark" in the Complaint. Defendants deny the remaining allegations.

5. Defendants admit that Defendant, Unisource Discovery, LLC (Unisource California), is a California limited liability company with its principal place of business in Orange, California. Defendants deny the remaining allegations of paragraph 5.

6. Defendants admit that Defendant, Steven A. Cerasale ("Mr. Cerasale") resides in California and is an officer/member of Unisource California.

7. Defendants admit that Mr. Cerasale is a shareholder of Unisource Florida.

8. Defendants admit that Mr. Cerasale is a managing member of Unisource California. Defendants deny the remaining allegations of paragraph 8.

## COMMON FACTUAL ALLEGATIONS

9. Defendants admit that Unisource Florida owns the Federal Registration No. 3634516. Defendants deny the remaining allegations of paragraph 9.

10. Defendants admit that the Mark appears to have been renewed and has been lawfully used by Unisource Florida and Unisource California. Defendants deny the remaining allegations of paragraph 10.

11. Defendants deny that Unisource Florida had any sort of relationship with Unisource California in 2005. Unisource Florida was not incorporated (and did not exist) until June 15, 2006. By contrast, Unisource California was organized on May 11, 2001 by Mr. Cerasale and has been using the "Unisource Discovery Digital Document Retrieval" name since 2001—i.e., five years before Unisource Florida was incorporated. Defendants further state that Unisource California has been continuously using the "Mark" on its website years before the "Mark" was registered by Unisource Florida and years before Unisource Florida was incorporated. Defendants, however, admit that once Unisource Florida was incorporated in 2006 with the consent of Unisource

2

California, both Unisource California and Unisource Florida used the same business name, the same website, the same sales materials, the same marketing material (including the same "Mark"). Defendants admit that after the Mark was registered, Unisource California and Unisource Florida have continuously (and lawfully) used the Mark.

12.     Defendants deny the allegations of paragraph 12.

13.     Defendant admit that, after Mr. Cerasale had to file a lawsuit against Unisource Florida for refusing to provide copies of Unisource Florida's financial information to Mr. Cerasale under Fla. Stat. § 607.1602, Unisource Florida retaliated with a null and void "demand" dated February 21, 2020 ostensibly "revoking" the right to use the "Mark."

14.     Defendant admit that Unisource Florida prepared a retaliatory "cease and desist" letter dated May 12, 2020. Defendants deny that the purported "cease and desist" letter had any effect or merit.

15.     Defendants deny the allegations of paragraph 15.

16.     Defendants deny the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants admit that Unisource Florida (with the consent of Unisource California) has used the Mark in the United States in connection with its business. Defendants deny that Unisource Florida "carefully monitored and policed the use of the Name and Mark" and further deny the remaining allegations of paragraph 19.

20.     Defendants deny the allegations of paragraph 20 and state that as a result of mismanagement by Noel Mijares, Unisource Florida has detrimentally affected the goodwill and public perception of the "Unisource Discovery" name.

21. Defendants admit that Unisource California continues to use the "Mark" but deny that any such use is without permission, without authority, or otherwise improper.

22. Defendants deny the allegations of paragraph 22 and state that Unisource California created the look and feel of the "Mark."

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

## COUNT I
## Trademark Infringement (15 U.S.C. § 1114)

25. Defendants restate and re-allege their answers to paragraphs 1 through 23 as if fully set forth herein.

26. Defendants admit that Count I purports to be an action for trademark infringement against Defendants but deny that Unisource Florida is entitled to any relief it seeks.

27. Defendants admit that Unisource California has continuously used the name and mark in connection with its business since years before Unisource Florida was incorporated and since years before the "Mark" was registered. Defendants deny the remaining allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

## COUNT II
## False Designation or Origin and Unfair Competition

32. Defendants restate and re-allege their answers to paragraphs 1 through 23 as if fully set forth herein.

4

33.     Defendants admit that Unisource Florida is the owner of Registration No. 3634516 but deny the remaining allegations.

34.     Defendants deny the allegations of paragraph 34.

35.     Defendants deny the allegations of paragraph 35.

36.     Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40.

## COUNT III
### Florida Common Law Trademark Infringement

41.     Defendants restate and re-allege their answers to paragraphs 1 through 40 as if fully set forth herein.

42.     Defendants admit that Unisource Florida is the owner of Registration No. 3634516 but deny the remaining allegations.

43.     Defendants admit that Unisource California has continuously used the name and mark in connection with its business since years before Unisource Florida was incorporated and since years before the "Mark" was registered. Defendants deny the remaining allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

## COUNT IV
### Florida Common Law Unfair Competition

46.     Defendants restate and re-allege their answers to paragraphs 1 through 23 as if fully set forth herein.

5

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

**COUNT V**
**Trademark Counterfeiting (15 U.S.C. § 1114)**

53. Defendants restate and re-allege their answers to paragraphs 1 through 52 as if fully set forth herein.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

**COUNT VI**
**Federal False Designation of Origin and False Advertising (15 U.S.C. § 1122(a))**

60. Defendants restate and re-allege their answers to paragraphs 1 through 59 as if fully set forth herein.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

6

66.     Defendants deny the allegations of paragraph 66.

## COUNT VII
### Trademark Infringement (Florida Common Law)

67.     Defendants restate and re-allege their answers to paragraphs 1 through 66 as if fully set forth herein.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants deny the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71.

72.     Defendants deny the allegations of paragraph 73.

## COUNT VIII
### Unfair Competition (Florida Common Law)

73.     Defendants restate and re-allege their answers to paragraphs 1 through 72 as if fully set forth herein.

74.     Defendants deny the allegations of paragraph 74.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79.

**COUNT VI[1]**
**Deceptive Trade Practice Under Florida Law (Fla. Stat. § 501.204)**

80.     Defendants restate and re-allege their answers to paragraphs 1 through 43 as if fully set forth herein.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants deny the allegations of paragraph 86.

**COUNT VII**
**Misleading Advertising Under Florida Law (Fla. Stat. § 817.41)**

87.     Defendants restate and re-allege their answers to paragraphs 1 through 43 as if fully set forth herein.

88.     Defendants deny the allegations of paragraph 88.

86.     Defendants deny the allegations of paragraph 86.[2]

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90. As to the allegations in the "PRAYER FOR RELIEF" section following paragraph 90, Defendants deny the allegations.

---

[1] The numbering of the Counts in the Complaint (DE 1) includes a discrepancy (i.e., after Count VIII, the numbering of the Counts repeat from Count VI to Count VII; the second "Count VI" should be Count IX). This Answer follows the Counts as numbered in the Complaint.

[2] The numbering of the paragraphs in the Complaint (DE 1) includes a discrepancy (i.e., after paragraph 88, the numbering restarts at 86; the second "paragraph 86" should be paragraph 89). This Answer follows the paragraphs as numbered in the Complaint.

91.     Defendants hereby deny all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

92.     As their First Affirmative Defense, Defendants state that Unisource Florida has abandoned its "Mark" by consent and provided Defendants with a naked license to use the "Mark" for more than a decade. Unisource California was organized on May 11, 2001 by Mr. Cerasale and has been using the "Unisource Discovery Digital Document Retrieval" name since 2001—i.e., five years before Unisource Florida was incorporated. Unisource California also has been continuously using the "Mark" (or the exact design and wording set forth in the "Mark") on its website since as early as 2002—i.e., years before the "Mark" was registered by Unisource Florida and years before Unisource Florida was incorporated. Unisource Florida registered the "Mark" in 2009 with full knowledge that Unisource California created that "Mark" and had been using that "Mark" for years. Unisource Florida also registered the "Mark" with full knowledge that Unisource California would continue to use the "Mark" as it deems fit in its sole discretion. Once the "Mark" was registered, Unisource California—with Unisource Florida's knowledge—continued to use the "Mark" for more than a decade. Unisource Florida never controlled, policed, or supervised Defendants' use of the "Mark." To the contrary, Unisource California was free to use the "Mark" as it wished in its sole discretion.

93.     As their Second Affirmative Defense, Defendants state that Unisource Florida is estopped from claiming that Defendants' use of the "Mark" is actionable, unlawful, or constitutes an infringement. Unisource California was organized on May 11, 2001 by Mr. Cerasale and has been using the "Unisource Discovery Digital Document Retrieval" name since 2001—i.e., five years before Unisource Florida was incorporated. Unisource California also has been continuously using the "Mark" (or the exact design and wording set forth in the "Mark") on its website since as early as 2002—i.e., years before the "Mark" was registered by Unisource Florida and years before

9

Unisource Florida was incorporated. Unisource Florida registered the "Mark" in 2009 with full knowledge that Unisource California created that "Mark" and had been using that "Mark" for years. Unisource Florida also registered the "Mark" with full knowledge that Unisource California would continue to use the "Mark" as it deems fit in its sole discretion. Once the "Mark" was registered, Unisource California—with Unisource Florida's knowledge—continued to use the "Mark" for more than a decade. Unisource Florida never controlled, policed, or supervised Defendants' use of the "Mark." To the contrary, Unisource California was free to use the "Mark" as it wished in its sole discretion. Defendants relied upon Unisource Florida's actions and representations in continuing to use the "Mark" as Unisource California deemed fit in its sole discretion. Based upon Unisource Florida's actions and representations, Unisource California continued to use the "Mark" on its website, marketing materials, and in all aspects of its business for more than a decade. Unisource California has continued to build its business and brand recognition using the "Mark" without any restraint or limitations for more than ten years (with the knowledge and consent of Unisource Florida).

94.    As their Third Affirmative Defense, Defendants state that Unisource Florida is estopped from claiming that Defendants' use of the "Mark" is likely to cause confusion. For more than a decade, Unisource Florida used the "Mark" in the same website, same marketing materials, same software, same services, and same name as Unisource California. If there is any "confusion," it was purposefully and knowingly caused by Unisource Florida's own use of the same website, marketing materials, software, services, and name as Unisource California for more than a decade.

95.    As their Fourth Affirmative Defense, Defendants state that Unisource Florida has not incurred any actual damages from any alleged "infringement" or "deceptive or unfair trade

practice" of Defendants. Unisource Florida's claim under Florida's Deceptive and Unfair Trade Practices Act (Count VI), therefore, fails.

96.    As their Fifth Affirmative Defense, Defendants state that their use of the "Unisource Discovery Digital Document Retrieval" name is—and has been since 2001—the name of Unisource California's business and is otherwise descriptive of the services of Unisource California.

97.    As their Sixth Affirmative Defense, Defendants state that they adopted and used the "Mark" years before Unisource Florida's registration or use of the "Mark" and that Defendants have continuously used such "Mark" from before the registration of the "Mark."

98.    As their Seventh Affirmative Defense, Defendants state that Unisource Florida is not entitled to any equitable relief because it has unclean hands. Even if its attempt to "revoke" its naked license to Defendants were effective (which it is not), Unisource Florida's revocation is a retaliatory "punishment" to Defendants as a result of Mr. Cerasale's lawful request for financial records under Fla. Stat. § 607.1602 and subsequent lawsuit against Unisource Florida to compel it to produce the requested financial records to which Mr. Cerasale was entitled.

## JURY TRIAL DEMAND

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, demand a trial by jury on all issues so triable.

11

Respectfully submitted,

/s/ Juan C. Zorrilla
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on September 22, 2020, on all counsel or parties of record on the Service List below.

/s/ Juan C. Zorrilla
Juan C. Zorrilla

| SERVICE LIST | |
| --- | --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* | |