THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA


UNISOURCE DISCOVERY, INC.


      Plaintiff,


      v.


UNISOURCE DISCOVERY, LLC          **Case No. 1:20-cv-23276-DPG**
a California Limited Liability Company
and STEVEN A. CERASALE,
Individually


      Defendants,

_____


**PLAINITFF, UNISOURCE DISCOVERY, INC.,**
**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**
**[DE 16] AND THIS COURT'S ORDER [DE 21]**


Plaintiff, UNISOURCE DISCOVERY, INC. a *Florida* Corporation ("UNISOURCE" or "Plaintiff"), submits its opposition to Defendants' Motion to Dismiss the Complaint [DE 16] and Response to this Court's Order to Show Cause ("OTC") [DE 21]

Accordingly, Defendants' motion should be denied for the reasons below:

**BACKGROUND**

1.    Amongst other reasons, Plaintiff advanced this action because the Defendants have infringed on Plaintiff's trademark rights causing injury to Plaintiff and have converted its client.

2.    The damage to Plaintiff has been ongoing and continuous and set-forth in Plaintiff's Complaint [DE 1] and Plaintiff Motion for Injunction [DE 18].

3.    Despite efforts to resolve Defendants damaging actions prior to litigation, all

efforts were to no avail.  Indeed, the damages to Plaintiff are ongoing – well beyond the filing of Plaintiff's complaint.

4.      In the Defendants Motion to Dismiss, the Defendants' unclearly assert that they sought settlement discussions and claim that Plaintiff did not initiate work [with Defendants] on a joint settlement order, *i.e.,* it "***appears***" the Defendants *may* be claiming that Plaintiffs failed to timely comply with filing a joint scheduling report (pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1 of the Southern District of Florida, requiring the parties to discuss case management)

5.      Assuming Plaintiff's reading of Defendants' Motion to Dismiss is accurate, Plaintiff submits that its response in-kind.

## **LEGAL STANDARD**

6.      Under Federal Rule of Civil Procedure 12(b)(1), a defendant can make a factual or facial attack on subject-matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). "Facial attacks on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.,* 104 F.3d 1256, 1261 (11th Cir. 1997) (alterations in original). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.*

7.      When considering a motion to dismiss under Rule 12(b)(6), a court must accept the allegations in the complaint "as true and construed in the light most favorable to the plaintiff.*"* *Michel v. NYP Holdings, Inc.,* 816 F.3d 686, 694 (11th Cir. 2016). To prevail, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).

## LEGAL ARGUMENT

A.   Matters Addressed In Plaintiff's Response

8.   In this Response, the Plaintiffs will address:

i.   The Defendants Motion to Dismiss [DE 16] **--** In response to Defendants Motion to Dismiss, while the Defendants filed to cite any local rule, procedural rule, case-law, *et al*, it appears that are asserting the Plaintiffs failed to settle the case and work to complete a joint filing order/report.

ii.   This Court Order to Show Cause [DE 21] -- While the Plaintiffs respectfully opts to satisfy the OTC by way of filing this Response to Defendants' Motion to Dismiss, to the extent the Plaintiff must respond to matter contain in the Order it will do so below.

B.   The Defendant's Motion to Dismiss Must Be Denied.

i.   The Defendants' Failed to Satisfy This Court's Test
or Dismissal nor Pled the Elements

9.   "A district court has authority under Federal Rules of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.

10.   However, the 11th Circuit has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir.1993). (citing a line of Eleventh Circuit cases which have consistently articulated this standard).

11.   When considering the first prong of this inquiry, the Plaintiff clearly did not engage in contumacious conduct. Rather, in the Defendants' Motion to Dismiss [DE 16] they

contend that Plaintiffs did not timely work to them to create a joint scheduling order and address settlement.

12. In response to that contention, Plaintiffs did not timely respond because of the continuous challenges relating to re-organizing the law office as a direct result of COVID (employee issues, client matters, files matter etc.). Here, the unfortunate delay in responding was solely related to this growing pain in the current COVID office re-organizing environment.

13. However, this Honorable Court does not need to decide whether the conduct of Plaintiff's' attorney was contumacious *et al* because the Court can necessarily find that lesser sanctions would suffice in this instance -- as required in the second prong of the inquiry.

14. "Although we occasionally have found implicit in an order the conclusion that 'lesser sanctions would not suffice', we have never suggested that the district court need not make that finding, which is essential before a party can be penalized for his attorney's misconduct." *Mingo v. Sugar Cane Growers Co-op of Florida,* 864 F.2d 101, 102 (11th Cir.1989) (citations omitted).

15. This Court has only inferred such a finding "where lesser sanctions would have 'greatly prejudiced' defendants." *Kilgo*, 983 F.2d at 193 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985)).

16. Because this Court will not be able to envision how the Defendants would be greatly prejudiced through the imposition of lesser sanctions, if any sanctions, this Court must sincerely refuse to infer a finding that lesser sanctions would not have sufficed in this case.

ii. The Plaintiff's Excusable Neglect Does Not Merit Dismissal

17. Additionally, under Rule 6(b) of the Federal Rules of Civil Procedure permits a court to extend deadlines, even after the time to act has expired, if there is good cause and the party "failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

18.     Excusable neglect is an equitable concept that considers "all relevant circumstances" surrounding the failure to act. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

19.     Generally, "excusable neglect" does not require counsel to have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388, 113 S.Ct. 1489; 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2015).

20.     But counsel typically must have "some reasonable basis" for not meeting a filing deadline. *Wright & Miller, supra,* § 1165.

21.     To determine whether the district court permissibly exercised its discretion to find counsel's neglect inexcusable, we consider four factors set forth by the Supreme Court in *Pioneer*: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *See* 507 U.S. at 395, 113 S.Ct. 1489; *Yesudian ex rel. United States v. Howard Univ.,* 270 F.3d 969, 971 (D.C.Cir.2001) (applying the four *Pioneer* factors).

22.     When carefully considering the four *Pioneer* factors in the instant case this Court should find that all weigh in Plaintiff's favor.  As such, denying dismissal would simply not cause prejudice to the Defendants given there clear has been no bad faith by Plaintiff nor repeated historical conducted.

23.     Therefore, in light of the foregoing, the second prong in *Pioneer* alone offers ample support for this Honorable Court to deny Defendants' Motion to Dismiss.

      iii.     The Defendants Failed To Challenge the Substance of Plaintiff's Claim Against Them

24.     First, the Defendants purposely failed to cite any case-law or statute as the basis of their motion. *In arguendo*, guessing that Defendants are arguing this Court should dismiss the

case for an alleged failure to meet for purposes of creating a joint scheduling order/report (see DE 14 page 2)

25.     The Defendant's, moreover, fail to explain or argue why this Court should dismiss other than matters limited to a joint scheduling order/report, which has been agreed to by both Parties to prepare and submit to the Court.

26.     Southern District of Florida Local Rule 7.1 explicitly requires that parties cite supporting authorities, and so courts ***require that the party seeking dismissal "support its arguments for dismissal with citations to legal authority.***" *See Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, Case 1:17-cv-22568-MGC Document 43 Entered on FLSD Docket 09/18/2017 Page 12 of 18 13 1228 (S.D. Fla. 2014)(emphasis added); *Watson v. K2 Design Grp., Inc.*, No. 15-cv-61020, 2016 WL 3943963, at *2 (S.D. Fla. May 3, 2016)

27.     Yet and again, in arguing dismissal the Defendants cite no caselaw, rule(s), statute(s), and like, that Defendants allege Unisource violated.

28.     On this basis alone, this Honorable Court has basis to deny Defendants request that Plaintiff's complaint be dismissed

C.      Plaintiff's Response to this Court's OTC [DE 21]

29.     In it Order, this Court opined, "*Upon review of the case docket, it appears that Plaintiff Unisource Discovery, Inc. ("Plaintiff") has failed to respond in opposition to Defendants' Motion to Dismiss. Pursuant to Rule 7.1 of the Local Rules for the Southern District of Florida, failure to respond, "may be deemed sufficient cause for granting the motion*.""

30.     This Court Order continues, "*Plaintiff shall show cause why the Motion to Dismiss should not be granted. In the alternative, Plaintiff shall file a response in opposition to the Motion to Dismiss by the same date*."

31.     Here, the Plaintiff has selected the alternative – that is, respond in opposition to

Defendants' motion to dismiss. However, the Plaintiff hopes this Court is additionally satisfied for all other reasons stated herein.

## CONCLUSION

32.     The Plaintiff's response to Defendants' Motion to Dismiss stands for the representation that settlement will not be achieved at this time; however, this effort has been made and will be represented in the Joint Scheduling Order/Report that will be filed shortly.

33.     The Plaintiff has addressed and resolved the matters raised and Defendants Motion to Dismiss [DE 16] and this Court Order [DE 21] under the Local Rules, procedural law, and case-law.

34.     The Defendants have intentionally injured the Plaintiff and continues to do so. Now, through their motion the Defendants somehow are stressing to this Court that settlement efforts failed – akin to the type of discussions the *Plaintiff* was attempting to have with the *Defendants* prior to the ongoing damages occurred and prior to the filing of Plaintiff's complaint.

35.     Because the Plaintiff has provided ample basis under all applicable rules and laws, this Court must sincerely dismiss the Defendants' motion forthwith.  The Plaintiffs have already been in communication with the parties related to a joint scheduling order/report and additionally request all such deadlines be extended for the reason set-forth in this Response.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the Florida Court E-Filing Portal on upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale on this day 12th of November, 2020.

Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Vales, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
       ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.

.