**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

     Defendants.

_____

**REPLY TO RESPONSE TO MOTION TO DISMISS**
**COMPLAINT WITHOUT PREJUDICE**

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, hereby file their Reply to

Plaintiff, Unisource Discovery, Inc.'s Response to Motion to Dismiss Complaint Without Prejudice

(DE 24).

1.     Plaintiff's Opposition (DE 24) makes the following clear: Plaintiff has not

articulated a single meritorious reason for flouting the Court's Order.

2.     The Court's Order (DE 14) was clear: Plaintiff was required to cooperate with

Defendant to "prepare and file a Joint Scheduling Report" "on or before October 13, 2020," and

"[f]ailure to comply with this Order shall be grounds for dismissal without prejudice and without

further notice."

3.     To date, Plaintiff has still not provided Defendants with any proposed dates /

deadlines to comply with the Court's Order. This failure to comply is particularly egregious in light

of the fact that the undersigned counsel provided Plaintiff (through counsel) with a template draft

Joint Scheduling Report and Scheduling Order back on October 13, 2020.

4.     To date, Plaintiff is still in violation of the Court's Order.

5.      Plaintiff has raised only one purported conclusory and vague reasons for violating the Court's Order: "Plaintiffs did not timely respond because of the continuous challenges relating to re-organizing the law office as a direct result of COVID." Response (DE 24) at ¶ 12.

6.      This purported justification is insufficient and rings hollow for several reasons.

A.      First, Plaintiff never requested an extension of time from the Court (nor has Plaintiff ever attempted to confer with the undersigned regarding any such extension).

B.      Second, Plaintiff still has not complied with the Court's Order (30 days after the Court-ordered deadline).

C.      Third, Plaintiff has still not sought any extension of time from the Court. In fact, Plaintiff does not even state when the Court could expect Plaintiff to finally comply with the Court's Order.

7.      Plaintiff has made its position clear: Plaintiff believes it can unilaterally give itself an indefinite extension of time to comply with this Court's Orders, and this Court is powerless to dismiss Plaintiff's case.

8.      Plaintiff is mistaken.

9.      When a party is warned that failure to comply with the Court's order will result in dismissal, and the party nonetheless fails to comply with the Order, the Court does not abuse its discretion by dismissing the case ***with prejudice***. *See Whitchurch v. Elarbee Thompson Wilson & Sapp, LLP*, 814 F. App'x 547, 549 (11th Cir. 2020) ("Failure to comply with a court order can result in a dismissal with prejudice, and when a litigant has been warned of the consequences of non-compliance such dismissal generally will not constitute an abuse of discretion.").

10.     To the extent Plaintiff argues that a "lesser sanction" is warranted, the following must be clear: Defendants are seeking dismissal ***without prejudice***. Although the Court may dismiss Plaintiff's Complaint with prejudice as a result of his continued failure to comply with the Court's Order, Defendants are requesting a dismissal without prejudice—which is certainly a "less drastic" result than dismissal with prejudice.

11.     Tellingly, Plaintiff claims that Defendants' Motion to Dismiss Without Prejudice does not "support [the] argument for dismissal with citations to legal authority," and "[o]n this basis alone, this Honorable Court has basis to deny [the Motion]." *See* Response (DE 24) at ¶¶ 26–28.

12.     Defendants have, in fact, cited legal authority—i.e., this Court's Order (DE 14). And the Court's Order (DE 14) clearly provides that "[f]ailure to comply with this Order shall be grounds for dismissal without prejudice and without further notice."

13.     To be clear, Plaintiff is the one who filed this lawsuit. In prosecuting its case, Plaintiff is required to comply with the Court's Orders. Plaintiff cannot invoke the jurisdiction of this Court by filing a lawsuit and then flout this Court's Orders, take as much time as it wants without seeking any extension from the Court (and without articulating a valid basis), and take the position that the Court is powerless to do anything.

14.     As a result of Plaintiff's continuing disregard for this Court's Order, failure to show any valid basis for such disregard, and failure to show cause, Plaintiff's Complaint should be dismissed without prejudice.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on November 13, 2020, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |  |
| --- | --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |  |
| **Case No. 20-CIV-23276-DPG** |  |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* |  |