**THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

UNISOURCE DISCOVERY, INC.

        Plaintiff,

        v.

UNISOURCE DISCOVERY, LLC                    Case No. 1:20-cv-23276-DPG
a California Limited Liability Company and
STEVEN A. CERASALE, Individually

        Defendants,

_____

**THE PLAINTIFF'S RESPONSE TO DEFENDANT REPLY [DE 27]
RELATED TO PLAINIIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
COMPLAINT WITHOUT PREJUDICE**

Plaintiff, UNISOURCE DISCOVERY, INC. a Florida Corporation ("UNISOURCE" or "Plaintiff"), submits its Response to Defendants' Reply [DE 27], and states, as follows:

1.      The Defendants' Reply [DE 27] is exceptionally disturbing and very telling.

2.      The Defendants argue that "… Plaintiff believes it can unilaterally give itself an indefinite extension of time to comply with this Court's Orders, and this Court is powerless to dismiss Plaintiff's case. *See Defendants' Reply  ¶ 7* .

3.      The Defendants continue to argue that for this reason the Court must dismiss Plaintiff's complaint without prejudice as a form of exacting punishment.  In fact, the Plaintiff and the Plaintiff's counsel have had legitimate staff and office complications as a direct result COVID.

4.      Moreover, the Plaintiff's counsel had an issue with the PACER account which was technical in nature and caused many delays in receiving and submitting some pleadings.

1

5.     Simply put, the Plaintiffs firm had issues relating to the legal/business world is a especially for small businesses. The Defendants' law firm consist of approximately 150 to 250 attorneys. They have several office locations and, on their own website, claimed to be one of the largest law firms in the state of Florida. With approximately 250 attorneys, an unknown number of staff members supporting these attorneys.

6.     The Plaintiff's counsel is a small firm which has encountered some issues and have made good faith efforts to cure and discuss with opposing counsel on moving forward.

7.     To compound the trouble with Defendants position, the Defendants single case cited and relied upon is *Whitchurch v. Elarbee Thompson Wilson & Sapp, LLP*, 814 F. App'x 547, 549 (11th Cir. 2020).

8.     In *Whitchurch,* the Court observed that the Plaintiff listed 55 substantive counts, and 10 state-law claims, that where "… lumped together …". The district court considered the complaint to be a "*shotgun*" pleading and ordered Ms. Whitchurch to file a second amended complaint which complied with Rule 8 and corrected other deficiencies. In that order, the district court described to Ms. Whitchurch the problems in her amended complaint and explained what needed to be corrected. Despite receiving an extension of time, Ms. Whitchurch did not file a second amended complaint. Instead, she sought an interlocutory appeal, twice requested clarification, and requested the recusal of the district court judge. All of those filings were unsuccessful. A month after her extended deadline for filing the second amended complaint had passed, the district court dismissed the case with prejudice. Ms. Whitchurch appealed *pro se*

9.     In all due respect, unlike *Whitchurch* this Honorable Court has not issued an order labeling the Plaintiffs complaint as "shotgun". Unlike *Whitchurch*, the Plaintiffs have no history of questionable or derelict conduct. Unlike the instant case, *Whitchurch* does not relate to any health and safety issues or even mildly similar to the instant case – the Plaintifs do not travel *pro*

*se*. In fact, it is a rather large leap that the Defendant makes in attempting to apply *Whitchurch* to secure a dismissal.

10. In addition, on November 18, 2020 the Plaintiffs served the Defendants a proposed scheduling order. *See* Exhibit "A". The Plaintiff in good faith is working with opposing counsel to submit a joint order.

11. The Defendants does not argue that Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677 (quoting *Twombly*, 550 U.S. at 570).

12. As well, the Defendants do not assert that Plaintiff's claims are not facial plausibility. *Iqbal,* 556 U.S. at 677 (citation omitted).

13. In sum, the Defendants do not attack the Plaintiff's pleadings or claim for relied.

**<u>CONCLUSION</u>**

14. Without venturing too much into detail surrounding the emotional, financial and structural toll this year has caused many firms and companies, we feel this case should be heard on the merits.

15. This matter should be heard by this Court, and it is our position that it would be a waste of the Court's time and resources, if the Plaintiff's would need to re-file this matter.

16. For the reasons set forth above, the Plaintiff respectfully requests this Court to deny the Defendants effort to dismiss.

WHEREFORE. The Plaintiffs requests that this Court enter an Order denying Defendants' motion to dismiss, award Plaintiff reasonable attorneys' fees and costs, and any other ruling that is just and fair.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the Florida Court E-Filing Portal on upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale on this day 25th of November, 2020.

Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
          ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.

4