**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

      Defendants.

_____

**JOINT SCHEDULING REPORT**

Plaintiff, UNISOURCE DISCOVERY, INC., a Florida Corporation, and Defendants,

UNISOURCE DISCOVERY, LLC, a California Limited Liability Company, and STEVEN A.

CERASALE, ("Parties" shall refer to the Plaintiff and Defendants), pursuant to Rule 16.1(b) of

the Local Rules for the Southern District of Florida, conferred via telephonic conference call and

email communications and hereby submit this Joint Scheduling Report.

**I.      Pending Motion to Dismiss [DE 16]:**

Defendants respectfully submit that this lawsuit should be dismissed without prejudice as

a result of the Plaintiff's failure to prosecute this claim and failure to comply with the Court's Order.

It is Plaintiff's position that Defendants' Motion to Dismiss is resolved – that is, Defendants did

not attack Plaintiff's allegations in its Complaint [DE 1].

If the Court grants the pending Motion to Dismiss, then this Joint Scheduling Report is

moot. If, however, the Court denies the pending Motion to Dismiss, then the Parties respectfully

submit this Joint Scheduling Report.

**II.     Information required by S.D. Fla. L.R. 16.1(B):**

**A.     Likelihood of Settlement.**

Counsel for the parties have attempted to begin settlement discussions. However, settlement discussions were never initiated. Settlement is unlikely at this time.

Defendants respectfully submit that a judicial settlement conference or early mediation will help the Parties reach a quick resolution of this lawsuit.

**B.     Likelihood of Appearance in the Action of Additional Parties.**

At this time, it is unknown if other parties will appear in this action. Defendants do not anticipate any additional parties.

**C.     Discovery Schedule.**

The parties propose the following pretrial discovery schedule, which is based on the standard case management track pursuant to S.D. Fla. L.R. 16.1.A.2

| Date | Action |
|---|---|
| Monday, December 14, 2020 | Parties to provide initial disclosures pursuant to Rule 26(a)(1)(A) |
| Monday, January 25, 2021 | Deadline for Joinder of Additional Parties |
| Wednesday, February 3, 2021 | Last Day to Select a Mediator |
| Friday, April 2, 2021 | Last Day to Complete Mediation |
| Wednesday, August 25, 2021 | Exchange of Expert Reports |
| Friday, September 24, 2021 | Exchange of Expert Rebuttal Reports |
| Friday, October 8, 2021 | Fact Discovery Cut Off |
| Monday, October 11, 2021 | Last Day to File Summary Judgment or Other Dispositive Motion |
| Monday, October 25, 2021 | Expert Discovery Cut Off |
| Monday, November 8, 2021 | Deadline for Pretrial Motions and Memoranda of Law |
| Monday, November 8, 2021 | Exchange of Witness Lists |
| Monday, November 8, 2021 | Pretrial Conference |
| Monday, November 15, 2021 | Deadline for Joint Pretrial Stipulation |
| Thursday, November 25, 2021 | Deadline for Proposed Jury Instructions and/or Proposed Findings of Fact and Conclusions of Law |
| Wednesday, December 1, 2021 | Deadline for Filing of Deposition Designations |
| Monday, December 6, 2021 | Trial |

**D.      Proposals for the Formulation and Simplification of Issues.**

At this time, the parties do not have any proposals for the formulation and simplification of any issues. As the case progresses, the parties will, if appropriate, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

**E.      Necessity of Amendments to Pleadings.**

An amendment to Plaintiff's Complaint may be necessary depending on evidence that may arise through discovery and/or similar. Defendants do not anticipate amending their Answer and Affirmative Defenses.

**F.      Admissions and Stipulations Which Will Avoid Unnecessary Proof.**

The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial.

**G.      Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**

The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof and presentation of cumulative evidence at trial.

**H.      Referral of Matters to Magistrate Judge.**

The parties do not consent to trial by the Magistrate Judge, nor to the disposition of dispositive pre-trial motions by a Magistrate Judge other than the pending Motion to Dismiss, which was referred to the Magistrate Judge by the District Court.

**I.      Preliminary Estimate of the Time Required for Trial.**

The Parties believe this matter will require 3-5 days of trial.

**J.      Pretrial Conference and Trial Dates.**

The parties request that the  pretrial conference be scheduled for November 8, 2021 and that trial be scheduled to commence on or after December 6, 2021. Plaintiff has not yet requested a jury trial. Defendants have requested a jury trial.

**K.      Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

At this time, the parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference. Plaintiff would note; however, it filed a motion for injunctive relief [DE 18] and likewise Defendants Motion to Dismiss [DE 16] remains pending. Defendants further submit that a judicial settlement conference or early mediation would help to resolve this lawsuit on an expedited basis.

**III.      Additional information:**

**A.      Whether the trial will be jury or non-jury.**

Plaintiff expects to request a jury  trial. Defendants have demanded a jury trial.

**B.      An outline of the legal elements of each claim and defense raised by the pleadings.**

**1.      Plaintiff's position.**

Plaintiff is the owner of the following United States Federal Trademark:



Registration No. 3,634,516 and Serial No. 77594059, which registered on June 9, 2009 in International Class 045 and is used in connection with legal research.

In Plaintiff's Complaint [DE 1], it alleges on February 21, 2020, Plaintiff notified Defendants that the Right to Use of Trademark had been revoked and provided proper notice via Email and U.S. Certified Mail to both parties. The notice provided Defendants with the option to stop all further use of the Trademark, and requested that if Defendants wanted to continue to use the Trademark it would be required to enter into a Licensing Agreement with Plaintiff. Failure to act would result in a Cease and Desist Letter. In fact, and as alleged, Plaintiff served Defendants with said cease and desist letter that Defendants ignored.

Plaintiff's contends that Defendants wrongful use Plaintiff's Mark confuses likeness because it is virtually identical to Unisource's Mark. Defendants have systematically and continuously made efforts to convert Plaintiff's existing clients because, amongst other reasons, Mr. Cerasale's position as a board member of Plaintiff (Florida) allows him to engage and confuse Plaintiff's (Florida) existing clients.

Plaintiff has asserted claims for (1) Trademark Infringement; (2) Fales Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a)); (3) Florida Common Law Trademark Infringement; and (4) Florida Common Law Unfair Competition. As mentioned, the Plaintiff also has a pending motion for injunctive relief.

### 2.      Defendants' position.

Defendants maintain that Plaintiff abandoned its Trademark by consent and provided Defendants with a naked license to use the Trademark for more than a decade.

On May 11, 2001 (i.e., almost twenty years before Plaintiff's Complaint was filed), Defendant Steven Cerasale ("Mr. Cerasale") organized Defendant Unisource Discovery LLC ("Unisource California"). Since May 11, 2001, Defendants have been using the "Unisource Discovery Digital Document Retrieval" name and the "Unisource" Mark at issue in this case.

Unisource California also has been continuously using the "Mark" (or the exact design and wording set forth in the "Trademark") on its website since as early as 2002—i.e., seven years before the "Mark" was registered by Plaintiff and almost twenty years before Plaintiff filed this lawsuit. Plaintiff registered the "Mark" in 2009 with full knowledge that Unisource California created that "Mark," had been using that "Mark" for years, and will continue to keep using the "Mark" as it deems fit in its sole discretion.

Once the "Mark" was registered by Plaintiff, Unisource California—with Plaintiff's knowledge—continued to use the "Mark" for more than a decade as Defendants saw fit. Plaintiff never controlled, policed, or supervised Defendants' use of the "Mark." To the contrary, Unisource California was free to use the "Mark" as it wished in its sole discretion.

Based upon Plaintiff's conduct, naked license, and waiver of the "Mark" for a decade after it was registered, Unisource California continued to use the "Mark" on its website, marketing materials, and in all aspects of its business. Unisource California has continuously built its business and brand recognition using the "Mark" without any restraint or limitations for almost twenty years (with the knowledge and consent of Plaintiff).

So, why now? Why did Plaintiff wait more than a decade to attempt to "revoke" the "license" and file this lawsuit? Plaintiff's baseless "infringement" lawsuit is a retaliatory "punishment" to Defendants. Concerned that Plaintiff's President (Noel Mijares) was mismanaging Plaintiff's business and was diverting funds from Plaintiff to unlawfully benefit himself, Mr. Cerasale submitted a lawful request to Plaintiff for financial records under Fla. Stat. § 607.1602 on September 28, 2018. Plaintiff refused to provide any requested records to which Mr. Cerasale was entitled. Mr. Cerasale, therefore, filed a state court action against Plaintiff on

6

October 24, 2018 to compel it to produce the requested financial records. To date, Plaintiff has produced some—but not all—of the records Mr. Cerasale requested and to which he is entitled.

Based upon these facts—which cannot be reasonably disputed—Defendants alleged the defenses of naked license, waiver, estoppel (i.e., Plaintiff is estopped from claiming that Defendants' use of the "Mark" is actionable, unlawful, or constitutes an infringement as well as estopped from claiming "confusion"), that any "confusion" was purposefully and knowingly caused by Plaintiff (i.e., Plaintiff's own use of the same website, marketing materials, software, services, and name as Unisource California for more than a decade), that Plaintiff has not suffered any actual damages from any alleged "infringement" or "deceptive or unfair trade practice," that the alleged "Mark" is the name of Unisource California's business and is otherwise descriptive of the services Unisource California provides, and that Plaintiff has unclean hands

### C.     A good faith estimate of the specific dollar valuation of actual damages and other relief at issue.

Plaintiff alleges million in damages. Defendants contend that (in light of the facts set forth above) Plaintiff's demand for "treble damages" plus "Two Million Dollars … per counterfeit mark per type of goods sold" plus "Defendants' profits, royalties, and revenue" plus "common law damages" is palpably in bad faith and self-evidently meritless.

### D.     The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure.

If Defendants' Motion to Dismiss is denied, Defendants and Plaintiff will produce their initial disclosures by December 14, 2020.

Respectfully submitted:

/s/ Victor M. Velarde

Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

/s/ Diego D. Valdes

Diego David Valdes, Esq.
Fla. Bar No. 251010
Email: ddvlaw@gmail.com
        ddv@ddvlawgroup.com

DIEGO DAVID VALDES, P.A.
2350 Coral Way, Suite 403B
Coral Gables, FL 33145
Telephone: 305-910-6602
Facsimile: 305-513-5924

*Counsel for Plaintiff*

8