**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____ /

## ORDER

THIS CAUSE came before the Court upon Defendants Unisource Discovery, LLC and Steven A. Cerasale's (together, "Defendants") Motion to Dismiss Complaint Without Prejudice (hereafter, "Motion to Dismiss") [D.E. 16].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20].  The undersigned held a telephonic hearing on this matter on December 1, 2020 (hereafter, "Hearing").

## BACKGROUND

Plaintiff Unisource Discovery, Inc. ("Plaintiff") commenced this trademark action against Defendants on August 6, 2020.  See Complaint for Damages and Injunctive Relief (hereafter, "Complaint") [D.E. 1].  On September 22, 2020, Defendants filed their Answer and Affirmative Defenses to the Complaint [D.E. 13].

On September 23, 2020, the Court issued its Order Requiring Joint Scheduling Report and Proposed Scheduling Order pursuant to Local Rule 16.1 of the Southern District of Florida (hereafter, "Order") [D.E. 14].  Local Rule 16.1 governs pretrial procedure in civil actions and provides that "the parties are required to comply with any pretrial orders by the Court and the

requirements of this Local Rule . . . ." S. D. Fla. L. R. 16.1(b)(6).  In its Order, the Court directed the parties to, on or before October 13, 2020, prepare and file a Joint Scheduling Report, as well as Certificates of Interested Parties and Corporate Disclosure Statements; and admonished them that failure to comply with the Order "shall be grounds for dismissal without prejudice and without further notice."  See Order [D.E. 14].

On October 14, 2020, Defendants filed the Motion to Dismiss requesting that the Court dismiss the Complaint without prejudice as a sanction for Plaintiff's noncompliance with the Order, by failing to respond to Defendants' draft Joint Scheduling Report and proposed Scheduling Order and failing to file its Certificate of Interested Parties and Corporate Disclosure Statement. See Motion to Dismiss [D.E. 16]

On November 3, 2020, the undersigned issued an Order to Show Cause instructing Plaintiff to either show cause why the Motion to Dismiss should not be granted or file a response in opposition to the Motion to Dismiss within 20 days from the date of the Order to Show Cause. See Order to Show Cause [D.E. 21].  On November 12, 2020, Plaintiff filed its Response to Defendants' Motion to Dismiss and the undersigned's Order to Show Cause (hereafter, "Response") arguing that the Motion to Dismiss should be denied because Plaintiff's counsel's noncompliance with the Order was due to "continuous challenges relating to re-organizing the law office as a direct result of COVID (employee issues, client matters, files matter etc.)" and because of "growing pain[s] in the current COVID office re-organizing environment."  See Response [D.E. 24 at 4].[1]

---

[1] On November 25, 2020, Plaintiff filed a sur-reply in opposition to the Motion to Dismiss (hereafter, "Sur-Reply") [D.E. 29].  However, Plaintiff did so without first seeking leave of court.  Thus, Plaintiff filed its Sur-Reply in violation of Local Rule 7.1(c)(1) of the Southern District of Florida, which prohibits the filing of sur-replies without first obtaining leave of court.  For this reason, as stated at the Hearing, the undersigned did not consider the Sur-Reply.

On November 12, 2020, Plaintiff filed its Certificate of Interested Persons and Corporate Disclosure Statement [D.E. 25].  On December 1, 2020, the parties filed their Joint Scheduling Report [D.E. 30].

## DISCUSSION

At the Hearing, Plaintiff's counsel acknowledged his failure to comply with the Order and further acknowledged that the proper course of action, given the COVID-related circumstances, would have been to request an extension of time from the Court prior to October 13, 2020.  The undersigned has taken into account Plaintiff's counsel's acknowledgment, as well as the fact that the Order has now been complied with, albeit over six weeks past the original due date.  Therefore, rather than dismiss the Complaint without prejudice as sought by Defendants, which would simply result in refiling of the pleading, the undersigned finds it appropriate to impose on Plaintiff's counsel the costs incurred by Defendants in litigating the Motion to Dismiss and attending the Hearing.  See Fed. R. Civ. P. 16 (providing for the imposition of sanctions on a party or its attorney who fails to obey a scheduling or other pretrial order and including among such sanctions the payment of reasonable attorney's fees incurred by the other party due to the non-compliance).

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [D.E 16] is DENIED.  However, as a remedy for Plaintiff's counsel's non-compliance with the Order, Defendants are awarded the reasonable attorney's fees incurred in connection with the Motion to Dismiss, including attendance at the Hearing.  To that end, Defendants shall file their Statement of Reasonable Attorneys' Fees within **fourteen days from the date of this Order.**

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of December, 2020.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

3

cc:    United States District Judge Darrin P. Gayles
        Counsel of Record