**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE    DISCOVERY,    LLC,    a
California  limited  liability  company,  and
STEVEN A. CERASALE, individually,

      Defendants.

---

**NOTICE OF FILING DECLARATION OF ATTORNEY'S FEES**
**PURSUANT TO COURT ORDER (DE 32)**

Pursuant to the Court's Order (DE 32), Defendants, Unisource Discovery, LLC and Steven

A. Cerasale, hereby timely file undersigned counsel's Declaration of Reasonable Attorney's Fees

(Exhibit "1" hereto).

The Court's December 2, 2020 Order (DE 32) ordered that "as a remedy for Plaintiff's

counsel's non-compliance with the Order, Defendants are awarded the reasonable attorney's fees

incurred in connection with the Motion to Dismiss, including attendance at the Hearing."

Defendants respectfully submit that that the attached Declaration of Attorney's Fees sets

forth a more than reasonable amount of fees / costs.

Defendants, therefore, respectfully request the Court to issue an award of attorney's fees /

costs in the amount of $1,611.75 in accordance with the attached Declaration and pursuant to the

Court's Order (DE 32).

### CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned certifies that since December 1, 2020 (i.e., the date of the hearing on Defendants' Motion to Dismiss), the undersigned has attempted to confer with Plaintiff's counsel to resolve this matter without additional Court intervention but has been unable to confer.

Specifically, on December 1, 2020 at 4:22 p.m., the undersigned counsel emailed Plaintiff's counsel stating as follows:

> We have 8.03 hours in connection with drafting the motion to dismiss, drafting the reply to your opposition, and attending the hearing. That comes to a total of $1,611.75.
>
> As you will note, this reflects a significantly reduced hourly rate and does not take into account the associated costs (research fees, copies, etc.). It also does not take into account the time spent on our conferrals and email communications or discussing the dismissal with my client.
>
> Let me know how you would like to proceed. I would much rather get this taken care of without involving the Court further and incurring more fees. Please let me know if you would like to discuss

Having not heard back from Plaintiff's counsel, the undersigned followed up on December 8, 2020 at 2:02 p.m. stating, "I have not heard back from you. Please let me know if we can resolve this without having to ask the Court. Please also let me know if you would like to discuss."

Again, no response.

After Plaintiff missed its deadline to respond to Defendants' discovery requests, the undersigned emailed Plaintiff's counsel to schedule a hearing on Plaintiff's failure to respond to discovery and also stated, "we did not discuss resolving the fees issue. You mentioned that you wanted to discuss this matter as well, but we did not get to discuss it. Where are we with that?"

On December 14, 2020, Plaintiff's counsel responded stating, "Let's settle this fee issue today. What time can you discuss? I am available any time after 3." The undersigned responded, "[l]et's talk at 3:30 p.m." When the undersigned called Plaintiff's counsel at 3:30 p.m., Plaintiff's

counsel asked to reschedule for a later time that afternoon. The undersigned then gave Plaintiff's counsel his cellphone and office phone numbers and awaited a call from Plaintiff's counsel.

Plaintiff's counsel never called back.

The following day, December 15 at 10:53 a.m., the undersigned emailed Plaintiff's counsel stating, "I have not heard from you. We have a deadline and will have to file something with the Court if we do not resolve this among ourselves today. Let me know if you wish to discuss." The undersigned called Plaintiff's counsel in the morning and the afternoon, but Plaintiff's counsel never responded either via phone or email.

Finally, on December 15 at 3:57 p.m., the undersigned emailed Plaintiff's counsel stating, "I never received a call back from you yesterday. I called you twice today, and I received no response. It seems we will not be able to resolve this without Court intervention. We will proceed accordingly."

To date, the undersigned has not heard from Plaintiff's counsel. Despite the undersigned's numerous attempts to confer with Plaintiff's counsel, the undersigned has been unable to reach Plaintiff's counsel (either by email or telephone) to confer.

Respectfully submitted,

/s/ Victor M. Velarde

Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 16, 2020, on all counsel or parties of record on the Service List below.

   /s/ Victor M. Velarde

Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |  |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** |  |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* |  |

4