**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

           Plaintiff,

   v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

           Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY, INC., RESPONSE TO THIS COURTS'
DEFENDANTS, UNISOURCE DISCOVERY, LLC AND STEVEN A. CERASALE
ORDER TO COMPEL [DE 38]**

The Plaintiff, Unisource Discovery, Inc. ("Unisource") Response this this Court's Order

[DE 38] relating to Defendants (collectively "Uni-CA") effort to compel discovery that is non-

existence (never propounded to Plaintiff), and states:

**RELEVANT FACTS**

This is an action by a Florida legal support and technology company, Unisource, against a

California company, Uni-CA, that conducted that same type of business, using the same or similar

likeness, and have continued to improperly and without authorization, use Unisource Registered

Trademark despite a number attempts to resolve this damaging matter prior to litigation.  Because

the injuries to Unisource are ongoing, it filed a motion for Injunctive Relief [DE 18] that has not

been ruled upon to date.

The central issue can be found in this Honorable Court Order [DE 38] that states, *inter alia*

"*ORDERED AND ADJUDGED that Plaintiff Unisource Discovery, Inc. ("Plaintiff") shall serve*

*its responses to Defendants' First Requests for Production and First Set of Interrogatories by*

*January 4, 2021* … [DE 38]". A rather easy review of the docket shows that *no discovery was propounded by the Defendants* in this case.

At no time did the Defendants correct this Order [DE 38] or otherwise advise the parties of this error. In-fact, the Defendants are advancing a continued effort to damage the Plaintiff.

Indeed, a similar instance arose earlier in this case.  On November 3, 2020, this Court entered        an        Order        to        Show        Cause        related        to " *... as failed to respond in opposition to Defendants' Motion to Dismiss*." [DE 21].  The Plaintiff responded asserting that because of the staff issues related to COVID the Plaintiff was late with its response.  The Defendants did not allow that Plaintiff's good faith reason. Consequently, the Court awarded the Defendants reasonable attorney's fees incurred in connection with the Motion to Dismiss, including attendance at the Hearing [DE 32].

Understanding that this intentional misrepresentation is overly obvious, and notoriously false, and egregious, the Defendants' action cannot be anything less than intentional.

## LEGAL STANDARDS

A.      Sanctions pursuant to Rule 37

Rule 37(b) of the Federal Rules of Civil Procedure provides that a district court may impose sanctions for a party's failure to comply with discovery orders. Rule 37(c) provides that a district court may impose sanctions for a party's failure to supplement its responses to discovery requests. The court may "penalize uncooperative attorneys or parties litigant in discovery proceedings by requiring the payment of reasonable expenses, including attorney's fees, caused by the failure." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (internal quotation marks omitted).

Permissible sanctions under Rule 37 are:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) ***rendering a default judgment against the disobedient party***; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(emphasis added)

See Rule 37(b)(2)(A)

 "[O]nly in a case where the court imposes the most severe sanction-default or dismissal- is a finding of willfulness or bad faith failure to comply necessary.*" BankAtlantic v. \*/Blythe Eastman Paine Webber, Inc*., 12 F.3d 1045, 1049 (11th Cir. 1994). In other words, "[a] court may impose lesser sanctions without a showing of willfulness or bad faith on the part of the disobedient party." *Id.*

B.      Sanctions under Court's Inherent Authority

A court may also impose sanctions for litigation misconduct under its inherent power upon a finding of bad faith. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc*., 561 F.3d 1298, 1306 (11th Cir. 2009) ("The key to unlocking a court's inherent power is a finding of bad faith.").

A court may exercise its inherent powers "even if procedural rules exist which sanction the same conduct." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). A court must, however, exercise its inherent powers "with restraint and discretion." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44

(1991). "A party demonstrates bad faith by, inter alia, delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians,* 561 F.3d at 1306. "Without a 'smoking gun' statement from the plaintiff, . . . a district court makes a determination of bad faith by drawing inferences from the conduct before it." *Byrne v. Nezhat,* 261 F.3d 1075, 1125 (11th Cir. 2001).

The court's inherent sanctioning power "encompasses the ability to impose civil and criminal contempt." *Serra Chevrolet*, 446 F3d at 1147. "[A] court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."

In *re E.I. DuPont De Nemours & Company-Benlate Litig.,* 99 F.3d 363, 368 6 (11th Cir. 1996) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990)). "A contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Serra Chevrolet, 4*46 F3d at 1147 (internal quotation marks omitted). Generally, "[a] finding of a failure to comply with discovery orders is a finding of civil contempt." Id. However, a finding of contempt for discovery violations after a case is terminated will normally be criminal in nature. *See In re E.I. DuPont-Benlate Litig.,* 99 F.3d at 363 ("Where the contemnor cannot avoid the sanction by agreeing to comply with the original order to produce the documents, the sanctions order is determinate and therefore criminal in nature." (*internal quotation marks omitted*)). The Eleventh Circuit has "uniformly regarded the imposition of a penalty against attorneys for a punitive purpose as a criminal contempt sanction." *United States v. Skuthan*, 442 F. App'x 460, 461 (11th Cir. 2011) (quoting *United States v. KS & W Offshore Eng'g, Inc*., 932 F.2d 906, 908 (11th Cir. 1991)). The court must find that the attorney's conduct "rise[s] to the level of willfulness." *Id.*

4

In addition, "Sanctions under the Court's inherent authority *may include monetary penalties,* adverse inferences, and the striking of claims or defenses." *Sprint Sols., Inc. v. Fils-Amie,* 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015)(emphasis added); *see also Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995) (inherent powers "necessarily includes the authority to impose reasonable and appropriate sanctions"). "In determining the amount of sanctions to impose, a court must fashion a sanction that not only punishes the wrongdoer, but also serves as a deterrent." *Quantum Capital, LLC v. Banco de los Trabajadores,* No. 1:14-cv-23193, 2015 WL 12259226, at *20 (S.D. Fla. Dec. 22, 2015). In cases of "egregious conduct," default sanctions are appropriate. *See Eagle Hosp*., 561 F.3d at 1307 (collecting cases)

## **ARGUMENT**

1. The Defendants' Misconduct Demonstrates Sanctionable Bad Faith

The Defendants' conduct warrants sanctions.

In reality, the Defendants interrogatories and request for production of documents:

(1) **were never** filed with this Court;

(2) Plaintiff cannot respond to a fiction;

(3)  this Court accidently entered a deadline of January 04, 2021 [DE 38] to respond to non-existent discovery based upon Defendant false representation; and

(4) Defendants permitted this Honorable Court to Compel [DE 35] and has threatened Plaintiff (*See* Emails as Exhibit "A").;

However, and again, the Defendants' never served both interrogatories and request for production on the Plaintiffs.  The Defendants never made an effort to correct the court record at any time or even bring this matter to the attention of the Court and Plaintiff, even after Plaintiff informed Defendants of this error.  In-fact, the Defendants have forced Plaintiff to bring this problem to this Court's attention and defend against it.

A.     Default sanctions are appropriate

The extent and egregious nature of Defendants' misrepresentation, the fact that they were directed at the Court (not just the Plaintiff), and furthered by Plaintiffs setting Notice of Hearing on January 19, 2021 [DE 41] demonstrate that their act is willful and in bad faith.

Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, ... or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order.*" Allapattah Servs., Inc. v. Exxon Corp.,* 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005)

The Defendants' actions "checks every box" of the *Allapattah* test. Their representation of outstanding and late discovery and effort to compel "knowingly . . . raises a frivolous argument," while their  bad act has clearly "delay[ed] or disrupt[ed] the litigation."

Indeed, Defendants' outright false representation was not merely a fraud practiced on Plaintiff alone but defiled the "very temple of justice" and "practiced" a fraud upon the Court itself. *Id.*

And lastly, the Defendants have allowed their false representation to be maintained in the record, never noticed this Court and the Plaintiff of this misrepresentation and has continued this malpresentation to date.

Cumulatively, their conduct is damaging and egregious.

B.  The Defendants' misconduct has prejudiced Plaintiff

As with any other case where a party makes a false representation to the Plaintiff and this Court—as the victims of that misconduct—the Plaintiff has been forced to "consum[e] substantial resources to respond to and 'undo' Defendants' lies and distortions." *See Forsberg*, 634 F. App'x at 680. But unlike a case in which a party's perjury has been isolated, the Defendants here have been pervasive.

6

As a result, Plaintiffs have been forced to expend a fair amount of time, money, and energy to determine how to address Defendants' misrepresentation, generate this written Response after reviewing entire case, emails and like, to secure the falsity of Defendants misrepresentations when presented to this Court.

Although Plaintiff has a strong case, the Defendants "discovery abuses have handicapped [Plaintiffs'] in [its] ability to prove [its case]." *Costa*, 2011 WL 7318760, at *9-10 (imposing default sanctions).

In short, the Defendants have prejudiced Plaintiffs by "making a game of discovery," thereby "depriv[ing] [Plaintiffs] of the truth-finding judicial process to which [it is] entitled." *Sprint Sols.*, 83 F. Supp. 3d at 1298.

2. No lesser sanctions suffice

The Defendants have mistaken this Court's adherence to the strict requirements of this Country's due process laws as a license to double-down on their misconduct.

The Plaintiff's case is strong, and if successful the Defendants stand to lose financial review/income in this suit – their motivation. *See Morgan Drexen*, 101 F. Supp. 3d at 875 ("Based on the extent of [defendant's] misrepresentations and falsification of evidence, the Court anticipates that [Defendants] would continue to deceive the Court, its own trial counsel, and opposing counsel if the Court allowed this case to proceed to trial."); *Littler*, 2019 WL 1043256, at *10 (based on defendant's "repeated perjury," "[t]he Court has no confidence that [defendant] would testify truthfully to the jury").

3.      Lesser Sanctions If Deemed Appropriate

Alternatively, The Supreme Court has instructed that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44; see *also Kornhauser v. Comm'r of Social Security,* 685 F.3d 1254, 1257 (11th Cir. 2012) ("The District

7

Court's inherent power should be exercised with caution and its invocation requires a finding of bad faith.").

Moreover, the severe sanctions of striking Defendants' pleading and entering a default (and concomitant default judgment) are warranted "only as a last resort, when less drastic sanctions" would not be adequate. *Malautea,* 987 F.2d at 1542.

As for lesser sanctions, the Plaintiff seeks: (1) attorneys' fees and costs for addressing Defendants' misrepresentation; (2) correcting the Order [DE 38] reference a deadline for discovery that Defendants represented exists but does not exist; and (3) entering an Order granting Plaintiff's injunction.

If anything, lesser sanction is warranted.

**CONCLUSION**

The Defendants' misrepresentations, as discussed above, are related to non-existent interrogatories and production of documents that are fraud upon the Court when Defendants allowed the Court to enter Order [DE 38] and *never* subsequently was brought to the attention of this Court, nor corrected.

The Defendants furthered this fraud by requesting a Notice of Hearing [DE 41] asking this very Court to issue sanctions and dismissal of Plaintiffs Complaint, under false pretenses.

Defendants conduct clearly evidences intent.

As such, the Defendant has intentionally and recklessly caused Plaintiff to incur expenses, created confusion, and forced Plaintiff to expend a tremendous amount of time to address the Defendants misrepresentation to this Court.  The Defendants misrepresentation has been ongoing, consequently, must be addressed proportionally to prevent such similar damaging conduct from continuing throughout the litigation -- if tacitly condoned.

WHEREFORE, the Plaintiff prays this Court:

A.      Grant sanction against the Defendants, and if appropriate, Defendants' legal counsel;

B.      Enter an Order acknowledging no discovery, to date, has been propounded by Defendants to Plaintiff;

C.      Enter an Order to correct the [DE 38] that, in error, direct the Plaintiff to respond to interrogatories and production of document not later than January 04, 2021; and

D.      Reasonable attorney's fees, court costs, and any other relief this Court deems just and appropriate.

## **CERTIFICATE OF SERVICE**

I hereby certify that this notice was served via the PACER E-Filing Portal on this 16th day of January, 2021 upon: Juan C. Zorilla, Esq., **jzorilla@fowler-white.com**, Fowler, White, Burnett, P.A. counsel for Unisource Discovery, LLC and Steven A. Cerasale.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: /s/ *Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:      ddvlaw@gmail.com
                ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.

9