**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE, individually,
     Defendants.

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE (DE 42)**
**AND FOR SANCTIONS INCLUDING DISMISSAL OF THE COMPLAINT (DE 1)**
**BASED UPON PLAINTIFF'S FRAUD UPON THE COURT AND BAD FAITH**

Defendants hereby move to strike Plaintiff's Response to this Court's Order to Compel (DE 42) as a sham and fraud upon the Court. Defendants also respectfully request the Court, based upon its inherent authority, to impose sanctions against Plaintiff and its counsel, including dismissal of the Complaint.

Enough is enough. Plaintiff's counsel has already been sanctioned by this Court in its Order (DE 40)—an Order which Plaintiff's counsel has, to date, failed to comply with. Unfortunately, the Court's Order was not enough to discourage Plaintiff and its counsel from continuing to engage in bad faith.

In the latest attempt to flout this Court's Orders, Plaintiff claims "no discovery was propounded by the Defendants." Response (DE 42) at p. 2. And in a very ill-advised attempt to excuse their own continuous disregard for this Court's Orders, Plaintiff and its counsel have gone so far as to falsely accuse the undersigned of peddling an "intentional misrepresentation" to the Court by requesting the Court to compel Plaintiff's discovery responses.

Of course, Plaintiff's assertion is false. And of course, Plaintiff's misrepresentation is readily—and conclusively—refutable.

Attached as Exhibit "1" is the undersigned service email to Plaintiff's counsel dated November 4, 2020. The service email (Exhibit 1 hereto) attaches Defendants' First Request for Production and First Set of Interrogatories. The attached service email is in compliance with the Court's Local Rules, the Local Administrative Procedures, and the Federal Rules of Civil Procedure.

Below are the facts, which warrant sanctions against Plaintiff and its counsel:

1. On November 4, 2020, Plaintiff's counsel received the attached service email attaching Defendants' discovery requests in this case.

2. On December 4, 2020, Plaintiff failed to respond to the discovery by its deadline.

3. On December 11, 2020, the Court held a hearing on "Plaintiff's failure to respond or produce any documents responsive to Defendants' First Request for Production and First Set of Interrogatories, which were due on December 4, 2020." Amended Notice of Hearing (DE 35) at p. 1.

4. On December 12, 2020, the Court entered an Order (DE 38) providing that Plaintiff "shall serve its responses to Defendants' First Request for Production and First Set of Interrogatories by January 4, 2021."

5. On January 4, 2021, Plaintiff again failed to respond to any discovery requests.

6. On January 12, 2021, the undersigned (after conferring with Plaintiff's counsel) noticed another hearing with the Court (DE 41), this time based upon "Plaintiff's failure to comply with the Court's Order (DE 38)" because "Plaintiff did not respond to a single discovery request, produce any documents, or request an extension."

7. The second discovery hearing—and the third hearing in this case resulting from Plaintiff's complete failure to comply with its obligations—is set for January 19, 2021 at 11:30 a.m.

8. On January 16, 2021 (i.e., the Saturday before the hearing), Plaintiff filed its "Response" (DE 42) accusing the undersigned of lying to the Court, falsely asserting that Defendants never propounded any discovery requests in this case, and seeking sanctions against Defendants and the undersigned.

So, why has Plaintiff and its counsel taken such an ill-advised—and utmost bad faith—gambit? Now—more than 70 days after Plaintiff received Defendants' discovery requests, after numerous conferrals among counsel regarding the discovery requests, after a hearing before the

2

Court to compel Plaintiff's discovery responses, after the Court entered an Order compelling Plaintiff to respond, and after causing a second hearing to be scheduled—now, Plaintiff falsely claims Defendant never served the requests. Why?

The answer is clear: Plaintiff's goal is, and has always been, to vexatiously cause unnecessary litigation and waste fees. In the undersigned's service email (Exhibit 1 hereto), the undersigned confirmed a conversation with Plaintiff's counsel wherein Plaintiff's motivations were discussed:

> As we discussed, it is frustrating that your client is looking only to litigate and does not want to even entertain discussions of a resolution. Like you said, your client would not even authorize you to "demand a payout of $1 million."
>
> I urge you to continue your efforts to have your client see the light here. It makes no sense to litigate for the sake of litigation. Your client's claims are meritless, and it will unnecessarily waste fees and time to fight over your client's claims.
>
> For the reasons I have explained to you on several occasions, I believe this case should be either voluntarily dismissed or dismissed by the Court. However, it seems your client is intent on causing my clients to expend fees and time, and we cannot predict how the Magistrate Judge will rule.
>
> Therefore, as I mentioned I would, I am serving our discovery requests.

As early as November 4, 2020, Plaintiff's bad faith motivation for filing this lawsuit was clear. Plaintiff is intent on "litigat[ing] for the sake of litigation," waste fees, and refusing to "even entertain discussions of a resolution."

Plaintiff did not file this lawsuit to seek redress, to seek justice, or because Plaintiff feels it has been wronged in any way. Plaintiff filed this frivolous lawsuit to abuse the judicial process and waste fees. Such bad faith cannot be rewarded. It must be discouraged.

For the reasons set forth above, and as a result of Plaintiff's and its counsel's bad faith, Defendants respectfully request the Court to (1) strike Plaintiff's Response (DE 42) as a sham; (2) dismiss this lawsuit as a sanction; (3) award Defendants' their reasonable attorney's fees and costs; and (4) enter such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on January 18, 2021, on all counsel or parties of

record on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| <u>SERVICE LIST</u><br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
|---|---|
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |