**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

                Plaintiff,

    v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

                Defendants.

_____

### PLAINTIFF, UNISOURCE DISCOVERY, INC., RESPONSE TO DEFENDANTS, UNISOURCE DISCOVERY, LLC AND STEVEN A. CERASALE, REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff, Unisource Discovery, Inc., by and through its attorneys, and pursuant to Rules 34 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Order [DE 46], responds to Defendants  Request for Documents as follows:

### STATEMENT OF WILLINGNESS TO COOPERATE

Counsel for Plaintiff is prepared to discuss with Counsel for Defendants to address any matter set forth below for the purpose of resolving any disputes that may arise over the production of documents without the need for intervention by the Court.

### PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

1

2.      Plaintiff will produce responsive documents only to the extent that such documents are in its possession, custody, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production.

3.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein in one or more subsequent supplemental response(s).

4.      Plaintiff will make available for inspection through a shared Cloud platform if acceptable to Defendants.

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

6.      Plaintiff, in compliance with this Court's January 19, 2021, Order [DE 46], is not objecting -- including accounting privileges, trade secrets, work-product, and relevance -- that are otherwise applicable to the Defendants' requests.

## RESPONSES

1.      All documents and/or communications showing when you first used the Mark.

RESPONSE:

Unisource Discovery, Inc. shall produce those documents it has in its possession; that is, the Mark was "…*first used* …" when it was submitted and filed with the Florida Secretary of State in the incorporation of Unisource Discovery, Inc., on June 15, 2006 and later submitted and filed on October 16, 2008 with the United States Trademark and Patent Office, and therefore, these documents are made available in compliance with this request and the Court's Order [DE 46].

2.      All documents and/or communications showing when Mr. Cerasale and/or Unisource Discovery, LLC, first used the Mark.

2

RESPONSE:

Without objection per this Court Order [DE 46], based on the information that Mr. Cerasale provided as part of his initial investment in the incorporation of Unisource Discovery, Inc., it was sometime proximate to year 2001. Unisource Discovery, Inc. has no documents in its possession apart from what was submitted and filed with the Florida Secretary of State in the incorporation of Unisource Discovery, Inc., on June 15, 2006 and later submitted and filed on October 16, 2008 with the United States Trademark and Patent Office. Further, the Plaintiff does not know of any documents that exactly shows "… when Mr. Cerasale and/or Unisource Discovery, LLC, first used the Mark."

3.      All documents and/or communications showing when Mr. Cerasale and/or Unisource Discovery, LLC, first used the Trademark.

RESPONSE:

Without objection per this Court Order [DE 46], based on the information that Mr. Cerasale provided as part of his initial investment in the incorporation of Unisource Discovery, Inc., it was sometime proximate to year 2001. Unisource Discovery, Inc. has no documents in its possession apart from what was submitted and filed with the Florida Secretary of State in the incorporation of Unisource Discovery, Inc., on June 15, 2006 and later submitted and filed on October 16, 2008 with the United States Trademark and Patent Office. Further, the Plaintiff does not know of any documents that exactly shows "… when Mr. Cerasale and/or Unisource Discovery, LLC, first used the Trademark."

4.      All documents and/or communications between you and Mr. Cerasale and/or Unisource Discovery, LLC relating to the Mark and/or Trademark.

3

RESPONSE:

Without objecting as per this Court's Order [DE 46], Unisource Discovery, Inc. notes that "… *All documents and/or communications* …" that exceeds thirteen (13) years is an exceptionally broad request. Unisource Discovery, Inc. also notes that pursuant to FLA STAT. **607.1601** (Corporate records), "… *All documents and/or communications* …" relating to the Mark it is not a record or otherwise permanent records that is legally mandated to maintain since it did not contemplate ligation years prior.

Notwithstanding, Unisource Discovery, Inc. will produce all documents and communications it has in its possession.

5.      All documents and/or communications reflecting your instructions relating to Steven Cerasale and/or Unisource Discovery LLC's use of the Mark.

RESPONSE:

Unisource Discovery, Inc. is unclear as to Defendants use of the word "*instructions*". Under Oxford Dictionary "*instructions*" is defined as "*a direction or order*" and "*detailed information telling how something should be done, operated, or assembled*" and this definition will be applied herein.

Unisource Discovery, Inc. also notes that pursuant to FLA STAT. 607.1601 (Corporate records) "… *All documents and/or communications* …" relating to "instructions" of the Mark it is not a record or otherwise permanent records that is legally mandated to maintain since it did not contemplate ligation years prior.

As such, without objecting as per this Court's Order [DE 46], Unisource Discovery, Inc. in good faith will attempt to comply with those documents and/or communications "*reflecting … instructions*" to Steven Cerasale and/or Unisource Discovery LLC's for "use" of the Mark.

6.       All documents and/or communications reflecting your instructions or other communications relating to Steven Cerasale's and/or Unisource Discovery LLC's use of the Trademark.

RESPONSE:

Unisource Discovery, Inc. is unclear as to Defendants use of the word "instructions".   Under Oxford Dictionary "instructions" is defined as "*a direction or order*" and "*detailed information telling how something should be done, operated, or assembled*" and this definition will be applied herein.

Unisource Discovery, Inc. notes that pursuant to FLA STAT. 607.1601 (Corporate records), "… All documents and/or communications …" relating to the Mark it is not a record or otherwise permanent records that is legally mandated to maintain since it did not contemplate ligation years prior.

As such, without objecting as per this Court's Order [DE 46], Unisource Discovery, Inc. in good faith will attempt to comply with those documents and/or communications   "reflecting … instructions" to Steven Cerasale and/or Unisource Discovery LLC's for "use" of the Mark.

7.       All documents and/or communications between Unisource and Mr. Cerasale   and/or   Unisource   Discovery,   LLC,   relating   to   Unisource's   use   of www.unisourcediscovery.com and/or www.unisourcediscovery.net.

RESPONSE:

Unisource Discovery, Inc. is unclear as to term "use" in context to " www.unisourcediscovery.com and/or www.unisourcediscovery.net." That is,  Defendants word "*use*" solely and without more clarification makes the request exceptionally broad

and unclear.   Consequently, Unisource Discovery, Inc. effectively guessing which documents/communication the Defendants are requesting.

As well, Unisource Discovery, Inc. notes that pursuant to FLA STAT. 607.1601 (Corporate records), "… *All documents and/or communications* …" relating to the Mark it is not a record or otherwise permanent records that is legally mandated to maintain since it did not contemplate ligation years prior.

Notwithstanding, and without raising objection(s) according to this Court's Order [DE 46],  Unisource Discovery, Inc. will produce all documents/communication it has in its possession.

8.     All documents and/or communications you contend support your allegation that your clients have been confused as a result of Steven Cerasale and/or Unisource Discovery, LLC's use of the Mark and/or Trademark.

RESPONSE:

The Defendants does not direct the Plaintiff, Unisource Discovery, Inc.  to the specific allegation(s) and/or paragraph(s) of the Plaintiffs' complaint when referring to "… *documents and/or communications you contend support your allegation that your clients have been confused"*. Therefore, Plaintiff is effectively guessing in light of this unclear request.

Notwithstanding, and without raising objection(s) according to this Court's Order [DE 46],  Unisource Discovery, Inc. will products all documents/communication it has it its possession.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this notice was served via the PACER E-Filing Portal on upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale on this day 22<u>nd</u> of <u>January</u>, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924


By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com

ddv@ddvlawgroup.com

Attorney for Plaintiff: Unisource Discovery, Inc.