**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

Defendants.

_____

## PLAINTIFF, UNISOURCE DISCOVERY, INC., RESPONSE TO  DEFENDANTS, UNISOURCE DISCOVERY, LLC AND STEVEN A. CERASALE, INTERROGATORIES

The Plaintiff, Unisource Discovery, Inc. ("Uni-FL") , by and through its attorneys, and pursuant to Rules 33 of the Federal Rules of Civil Procedure, the Local Rules of this Court 21.1.G, and this Court's Order [DE 46],  responds to Defendants' interrogatories, as follows:

### STATEMENT OF WILLINGNESS TO COOPERATE

Counsel for Plaintiff is prepared to discuss with Counsel for Defendants to address any matter set forth below for the purpose of resolving any disputes that may arise over these responses to Defendants' interrogatories without the need for intervention by the Court.

### PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

3.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein in one or more subsequent supplemental response(s).

6.     Plaintiff, in compliance with this Court's January 19, 2021, Order [DE 46], is not objecting -- including accounting privileges, trade secrets, work-product, and relevance -- that are otherwise applicable to the Defendants' questions.

## RESPONSE TO INTERROGATORIES

1.     Identify the person(s) who created, paid for, ordered, and/or commissioned the creation of the Mark and the Trademark.

RESPONSE:

Without objection pursuant to this Court's Order [DE 46], Unisource Discovery, Inc., through agreements, purchased and thus '... *paid for* ...' the rights and ownership of the Mark in Florida in June 2006; here, Mr. Cerasale through Unisource Discovery, LLC contractually transferred all rights and ownership of the Mark to Unisource Discovery, Inc., a Florida Corporation not less than 15-years ago.

2.     Identify the first time you used the Mark and/or Trademark.

RESPONSE:

Without objection pursuant to this Court's Order [DE 46], Unisource Discovery, Inc. first used the trademark after contractually acquiring ownership in June 2006 and filed with the Florida Secretary of State, and further registered the Mark with the United States Patent and Trademark Office in year 2008.

3.     Identify the first time use Mr. Cerasale and/or Unisource Discovery, LLC used the Mark.

RESPONSE:

Without objection pursuant to this Court's Order [DE 46], Unisource Discovery, Inc does not exactly know the first time that "Mr. Cerasale and/or Unisource Discovery, LLC used the

Mark"; however, in reliance on the representations that Steven Cerasale provided in the initial incorporation of Unisource Discovery, Inc., it was sometime proximate to the year 2001.

4.      Identify the first time Mr. Cerasale and/or Unisource Discovery, LLC used the Trademark.

RESPONSE:

Without objection pursuant to this Court's Order [DE 46], Unisource Discovery, Inc does not exactly know the first time that "Mr. Cerasale and/or Unisource Discovery, LLC used the Mark"; however, in reliance on the representations that Steven Cerasale provided in the initial incorporation of Unisource Discovery, Inc., it was sometime proximate to the year 2001.

5.      If you contend that you instructed Unisource Discovery LLC and/or Steven Cerasale on when, whether, or how to use the Mark or Trademark, state the following for each such communication: (a) the date of the communication; (b) the content of the communication;(c) the form of the communication (i.e., whether the communication was in person, over the phone, via email, etc.); (d) each participant of the communication (including, but not limited to, each person who was copied to the communication); and (e) identify all documents and witnesses supporting your answer to this Interrogatory.

RESPONSE:

Without objection pursuant to this Court's Order [DE 46] and in response to subsections *a-d,* above, the "communications" and representations can be found in the following:

(1)      On June 15, 2006, Steven Cerasale as part of his initial investment into Unisource Discovery, Inc., transferred full Rights and Ownership of name and Mark (Unisource Discovery) and waived all objections/claims from Unisource Discovery, LLC.

3

(2)     From the time between July 2008 to August 2008 Unisource Discovery Inc. held an Executive Shareholder Meeting with Steven Cerasale, Lisa Cote, and Noel Mijares in the Miami office, to discuss business development and other topics of interest.  During these discussions, it was decided that protection of the Unisource Discovery (Florida/Plaintiff) name and Mark were prudent, and on October 16, 2008, Unisource Discovery, Inc. filed an application with the United State Patent and Trademark Office and received US Registration No. 3634516 and US Serial No. 77594059.

(3)     On June 28, 2010, the Shareholders of Unisource Discovery, Inc. entered into a formal Closed Corporation Shareholder Agreement, which further *attests* under Section 1.3 [Trademarks] the ownership of the name and Mark by Unisource Discovery, Inc.

(4)     The February 21, 2020, notice to Unisource Discovery, LLC and Steven Cerasale that the Right to Use of the Trademark was revoked.

(5)     The March 17, 2020, *first* cease and desists letter served upon Unisource Discovery LLC and Steven Cerasale.

(6)     The October 14, 2020, *second* cease and desists letter served upon Unisource Discovery LLC and Steven Cerasale.

In addition, Unisource Discovery, Inc attempted several informal requests via email to Steven Cerasale and Unisource Discovery, LLC to cease using the Mark without permission.  Unisource Discovery, Inc. made every effort to resolve amicably – as shown in the several notices served upon Unisource Discovery LLC and Steven Cerasale prior to this litigation that were ignored and/or rejected.

Witnesses supporting these contentions, above, are the following:

1.     My attorney in this case that legally represents Unisource Discovery, Inc.

4

2.      Jorgen Slots, Esq., Corporate Attorney for Unisource Discovery, Inc. (retired)

2.      Noel Mijares, the President and CEO of Unisource Discovery, Inc.

3.      Lisa Cote, Vice President of Unisource Discovery Inc.

4.      Jill Nolden, former/retired Business Development Manager for Unisource Discovery Inc.

### VERIFICATION

On this 22nd day of January 2021, before me personally appeared Noel Mijares, acting in his capacity as CEO of Unisource Discovery, Inc, after being first duly sworn, states under oath that the Answers to Defendants' Interrogatories, directed to said Corporation are true and correct to the best of his knowledge and belief, and that he executed same for and on behalf of Unisource Discovery, Inc.

This 22nd day of January 2021.

Noel Mijares
CEO of Unisource Discovery, Inc

**SUBSCRIBED AND SWORN TO**
**BEFORE ME**, this _____ day of
January 22, 2021

NOTARY PUBLIC

My Commission Expires:

RUDINA DAKA
Notary Public-State of Florida
Commission # GG 322224
My Commission Expires
April 17, 2022

5

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the PACER E-Filing Portal on upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale on this day 22nd of January, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924


By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com

ddv@ddvlawgroup.com

Attorney for Plaintiff: Unisource Discovery, Inc.