**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,

      Defendants.

_____

## NOTICE OF TELEPHONIC HEARING

Pursuant to the Court's Scheduling Order Setting Civil Trial Date (DE 33), Defendants, Unisource Discovery, LLC and Steven A. Cerasale, hereby file their notice of the telephonic hearing on **February 3, 2021** at **11:30 a.m.**, before the Honorable Alicia M. Otazo-Reyes regarding the following discovery matters:

    1)    Plaintiff's failure to comply with the Court's Order (DE 46), and Defendants' request for sanctions including dismissal with prejudice.

### BRIEF DESCRIPTION OF DISCOVERY MATTERS

The Court has entered five separate Orders that required some action from Plaintiff (i.e., Docket Entries 14, 21, 38, 40, and 46). Plaintiff has violated ***all but one*** of those Orders.[1]

Unsurprisingly, Plaintiff has once again violated yet another Court Order (DE 46). The Court's latest Order (DE 46) ruled as follows:

> By close of business Friday, January 22, 2021: Plaintiff shall fully ***respond without objection*** and ***produce all documents responsive*** to Defendants' Request for Production of Documents ….

Order (DE 46) at p. 1 (emphasis added).

In direct violation of the Court's Order, Plaintiff refused to produce a shred of responsive documentation by the Court-ordered deadline of "close of business Friday, January 22."

Eighty-four days after receiving the discovery requests, after two Court Orders compelling Plaintiff to respond, five days after the latest Court-ordered deadline, and after requiring the undersign to coordinate a third hearing on Plaintiff's failure to respond to the same discovery requests, Plaintiff finally produced a total of ***eight*** pdf documents on January 27, 2021 at 4:39 p.m. Of the eight pdf files, ***four*** were mere print-outs of publicly available webpages, ***two*** were exhibits Plaintiff had attached to his Complaint and were already part of the record, ***one*** was at least half comprised of documents Plaintiff had attached to his Complaint and were already part of the record, and ***one*** included 20 email chains with duplicative copies of the same emails and omitted all of the referenced email attachments.

More than half of Plaintiff's total production (i.e., seven of the eight PDFs) is comprised of publicly available webpages or documents Plaintiff had already attached to its Complaint as

---

[1] The only Order (out of five) that Plaintiff did not completely ignore was the Order to Show Cause (DE 21) requiring Plaintiff to show cause why its complaint should not be dismissed for failing to respond to the Motion to Dismiss.

exhibits. Such a production could have been compiled and produced in minutes. But Plaintiff required eighty-four days, two Court Orders, and three hearings to make this production.

It is clear that Plaintiff is intent on engaging in bad faith litigation tactics aimed at unfairly prejudicing Defendants in this case.[2] These tactics cannot be allowed to continue.

Also in direct violation of the Court's Order, Plaintiff raised meritless objections to half of Defendants' requests for production—albeit by prefacing such objections with the meaningless statement, "without objecting." To be clear, Plaintiff "noted" (purportedly "without objecting") that Request Nos. 4 and 7 are "exceptionally broad request[s]" and that Requests Nos. 4, 5, 6, and 7 seek documents that Plaintiff is ostensibly "not … legally mandated to maintain."

These "objections without objecting" would be overruled even if they were allowed not only because they are meritless but also because they make it impossible to determine whether any documents are being withheld. Such gamesmanship is generally prohibited. But the Court has already specifically ruled that Plaintiff shall not raise such objections.

This will now be the fourth hearing caused by Plaintiff's failure to comply with Court-ordered and/or Rule-imposed obligations. Despite being granted significant (and untimely-requested) extensions of time and given second chance after second chance, Plaintiff continues to

---

[2] Unfortunately, Plaintiff's bad faith litigation tactics have been ongoing in this litigation. For example, in its "Response" (DE 42), Plaintiff falsely accused Defendants and undersigned counsel of "intentional misrepresentation" and "fraud upon the Court" that supposedly was "overly obvious, and notoriously false, and egregious," and Plaintiff urged this Court to award "sanctions against the Defendants, and if appropriate, Defendants' legal counsel." *See* Response (DE 42) at pp. 2, 8, 9. Of course, Plaintiff's bad faith accusations were demonstrably false and were readily dispelled. *See* DE 44-1 (true copy of the November 4, 2020 service email that Plaintiff falsely claimed did not exist). But Plaintiff does not seem to care about whether it makes false representations to this Court or even whether it is caught lying to this Court. Rather, what Plaintiff seems to care about is wasting this Court's time and resources with frivolous arguments while obstructing Defendants' ability to prepare their defense. Plaintiff's abuse of the legal process cannot be allowed to continue.

CASE NO. 20-CIV-23276-DPG

flout the Court's Orders. Plaintiff has now been warned on numerous occasions that it cannot continue to disregard this Court's rulings. But the violations continue.

Enough is enough. Sanctions are warranted, and Plaintiff's Complaint should be dismissed with prejudice.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to the Court's Order (DE 33) and Local Rule 7.1(a)(3), the undersigned certifies that counsel for Defendants has conferred with Plaintiff's counsel by email and telephone conference in a good faith effort to resolve the issues raised in this filing and has been unable to do so.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on January 28, 2021, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| **SERVICE LIST** *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
|---|---|
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com *Counsel for Plaintiff, Unisource Discovery, Inc.* | |