**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNISOURCE DISCOVERY, INC.                          **Case No. 1:20-cv-23276-DPG**

      Plaintiffs,

v.

UNISOURCE DISCOVERY, LLC, a
California Limited Liability Company
and STEVEN A. CERASALE, individually,

Defendants.

_____

**PLAINTIFF UNISOURCE DISCOVERY, INC. MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiff, Unisource Discovery Inc. a Florida Corporation ("Plaintiff"), by its undersigned counsel, submits this Memorandum in Opposition to the Motion for Sanctions [DE 44] (the "Motion") filed by Defendants, Unisource Discovery LLC (hereinafter "UNI-CA" or "Defendant"), a California Limited Liability Company, and Steven Cerasale, (hereinafter "CERASALE") collectively as Defendants, and states:

INTRODUCTION

Litigation is not a game. The federal courts are not a vehicle for litigants to harass others by filing frivolous motions which wholly lack any conceivable merit under the existing facts or law. The Defendants have litigated, or attempted to litigate, this second version of the same motion to compel [DE 44] that was resolved with the January 19, 2021 Order [DE 46] and the February 03, 2021 Order [DE 54].  Thus far, the Plaintiffs have complied with all outstanding discovery advanced by Defendants and in compliance with this Court's Order [DE 46] and did not raise a single objection despite several legal protections afforded to Plaintiff including trade secrets and privileges *et al*.

Therefore, the Plaintiff views this Court's Order [DE 46] as a very serious sanction when

preventing Plaintiff from objecting --- consequently allowing the Defendants received far more discovery than without the Order [DE 46] and arguably entitled under Federal law. As such, the Defendants request for sanctions is squarely duplicative and Plaintiff formally and respectfully objects to further imposition of sanction beyond Order [DE 46] Plaintiff to waive all objection to all of Defendants' discovery.

In addition, procedurally the Defendants motion for sanctions is exceptionally troubling. The Defendants 5-page [DE 44] motion appears to be quickly drafted, unclear, and fails to cite any case-law in support thereof. The Defendants *do not* cite any Federal Rule or otherwise Local Rule they are traveling thereunder. Effectively, the Defendants somewhat disorganized, and unclear motion means that Plaintiff must guess and assume which Federal law, Federal rule and Local Rule may or may not apply. As such, the Plaintiff will rely-upon the Defendants' first sentence in their motion for sanctions [DE 44] that states, "*Defendants hereby move to strike Plaintiffs Response to this Court's Order to Compel [DE 42] as a sham and fraud upon the Court*" to mean their motion central arounds discovery."

Therefore, the Plaintiff will construe and "guess" that the Defendants' motion [DE 44] is a Federal Rule 37 motion for sanctions since it references a discovery Order [DE 42]. Plaintiff will respond accordingly.

## BACKGROUND

The genesis of Plaintiff's case arose from the Defendants continuous and unauthorized use of Plaintiff's Trademark that is/has been illicitly used to confuse and convert the Plaintiff's existing and future clients.

Unfortunately, the Defendants have achieved success in their illegal efforts. The Plaintiff furnished several informal demands on the Defendants and served four (4) formal pre-suit notices to cease unauthorized use of Plaintiff's Trademark in a span of time exceeding 12-months prior to filing Plaintiff's complaint. Clearly, none of Plaintiff's pre-suit attempts to prevent Defendants

from continuing to injure Plaintiff were remotely successful.  As a result, the Plaintiff filed a seven (7) count complaint [DE 1] with this Honorable Court to prevent its Trademark's further unauthorized use, infringement, to compensate Plaintiff for its damages, and effectively restoring Plaintiff back to business to the position it was prior to the damage intentionally caused by Defendants.

Because the Defendants have no defense to their [civil] theft, conversion and unauthorized use of Plaintiff's Trademark, they have engaged in a discovery [dispute] campaign that is designed to prevent the Plaintiff from advancing to judgement.

In fact, it is not disputed that the Defendant Steven Cerasale as part of his initial capital investment into Plaintiff, contractually sold and transferred title of the Unisource Discovery "Name" and "Mark" to Plaintiff 15 years ago (2006) and had never disputed ownership/title until the instant Complaint was filed.  Defendant, Steven Cerasale, further acknowledged this transfer of ownership to Plaintiff of the "Name" and "Mark" when he executed the Plaintiff's Closed Corporation Shareholder Agreement on June 28, 2010, which clearly states under Section 1.3 [Trademark] *UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL is a registered US Trademark of the Company. Without limiting the foregoing, the parties agree that the Company shall be entitled to use the trademark "Unisource Discovery", as part of its corporate name, Unisource Discovery, Inc., or as a fictitious business name, or otherwise.*  (emphasis added). Defendant, Steven Cerasale, has always known that Plaintiff is owner of the "Name" and "Mark" of Unisource Discovery since he sold it to Plaintiff as part of his initial capital investment in 2006, waiving ownership and title, and that Plaintiff filed with the United States Patent and Trademark Office for Trademark Registration on October 16, 2008 under US Serial Number 77594059 and US Registration Number 3634516.

## **LEGAL STANDARD**

A.    Sanctions pursuant to Rule 37

Rule 37(b) of the Federal Rules of Civil Procedure provides that a district court may impose sanctions for a party's failure to comply with discovery orders. Rule 37(c) provides that a district court may impose sanctions for a party's failure to supplement its responses to discovery requests.

The court may "penalize uncooperative attorneys or parties litigant in discovery proceedings by requiring the payment of reasonable expenses, including attorney's fees, caused by the failure." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (internal quotation marks omitted). Permissible sanctions under Rule 37 are:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Rule 37(b)(2)(A).

"[O]nly in a case where the court imposes the most severe sanction-default or dismissal-is a finding of willfulness or bad faith failure to comply necessary." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994). In other words, "[a] court may impose lesser sanctions without a showing of willfulness or bad faith on the part of the disobedient party." *Id*. District courts have "broad discretion" to impose sanctions for discovery violations, and to apportion fault between the attorney and the client. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005); *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th

Cir. 1993). "[S]anctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." *Flury*, 427 F.3d at 944. "The magnitude of sanctions awarded is bounded under Rule 37 only by that which is 'reasonable' in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985). "Permissible purposes of sanction include: 1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Id.*

B.      Sanctions under Court's Inherent Authority

A court may also impose sanctions for litigation misconduct under its inherent power upon a finding of bad faith. Eagle Hosp. Physicians, *LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("The key to unlocking a court's inherent power is a finding of bad faith."). A court may exercise its inherent powers "even if procedural rules exist which sanction the same conduct." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). A court must, however, exercise its inherent powers "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "A party demonstrates bad faith by, inter alia, delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians*, 561 F.3d at 1306. "Without a 'smoking gun' statement from the plaintiff, . . . a district court makes a determination of bad faith by drawing inferences from the conduct before it." *Byrne v. Nezhat*, 261 F.3d 1075, 1125 (11th Cir. 2001).

The court's inherent sanctioning power "encompasses the ability to impose civil and criminal contempt." *Serra Chevrolet,* 446 F3d at 1147. "[A] court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated." *In re E.I. DuPont De Nemours & Company-Benlate Litig.,* 99 F.3d 363, 368 6 (11th Cir. 1996) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)). "A contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But

if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court."

*Serra Chevrolet*, 446 F3d at 1147 (internal quotation marks omitted).

The Eleventh Circuit has "uniformly regarded the imposition of a penalty against attorneys for a punitive purpose as a criminal contempt sanction." *United States v. Skuthan*, 442 F. App'x 460, 461 (11th Cir. 2011) (quoting *United States v. KS & W Offshore Eng'g, Inc.*, 932 F.2d 906, 908 (11th Cir. 1991)). The court must find that the attorney's conduct "rise[s] to the level of willfulness." *Id.*

## ANALYSIS

In the Defendants' Motion for Sanctions [DE 44], they assert,

1. *"On November 4, 2020, Plaintiffs' counsel received the attached service email attaching Defendants' discovery requests in this case.*

2. *On December 4, 2020, Plaintiff failed to respond to the discovery by its deadline.*

3. *On December 11, 2020, the Court held a hearing on "Plaintiffs failure to respond or produce any documents responsive to Defendants' First Request for Production and First Set of Interrogatories, which were due on December 4, 2020." Amended Notice of Hearing (DE 35) at p. 1.*

4. *On December 12, 2020, the Court entered an Order (DE 38) providing that Plaintiff "shall serve its responses to Defendants' First Request for Production and First Set of Interrogatories by January 4, 2021.*

5. *On January 4, 2021, Plaintiff again failed to respond to any discovery requests.*

6. *On January 12, 2021, the undersigned (after conferring with Plaintiffs' counsel) noticed another hearing with the Court (DE 41), this time based upon "Plaintiffs failure to comply with the Court's Order (DE 38)" because "Plaintiff did not respond to a single discovery request, produce any documents, or request an extension."*

7. *The second discovery hearing-and the third hearing in this case resulting from Plaintiffs complete failure to comply with its obligations-is set for January 19, 2021 at 11:30 a.m.*

> 8.     *On January 16, 2021 (i.e., the Saturday before the hearing), Plaintiff filed its "Response" (DE 42) accusing the undersigned of lying to the Court, falsely asserting that Defendants never propounded any discovery requests in this case and seeking sanctions against Defendants and the undersigned."*

In the timeline the Defendants provided, above, they conveniently omit the hearings which this Court heard arguments and resolved this matter as more fully discussed below. The Defendants also do not show with any reasonable factual basis for its claim -- because it would be false -- that Plaintiff somehow intentionally created discovery disputes in bad-faith and to somehow willfully thwart discovery. Simply put, Defendants' arguments could not be more false, baseless, and mere argument as the record clearly reflects through Plaintiff's full compliance.

The Defendants poorly argues that Plaintiff intentionally lied when stating it could not locate Defendant's interrogatories. As a result, the Defendant filed a motion to compel [DE 44] which Plaintiff responded [DE 47] and [DE 48] and provided its well-ground and reasonable explanation.  There was a hearing on Defendants' motion to compel [DE 44 – notice of hearing] on January 19. 2021, and the Court entered an Order directing Plaintiff to respond and *sanctioned Plaintiff* when ordering Plaintiff to waive all objections [DE 46]. The Plaintiff timely complied with the Order [DE 54] and indeed waived all objections that were available to Plaintiff – which were several.

Given the record presented, Defendants' Motion is not well taken because there is nothing to find that Plaintiff has failed to comply with the Court's Discovery Order [DE 46, DE 54], acted intentional and acted willfully. The Court directed Plaintiff to respond to Defendants' discovery requests: (1) at a discovery hearing on January 19, 2021, and (2) sanctioned Plaintiff by Ordering Plaintiff to waive all objections [DE 46].[1] Plaintiff did so.

---

[1]      In this Court's Order [DE 46], it respectfully bypassed the procedure for allowing Plaintiff to establish privilege and trade secrets as an apparent sanction when directed to waive all objections to all discovery.  The Court did not apply the Federal Rules, Southern District Local Rule 26.1 that controls the necessary procedure a party must follow when objecting to a request for production or asserting a claim of privilege. It requires that: All motions

Plaintiff's argument that sanctions are not warranted is entirely supported by Defendants own representation found in an emailed dated February 05, 2021. *See* Exhibit "A". Counsel for Defendants, Victor M. Velarde, writes *inter alia*,

> "Based upon your client's response to our Requests for Admissions (served yesterday, February 4, 2021) as well as your client's prior discovery responses (served on January 27, 2021 and confirmed at the February 2, 2021 hearing to be complete and without objection), we will seek leave to amend our Answer to include an Affirmative Defense challenging the validity of your client's trademark. We also intend to include a Counterclaim challenging the validity of cancel your client's trademark and to countersue for common law trademark infringement against Unisource Discovery, Inc. and Noel Mijares."

Plainly, the Defendants admit the Plaintiff complied to the extent they believe there is enough basis (with just initial discovery) to file a frivolous counterclaim that seeks to invalidate Plaintiff's Trademark, which the Unisource Discovery "Name" and "Logo" was sold to Plaintiff 15-years ago *without any ownership disputes until Plaintiff filed its instant complaint.* Indeed, it is reasonable to conclude that the waiver of Plaintiff's objections sparked -- in whole or part -- this new threat by Defendants and Defendants' counsel. In the face of this email, for the Defendants to claim injury is nothing more than hyperbole.

In addition, the Defendants fail to clearly explain the reasons and basis for Plaintiff's noncompliance because Plaintiff has entirely complied. The record shows Plaintiff's explanation

---

related to discovery, including . . . motions to compel discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief. S.D. Fla. L.R. 26.1(i)(1) (emphasis added).

On its face, Rule 26.1(i) is therefore plainly discretionary. While the "occurrence" of grounds for a motion tends to be the moment at which responses are filed, this is not always necessarily the case. See, e.g., *Socas v. Northwestern Mut. Life Ins.,* 2008 WL 619322 (S.D. Fla. March 4, 2008) (finding that the "occurrence" triggering the motion to compel was w*hen the requesting party examined certain documents months after their initial requests had been answered*); *United States v. Polo Pointe Way, Delray Beach, Fl.,* 444 F. Supp. 2d 1258, 1261 (S.D. Fla. 2006) (finding that the "occurrence" at issue was a deposition that took place after responses were filed).

In pertinent part, the Local Rules also provide that where a claim of privilege is asserted, the objecting party must prepare a privilege log. S.D. Fla. L.R. 26.1(g)(3)(C). Furthermore, "[w]here a claim of privilege is asserted in objecting to any . . . production demand . . . and an answer is not provided on the basis of such assertion . . . [t]he attorney asserting the privilege shall . . . identify the nature of the privilege . . . being claimed." S.D. Fla. L.R. 26.1(g)(3)(B)(I).

Again, when the Plaintiff was not afforded its opportunity to advance through the procedure of establishing privilege is clearly has the appearance and implication of a rather strong sanction that the Plaintiff entirely complied therewith.

for its failure to initially respond to Defendants' discovery requests was substantially justified, harmless and resolved pursuant to this Court's Order [DE 54] -- that is, ordering Plaintiff to timely respond and sanctioning Plaintiff through directing Plaintiff to waive all objections.

As a litigation tactic, it is not coincidence that the Defendants are seeking the most severe penalty of dismissal.

As for Defendants request to strike Plaintiff's pleading, the Eleventh Circuit considers this to be a more severe sanction that is appropriate *only* where the party's compliance with a court order is willful or in bad faith. *See Gordon v. Getter*, 2010 WL 11500084, at *2 (N.D. Ga. Aug. 31, 2010) ("The severe sanction of striking a party's pleading and entering default judgment, however, is only appropriate where the party's noncompliance with a court's discovery order is willful or in bad faith.") (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (addressing the similar sanction of dismissal with prejudice)).

"Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Here, there is strong evidence that Plaintiff's initial and accidental failure was the result of a misunderstanding, negligence, or an inability to comply --- because Plaintiff fully complied. As argued, the Plaintiff's counsel overlook Defendants' interrogatories, which were later found and responded-to by Plaintiff – that simple.

Therefore, the Defendants made no showing of any "Such deliberate and intentional failure to comply with the Court's [D]iscovery Order is the type of willful violation that justifies the entry of default under Rule 37." *Gordon*, 2010 WL 11500084, at *3 (citing *Malautea*, 987 F.2d at 1542; *Heald v. Hill-Rom Co., Inc.*, 2006 WL 3747362, at *2 (S.D. Ga. Dec. 18, 2006)

(striking a defendant's answer and entering default for the failure to comply with the court's discovery order)).

### A. Attorneys' Fees

Rule 37 mandates that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

The Court, however, must not order the payment if: (i) the movant filed a motion before attempting in good faith to obtain the disclosure or discovery without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The term "substantially justified" means that "reasonable people could differ as to the appropriateness of the contested actions." *U.S. ex rel. Ragghianti Founds. III, LLC v. Peter R. Brown Constr.*, No. 8:12-cv-942-T-33MAP, 2013 WL 5290108, at *3 (M.D. Fla. Sept. 13, 2013) (citing *Maddow v. Procter & Gamble Co. Inc.*, 107 F.3d 846, 853(11th Cir. 1997)). The district court has discretion in determining that reasonable people could differ as to the appropriateness. *Id.*

Certainly, when this Honorable Court ordered [DE 46] Plaintiff to waive all its objections to all of Defendants' discovery, at bottom, falls with the category of "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). It would appear that granting further sanction(s) beyond having Plaintiff waive all objections would be duplicative.

Based upon the foregoing, this Honorable Court must determine that the exceptions to Rule 37 exists. Thus, pursuant to the authority under Rules 26(g)(3) and 37(a)(5)(A), sanctions in the form of attorney's fees are not appropriate.

### CONCLUSION

The Defendants have not made any reasonable argument for this Court to strike Plaintiff's pleadings nor order "additional" sanctions beyond already having Plaintiff waive its objections. The record reflects compliance with this Court's Order, and absence of any showing that Plaintiff was willful and/or acted in bad faith.  The Plaintiff injuries are continuous and, consequently, seeking an injunction against Defendants that is still pending. In addition, the Plaintiff falls within the Rule 37 exceptions to grant Defendants request for attorneys' fees.

For the foregoing reasons, the Plaintiff respectfully request that this Court enter an Order denying sanctions and award to Plaintiff its reasonable attorneys' fees, costs and expenses incurred in responding to the instant action and for such other and further relief that this court deems just and proper.

**WHEREFORE**, the Plaintiff respectfully request that this Court:

1.      DENY Defendants Motion to Compel and for Sanctions [DE 44] as it relates to striking Plaintiff's pleadings;

2.      DENY Defendants Motion to Compel and for Sanctions [DE 44] as it relates to attorney's fees;

3.      Plaintiff's reasonable attorneys' fees and costs and any other relief this Court finds just and fair.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this notice was served via the PACER E-Filing Portal on this 8<u>th</u> day of February, 2021 upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale.

DIEGO DAVID VALDES, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

11

By: /s/ *Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:   ddvlaw@gmail.com
　　　　ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.