**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.
UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE,
     Defendants.

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**MOTION FOR SANCTIONS INCLUDING DISMISSAL OF THE COMPLAINT**
**BASED UPON PLAINTIFF'S FRAUD UPON THE COURT AND BAD FAITH**

Defendants hereby serve their Reply to Plaintiff's Opposition to Motion for Sanctions

Including Dismissal of the Complaint Based Upon Plaintiff's Fraud Upon the Court and Bad Faith.

**REPLY**

Plaintiff's Opposition makes and repeats one point: Plaintiff did nothing wrong. According

to Plaintiff, "there is nothing to find that Plaintiff has failed to comply with the Court's Discovery

Order [DE 46, DE 54], acted intentional and acted willfully." Opposition at p. 7.

After violating numerous Court Orders, requiring four separate hearings based upon its

failure to comply with Court Orders (three of which were based upon Plaintiff's repeated failures

to respond to the same two sets of discovery requests), and making material misrepresentations to

the Court to excuse its violations, Plaintiff proclaims with conviction: it did nothing wrong.[1]

The following is very clear: Plaintiff sees nothing wrong with continuing to act as it has.

Unless deterred, Plaintiff seems set to continue to violate Court Order after Court Order, cause

---

[1] In fact, after causing three separate Orders to be entered and three separate hearings to be scheduled for failing to comply with Court Orders relating to the ***same*** discovery requests, Plaintiff believes it is entitled to an award of attorney's fees for its time. *See* Opposition at p. 11 ("Plaintiff respectfully request that this Court … award to Plaintiff its reasonable attorneys' fees, costs and expenses incurred in responding to the instant action ….").

hearing after hearing to be scheduled, and distort the facts to excuse its violations. This is bad faith. It cannot be enabled. And it must be discouraged.

To be clear, Defendants' Motion for Sanctions was based upon Plaintiff's material misrepresentations to the Court in its Response (DE 42). The following is a demonstrative (but not exhaustive) sample of the misrepresentations in Plaintiff's "Response":

1. "*no discovery was propounded by the Defendants* in this case." Response (DE 42) at p. 2 (emphasis in original).

2. "[Defendants'] intentional misrepresentation is overly obvious, and notoriously false, and egregious, the Defendants' action cannot be anything less than intentional." *Id.*

3. "Defendants' interrogatories and request for production of documents" are "non-existent discovery based upon Defendant false representation." *Id.* at p. 5.

4. "Defendants never made an effort to correct the court record at any time or even bring this matter to the attention of the Court and Plaintiff." *Id.*

5. "Defendants' outright false representation was not merely a fraud practiced on Plaintiff alone but defiled the 'very temple of justice' and 'practiced' a fraud upon the Court itself." *Id.* at p. 6.

These misrepresentations were not a mistake. They were an ill-advised gambit to excuse Plaintiff's continuous failures to comply with Court Orders.

By the time Plaintiff made these material misrepresentations to the Court, Plaintiff was facing a second hearing based upon its failure to respond to the ***very same*** discovery requests.

Plaintiff's Opposition plays with the timeline to attempt to excuse Plaintiff's bad faith and argue that Plaintiff somehow actually "entirely complied" with the Court's Orders (despite

requiring three separate hearings based upon its clear failures to comply). The sequence of events, therefore, needs to be clarified. *See* Opposition (DE 56) at p. 8 ("Plaintiff has entirely complied.").

Defendants first scheduled a hearing on December 11, 2020 based upon "Plaintiff's failure to respond or produce any documents responsive to Defendants First Request for Production and First Set of Interrogatories, which were due on December 4, 2020." Notice of Telephonic Hearing (DE 35) at p. 1.

At that hearing, Plaintiff requested—and Defendants did not oppose—a 30-day extension of time to respond to Defendants' discovery until January 4, 2021. *See* Court Order (DE 38) at p. 1.

Despite having 60 days to do so, Plaintiff failed to respond to a single discovery request by January 4, 2021 as required by the Court's Order (DE 38). Plaintiff also did not request an extension.

Defendants, therefore, had to schedule yet another hearing (this time for January 12, 2021) because Plaintiff once again "fail[ed] to comply with the Court's Order (DE 38)" and "did not respond to a single discovery request, produce any documents, or request any extension." Notice of Hearing (DE 41) at pp. 1–2.

It was not until the Saturday before the January 19, 2021 hearing—after failing to timely respond and after violating the Court's Order—that Plaintiff decided to falsely accuse Defendants of "never propounding" any discovery on Plaintiff. Although Plaintiff used these misrepresentations as an ill-advised excuse to explain away its failures to comply with its discovery obligations and Court Order, Plaintiff took its misrepresentations even further. Plaintiff used its misrepresentations to accuse Defendants and the undersigned of committing an "overly obvious, and notoriously false, and egregious" fraud upon the Court and urged this Court to award

3

"sanctions against the Defendants, and if appropriate, Defendants' legal counsel." *See* Response (DE 42) at pp. 2, 8, 9.

All of Plaintiff's misrepresentations were, of course, dispelled, but only after Defendants filed their Motion to Strike and for Sanctions (DE 44).

Plaintiff's Opposition to Defendants' Motion (DE 56) does not seem to address any of its misrepresentations and failures to respond described above—i.e., Plaintiff's misrepresentations and Court Order violations that led to Defendants' Motion to Strike.

Rather, Plaintiff's Opposition plays with the timeline and argues the events that transpired *__after__* Defendants filed their Motion to Strike and for Sanctions. Specifically, Plaintiff's Opposition argues that "there is nothing to find that Plaintiff has failed to comply with the Court's Discovery Order [DE 46, DE 54]." *See* Opposition (DE 56) at p. 7. Plaintiff's Opposition also argues that Plaintiff has already been "seriously sanctioned" because it was precluded from raising non-existent and inapplicable "privilege" objections. *Id.* at pp. 1–2.

These assertions, of course, are demonstrably inaccurate.

First, contrary to Plaintiff's contention, Plaintiff did violate the Court Order filed after Defendants' Motion to Strike—i.e., Court Order DE 46. The Court's Order (DE 46) required Plaintiff to produce responsive documents "[b]y close of business Friday, January 22, 2021" and prohibited Plaintiff from raising any objections. *See* Court Order (DE 46) at p. 1.

Despite Plaintiff's assertions to the contrary, it is beyond dispute that Plaintiff violated both rulings. Plaintiff did not produce any documents by close of business Friday, January 22, 2021, and Plaintiff raised numerous meritless objections to Defendants' discovery requests. These violations required a *__third__* hearing dealing with Plaintiff's discovery violations relating to the same discovery requests (i.e., the hearing on February 3, 2021). *See* Notice of Hearing (DE 49) at pp. 1–

4

2 ("In direct violation of the Court's Order, Plaintiff refused to produce a shred of responsive documentation by the Court-ordered deadline of 'close of business Friday, January 22.' … Also in direct violation of the Court's Order, Plaintiff raised meritless objections to half of Defendants' requests for production—albeit by prefacing such objections with the meaningless statement, 'without objecting.'").

In fact, Plaintiff's violations of the Court's Order led to the Court entering yet another Order (DE 54) providing that Plaintiff's "objections set forth in [its] responses to Defendants' discovery requests … are STRICKEN and RENDERED A NULLITY, given the provisions of the undersigned's January 19, 2021 Order." Court Order (DE 54) at p. 1.

Plaintiff's claim that "there is nothing to find that Plaintiff has failed to comply with the Court's Discovery Order [DE 46]," therefore, is unquestionably false. Opposition at p. 7.

Second, while Plaintiff argues that it "views this Court's Order [DE 46] as a very serious sanction," this argument is premised on Plaintiff's incorrect notion that the Court "bypassed the procedure for allowing Plaintiff to establish privilege and trade secrets as an apparent sanction when directed to waive all objections." Opposition at p. 7 n.1. This contention is meritless.

As explained at the latest hearing on February 3, 2021, Plaintiff's document production (which was comprised of a total of eight PDF files) did not include any confidential or privileged information. In fact, Plaintiff's complete production was primarily comprised of print-outs of *__publicly available__* web pages and documents that Plaintiff had already attached to its Complaint—i.e., *__documents Plaintiff placed in the public docket__*. None of the documents or information Plaintiff produced was, in any way, "privileged," "trade secret," or even sensitive.

In other words, Plaintiff's argument that it has already been "seriously sanctioned" rings hollow. Plaintiff has not been deterred from continuing to act in bad faith. This is clear from the

fact that Plaintiff's Opposition primarily argues that Plaintiff did nothing wrong and falsely claims that Plaintiff "entirely complied" with the Court's Order (DE 46) when Plaintiff obviously did not.[2]

## CONCLUSION

Plaintiff has violated numerous Court Orders and required three separate hearings to respond to only two sets of discovery requests. In total, Plaintiff's discovery violations have required Defendants to expend a little over $2,000.00 in attorney's fees dedicated solely to trying to get Plaintiff to comply with its discovery obligations. Despite its bad faith, Plaintiff now argues that it did nothing wrong and that it actually complied with a Court Order that Plaintiff indisputably violated. Such bad faith cannot be enable and must be deterred with sanctions.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

---

[2] Plaintiff's Opposition makes numerous other false statements that are irrelevant to Defendants' Motion to Strike and for Sanctions. For example, Plaintiff claims that certain disputed allegations are "undisputed" (e.g., Plaintiff claims that "[i]t is not disputed that Defendant Steven Cerasale … sold and transferred title to the Unisource 'Name' and 'Mark' to Plaintiff," which is false and certainly not "undisputed") and seems to argue against Defendants' contemplated Counterclaim, which is based upon Plaintiff's material misrepresentations to the USPTO. Because those misstatements in Plaintiff's Opposition are not relevant to the Motion at hand (and because chasing down and dispelling every irrelevant misrepresentation Plaintiff makes would only waste more time), those misrepresentations will not be addressed in this Reply.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on February 15, 2021, on all counsel or parties of record on the Service List below.

      /s/ Victor M. Velarde
      Victor M. Velarde
      Fla. Bar No. 105620

| SERVICE LIST<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

7