**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNISOURCE DISCOVERY, INC.

Plaintiff,                                              **Case No. 1:20-cv-23276-CIV-DPG**

v.

UNISOURCE DISCOVERY, LLC, a
California Limited Liability Company
and STEVEN A. CERASALE, individually,

Defendants.

_____

**PLAINTIFF UNISOURCE DISCOVERY, INC. MOTION FOR**
**SANCTIONS AND TO RESCHEDULE PLAINTIFF'S MOTION FOR**
**PRELIMARY INJUNCTION [DE 18] and [DE 70]**

Plaintiff, Unisource Discovery, Inc. a Florida Corporation ("Plaintiff" and "UNISOURCE"), by its undersigned counsel, submits this Motion for Sanctions against Defendants, Unisource Discovery, LLC (hereinafter "UNI-CA"), a California Limited Liability Company, and Steven Cerasale, (hereinafter "CERASALE") (collectively as "Defendants"), for this Court to reschedule Plaintiff's preliminary injunction hearing [DE 70], and states:

Clearly. the Local Rules and Federal procedural rules depend upon the fundamental truthful conduct of persons. When that truthfulness is compromised or absent, the processes is compromised.  In those situations, Courts have the authority to impose sanctions to penalize those who damage the operations of our judicial process and, as here, damage the Plaintiff and raise a due process issue as well.

Sometimes the misconduct is so pervasive and impactful that sanctions must be imposed because then the process does not work. As such, the evidence clearly shows that sanctions are appropriate in this circumstance.

1

From March 18, 2021 to March 19, 2021, the parties were addressing a mutually acceptable hearing date for the Plaintiff's preliminary injunction. Throughout the last 60-days, the Defendants have propounded discovery upon the Plaintiff. As the record reflects, the Plaintiff fully complied with the Defendants' multiple discovery requests despite the fact that the Defendants engaged in a campaign of sanctions. While the sanctions were denied, the Defendants continue this campaign as demonstrated herein.

In an effort to confer with Defendants, in writing the Plaintiff requested that Defendants work with Plaintiff on scheduling a hearing date that will occur after the Plaintiff immediately propounds discovery and the Defendants responds.

From a due process perspective, because the Defendants have had the opportunity to take evidence through discovery, the Plaintiff position is to have the same opportunity prior to the evidentiary hearing -- a simple and more than reasonable request based on the significance of the hearing.

However, as the attached emails (Exhibit "A") clearly demonstrate the Defendants did not preemptively believe, in their sole discretion and with mal intent, that the Plaintiff is entitled to discovery prior to the hearing for an injunction, and then *unilaterally* notified the court that the parties mutually agreed on the injunction hearing date and time when they clearly did not. The Defendants "fraudulently" made such representation to the Court. That is a fact.

As a result, on March 19, 2021, the Court noticed the parties on PACER that the injunction hearing is scheduled for March 25, 2021 at 1:30 PM – based upon Defendants' untrue representations [DE 70 – Hearing Notice].

2

## LEGAL AUTHORITY

A.     **28 U.S.C. § 1927**

A district court can sanction any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927

Section 1927 states any attorney or other person admitted conducting cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

"[T] this section is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003). "[t]o justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct*." Schwartz v. Millon Air, Inc*., 341 F.3d 1220, 1225 (11th Cir. 2003) (emphasis in original). "Sanctions are not warranted, however, simply because counsel's performance did not rise to the highest standards of the profession." *Smith v. Grand Bank & Trust of Florida*, 193 F. App'x 833, 836 (11th Cir. 2006) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

"We have consistently held that an attorney multiplies proceedings `unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is `tantamount to bad faith.'" *Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006) (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)).

> [I]t is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on objective conduct. The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term "vexatiously" similarly requires an evaluation of the attorney's objective conduct. *Id.* (citations omitted).

"[Objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently.]" *Id.* at 1192. However, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927 — that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Id.* at 1193.

Therefore, something more than a lack of merit is required; "'[b]ad faith' is the touchstone." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Bad faith is present "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Moreover, even if counsel's conduct was in bad faith, sanctions are not warranted unless the conduct also multiplied the litigation. Smith v. Grand Bank & Trust of Florida, 193 F. App'x 833, 838 (11th Cir. 2006). "Unlike Rule 11, which is aimed primarily at pleadings, under section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation." *Peer v. Lewis,* 606 F.3d 1306, 1314 (11th Cir. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001; *LaSalle Nat'l Bank v.* First *Conn. Holding Group, LLC*, 287 F.3d 279, 288 (3d Cir. 2002) (stating that sanctions under 28 U.S.C. § 1927 "are intended to deter an attorney from intentionally and unnecessarily delaying judicial proceedings" (emphasis in original)).

4

## B.      Inherent Authority

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn, 6 Wheat*. 204, 227, 5 L. Ed. 242 (1821).

Accordingly, "it is firmly established that the power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (internal quotation marks omitted). "The imposition of sanctions [when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons] transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicating' judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991). "The inherent power 'is both broader and narrower than other means of imposing sanctions.' While the other sanction mechanisms only reach certain individuals or conduct, 'the inherent power extends to a full range of litigation abuses' and 'must continue to exist to fill in the interstices.'" *Peer v. Lewis,* 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 46, (1991)). Jurists are cautioned that "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991).

A court's inherent powers to sanction allow it to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted). Thus, "[t]he key to unlocking a court's inherent power is a finding of bad faith. When considering

5

sanctions under the court's inherent power, the threshold of bad faith conduct 'is at least as high as the threshold of bad faith conduct for sanctions under § 1927.'" *Peer v. Lewis,* 606 F.3d 1306, 1316 (11th Cir. 2010) (internal citation omitted) (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998); *Amlong & Amlong*, *P.A. v. Denny's, Inc*., 500 F.3d 1230, 1252 (11th Cir. 2007)).

C. **The "Bad Faith" Standard**

The Eleventh Circuit applies a standard for vexatious litigation that is tied to the standard for "bad faith" *i.e.,* the willful abuse of the judicial process by conduct tantamount to bad faith. Therefore, the law establishing the "bad faith" standard should provide insight.

A district court may award attorney's fees when a losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 4446, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Alyeska Pipeline,* 421 U.S. at 25859, 95 S. Ct. 1612; *Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir. 1998); *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir.1995); *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1543 (11th Cir.1985); *Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1320 (11th Cir.2002). A federal court may exercise its *inherent power* to sanction bad faith misconduct even if that conduct could be sanctioned under a statute or procedural rule. *See Chambers,* 501 U.S. at 4951, 111 S. Ct. 2123. However, when bad faith conduct in the course of litigation could be adequately sanctioned under the rules, the court ordinarily should rely on the rules and not on its inherent power. *Id.*

Bad faith is not limited to conduct at the moment of filing, but also incorporates bad faith acts preceding and during litigation. *See* 775 F.2d at 1543.

A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *Barnes,* 158 F.3d at 1214.

A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order. *Barnes,* 158 F.3d at 1214.

In assessing whether an award is proper under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *See Rothenberg v. Security Management Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir.1984).

The invocation of the court's inherent power to sanction requires a finding of bad faith after the party is afforded a due process opportunity to be heard. *See Chambers,* 501 U.S. at 49, 111 S. Ct. 2123; *In re Mroz,* 65 F.3d 1567, 157576 (11th Cir.1995). Inherent powers must be exercised with restraint and discretion. *Barnes,* 158 F.3d at 1214. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. 501 U.S. at 4445, 111 S. Ct. at 213233; *see also Amsted Indus. Inc. v. Buckeye Steel Castings Co.,* 23 F.3d 374, 37778 (Fed.Cir.1994) (recognizing that under certain circumstances a court can award expert witness fees as a sanction pursuant to its inherent power).

## ARGUMENT

The Defendants must be sanctioned under 28 U.S.C. § 1927 and the Court's inherent powers because they intentionally misinformed the Court of the injunction hearing date was in agreement when it was not --- solely for the purpose of gaining leverage in the case. The Defendants conduct is tantamount to bad faith.

The Defendants were "clearly" well aware that the hearing date was not in agreement and therefore was unsupportable by this Court's Local Rule and directive from this Court at the March 18, 2021 hearing [DE 69].

Importantly, however, Defendants and their counsel's likely response/assertion that Defendants did indeed conduct a conference with Plaintiff's counsel in accordance with Local Rule 7.1 - would be fully contradicted by the attached string of emails that embody the parties entire spectrum of communications on [this specific matter] and included *"It's an Evidentiary Hearing. The purpose is to review "all" evidence as it pertains to our Injunction. We will be serving our First Set of Interrogatories and Request for Production. Please hold off on scheduling the Evidentiary Hearing until we have completed this process." See* Exhibit "A"

Regardless of any impasse, the Defendants could and should have complied with the District Court's basic and easily understandable Local Rules and advanced accordingly. The Defendants intentionally chose not to adhere to the local rules – that is clear.

The Defendants campaign to prevent Plaintiff from advance its case can only be prevented from the issuing of sanction.  To date, Plaintiff has not received a single page of discovery from Defendants.  As well, the Plaintiff has been placed in a position whereas it must expend the resources of this Court to resolve.

## CONCLUSION

Based on the foregoing, the Court must conclude that the evidentiary submissions demonstrates that Defendants affirmatively acted with the intent to deprive Plaintiff of discovery and other information prior to the injunction hearing [DE 70].  The Plaintiff has suffered prejudice by this expense, such that sanctions are warranted. The Defendants extraordinary misconduct warrants the imposition of the sanctions.

WHEREFORE, the Plaintiff respectfully requests:

1.     For the Plaintiff to be awarded sanctions against the Defendants;

2.     Re-schedule the hearing date Order [DE xxx] to a date after the Plaintiff's discovery is completed by Plaintiff;

3.     Allow Plaintiff to immediately propound discovery upon Defendants;

4.     Award reasonable attorneys' fee to Plaintiff for being forced to file this Motion before this Court; and

4.     Any other relief this Court finds just and fair.


**CERTIFICATE OF SERVICE**

I hereby certify that this notice was served via the PACER E-Filing Portal on this 21ᵗʰ day of March, 2021 upon: Juan C. Zorilla, Esq., **jzorilla@fowler-white.com**, Fowler, White, Burnett, P.A. counsel for Unisource Discovery, LLC and Steven A. Cerasale.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: /s/ *Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:     ddvlaw@gmail.com
             ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.