**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE   DISCOVERY,   LLC,   a
California  limited  liability  company,  and
STEVEN A. CERASALE, individually,

      Defendants.

---

## RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS (DE 73)

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, by and through their undersigned counsel, hereby file their Opposition to Plaintiff, Unisource Discovery, Inc.'s motion for sanctions (DE 73).

## ARGUMENT

In their Reply in Support of their pending Motion for Sanctions (DE 57), Defendants informed the Court that "[u]nless deterred, Plaintiff seems set to continue to violate Court Order after Court Order, cause hearing after hearing to be scheduled, and distort the facts to excuse its violations." Reply (DE 57) at pp. 1–2.

Plaintiff's frivolous Motion for Sanctions (DE 57) is the latest example of Plaintiff's bad faith in this case.

*A.*        *The March 18, 2021 hearing—i.e., when the Court scheduled the evidentiary hearing.*

During the re-noticed March 18, 2021 hearing relating to Plaintiff's failure to respond to the Second Request for Production of Documents, the Court scheduled the evidentiary hearing on Plaintiff's Preliminary Injunction Motion for March 25, 2021. ***Counsel for Plaintiff and Plaintiff's representative were on the phone when the Court scheduled the March 25 hearing.***[1]

In fact, Plaintiff's counsel confirmed to the Court that Plaintiff was available for the hearing on March 25 and requested a 45-minute hearing. It was the undersigned who requested the Court to please wait until the undersigned could confirm his clients' availability on March 25 before scheduling the hearing.[2]

The Court then tentatively scheduled a 45-minute evidentiary hearing for March 25, 2021 at 10:30 a.m. pending the undersigned's confirmation that his clients were available to attend the hearing at that date and time. The Court also instructed the undersigned to confirm his clients' availability for the March 25 hearing by the close of business that same day (i.e., March 18).

Again, all of this occurred while Plaintiff's counsel and Plaintiff's representative were on the phone and with the participation of Plaintiff's counsel.

As will be explained in detail below, the undersigned confirmed his client's availability for the afternoon on March 25, 2021, and informed Chambers as instructed. The Court then issued the Paperless Order (DE 70) setting the evidentiary hearing on March 25, 2021 at 1:30 p.m.

---

[1] Although Plaintiff's representative did not assert his/her presence at the hearing, Plaintiff's counsel informed the Court and the undersigned during the hearing that Plaintiff's representative was also on the phone.

[2] As the undersigned stated during the hearing, Plaintiff's Motion for Preliminary Injunction does not require an evidentiary hearing because Plaintiff did not submit any evidence to contradict any of the verified facts set forth in Defendants' Opposition to the Motion for Preliminary Injunction. Nonetheless, out of an abundance of caution, in case an evidentiary hearing is required, the undersigned requested that he be allowed to confirm his clients' availability for March 25, 2021.

### B.     *Plaintiff's Motion for Sanctions (DE 73).*

Plaintiff is now seeking sanctions against Defendants for supposed "mal intent" and "extraordinary misconduct" ostensibly for "unilaterally notif[ying] the Court that the parties mutually agreed on the injunction hearing date and time when they clearly did not." Motion for Sanctions (DE 73) at p. 2. Plaintiff's Motion even accuses Defendants of acting "fraudulently … That is a fact." *Id.*

Plaintiff's Motion goes on to accuse Defendants of "intentionally cho[osing] not to adhere to the local rules" and engaging in a "campaign to prevent Plaintiff from advance its case" because "[t]o date, Plaintiff has not received a single page of discovery from Defendants." *Id.* at p. 8.

Plaintiff's Motion is confusing and clearly frivolous in light of the facts.

### C.     *The Facts – Plaintiff's supposed "prejudice."*

To begin with, Plaintiff has not propounded any discovery requests.

It should, therefore, come as no surprise that "Plaintiff has not received a single page of discovery from Defendants." The reason is self-evident: Plaintiff has not propounded a single discovery request to Defendants.

To date, Plaintiff have still not propounded a single discovery request. Nor would any discovery request lend any support to Plaintiff's equally meritless motion for preliminary injunction. Defendants have certainly not "prevent[ed] Plaintiff from advanc[ing] its case." To the contrary, Plaintiff has been the one dragging its feet at every stage, requiring the Court's intervention (on multiple occasions) to compel Plaintiff to comply with its discovery obligations and with Court Orders.

**D.**      *The Facts – Plaintiff's demonstrably false accusations of "fraud," "mal intent," and "extraordinary misconduct."*

The facts clearly expose the frivolousness of Plaintiff's Motion for Sanctions.

After the hearing—i.e., at 10:50 a.m. on March 17—the undersigned emailed Plaintiff's counsel and asked whether Plaintiff intended to present any evidence at the "hearing on your motion for preliminary injunction, which has been tentatively scheduled for March 25, 2021 at 10:30 a.m." Emails (DE 73-1) at p. 9.

Plaintiff did not respond.

Thereafter, the undersigned confirmed that his clients were not available in the morning on March 25 but were available in the afternoon. Immediately after confirming this, the undersigned again emailed Plaintiff's counsel, stating that Defendants were "not available in the morning" but were "available in the afternoon. If I remember correctly, you were generally available on March 25 in the afternoon. As I informed the Court I would do, I will reach out to the Judge's chambers to ask that the hearing be pushed to the afternoon." *Id.* at p. 9.

At 11:15 a.m. that same day (i.e., March 18, 2021), the office of Plaintiff's counsel responded that "[o]n the 25th, Mr. Valdez [Plaintiff's counsel] is good in the morning up to 2:30." *Id.* at p. 8. The undersigned then replied (at 11:15 a.m.), "I will try to schedule it for March 25 at 1:00 p.m. That should give us all enough time"—i.e., that should give Plaintiff at least the 45 minutes he requested for the hearing. *Id.* at p. 7.

As the Court instructed, the undersigned then contacted Chambers to confirm his client's availability in the afternoon on March 25, 2021 and also stated that Plaintiff's counsel was available until 2:30 p.m.

At 1:07 p.m. on March 18, 2021, the Court entered the Paperless Order (DE 70) scheduling the 45-minute evidentiary hearing on March 25, 2021. Again, none of this was a surprise to Plaintiff or Plaintiff's counsel.

***Almost an hour and a half later*** (at 2:21 p.m.), Plaintiff's counsel emailed the undersigned stating "[w]e feel nervous about walking into a mini trial without knowing" supposed responses to non-existent "interrogatories to discover who, what, when, where." Emails (DE 73-1) at p. 7.

In response, the undersigned stated that "[p]reliminary injunction hearings are mini-trials, yes. This is what your motion asks for, and it is what we have been preparing for for months now. I do not understand your email below?" *Id.* at p. 6. The undersigned also invited Plaintiff's counsel to discuss and confirmed that the undersigned would be available for discussion. *Id.*

Plaintiff's counsel did not take the undersigned offer to discuss. Rather, Plaintiff's counsel responded by demanding, "[p]lease hold off on scheduling the Evidentiary Hearing until we have completed this process." *Id.* at p. 5.

Confused, the undersigned responded, "[t]he Court scheduled the hearing this morning while we were on the phone. I did not schedule it. You did not mention anything to the Court about discovery. If you wish to continue the hearing, let's discuss. But I cannot unilaterally cancel a hearing that the Court scheduled." *Id.* at p. 5.

In the email communications between counsel following the Court's scheduling of the March 25 hearing, the undersigned invited Plaintiff's counsel to confer ***four separate times*** to try to understand what Plaintiff was trying to say and confer regarding whatever motion Plaintiff might want to file. *See id.* at p. 6 ("Let me know if you want to discuss. I will be generally available today except for 4:00 p.m. to 6:00 p.m."); *id.* at p. 5 ("If you wish to continue the hearing, let's discuss."); *id.* at p. 3 ("I will do my best to respond, but like I said, I am available today to

discuss."); *id.* at p. 2 ("As always, I will make myself available to discuss if you believe a conferral will be fruitful. Let me know when you have availability.").

Plaintiff refused to confer.

Instead, Plaintiff filed a frivolous Motion for Sanctions claiming that Defendants acted with "mal intent" by not producing any discovery in response to non-existent discovery requests that Plaintiff has never served. Of course, Plaintiff has still not propounded a single discovery request. Plaintiff's Motion also does not make any effort to explain what discovery Plaintiff claims it needs or why Plaintiff has not yet served any such "necessary" discovery.

In sum, both Plaintiff's counsel and Plaintiff's representative were present when the Court scheduled the March 25, 2021 hearing. Plaintiff's counsel informed the Court (in the presence of Plaintiff's representative) that Plaintiff was available for an evidentiary hearing on March 25 and requested a 45-minute hearing. After the Court tentatively scheduled the March 25, 2021 hearing in the morning, Plaintiff's counsel again confirmed (via email) to the undersigned that he was available for the hearing on March 25, 2021 until 2:30 p.m. It was not until after the Court scheduled the hearing (and after confirming his availability to both the Court and the undersigned) that Plaintiff capriciously demanded the undersigned to unilaterally cancel the hearing.

When the undersigned informed Plaintiff's counsel that the undersigned cannot unilaterally cancel a hearing that the Court scheduled while both parties were on the phone, Plaintiff refused to confer. Instead, Plaintiff filed a frivolous Motion for Sanctions.

## **CONCLUSION**

Plaintiff's Motion for Sanctions (DE 73) is frivolous. It is contradicted by the facts. What Plaintiff is attempting to accomplish with its frivolous Motion is unclear. One thing, however, is very clear: unless deterred, Plaintiff seems set to continue to violate Court Order after Court Order, cause hearing after hearing to be scheduled, and distort the facts to excuse its violations.[3]

Defendants, therefore, respectfully request the Court to deny Plaintiff's Motion for Sanctions and award further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Juan C. Zorrilla
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

---

[3] Unsurprisingly, Plaintiff also violated yet another Court Order. The Court's March 18, 2021 Order (DE 69) ordered that "Plaintiff … shall fully respond without objection … to Defendants' Second Request for Production of Documents to Plaintiff by close of business Friday, March 19, 2021." To date, Plaintiff has not responded to the Second Request for Production. Plaintiff has now violated almost every single Court Order directed at Plaintiff and seem set to continue to do so.

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 22, 2021, on all counsel or parties of record on the Service List below.

/s/ Juan C. Zorrilla
Juan C. Zorrilla

| SERVICE LIST *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

8