**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE   DISCOVERY,   LLC,   a
California  limited  liability  company,  and
STEVEN A. CERASALE, individually,

      Defendants.

---

**DEFENDANTS' MOTION TO RE-NOTICE**
**THE MARCH 25, 2021 HEARING AS A NON-EVIDENTIARY HEARING,**
**OR IN THE ALTERNATIVE, MOTION TO CONTINUE THE HEARING BY 21 DAYS**

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, by and through their undersigned counsel, hereby move to re-notice the March 25, 2021 evidentiary hearing (DE 70) as a **non-evidentiary** hearing. Alternatively, if the March 25 hearing is not re-noticed as non-evidentiary, then Defendants move to continue the March 25 hearing by 21 days for the reasons set forth below.

## <u>ARGUMENT</u>

**I.      The March 25, 2021 hearing on Plaintiff's Motion for Preliminary Injunction should be re-noticed as a non-evidentiary hearing.**

The material facts relevant to Plaintiff's Motion for Preliminary Injunction are not in dispute. An evidentiary hearing, therefore, is not needed because the material facts are not in dispute.

Specifically, Defendants filed an Opposition (DE 61) supported by verified facts and sixteen exhibits. The verified facts in Defendants' Opposition established the basis for each of Defendants' defenses, which Plaintiff's Motion for Preliminary Injunction (DE 18) did not address.

Plaintiff then filed an untimely Reply (DE 67)[1] that did not contradict or challenge any of the verified facts in Defendants' Opposition. Rather, Plaintiff's Reply makes purely legal arguments and is not supported by any factual declaration, verification, affidavit, or otherwise.

"No evidentiary hearing is necessary 'where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought.'" *Poarch Band of Creek Indians v. Hildreth*, 656 F. App'x 934, 942 (11th Cir. 2016) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312–13 (11th Cir. 1998)); *see also Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1169–70 (11th Cir. 2018) (holding that no evidentiary hearing was required because "Defendants proffered no evidence in opposition to Transcontinental's motions

---

[1] The Court's Order (DE 46) required Plaintiff to file its "reply to Defendants' response [ ] by **March 1, 2021**." Without requesting an extension or explaining its delay, Plaintiff filed its Reply (DE 67) on March 12, 2021—i.e., eleven days after the Court-ordered deadline. Additionally, Plaintiff's Reply was 17 pages long—i.e., almost double the 10-page limit imposed by Local Rule 7.1(c)(2). Nonetheless, the Reply did not challenge any of the verified material facts in Defendants' Opposition (DE 61).

… to indicate that there were any genuine issues of material fact with respect to any prong of the preliminary-injunction analysis").

Separately, Plaintiff seems to have confirmed that it will not file a witness / exhibit list until after Plaintiff serves discovery (which Plaintiff has not served) and after Defendants respond to the discovery (which will not be due until thirty days after Plaintiff serves discovery requests, if served).

Specifically, the Court Order (DE 70) required that "[e]ach party shall file a witness and exhibit list prior to the Evidentiary Hearing." Defendants filed their Witness and Exhibit List as ordered (DE 75). Plaintiff, however, has not filed any witness or exhibit list.

On March 18, 2021, the undersigned asked Plaintiff's counsel, "when would you like to exchange witness and exhibit lists?" *See* Emails (Exhibit "1" hereto) at p. 12. Because Plaintiff's counsel did not respond, Defendants filed their witness and exhibit list (DE 75) on March 22, 2021. The following day (i.e., March 23, 2021), the undersigned again informed Plaintiff's counsel that Plaintiff has not indicated "when [Plaintiff] would like to exchange witness and exhibit lists." *Id*. at 7.

Plaintiff's counsel then confirmed that "first, [Plaintiff] will be submitting to [Defendants] the First Set of Interrogatories and Request for Production, which will be delivered by tomorrow, no later than Thursday, March 25, 2021." *See* Emails (Exhibit "1" hereto) at p. 7. The undersigned responded, "[t]o be clear, you are confirming that you will not be filing a Witness or Exhibit List before the hearing." *Id*. When Plaintiff's counsel responded again without stating when or whether Plaintiff's witness and exhibit lists will be filed, the undersigned followed up by stating, "[a]lthough your email states that you have 'witnesses ready to testify,' you do not state who these witnesses are. Please advise." *Id*. at p. 4.

In response, Plaintiff's counsel did not identify any witnesses or exhibits but, instead, stated "[i]sn't that the point of exchanging witness lists?" *Id.* at p. 3 (red font). Confused by Plaintiff's counsel's response, the undersigned stated, "I am again very confused here. I assume you are standing firm in your position not to file your witness and exhibit list. Please correct me if I am wrong." *Id.* at p. 3 (blue font).

Plaintiff's counsel has not responded and has not filed any witness or exhibit list.

Plaintiff did not proffer any evidence in opposition to Defendants' verified facts. There is, therefore, no dispute as to the material facts relating to Plaintiff's Motion for Preliminary Injunction. Moreover, Plaintiff has ignored the Court's Order (DE 70) and does not intend to file a witness or exhibit list in advance of the March 25 hearing.

"The burden is upon Plaintiff to show that there is a genuine issue of material fact to justify an evidentiary hearing." *Alachua Retail 51, L.L.C. v. City of Alachua*, No. 1:11-CV-00187-SPM, 2012 WL 1313477, at *5 (N.D. Fla. Apr. 17, 2012) (holding that Plaintiff's failure to disclose what evidence it has to cast into doubt that relied upon by the Defendant failed to meet this burden so as to require an evidentiary hearing).

Defendants, therefore, respectfully request the Court to re-notice the March 25, 2021 hearing on Plaintiff's Motion for Preliminary Injunction as a **<u>non-evidentiary</u>** hearing. The parties may proceed with a hearing on March 25, 2021 as to the law. But, the verified facts as set forth in Defendants' Opposition (DE 61) are not in dispute.

**II.**     **Alternatively, if the March 25, 2021 hearing is not re-noticed as a non-evidentiary hearing, the hearing should be continued by 21 days to accommodate the surgery of Defendant, Steven Cerasale.**

The hearing on Plaintiff's Motion for Preliminary Injunction (DE 18) should proceed as a non-evidentiary hearing on March 25, 2021 for the reasons set forth above.

However, if the hearing is not re-noticed as a non-evidentiary hearing, the Defendants respectfully request the Court to continue the hearing by 21 days.

Defendant, Steven Cerasale ("Mr. Cerasale"), had cleared his schedule on March 25, 2021 in the afternoon to attend the hearing on Plaintiff's Motion for Preliminary Injunction. *See* Declaration of Steven Cerasale (Exhibit "2" hereto) at ¶ 2. Mr. Cerasale intended to testify at the hearing on his own behalf and on behalf of Defendant, Unisource Discovery, LLC. *Id*. at ¶ 3.

In the very early hours of March 23, 2021, the undersigned received a call from his client, Steven Cerasale, stating that Mr. Cerasale was called by his doctor to undergo another knee surgery on short notice. In the past two-and-a-half years, Mr. Cerasale has undergone approximately ten separate surgical procedures for his knee. *Id*. at ¶ 5.

This most recent knee surgery is set to take place either this week or the following week (i.e., the week of March 29, 2021), depending upon Mr. Cerasale's doctor's availability. *Id.* at ¶ 6. In advance of his anticipated knee surgery, Mr. Cerasale is taking medication that affects his ability to concentrate and his attentiveness. *Id*. at ¶ 8.

In light of this most recent knee surgery, Mr. Cerasale will not be able to attend the hearing on March 25, 2021 and will need a couple of weeks to recuperate after the surgery. *Id*. at ¶ 9. If the hearing on Plaintiff's Motion for Preliminary Injunction (DE 18) is non-evidentiary, then Mr. Cerasale does not need to attend and the hearing can proceed on March 25. If, however, the hearing is evidentiary, Mr. Cerasale will need to push the hearing by 21 days to allow time for his knee surgery and recovery.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3), the undersigned has conferred with Plaintiff's counsel via numerous email communications. Those conferral communications are attached hereto as Exhibit 1. In sum, Plaintiff opposes Defendants' request to re-notice the March 25, 2021 hearing as a non-evidentiary hearing. *See* Emails (Exhibit 1 hereto) at p. 1. Plaintiff, however, does not oppose Defendants' alternative request to continue the March 25, 2021 hearing provided that Defendants submit "something that demonstrates the need for the amount of time [Defendants] are asking … something that verifies whatever you're asking the court." *Id*. Defendants are filing the Declaration of Steven A. Cerasale (Exhibit 2 hereto) as verification supporting Defendants' alternative relief requested, which complies with Local Rule 7.6. Although it seems Plaintiff would prefer a longer continuance (i.e., 45 days), Defendants do not need (and, therefore, do not request) more than 21 days for the reasons set forth herein.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 23, 2021, on all counsel or parties of record on the Service List below.

_/s/ Victor M. Velarde_
Victor M. Velarde

| SERVICE LIST<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
|---|---|
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

7