**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,

     Defendants.

---

**DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 15, Defendants, Unisource Discovery, LLC and Steven A. Cerasale, by and through undersigned counsel, hereby move for leave to file their proposed Amended Answer and Affirmative Defenses and Counterclaim to Plaintiff, Unisource Discovery, Inc.'s Complaint. The proposed Amended Answer, Affirmative Defenses, and Counterclaim is attached hereto as Exhibit "1." In support of the relief sought, Defendants state as follows:

**ARGUMENT**

1.      Defendants' proposed Amended Answer and Counterclaim (Exhibit 1 hereto) is filed primarily to add one Affirmative Defenses and one Counterclaim. The proposed Amended Answer and Counterclaim also make a few non-substantive edits for clarity.

2.      Both the new Affirmative Defense and Counterclaim are based upon one fundamental fact: Plaintiff made material and fraudulent misrepresentations in its trademark registration application with the USPTO.

3.      Despite their diligence, however, Defendants could not have learned of that one fundamental fact until after the January 15, 2021 deadline to amend the pleadings. *See* Scheduling Order's (DE 33).

4.      Defendants, however, have good cause and have acted diligently.

5.      Defendants first served discovery requests (the responses to which revealed the facts supporting the new Affirmative Defense and Counterclaim) on November 4, 2020.[1] Plaintiff's discovery responses were due on December 4, 2020—i.e., well before the January 15, 2021 deadline to amend pleadings.

6.      Plaintiff, however, delayed.

7.      Defendants diligently scheduled hearing after hearing (three hearings total) and the Court issued Order after Order (three Orders total) compelling Plaintiff to respond to Defendants' discovery responses.

8.      But Plaintiff failed to timely respond or produce any documents responsive to Defendants' discovery requests until after the January 15, 2021 deadline to amend pleadings.

9.      In sum, despite diligent efforts, Defendants did not learn of the facts underlying their new Affirmative Defense and Counterclaim until January 27, 2021 (when Plaintiff untimely produced documents responsive to discovery requests) and February 4, 2021 (when Plaintiff responded to Defendants' Request for Admissions and admitted facts that confirm that Plaintiff's representations to the USPTO were, in fact, fraudulent).

---

[1] For example, Defendants requested, *inter alia*, "[a]ll documents and/or communications showing when [Plaintiff] first used the Mark." Such responsive documents would have shown whether Plaintiff's lied when it represented to the USPTO that it first used the Mark in March 2001. In fact, Plaintiff admitted in its February 4, 2021 responses to Defendants' Request for Admissions that it had not used the Mark before June 15, 2006.

10.     As soon as Defendants obtained the information supporting their new Affirmative Defense and new Counterclaim, Defendants moved diligently to attempt to amend their Answer.

11.     The day immediately after Plaintiff filed its response to Defendants' Request for Admissions (i.e., on February 5, 2021), Defendants' counsel attempted to confer with Plaintiff's counsel regarding this motion.

12.     Specifically, Defendants' counsel emailed Plaintiff's counsel stating as follows:

> Based upon your client's response to our Requests for Admissions (served yesterday, February 4, 2021) as well as your client's prior discovery responses (served on January 27, 2021 and confirmed at the February 2, 2021 hearing to be complete and without objection), we will seek leave to amend our Answer to include an Affirmative Defense challenging the validity of your client's trademark. We also intend to include a Counterclaim challenging the validity of / cancel your client's trademark ….

*See* February 5, 2021 Email (Exhibit "2" hereto).

13.     Originally, on February 8, 2021, Plaintiff stated that the Defendants' proposed Counterclaim  was "a frivolous counterclaim that seeks to invalidate Plaintiff's Trademark." *See* Plaintiff's Opposition (DE 44) at p. 8. Presumably, Plaintiff were going to object to this motion.

14.     Because it was unclear whether Plaintiff objected to this Motion, the undersigned made numerous attempts to confer with Plaintiff's counsel via email and via telephone throughout February 2021 and March 2021.

15.     Finally, on March 10, 2021, Plaintiff's counsel confirmed that Plaintiff "will not object to your Motion [to Amend]." *See* March 10, 2021 Email (Exhibit "3" hereto).

16.     On March 19, 2021, Defendant made a few edits to their proposed Amended Answer and Affirmative Defenses (which had previously been provided to Plaintiff's counsel) to make the allegations closer to the verified facts set forth in Defendants' February 22, 2021 Opposition (DE 61).

3

17.     Out of an abundance of caution, Defendants' counsel sent the revised version to Plaintiff's counsel stating, "I essentially copy-and-pasted the verified facts of my Opposition into the Counterclaim. You previously confirmed you will not oppose our motion for leave to add the Counterclaim, but I wanted to give you another opportunity to review the final draft and confirm you do not oppose." March 19, 2021 Email (Exhibit "4" hereto).

18.     On March 23, 2021, Plaintiff's counsel responded that Plaintiff had changed its mind regarding this Motion: "Indeed, it is a rare occasion that we oppose. We do not believe you have a cause of action." March 23, 2021 Email (Exhibit "5" hereto).[2]

19.     This Motion, therefore, is being filed today (the day immediately after Plaintiff confirmed that it opposes this Motion, despite previously agreeing to it).

20.     Based upon the facts, it is clear that Defendants have acted diligently in discovering the facts underlying their new Affirmative Defenses and Counterclaim as well as in filing this Motion.

21.     This is Defendants' first request to amend their Answer.

22.     The law favors that parties be allowed to assert their claims, particularly when there is no prejudice to the other party. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see also Blake v. Batmasian*, 15-81222-CIV, 2015 WL 12860464, at *1 (S.D. Fla. Dec. 18, 2015) ("Discretion to deny leave to amend is limited by the principle … that 'leave shall be freely given when justice so requires,' and by the general policy embodied in the

---

[2] While Plaintiff counsel stated that Plaintiff did not "believe [Defendants] have stated a cause of action," this assertion does not state whether Plaintiff also opposes Defendants' raising their new Affirmative Defense and also does not state the basis for Plaintiff's "belief" that the Counterclaim does not state a cause of action. In any event, Defendants' Counterclaim is well-supported by applicable case law as set forth in Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction (DE 61).

Federal Rules favoring resolution of cases on their merits."); *Carbiener v. Lender Processing Services, Inc.*, 3:13-CV-970-J-39PDB, 2014 WL 12616966, at *3 (M.D. Fla. Sept. 29, 2014) ("[G]iven the liberal standard for granting leave to amend, 'the court must provide substantial justification to deny a motion to amend, such as undue delay, bad faith, dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'").

23.     Certainly, Plaintiff would not be prejudiced by the relief requested in this Motion. As explained above, it was Plaintiff's repeated delays and violations of the Court's Orders that prevented Defendants from seeking leave to amend earlier.

24.     Additionally, Plaintiff has not propounded any discovery or noticed any depositions. Plaintiff, therefore, cannot contend that it would be unfairly prejudiced by Defendants' Amended Answer and Counterclaim.

25.     The interests of justice, therefore, would be served by granting Defendants leave to file their proposed Amended Answer, Affirmative Defenses Counterclaim.

26.     This Motion is filed in good faith and for good cause.

27.     Pursuant to Local Rule 7.1(a)(1)–(2), the undersigned counsel has prepared a proposed Order granting this Motion, which is attached hereto.

For the reasons set forth above, Defendants, Unisource and Mr. Cerasale, respectfully requests the Court to grant Defendants leave to file their proposed Amended Answer, Affirmative Defenses, and Counterclaim, and for such other relief the Court deems appropriate under the circumstances.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned counsel certifies that he conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion, and Plaintiff confirmed that it opposes this Motion.

Specifically, the undersigned first attempted to confer with Plaintiff's counsel via email on February 5, 2021 (the day after Plaintiff filed its responses to Defendants' First Request for Admissions). In response, Plaintiff did not state whether it would oppose this Motion.

However, three days later (on February 8, 2021), Plaintiff referred to Defendant's proposed Counterclaim as "frivolous." *See* Plaintiff's Opposition (DE 56) at p. 8. On February 24, 2021, undersigned communicated with Plaintiff's counsel via telephone regarding this Motion, and Plaintiff's counsel suggested he would not oppose this Motion. Thereafter, the undersigned made numerous unsuccessful attempts to call and email Plaintiff's counsel.

Finally, on March 10, 2021, Plaintiff's counsel confirmed that Plaintiff "will not object to your Motion [to Amend]." *See* March 10, 2021 Email (Exhibit 3 hereto).

Nonetheless, on March 23, 2021, Plaintiff's counsel confirmed that Plaintiff had changed its mind regarding this Motion and stated, "Indeed, it is a rare occasion that we oppose. We do not believe you have a cause of action." March 23, 2021 Email (Exhibit 5 hereto).

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on March 24, 2021, on all counsel or parties of record

on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com <br><br> *Counsel for Plaintiff, Unisource Discovery, Inc.* | |