**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNISOURCE DISCOVERY, INC.

**CASE NO. 20-civ-23276-DPG**

Plaintiffs,

v.

UNISOURCE DISCOVERY, LLC, a
California Limited Liability Company
and STEVEN A. CERASALE, individually,

Defendants.

_____

**PLAINTIFF UNISOURCE DISCOVERY, INC. REPLY TO
DEFENDANTS' RESPONSE [DE 78] TO PLAINTIFFS' MOTION FOR
SANCTIONS [DE 73]**

Plaintiff, Unisource Discovery, Inc. a Florida Corporation ("Plaintiff" and "UNISOURCE"), by its undersigned counsel, submits this Reply to Defendants' Response [DE 78] to Plaintiffs' Motion for Sanctions [DE 73] against Defendants, Unisource Discovery, LLC (hereinafter "UNI-CA"), a California Limited Liability Company, and Steven Cerasale, (hereinafter "CERASALE") (collectively as "Defendants"), and states:

Plainly, the Defendants believe that ridiculing the Plaintiff in their Response [DE 78] somehow clarifies and excuses their bad conduct. Somehow, the Defendants feel that this type of shotgun litigation tactics will be unnoticed. Apparently, the Defendants have been able to litigate in this fashion historically with some success. However, the Defendants cannot overcome the simple facts that Defendants have established a pattern of conduct that cannot be overlooked.

This matter, which could have (and should have) been easily resolved, was/is nothing more than bad faith and ligation tactics. Herein below, the facts, the consecutive

1

transactional emails exchanged, and supportive law more than authorizes sanctions.

### ARGUMENT

While Plaintiff's Motion for Sanctions [DE 73] outlines the factual basis related to the manner that Defendants intentionally misinformed the Court that the injunction hearing date was in agreement when it was not --- as stated, solely for the purpose of gaining leverage in the case --- the timeline detailed below, "on-point" 11th Circuit District Court case-law, and Defendants overall conduct speaks volumes and forecloses any argument that sanction are not warranted.

A.      **Relevant Timeline/Email Exchanges**

Ostensibly, the Defendants continue their effort to confuse the timeline of events in a fashion that is not only deceptive to the court, but equally beneficial to them.

The Defendants make a massive effort to somehow confuse the issue through detailing each and every email while there are actually just a small number of communications, at the end of the email exchanges, that are relevant.  Indeed, if the Defendants invested such a massive effort into scheduling a mutually agreeable hearing date as they have in their Response [DE 78] this would not be an issue nor before this Court.

This relevant timeline of communications is attached hereto as Exhibit "A".

A.      On March 18, 2021 at 2:21 PM, Plaintiff's counsel sent an email to Defendants' counsel notifying them that it wanted to complete discovery prior to the evidentiary hearing.

B.      On March 18, 2021, at 2:58 PM Plaintiff's counsel responded to an email stating Defendants were "confused" and Plaintiff's politely outlined its reason. Likewise, the Plaintiffs requested that the Defendants briefly "hold off" on scheduling the hearing.

C.      On March 18, 2021, at 3:01 PM, counsel for the Defendants emailed Plaintiff's counsel asserting that somehow the "court scheduled" the hearing.

D       On March 18, 2021, at 3:19 PM counsel for the Plaintiffs attempt two resolve when writing "we can work on this resolution together". Plaintiff good-faith effort cannot be any clearer.

As repeated, the conclusion of the foregoing email exchanges resulted in the Defendants not notifying the court of the impasse and scheduling the hearing unilaterally. It cannot become any clearer than the consecutive transactional emails that were exchanged speak on this matter - clearly.

B.      **Chavez v. Arancedo, Case No. 17-20003-Civ-TORRES (S.D. Fla. Jul. 17, 2017)**

In *Chavez v. Arancedo*, Case No. 17-20003-Civ-TORRES (S.D. Fla. Jul. 17, 2017), the Court which addressed an analogous discovery dispute between the parties in connection with the scheduling of Defendant's deposition.  In *Chavez*, the Court opined, *inter alia*,

> "There is no doubt that the dispute between the parties in connection with the scheduling of Defendant's deposition could have been easily avoided. As the emails indicate, there was an ongoing dispute on the scheduling of Defendant's deposition. The most relevant communication between the parties occurred when defense counsel emailed Plaintiff on May 15 and explained that Defendant would not be available on June 13 because Defendant would be travelling abroad. Defense counsel clarified that the proposal to take Plaintiff's deposition on June 13 was only because defense counsel would be available - not the Defendant. Defense counsel further stated that everyone could be present for June 15, but reiterated that only defense counsel could be present for June 13. Plaintiff's response to that email demonstrated that Plaintiff understood that June 13 was not an available date for the Defendant's deposition. Yet, Plaintiff refused to accommodate another date and wrote to Defendant: "[s]hould you wish to provide me with dates for the depositions to occur before June 14 for us to reset the Defendants [sic] depositions we can work with you on re-setting. Absent same, we intend to proceed as noticed." [D.E. 37-2]."

3

Similarly, the Defendants unilaterally notified the Court that a hearing date and time was agreed-upon when it was not. Even more compelling, similarly it would have been easy, and with absolutely *no effort*, for the Defendants to easily acquiesce and agree to schedule the later hearing date in good faith.  Likewise, prior to scheduling the hearing the Defendants should have notified the Court that there was an impasse.

 As detailed more fully below, it is 100% clear that the Defendants would suffer no prejudice and/or harm by initially scheduling a later hearing date because that is exactly what the Defendants are asking the court to do now [DE 79] – to reschedule the same hearing for a later date in light of a medical issue.

In their Response [DE 78], the Defendants want this Court to believe that such a simple effort was somehow difficult, to be ignored, and/or blur the truth in an argument related to the timeline of the emails that are exceptionally clear that Plaintiff repeatedly requested a later date prior to misinforming the Court that went ignored.

Noticeably, in the Defendants' Response [DE 78] they do not even remotely address how scheduling the hearing on a later hearing date would injure them or cause hardship *et al*. Because they cannot. The Defendants make a sizable effort to address disputes related to the timeline of emails in an attempt confuse this matter; however, the Defendants do not tell this Court the reasons for their initial disagreement, and their reason for unilaterally scheduling the hearing, not notifying the Court of a scheduling\impasse that occurred despite Plaintiffs repeated attempts (before scheduling the hearing with the Court) for another/later date.  The Defendants have conveniently "sidestepped" these arguments and this cannot be unnoticed.

4

C.  **Rescheduling the Hearing**

The following speaks for itself: The Defendants were/are claiming that somehow scheduling the hearing date sooner than later was absolutely necessary to the extent that they ignored the Plaintiffs multiple requests for a later hearing date and time, and as such, fraudulently notified the court of an agreement.

However, since the Defendant Steven Cerasale, now has a medical excuse making clear that a later date is acceptable. In fact, the Defendants' have motioned this Court to change the hearing date to a later date [DE 79] --- exactly what the Plaintiffs have been requesting and Defendants consequently ignored.

Clearly, the Defendants act of now seeking to reschedule the same hearing [to a later date] *admit* they would have never suffered hardship and/or prejudice. And clearly their motive was to prevent the Plaintiff from completing discovery prior to the hearing whereas the Defendants had that opportunity and did so.

Given the foregoing, it is difficult to understand how the Defendants continue to argue that a later hearing date was somehow prejudicial or otherwise would cause injury or subject to a concrete Court order/directive -- because that argument is simply not available to the Defendants.

## CONCLUSION

It is an understatement to assert that this matter could have been resolved before the Defendants unilaterally scheduled the hearing -- despite Plaintiffs numerous written requests that went ignored and prior to bringing this matter to the Court's attention (and the Defendant's failure to notify this court of an impasse).  Without having mechanisms to prevent parties from advancing these types of patent bad-faith litigation tactics it will

unfortunately result in fueling the Defendants motive to *continue* these actions, which Defendants have previously done with this case.

Aside from completely lacking basis and legal support, the Defendants arguments are simply beside the point. In-fact, this matter was easy to resolve. It should have never been brought to this point. Should this type of conduct continue these disputes will continue.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on March 29, 2021.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
        ddv@ddvlawgroup.com

DIEGO DAVID VALDES, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.

6