**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

        Plaintiff,

    v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

        Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY, INC., OPPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM**

The Plaintiff, Unisource Discovery, Inc. ("UNISOURCE"), files its opposition to Defendants' Motion for Leave to Amend its Answer [DE 81] to impose a futile counterclaim that is clearly barred by the statute of limitations, and states:

It is a rare occasion that a party seeks to oppose leave to amend. However, there are times when a party attempts to advance a claim, as here, that is futile and therefore the Plaintiff must do so. The Defendants have filed a Motion to Leave to Amend their Answer, amongst other things, newly imposing a counterclaim titled "COUNT I CANCELLATION OF TRADEMARK". As titled, the Defendants --- 12 years later --- are now seeking to cancel Plaintiff's Trademark.

Under Florida law, the Defendants are clearly barred from the statute of limitations to advance any claim seeking to cancel Plaintiff's trademark. In fact, none of the affirmative defenses imposed in Defendants' proposed amended answer [DE 81] dispute Plaintiff's ownership of the Mark. Therefore, Defendants' proposed counterclaim seeks cancel Plaintiff's 12-year-old registered trademark is futile under Florida law.

1

**RELEVANT FACTS TIME-LINE, AND PROCEDURAL HISTORY**

The Following is the relevant timeline:

1.      UNISOURCE is the owner of the following United States Federal Trademark:



Registration No. 3,634,516 and Serial No. 77594059, which registered on June 9, 2009 in International Class 045 and is used in connection with legal research.

2.      The Plaintiff's registration is incontestable. A self-authenticated copy of the U.S. Trademark Registration is attached hereto as (Exhibit A).

3.      At no time prior to Plaintiff filing its instant Complaint did Defendants serve the Plaintiff with a dispute notice related to the ownership and title to its Trademark; nor did Defendants – at any time – informally dispute Plaintiff's ownership of its Trademark.

4.      At *no time* has the Defendants challenged Plaintiff's Trademark registration issued by the USPTO to cancel the registration with the Trademark Trial & Appeal Board (TTAB). Also, at no time did the Defendants' challenge Plaintiff's application for trademark registration at the USPTO by filing an opposition or similar with the TTAB.

5.      On February 21, 2020, UNISOURCE notified UNI-CA and CERASALE that the Right to Use of Trademark had been revoked and provided proper notice via Email and U.S. Certified Mail to both parties.  The notice provided UNI-CA also included the option to stop all further use of the Trademark and requested that if UNI-CA wanted to continue to use the Trademark, it would be required to enter into a Licensing Agreement with UNISOURCE.  Failure to act would result in a Cease-and-Desist Letter. (Exhibit B)

6.      On May 12, 2020, UNISOURCE Counsel sent a Cease-and-Desist letter to UNI-CA and CERASALE via Email and U.S. Certified Mail of their continued Infringement of Trademark Rights of UNISOURCE. (Exhibit C)

7.      The Plaintiffs served several informal demands upon Defendants to cease use of its Trademark to no avail.

8.      On August 6, 2020, the Plaintiff filed its instant Complaint [DE 1] seeking to prevent the Defendants from continuing its use of Plaintiff's trademark and seeks an injunction [DE 18].

9.      On September 22, 2020, the Defendants answered Plaintiff's Complaint. The Defendants did not impose a counterclaim [DE 13].

10.     On March 24, 2021, the Defendants seek Leave to Amend their Answer [DE 81] that imposes Count I Cancelation of Trademark --- that is, Twelve (12) years after Plaintiff registered the Trademark with the United States Patent and Trademark Office and took title to the name and logo through the initial capital investment, which was later ratified and reaffirmed by the Defendants on June 28, 2010 under the Close Corporation Shareholder Agreement.

## LEGAL STANDARD

1.      <u>Denial of Leave To Amend When Futile</u>

Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

"[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or

3

(3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004); see also W*illiams v. Bd. of Regents of Univ.* Sys. of Georgia, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); Thompson v. City of Miami Beach, Fla., 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014)

("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citation omitted). "[D]email of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver, 1*69 F.3d 1310, 1320 (11th Cir. 1999); *St. Charles Foods, Inc. v. America's Favorite Chicken Co., 1*98 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail.").

"The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied*." Bill Salter Adver., Inc. v. City of Brewton, AL*, 2007 WL 2409819, at \*2 (S.D. Ala. Aug. 23, 2007) (citing *Florida Power & Light Co. v. Allis Chalmers Corp*., 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss)); see also *Christman v. Walsh*, 416 Fed. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

2.      Standard on Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading

requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, thedefendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557 (alteration in original)).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting *Twombly,* 550 U.S. at 570); see also *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010). When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC,* 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009)

### ARGUMENT

As the timeline clearly shows this Court, the Plaintiff registered its Trademark in year 2009, unopposed, with no objections raised with the USPTO, *See* Exhibit "D". At no time *before, during or after* Plaintiff registering its Trademark, and for the next 12 consecutive years, Defendants did not notice the USPTO or Plaintiffs, of any disputes or objections, but Defendants actually raised these objections after Plaintiffs filed this instant Complaint, 12 years later. The record shows that

Cerasale, having full and actual knowledge as a shareholder and resigned Board member of Plaintiff UNISOURCE, did not dispute ownership of UNISOURCE Trademark, nor did Cerasale ever file any dispute or notice with any governmental agency nor with Plaintiff.  However, and more importantly, Cerasale did fully acknowledge on June 28, 2010 when he accepted and executed the Close Corporation Shareholder Agreement that *1.3 Trademark. UNISOURCE DISCOVERY DIGIT AL DOCUMENT RETRIEVAL is a registered US trademark of the Company. Without limiting the foregoing, the parties agree that the Company shall be entitled to use the trademark "Unisource Discovery", as part of its corporate name, Unisource Discovery, Inc., or as a fictitious business name, or otherwise.*  Emphasis added, *See* Exhibit "E"

Defendant Cerasale, as a shareholder of UNISOURCE, has an ownership stake in the Trademark that he is trying to cancel, under his Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim [DE 81] and at the same time UNI-CA, which has no ownership title to the Trademark nor Right to Use, is using Cerasale to obtain the Right to Use of the Trademark without a Licensing Agreement.

As referenced, it is only after Plaintiff filed its Complaint are Defendants now seeking to cancel Plaintiff's trademark through Count I of their proposed amended answer [DE 81] and imposes said counterclaim.

However, the statute of limitations for trademarks bars Defendants' counterclaim. This is extraordinarily clear.

The Lanham Act was intended to make "actionable the deceptive and misleading use of marks," and those with registered and unregistered marks can sue under the Act. 15 U.S.C. § 1127. Section 43(a), or 15 U.S.C. § 1125(a), applies "even in the absence of federal trademark registration." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001).

6

In contrast, section 32 of the Lanham Act, or 15 U.S.C. § 1114, applies to registered marks. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992).

Florida Statute § 95.11(3) sets forth a four-year statute of limitations for several causes of action, including actions based on statutory liability, actions for injury to property and is also a "catch-all" limitations period for any action not specifically provided for in Florida Statutes.

A.      Plaintiff's Certificate of Registration

The Complaint alleges that the Plaintiff owns the federal registration for the mark at issue. The Plaintiff also attaches references its certificate of registration to the complaint. "A certificate of registration of a trademark issued by the United States Patent and Trademark Office is prima facie evidence of . . . the registrant's ownership of the mark." TracFone Wireless, Inc. v. SND Cellular, Inc., 715 F. Supp. 2d 1246, 1255 (S.D. Fla. 2010) (Graham, J.). The Plaintiff attaches its true and correct copy of its certificate of registration as Exhibit "F"

B.      Trademark Statute of Limitations - Governed by Laches

In *Roca Labs, Inc. v. Boogie Media, LLC*, Case No. 8:12-cv-2231 (M.D. Fla. Apr. 19, 2013), the Court recognized its discretion in being able to extend the deadline in a circumstance where the applicable statute of limitations would bar relief to the plaintiff.  Here, the Court noted that the Florida state unfair competition claims had a 4-year statute of limitations, but noted that the federal trademark and cybersquatting claims do not have an explicit statute of limitations:

> The federal trademark and cybersquatting statutes do not contain a limitations period; rather laches principles apply. See K*ason Indus. v. Component Hardware Group, Inc.,* 120 F.3d 1199, 1203 (11th Cir.1997) ("The Lanham Act does not contain a statute of limitations. However, in trademark cases, this circuit has followed the Sixth Circuit, which applies the period for analogous state law claims as the touchstone for laches."); see *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir.1985) ("The Lanham Act does not contain a statute of limitations. In determining when a plaintiff's suit should be barred under the Act, courts have consistently used principles of laches as developed by courts of equity."); *What–A–Burger of Va. v. Whataburger of Corpus Christi*, 357 F.3d 441, 449 (4th

Cir.2004) ("Courts use the doctrine of laches to address the inequities created by a trademark owner who, despite having a colorable claim, allows a competitor to develop its product around the mark and expand its business, only then to lower the litigation boom.").

The Court then determined that the federal claims would be subjected to the same 4-year statute of limitation as the Florida unfair competition.  And this statute of limitation does not pose an immediate risk to plaintiff's claim.  *Roca Labs, Inc. v. Boogie Media, LLC,* Case No. 8:12-cv-2231 (M.D. Fla. Apr. 19, 2013)

In *Ares Defense Systems, Inc. v. Karras*, 2016 WL 7042957 (M.D. Fla. March 10, 2016) *citing AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531 (11th Cir. 1986), the Court effectively made the same trademark statute of limitations ruling as the *Boca* case.

Here, as the Plaintiff references it is factually undisputed that the Plaintiff registered its trademark in 2009.  In addition, it is factually undisputed that the Defendants did not dispute the trademark registration until the filing of its counterclaim – over 11 years later.

Therefore, when applying the *Boca and Ares* cases, it is exceptionally clear that the Defendants are barred from the 4-year statute of limitations to advance any claim for cancellation of the trademark. Indeed, the 4-year statute of limitations barred Defendant's cancellation of trademark claim as early as year 2013.

Consequently, the applicable statute of limitation renders Defendants proposed Count I Cancellation of Trademark claim futile.

## **CONCLUSION**

As stated above, it is exceptionally rare that any party would oppose leave to amend. However, in this case the Defendants Count 1 Cancellation of Trademark is futile in light being barred by the applicable four-year statute of limitations that governs trademarks.

8

Simply put, this Honorable Court must deny defendants motion for leave to amend as futile and barred by the statute of limitations when applying Florida law.

WHEREFORE, there Honorable Court:

1.      DENY Defendants Motion Leave to Amend with prejudice as it relates to Count I "Cancellation of Trademark" as barred by the 4-year statute of limitations and therefore futile; and

2.      grant Plaintiff reasonable attorneys' fees and costs for filing this opposition and any other relief this Court believes is just and fair.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., on April 7, 2021.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
        ddv@ddvlawgroup.com

DIEGO DAVID VALDES, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.