**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,

     Defendants.

<u>**REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM**</u>

Defendants hereby file their Reply to Plaintiff's Opposition to the Motion for Leave to File Amended Answer and Affirmative Defenses and Counterclaim (DE 86).

<u>**ARGUMENT**</u>

Plaintiff's Opposition makes one argument: "Defendants are clearly barred from the statute of limitations to advance any [fraud-based] claim seeking to cancel Plaintiff's trademark." Opposition (DE 86) at p. 1; *see also id*. at pp. 6–8 ("[T]he statute of limitations for trademarks bars Defendants' counterclaim. This is extraordinarily clear.").

This exact argument has been expressly (and repeatedly) rejected by the courts.

For example, the plaintiff in *Marshak v. Treadwell* "argue[d] that the fraudulent procurement defense and counterclaim are time-barred," and the court ruled that "a claim for cancellation of a mark based on fraudulent procurement and a defense to an otherwise incontestable mark on a similar ground ***may be asserted at any time***" and are not time-barred by any statute of limitations. 240 F.3d 184, 192–94 (3d Cir. 2001) (emphasis added).

In another example, the plaintiff in *Progressive Emu, Inc. v. Nutrition & Fitness, Inc.* sought to amend its complaint to "add[] a new 'Count V,' seeking 'cancellation of registration'" on the basis of fraud, and the defendant argued that the subject "trademark was registered in 2002 … [which] is many years too late to meet … [the] state of limitations for fraud claims." 2013 WL 12133659, at *3 (N.D. Ala. Oct. 18, 2013). The court disagreed. "[C]ancellation claims for fraud … can be brought '***at any time***.'" *Id*. at *5 (emphasis added).

In yet another example, the court in *Kelly v. Estate of Arnone ex rel. Ahern* held that "actions to cancel a registration based on fraudulent procurement … ***may be brought at any time*** and are not subject to a statute of limitations." 2009 WL 2392108, at *7 (D.N.J. Aug. 3, 2009) (emphasis added).

The reason for these rulings is clear. Although the Lanham Act does not have a statute of limitations for infringement claims for damages, the Lanham Act ***does*** have a statute of limitations for trademark-cancellation claims. Under Section 1064, claims to "cancel a registration of a mark" must be brought "[w]ithin five years from the date of the registration" ***unless*** the "registration was obtained fraudulently." 15 U.S.C.A. § 1064(1) and (3). When the trademark "registration was obtained fraudulently," the cancellation claim may be brought "[a]t any time." *Id*.

"The reason for this rule is quite simple—the interest vindicated by Section 14 [for fraud-based cancellation of trademarks] is not just the injury to the challenging party, but the integrity of the register. Where the interest at issue is the integrity of the federal register, a statute of limitations should not operate to frustrate that interest." *Marshak*, 240 F.3d at 194.

Defendants' proposed Affirmative Defense and Counterclaim seek a declaration cancelling Plaintiff's trademark because Plaintiff "procured its registration via ***fraud***." *See* Proposed Answer and Counterclaim (DE 81-2) at p. 11 ("Trademark Registration No. 3,634,516 (Serial

No. 77594059) should be cancelled ***due to Plaintiff's fraud*** on the United States Patent and Trademark Office …." ) (emphasis added); *see also id*. at p. 23 ("[Plaintiff] procured its registration via fraud …." ).

Under the plain wording of the Lanham Act and the applicable case law, Defendants' proposed Affirmative Defense and Counterclaim to cancel Plaintiff's trademark registration is not time-barred.

Although the above legal authorities mandate a summary rejection of the argument in Plaintiff's Opposition (DE 86), this Reply will also address the case law cited by Plaintiff.

Plaintiff cites (and heavily relies on) two unreported cases: *Roca Labs, Inc. v. Boogie Media, LLC* and *Ares Defense Systems, Inc. v. Karras*. *See* Opposition (DE 86) at pp. 7–8. Neither case supports Plaintiff's argument.

To begin with, neither *Roca Labs, Inc.* nor *Ares Defense Systems, Inc.* relate to a trademark cancellation claim. Rather, the court in *Roca Labs, Inc.* was considering a "Motion seeking an unspecified extension of time in which to effect service of process" of a complaint raising claims for "trademark infringement, cybersquatting, unfair competition, and Florida Deceptive and Unfair Trade Practices Act." *Roca Labs, Inc. v. Boogie Media, LLC*, 8:12-CV-2231-T-33EAJ, 2013 WL 1703555, at *1 (M.D. Fla. Apr. 19, 2013). And the court in *Ares Defense Systems, Inc.* was considering a motion to dismiss a claim for "trademark infringement." *Ares Def. Sys., Inc. v. Karras*, 615CV1107ORL22DAB, 2016 WL 7042957, at *1 (M.D. Fla. Mar. 10, 2016).

To be clear, Defendants' proposed Affirmative Defense and Counterclaim does not raise any trademark-infringement claims for damages. To the contrary, Defendants' proposed Affirmative Defense and Counterclaim raise a trademark-cancellation claim seeking declaratory

relief on the basis of Plaintiff's fraud. The analysis in *Roca Labs, Inc.* and *Ares Defense Systems, Inc.*, therefore, is completely inapposite.

To the extent Plaintiff argues "laches," such an argument is equally meritless.[1] It is axiomatic that laches is an equitable affirmative defense that requires the defendant to show "(1) [the plaintiff's] delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *GlobalTranz Enterprises, LLC v. GlobalTransservice Corp.*, 2021 WL 1151417, at \*2–3 (S.D. Fla. Mar. 26, 2021). To dismiss (or prevent the filing of) a claim on the basis of laches, the proposed claim **_must_** allege facts showing that the plaintiff knew of the claim, delayed filing suit, and the delay caused undue prejudice to the defendant. *Id*. ("Although the Complaint alleges the dates in 2014 and 2015 when GTS began using the Infringing Mark and Infringing Domain Name, … the Complaint does not allege any facts suggesting GlobalTranz knew or should have known that the alleged infringements occurred on those dates.").

Defendants' proposed Counterclaim "does not reveal that [Defendants] delayed in bringing suit," which is necessary for laches. *Id*. To the contrary, Defendants make clear that "Defendants did not learn of the facts underlying their new Affirmative Defense and Counterclaim until January 27, 2021 … and February 4, 2021" because of Plaintiff's delays in responding to discovery requests. Motion (DE 81) at p. 2.

Finally, it is well established that under Florida law, "[t]here is no statute of limitation defense as to a compulsory counterclaim." *Stein v. Feingold*, 629 So. 2d 998, 999 (Fla. 3d DCA 1993). "[O]nce a party files an affirmative action, he cannot thereafter profess to be surprised by

---

[1] Although Plaintiff does not argue "laches," Plaintiff's Opposition includes the word "laches" in its Opposition's subheading B (i.e., "Trademark Statute of Limitations – Governed by Laches"). Opposition at p. 7.

4

or prejudiced by affirmative defenses or compulsory counterclaims that stem from that action."

*Allie v. Ionata*, 503 So. 2d 1237, 1240 (Fla. 1987).

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on April 14, 2021, on all counsel or parties of record on the Service List below.

                                         /s/ Victor M. Velarde
                                        Victor M. Velarde

| SERVICE LIST *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

6