**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

  Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

  Defendants.

---

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EX PARTE AMENDED MOTION FOR PRELIMINARY INJUNCTION

Defendants, Unisource Discovery, LLC and Steven A. Cerasale ("Mr. Cerasale), by and

through undersigned counsel, hereby file their Response in Opposition to Plaintiff, Unisource

Discovery, Inc.'s *Ex Parte* Amended Motion for Preliminary Injunction (DE 88).

## INTRODUCTION

Plaintiff's *Ex Parte* Amended Motion for Preliminary Injunction (DE 88) should be summarily denied for two fundamental reasons.

First, the Amended Motion is fatally flawed for the exact same reason as Plaintiff's original Motion for Preliminary Injunction (DE 18): the Amended Motion completely fails to address (much less defeat) any of Defendants' Affirmative Defenses. Under binding and well-established case law, Plaintiff cannot establish the first essential element of any preliminary injunction—i.e., a substantial likelihood of success on the merits—without conclusively refuting Defendants' Affirmative Defenses. This alone mandates a summary denial of both this Amended Motion (DE 88) and Plaintiff's original Motion for Preliminary Injunction (DE 18).

Second, the Amended Motion fails to allege (much less establish with any evidence) any harm at all. The "exceptional evidence" that Plaintiff uses to support its Amended Motion does not even show a single dollar of lost business and, in fact, conclusively shows that Plaintiff itself is representing to the public that it acts as the Florida branch of Defendant Unisource Discovery, LLC. Additionally, as conclusively established by Mr. Cerasale's Declaration (Exhibit "1" hereto), the only customer that Plaintiff's Amended Motion claims Defendants are "poaching," "stealing," and "confusing" is and has been a long-term client of Defendant Unisource Discovery, LLC *__for twenty years__*.

Apart from these fatal shortcomings, the Amended Motion is also procedurally flawed and must be denied for each of the following independent reasons: (1) the Amended Motion completely fails to explain any reason for seeking the extraordinary relief of an *ex parte* injunction as required by Rule 5.4(d)(1); and (2) the Amended Motion fails to attach a proposed order as required by Rule 7.1(a)(2) (which provides that "any motion seeking emergency or *ex parte* relief or a temporary restraining order, shall be accompanied by a proposed order.").

## ARGUMENT

**I.     The Amended Motion does not even address (much less refute) Defendants' Affirmative Defenses.**

First and foremost, the Amended Motion is fatally flawed for the exact same reason that defeats Plaintiff's Motion for Preliminary Injunction (DE 18): the Amended Motion completely fails to address (much less defeat) any of Defendants' Affirmative Defenses. Under binding and well-established case law, Plaintiff cannot establish the first essential element of any preliminary injunction—i.e., a substantial likelihood of success on the merits—without conclusively refuting each Defendants' Affirmative Defenses.

It is well-settled that "[o]n a motion for preliminary injunction, plaintiffs ***must demonstrate a likelihood of success on the merits at trial as to asserted affirmative defenses***, as well as to the elements of Plaintiffs' *prima facie* case." *Alston v. www.calculator.com*, 476 F. Supp. 3d 1295, 1318 (S.D. Fla. 2020) (emphasis added); *see also Fibertex Corp. v. New Concepts Distributors Int'l, LLC*, No. 20-CV-20720, 2020 WL 8458852, at *4 (S.D. Fla. Oct. 19, 2020), *report and recommendation adopted*, No. 20-20720-CIV, 2021 WL 302645 (S.D. Fla. Jan. 29, 2021) ("To establish a substantial likelihood of success on the merits, ***Plaintiff must demonstrate a likelihood of success at trial as to*** … ***the affirmative defenses*** asserted by the non-moving party." (emphasis added)).

The Court will search both this Amended Motion (DE 88) and Plaintiff's original Motion for Preliminary Injunction (DE 18) in vain for even a mention of Defendants' Affirmative Defenses.

Federal courts routinely summarily deny motions for preliminary injunctions that fail to conclusively refute each of the asserted affirmative defenses. *See, e.g.*, *Lucky Cousins Trucking, Inc. v. QC Energy Res. Texas, LLC*, 223 F. Supp. 3d 1221, 1226 (M.D. Fla. 2016) (holding that

Plaintiff was "***not entitled to injunctive relief*** ... ***unless it can overcome each of the affirmative defenses***" (emphasis added)); *see also DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 601 (5th Cir. 1996) (holding that plaintiffs "did not have a substantial likelihood of success on the merits because [defendant] may well prevail on its affirmative defense"); *Great Am. Ins. Co. v. Fountain Eng'g, Inc*, No. 15-CIV-10068-JLK, 2015 WL 6395283, at *3 (S.D. Fla. Oct. 22, 2015); (holding that plaintiff failed to establish a substantial likelihood of success on the merits due to plaintiff's "failure to respond to [defendants'] denials and defenses with requisite factual support"); *TracFone Wireless, Inc. v. Clear Choice Connections, Inc.*, No. 13-CV-23066, 2014 WL 11881020, at *1–2 (S.D. Fla. Sept. 29, 2014) (holding that plaintiff failed to establish a likelihood of success on the asserted affirmative defense because it had "not proffered any evidence rebutting [defendants'] declaration").

The facts of this case are on point with the facts presented in the Court's ruling in *Great Am. Ins. Co. v. Fountain Eng'g, Inc*. There, the plaintiff completely ignored the defendants' affirmative defenses. The Southern District held that the plaintiff's "[f]ailure to respond to those denials and defenses with requisite factual support le[d] to the conclusion that Plaintiff has not clearly established its burden of persuasion as to substantial likelihood of success on the merits." *Great Am. Ins. Co.*, 2015 WL 6395283, at *3.

Here, Plaintiff's Amended Motion (and original Motion) completely ignored (and does not even attempt to refute) each of Defendants' Affirmative Defenses. This alone mandates a summary denial of both this Amended Motion (DE 88) and Plaintiff's original Motion for Preliminary Injunction (DE 18).

**II.     The Amended Motion fails to allege (much less establish) any harm and fails to identify or explain any reason for seeking the extraordinary relief of an *ex parte* injunction.**

Plaintiff's Amended Motion fails for another independent and fatal reason: the Amended Motion does not allege (much less establish with any evidence) any harm at all to Plaintiff.

First, the "exceptional evidence" that Plaintiff uses to support its Amended Motion does not even show a single dollar of lost business. In fact, the very same "evidence" Plaintiff presented corroborates the truth—i.e., Plaintiff's "evidence" shows that Plaintiff itself has and continues to hold itself out to the public as the Florida branch of Defendant Unisource Discovery, LLC. This now undisputed truth conclusively defeats Plaintiff's Amended Motion and exposes Plaintiff's "infringement" claim as meritless.

To be clear, Plaintiff's Amended Motion argues that the "exceptional evidence" supporting Plaintiff's baseless accusation that Defendants are "poaching" clients, is that Defendants "stole" the "law firm commonly known as Lewis Brisbois Bisgaard & Smith" ("Lewis Brisbois"). Amended Motion at p. 3.[1]

Notably, Lisa Cote (Plaintiff's Director who was acting on behalf of Plaintiff) represented to Lewis Brisbois's agent (in writing) that Lewis Brisbois's order "is handled ***from our Florida office***." Affidavit (DE 88-1) at p. 11 Ms. Cote did not state that Defendants are "infringing" on any mark or that Defendants are not the "true" Unisource Discovery. To the contrary—and corroborating Defendants' verified facts as set forth in their Opposition (DE 61)—Ms. Cote

---

[1] Although Plaintiff contends that Lewis Brisbois is a "Florida law firm," this is inaccurate. Amended Motion (DE 88) at p. 3. To the contrary, Lewis Brisbois is a national law firm based in California (not Florida) "[w]ith offices from Los Angeles to New York and Seattle to Miami." LewisBrisbois.com, *Firm Overview*, https://lewisbrisbois.com/about/firm-overview; *see also* LewisBrisbois.com, *Disclaimer*, https://lewisbrisbois.com/disclaimer ("Lewis Brisbois Bisgaard & Smith LLP hereby designates (a) its office in the City of Los Angeles, State of California, United States of America as its principal office and host server location ….").

represented to Lewis Brisbois that Plaintiff is nothing but the "Florida office" of Unisource Discovery.

Second, Plaintiff's contention that Defendants are "poaching," "stealing," or "confusing" Lewis Brisbois is demonstrably false and readily refuted. Lewis Brisbois is and has been a long-term client of Defendant Unisource Discovery, LLC ***for twenty years***. *See* Defendants' Declaration (Exhibit "1" hereto) at ¶¶ 4–7.

Lewis Brisbois first became a client of Defendant Unisource Discovery, LLC in or around ***May 31, 2001*** (Invoice No. 170159)—that is ***five years*** before Plaintiff was even incorporated in 2006 and ***twenty years*** before Plaintiff contends Defendants attempted to "poach" or "steal" Lewis Brisbois as a client.

Plaintiff's supposed "evidence" of "poaching" or "stealing," therefore, is nonsensical. Defendants' twenty-year relationship with Lewis Brisbois conclusively refutes Plaintiff's accusations of "poaching" and indisputably defeats Plaintiff's claims of "irreparable harm."

Finally, because Plaintiff knows that it cannot present any evidence of harm, Plaintiff refers back to the sole "evidentiary basis" of "irreparable harm" in Plaintiff's original Motion (DE 18)—i.e., one email chain with customer Cole Scott Kissane. *See* Mijares's Affidavit (DE 18-1) at p. 7–8. As noted in Defendants' verified Opposition (DE 61), this one email chain is completely innocuous and does not support even one dollar of "harm." At best, the email chain merely shows that Defendant Unisource Discovery, LLC and Plaintiff worked together to answer a customer's question. To be clear, the email chain shows that Plaintiff informed the customer to "[p]lease update your email records … the following emails are NOT Florida based Unisource"—i.e., the email addresses were not of Plaintiff's Florida office but, instead, belonged to Defendant Unisource Discovery, LLC. In response, Defendant ***thanked Plaintiff*** for "telling [the customer] to remove

the other email addresses"—i.e., for ensuring that the customer emailed Plaintiff directly for Florida-based services rather than emailing Defendant Unisource Discovery, LLC. All in all, a customer contacted Defendant Unisource Discovery, LLC and both Defendant and Plaintiff worked together to reroute the customer to Plaintiff. This email chain does not even suggest any harm (much less establish irreparable harm).

In brief, Plaintiff's Amended Motion (as with the original Motion) fails to show that Plaintiff suffered any harm—much less the requisite immediate and irreparable harm necessary to justify the extraordinary relief of a preliminary injunction. This too, alone, mandates a summary denial of both this Amended Motion (DE 88) and Plaintiff's original Motion for Preliminary Injunction (DE 18).

**III.    Apart from the aforementioned fatal shortcomings, the Amended Motion also must be denied because Plaintiff completely fails to give any reason for seeking the extraordinary relief of an *ex parte* injunction.**

It is well-established that in addition to the requirements for a preliminary injunction (none of which Plaintiff has satisfied), Rule 65(b) provides for an *ex parte* injunction **_only_** under the following limited circumstances: "**_a party must show_** 1) immediate and irreparable harm from specific facts by affidavit; and 2) the reasons supporting the claim that notice should not be required." *Revelex Corp. v. World Travel Holdings, Inc.*, No. 07-80002-CV, 2007 WL 42964, at *1 (S.D. Fla. Jan. 4, 2007) (emphasis added).

The Court will search the Amended Motion in vain for even a single reason in support of Plaintiff's claim that notice should not be required. As explained above, nothing in the Amended Motion supports any relief at all, much less the extraordinary relief of a preliminary injunction, and certainly much less an *ex parte* injunction.

**IV.    Finally, the Amended Motion's attempt to "incorporate" it original Motion for Preliminary Injunction (DE 18) is improper.**

The Amended Motion states that "Plaintiff's Motion for Temporary Injunction [DE 18]" is "incorporated herein." Such an attempt to "incorporate" a prior Motion by merely referring to it by name is improper.

Nonetheless, to the extent the Court will consider the Amended Motion as a "supplement" of the original Motion (DE 18) or otherwise allow Plaintiff to "incorporate" its original Motion into the Amended Motion, Defendant likewise incorporate herein their verified Opposition (DE 61) and all its supporting exhibits (i.e., DE 61-1 through DE 61-16).

As explained (and supported by verified facts, Plaintiff's documented admissions, and separate documentation) in Defendants' Opposition (DE 61), Plaintiff's trademark registrations was obtained by committing a fraud upon the USPTO and must, therefore, be cancelled. Additionally, the subject "Unisource Discovery" name and mark / design has always belonged (and continues to belong) to Defendant Unisource Discovery, LLC—not to Plaintiff.[2]

---

[2] As with Plaintiff's prior submissions to the Court, Plaintiff's Amended Motion makes demonstrably false statements that can be easily refuted and are intended solely to distract. To address just one, Plaintiff contends that "Defendants were permitted to expedite [their] discovery." Amended Motion (DE 88) at p. 2. The docket in this case refutes that contention. Discovery was not expedited and, in fact, has been significantly delayed as a result of Plaintiff's refusals to comply with its discovery obligations and Plaintiff's violations of most of the Court's many Orders compelling Plaintiff's compliance.

In fact, Plaintiff has failed to comply with the Court's most recent Order (DE 69), which required Plaintiff to "fully respond without objection … to Defendants' Second Request for Production of Documents … by close of business Friday, March 19, 2021." Despite approximately twenty email communications from Defendants' counsel to Plaintiff's counsel attempting to confer and requesting Plaintiff to provide available dates for a discovery hearing, Plaintiff have, to date, successful stonewalled this response and have not complied. Additionally, Plaintiff has (once again) completely failed to respond to Defendants' latest set of discovery requests, which were due on Friday, April 23, 2021. Once again, Plaintiff has refused to confer regarding this latest discovery violation and has, to date, successfully stonewalled this discovery by adamantly refusing to confer and refusing to provide a single proposed hearing date despite numerous requested by the undersigned. In brief, Defendants' discovery requests have certainly not been "expedited."

## **CONCLUSION**

For the foregoing reasons, Defendants, Unisource Discovery, LLC and Steven A. Cerasale, respectfully request that this Court deny Plaintiff's *Ex Parte* Amended Motion for Preliminary Injunction (DE 88) and grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on May 4, 2021, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |