**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

      Defendants.

_____

**<u>CROSS-NOTICE OF HEARING</u>**

      **YOU ARE HEREBY NOTIFIED** that, pursuant to the instructions of the Court at the

status conference hearing on May 11, 2021, Defendants will call the following discovery disputes

for hearing on **May 17, 2021** at **3:30 p.m.**, before the Honorable Alicia M. Otazo-Reyes regarding

the following discovery matters:

1)      Plaintiff's failure to serve a response to Defendants' Second Request for Production of Documents, which the Court ordered Plaintiff to serve without objection by February 18, 2021 (DE 69).

2)      Overrule Plaintiff's untimely and meritless objections and compel production of all responsive documents to Defendants' Third Request for Production of Documents, which were due on April 23, 2021 but not served until May 12, 2021.

3)      Overrule Plaintiff's untimely and meritless objections and compel complete answers to Defendants' Second Set of Interrogatories, which were due on April 23, 2021 but not served until May 12, 2021.

4)      Overrule Plaintiff's untimely and meritless objections to Defendants' Second Request for Admissions, which were due on April 23, 2021 but not served until May 12, 2021, and deem them admitted.

## BRIEF DESCRIPTION OF DISCOVERY MATTERS

1.      The Court compelled Plaintiff to "fully respond without objection … to Defendants' Second Request for Production of Documents to Plaintiff by close of business **Friday, March 19, 2021**." *See* Court Order (DE 69). In response, Plaintiff produced two PDF files (one containing a combination of emails and the other containing several communications with the USPTO). Plaintiff, however, never served a response to Defendants' Second Request for Production of Documents as this Court required. The undersigned has attempted to confer with Plaintiff's counsel regarding Plaintiff's disregard for the Court's ruling, but Plaintiff has refused to confer.

2.      Defendants served their Third Request for Production of Documents on March 24, 2021. Plaintiff's responses were due on April 23, 2021. Plaintiff did not respond. Despite the undersigned's numerous attempts to confer and numerous emails advising Plaintiff that it has not responded to past-due discovery requests, Plaintiff refused to confer. Without requesting an extension of time and refusing to confer, Plaintiff served its untimely response on May 12, 2021 (i.e., almost three weeks late). Plaintiff's response raises numerous untimely and meritless objections that should be overruled. Additionally, Plaintiff responded that it "will produce … documents" but did not state when this long overdue production will take place. Additionally, Plaintiff's response raises undetailed and unexplained "relevance" objections without attempting (and, in fact, refusing) to confer with Defendants' counsel. Moreover, one of Plaintiff's responses misquotes Defendants' request and then "objects" based upon Plaintiff's own misquotation. The undersigned has attempted to confer with Plaintiff's counsel regarding these responses (including an email inviting a conferral less than ten minutes after Plaintiff served its untimely responses and objections), but Plaintiff's counsel has not agreed to confer.

3.      Defendants served their Second Set of Interrogatories on March 24, 2021. Plaintiff's answers were due on April 23, 2021. Plaintiff did not respond. Despite the undersigned's numerous

attempts to confer and numerous emails advising Plaintiff that it has not responded to past-due discovery requests, Plaintiff refused to confer. Without requesting an extension of time and refusing to confer, Plaintiff served its untimely answers on May 12, 2021 (i.e., almost three weeks late). Plaintiff's answer raises untimely and meritless objections that should be overruled. Additionally, Plaintiff's response raises undescribed "vagueness" objections without attempting (and, in fact, refusing) to confer with Defendants' counsel. Moreover, Plaintiff's answers are incomplete. For instance, Plaintiff failed to state how it calculated damages or identify a single document or witness that substantiate the amount and calculation of damages. The undersigned has attempted to confer with Plaintiff's counsel regarding these responses (including an email inviting a conferral less than ten minutes after Plaintiff served its untimely responses and objections), but Plaintiff's counsel has not agreed to confer.

4.      Defendants served their Second Request for Admission on March 24, 2021. Plaintiff's responses were due on April 23, 2021. Plaintiff did not respond. Despite the undersigned's numerous attempts to confer and numerous emails advising Plaintiff that it has not responded to past-due discovery requests, Plaintiff refused to confer. Without requesting an extension of time and refusing to confer, Plaintiff served its untimely response on May 12, 2021 (i.e., almost three weeks late). Plaintiff's response raises untimely and meritless objections that should be overruled.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to the Court's Order (DE 33) and Local Rule 7.1(a)(3), the undersigned certifies that counsel for Defendants made repeated attempts to confer with Plaintiff's counsel by email and telephone conference in a good faith effort to resolve the issues raised in this filing and has been unable to do so. Specifically, the undersigned sent an email to Plaintiff's counsel on March 22, 2021 at 4:41 p.m. stating that Plaintiff "ha[s] not complied with the Court's Order requiring

[Plaintiff] to serve your response to the Second Request for Production of Documents." Plaintiff's counsel responded that "[Plaintiff] fully complied with all Requests for Production," which is not true. Thereafter, the undersigned attempted to confer with Plaintiff's counsel via telephone to discuss Plaintiff's failure to serve the responses, but Plaintiff's counsel refused to confer. The undersigned also sent numerous emails to Plaintiff's counsel to attempt to schedule a discovery hearing on Plaintiff's failure to serve a response to the Second Request for Production and (after April 23, 2021) failure to respond to the Third Request for Production, Second Request for Admission, and Second Set of Interrogatories (i.e., emails on March 24, 2021 at 5:06 p.m.; March 26, 2021 at 10:28 a.m.; March 29, 2021 at 3:55 p.m.; April 1, 2021 at 7:16 p.m.; April 5, 2021 at 6:18 p.m.; April 7, 2021 at 1:54 p.m. (after the only time Plaintiff provided proposed dates that did not work with the Court's calendar); April 9, 2021 at 11:34 a.m.; April 29, 2021 at 10:04 a.m.; and May 3, 2021 at 12:26 p.m.). Despite these numerous attempts, Plaintiff's counsel refused to coordinate a hearing date with Defendants' counsel for months and, therefore, unilaterally stonewalled discovery.

CASE NO. 20-CIV-23276-DPG

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

5

CASE NO. 20-CIV-23276-DPG

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on May 13, 2021, on all counsel or parties of record

on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| **SERVICE LIST** | |
| --- | --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

6