**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,

      Defendants.

_____

**DEFENDANTS' REPORT PURSUANT TO COURT ORDER (DE 106)**

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, by and through undersigned counsel, hereby file their Report pursuant to the Court's Order (DE 106).

1. Pursuant to the Court's Order (DE 106), Plaintiff was required to fully respond without objections to the following by close of business on Wednesday, May 19, 2021:

    A. Defendants' Second Set of Interrogatories;
    B. Defendants' Second Request for Production of Documents;
    C. Defendants' Third Request for Production of Documents; and
    D. Defendants' Second Request for Admissions.

The Court also ordered Plaintiff to produce all responsive documents by the foregoing deadline.

2. On May 19, 2021, the undersigned (upon request of Plaintiff's counsel) agreed to confer with Plaintiff's counsel to discuss at length each and every discovery request the Court ordered Plaintiff to respond to.

3. Despite the lengthy conferral and the numerous opportunities afforded to Plaintiff to comply, Defendants respectfully submit that while Plaintiff did comply with the Court's Order (DE 106) in part, Plaintiff did not fully comply.

4. Below is a summary of Plaintiff's responses pursuant to the Court's Order (DE 106).

**A.      Defendants' Second Set of Interrogatories.**

Plaintiff timely served answers to the Second Set of Interrogatories on May 19, 2021, at 4:38 p.m. without objection. Those answers, however, are materially incomplete.

Specifically, the Second Set of Interrogatories requested Plaintiff to identify all documents and witnesses that support Plaintiff's claim for damages. Plaintiff's answer ***did not identify a single document or witness*** supporting its claim for almost $1 million in damages.

***After*** the expiration of Plaintiff's Court-ordered deadline (i.e., at 5:42 p.m. on May 19, 2021), Plaintiff's counsel emailed the undersigned an untimely and unverified document ostensibly identifying "witnesses" that support Plaintiff's damages.

Also after the expiration of Plaintiff's Court-ordered deadline (i.e., at 5:11 p.m. on May 19, 2021), Plaintiff's counsel stated via email that his "clients are still gathering [information and documents]" and that Plaintiff had previously "provided documents of the clients poached, names of those clients, and actual emails of each occurrence. … All this information has already been provided to you."

In other words, Plaintiff contends (via email) that there are documents that are responsive to Defendants' Interrogatory regarding damages, but Plaintiff nonetheless refuses to identify those supposed documents in response to the Interrogatory.

To be clear, Defendants Interrogatory unequivocally requests Plaintiff to "identify all documents and witnesses that you contend support the amount of damages and calculation" Plaintiff is "seeking against each Defendant." Plaintiff's answer does not identify any documents or witnesses. Plaintiff, however, contends (via its counsel's email) that Plaintiff does, in fact, have documents that Plaintiff simply does not want to identify in its Interrogatory answer. Plaintiff is also taking the position that it is "still gathering" documents and information. Plaintiff's Interrogatory answer, therefore, is materially incomplete.

For self-evident reasons, this presents a serious problem for Defendants. Plaintiff had almost 60 days to respond to Defendants' Second Set of Interrogatories. After repeatedly refusing to confer, refusing to coordinate a discovery hearing, and requiring yet another Court Order compelling it to respond, Plaintiff is taking the position that it should be afforded an indefinite amount of time to "continue gathering" information and documents. Plaintiff has even taken the position that it does not need to answer the Interrogatory (i.e., does not need to identify any documents) because it previously (at some point) produced an unidentified number of documents that may or may not be responsive to the Interrogatory.

Plaintiff, therefore, has failed to fully comply with the Court's Order (DE 106).

**B.      Defendants' Second Request for Production of Documents.**

Plaintiff served a response to Defendants' Second Request for Production of Documents and produced responsive documents on May 19, 2021, at 4:12 p.m.

That response, however, arguably included objections under the title of a "Preliminary Statement."

At 4:27 p.m. on May 19, 2021, the undersigned informed Plaintiff's counsel that "[t]hese are not complete responses. We discussed at length this morning the issue with the Preliminary Statement … Also, the documents have not been produced in the usual course. Therefore, under the Rules, Plaintiff 'must organize and label them to correspond to the categories in the request.' You have not done this with any of your responses."

At 4:50 p.m. on May 19, 2021, Plaintiff timely served an "Updated" response removing the objections under the "Preliminary Statement." Although Plaintiff removed the objections, Plaintiff's responses still did not identify which of the documents produced were responsive to which request.

In fact, Plaintiff's response to each of the Requests stated that Plaintiff "provided all documents to this request," but Plaintiff did not identify which document(s) was/were responsive to which request, and the documents Plaintiff produced are not labeled to correspond to any Request.

This presents a problem for Defendants because Defendants are left with a dump of documents that Plaintiff produced throughout the course of this litigation that Plaintiff contends may or may not be responsive to some or all of Defendants' requests. The Rules require more.

Specifically, Federal Rule of Civil Procedure 34(b)(E) provides that "[a] party must produce documents as they are kept in the usual course of business ***or must organize and label them to correspond to the categories in the request***." Plaintiff did not produce documents as they are kept in the usual course of business and did not organize or label the documents to correspond to the categories in Defendants' requests. *Valcin v. Tire Centers, LLC*, 08-61825-CIV, 2009 WL 10667762, at *2 (S.D. Fla. Oct. 5, 2009) ("Rule 34 … imposes on a party the duty to produce documents in a manner in which they can reasonably be used by the requesting party. Requiring Defendant here to search through a large volume of documents and to engage in a guessing game imposes on Defendant an undue burden.").

## C.      Defendants' Third Request for Production of Documents.

Plaintiff served its response to Defendants' Third Request for Production of Documents on May 19, 2021, at 4:25 p.m. That response, however, arguably included objections under the title of a "Preliminary Statement."

After the undersigned reminded Plaintiff's counsel that such objections are not in compliance with the Court's Order, Plaintiff timely served an "Updated" response on May 19, 2021, at 4:43 p.m., withdrawing the "Preliminary Statement."

**D.      Defendants' Second Request for Admissions.**

Plaintiff timely responded to Defendants' Second Request for Admissions on May 19, 2021, at 4:30 p.m.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on May 20, 2021, on all counsel or parties of record on the Service List below.

                       /s/ Victor M. Velarde
                       Victor M. Velarde

| **<u>SERVICE LIST</u>** <br> *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* <br> **Case No. 20-CIV-23276-DPG** | |
|---|---|
| Diego David Valdes, Esq. <br> Fla. Bar No. 251010 <br> Diego David Valdes, P.A. <br> 2350 Coral Way, Suite 403B <br> Coral Gables, Florida 33145 <br> Telephone: (305) 910-6602 <br> Facsimile: (305) 513-5924 <br> E-mail: ddvlaw@gmail.com <br><br> *Counsel for Plaintiff, Unisource Discovery, Inc.* | |