**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

          Plaintiff,

   v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

          Defendants.

---

**PLAINTIFF, UNISOURCE DISOVERY, INC. MOTION FOR LEAVE TO FILE**
**AMENDED COMPLAINT**

COMES NOW Plaintiff, Unisource Discovery, Inc. a Florida Corporation ("Unisource"), by and through their undersigned attorneys, and moves this Court for leave to file an Amended Complaint, and in support thereof, would respectfully show the Court as follows:

Plaintiff moves to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, and Local Rule 15.1. Good cause exists to grant this requested amendment. The proposed amendment accompanies this motion as required by Local Rule 15.1. The defendants oppose this amendment. (See *Exhibit* "A" Amended Complaint & Exhibits)

Plaintiff filed its original Complaint on August 6, 2020 [DE 1]. In the Amended Complaint, the Plaintiff has included Equicopy, Inc. as an additional Defendant. Facts arose that show Equicopy is owned by defendant Steven Cerasale and it has been used as part of the larger scheme with defendants' Unisource California and Steven Cerasale against Plaintiff.

1

Steven Cerasale directs both companies' actions – Equicopy and defendant Unisource California.  As such, because the alleged acts amongst all entities arise from a common set of operative facts this Court has supplemental jurisdiction over Equicopy.

In addition, the Plaintiff has included three additional claims against Steven Cerasale: (1) Breach of Fiduciary duty against Steven Cerasale; (2) Breach of Contract / Implied Covenant of Good Faith and Fair Dealing against Steven Cerasale; and (3) Fraudulent Concealment Against Steven Cerasale.

## MEMORANDUM

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party may amend the party's pleadings only by leave of court. However, the Rule also provides that leave of court shall be freely given when justice so requires. The Supreme Court has directed "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). Therefore, there must be a "justifying reason" for a court to deny leave. *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812 (M.D. Fla. 1995) citing *Foman*, *supra*, 371 U.S. at 182 and *Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985)

Here, the Amended Complaint is not filed in any dilatory fashion. This is the first amendment sought, and is brought to the court's attention at a time consistent with the Joint Scheduling Report [DE 14] and Scheduling Order [DE 33]. Plaintiff's case is still in its earlier stages. While discovery has been conducted to some extent, outstanding remains Plaintiff's Temporary Injunction against defendant Unisource California.

Furthermore, with the newly added facts, party, and claims, the Amended Complaint not only adds to the depth and flagrancy of the Defendants violations and the usurpation of the Plaintiff's business and revenue.

For all foregoing reasons, Plaintiff asks this Court to grant the opposed motion for leave to file the Amended Complaint that is attached hereto.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 28th day of May, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By:*/s/Diego David Valdes*
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
        legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.