**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

  v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants.

_____

## PLAINTIFF UNISOURCE DISCOVERY, INC., MOTION FOR SANCTIONS AND ATTORNEY'S FEES PURSUANT TO FLORIDA STATUTE 57.105

The Plaintiff, Unisource Discovery, Inc. ("UNISOURCE" or "Unisource Florida"), by and through its undersigned counsel, hereby files this Motion for Sanctions and Attorneys' Fees, pursuant to FLA. STAT. §57.105 against Defendants Unisource Discovery, LLC ("Uni-CA" or "Unisource California") and Steven Cerasale ("Cerasale"). In support of this Motion, Plaintiff states as following:

Plaintiff Unisource Florida files this Motion for Sanctions in accordance with Florida Statute §57.105 (1) which states in pertinent part:

> (1)   Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
>   (a)   Was not supported by the material facts necessary to establish the claim or defense; or
>
>   (b)   Would not be supported by the application of then-existing law to those material facts.

The statute further states, as reasons to award attorney's fees,

1

(2)  At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, **was taken primarily for the purpose of unreasonable delay**, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.  (Emphasis added) See F.S. 57.105(3)

Clearly, it is very troubling that twelve (12) years after the Plaintiff registered the Trademark with the United State Patent and Trademark Office --- and 15 years after the Defendant sold and transferred ownership of the name and logo to Plaintiff contractually – the Defendant now claims Plaintiff commuted a fraud with its registration that merits cancelation ----  twelve (12)  years later, all the while Defendant was a Director from 2006 until 2018 and a Shareholder from 2006 to present of Unisource Florida.

But the Defendants bad arguments do not stop there.

Apparently, all of these acts related to Plaintiff's alleged fraud in-connection with Defendant's cancellation claim literally occurred in-front of Defendant Steven Cerasale that actively held a board position on Plaintiff Unisource Florida during all relevant time periods and did nothing for 15-years, was a party to all major Unisource Florida decisions as active board member, and executed the Closed Corporation Shareholder Agreement that contractually sold the Mark to Plaintiff under Section 1.3.

UNISOURCE is the owner of the following United States Federal Trademark:



Registration No. 3,634,516 and Serial No. 77594059, which registered on June 9, 2009 in International Class 045 and is used in connection with legal research. (See Exhibit "A")

Factually, the Defendants did not dispute that at no time has the Defendants challenged Plaintiff's trademark registration issued by the USPTO to cancel the registration with the Trademark Trial & Appeal Board (TTAB) prior this latest effort to impose a cancellation of trademark claim. Also, at no time did the Defendants' challenge Plaintiff's application for trademark registration at the USPTO by filing an opposition or similar with the TTAB.  (See Exhibit "B")

The Trademark is contractually owned by Plaintiff.  Pursuant to  Section 1.3 of the executed Close Corporation Shareholder Agreement entered into as of June 28, 2010, the parties agreed " *Trademark. UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL is a registered US trademark of the Company. Without limiting the foregoing, the parties agree that the Company shall be entitled to use the trademark "Unisource Discovery", as part of its corporate name, Unisource Discovery, Inc., or as a fictitious business name, or otherwise*."

 Effectively, after the Defendants transferred and sold the name and logo to Plaintiff on Ju ne 15, 2006 *(twelve years ago)*, the Plaintiff filed an application with the USPTO on October 16, 2008 for registration and protection of the name and logo, and on June 9, 2009 Plaintiff received Trademark Registration, with a Section 8 Renewal on October 6, 2015 and Section 8 & 9 Renewal on March 5, 2019.  Since 2009, Plaintiff permitted Defendants to conditionally use the Mark until Plaintiff otherwise notices to cease use of the Mark under Right of Use.

On February 21, 2020, the Plaintiff notified the Defendants that the Right to Use of Trademark had been revoked and provided proper notice via Email and U.S. Certified Mail to both parties.  The notice provided the Defendants with the option to stop all further use of the Trademark and requested that if Defendants wanted to continue to use the Trademark, it would be required to enter into a Licensing Agreement with Plaintiff.  (See Exhibit "C")

On March 17, 2020 Plaintiff counsel sent Defendants' formal Notice of Infringement of Trademark Rights of Unisource Discovery, Inc. (See Exhibit "D")

On May 12, 2020, Plaintiff's legal counsel sent a second (2) Cease-and-Desist letter to UNI-CA and CERASALE via Email and U.S. Certified Mail of their continued Infringement of Trademark Rights of UNISOURCE. (See Exhibit "E")

## ARGUMENT

A. **The Defendants Count I for Cancellation of Trademark is Barred by the Statute of Limitations.**

The Eleventh Circuit has held that "because the Lanham Act does not contain a statute of limitations, the period for analogous state law claims is to be used as a touchstone for laches." *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986).  "The pertinent limitations period for this type of action in Florida is four years." *Id*

To establish that Defendants claim is barred by laches, the Plaintiff clearly demonstrates "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted. *Id.*

Noticeably, the Defendants do not state any reason(s) for the 12-year delay in seeking to cancel Plaintiff's trademark.  However, without citing a specific contract provision the Defendants broadly refer to the Shareholders' Agreement with the blanket-statement that "*Unisource-Florida's Shareholder Agreement shows that Mr. Cerasale, Unisource, Noel Mijares, and Unisource-Florida all agreed and understood that Unisource and Mr. Cerasale would continue to own, control, and use the Mark without restriction*."

First, there is no provision – as Defendants fraudulently allege –  which the parties agreed " … *Unisource and Mr. Cerasale would continue to own … the Mark without restriction*." *Id* at 12.  In fact, there is no contract provision showing that the parties agreed Defendant Unisource California  and Mr. Cerasale would continue to own the Mark.   In fact, the Defendants fail to specifically allege any contract provision, or similar, whatsoever.

4

The Eleventh Circuit has stated that "***delay is to be measured from the time at which the plaintiff knows or should know [it] has a provable claim for infringement***." *Kason Indus., Inc. v. Component Hardware Group, Inc.,* 120 F.3d 1199, 1206 (11th 1997) (emphasis added).

Importantly, the timeframe for Defendants' 12-year delay cannot be determined from Defendants' pleadings with any particularity (as required for fraud) since the Defendants do not state in their counterclaim when they discovered that Plaintiff was using the trademark improperly.

That is, the Defendants failed to plead the requirement of "when" they learned they had a provable claim. Such a pleading deficiency is fatal to Defendants because it fails to address "if" the reasons that the 12-year delay was excusable under applicable law, *Id at Ares Defense Systems, Inc*.

This is a fatal pleading deficiency that subjects this claim to dismissal.

**B.     The Defendants Did Not and Cannot Allege Prior Use of the Mark in Commerce as Defined under Applicable Law**.

"Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other users." *Domond v. Peoplenetwork APS*, 748 F. App'x 261, 262–63 (11th Cir. 2018) (quoting *Hana Fin., Inc. v. Hana Bank,* 574 U.S. 418 (2015)).

To state a claim for trademark infringement, a plaintiff must plead, among other elements, prior use of the mark in commerce. *See Sesderma, S.L. v. Mediderm Labs., LLC*, No. 17-24635-CIV, 2018 WL 8337420, at *2 (S.D. Fla. Nov. 19, 2018) (citations omitted); *Armour Grp., Inc. v. Labock*, No. 11-61991, 2012 WL 12838313, at *3 (S.D. Fla. Feb. 10, 2012) (reciting elements of trademark infringement claim and noting "[a]ctual prior use in commerce is essential, and the trademark protection is limited to geographic areas where the mark is actually used in commerce and a zone of reasonable future expansion." (alteration added; citation omitted)).

"A 'prior use in commerce' claim requires [allegations] of: (1) adoption and (2) 'use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.'" *Domond,* 748 F. App'x at 263 (alteration added; quoting *Planetary Motion, Inc. v. Techsplosion, Inc*., 261 F.3d 1188, 1195 (11th Cir. 2001)).

The Defendants pleadings fail to allege these elements.

In support of the claims asserted in count I, Defendants allege:

1.      Mr. Cerasale and Unisource were users of the Mark since 2001.

2.      Mr. Cerasale and Unisource had legal rights in the Mark superior to Unisource-Florida's rights at the time Mr. Mijares signed the trademark application for registration on October 16, 2008.

3.      Unisource-Florida knew that Mr. Cerasale and Unisource had been using the name and mark "Unisource Discovery" in commerce prior to 2006 when Mr. Cerasale partnered with Noel Mijares to jointly operate a Florida branch of Unisource.

4.      At the time Mr. Mijares (on behalf of Unisource-Florida) signed the trademark application for registration, he also knew that Mr. Cerasale and Unisource had the right to use the mark in commerce at Mr. Cerasale's sole discretion.

5.      Plaintiff also materially represented that Unisource-Florida first used the Mark "as early as March 1, 2001" when, in reality, the Mark was not used in commerce until Mr. Cerasale and Unisource created the Mark on or about April or May of 2001. In any event, Unisource-Florida did not use the Mark until after it was incorporated in June 2006.

The foregoing allegations do not state Defendants continuously used the misappropriated products, prior to Plaintiff, "in a way sufficiently public to identify . . . the marked goods" as belonging to Defendants. *See Domond*, 748 F. App'x at 263.  Furthermore, Defendants never used the Mark prior to 2009 when it was Registered with the USPTO by Plaintiff, because Defendants' prior use up until 2006 was only name and logo, which Defendants transferred and sold to Plaintiff in June 15, 2006.

The closest Defendants come to doing so is by alleging "*Plaintiff, Unisource Discovery, Inc., was incorporated in Florida by Mr. Mijares on July 1, 2006, to provide the same and/or substantially similar services as Unisource California*".  However, this allegation is insufficient because Counter-

Plaintiffs do not "identify a single instance of such use," *Sesderma,* S.L, 2018 WL 8337420, at *3 and also fail to disclose that Defendant Cerasale was also an incorporator of Unisource Florida, along with Mr. Mijares.

Once more, the Defendants show another fatal pleading deficiency that subject their counterclaim to dismissal.

### C. <u>Defendants Fail to Plead the Elements of Trademark Cancellation</u>

To state a claim for cancellation of registration under 15 U.S.C. section 1064, a petitioner must additionally allege (1) it has standing to petition for cancellation because it is likely to be damaged, and (2) there are valid grounds for discontinuing the registration. *See Coach House Rest., Inc. v. Coach & Six Restaurants, Inc.*, 934 F.2d 1551, 1557 (11th Cir. 1991) (footnote call number and citation omitted).

The first element requires only that the petitioner "believes he is or will be damaged by the registration." *Lipton Indus., Inc. v. Ralston Purina C*o., 670 F.2d 1024, 1028 (C.C.P.A. 1982). It is the second element that Defendants are traveling.

Pursuant to 15 USC § 1064, a mark registered beyond five years can only be cancelled on limited grounds. The Defendants believe that a trademark cancellation claim, like a trademark infringement claim, must allege prior use when asserting:

    a.    "Defendant, Unisource Discovery, LLC, was incorporated in California by Defendant, Mr. Cerasale, on May 11, 2001."

    b.    "Defendants have used the "Unisource Discovery Digital Document Retrieval" name and logo—the name of Unisource California's business and is otherwise descriptive of the services of Unisource California—since 2001."

c.      "Plaintiff, Unisource Discovery, Inc., was incorporated in Florida by Mr. Mijares and Mr. Cerasale on June 15, 2006, to provide the same and/or substantially similar services as Unisource California."

d.      "It is undisputed that Plaintiff and Defendants have had an ongoing business relationship since 2005 (approximately one year *before* Unisource Florida was incorporated). It is undisputed that Defendants, as part of their Initial Capital Investment towards opening a Florida corporation with Mr. Mijares, used the name and logo as part of the transaction …"

*See* Pl. Counterclaim ¶ 6-9

Here, the Defendants clearly assert that prior use is dispositive to the analysis for cancellation of trademark – that it effectively removes it from the statute of limitations.

The Defendants continue this argument when asserting "*Plaintiff also materially represented that Unisource-Florida first used the Mark "as early as March 1, 2001" when, in reality, the Mark was not used in commerce until Mr. Cerasale and Unisource created the Mark on or about April or May of 2001. In any event, Unisource-Florida did not use the Mark until after it was incorporated in June 2006.*"

Not so – the Defendants are incorrect.  Plaintiff acquired ownership of the name and logo from Defendants, in June 15, 2006, and as such Plaintiff had full rights to the name and logo and its history, which Plaintiff took the necessary steps in October 16, 2008 to protect its asset, and filed for registration of Trademark, which was granted in June 9, 2009 and has been renewed under Section 8 on October 6, 2015 and Section 8 & 9 on March 5, 2015.

"Even where the petitioner has not demonstrated its own prior use, 'in a petition to cancel a registration **less than five years old**, the allegation of non-use in commerce is a proper ground for cancellation." *Compton v. Fifth Ave. Ass'n, Inc.*, 7 F. Supp. 2d 1328, 1333 (M.D. Fla. 1998) (quoting 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 20:54 (4th ed. 1997)  In

other words, in *Compton* the Court ruled that "prior use" is only a valid and proper ground is made within five years --- here, the clearly is not the case.

Still, the Defendants have not ***alleged*** non-use, prior use, or any other valid ground for cancellation with any type of particularity. The Defendants most specific allegation is, prior to registration of the trademark, Unisource Florida "*At the time Plaintiff filed its trademark application, Plaintiff knew that Mr. Cerasale and Unisource were using the "Unisource Discovery Digital Document Retrieval" name and Mark*" Another (of several) unsupported blanket statement and not an "allegation" of non-use.

Rather, Defendants seem to allege that Plaintiff distributed its products already trademarked by Defendants after the date on which Plaintiff registered its trademark with the United States Patent and Trademark Office -- a claim Defendants are badly making more than twelve (12) years after Plaintiff registered the Mark and used it openly and notoriously.

First, the Defendants product were never registered with the United States Patent and Trademark Office.

Second, the Defendants allegations concerning the grounds for cancellation are conclusory. Defendants allege they *"Plaintiff also falsely declared that "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource and Mr. Cerasale were the owners of the Mark, had been using the Mark since 2001, and had every right to continue to use the Mark*" and "*Unisource-Florida, in failing to disclose these material facts to the USPTO, intended to procure a registration to which it was not entitled.*" (CC para 25 and 26)

These allegations contain <u>no</u> factual support.

The Defendants did not identify a single instance of value diminution or state when, how, or to what extent they lost profits or that they lost profits at all. The Defendants did not state any specific facts related to Unisource Florida alleged failure to disclose to the USPTO <u>over</u> twelve (12) years ago.

9

Stated otherwise, Defendant's allegations amount to no more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, **556 U.S.** 662, **678** (2009) Therefore, the Defendants also fail to state a claim for trademark cancellation on this basis.

<u>**CONCLUSION**</u>

The Plaintiff has satisfied the burden for this Court to grant sanctions.  The Defendants delayed their frivolous and non-sensical claim for cancellation as long as twelve (12) years after Defendants had actual knowledge of the Plaintiff registration and continued use of the Trademark.   That, in itself, speaks volumes.  It was only after Plaintiff filed its Complaint [DE 1] that Defendants conveniently advanced this argument.

The Defendants claim is clearly barred by the applicable statute of limitations.  Significantly, as shown the Defendants have fatal pleading deficiencies including using broad/sweeping language rather than pleading fraud/cancellation with any amount of specificity/particularity as mandated under Federal Rules of Civil Procedure Rule 9.

**WHEREFORE**, Plaintiff respectfully requests an Order granting fees pursuant to Florida Statute §57.105 against Defendants for the filing of the meritless Motion for Leave to Amend for the reasons set-forth herein, and other such relief as is deemed just and equitable by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 28th day of May, 2021.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
         ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.