**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____ /

## ORDER

THIS CAUSE came before the Court upon Defendants Unisource Discovery, LLC and Steven A. Cerasale's (together, "Defendants") Motion for Sanctions Including Dismissal of the Complaint (DE 1) Based upon Plaintiff's Fraud Upon the Court and Bad Faith (hereafter, "Motion for Sanctions") [D.E. 44] and Motion for Leave to File Amended Answer and Affirmative Defenses to Complaint and Counterclaim (hereafter, "Motion to Amend") [D.E. 81]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20]. The undersigned held a hearing on these matters on June 10, 2021 (hereafter, "Hearing"). In accordance with the undersigned's rulings at the Hearing, the Motion for Sanctions is GRANTED IN PART and the Motion to Amend is GRANTED.

## PLEADINGS

Plaintiff Unisource Discovery, Inc. ("Plaintiff") commenced this action against Defendants on August 6, 2020. See Complaint for Damages and Injunctive Relief (hereafter, "Complaint") [D.E. 1]. In its Complaint, Plaintiff asserts claims against Defendants under the Lanham Act, 15

U.S.C. §§ 1051 *et seq.*, for allegedly infringing on the following United States Federal Trademark:



Id.

On September 22, 2020, Defendants filed their Answer and Affirmative Defenses to Complaint (hereafter, "Answer") [D.E. 13].

### PLAINTIFF'S RECALCITRANCE RE: DISCOVERY OBLIGATIONS

As recounted in detail below, it took a number of discovery hearings and orders, spanning several months, for Plaintiff to comply with its discovery obligations.

On December 9, 2020, Defendants filed an Amended Notice of Hearing (hereafter, "December 9, 2020 Notice of Hearing") [D.E. 35] based on "Plaintiff's failure to respond or produce any documents responsive to Defendants' First Requests for Production and First Set of Interrogatories . . . ." Id. On December 11, 2020, the undersigned held a discovery hearing (hereafter, "December 11, 2020 Discovery Hearing") [D.E. 37] and ordered Plaintiff to "serve its responses to Defendants' First Requests for Production and First Set of Interrogatories by January 4, 2021." See December 11, 2020 Order [D.E. 38].

On January 12, 2021, Defendants filed a Notice of Telephonic Hearing (hereafter, "January 12, 2021 Notice of Hearing") [D.E. 41] based on Plaintiff's failure to comply with the undersigned's December 11, 2020 Order. Id. On January 19, 2021, the undersigned held a discovery hearing (hereafter, "January 19, 2021 Discovery Hearing") [D.E. 45] and imposed on Plaintiff a January 22, 2021 deadline to "fully respond without objection and produce all documents responsive to Defendants' Request for Production of Documents to Plaintiff [D.E. 44-

1 at 2–5] and fully answer Defendants' First Set of Interrogatories to Plaintiff [D.E. 44-1 at 6–9]." See January 19, 2021 Order [D.E. 46].

On January 28, 2021, Defendants filed an Amended Notice of Telephonic Hearing (hereafter, "January 28, 2021 Notice of Hearing") [D.E. 50] based on Plaintiff's failure to comply with the undersigned's January 19, 2021 Order. Id. On February 3, 2021, the undersigned held a discovery hearing (hereafter, "February 3, 2021 Discovery Hearing") [D.E. 53] and ordered that Plaintiff's objections to Defendants' discovery requests be stricken and rendered a nullity, given the provisions of the January 19, 2021 Order, which required full discovery responses without objections. See February 3, 2021 Order [D.E. 54].

On March 4, 2021, Defendants filed a Re-Notice of Telephonic Hearing (hereafter, "March 4, 2021 Notice of Hearing") [D.E. 66] based on Plaintiff's failure to respond to Defendants' Second Request for Production of Documents. Id. On March 18, 2021, the undersigned held a discovery hearing (hereafter, "March 18, 2021 Discovery Hearing") [D.E. 71] and ordered Plaintiff to "fully respond without objection and produce all documents responsive to Defendants' Second Request for Production of Documents to Plaintiff by close of business Friday, March 19, 2021." See March 18, 2021 Order [D.E. 69].

On May 13, 2021, Defendants filed a Cross-Notice of Hearing (hereafter, "May 13, 2021 Notice of Hearing") [D.E. 103] asking the undersigned to address the following discovery issues: Plaintiff's failure to comply with the undersigned's March 18, 2021 Order; and Plaintiff's deficient responses to Defendants' Second Set of Interrogatories, Second Request for Admissions, and Third Request for Production of Documents (hereafter, "Second and Third Discovery Requests"). Id. On May 17, 2021, the undersigned held a discovery hearing (hereafter, "May 17, 2021 Discovery Hearing") [D.E. 105] and imposed on Plaintiff a May 19, 2021 deadline to produce responsive

3

documents and fully respond without objections to Defendants' Second and Third Discovery Requests. See May 17, 2021 Order [D.E. 106]. The undersigned also ordered Defendants to file a report regarding Plaintiff's compliance with the May 17, 2021 Order. Id.

On May 20, 2021, Defendants reported that Plaintiff had failed to fully comply with the undersigned's May 17, 2021 Order. See Defendants' Report Pursuant to the May 17, 2021 Order ("Report") [D.E. 107]. On May 21, 2021, Plaintiff replied to Defendants' Report. See Plaintiff's Reply [D.E. 108, 109].

On May 25, 2021, the undersigned held a hearing on Defendants' Report and Plaintiff's Reply (hereafter, "May 25, 2021 Hearing") [D.E. 112]. At the May 25, 2021 Hearing, the undersigned ascertained which discovery responses from Plaintiff were still pending and ordered Plaintiff to serve an amended sworn answer to Interrogatory No. 3 of Defendants' Second Set of Interrogatories and amended responses to Defendants' Second Request for Production of Documents by the close of business the next day. See May 25, 2021 Order [D.E 111].

On May 26, 2021, Plaintiff filed a notice reporting that it had complied with the May 25, 2021 Order. See Notice of Compliance with May 25, 2021 Order [D.E. 113]. At the Hearing, Defendants acknowledged that Plaintiff had finally complied with all of its outstanding discovery obligations.

### MOTION FOR SANCTIONS [D.E. 44]

On January 18, 2021, Defendants filed the Motion for Sanctions, seeking dismissal of this action and an award of their reasonable attorney's fees and costs. See Motion for Sanctions [D.E. 44 at 4]. The Motion for Sanctions was based in part on Plaintiff's January 16, 2021 "Response" to the undersigned's December 11, 2020 Order, wherein Plaintiff claimed that Defendants had not propounded any discovery on Plaintiff and that Defendants' representation that they had done so

4

was an "intentional misrepresentation" that was "notoriously false[] and egregious . . . ." See Response [D.E. 42].[1]  At the Hearing, Plaintiff conceded that Defendants had indeed propounded the discovery at issue and that the foregoing statement was false (hereafter, "False Statement"). Because Plaintiff recanted the False Statement, the undersigned denies Defendants' Motion for Sanctions to the extent it seeks dismissal of the action pursuant to the Court's inherent powers.

Therefore, the undersigned need only address the portion of the Motion for Sanctions that is based on Rule 37(b) of the Federal Rules of Civil Procedure (hereafter, "Rule 37(b)") for Plaintiff's violations of the undersigned's discovery orders as detailed above.

Rule 37(b) provides various remedies, ranging in severity, for failure to comply with a court order.  Rule 37(b) also provides for the payment of "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  Given Plaintiff's ultimate compliance with its discovery obligations, the undersigned finds that the appropriate sanction for Plaintiff's recalcitrance is to award Defendants their reasonable attorney's fees and costs incurred in finally obtaining such compliance by filing the following notices and attending the following hearings:

- December 9, 2020 Notice of Hearing [D.E. 35];
- December 11, 2020 Discovery Hearing [D.E. 37];
- January 12, 2021 Notice of Hearing [D.E. 41];
- January 19, 2021 Discovery Hearing [D.E. 45];
- January 28, 2021 Notice of Hearing [D.E. 50];
- February 3, 2021 Discovery Hearing [D.E. 53];
- March 4, 2021 Notice of Hearing [D.E. 66];
- March 18, 2021 Discovery Hearing [D.E. 71];
- May 13, 2021 Notice of Hearing [D.E. 103];
- May 17, 2021 Discovery Hearing [D.E. 105]; and
- May 25, 2021 Hearing [D.E. 112].

---

[1]  The undersigned struck the Response on January 19, 2021 [D.E. 46].

Defendants shall file their Statement of Reasonable Fees and Costs incurred in these matters as prescribed below.

### MOTION TO AMEND [D.E. 81]

On March 24, 2021, Defendants filed the Motion Amend requesting permission to file their proposed Amended Answer and Affirmative Defenses and Counterclaim to the Complaint (hereafter, "Proposed Amended Answer and Counterclaim") [D.E. 81-2].  Defendants seek to assert one additional Affirmative Defense and a Counterclaim based on their contention that "Plaintiff made material and fraudulent misrepresentations in its trademark registration application with the [United States Patent and Trademark Office]."  See Motion to Amend [D.E. 81 at 1].

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Id.

Plaintiff's sole argument in response to the Motion to Amend is that it is futile because the proposed Counterclaim is barred by the applicable statute of limitations.  See Opposition to Motion for Leave [D.E. 86 at 1, 6–9].  However, the limitations period invoked by Plaintiff does not apply to Defendants' proposed amendment because it is based on Plaintiff's alleged fraud and such claims can be brought "at any time."  See 15 U.S.C. § 1064 (hereafter, "Section 1064"); see also Progressive Emu, Inc. v. Nutrition & Fitness, Inc., No. 12-CV-01079, 2013 WL 12133659, at *4 (N.D. Ala. 2013) ("Section 1064 expressly provides that petitions can be brought 'at any time.' Because this statutory text is clear, the court need not provide further analysis. The statute either supplies a statute of limitations or, more accurately, eliminates all possible limitation periods."). Therefore, the undersigned grants Defendants' Motion to Amend as prescribed below.

**CONCLUSION**

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Defendants' Motion for Sanctions [D.E. 44] is GRANTED IN PART. Defendants shall recover from Plaintiff their reasonable attorney's fees and costs incurred in connection with filing the notices and attending the hearings listed above. Defendants shall file their Statement of Reasonable Fees and Costs by **June 17, 2021**. Plaintiff shall have until **July 1, 2021** to file its objections to Plaintiff's Statement of Reasonable Fees and Costs.

It is further ORDERED AND ADJUDGED that Defendants' Motion to Amend [D.E. 81] is GRANTED. Defendants may file their Proposed Amended Answer and Counterclaim [D.E. 81-2] after a ruling has been issued on Plaintiff's pending Motion for Leave to File Amended Complaint ("Motion") [D.E. 114]. If Plaintiff's Motion is denied, Defendants may amend their current responsive pleading. If Plaintiff's Motion is granted, Defendants may incorporate their additional proposed amended pleading into their new responsive pleading.

It is further ORDERED AND ADJUDGED that the deadline for Defendants' response to Plaintiff's pending Motion for Sanctions and Attorney's Fees Pursuant to Florida State 57.105 [D.E. 115], which is based on the flawed statute of limitations argument addressed above, is extended to **June 18, 2021**, pending Plaintiff's potential withdrawal of that Motion.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of June, 2021.

_____

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
      Counsel of Record