**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

      Defendants.

---

### OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FLORIDA STATUTE 57.105 (DE 115)

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, hereby timely file their

Opposition to Plaintiff's Motion for Sanctions Pursuant to Florida Statute § 57.105 and respectfully

request that sanctions be imposed (including dismissal of the Complaint and attorney's fees)

against Plaintiff and its counsel for filing and refusing to withdraw Plaintiff's frivolous Motion.

**I.**     **Plaintiff's bad faith misconduct has not been at all deterred by the Court's imposition of sanctions requiring Plaintiff to pay Defendants' attorney's fees.**

Plaintiff's Motion for Sanctions argues that Defendants' Counterclaim—which the Court

has already ruled is not futile—is "frivolous" primarily because it is barred by a four-year statute

of limitations.

The Court has already ruled: "Plaintiff's sole argument … is that [the Counterclaim] is

futile because the proposed Counterclaim is barred by the applicable statute of limitations. …

However, ***the limitations period invoked by Plaintiff does not apply … because it is based on***

***Plaintiff's alleged fraud and such claims can be brought 'at any time.***'" Court Order (DE 118) at

p. 6 (emphasis added).

Because the Court has already ruled (and because the statutory and case law so clearly refute Plaintiff's argument), the Court extended by one week Defendants' deadline to respond to Plaintiff's Motion in order to allow "Plaintiff's potential withdrawal of that Motion." *Id.* at p. 7.

The Court granted this one-week extension to avoid wasting fees and time—as well as the Court's resources—arguing about matters that have already been ruled upon.

The Court's one-week extension of time also afforded Plaintiff the opportunity to prove that Plaintiff is not litigating capriciously or vexatiously. Plaintiff took that opportunity and proved the exact opposite. It is now beyond dispute that Plaintiff's primary goal in this litigation is to vexatiously cause the expenditure of unnecessary fees.

On June 15, 16, and 17, the undersigned counsel conferred with Plaintiff's counsel via email and telephone regarding Plaintiff's Motion for Sanctions (DE 115) and urged Plaintiff to withdraw the Motion to avoid unnecessarily wasting fees on matters that have already been ruled upon. The undersigned also informed Plaintiff's counsel that filing and pushing a frivolous motion for sanctions exposes both Plaintiff and Plaintiff's counsel to sanctions. Despite these attempts by the undersigned counsel to avoid unnecessary litigation, Plaintiff confirmed that it will proceed with the Motion and "whatever happens, happens."

Plaintiff's refusal to withdraw a Motion for Sanctions that is frivolous and already substantively rejected by the Court's prior Order is inexcusable. It confirms that Plaintiff's goal is not recompense or justice. Rather, Plaintiff's goal is to vexatiously multiply the proceedings, waste fees, waste the Court's resources, and abuse the process. Plaintiff prefers to push a frivolous motion—and expose itself and its counsel to sanctions—just for the sake of causing Defendants and the Court to waste time and money dealing with Plaintiff's Motion.

Plaintiff's refusal to withdraw its frivolous Motion also confirms that Plaintiff's misconduct has not been deterred one bit by the Court's prior imposition of sanctions against Plaintiff.

Defendants respectfully submit that no sanction (short of dismissal with prejudice) will deter Plaintiff from continuing to act in bad faith. Moreover, Defendants should also be awarded their fees and costs incurred in connection with Plaintiff's frivolous Motion.

Because Plaintiff has refused to withdraw its frivolous Motion for Sanctions (DE 115) despite having been given ample opportunity to do so, Defendants hereby submit their Opposition.

## II.   Plaintiff's Motion (DE 115) is frivolous.

To support its Motion (DE 115), Plaintiff makes the following arguments:

1)   "Defendants Count I for Cancellation of Trademark is Barred by the Statute of Limitations" because "the pertinent limitations period for this type of action in Florida is four years." Motion (DE 115) at p. 4.

2)   The Counterclaim for Cancellation of Trademark is "frivolous" because "Defendants … fail to allege the[] elements" of "prior use in commerce.'" Motion (DE 115) at p. 6.

3)   The Counterclaim for Cancellation of Trademark is "frivolous" because "Defendants have not alleged non-use, prior use, or any other valid ground for cancellation with any type of particularity." Motion (DE 115) at pp. 8–9.

4)   The Counterclaim for Cancellation of Trademark is "frivolous" because "Defendants did not identify a single instance of value diminution or state when, how, or to what extent they lost profits or that they lost profits at all." Motion (DE 115) at p. 9.

None of these arguments have any merit. Each will be addressed below.

**A.** **Defendants' Counterclaim for cancellation of the trademark on the basis of Plaintiff's fraud to the USPTO is not subject to the four-year statute of limitations (or any limitation period).**

Plaintiff's Motion (DE 115) makes the same argument that the Court has already considered, heard argument of counsel, and ruled against. Specifically, Plaintiff argues that "Defendants claim is clearly barred by the applicable statute of limitations." Motion at p. 10; *see also id*. at p. 4 ("[T]he pertinent limitations period for this type of action in Florida in four years.").

As previously explained in this litigation, this exact argument has been expressly (and repeatedly) rejected by the courts—including this Court.

For example, the plaintiff in *Marshak v. Treadwell* "argue[d] that the fraudulent procurement defense and counterclaim are time-barred," and the court ruled that "a claim for cancellation of a mark based on fraudulent procurement and a defense to an otherwise incontestable mark on a similar ground ***may be asserted at any time***" and are not time-barred by any statute of limitations. 240 F.3d 184, 192–94 (3d Cir. 2001) (emphasis added).

In another example, the plaintiff in *Progressive Emu, Inc. v. Nutrition & Fitness, Inc.* sought to amend its complaint to "add[] a new 'Count V,' seeking 'cancellation of registration'" on the basis of fraud, and the defendant argued that the subject "trademark was registered in 2002 … [which] is many years too late to meet … [the] state of limitations for fraud claims." 2013 WL 12133659, at *3 (N.D. Ala. Oct. 18, 2013). The court disagreed. "[C]ancellation claims for fraud … can be brought '***at any time***.'" *Id*. at *5 (emphasis added).

In yet another example, the court in *Kelly v. Estate of Arnone ex rel. Ahern* held that "actions to cancel a registration based on fraudulent procurement … ***may be brought at any time*** and are not subject to a statute of limitations." 2009 WL 2392108, at *7 (D.N.J. Aug. 3, 2009) (emphasis added).

4

The reason for these rulings is clear. Although the Lanham Act does not have a statute of limitations for infringement claims for damages, the Lanham Act **_does_** have a statute of limitations for trademark-cancellation claims. Under Section 1064, claims to "cancel a registration of a mark" must be brought "[w]ithin five years from the date of the registration" **_unless_** the "registration was obtained fraudulently." 15 U.S.C.A. § 1064(1) and (3). When the trademark "registration was obtained fraudulently," the cancellation claim may be brought "[a]t any time." *Id*.

"The reason for this rule is quite simple—the interest vindicated by Section 14 [for fraud-based cancellation of trademarks] is not just the injury to the challenging party, but the integrity of the register. Where the interest at issue is the integrity of the federal register, a statute of limitations should not operate to frustrate that interest." *Marshak*, 240 F.3d at 194.

Defendants' Counterclaim seeks a declaration cancelling Plaintiff's trademark because Plaintiff "procured its registration via **_fraud_**." *See* Proposed Answer and Counterclaim (DE 81-2) at p. 11 ("Trademark Registration No. 3,634,516 (Serial No. 77594059) should be cancelled **_due to Plaintiff's fraud_** on the United States Patent and Trademark Office …") (emphasis added); *see also id*. at p. 23 ("[Plaintiff] procured its registration via fraud ….").

Under the plain wording of the Lanham Act and the applicable case law, Defendants' proposed Affirmative Defense and Counterclaim to cancel Plaintiff's trademark registration is not time-barred.

Although the above legal authorities mandate a summary denial of Plaintiff's Motion (DE 115), Defendants will also address the case law cited by Plaintiff.

Plaintiff cites *Kason Indus., Inc. v. Component Hardware Group, Inc.* and *Ares Defense Systems, Inc. v. Karras* to support its "statute of limitations" argument. Neither of these cases support Plaintiff's argument.

5

Simply put, *Kason Indus., Inc.* and *Ares Defense Systems, Inc.* **do not** relate to claims for cancellation of trademarks. The plaintiff in *Kason Indus., Inc.* "brought claims for both monetary and injunctive relief … under … 15 U.S.C. § 1125(a) [i.e., for false designation of origin], the Georgia Fair Business Practices Act, … and state common-law claims of trademark infringement and unfair competition." *Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1201 (11th Cir. 1997). Similarly, the plaintiff in *Ares Defense Systems, Inc.* filed claims "for allegedly infringing its rights in the [ ] mark in violation of the Lanham Act." *Ares Def. Sys., Inc. v. Karras*, 615CV1107ORL22DAB, 2016 WL 1554127, at *1 (M.D. Fla. Apr. 18, 2016).

Because neither case Plaintiff cites relates to claims for cancellation of trademark, the "statute of limitation" analysis in those cases are completely inapposite.

Finally, it is well established that under Florida law, "[t]here is no statute of limitation defense as to a compulsory counterclaim." *Stein v. Feingold*, 629 So. 2d 998, 999 (Fla. 3d DCA 1993). "[O]nce a party files an affirmative action, he cannot thereafter profess to be surprised by or prejudiced by affirmative defenses or compulsory counterclaims that stem from that action." *Allie v. Ionata*, 503 So. 2d 1237, 1240 (Fla. 1987).[1]

---

[1] Plaintiff's Motion states in passing that "Defendants do not state in their counterclaim when they discovered that Plaintiff was using the trademark improperly." Motion (DE 115) at p. 5. For numerous reasons, this statement/argument is meritless. First, when Defendants "discovered" anything is only relevant to the analysis if a statute of limitations applied, which it does not. Second, Defendants make clear that "Defendants did not learn of the facts underlying their new Affirmative Defense and Counterclaim until January 27, 2021 … and February 4, 2021" because of Plaintiff's delays in responding to discovery requests. Motion (DE 81) at p. 2. Third, Plaintiff's statement mischaracterizes Defendants' Counterclaim. The Counterclaim seeks to cancel the trademark based upon Plaintiff's fraud upon the USPTO; it is not based upon Plaintiff "using the trademark improperly."

**B.**     **The Counterclaim for Cancellation of Trademark is based upon Plaintiff's fraud upon the USPTO, not upon "prior use in commerce."**

Plaintiff next argues that "[t]o state a claim for trademark infringement, a plaintiff must plead, among other elements, prior use of the mark in commerce," and the Counterclaim fails to make this allegation. Motion (DE 115) at p. 5. This argument is meritless.

To begin with, Defendants are not "stat[ing] a claim for trademark infringement." Rather, Defendants are seeking to cancel the trademark as a result of Plaintiff's fraud upon the USPTO. Plaintiff's argument, therefore, is a red herring.

Second, Plaintiff has already admitted (and cannot deny) that Defendants, in fact, did use the subject mark years before Plaintiff was even incorporated. Specifically, in response to Plaintiff's Second Set of Requests for Admission, Plaintiff stated as follows: "[Defendant] Unisource Discovery, LLC ***used [ ] the name and logo prior to 2006***," which "[Plaintiff] Unisource Discovery, Inc. [then] filed application for registering its name and logo with the USPTO in 2008." Plaintiff's Response to Second Request for Admissions (Exhibit "1" hereto).

Third, the Counterclaim specifically alleges that "Mr. Cerasale and Unisource California had been using the 'Unisource Discovery Digital Document Retrieval' name and the Mark before 2006" in commerce. *See* Proposed Counterclaim (DE 81-1) at ¶¶ 66–68. Plaintiff's argument that the Counterclaim has a "fatal pleading deficiency that subject their counterclaim to dismissal" because it did not allege "prior use" is conclusively refuted by the Counterclaim's clear allegations. Motion (DE 115) at p. 7.

Finally, there is evidence in the record of Defendants' "prior use," which was submitted to the Court on February 22, 2021 (i.e., three months before Plaintiff's Motion). *See* Docket Entry

7

58-2 (setting forth a January 11, 2002 print-out of Defendants' website using the subject mark in commerce).[2]

**C.      The Counterclaim for Cancellation of Trademark is based upon Plaintiff's fraud upon the USPTO, not upon "non-use, prior use, or any other valid ground for cancellation" other than Plaintiff's fraud upon the USPTO.**

The courts have recognized many "valid grounds for cancellation." Defendants' Counterclaim alleges one such grounds—i.e., Plaintiff's fraud upon the USPTO.

The Counterclaim is not based upon "prior use," "non-use," that "the mark [has] become[] the generic name for the goods or services," that the mark "is functional," or any other reason. *See* 15 U.S.C. § 1064(3) (setting forth a non-exhaustive list of grounds for cancellation). Rather, the Counterclaim is based upon the very clear and specific material misrepresentations Plaintiff made to the USPTO in its registration application. *See* Counterclaim (DE 81-2) at ¶ 30 (alleging with specificity the three material misrepresentations Plaintiff made in its registration application).

Plaintiff contention that the Counterclaim is "frivolous" because it did not allege "non-use, prior use, or any other valid ground for cancellation" is, therefore, meritless.

**D.      The Counterclaim for Cancellation of Trademark is based upon Plaintiff's fraud upon the USPTO; it is not a claim for damages on the basis of infringement.**

Finally, Plaintiff argues that "Defendants did not identify a single instance of value diminution or state when, how, or to what extent they lost profits or that they lost profits at all."

---

[2] Plaintiff also make the strange, contradictory, and seemingly circular point that "Defendants never used the Mark prior to 2009 when it was Registered with the USPTO … because Defendants' prior use up until 2006 was only name and logo." Motion (DE 115) at p. 6. It appears Plaintiff is arguing that it is categorically impossible to establish "prior use" of the subject mark before 2009 because the subject mark was not registered with the USPTO until 2009. This argument is circular and frivolous for self-evident reasons. Under this analysis, no mark would even be subject to a "prior use" analysis because the "mark" would not exist until it is "Registered with the USPTO."

Motion (DE 115) at p. 9. Once again, the Counterclaim does not seek damages, lost profits, or "value diminution." Rather, the Counterclaim seeks to cancel the trademark on the basis of Plaintiff's fraud upon the USPTO.

To the extent Plaintiff is attempting to argue that Defendants do not have standing to seek cancellation because Defendants have not alleged "value diminution" or "lost profits," such a contention is frivolous. Plaintiff is suing Defendants for allegedly using the subject mark without permission.

"Courts in this district have held that the Defendant's standing to bring an action to cancel Plaintiff's trademark registrations is inherent in its position as a defendant in the original proceeding. … It is clear from [the party's] position as defendant in the main lawsuit that it may be damaged by the Plaintiff's trademark registration." *Amerikooler, LLC v. Coolstructures, Inc.*, 17-24420-CIV, 2019 WL 2373560, at *2–3 (S.D. Fla. June 5, 2019).

Defendants certainly have standing to cancel Plaintiff's trademark registration.

**III.     Sanctions against Plaintiff and its counsel are warranted.**

"[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. … Ordinarily, this does not require a cross-motion for sanctions, since a court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion." *Claudet v. First Fed. Credit Control, Inc.*, 614CV2068ORL41DAB, 2015 WL 7984410, at *3 (M.D. Fla. Nov. 17, 2015) (considering a motion filed under Rule 11 and Section 57.105).

For example, the Eleventh Circuit in *Smith v. Psychiatric Sols., Inc.* affirmed the trial court's imposition of sanctions against the party who filed a Rule 11 motion for sanctions because "the district court … determined that Smith's arguments … lacked merit and should not have been included in her Rule 11 motion," and "thus concluded that '[n]one of the four grounds raised by [Smith] in her Rule 11 motion present[s] significant concerns in the context of this particular case,

and none comes close to warranting the imposition of Rule 11 sanctions.' Based on these findings, the district court determined Smith's counsel filed the Rule 11 motion both to harass Appellees, and to file what was effectively an unauthorized reply brief to Appellees' motion for fees. It awarded Appellees attorneys' fees on that basis." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260–61 (11th Cir. 2014).

Plaintiff was given an opportunity to withdraw its Motion for Sanctions (DE 115). The Court held that the Counterclaim was not futile and clearly ruled that Plaintiff's "statute of limitations" argument was contradicted by applicable law. *See* Order (DE 118) at pp. 6–7 (extending Defendants' response deadline to respond to Plaintiff's "pending Motion for Sanctions and Attorney's Fees Pursuant to Florida State 57.105 [D.E. 115], which is based on the flawed statute of limitations argument addressed above"). Moreover, the undersigned conferred with Plaintiff's counsel via email and telephone on June 15, 16, and 17 to discuss Plaintiff's withdrawal of its frivolous Motion for Sanctions (DE 115). Plaintiff's counsel confirmed that Plaintiff's position was that it will continue to push the Motion for Sanctions and "whatever happens, happens."

It is clear that Plaintiff's Motion for Sanctions (DE 115) was filed and continues to be pushed for improper reasons. The Motion is frivolous on its merits and (at best) attempts a "second bite" at preventing the Court from granting Defendants leave to file the Counterclaim. More realistically, Plaintiff's purpose for requiring Defendants to oppose the Motion and insisting on having the Court ruled upon the Motion is to waste fees, time, and resources.

Plaintiff and its counsel have already been sanctioned by this Court for prior misconduct. *See* Order (DE 118); Order (DE 40). However, Plaintiff has demonstrated that monetary sanctions

10

will not deter Plaintiff from continuing to act in bad faith and abuse the proceedings. Plaintiff are intent on wasting fees, abusing the process, and causing as much vexatious litigation as possible.[3]

Defendants, therefore, respectfully submit that sanctions should be awarded against Plaintiff and in favor of Defendants, including dismissal of Plaintiff's Complaint with prejudice and award of Defendants' attorney's fees and costs in connection with Plaintiff's Motion (DE 115).

### CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned certifies that he has conferred with counsel for Plaintiff via email and telephone on June 15, 16, and 17, 2021 to attempt to reach an agreement regarding Plaintiff's withdrawal of the Motion (DE 115) as well as Defendants' anticipated request for sanctions if the Motion is not withdrawn. Plaintiff, however, refused to withdraw its Motion (DE 115) and stated, "whatever happens, happens."

---

[3] In fact, Plaintiff continues to stall discovery despite having been warned repeatedly by the Court about the consequences of such misconduct. To date, Plaintiff has refused to confer with Defendants' counsel regarding Plaintiff's latest discovery violations despite the undersigned's repeated attempts to confer. When the undersigned was finally able to schedule a conferral with Plaintiff's counsel (on June 14, 2021) after numerous attempts, Plaintiff's counsel stated he was feeling under the weather and asked to reschedule to Wednesday, June 16. At the rescheduled date/time, Plaintiff's counsel refused to answer the phone and unilaterally pushed the conference to later in the afternoon. At that later time, Plaintiff's counsel stated that he was unprepared to discuss discovery and rescheduled the conference to noon the following day. At noon the following day, Plaintiff's counsel again refused to answer the phone. Instead, he again unilaterally pushed the conferral to later that afternoon. Later that afternoon, Plaintiff's counsel again refused to confer on discovery issues, claiming he rather discuss it the following day. Plaintiff's counsel then refused to provide his availability for the following day despite the undersigned's request.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on June 18, 2021, on all counsel or parties of record

on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |  |
| :--- | :--- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** |  |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* |  |

12