**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

     Defendants.

---

**NOTICE OF TELEPHONIC HEARING**

Pursuant to the Court's Scheduling Order Setting Civil Trial Date (DE 33), Defendants,

Unisource Discovery, LLC and Steven A. Cerasale, hereby file their notice of the telephonic

hearing on **June 23, 2021** at **3:30 p.m.**, before the Honorable Alicia M. Otazo-Reyes regarding

the following discovery matters:

1)     Plaintiff's complete failure to respond to Defendants' Third Set of Interrogatories, which were due on June 11, 2021.

2)     Defendants' request to quash and for Protective Order barring the service of Plaintiff's subpoena to non-party Persechini & Company demanding production of all records relating to Defendants' website.

3)     Defendants' request to quash and for Protective Order barring the service of Plaintiff's subpoena to non-party Network Solutions, LLC demanding production of all records relating to numerous email accounts of non-parties.

4)     Defendants' request to quash and for Protective Order barring the service of Plaintiff's two separate subpoenas to non-party Lutter Consulting, Inc.

5)     Defendants' request to quash and for Protective Order barring the service of Plaintiff's subpoena to non-party American Express demanding production of irrelevant account information from 2008 to 2016.

## <u>BRIEF DESCRIPTION OF DISCOVERY MATTERS</u>

***Discovery Issue #1:*** Once again, Plaintiff has completely failed to respond to discovery requests. And once again, Plaintiff has refused to confer regarding this discovery violation.

Defendants served their Third Set of Interrogatories on May 12, 2021. Plaintiff's response was, therefore, due on June 11, 2021. To date (i.e., as of June 21, 2021), Plaintiff has not responded at all to the Third Set of Interrogatories, has not requested an extension of time, and has refused to confer.

***Discovery Issue #2:*** Plaintiff intends to serve a subpoena on non-party Persechini & Company demanding the production of the following documents:

> ***<u>ANY and ALL records</u>*** in your possession pertaining to Unisource Discovery website, under URL <u>www.unisourcediscovery.com</u>, including but ***<u>not limited to</u>*** all website modifications, updates, upgrades, re-design and the costs/fees charged for these services from 2009 to present. Include each time the website www.unisourcediscovery.com was upgraded, modified, and provide the cost / fees charged for each upgrade/modification. Include all billing with breakdown of payments received from Unisource Discovery, Inc., Unisource Discovery, LLC, The Subpoena Company, Noel Mijares, Steven Cerasale, Alfred Lutter, Lutter Consulting as it related to your work product on <u>www.unisourcediscovery.com</u>.

(Emphasis added). This subpoena demands production of essentially every document in possession of the subpoenaed non-party that in any way relates to Defendants' website. These records are completely irrelevant to Plaintiff's claims. Moreover, this request is identical to the subpoena Plaintiff is attempting to issue in the pending State Court action and to which Defendants objected.

***Discovery Issue #3:*** Plaintiff intends to serve a subpoena on non-party Persechini & Company demanding the production of the following documents:

> ***<u>ANY and ALL records</u>*** in your possession pertaining to Unisource Discovery website, under URL <u>www.unisourcediscovery.com</u>,

> including but ***not limited to*** all website modifications, updates, upgrades, re-design and the costs/fees charged for these services from 2009 to present. Include each time the website www.unisourcediscovery.com was upgraded, modified, and provide the cost / fees charged for each upgrade/modification. Include all billing with breakdown of payments received from Unisource Discovery, Inc., Unisource Discovery, LLC, The Subpoena Company, Noel Mijares, Steven Cerasale, Alfred Lutter, Lutter Consulting as it related to your work product on www.unisourcediscovery.com.

(Emphasis added). This subpoena demands production of essentially every document in possession of the subpoenaed non-party that in any way relates to Defendants' website. These records are completely irrelevant to Plaintiff's claims. Moreover, this request is identical to the subpoena Plaintiff is attempting to issue in the pending State Court action and to which Defendants objected.

*Discovery Issue #3:* Plaintiff intends to serve a subpoena on non-party Persechini & Company demanding the production of the following documents:

> ***ANY and ALL records*** pertaining to the e-mail account(s) specified below under the URL www.unisourcediscovery.com. Including, but ***not limited to*** any and all incoming and outgoing e-mails, deleted e-mails and any information on the back-up servers; account information; profile information; contacts, etc. from January 2015 to present for the below listed e-mail accounts under @UNISOURCEDISCOVERY.COM names: [13 separate email accounts].

(Emphasis added). This subpoena demands production of essentially every document that in any way relates to the thirteen separate email accounts (e.g., every ingoing email, every outgoing email, every copied email, every deleted email, every calendar entry, contact information for every contact person, all profile information including dates of birth, etc.). These records are completely irrelevant to Plaintiff's claims. Moreover, this request is identical to the subpoena Plaintiff is attempting to issue in the pending State Court action and to which Defendants objected.

3

***Discovery Issue #4:*** Plaintiff intends to serve two separate subpoenas on non-party

Lutter Consulting demanding the production of the following documents:

1. Any and ***all records***, including but ***not limited to*** all electronic records, paper records, notes, drafts, text messages, correspondence or any other records of any kind or nature that you have in your possession regarding Defendants Unisource Discovery, Inc. and Noel Mijares from January 1, 2015 to present.

2. Any and ***all records***, documents, notes, drafts, correspondences, agreements, contracts, letters of understanding, of any kind or nature between Lutter Consulting and Equicopy, Inc.

3. Complete billing history from January 1, 2015 to present, that Lutter Consulting billed Equicopy, Inc., including all invoices, payments, credits, transfers and adjustments.

4. Any and all service request tickets, including who requested it, current status and fulfillment date made by Equicopy, Inc. from January 1, 2015 to present.

5. Produce all documents and correspondence between January 1, 2015 to present, relating to requests for upgrade and modifications of the Legal Discovery Case and Records Management Software that Lutter Consulting received from Steven A. Cerasale, and/or Unisource Discovery, LLC and/or Equicopy, Inc.

6. Produce all documents that reflect and/or show the most current Legal Discovery Case and Records Management Software Application Version that is being used by Equicopy, Inc., and Unisource Discovery, LLC, including documents that provides a breakdown list or directory of all current applications in the Version, that are in working order.

7. Produce all reports available under the Legal Discovery Case and Records Management Software, licensed to Equicopy, Inc., that show all orders received from clients, law firms, attorneys located in Florida from January 1, 2015 to present.

8. Produce all reports available under the Legal Discovery Case and Records Management Software, licensed to Unisource Discovery, LLC., that show all orders received from clients, law firms, attorneys located in Florida from January 1, 2015 to present.

AND

1. Any and all records, including but not limited to all electronic records, paper records, notes, drafts, text messages, correspondence or any other records of any kind or nature that you have in your possession regarding Unisource Discovery, Inc. as it relates to the Stock Purchase and License Agreement that was executed on June 28, 2010.

2. Any and all records, including but not limited to all electronic records, paper records, notes, drafts, text messages, correspondence or any other records of any kind or nature that you have in your possession regarding Unisource Discovery, LLC as it relates to the Stock Purchase and License Agreement that was executed on June 28, 2010.

3. Any and all records, including but not limited to all electronic records, paper records, notes, drafts, text messages, correspondence or any other records of any kind or nature that you have in your possession regarding Steven A. Cerasale as it relates to the Stock Purchase and License Agreement that was executed on June 28, 2010.

(Emphasis added). This subpoena demands production of voluminous documentation that have nothing to do with Plaintiff's claim. Moreover, these subpoenas are substantially identical to the subpoena Plaintiff is attempting to issue in the pending State Court action and to which Defendants objected.

Discovery Issue #5: Plaintiff intends to serve a subpoena on non-party American Express demanding the production of the following documents:

ANY and ALL records in your possession pertaining to any open or closed accounts in the name of Unisource Discovery, Inc. opened by Steven A. Cerasale, from year 2008 to 2016, including but not limited to:

Applications for credit
Correspondence
Credit reports
Monthly Statements
Financial Statements
Documents (checks, debit memos, EFT, wire transfers etc.) which reflect payments on the account.

5

This subpoena demands production of documents that appear to be in Plaintiff's possession or control (i.e., it requests account information regarding accounts opened in Plaintiff's name). The subpoena, therefore, seems aimed solely at harassing Defendants and the non-party. In any event, the account information requested in this subpoena is completely irrelevant to Plaintiff's claims. Moreover, this subpoena is substantially identical to the subpoena Plaintiff is attempting to issue in the pending State Court action and to which Defendants objected.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to the Court's Order (DE 33) and Local Rule 7.1(a)(3), the undersigned certifies that counsel for Defendants has attempted on numerous occasions to confer with Plaintiff's counsel by email and telephone in a good faith effort to resolve the issues raised in this filing and has been unable to do so. Below is a summary of Defendants' counsel unsuccessful attempts to confer with Plaintiff's counsel:

1.   The undersigned scheduled a discovery conferral with Plaintiff's counsel on for Monday, June 14, 2021 at 2:00 p.m. When the undersigned called Plaintiff's counsel on June 14, 2021 at 2:00 p.m., Plaintiff's counsel stated that he was feeling ill and requested to reschedule the conference to which the undersigned agreed.

2.   On Tuesday, June 15, 2021 at 1:12 p.m., Plaintiff's counsel sent a text message to Defendants' counsel requesting that the conference be pushed to the following day, Wednesday, June 16, 2021. The undersigned agreed, and the discovery conference was rescheduled to June 16, 2021 at 2:30 p.m.

3.   On June 16, 2021, the undersigned called Plaintiff's counsel, but Plaintiff's counsel stated he was unprepared to discuss discovery because he had left his notes in his office. The undersigned then agreed to again reschedule the

6

conference to the following day, June 17, 2021 at noon. At 7:46 p.m. on June 17, Plaintiff's counsel emailed the undersigned several Word documents that purportedly included Plaintiff's explanation for why certain of Plaintiff's discovery requests were relevant. The "notes" from Plaintiff were primarily self-serving conclusory statements. For example, almost every "note" was either "Defendants need to provide all documents available" or "Defendants need to answer this question and provide documents, if available" without any explanation.

4. On June 17, 2021 at noon, the undersigned call Plaintiff's counsel, but Plaintiff's counsel did not answer. The undersigned then again called Plaintiff's counsel at 12:30 p.m., and Plaintiff's counsel mentioned he was in a client meeting and requested more time to finish his meeting. The undersigned then called again at 1:10 p.m., and Plaintiff's counsel did not answer. At 2:07 p.m., Plaintiff's counsel requested that we reschedule our discovery conferral to 4:00 p.m., to which the undersigned agreed. The undersigned then called Plaintiff's at 4:00 p.m. and then at 4:30 p.m., but Plaintiff's counsel did not answer either call. Finally the undersigned called at 4:45 p.m., and Plaintiff's counsel answered. Plaintiff's counsel then mentioned that he was once again not ready to discuss discovery and would be speaking with his client regarding the conclusory "notes" that Plaintiff's counsel provided to the undersigned the prior evening. He requested that the conferral be rescheduled to the following day, June 18, 2021. The undersigned requested that Plaintiff's counsel provide his availability for the June 18 conferral, but Plaintiff's counsel never provided any available dates.

5. On Saturday, June 19, 2021 at 2:24 p.m., Plaintiff's counsel served his notices of intent to serve subpoenas on several non-parties. At 2:52 p.m. that same day, the undersigned requested Plaintiff's counsel to provide his availability to confer regarding the egregiously overbroad subpoenas and the other discovery issues. At 5:20 p.m. that same day, Plaintiff's counsel responded stating he "will gladly confer[]" but did not provide any availability. The undersigned again requested Plaintiff's counsel to provide his availability for conferral later that day. Plaintiff's counsel responded stating, "Your continued request for conferral is not moving our discovery issues forward" and refused to provide any availability for conferral.

6. On June 21, 2021 at 2:26 p.m., the undersigned called Plaintiff's counsel to attempt to confer again. Plaintiff's counsel did not answer. The undersigned then sent a follow-up email again requesting a conferral. In response, Plaintiff's counsel again refused to coordinate a conferral.

CASE NO. 20-CIV-23276-DPG

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on June 21, 2021, on all counsel or parties of record on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| **SERVICE LIST** | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

9