## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-23276-DPG

UNISOURCE DISCOVERY, INC.

    Plaintiffs,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually

    Defendant.

## CROSS-NOTICE OF HEARING [DE 125]

**YOU ARE HEREBY NOTIFIED** that, the following will be called for discovery hearing on the above cause **June 23, 2021** at **3:30 p.m.** **[DE 125]** before the Honorable Alicia M. Otazo-Reyes, and Plaintiffs request this Cross-Notice of Hearing regarding Defendants continued delays and discovery violations and Objections to Non-Party subpoenas:

### DEFENDANTS' NON-COMPLIANCE WITH DISCOVERY AND OBJECTIONS TO NON-PARTY SUBPOENAS

1.  Plaintiffs served Defendants with First Request for Admissions, First Set of Interrogatories and First Request for Production on March 25, 2021. [DE 83] See Exhibit "A"

2.  Defendants' refuse to comply with discover, by objecting to respond fully to Plaintiffs' First Set of Interrogatories and failure to provide documents.

3.  Defendants' refuse to comply with discovery by objecting to respond fully and not providing a single (1) piece of "actual" requested documents, in Plaintiffs First Request for Production.

4.  Plaintiffs' have conferred with Defendants "numerous times" with regards to discovery disputes, objections and other matters.  At this point in time, it is abundantly clear to Plaintiffs

1

that Defendants have used and continue to use the "conferral" as a tactic to delay responding to Plaintiff's discovery.  Plaintiffs are unable to advance litigation without the requested Discovery.  See Exhibit "B"

5. Plaintiffs' have taken good-will steps in providing a "written reply" to Defendant's objections, to no avail.  Defendants continue to ignore discovery, and have refused to respond to Plaintiffs good will gestures.  To date, Plaintiffs still have not received a response from Defendants regarding the objections to discovery.  See Exhibit "C" and "D"

6. Plaintiffs have drafted Non-Party Subpoenas in this matter, and Defendants' have objected to every single Non-Party Subpoena.  Plaintiffs again, in good-will gesture and to avoid the need of a hearing, provided Defendants with a detailed "written" response to Defendant's blanket objections raised.   Plaintiff has made every good-faith effort to resolve these issues with Defendants, but it is clear that Defendants are using the process to cause delays, and not provide discovery to Plaintiffs.  As of this filing, Defendants have not responded to Plaintiffs written responses to the Non-Party objections.  See Exhibit "E"

## <u>BRIEF DESCRIPTION TO DISCOVERY MATTERS</u>

**Discovery Issues #1:**  Defendants have been actively avoiding discovery since being served with Plaintiffs First Request for Admissions, First Set of Interrogatories and First Request for Production on March 25, 2021. [DE 83], and have objected to Plaintiffs First Set of Interrogatories and First Request for Production of Documents, failing to provide a single (1) piece of "actual" requested production of documents.  Plaintiffs have now conferred multiple times (last week 3 times) and still Defendants have not made any good-will gestures to even address the discovery impasse, continue to object and have refused to answer Plaintiffs "written responses" to Defendant's objections.  To compound matter, none of the conferrals are working, since Defendants have ignored Plaintiffs written responses to objections.  Defendants continue to use "conferral" as a tactic to cause delays in Plaintiff's discovery requests.  To date, and with discovery coming to a close in July, Plaintiffs has not received a single piece of requested production of documents, not one page.

**Discovery Issues #2:**  Plaintiffs have issued Non-Party subpoenas to vendors, requesting

documents that are vital to the prosecution of the case.

1. **Subpoena to American Express:**  Plaintiff is requesting its __own__ records from American Express, from 2008-2016.  These records are not privileged, because they are Plaintiffs Unisource Discovery, Inc. records under their Tax ID.  Plaintiff is seeking records that "belong" to Plaintiff and support this litigation.

2.  **Subpoena to Persechini & Company:**  Plaintiff hired this Web Design company to handle the upgrades and modifications of the co-owned www.unisourcediscovery.com website.  This company was hired by Plaintiff to handle these web upgrades, from 2009 to 2020.  Plaintiff is seeking records that belong to Plaintiff and support this litigation.

3. **Subpoena to Network Solutions:**  Plaintiff is requesting email records from publicly identified sales staff of Defendants, that have been involved directly and indirectly with the poaching of Plaintiffs clients in Florida, in direct violation of the Shareholder Agreement and Stock Purchase and License Agreement.  The request is limited from January 1, 2015, to present, when these activities are believed to have started and continued to this day. In addition, Plaintiff is seeking email records from their own email accounts, from January 1, 2008, to present.   This request is for a Non-Party subpoena, that is also co-owned by Plaintiff Unisource Discovery, Inc.   On or about May 15, 2021, Mr. Steven Cerasale unilaterally cancelled Plaintiff's email account, which is co-owned by Plaintiff, without notice or warning, in a direct act to ***destroy evidence.***

4. **Subpoena to Lutter Consulting**:  Plaintiff co-owns the Records Retrieval Software that is hosted and managed by Lutter Consulting.  Plaintiff is seeking records specific to this case, as it relates to poaching of Florida clients and theft of client orders and revenue.  This request is very specific to activity in Florida only (which Defendants are barred from transacting in business under the Shareholder Agreement) from January 1, 2015, to present.

Plaintiff is seeking this Honorable Courts assistance with directing Defendants to produce, without objection, all pending discovery to date, and to strike Defendant's objections to the Non-Party subpoenas.  Plaintiffs have made every good-faith effort and has shown good-will to work with Defendants, to the point that Plaintiffs have even ***responded in writing to all of Defendants objections***, in good-faith to resolve the impasse, and avoid the court intervention.  Defendants have refused to acknowledge or respond to Plaintiffs written correspondence, and continue to accuse Plaintiffs of non-compliance.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies the counsel for Plaintiffs has attempted to work in good-faith with Defendant's counsel, on numerous occasions, to confer and reach a resolution to the multiple objections raised by Defendants to Plaintiffs First Set of Interrogatories and First Request for Production, including objections to Non-Party subpoenas, which Defendant's counsel quickly responded ***"We object to these egregiously overly broad subpoenas and intend to move to quash and seek protective order"*** .  Plaintiffs have made every good-faith effort to resolve these issues, but Defendants have continued to avoid, delay and dismiss the urgency of Plaintiffs discovery and Non-Party subpoenas, and have acted in bad-faith.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 22nd day of June, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By:*/s/Diego David Valdes*
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
      legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.

**If you are a person with a disability who needs any accommodation in order toparticipate in this proceeding, you are entitled, at no cost to you, to theprovision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1stAve., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**