**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

                Plaintiff,

    v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

                Defendants.

_____

**REPLY TO DEFENDANTS' OPPOSITION [DE 120] TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FLORIDA STATUTE 57.105 (DE 115)**

Plaintiff, Unisource Discovery, Inc., files this Reply to Defendants' Opposition to Plaintiff's Motion for Sanctions Pursuant to Florida Statute § 57.105 against Defendants, Unisource Discovery, LLC and Steven A. Cerasale, hereby timely file their Reply to Opposition to Plaintiff's Motion for Sanctions Pursuant to Florida Statute § 57.105 [DE 120], and states:

Professionally, the Plaintiffs typically aim to respond/reply in a manner that exclusively addresses and analyzes the legal arguments put-forth without appraising the author's honesty, or lack thereof.  However, on a very rare occasion statement(s) and/or argument(s) are made that requires more than reserved clarification or otherwise counter-argument(s) --- it requires consideration of how the argument is deceptive to the reader, if not more. Unfortunately, in Defendants' Opposition there are arguments that are made which require more than mere counter-argument and, as such, the Plaintiff will Reply disclosing Defendants misleading statements.

The crux of Defendants argument in their Opposition is that because the Defendants conveniently argues fraud is the basis of the Count I cancellation of trademark, it bypasses the four years (not five-year as Defendants' argue) statute of limitations when asserting,

1

"Defendants' Counterclaim seeks a declaration cancelling Plaintiff's trademark because Plaintiff "procured its registration via ***fraud***." *See* Proposed Answer and Counterclaim (DE 81-2) at p. 11 ("Trademark Registration No. 3,634,516 (Serial No. 77594059) should be cancelled ***due to Plaintiff's fraud*** on the United States Patent and Trademark Office ....") (emphasis added); *see also id*. at p. 23 ("[Plaintiff] procured its registration via fraud ....")."

Indeed, the Mark had been registered over 12 years –and only after Plaintiff first filed its complaint did Defendants [12 years later] make such a loose and unsupported cancellation of trademark argument based upon a fraud that they allege occurred over a decade ago.

## ARGUMENT

The Defendants seek to cancel Unisource's federal registration on one general ground: invalidity based on false oaths and representations, and fraud on the USPTO.

To succeed on a petition for cancellation, the party must prove "(1) [t]hat it has standing to petition for cancellation because it is likely to be damaged, and (2) that there are valid grounds for discontinuing registration." *Coach House Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1557 (11th Cir. 1991).

If "the mark at issue has been on the federal Principal Register in registrant's name for less than five years, the mark may be cancelled if petitioner can prove that the registration should have been barred in the first instance under Lanham Act § 2." *Id*.  Unisource's trademark has been on the federal Principal Register for *more than* five years.

Defendants make only one factual allegation to support Count I of its Counter-claim. In particular, it alleges that Unisource fraudulently procured its federal trademark registration and application because it made false statements to the USPTO, and Unisource committed and continues to commit such fraud.

Generally, the Plaintiffs' Amended Complaint alleges that the Plaintiff owns the federal registration for the Trademark at issue. The Plaintiff also attaches the certificate of registration to

the complaint.  "A certificate of registration of a trademark issued by the United States Patent and Trademark Office is prima facie evidence of . . . the registrant's ownership of the mark." *TracFone Wireless, Inc. v. SND Cellular, Inc.*, 715 F. Supp. 2d 1246, 1255 (S.D. Fla. 2010) (Graham, J.).

A.     ***Defendants Purposefully Omitted Plaintiff's Laches Defense From their Argument***

Very troubling, and intentionally omitted from Defendants' Opposition, in Plaintiffs' answer to Defendants' Cancellation counter-claim it raised the affirmative defense of "laches". Effectively, Plaintiff argues that the Lanham Act claim is *barred by laches*.

Yet, the Defendants make the following argument that, simply put, is incorrect.  The Defendants argue in their Opposition, to wit,

> "The reason for these rulings is clear. ***Although the Lanham Act does not have a statute of limitations for infringement claims for damages, the Lanham Act <u>does</u> have a statute of limitations for trademark-cancellation claims***. Under Section 1064, claims to "cancel a registration of a mark" must be brought "[w]ithin five years from the date of the registration" ***<u>unless</u>*** the "registration was obtained fraudulently." 15 U.S.C.A. § 1064(1) and (3). When the trademark "registration was obtained fraudulently," the cancellation claim may be brought "[a]t any time." *Id*."

To establish that a claim would be barred by laches, it must be demonstrated that "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986).

The Eleventh Circuit has held that "*because the Lanham Act does not contain a statute of limitations, the period for analogous state law claims is to be used as a touchstone for laches*." *Ambrit, Inc.*, 812 F.2d at 1546. (emphasis added) "The pertinent limitations period for this type of action in Florida is *four years*." *Id*. (emphasis added)

In addition, the Eleventh Circuit has stated that "delay is to be measured from the time at which the plaintiff knows or should know [it] has a provable claim for infringement." *Kason*

3

*Indus., Inc. v. Component Hardware Group, Inc*., 120 F.3d 1199, 1206 (11th 1997).   Nonetheless, the Defendants do not state in their counterclaim when they discovered the Plaintiff was using the Mark – that is because all relevant times period since the name and logo was sold to Plaintiff, and Plaintiffs filed for Trademark Registration, the Defendants knew and literally witnessed Plaintiff "***extensively***" using the trademark without interruption.

Likewise, other than making broad statements, without any particularity, the Defendants do not explain/allege nor provide any factual/details of how that fraud occurred, when it occurred, the fraudulent statements made to the USPTO, the exact manner the fraud occurred (in writing and if so the specific areas of each documents that are fraudulent), who witnessed the fraud, how Noel Mijares benefited from the fraud as co-defendant, how the fraud was discovered almost 12-years later instead of anytime earlier – especially since the parties worked together consistently for those 12-years and were Board of Directors and Shareholders at the same time.   Equally troubling, the Defendants do not reference any evidence obtained from their discovery efforts to support their cancellation counterclaim based upon fraud.

Simply because Defendants assert fraud exists does not make it so.

B.      ***Defendants Interpretation of the Court Order [DE 118] is Misleading***

In their Opposition, the Defendants make the following statement,

"The Court has already ruled: "Plaintiff's sole argument ... is that [the Counterclaim] is futile because the proposed Counterclaim is barred by the applicable statute of limitations. ... However, ***the limitations period invoked by Plaintiff does not apply ... because it is based on Plaintiff's alleged fraud and such claims can be brought 'at any time.'***" Court Order (DE 118) at p. 6 (emphasis added)."

"Because the Court has already ruled (and because the statutory and case law so clearly refute Plaintiff's argument), the Court extended by one week Defendants' deadline to respond to Plaintiff's Motion in order to allow "Plaintiff's potential withdrawal of that Motion." *Id.* at p. 7."

4

First, the "sanctions" Order [DE 118] was drafted by the Defendants who wrongfully placed that cryptic language into the Order. Second, Defendants above representation is incorrect.  Again, the Defendants entirely ignore Plaintiffs' laches affirmative defense – as per 11th Circuit precedent cited herein entirely rails their claim.  And this Court's Order [DE 118] does not make a dispositive ruling that the statute of limitations does not apply.  The sanctions Order [DE 118] *generally* states a statute of limitations period does not apply if based on an alleged fraud --- but the Order does not make that affirmative ruling at all that Defendants' fraud claim passes muster.

Similarly, simply because a fraud claim can be brought at any time, does not mean that it will withstand Plaintiffs' "laches" defense.  Clearly, the Plaintiff could not attack Defendants Count I cancellation of trademark counterclaim at the motion to dismiss stage because this is a factual inquiry that should not be adjudicated at the motion to dismiss stage. "Generally, the existence of an affirmative defense will not support a motion to dismiss." *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir. 1984).

C. ***Defendants' do Not Cite 11th Circuit Precedent To Support its Cancellation Arguments***

Notably, a close review of the case-law the Defendants "shopped" to support its cancellation of trademark counterclaim that is based upon fraud shows that none of the cases are from the 11th Circuit.

First, the Defendants cite very few cases, and of those cases, most are in-relation to FLA. STAT. 57.105 and not supportive of their cancellation of trademark.

Second, the mere three (3) (or so) cases the Defendants cite to support their incorrect cancelation of trademark/statute of limitations arguments, none are from the 11th Circuit but the 3rd, DNJ, and ND ALA.

Clearly, the Defendants difficulty finding supportive law can be found in their lack of 11th Circuit case citations. That speaks for itself…

.

## CONCLUSION

Throughout their opposition, the Defendants make a tremendous effort to go into detail of how the procedural issues related to the FLA. STAT. § 57.105 should, or should not, be applied to this case.  However, Plaintiffs FLA. STAT. §57.105 is solely related to Defendant's inability to bring a cancellation of trademark claim based upon an alleged fraud to the USPTO because "laches" and the statute of limitations quite clearly bars their effort - especially, when the Defendants stood-by the plaintiffs for 12-years while it was using the trademark after it was duly registered with Defendants full knowledge at all relevant times. All in all, the Defendants have not pled even with a minimal showing of particularity for a reason.

There is no case law or precedent the Defendants have cited to support their Opposition and, consequently, prevent plaintiff's motion for sanctions.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler,

White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale,

on this 22nd day of June, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way,
Suite 403B Miami,
FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By:*/s/Diego David Valdes*
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
          legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.

7