**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE  DISCOVERY,  LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

      Defendants.

_____

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' STATEMENT OF
REASONABLE ATTORNEY'S FEE PURSUANT TO COURT ORDER (DE 118)**

Plaintiff, Unisource Discovery, Inc., Responds and Objects to Defendants, Unisource Discovery,

LLC and Steven A. Cerasale, Statement of Reasonable Fees (DE 119) and states,

I.    ***Summary Background***

Unisource Discovery, Inc. initiated this trademark action in August 6, 2020 [DE 1], alleging that

Unisource Discovery, LLC infringed upon its trademark and Steven Carasele breached his fiduciary

duty, breached shareholder/corporate agreements, committed an act of fraud *et al.*

By way of motion, Defendant Unisource Discovery, LLC now seeks an award of attorney's fees

and cost in connection with the granting of discovery sanctions [DE 118], arguing that it incurred

reasonable attorney fees.

**II.**  ***Attorneys' Fees***

Florida follows the common law rule that "each party is responsible for its own attorneys' fees

unless a contract or statute provides otherwise." *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004)

(quotation marks and citation omitted). A party seeking to recover attorneys' fees under Florida law

bears the burden of establishing a contractual or statutory right to such an award. *Army Aviation Heritage*

*Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007) (citing *Salisbury v. Spielvogel*, 451 So. 2d 974, 975 (Fla. Dist. Ct. App. 1984)).

Courts in Florida use the "lodestar method" in calculating what is a reasonable fee amount. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985)). As its name suggests, the lodestar "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *Rowe*, 472 So. 2d at 1151). "The lodestar amount may then be adjusted to reach a more appropriate fee amount." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2016 WL 3944033, at *3 (S.D. Fla. Jan 15, 2016) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988); *Rowe*, 472 So. 2d at 1151).

In determining the lodestar figure, the courts consider the following factors:

(1)    The time and labor required, the novelty and difficulty of the question(s) involved, and the skill requisite to properly perform the legal service(s).

(2)    The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3)    The fee customarily charged in the locality for similar legal services.

(4)    The amount involved, and the results obtained.

(5)    The time limitations imposed by the client or by the circumstances.

(6)    The nature and length of the professional relationship with the client.

(7)    The experience, reputation, and ability of the lawyer(s) performing the services.

(8)    Whether the fee is fixed or contingent.

*Rowe*, 472 So. 2d at 1150; *see also* Rule 4-1.5(b), Florida Rules of Professional Conduct; *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010) (citing Rule 4-1.5; *Standard Guar. Ins.*

2

*Co. v. Quanstrom*, 555 So. 2d 828, 830 n.3 (Fla. 1990)). The object of the lodestar analysis is for the court to determine "'what a reasonable, paying client would be willing to pay.'" *MWH Constructors*, 2018 WL 6807401, at \*2 (quoting A*rbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively")).

The fee applicant bears the burden of proving the reasonableness of both the hourly rates sought and the amount of time expended. *Rowe*, 472 So. 2d at 1151; *Norman*, 836 F.2d at 1303. To satisfy the latter requirement, "the attorney fee applicant should present records detailing the amount of work performed" and should "claim only those hours that he [or she] could properly bill to his [or her] client." *Rowe,* 472 So. 2d at 1150.

As the Supreme Court has made clear, however, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). In making this calculation, the court is not tethered to the parties' submissions. Instead, as the court "'is itself an expert on the question [of attorneys' fees, it] may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quotation and citations omitted).

In this case, the Defendants submits the declaration of one of its lawyers, Victor Velarde, Esq., along with billing records from Fowler White Burnett PA ("FWB") titled Statement of Reasonable Attorney's Fees [DE 119]. Defendants are seeking attorneys' fees for 59.98 hours of work incurred

3

obtaining sanction.  Victor M. Velarde, Esq  asserts that he generated 45.30 hours of work whereas a second attorney, Lauren N. Alvarez, Esq., claims she generated 14.68 hours of work.

Plaintiff objects to FWB election to use no paralegals/assistants used by Defendants' attorneys and as discussed [and identified] more fully below Defendants' legal counsels conducted the type of work commonly designated to paralegals/assistants – obsessively with the clear goal of charging Plaintiff elevated legal fees that has "buffed" the value their entries.

The requested hourly rates, hours expended, and attorney fees Defendants seek are summarized in the matrix found their Statement of Reasonable Attorney's Fees [DE 119]. As detailed below, based upon review of the billing records, the Plaintiff finds that the attorneys' fee sought by Defendants are largely unreasonable.

A.  *Reasonableness of Hours Expended*

As noted above, the lodestar process first requires a determination of the number of hours reasonably expended on the litigation. *Rowe*, 472 So. 2d at 1150. "'Reasonably expended' means the time that ordinarily would be spent by lawyers in the community to resolve this particular type of dispute." *Thermoset*, 2016 WL 3944033, at \*5 (quoting *Centex-Rooney Constr. Co. v. Martin Co.*, 725 So. 2d 1255, 1258 (Fla. Dist. Ct. App. 1999)). The courts have the discretion in this regard to reduce the number of hours claimed to account for services that were excessive, unnecessary, or inadequately documented. *Rowe*, 472 So. 2d at 1150*; Norman*, 836 F.2d at 1301.

According to FWB's Statement of Reasonable Attorney's Fees [DE 119], the services performed in this case included: (i) administratively preparing the several court notices and reviewing local rules; (ii) performing legal research and drafting motions; (ii) preparing for hearing and coordinating hearings; (iii) compiling and submitting various documents require a better detailed summary  (iv) preparing motions to seek sanctions; (v) conducting telephone conferences with the Plaintiff and vice versa and chambers; (vi) attending a hearing via zoom and (vii) reviewing Court orders.

Beginning with the time expended by the two (2) FWB attorneys involved with this case, it was noted as an initial matter that FWB has exercised billing judgment by eliminating paralegals/assistants and charging Plaintiff attorney rates for legal tasks typically designated for paralegals. Therefore, the time spent on this case by FWB's lawyers is not reasonable.

The following is in response to Defendants' assertion on page 2 of the Statement of Reasonable Attorney's Fees [DE 119], to wit:

1.    "1.50 hours in connection with the Notice of Hearing (DE 35) and hearing (DE 37)";

Response:  DE 35 was 3 pages.  DE 37 "Hearing" was **4 minutes.**

2.    "6.40 hours in connection with the Notice of Hearing (DE 41) and hearing (DE 45)"

Response: DE 41 was 3 pages.  DE 45 "Hearing" was **17 minutes.**

3.    "6.90 hours in connection with the Notice of Hearing (DE 50) and hearing (DE 53)";

Response: DE 50 was 5 pages.  DE 53 "Hearing" was **30 minutes.**

4.    "9.31 hours in connection with the Notice of Hearing (DE 66) and hearing (DE 71)"

Response: DE 66 was 3 pages.  DE 71 "Hearing" was **18 minutes**.

5.    "3.70 hours in connection with the Notice of Hearing (DE 103) and hearing(DE 105)";

Response: DE 103 was 6 pages.  DE 105 "Hearing" was **25 minutes**.

6.    "13.50 hours in connection with the hearing (DE 112); and"

Response: **This entry is not in connection with sanctions**.  DE 112 was based on DE 11, which was based on DE 107, 108 and 109.

7.    "8.67 hours in connection with the June 10, 2021 hearing wherein the Court awarded Defendants their reasonable attorney's fees and costs in connection with Docket Entries 35, 37, 41, 45, 50, 53, 66, 71, 103, 105, and 112."

Response:  The June 10, 2021 mixed Hearing (DE 42 Sanctions) and (DE Dismissal of Complaint) so this is **incorrect fee**.

Consequently, the Plaintiff submits that the above entries must altogether be reduced from 49.98 gross hours to 15.96 hours or otherwise to be addressed/resolved by this Court.  However, given that

Mr. Victor Velarde requested rate of $300.00, this rate should also be adjusted to reflect the hourly rate of the paralegal, which Defendants failed to utilize.

According to the Statement of Reasonable Attorney's Fees [DE 119] and record activity, attorney Victor Velarde —who appears to be FWB's lead associate on the case—attended all the hearings on these matters. And FWP offers no explanation why it was necessary for Ms. Alverez—who does appear to have otherwise worked on this action—to claim she was present at the hearing; however, Plaintiff does not recall Ms. Alverez stating her presence at hearing on the record.

Also, Ms. Alverez' entries are very "general" and some even unclear -- akin to the entry "*Review court discovery procedure for submission of exhibits for hearing to overrule objections and compel production*" that was entered on May 12, 2021. Plaintiff does not know why "discovery" procedures need to be researched, the exhibits she is referencing, and for what hearing.  This is simply one example.

Turning to the time expended customarily by paralegals, the general rule is that "[f]ees for paralegal work are recoverable 'to the extent that the paralegal performs work traditionally done by an attorney.'" *Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 936 (11th Cir. 2013) (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)). "By contrast, work that is clerical or secretarial in nature is not separately recoverable." *MWH Constructors*, 2018 WL 6807401, at *4 (quoting *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (internal quotations marks omitted)).

Here, it is not surprising that because paralegal's entries amount to clerical or secretarial work and are sometimes non-compensable there is not a single paralegal entry because of the representation that no paralegal conducted any work at any time . *Strickland v. Air Rescue Air Conditioning, Inc.*, 2016 WL 11581971, at 4 (M.D. Fla. Aug. 25, 2016) (finding certain paralegal work nonrecoverable because it was "clerical or secretarial" in nature, "including contacting court reporters, calendaring deadlines, gathering and copying

documents, preparing binders and exhibits, and filing and mailing documents") (citations omitted), *report and recommendation adopted*, 2016 WL 11581970 (M.D. Fla. Sep. 12, 2016).

As mentioned above, the following identifies work typically performed by paralegal/assistants that was conducted the record attorneys at an elevated attorneys' rate:

| Timekeeper | Date | Hours | Docket Entries | Work Description |
|---|---|---|---|---|
| Victor Velarde | 12/9/2020 | 0.4 | 35, 37 | Draft notice of hearing; telephone conference with chambers of Magistrate Judge. |
| Victor Velarde | 1/12/2021 | 0.6 | 41, 45 | Draft notice of hearing and description of dispute. |
| Victor Velarde | 1/19/2021 | 0.2 | 41, 45 | Draft email to opposing counsel regarding service email and metadata thereof. |
| Victor Velarde | 1/25/2021 | 0.6 | 50, 53 | Draft notice of hearing on Plaintiff's failure to comply with the Court's Order. |
| Victor Velarde | 1/25/2021 | 0.2 | 50, 53 | Telephone conference with Clerk of Magistrate Judge regarding non-compliance with Court Order. |
| Victor Velarde | 1/27/2021 | 0.1 | 50, 53 | Follow up telephone conference with chambers of Judge Otazo-Reyes. |
| Victor Velarde | 1/28/2021 | 0.6 | 50, 53 | Revise notice of hearing based upon production of documents. |
| Victor Velarde | 2/1/2021 | 0.3 | 50, 53 | Review notice of compliance filed by Plaintiff; email communication to Plaintiff's counsel regarding false or misleading representation in notice of compliance. |
| Lauren Alvarez | 2/24/2021 | 0.4 | 66, 71 | review/analyze plaintiff's Motion for Extension of Time and prepare strategy on response and potential motion to strike and for sanctions. |

| Timekeeper | Date | Hours | Docket Entries | Work Description |
|---|---|---|---|---|
| | | | | follow-up conferral with opposing counsel regarding: striking Plaintiff's Motion for Extension of Time due to misrepresentation in the conferral; scheduling our hearing on motion to compel responses to second request to production; and Plaintiff's position regarding our motion for leave to file amended answer and |

| Lauren Alvarez | 2/24/2021 | 1.61 | 66, 71 | counterclaim. |
|---|---|---|---|---|
| Lauren Alvarez | 2/24/2021 | 0.2 | 66, 71 | conferral with chambers regarding scheduling our Motion to Compel Responses to our Second Request for Production of Documents. |
| Lauren Alvarez | 2/25/2021 | 0.2 | 66, 71 | conference with chambers regarding proposed dates for Motion to Compel Responses to our Second Request for Production of Documents. |
| Victor Velarde | 3/1/2021 | 0.2 | 66, 71 | Draft notice of hearing. |
| Lauren Alvarez | 5/12/2021 | 0.4 | 103, 105 | Review court discovery procedure for submission of exhibits for hearing to overrule objections and compel production. |
| Lauren Alvarez | 5/12/2021 | 0.6 | 103,105 | Draft cross-notice of hearing for failure to respond or produce any documents responsive to second request for production of documents and to overrule objections and compel production of documents responsive to second request for admissions, second set of interrogatories, and third request for production. |

Consequently, the Plaintiff asserts that foregoing entries equal   6.91 hours.   The total is $1,382.00. at  the rate allocated for each attorney.

A review of the case law reveals that the median hourly rate for paralegals in Florida is $125. *HealthPlan Servs., Inc. v. Dixit*, 2019 WL 7041837, at 4 (M.D. Fla. Dec. 20, 2019) (noting that a recent "Florida Bar survey found $125 is the median hourly rate for paralegals") (citing Florida Bar's 2018 Economics and Law Office Management Survey published in March 2019[1]); *see also Johnson v. Borders*, 2019 WL 8105907, at 6 (M.D. Fla. June 19, 2019), *report and recommendation adopted as modified sub nom. Johnston v. Borders*, 2019 WL 8105896 (M.D. Fla. July 30, 2019) (reducing two paralegals' hourly rates to $135 and $110, respectively); *Pena v. RDI, LLC*, 2019 WL 3017574, at *1 (M.D. Fla. July 10, 2019) (finding hourly rate of $105 for paralegal work in Fair Labor Standards Act case to be reasonable); *Wentz v. Project Veritas*, 2019 WL 3084928, at 2 (M.D. Fla. May 31, 2019),

*report and recommendation adopted*, 2019 WL 3083154 (M.D. Fla. July 15, 2019) (reducing paralegal hourly rate to $95 from the requested rate of $190), *appeal dismissed*, 2019 WL 5250681 (11th Cir. Aug. 21, 2019). While there are instances in which courts have found hourly rates of $150 or more for paralegals to be reasonable, those cases generally involved complex litigation or very experienced paralegals. *See, e.g., Suncoast Waterkeeper v. City of St. Petersburg*, 2020 WL 1512486, at 6 (M.D. Fla. Mar. 30, 2020) (finding paralegal rate of $150 per hour reasonable in complex civil litigation); *Fucillo v. Century Enters., Inc.*, 2020 WL 1431714, at 6 (M.D. Fla. Jan. 15, 2020), *report and recommendation adopted sub nom. Fuccillo v. Silver*, 2020 WL 897989 (M.D. Fla. Feb. 25, 2020) (reducing paralegal hourly rate to $175 in Lanham Act case); *Rabco Corp. v. Steele Plaza, LLC*, 2019 WL 5188601, at *9 (M.D. Fla. July 29, 2019), *report and recommendation adopted,* 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019) (awarding $150 hourly rate to paralegal in light of her twenty years of experience and lack of opposition to such rate).

In this case, the Plaintiff argues that an hourly rate of $125.00 is reasonable and should be applied to the above disputed entered. As noted, this rate is consistent with the median rate found in the Florida Bar's most recent economic survey.  As such, these entries should be reduced to a reasonable paralegal rate or otherwise removed to $125.00 hour x 6.91 hours = $863.75.

B.      *Reasonableness of Hourly Rates*

As noted above, "[t]he second part of the lodestar equation requires the court to determine a reasonable hourly rate for the services of the prevailing party's counsel." *Pawloski*, 2014 WL 3887513, at 2; *see also Rowe*, 472 So. 2d at 1150-51 (discussing factors relevant to the hourly rate evaluation).

Plaintiff has trouble making a careful evaluation of the relevant factors here, the Defendants assert that the requested hourly rates for the attorneys set-forth are reasonable and appropriate. In

arriving at this conclusion, Plaintiff has given due attention to the Statement of Reasonable Attorney's Fees [DE 119] that is offers the reader very little information related to each attorneys' qualifications and experience to justify the rates they are charging as reasonable.

In addition, and problematic, when there are more than one legal task completed on the Statement of Reasonable Attorney's Fees [DE 119] they have lumped many legal tasks into one gross time/hour (hour or increment) entry with a gross rate -- thereby making that entry impossible to partition [each lumped entry] and understand how much time was expended on each partitioned legal task. Therefore, it is impossible to separate each task and challenge individually. Defendants has provided Plaintiff with the following "lumped" entries:

| Timekeeper | Date | Hours | Docket Entries | Work Description |
|---|---|---|---|---|
| Victor Velarde | 1/11/2021 | 0.4 | 41, 45 | Email communications and telephone call to opposing counsel regarding failure to<br><br>comply with Court Order. |
| Victor Velarde | 1/21/2021 | 0.3 | 50, 53 | Telephone conference and email communications with opposing counsel. |
| Victor Velarde | 1/22/2021 | 1.9 | 50, 53 | Review responses to first set of discovery requests; prepare case analysis regarding same; review applicable case law regarding possibility of challenging<br><br>trademark on the basis of fraud in the application. |
| Victor Velarde | 1/26/2021 | 0.4 | 50, 53 | Telephone conferences with chambers of Judge Otazo-Reyes; email communications and telephone call to opposing counsel regarding same. |
| Victor Velarde | 2/1/2021 | 0.3 | 50, 53 | Review notice of compliance filed by Plaintiff; email communication to Plaintiff's<br><br>counsel regarding false or misleading representation in notice of compliance. |
| Victor Velarde | 2/4/2021 | 0.4 | 66, 71 | Review response to first request for admission; prepare case analysis regarding<br><br>possible counterclaim and defense to challenge validity of trademark. |

| Timekeeper | Date | Hours | Docket Entries | Work Description |
|---|---|---|---|---|

10

| Timekeeper | Date | Hours | Docket Entries | Work Description |
|---|---|---|---|---|
| Lauren Alvarez | 2/24/2021 | 1.61 | 66, 71 | follow-up conferral with opposing counsel regarding striking Plaintiff's Motion for Extension of Time due to misrepresentation in the conferral; scheduling our hearing on motion to compel responses to second request to production; and Plaintiff's position regarding our motion for leave to file amended answer and<br><br>counterclaim. |
| Lauren Alvarez | 2/24/2021 | 0.4 | 66, 71 | draft email to opposing counsel memorializing our conversation regarding our hearing on motion to compel second request to production of documents, motion for leave to file amended answer and counterclaim, and Plaintiff's motion for<br><br>extension of time to reply to our response on sanctions |
| Lauren Alvarez | 2/24/2021 | 0.4 | 66, 71 | conferral with opposing counsel regarding availability for hearing on our motion to compel responses second request to production of documents, motion for leave to file amended answer and counterclaim, and Plaintiff's motion for extension of<br><br>time to reply to our response on sanctions. |
| Lauren Alvarez | 2/24/2021 | 0.2 | 66, 71 | conferral with chambers regarding scheduling our Motion to Compel Responses<br><br>to our Second Request for Production of Documents. |
| Lauren Alvarez | 2/25/2021 | 0.2 | 66, 71 | conference with chambers regarding proposed dates for Motion to Compel<br><br>Responses to our Second Request for Production of Documents. |
| Victor Velarde | 3/23/2021 | 0.8 | 103, 105 | Email communications with opposing counsel regarding hearing on motion for preliminary injunction, settlement, and motion to re-notice hearing as non-<br><br>evidentiary. |
| Lauren Alvarez | 5/12/2021 | 0.6 | 103, 105 | Draft cross-notice of hearing for failure to respond or produce any documents responsive to second request for production of documents and to overrule objections and compel production of documents responsive to second request for<br><br>admissions, second set of interrogatories, and third request for production. |

| Timekeeper | Date | Hours | Docket Entries | Work Description |
|---|---|---|---|---|
| Lauren Alvarez | 5/13/2021 | 0.4 | 103, 105 | Draft email to judge submitting notice and supporting exhibits in preparation for<br><br>hearing regarding discovery disputes. |
| Lauren Alvarez | 5/13/2021 | 0.3 | 103, 105 | Revise/draft description of discovery disputes in notice of hearing. |
| Lauren Alvarez | 5/13/2021 | 0.8 | 103, 105 | Review/analyze Responses to our second set of interrogatories, second request for admissions, and third request for production of documents in preparation to<br><br>draft/revise notice of hearing. |
| Victor Velarde | 5/19/2021 | 1.6 | 112 | Review Plaintiff's responses to Second Request for Production; Second Set of Interrogatories; Second Request for Admission; and Third Request for Production<br><br>of Documents. |

11

| | | | | |
|---|---|---|---|---|
| Lauren Alvarez | 5/20/2021 | 1 | 112 | Review/analyze responses to second set of interrogatories, second request for production of documents, third request for production of documents, and second<br><br>request for admission and correspondence regarding the same. |
| Lauren Alvarez | 6/8/2021 | 0.26 | June 10, 2021 Hearing | Review memorandum regarding case law supporting dismissal as sanction for repeated failures to comply with court orders regarding discovery in preparation to<br><br>submit to judge in anticipation of upcoming hearing on motion for sanctions. |
| Lauren Alvarez | 6/8/2021 | 0.2 | June 10, 2021 Hearing | Review motion for sanctions including dismissal of complaint based upon plaintiff's fraud upon the court and bad faith in preparation to compile supporting<br><br>case law to submit to judge in anticipation of hearing. |
| Lauren Alvarez | 6/9/2021 | 1.16 | June 10, 2021 Hearing | Research case law cited in plaintiff's response in opposition to motion for<br><br>sanctions regarding the court's inherent authority in preparation for hearing. |
| Lauren Alvarez | 6/9/2021 | 1.73 | June 10, 2021 Hearing | Review/analyze/annotate case law cited in plaintiff's memorandum in opposition<br><br>to motion for sanctions in preparation for hearing. |

Plaintiff has provided a good description of Lauren N. Alvarez, Esq., her experience, graduating law school in year 2020 and was admitted to practice law in Florida on March 20, 2021.

However, there is also little to no description of Victor M. Velarde's legal experience. Here, Mr. Velarde seeks $300.00 an hour for his time spent on advancing Defendants' sanction campaign. Victor M. Velarde's appears to have no experience in trademark law. Mr. Velarde's law firm profile also does not indicate he any experience in trademark law. *See* Exhibit "A" Further, Mr. Velarde's has not provided retainer agreements between his firm and the client.

**III. *Conclusion***

Neither attorney represents they have experience in trademark law, provided comparable cases in the relevant legal community, the retainer agreement(s), and/or provided a scintilla of information related to their experience to assist Plaintiff in making a reasonable evaluation.

However, given the fact that Lauren N. Alvarez, Esq. is rather new to the legal community, Plaintiff asserts that all of Ms. Alverez' entries should be adjusted to a reasonable paralegal rate of $125.00 per hour from the requested $200.00 per hour.

The hourly rate for Victor M. Velarde should be adjusted from $300.00 to $250.00 based upon the information he provided and the fact that this rate is consistent with those charged for similar work in this geographic area with no real experience in trademark law.

Taking into account the above downward adjustments, the reasonable hourly rates multiplied by the number of hours reasonably spent on this case results in the following lodestar amount (by individual and in total):

| Attorney/Paralegal | Hourly Rate | Hours Expended | Fees |
|---|---|---|---|
| Victor M. Velarde | $250 | 11.45 | $2,863.00 |
| Lauren N. Alvarez | $125 | 4.46 | $558.00 |
| Paralegal | $0 | 0 | $00 |
| TOTAL | | 15.91 | $3,421.00 |

In sum, the Defendants' Statement Of Reasonable Attorneys Fees [DE 119] offers the Plaintiff little to no useful information related to each attorneys relevant experience, comparable trademark law cases in the local community, and any other information to assist Plaintiff in making a determination of reasonableness.

Nonetheless, the Plaintiff has made every effort to evaluate Defendants' filings and entries under these very limiting circumstances. The Plaintiff submits to this Honorable Court that the relevant law supports, the facts support, and under the applicable factors, an adjustment from $16,526.00 to $3,421.00 to arrive at "reasonableness".

**WHEREFORE**, In light of the above, the Defendants request and recommend The Court award Unisource Discovery, LCC attorneys' fees in the amount of $3,421.00 from $16,526.00.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 1st day of July, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
         ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.

14