**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

                 Plaintiff,

   v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

                 Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY INC. MOTION FOR SUMMARY JUDGMENT
AGAINST COUNT I (CANCELLATION OF TRADEMARK)OF DEFENDANTS'
COUNTERCLAIM [DE 81]**

Plaintiff, Unisource Discovery, Inc. by and through undersigned counsel and pursuant to Rule

56 of the Federal Rules of Civil Procedure, hereby move for summary judgment on Count I

(cancelation of trademark) of Defendants' Counterclaim [DE 81].

**I.  Preliminary Statement**

It is always unsettling when a litigant elects to leverage a fraud claim (here, Defendants'

cancellation of trademark claim [Count I] is actually a fraud claim under applicable law) solely as a

strategy to dodge the applicable statute of limitations. That is precisely the Defendants motivation

with their cancellation/fraud claim in Count I of their counterclaim.[1]

In spite of this, when a Defendant advances a fraud claim s/he/it still must "prove" fraud, and

here, the Defendants woefully failed to do so. The Defendants failed to allege any supportive facts

with any amount of minimal particularity and essentially left the Plaintiff speculating in many respects

– as raised more fully below.

Similarly, the Defendants have absolutely failed to plead the applicable elements of cancelation of

_____

[1] For clarification: Defendant Steven Carasele sold and transferred the "name" and "logo" in-connection with Unisource
Discovery to Plaintiff – not a trademark. There are no trademark in existence at that time and a trademark did not exist
until Plaintiff owned the name and logo.

1

trademark to the extent it is plainly deficient. Another highly troubling aspect of Defendants' cancelation of trademark counterclaim is that Defendants ostensibly attempt to misinform the Court as to "when" the statute of limitations begins to toll under applicable law, the proper time period for the statute of limitations, and Defendants appear to deliberately overlook numerous 11th Circuit cases/laws that not only do not support their counterclaim but supports dismissal.

It is for these reasons, as more fully discussed below, the Defendants' Counterclaim is more vexes and harassing then legitimate. Plaintiff's position becomes especially clear in this Motion and Plaintiff addresses each of Defendants material and significant deficiencies.

## II.      Relevant Facts

Twelve (12) years after the Plaintiff registered the Trademark with the United State Patent and Trademark Office --- and 15 years after the Defendant sold and transferred the name and logo of the Trademark to Plaintiff contractually – the Defendants claim Plaintiff committed fraud in its registration that merits cancelation.

Again, Defendants cancellation claim is occurring twelve (12) years after Defendants knowingly understood and agreed that Plaintiff registered the trademark.

Defendant Mr. Cerasale actively held a board position on Plaintiff Unisource Florida during all relevant time periods.  Yet, for 15-years Mr. Carasele did not seek to cancel the trademark nor attempt to prevent its use; likewise Mr. Carasele did not resign from the board until Plaintiff filed the instant complaint.  In fact, the executed Closed Corporation Shareholder Agreement [DE 1] contractually sold and transferred ownership of the name and logo to Plaintiff under Section 1.3 Trademark – as discussed below.

The parties have been actively engaging in a voluminous amount of discovery.  To this extent, there has been no evidence and/or facts that have surfaced during discovery to support Defendants fraud/cancelation of trademark counterclaim. In actuality, discovery has conversely provided proof of Plaintiff's ownership since year 2006 and Registered Trademark since year 2009.

The considerable discovery that has been completed is as follows:

DISCOVERY & DATES from (DEFENDANTS)

1. November 4, 2020

   a. 1st Set of Interrogatories
   b. 1st Request for Production

2. January 19, 2021

   a. 2nd Request for Production
   b. 1st Request for Admissions

3. April 26, 2021

   a. 2nd Request for Admissions
   b. 2nd Set of Interrogatories
   c. 3rd Request for Production

4. May 17, 2021

   a. 3rd Request for Interrogatories

5. June 2021

a. 3rd Request for Admissions
b. 3rd Set of Interrogatories
c. 4th Request for Production
d. 4th Set of Interrogatories


DISCOVERY & DATES from (PLAINTIFF)[2]

1. March 25, 2021

a. 1st Set of Interrogatories
b. 1st Request for Admissions
c. 1st Request for Production

Consequently,, UNISOURCE is the titleholder of the following United States Federal

Trademark:

---

[2] Sometime in June Plaintiff submitted additional Discovery, and Defendants object to all questions since they exceeded 25 questions.



Registration No. 3,634,516 and Serial No. 77594059, which registered on June 9, 2009 in International Class 045 and is used in connection with legal research.

At no time prior to Plaintiff advancing its instant Complaint [DE 1] did Defendants dispute – formally or informally -- Plaintiff's trademark registration issued by the USPTO. After Plaintiff openly registered the trademark in year 2009, the Defendant never pursued a cancellation of registration with the Trademark Trial & Appeal Board (TTAB) by filing an opposition or similar. It is only after 12-years of Plaintiff's open, notorious, and continuous use of the Mark are Defendants now attempting to cancel that registration as a counterclaim that is nothing more than a clear litigation tactic.  The Defendants never registered the Mark.

The Trademark is contractually owned by Plaintiff.  Pursuant to Section 1.3 of the executed Close Corporation Shareholder Agreement entered into as of June 28, 2010, the parties agreed,

> "Trademark. UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL is a registered US trademark of the Company. Without limiting the foregoing, the parties agree that the Company shall be entitled to use the trademark "Unisource Discovery", as part of its corporate name, Unisource Discovery, Inc., or as a fictitious business name, or otherwise."

In actual fact, after the Defendants transferred ownership of the name and logo to Plaintiff fifteen (15) years ago and after Plaintiff filed for Trademark protection and received Trademark Registration twelve (12) year ago, the Plaintiff allowed Defendants to conditionally use the Mark until Plaintiff otherwise notices to cease all future use.

On February 21, 2020, the Plaintiff notified the Defendants that the Right to Use of Trademark had been revoked and provided proper notice via Email and U.S. Certified Mail to both parties [DE 1]. The notice provided the Defendants with the option to stop all further use of the Trademark and requested that if Defendants wanted to continue to use the Trademark, it would be required to enter into a Licensing Agreement with Plaintiff.   Failure to act would result in a Cease-and-Desist Letter.

On May 12, 2020, Plaintiff's legal counsel served a Cease-and-Desist letter to Defendants via Email and U.S. Certified Mail of their continued Infringement of Trademark Rights of UNISOURCE. [DE 1].

The Defendants ignored all of Plaintiff's formal demands.

### III. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when the pleadings and supporting materials show that, drawing all inferences in favor of 8 the nonmovant, there is no genuine issue as to any material fact and summary judgment is proper as a matter of law. Fed. R. Civ. P. 56(c). The court must determine the relevant set of facts and draw all inferences in favor of the opposing party "to the extent supportable by the record." *Scott v. Harris*, 550 U.S. 372, 381 n. 8 (2007).

The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. *Id.* at 380 (quoting Fed. R. Civ. P. 56(c)). A genuine dispute requires more than "some metaphysical doubt as to the material facts." *Id.* at 380 (citation and internal quotation marks omitted). In other words, a "mere scintilla" of evidence is insufficient; the non-moving party must produce "substantial evidence" in order to defeat a motion for summary judgment. *Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004). Furthermore, summary judgment is appropriate even if "some alleged factual dispute" between the parties remains, so long as there is "no genuine issue of material fact." *Scott,* 550 U.S. at 380 (internal quotes and citation omitted).

The party that is "seeking summary judgment must demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale,* 232 F.3d 836, 840 (11th Cir. 2000) (citations omitted). Once the moving party satisfies this burden, the burden shifts to the party opposing the motion to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v.*

5

*Catrett*, 477 U.S. 317, 324 (1986). The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986); *Bishop v. Birmingham Police Dep't,* 361 F.3d 607, 609 (11th Cir. 2004).

In determining whether to grant summary judgment, the court must remember that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [fact-finding] functions, not those of a judge." *Anderson,* 477 U.S. at 255. However, where no reasonable [fact-finder] could find in the non-moving party's favor, summary judgment is appropriate. *Stewart v. Happy Herman's Cheshire Bridge, Inc*., 117 F.3d 1278, 1287 (11th Cir. 1997).

### IV. Discussion

#### 1. Trademark cancellation

In Count I the Defendant seeks a declaration that Plaintiff's trademark is invalid and seeks cancellation of the marks under 15 U.S.C. § 1119 and Florida law because fraud was committed in the registration in year 2009. Plaintiff argues that fraud was not adequately pled, the cancelation claim is barred by the applicable statute of limitations, and during the course of significant litigation and discovery there has been no evidence that surfaced to prove any such fraud occurred – that is, if the Court looks beyond Defendant wholesale failure to satisfy Rule 9. As a matter of law, Plaintiff is confident that this Honorable Court will agree with Plaintiff and grant summary as judgment to narrow the issues in the litigation.

#### a. Fraud is not sufficiently alleged

Defendants allege that Plaintiff's Mark should be cancelled due to fraud in the registration process.

Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Further, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal quotation marks omitted). Nevertheless, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading. *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

This Rule is satisfied if the complaint sets forth:

(1) the exact statements or omissions made;

(2) the time and place of each such statement and who made the statement or omission;

(3) the substance of the statement and how it misled the plaintiff and

(4) the defendants' gain due to the alleged fraud.

*See id.* (quoting *Brooks*, 116 F.3d at 1371).

Here, Defendants only allege that "Unisource Florida falsely claimed it was the "owner" of the Mark and "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource California was the owner of the Mark, had been using the Mark since 2001, and had every right to continue using the Mark." [DE 81-2 ¶30(c)]

However, this falls far short of alleging fraud with particularity, and it is unclear from the allegation in Defendant's Amended Answer [DE 81-2] what exact statement or representation was misleading.

Throughout Defendants counterclaim [DE 1] the Plaintiff cannot pinpoint any allegation that is clear and straight-forward – placing aside lacking particularity under Rule 9. It also appears the Defendants are possibly  misunderstanding the correct application of statute of limitations and their tolling periods as discussed below.

As a matter of law, fraud clearly was not properly plead and therefore subjects Defendants'

counterclaim [DE 81] to dismissal.

### 2.  Statute of Limitations Bar Defendants' Counterclaim for Cancelation of Trademark

The Eleventh Circuit has held that "because the Lanham Act does not contain a statute of limitations, the period for analogous state law claims is to be used as a touchstone for laches." *AmBrit, Inc. v. Kraft, Inc*., 812 F.2d 1531, 1545 (11th Cir. 1986).  "The pertinent limitations period for this type of action in Florida is four years." *Id*

To establish that Defendants claim is barred by laches, the Plaintiff clearly demonstrates

"(1) a delay in asserting a right or a claim;

(2) that the delay was not excusable; and

(3) that there was undue prejudice to the party against whom the claim is asserted." *Id.*

In *Roca Labs, Inc. v. Boogie Media, LLC*, Case No. 8:12-cv-2231 (M.D. Fla. Apr. 19, 2013), the Court recognized its discretion in being able to extend the deadline in a circumstance where the applicable statute of limitations would bar relief to the plaintiff.   Here, the Court noted that the Florida state unfair competition claims had a 4-year statute of limitations, but noted that the federal  trademark and cybersquatting claims do not have an explicit statute of limitations:

> "The federal trademark and cybersquatting statutes do not contain a limitations period; rather laches principles apply. See K*ason Indus. v. Component Hardware Group, Inc.,* 120 F.3d 1199, 1203 (11th Cir.1997) ("The Lanham Act does not contain a statute of limitations. However, in trademark cases, this circuit has followed the Sixth Circuit, which applies the period for analogous state law claims as the touchstone for laches."); see *Tandy Corp. v. Malone & Hyde, Inc*., 769 F.2d 362, 365 (6th Cir.1985) ("The Lanham Act does not contain a statute of limitations. In determining when a plaintiff's suit should be barred under the Act, courts have consistently used principles of laches as developed by courts of equity."); *What–A–Burger of Va. v. Whataburger of Corpus Christi*, 357 F.3d 441, 449 (4th Cir.2004) ("Courts use the doctrine of laches to address the inequities created by a trademark owner who, despite having a colorable claim, allows a competitor to develop its product around the mark and expand its business, only then to lower the litigation boom.")."

The Court then determined that the federal claims would be subjected to the same 4-year statute of limitation as the Florida unfair competition.  And this statute of limitation does not pose an

8

immediate risk to plaintiff's claim. *Roca Labs, Inc. v. Boogie Media, LLC,* Case No. 8:12-cv-2231 (M.D. Fla. Apr. 19, 2013)

In addition, the Defendants fail to plead any legally justifiable reason(s) for the twelve (12) year *per se* delay to cancel Plaintiff's trademark; especially since Defendants are claiming "damages" spanning over a 12-year time period.  Prima facie, a rather shaky argument.

This is underscored when, without citing a specific contract provision(s) or similar, the Defendants "generally" refer to a Shareholders Agreement dated June 5, 2006 that is no longer active, non-enforceable and became Null & Void when the same Shareholders entered into the "New" Close Corporation Shareholder Agreement on June 28, 2010, yet Defendants use the June 5, 2006 Null & Void agreement to argue,

> "Unisource-Florida's Shareholder Agreement shows that Mr. Cerasale, Unisource, Noel Mijares, and Unisource-Florida all agreed and understood that Unisource and Mr. Cerasale would continue to own, control, and use the Mark without restriction."  [DE 81-2 ¶38]

However, the Plaintiff cannot locate a contract provision [or similar] to support Defendants argument, because it's not supported by the active Close Corporation Shareholder Agreement dated June 28, 2010. In reality, this is because there is no contract provision or similar proving that the parties agreed Defendant Unisource California and Mr. Cerasale would "own" the Mark  – nor does the Defendants direct the reader to any specific contract provision, agreement or similar, to provide more clarity.  As a matter of fact, Plaintiff owns the Trademark and Defendants acknowledge and reaffirmed the same when they executed the Close Corporation Shareholder Agreement, under Section 1.3. Trademark on June 28, 2010.

> The Eleventh Circuit has stated that,

> "delay is to be measured from the time at which the plaintiff knows or should know [it] has a provable claim for infringement."

> *Kason Indus., Inc. v. Component Hardware Group, Inc.,* 120 F.3d 1199, 1206 (11th 1997)

Nonetheless, the timeframe for Defendants' 12-year delay cannot be established from Defendants' pleadings with any particularity (as required for fraud) since the Defendants do not plead

"when" and "where" and "who" *et al* discovered that Plaintiff was [allegedly] wrongfully using the trademark.

Such a pleading deficiency is fatal to Defendants because it fails to address any reason(s) that the 12-year delay would be excusable under applicable law. *Id at Ares Defense Systems, Inc*.

As a matter of law, this material pleading deficiency subjects this claim to dismissal.

### 3. The Defendants Failed To Allege Prior Use of the Mark in Commerce

"Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other users." *Domond v. Peoplenetwork APS*, 748 F. App'x 261, 262–63 (11th Cir. 2018) (quoting *Hana Fin., Inc. v. Hana Bank,* 574 U.S. 418 (2015)).

To state a claim for trademark infringement, a plaintiff must plead, among other elements, prior use of the mark in commerce. *See Sesderma, S.L. v. Mediderm Labs., LLC*, No. 17-24635-CIV, 2018 WL 8337420, at *2 (S.D. Fla. Nov. 19, 2018) (citations omitted); *Armour Grp., Inc. v. Labock*, No. 11-61991, 2012 WL 12838313, at *3 (S.D. Fla. Feb. 10, 2012) (reciting elements of trademark infringement claim and noting "[a]ctual prior use in commerce is essential, and the trademark protection is limited to geographic areas where the mark is actually used in commerce and a zone of reasonable future expansion." (alteration added; citation omitted)).

 "A 'prior use in commerce' claim requires [allegations] of:

(1) adoption; and

(2) 'use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.'"

*See Domond,* 748 F. App'x at 263 (alteration added; quoting *Planetary Motion, Inc. v. Techsplosion, Inc*., 261 F.3d 1188, 1195 (11th Cir. 2001)).

The Defendants pleadings entirely fail to allege these elements. In support of the claims asserted in Defendants' Count I for Cancelation of Trademark, the Defendants allege:

      a)  Mr. Cerasale and Unisource were users of the Mark since 2001 [DE 81-2 ¶67];

b) Mr. Cerasale and Unisource had legal rights in the Mark superior to Unisource-Florida's rights at the time Mr. Mijares signed the trademark application for registration on October 16, 2008 [DE 81-2 ¶69];

c) Unisource-Florida knew that Mr. Cerasale and Unisource had been using the name and mark "Unisource Discovery" in commerce prior to 2006 when Mr. Cerasale partnered with Noel Mijares to jointly operate a Florida branch of Unisource. [DE 81-2 ¶71]

d) At the time Mr. Mijares (on behalf of Unisource-Florida) signed the trademark application for registration, he also knew that Mr. Cerasale and Unisource had the right to use the mark in commerce at Mr. Cerasale's sole discretion. [DE 81-2 ¶68]

In spite of that, these foregoing allegations do not allege Defendants continuously used the misappropriated products, prior to Plaintiff, "*in a way sufficiently public to identify . . . the marked goods*" as belonging to Defendants. *See Domond*, 748 F. App'x at 263

Simply put, the Defendants entirely fail to apply the "proper" legal test/standard for "prior use". The closest Defendants comes to alleging "prior use" is:

"Defendants admit that once Unisource Florida was incorporated in 2006, with the consent of Unisource California, both Unisource California and Unisource Florida used the same business name, the same website …" [DE 81-2 ¶11]

Clearly, this allegation is insufficient because Defendants do not "identify a single instance of such use." *Sesderma,* S.L, 2018 WL 8337420 at 3

Through failing to apply the legal standard in Defendants pleadings it is fatal and consequently merits dismissal as a matter of law.

4. **Defendants Fail to Plead the Elements of Trademark Cancellation**

To state a claim for cancellation of registration under 15 U.S.C. section 1064, a petitioner must additionally allege:

(1) it has standing to petition for cancellation because it is likely to be damaged, and

(2) there are valid grounds for discontinuing the registration.

*See Coach House Rest., Inc. v. Coach & Six Restaurants, Inc.*, 934 F.2d 1551, 1557 (11th Cir. 1991) (footnote call number and citation omitted).

11

The first element requires only that the petitioner "believes he is or will be damaged by the registration." *Lipton Indus., Inc. v. Ralston Purina C*o., 670 F.2d 1024, 1028 (C.C.P.A. 1982). It is the second element that Defendants are traveling.

Pursuant to 15 USC § 1064, a mark registered *beyond five (5) years* can only be cancelled on *limited grounds*. The Defendants believe that a trademark cancellation claim, like a trademark infringement claim, must allege prior use when asserting:

a. "Defendant, Unisource Discovery, LLC, was incorporated in California by Defendant, Mr. Cerasale, on May 11, 2001."

b. "Defendants have used the "Unisource Discovery Digital Document Retrieval" name and mark—the name of Unisource California's business and is otherwise descriptive of the services of Unisource California—since 2001."

c. "Plaintiff, Unisource Discovery, Inc., was incorporated in Florida by Mr. Mijares and Mr. Cerasale on July 1, 2006, to provide the same and/or substantially similar services as Unisource California."

d. "It is undisputed that Plaintiff and Defendants have had an ongoing business relationship since 2005 (approximately one year *before* Unisource Florida was incorporated). It is undisputed that Defendants, as part of their Initial Capital Investment towards opening a Florida corporation with Mr. Mijares, used the name and logo as part of the transaction …"

*See* DE 81-2 ¶6-9

Here, the Defendants clearly assert that prior use is the only dispositive analysis for cancellation of trademark – that it effectively removes it from the statute of limitations. The Defendants continue this argument when asserting,

"Plaintiff also materially represented that Unisource-Florida first used the Mark "as early as March 1, 2001" when, in reality, the Mark was not used in commerce until Mr. Cerasale and Unisource created the Mark on or about April or May of 2001. In any event, Unisource-Florida did not use the Mark until after it was incorporated in June 2006." [DE 81-2 ¶95]

However, this is not so – the Defendants are incorrect.

12

"Even where the petitioner has not demonstrated its own prior use, 'in a petition to cancel a registration *less than five years old*, the allegation of non-use in commerce is a proper ground for cancellation." *Compton v. Fifth Ave. Ass'n, Inc.*, 7 F. Supp. 2d 1328, 1333 (M.D. Fla. 1998) (quoting J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 20:54 (4th ed. 1997)

In other words, and applicable, in *Compton* the Court ruled that "prior use" is only a valid and proper ground *if made within five years*.

Still, the Defendants do not disclose when they allegedly learned of the fraud.  And, the Defendants have not alleged non-use, prior use, or any other valid ground for cancellation with any type of particularity under Rule 9. The Defendants most specific allegation is as follows:

> "At the time Plaintiff filed its trademark application, Plaintiff knew that Mr. Cerasale and Unisource were using the "Unisource Discovery Digital Document Retrieval" name and Mark" [DE 81-2 ¶68]

An entirely unsupported blanket/generic allegation of non-use.

Defendants incorrectly allege that Plaintiff has distributed similar products for over a decade, and improperly registered the Mark with the United States Patent and Trademark Office, and has been wrongfully and continuously in the flow of commerce without interruption for over a decade --  a claim Defendants are badly making more than twelve (12) years after Plaintiff  registered the Mark.

Second, the Defendants allegations concerning the grounds for cancellation are completely conclusory. The Defendants allege,

> *"*Plaintiff also falsely declared that "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource and Mr. Cerasale were the owners of the Mark, had been using the Mark since 2001, and had every right to continue to use the Mark"

And

> "Unisource-Florida, in failing to disclose these material facts to the USPTO, intended to procure a registration to which it was not entitled."

*See* DE 81 ¶25-26

13

However, these allegations contain *no* factual support. Simply pleading a broad set of unsupportive facts does not make it so.  And, as per Rule 9 the Defendants *did not* identify a single instance of:

a.      value diminution;

b.      "*when", "how", "who", "where"* this fraud occurred;

c.      the alleged extent of their lost profits or if Defendants lost profits at all;

d.      The Defendants failed plead any specific facts -- with even a modicum of particularity -- related to Plaintiff Unisource's alleged fraudulent acts and failure to disclose to the USPTO more than twelve (12) years ago; and

e.      The Defendants did not allege that in the 12-years of Plaintiff's ownership and use of the trademark that Defendants served a cease-and-deist or similar upon Plaintiff as a counter-measure.

Placing aside that Defendants pleadings do not employ the required particularity for a fraud claim, as required under Rule 9, the Defendants allegations amount to no more than " … an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, *556 U.S.* 662, *678* (2009)

IV.     **Plaintiff's Affirmative Defenses Prevents Defendants Cancellation of Trademark Claim**

In Defendants' Answer [DE 81], the Defendants raised eight (8) affirmative defenses. As shown, these affirmative defense that will not prevent the entry of Plaintiff's summary judgment as a matter of law.

The Plaintiff addresses Defendants' affirmative defenses as follows;

In Defendants' first affirmative Defense, defendants state Unisource Florida has abandoned its "Mark" by consent and provided Defendants with a naked license to use the "Mark".  The Defendants prove nothing more than a hollow defense of abandonment and "naked license".  First, as the clear facts supports, the Plaintiff has been continuously using the Mark for over fifteen (15) years without interruption.  The Plaintiff has effectively built a business around the Mark.  Secondly, the Defendants

14

employ the catch-phrase "naked license" that is entirely undefined and therefore has no bearing on the entry of summary judgment as a matter of law.

In Defendants' second affirmative defense, the Defendants argue that Unisource Florida is estopped from claiming that Defendants' use of the "Mark" is actionable, unlawful, or constitutes an infringement. However, Plaintiff Unisource Florida registered the "Mark" after its ownership was contractually transferred to Plaintiff in 2006 and Defendants reaffirmed this transfer of ownership to Plaintiffs under the Close Corporation Shareholder Agreement dated June 28, 2010 [DE 1].    If anything, the Plaintiff provided the Defendants a conditional license that was revoked.    The Defendants does not direct the Court to any agreement or similar that supports "… Defendant Unisource California would continue to use the "Mark" as it deems fit …".    Consequently, Defendants estoppel defense will not prevent summary judgment.

In Defendants' Third Affirmative Defense, the Defendants state that Unisource Florida is estopped from claiming that Defendants' use of the "Mark" is actionable, unlawful, or constitutes an infringement. This affirmative defense is heavily address and refuted throughout Plaintiff's Motion to not be duplicative.

Defendants state that Unisource Florida is estopped from claiming that Defendants' use of the "Mark" is likely to cause confusion. On the same basis of above, the Defendants second estoppel defense will similarly not prevent the entry of summary judgment

As to Defendants' Fifth Affirmative Defense, Defendants state that Unisource Florida has *not incurred any actual damages* from any alleged "infringement" or "deceptive or unfair trade practice". However, in Defendants' Third Set of Interrogatories (question number 1) it asks for Plaintiff to provide its damages, and Plaintiff responded with a "detailed" itemization of its ongoing damages. *See* Exhibit "A".   As such, and as a matter of law, this affirmative defense will not prevent summary judgment

As to their Sixth Affirmative Defense, Defendants state that they adopted and used the "Mark" years before Unisource Florida's registration or use of the "Mark" and that Defendants have

15

continuously used such "Mark" from before the registration of the "Mark." Effectively, the Defendants are making of argument of "prior use in commerce'". However, as addressed fully above, "prior use in commerce" claim requires [allegations] of (1) adoption; and (2) 'use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.'" *Id* at *Domond; Planetary Motion, Inc. v. Techsplosion, Inc*., 261 F.3d 1188, 1195 (11th Cir. 2001)). The Defendants entirely failed to address the two elements of "prior use in commerce" and therefore this affirmative defense is deficient and fails as a matter of law.

In their Seventh Affirmative Defense, Defendants state that Unisource Florida is not entitled to any equitable relief because it has unclean hands. Yet, and once more, the Defendants omit any level of specificity and/or particularity related to the defense of "unclean hands." Given this material deficiency, Defendants estoppel defense should not prevent the entry of Plaintiff's summary judgment.

As Defendants Eighth Affirmative Defense, Defendants state that Trademark Registration No. 3,634,516 (Serial No. 77594059) should be cancelled due to Plaintiff's fraud on the United States Patent and Trademark Office in obtaining, maintaining, and enforcing its trademark mark. This affirmative defense is entirely refuted and addressed in this Motion and Plaintiff incorporates all arguments.

In conclusion, the Defendants' affirmative defenses clearly show that (1) Defendants delayed asserting a right or a claim for over 12-years; (2) that the 12-year delay was not excusable; and (3) that there will be undue prejudice to the Plaintiff should the Defendants continue to unlawfully use Plaintiff's trademark. *Id.* Id. at *AmBrit, Inc.*

In sum, the Defendants affirmative defenses do not prevent the entry of summary judgment as a matter of law.

## CONCLUSION

The Defendant Count I – cancellation of trademark – is principally a fraud claim that is clearly employed as an effort to circumvent the 4-year statute of limitations articulated in the *Roca* decision. *Id*.

When the Plaintiff sought to prevent Defendants unauthorized and unlawful use of its Trademark, after 12-years of ownership and continuous use, the Defendants now claim there was fraud when Plaintiff registered the trademark and they somehow own the same Mark that they never registered.  Even modestly, the Defendants have not even plead with minimal particularity under Rule 9.  And because of the complexity surrounding the applicable law, the Defendants are attempting to blur when the statute of limitations begin to toll and proper time period for the statute of limitations.

Defendant is a signatory to the Close Corporation Shareholder Agreement, dated June 28, 2010, which clearly states under Section 1.3 Trademark UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL is a registered US trademark of the Company.

Obviously, the Defendants cannot attempt to cancel Plaintiff's trademark in perpetuity; however, it is equally clear that under applicable law the Defendants cannot improperly cancel Plaintiff's trademark 12-years later -- because there simply is no law supporting Defendants position.

In sum, as a matter of law the Defendants' counterclaim is plainly subject to dismissal not because of a single deficiency, but numerous fatal deficiencies. The Defendants did not, and cannot, support their Count I "cancelation of trademark" counterclaim for the reasons set-forth in this Motion, and therefore, as a matter of law this Honorable Court has ample basis to grant Plaintiff's summary judgment forthwith.

WHEREFORE, the Plaintiff respectfully request that this Court:

1.      Grant summary judgement against Defendants' Count I – cancelation of trademark;

2.      Award Plaintiff attorneys' fee and costs; and

3.      Any other relief this Court believe is fair and just.

17

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the PACER E-Filing Portal on upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale on this day 23rd of July, 2021.

**Diego David Valdes, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
            legal@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.

18