UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

        Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

        Defendants.

_____

## PLAINTIFF, UNISOURCE DISCOVERY INC. ANSWER TO DEFENDANTS' COUNTERCLAIM [DE 81-2] AND AFFIRMATIVE DEFENSES

Plaintiff, Unisource Discovery Inc., through its counsel, answers the Defendants' Counterclaim as set forth below. Unless specifically admitted, Plaintiff Unisource Discovery Inc. denies each of the allegations of Defendants' Counterclaim [DE 81-2].

### JURISDICTION AND VENUE

1.      Plaintiff admits that this Court has subject matter jurisdiction of this action but denies that Defendants are entitled to any relief it seeks.

2.      Plaintiff admits, for the purposes of establishing jurisdiction only, that this Court has personal jurisdiction over Defendants; however, Plaintiff denies the remaining allegations of paragraph 2.

3.      Plaintiff admits, for the purposes of establishing venue only, that venue is proper in this judicial district; Plaintiff, denies the remaining allegation of paragraph 3.

### THE PARTIES

4.      Plaintiff admits that Unisource Discovery, Inc. ("Unisource Florida"), is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Plaintiff further

1

admits that Unisource Discovery Inc. is engaged in the business of litigations support services, digital records retrieval, and service of process and that Unisource Discovery uses and owns the trademark defined as the "Mark" in the Complaint.  Plaintiff denies the remaining allegations.

5.      Plaintiff admits that Defendant, Unisource Discovery, LLC (Unisource California), is a California limited liability company with its principal place of business in Orange, California. Plaintiff denies the remaining allegations of paragraph 5.

6.      Plaintiff admits that Defendant, Steven A. Cerasale ("Mr. Cerasale") resides in California and is an officer/member of Unisource California, and current shareholder of Unisource Discovery Inc.

### COMMON FACTUAL ALLEGATIONS

7.      Denied; Plaintiff demands strike proof thereof;

8.      Denied; Plaintiff demands strict proof thereof;

9.      Denied; Plaintiff demands strict proof thereof;

10.     Denied; Plaintiff demands strict proof thereof;

11.     Denied; Plaintiff demands strict proof thereof;

12.     Defendants admit that Unisource Florida owns the Federal Registration No. 3634516. Defendants deny the remaining allegations of paragraph 9.

13.     Plaintiff admits that he opened a corporation known as the "subpoena Company; otherwise denied;

14.     Denied; Plaintiff demands strict proof thereof;

15.     Denied; Plaintiff demands strict proof thereof;

16.     Denied; Plaintiff demands strict proof thereof;

17.     Plaintiff admits that Unisource Discovery Inc. was incorporated in year 2006, other denied and Plaintiff demands strict proof thereof;

18.     Denied; Plaintiff demands strict proof thereof;

19.     Admitted that initially Mr. Carasele owned 50% of Unisource Discovery Inc. and Noel Mijares and Lisa Mijares each owned 25%; otherwise denied;

20.     Denied as phrased; Plaintiff demands strict proof thereof;

21.     Denied as phrased ; Plaintiff demands strict proof thereof;

22.     Denied as phrased; Plaintiff demands strict proof thereof;

23.     Denied; Plaintiff demands strict proof thereof;

24.     Denied as phrased; Plaintiff demands strict proof thereof;

25.     Denied; Plaintiff demands strict proof thereof;

26.     Denied; Plaintiff demands strict proof thereof;

27.     Denied; Plaintiff demands strict proof thereof;

28.     Denied as phrased; Plaintiff demands strict proof thereof;

29.     Plaintiff admits that it registered its Mark with U.S. Patent and Trademark Office 13-years ago in year 2008.

30.

    a.  Denied; Plaintiff demands strict proof thereof

    b.  Denied; Plaintiff demands strict proof thereof

    c.  Denied; Plaintiff demands strict proof thereof

31.     Plaintiff admits that it registered its Mark with U.S. Patent and Trademark Office 13-years ago in year 2008 and has had uninterrupted use continuously; otherwise denied;

32.     Plaintiff admits that it registered its Mark with U.S. Patent and Trademark Office 13-years ago in year 2008; otherwise denied;

33.     Denied as phrased; Plaintiff demands strict proof thereof;

34.     Denied as phrased; Plaintiff demands strict proof thereof;

35.     Denied as phrased; Plaintiff demands strict proof thereof;

36.     Denied; Plaintiff demands strict proof thereof;

37.     Denied; Plaintiff demands strict proof thereof;

38.     Denied; Plaintiff demands strict proof thereof;

39.     Denied as phrased; Plaintiff demands strict proof thereof;

40.     Denied as phrased; Plaintiff demands strict proof thereof;

41.     Denied as phrased; Plaintiff demands strict proof thereof;

42.     Denied; Plaintiff demands strict proof thereof;

43.     Denied; Plaintiff demands strict proof thereof;

44.     Denied as phrased; Plaintiff demands strict proof thereof;

45.     Denied; Plaintiff demands strict proof thereof;

46.     Denied; Plaintiff demands strict proof thereof;

47.     Denied; Plaintiff demands strict proof thereof;

48.     Denied; Plaintiff demands strict proof thereof;

49.     Denied; Plaintiff demands strict proof thereof;

50.     Denied; Plaintiff demands strict proof thereof;

51.     Denied; Plaintiff demands strict proof thereof;

52.     Denied; Plaintiff demands strict proof thereof;

53.     Denied as phrased; Plaintiff demands strict proof thereof;

54.     Denied as phrased; Plaintiff demands strict proof thereof;

55.     Denied as phrased; Plaintiff demands strict proof thereof;

56.     Denied as phrased; Plaintiff demands strict proof thereof;

57.     Denied as phrased; Plaintiff demands strict proof thereof;

58.     Denied; Plaintiff demands strict proof thereof;

59.     Denied; Plaintiff demands strict proof thereof;

60.     Denied; Plaintiff demands strict proof thereof;

61.     Denied; Plaintiff demands strict proof thereof;

## COUNT I - CANCELLATION OF TRADEMARK

62.     Denied; Plaintiff demands strict proof thereof;

63.     Denied; Plaintiff demands strict proof thereof;

64.     Denied; Plaintiff demands strict proof thereof;

65.     Denied; Plaintiff demands strict proof thereof;

66.     Denied; Plaintiff demands strict proof thereof;

67.     Denied; Plaintiff demands strict proof thereof;

68.     Denied; Plaintiff demands strict proof thereof;

69.     Denied; Plaintiff demands strict proof thereof;

70.     Denied; Plaintiff demands strict proof thereof;

71.     Denied; Plaintiff demands strict proof thereof;

72.     Denied; Plaintiff demands strict proof thereof;

73.     Denied; Plaintiff demands strict proof thereof;

*Plaintiff denies all allegations and assertions in the WHEREFORE clause and all claims for entitlement and for relief.*

## AFFIRMATIVE DEFENSES

### Defendants Never Disputed Plaintiff's Ownership of the Mark – Twelve (12) Years

At no time prior to Plaintiff advancing its instant Complaint [DE 1] did Defendants dispute – formally or informally -- Plaintiff's trademark registration issued by the USPTO. After Plaintiff openly registered the trademark in year 2009, the Defendant never pursued a cancellation of registration with the Trademark Trial & Appeal Board (TTAB) by filing an opposition or similar.

5

It is only after 12-years of Plaintiff's open, notorious, and continuous use of the Mark are Defendants now attempting to cancel that registration as a counterclaim that is nothing more than a clear litigation tactic. The Defendants never registered the Mark.

### Plaintiff Contractually Owns the Trademark

The Trademark is contractually owned by Plaintiff. Pursuant to Section 1.3 of the executed Close Corporation Shareholder Agreement entered into as of June 28, 2010

### Defendants Ignore all Cease-And-Desist Notices

On February 21, 2020, the Plaintiff notified the Defendants that the Right to Use of Trademark had been revoked and provided proper notice via Email and U.S. Certified Mail to both parties [DE 1]. The notice provided the Defendants with the option to stop all further use of the Trademark and requested that if Defendants wanted to continue to use the Trademark, it would be required to enter into a Licensing Agreement with Plaintiff. Failure to act would result in a Cease-and-Desist Letter. On May 12, 2020, Plaintiff's legal counsel served a Cease-and-Desist letter to Defendants via Email and U.S. Certified Mail of their continued Infringement of Trademark Rights of UNISOURCE. [DE 1]. The Defendants ignored all of Plaintiff's formal demands.

### Plaintiff's Evidence of Ownership

"A certificate of registration acts as prima facie evidence of the mark's validity and of the registrant's exclusive right to use the trademark mark." *Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000) (citing 15 U.S.C. §§ 1057, 1115(a))

### Laches – Statute of Limitations

Defendants' claim is barred by laches, in that Defendants have unreasonably delayed efforts to enforce their rights, if any, despite its full awareness of Plaintiff's actions. Plaintiff will be unduly prejudiced by Defendants' 12-year delay in asserting their claim; and Defendants have not offered, alleged and/or pled any single reason the delay was excusable.

### Defendants Count I is Time-Barred by the Statute of Limitations

Defendants claim is barred by the applicable four-years statute of limitations

### Statute of Limitations – Delay & Computation of Time

Defendants failed to plead "when" they allegedly learned of the pled fraud to trigger the computation of the applicable four-year statute of limitations.

### Trademark Infringement

Plaintiff incorporates its Amended Complaint [DE 114] into this Affirmative Defense. Defendants trademark infringement breaches all agreement with Plaintiff.

### Defendants failed to Allege Fraud With Particularity Under Rule 9 – Fraud & Statute of Limitations

Amongst other pleading deficiencies, the Defendants failed to plead "when" and "where" and "who" discovered that Plaintiff was [allegedly] wrongfully using the trademark.

### Defendants Failed to Seek Judicial Notice –Its Allegations Must be Stuck

The Defendants referred to another case in Florida State Court without first seeking this Honorable Court to take judicial notice. Therefore, all reference to all legal cases outside of this instant case must be stricken.

### Defendants' Failed to Plead "Prior Use" And Its Elements

Defendants' allegations do not allege Defendants continuously used the misappropriated products, prior to Plaintiff, in a way sufficiently public to identify . . . the marked goods as belonging to Defendants.

### Elements of Trademark Cancellation

The Defendants failed to plead the elements for cancellation of registration under 15 U.S.C. section 1064.

## Waiver, Acquiescence, and Estoppel

Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## No Damages

Without admitting that the Counterclaim states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Plaintiff in the Counterclaim, and the relief prayed for in the Counterclaim therefore cannot be granted.

## Unclean Hands

Defendants' claims are barred by the doctrine of unclean hands.

## Irreparable Harm

Plaintiff's claims for injunctive relief are valid because Plaintiff has showed that it will suffer irreparable harm from Defendants' actions.

## Failure to Mitigate

The claim made in the Counterclaim is barred, in whole or in part, because of a failure to mitigate damages, if such damages exists.

## Fraud

The claim made in the Counterclaim is barred, in whole or in part, by fraud on the Plaintiff

## Abandonment

The claim made in the Counterclaim is barred, in whole or in part, by abandonment of any marks at issue.

## Actions of Others

The claim made in the Counterclaim is barred, in whole or in part, because Plaintiff is not liable for the acts of others over whom it has no control.

## Contractual & Promissory Estoppel

The Defendants contractually promised the Plaintiff that it owned the name and logo of Unisource Discovery and should have expected the Plaintiff to act or not act based on that contractual promise

## ADDITIONAL DEFENSES

Plaintiff reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That Defendants take nothing by way of their Counterclaim;

2.     That the Counterclaim and each and every purported claim for relief therein, be dismissed with prejudice.

3.     That Plaintiff be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4.     For such other and further relief as the Court deems just and proper.

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 3rd day of August, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
         ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.

10