**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE   DISCOVERY,   LLC,   a
California limited liability company, and
STEVEN A. CERASALE, individually.

     Defendants.

---

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**
**SUPPORTING RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DE 141)**

Pursuant to Local Rule 56.1(a)(2), Defendants hereby file their Response Statement of

Material Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment Against Count I

of Defendants' Counterclaim for Cancellation of Trademark (DE 141).

This Response Statement of Material Facts is based upon the following:

| | |
|---|---|
| Exhibit 1. | Declaration of Defendants; |
| Exhibit 2. | January 2002 Printout of Website of Unisource Discovery, LLC; |
| Exhibit 3. | June 15, 2006 Operation Agreement of Plaintiff; |
| Exhibit 4. | Plaintiff's Trademark Registration Application; |
| Exhibit 5. | Plaintiff's Response to First Request for Admissions; |
| Exhibit 6. | June 28, 2010 Close Corporation Shareholder Agreement of Plaintiff; |
| Exhibit 7. | February 21, 2020 Letter of Plaintiff; |
| Exhibit 8. | May 12, 2020 Letter of Plaintiff; |
| Exhibit 9. | Defendants' Second Request for Production of Documents; |
| Exhibit 10. | USPTO Printout of Status of Trademark; |
| Exhibit 11. | USPTO Certificate of Registration of Trademark; |
| Exhibit 12. | Transcript of Plaintiff's Deposition on June 30, 2021; |
| Exhibit 13. | USPTO Email dated October 8, 2015; and |
| Exhibit 14. | USPTO Email dated April 5, 2019. |

## PRELIMINARY STATEMENT

Plaintiff's Motion for Partial Summary Judgment (DE 141) was not "accompanied by a separate and contemporaneously filed and served Statement of Material Facts" as required by Local Rule 56.1(a)(1).

Plaintiff's Motion (DE 141), however, was accompanied by an affidavit of Noel Mijares (DE 141-2). To the extent Plaintiff intended this Affidavit to serve as its Statement of Material Facts, the Affidavit fails to comply with the requirements of Local Rule 56.1(b)(1)(B) which requires "each fact supported by specific, pinpoint references to particular parts of the record material."

Nevertheless, in the abundance of caution, Defendants will treat Plaintiff's Affidavit (DE 141-2) as Plaintiff's Statement of Material Facts and hereby responds.

## RESPONSE STATEMENT OF MATERIAL FACTS
## IN RESPONSE TO PLAINTIFF'S AFFIDAVIT (DE 141-2)

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Disputed. Defendant Steven Cerasale ("Mr. Cerasale") was a member of the Board of Directors of Unisource Discovery, Inc. in 2008 and was not asked to attend any (nor was he aware of any) Board of Director meeting to agree on filing a trademark registration application with the U.S. Patent and Trademark Office (the "USPTO"). Declaration of Defendants (Exhibit "1" hereto) at ¶ 25.

7. Disputed. Plaintiff did not produce either a 804-page Federal Report nor 280-page State Report regarding review of the name and/or logo "Unisource Discovery Digital Document Retrieval." Plaintiff was required to produce these documents pursuant to this Court's Order (DE 106). *See* Second Request for Production (Exhibit "9" hereto) at ¶¶ 5–6 ("All communications and documents exchanged with any third parties pertaining to your application to the United States Patent and Trademark Office relating to the Mark and/or Trademark").

8. Disputed in part. Plaintiff filed the trademark registration application with the USPTO on October 16, 2008, but Plaintiff did not own the name or the Mark when it filed the application. Plaintiff Dep. (Exhibit 12 hereto) at 216:5–9; *see also id.* at 212:20–213:22, 27:18–21, and 33:15–17; 35:3–6; Declaration (Exhibit 1 hereto) at ¶¶ 17, 19.

9. Undisputed.

10. Disputed. The USPTO issued the Notice of Publication on March 24, 2009 and issued the registration of trademark on June 9, 2009. *See* Trademark Status (Exhibit "10" hereto); *see also* Certificate of Registration (Exhibit "11" hereto).

11. Undisputed.

12. Disputed in part. The website www.unisourcediscovery.com did not belong to Plaintiff. Rather, that website belonged (and continues to belong) to Defendants, and Defendants and Plaintiff agreed to jointly use the website provided that Plaintiff pay its share of the costs associated with the website. Plaintiff Dep. (Exhibit 12 hereto) at 67:18–68:6; ("Q. Before you signed the operating agreement in June 15, 2006, the website unisourcediscovery.com was already in existence, correct? A. Yes."); *see also id.* at 70:8–13; Declaration (Exhibit 1 hereto) at ¶ 21

13. Disputed. Defendants did not have any knowledge regarding the representations that Plaintiff made in the trademark registration application until late January 2021 or early

3

February 2021 when Plaintiff submitted a copy of its trademark registration to Defendants' counsel in response to requests for production of documents. Declaration (Exhibit 1 hereto) at ¶¶ 31–32; *see also* Plaintiff Dep. 143:1–5 (Exhibit "12" hereto); *id*. at 145:6–19.

14.     Undisputed.

15.     Disputed in part. The USPTO sent Plaintiff an email on October 8, 2015 stating that the Section 8 declaration was accepted and that "[t]he registration will remain in force for the class(es) listed below for the remainder of the ten-year period … unless canceled by an order of … a Federal Court." *See* USPTO October 8, 2015 Email (Exhibit "13" hereto).

16.     Disputed in part. The USPTO sent Plaintiff an email on April 5, 2019 providing notice that the Section 8 declaration was accepted and that the registration was renewed under Section 9. The USPTO also stated that "[t]he registration will remain in force for the class(es) listed below, unless canceled by an order of … a Federal Court." *See* USPTO April 5, 2019 Email (Exhibit "14" hereto).

17.     Disputed. Plaintiff admitted at its deposition that "from 2009 to … February 2020, Unisource Discovery, LLC was fine to use the trademark without any licensing agreement necessary because that was the way [Defendants and Plaintiff] were doing business since 2006 … Unisource Discovery, LLC would continue to use the trademark, essentially the same way they used the mark before this trademark." Plaintiff Dep. (Exhibit 12 hereto) at 211:3–13; *see also id.* at 212:6–8 ("We never felt the need -- the company never felt the need to have a license agreement [with Defendants] during that time [i.e., 2009 through to February 2020].").

18.     Disputed. As of May 2006, Plaintiff, Mr. Cerasale, Noel Mijares, and Lisa Cote all agreed and understood that Defendants would continue to own, control, and use the Mark without restriction. *See* Plaintiff Dep. (Exhibit 12 hereto) at 216:5–9 ("So after it was registered …,

Unisource Discovery, LLC continued to use the mark, but now it's a registered trademark held by Unisource Discovery, Inc. … [T]hey continued to us the mark without interference … until February 21, 2020 …."); Declaration of Defendants (Exhibit 1 hereto) at ¶¶ 14–17. Further, as of June 28, 2010, the parties agreed and understood that Unisource Discovery, LLC still owned the Mark could use the Mark without restriction. *See id.* at ¶¶ 32, 39–40. During the ***eleven-year*** period between the date Plaintiff registered the trademark in 2009 through to February 21, 2020, Plaintiff did not even attempt to control, supervise, police, or dictate in any way how Defendants used the Mark or trademark, marketed Unisource Discovery, LLC's products, or performed services under the Mark / trademark. Plaintiff Dep. (Exhibit 12 hereto) at 216:5–8 ("[Defendants] continued to use the mark without interference, if you will, until February 21, 2020, correct? A. Correct."); Declaration (Exhibit 1 hereto) at ¶¶ 45–48.

## ADDITIONAL MATERIAL FACTS

19.     On May 11, 2001, Mr. Cerasale organized Unisource Discovery, LLC and began to use the name "Unisource Discovery Digital Document Retrieval" in commerce. Plaintiff Dep. (Exhibit 12 hereto) at 18:24–19:1 ("[I]n 2000, 2001, that's when [Mr. Cerasale] … opened Unisource Discovery, LLC. So yes, I knew all about it, of course."); *see also id.* at 19:11–14; Declaration (Exhibit 1 hereto) at ¶¶ 2–3.

20.     In 2001, Mr. Cerasale and Unisource Discovery, LLC created the following mark (the "Mark"):



Plaintiff Dep. (Exhibit 12 hereto) at 211:18–19:1; *see also id.* at 101:13–17; Declaration (Exhibit 1 hereto) at ¶ 4.

5

21. Also in 2001, Mr. Cerasale and Unisource Discovery, LLC registered the domain www.unisourcediscovery.com and published the Mark on the website. *See* January 11, 2002 Print-Out of Website (Exhibit "2" hereto); *see also* Plaintiff Dep. (Exhibit 12 hereto) at 67:18–21 ("Q. Before you signed the operating agreement in June 15, 2006, the website unisourcediscovery.com was already in existence, correct? A. Yes."); Declaration (Exhibit 1 hereto) at ¶ 5.

22. Mr. Cerasale and Unisource Discovery, LLC were (and continue to be) in the business of providing state-of-the-art document retrieval and management services to their customers nationwide. Plaintiff Dep. (Exhibit 12 hereto) at 18:24–19:1; *see also* Declaration (Exhibit 1 hereto) at ¶ 6.

23. For more than twenty years (i.e., since its inception in 2001 through to the present), Unisource Discovery, LLC has been using the Mark on its website, in its marketing materials, and throughout its business activities. Plaintiff Dep. (Exhibit 12 hereto) at 18:4–14; *see also id.* at 211:18–19; Declaration (Exhibit 1 hereto) at ¶ 7.

24. In or around June 2006, Mr. Cerasale partnered with Noel Mijares to jointly incorporate a Florida branch of Unisource Discovery, LLC. *See* Plaintiff Dep. (Exhibit 12 hereto) at 18:14–14; *see also* Declaration (Exhibit 1 hereto) at ¶ 8.

25. At that time, Plaintiff was aware that Defendants were operating a document retrieval business based in California under the name "Unisource Discovery, LLC" and were using the Mark in commerce. Plaintiff Dep. (Exhibit 12 hereto) at 18:14–14; *see also* Declaration (Exhibit 1 hereto) at ¶ 9.

26. On June 15, 2006, Mr. Cerasale and Noel Mijares incorporated Plaintiff. Plaintiff Dep. (Exhibit 12 hereto) at 22:16–18; *see also* Declaration (Exhibit 1 hereto) at ¶ 10.

27. The purpose of Plaintiff was to manage Unisource Discovery, LLC's customers in Florida and generate new business in Florida for the "Unisource Discovery" brand. Plaintiff Dep. (Exhibit 12 hereto) at 50:25–51:3; *see also* Declaration (Exhibit 1 hereto) at ¶ 11.

28. Initially, Mr. Cerasale owned 50% of Plaintiff's outstanding shares of stock; Noel Mijares owned 25%; and Lisa Cote owned 25%. Plaintiff Dep. (Exhibit 12 hereto) at 40:3–15; *see also* Declaration (Exhibit 1 hereto) at ¶ 12.

29. Mr. Cerasale and Noel Mijares agreed that Plaintiff would have the exclusive rights to utilize the Florida Platform of "The Subpoena Company" to establish a presence in the South Florida region. Plaintiff Dep. (Exhibit 12 hereto) at 41:15–23; *see also id*. at 44:12–23; Declaration (Exhibit 1 hereto) at ¶ 13.

30. Because Mr. Cerasale and Noel Mijares intended that Plaintiff serve as a "Florida branch" of Unisource Discovery, LLC (which served nationwide customers), and because the interests of Unisource Discovery, LLC and Plaintiff were aligned, Mr. Cerasale and Noel Mijares agreed they shall work together in good faith and to collaborate. *See* Plaintiff Dep. (Exhibit 12 hereto) at 41:15–23; *see also id*. at 44:12–23; *see also* Declaration (Exhibit 1 hereto) at ¶ 14.

31. Additionally, because Mr. Cerasale was (and would continue to be) operating Unisource Discovery, LLC, Mr. Cerasale and Noel Mijares further agreed that "in the case that Steven Cerasale is no longer a Director, Officer or Agent of [Plaintiff], at that time the Board of Directors shall modify the current name of the Company 'UNISOURCE DISCOVERY' to be different in name only." Plaintiff's Operating Agreement (Exhibit "3" hereto) at p. 5; *see also* Plaintiff Dep. (Exhibit 12 hereto) at 74:18–75:1; Declaration (Exhibit 1 hereto) at ¶ 15.

32. Therefore, when Mr. Cerasale agreed to incorporate Plaintiff with Noel Mijares and Lisa Cote in May 2006, neither he nor Unisource Discovery, LLC agreed to sell the name

"Unisource Discovery" or the Mark to Plaintiff. Rather, Plaintiff, Noel Mijares, Lisa Cote, and Mr. Cerasale agreed that if Mr. Cerasale was no longer a director or agent of Plaintiff, Plaintiff would change its name to something different. Plaintiff's Operating Agreement (Exhibit 3 hereto) at p. 5; *see also* Plaintiff Dep. (Exhibit 12 hereto) at 74:18–75:1; Declaration (Exhibit 1 hereto) at ¶¶ 15–16.

33. Mr. Cerasale, Noel Mijares, and Plaintiff all agreed and understood that Unisource Discovery, LLC and Mr. Cerasale would continue to own, control, and use the Mark without restriction. Plaintiff Dep. (Exhibit 12 hereto) at 216:5–9; *see also id*. at 212:20–213:22; Declaration (Exhibit 1 hereto) at ¶ 17.

34. Unisource Discovery, LLC was not a party to Plaintiff's Operating Agreement. *See* Plaintiff Dep. (Exhibit 12 hereto) at 27:18–21; *see also id*. at 33:15–17; 35:3–6; Declaration (Exhibit 1 hereto) at ¶ 18.

35. Unisource Discovery, LLC did not sell any of its rights to the name "Unisource Discovery Digital Document Retrieval" or to the Mark to Plaintiff. *See* Plaintiff Dep. (Exhibit 12 hereto) at 27:18–21; *see also id*. at 33:15–17; 35:3–6; Declaration (Exhibit 1 hereto) at ¶ 19.

36. Mr. Cerasale did not sell the name "Unisource Discovery Digital Document Retrieval" or the Mark in exchange for his 50% ownership interest in Plaintiff. Plaintiff Dep. (Exhibit 12 hereto) at 216:5–9; *see also id*. at 212:20–213:22; Declaration (Exhibit 1 hereto) at ¶ 20.

37. Mr. Cerasale and Noel Mijares agreed that Plaintiff would use for its business the same website and domain as Unisource Discovery, LLC (i.e., www.unisourcediscovery.com) provided that Plaintiff pay its share of the costs associated with the website. Plaintiff Dep. (Exhibit 12 hereto) at 67:18–68:6; ("Q. Before you signed the operating agreement in June 15, 2006, the

website unisourcediscovery.com was already in existence, correct? A. Yes."); *see also id*. at 70:8–13; Declaration (Exhibit 1 hereto) at ¶ 21.

38.     Mr. Cerasale and Noel Mijares also agreed that Plaintiff would have a limited license to use the Mark and the name "Unisource Discovery Digital Document Retrieval" for its business, but that license would expire upon Mr. Cerasale's resignation or other disassociation from Plaintiff. *See* Plaintiff's Operating Agreement (Exhibit 3 hereto) at p. 5; *see also* Declaration (Exhibit 1 hereto) at ¶ 22.

39.     Noel Mijares was the Director primarily in charge of the day-to-day operations of Plaintiff. Plaintiff Dep. (Exhibit 12 hereto) at 142:20–21, 145:17–19, 150:2–25; *see also* Declaration (Exhibit 1 hereto) at ¶ 23.

40.     On October 15, 2008, Plaintiff (through Noel Mijares) filed a registration with the USPTO to register the Mark. *See* Trademark Registration (Exhibit "4" hereto); *see also* Plaintiff Dep. (Exhibit 12 hereto) at 148:187–149:20; Declaration (Exhibit 1 hereto) at ¶ 24.

41.     Although Plaintiff's Affidavit (DE 141-2) claims that "[i]n September 2008, it was decided by the Board of Directors of Unisource Discovery, Inc. to apply for Trademark protection of the Unisource Discovery name and logo with the United States Patent and Trademark Office," this is not true. Mr. Cerasale was a Director in Unisource Discovery, Inc. in 2008, and he was not asked to attend any (nor was he aware of any) Board of Director meeting to agree on filing a trademark registration application with the USPTO. Affidavit (DE 141-2) at ¶ 6; *see also* Declaration (Exhibit 1 hereto) at ¶ 25.

42.     Noel Mijares was the Director solely and/or primarily involved in the process of, and leading up to the, filing the trademark registration application of the Mark with the USPTO. Plaintiff Dep. (Exhibit 12 hereto) at 145:3–19; *see also* Declaration (Exhibit 1 hereto) at ¶ 26.

43.     Plaintiff's trademark registration application included the following material misrepresentations:

    a.    Plaintiff verified that Plaintiff was the "owner" of the Mark when, in reality, Unisource Discovery, LLC was the owner.

    b.    Plaintiff verified that Plaintiff first used the Mark "as early as March 1, 2001" when, in reality, Plaintiff did not use the Mark until after it was incorporated in June 2006. *See* Plaintiff's Responses to Request for Admissions (Exhibit "5" hereto) at ¶¶ 1–2 ("Admitted that Unisource [Plaintiff] did not use the Mark until … June 15, 2006 ….").

    c.    Plaintiff falsely declared that "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource Discovery, LLC and Mr. Cerasale had been using the Mark since 2001 and had every right to continue using the Mark.

Plaintiff Dep. (Exhibit 12 hereto) at 150:12–151:10; *see also* Declaration (Exhibit 1 hereto) at ¶ 27.

44.     Noel Mijares admitted that a document demonstrating the aforementioned misrepresentations "is true and correct, complete copy of the trademark registration application submitted to the USPTO by Unisource Discovery, Inc." Plaintiff Dep. (Exhibit 12 hereto) at 148:17–20; *see also id*. at 150:2–25 (admitting that the content of the misrepresentations).

45.     Noel Mijares further admitted that he commissioned and/or completed, reviewed, and signed the trademark application on behalf of Plaintiff. Plaintiff Dep. (Exhibit 12 hereto) at 142:20–21; *see also id*. 145:17–19; 150:2–25; Declaration (Exhibit 1 hereto) at ¶ 28.

46. Defendants were not involved in any stage of Plaintiff's trademark registration application process. Plaintiff Dep. (Exhibit 12 hereto) at 143:1–5; *see also id.* at 145:6–19; Declaration (Exhibit 1 hereto) at ¶¶ 29–30.

47. Defendants did not have any knowledge regarding the misrepresentations that Plaintiff made in the trademark registration application. *See* Plaintiff Dep. (Exhibit 12 hereto) 143:1–5; *see also id.* at 145:6–19; Declaration (Exhibit 1 hereto) at ¶ 31.

48. Defendants did not know of the contents of Plaintiff's trademark registration application until late January 2021 or early February 2021 when Plaintiff submitted a copy of its trademark registration to Defendants' counsel in response to requests for production of documents. *See* Plaintiff Dep. (Exhibit 12 hereto) at 143:1–5; *see also id.* at 145:6–19; Declaration (Exhibit 1 hereto) at ¶ 32.

49. On June 28, 2010, Mr. Cerasale and Noel Mijares (along with prior shareholder Lisa Cote and new shareholder Alfred Lutter) signed a Close Corporation Shareholder Agreement (Exhibit "6" hereto) relating to Plaintiff.

50. Unisource Discovery, LLC, again, was not a party to the Shareholder Agreement. *See* Plaintiff Dep. (Exhibit 12 hereto) at 27:18–21; *see also id.* at 33:15–17; 35:3–6; Declaration (Exhibit 1 hereto) at ¶ 36.

51. Under the Close Corporation Shareholder Agreement, the ownership of Plaintiff was set forth as follows: Mr. Cerasale owned 40%; Alfred Lutter owned 10%; Noel Mijares owned 25%; and Lisa Cote owned 25%. Plaintiff Dep. at (Exhibit 12 hereto) at 133:11–134:4; *see also* Declaration (Exhibit 1 hereto) at ¶ 34.

52. Mr. Cerasale did not sell or contribute any rights to the name "Unisource Discovery Digital Document Retrieval" or to the Mark to Plaintiff in connection with the Close Corporation

11

Shareholder Agreement. *See* Close Corporation Shareholder Agreement (Exhibit 6 hereto); Declaration (Exhibit 1 hereto) at ¶ 35.

53.     Again, because Plaintiff acknowledged and understood that Unisource Discovery, LLC and Mr. Cerasale operated (and would continue to operate) Unisource Discovery, LLC using the "Unisource Discovery Digital Document Retrieval" name and the Mark, the Shareholder Agreement provided that "presently existing businesses operated by the Directors [i.e., Mr. Cerasale and Noel Mijares] are complementary to the business of [Plaintiff], and it is anticipated that working relationships, cross referrals, another collaborative activities may be conducted between the Company and such other businesses." Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 37.

54.     As to the trademark, the Shareholder Agreement acknowledged that Plaintiff registered the trademark. Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 38.

55.     However, Plaintiff acknowledged that the Mark nonetheless continued to belong to Unisource Discovery, LLC by providing that "the parties agree that [Plaintiff] shall be entitled to use the trademark 'Unisource Discovery,' as part of its corporate name … or as a fictitious name, or otherwise." Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 39.

56.     In other words, although Plaintiff did not ***own*** the "Unisource Discovery" name or the Mark, Plaintiff would be allowed to continue to use that name and Mark. *See* Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 40.

57.     It was agreed and understood that Unisource Discovery, LLC still owned the Mark and (along with Mr. Cerasale) could use the Mark without restriction. *See* Shareholder Agreement

(Exhibit 6 hereto) at p. 2; *see also* Plaintiff Dep. (Exhibit 12 hereto) at 212:20–213:22; Declaration (Exhibit 1 hereto) at ¶ 41.

58.     Plaintiff further restated that it "shall have exclusive rights to utilize the Florida Platform of 'The Subpoena Company' to establish a presence in the region [i.e., in South Florida]," while Unisource and Mr. Cerasale would continue to serve customers nationwide. Plaintiff Dep. (Exhibit 12 hereto) at 212:20–213:22; *see also* Declaration (Exhibit 1 hereto) at ¶ 42.

59.     Noel Mijares otherwise continued to be the Director primarily in charge of operating the day-to-day business of Plaintiff. Plaintiff Dep. (Exhibit 12 hereto) at 142:20–21, 145:17–19, 150:2–25; *see also* Declaration (Exhibit 1 hereto) at ¶ 43.

60.     Plaintiff never exercised any supervision or control over the activities of Unisource Discovery, LLC or Mr. Cerasale with respect to the Mark or the trademark, nor did Plaintiff ever have the right or authority to exercise such supervision or control. Plaintiff Dep. (Exhibit 12 hereto) at 212:20–213:22; *see also id*. at 211:10–13; 216:5–8 ("[Q. Defendants] continued to use the mark without interference, if you will, until February 21, 2020, correct? A. Correct."); Declaration (Exhibit 1 hereto) at ¶ 44.

61.     It was agreed and understood that Unisource Discovery, LLC and Mr. Cerasale could use the Mark and trademark as they deemed fit without any interference, control, supervision, or say from Plaintiff. Plaintiff Dep. (Exhibit 12 hereto) at 212:20–213:22; *see also id*. at 211:10–13; 216:5–8 (Defendants "continued to use the mark without interference, if you will, until February 21, 2020, correct? A. Correct."); Declaration (Exhibit 1 hereto) at ¶ 45.

62.     On February 21, 2020, Plaintiff (through Noel Mijares) attempted to "revoke" a supposed "license" that it ostensibly gave Unisource Discovery, LLC for the use of the Mark and trademark. *See* February 21, 2020 Letter (Exhibit "7" hereto) at p. 1 ("Unisource Discovery, LLC

13

no longer has the Right to Use, Market or Transact business under the USPTO Registered Trademark of Unisource Discovery"); *see also* Plaintiff Dep. (Exhibit 12 hereto) at 206:9–21; Declaration (Exhibit 1 hereto) at ¶ 46.

63.     On May 12, 2020, Plaintiff (again, through Noel Mijares) sent another letter threatening to sue based upon Unisource Discovery, LLC's continued and lawful use of the Mark—which belonged and continues to belong to Unisource Discovery, LLC and Mr. Cerasale. *See* May 12, 2020 Letter (Exhibit "8" hereto); *see also* Declaration (Exhibit 1 hereto) at ¶ 47.

64.     With the exception of Plaintiff's two demand letters in 2020 and this lawsuit, Plaintiff has never even attempted to control, supervise, police, or dictate in any way how Unisource Discovery, LLC uses the Mark or trademark, markets its products, or performs its services. Plaintiff Dep. (Exhibit 12 hereto) at 211:10–13; *see also id*. at 212:20–213:22; 216:5–8 (Defendants "continued to use the mark without interference, if you will, until February 21, 2020, correct? A. Correct."); Declaration (Exhibit 1 hereto) at ¶ 48.

65.     During its more than twenty years of existence, Unisource Discovery, LLC (through Mr. Cerasale) has used the Mark as it deems fit in its sole discretion. Plaintiff Dep. (Exhibit 12 hereto) at 211:18–19 (admitting that Defendants created the Mark); *see also id*. at 212:20–213:22; 216:5–8 (admitting that Defendants used the mark without restriction or interference until February 21, 2020); Declaration (Exhibit 1 hereto) at ¶ 49.

Respectfully submitted,


/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on August 6, 2021, on all counsel or parties of record

on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde


| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |