**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually.

      Defendants.

---

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AS TO COUNTERCLAIM FOR CANCELLATION OF TRADEMARK**

Pursuant to Local Rule 56.1, Defendants hereby file their Statement of Material Facts in Support of their Motion for Summary Judgment as to Defendants' Counterclaim for Cancellation of Trademark.

This Statement of Material Facts is based upon the following:

| | |
|---|---|
| Exhibit 1. | Declaration of Defendants; |
| Exhibit 2. | January 2002 Printout of Website of Unisource Discovery, LLC; |
| Exhibit 3. | June 15, 2006 Operation Agreement of Plaintiff; |
| Exhibit 4. | Plaintiff's Trademark Registration Application; |
| Exhibit 5. | Plaintiff's Response to First Request for Admissions; |
| Exhibit 6. | June 28, 2010 Close Corporation Shareholder Agreement of Plaintiff; |
| Exhibit 7. | February 21, 2020 Letter of Plaintiff; |
| Exhibit 8. | May 12, 2020 Letter of Plaintiff; |
| Exhibit 9. | USPTO Certificate of Registration of Trademark; |
| Exhibit 10. | Transcript of Plaintiff's Deposition on June 30, 2021; and |
| Exhibit 11. | Articles of Incorporation of Unisource Discovery, Inc. |

## STATEMENT OF MATERIAL FACTS

1. On May 11, 2001, Mr. Cerasale organized Unisource Discovery, LLC and began to use the name "Unisource Discovery Digital Document Retrieval" in commerce. Declaration (Exhibit "1" hereto) at ¶¶ 2–3; *see also* Plaintiff Dep. (Exhibit "10" hereto) at 18:24–19:1 ("[I]n 2000, 2001, that's when [Mr. Cerasale] … opened Unisource Discovery, LLC. So yes, I knew all about it, of course."); *see also id.* at 19:11–14.

2. In 2001, Mr. Cerasale and Unisource Discovery, LLC created the following mark (the "Mark"):

Plaintiff Dep. (Exhibit 10 hereto) at 211:18–19:1; *see also id.* at 101:13–17; Declaration (Exhibit 1 hereto) at ¶ 4.

3. Also in 2001, Mr. Cerasale and Unisource Discovery, LLC registered the domain www.unisourcediscovery.com and published the Mark on the website. *See* January 11, 2002 Print-Out of Website (Exhibit "2" hereto); *see also* Plaintiff Dep. (Exhibit 10 hereto) at 67:18–21 ("Q. Before you signed the operating agreement in June 15, 2006, the website unisourcediscovery.com was already in existence, correct? A. Yes."); Declaration (Exhibit 1 hereto) at ¶ 5.

4. Mr. Cerasale and Unisource Discovery, LLC were (and continue to be) in the business of providing state-of-the-art document retrieval and management services to their customers nationwide. Plaintiff Dep. (Exhibit 10 hereto) at 18:24–19:1; *see also* Declaration (Exhibit 1 hereto) at ¶ 6.

5.     For more than twenty years (i.e., since its inception in 2001 through to the present), Unisource Discovery, LLC has been using the Mark on its website, in its marketing materials, and throughout its business activities. Plaintiff Dep. (Exhibit 10 hereto) at 18:4–14; *see also id*. at 211:18–19; Declaration (Exhibit 1 hereto) at ¶ 7.

6.     In or around June 2006, Mr. Cerasale partnered with Noel Mijares to jointly incorporate a Florida branch of Unisource Discovery, LLC. *See* Plaintiff Dep. (Exhibit 10 hereto) at 18:14–14; *see also* Declaration (Exhibit 1 hereto) at ¶ 8.

7.     At that time, Plaintiff was aware that Defendants were operating a document retrieval business based in California under the name "Unisource Discovery, LLC" and were using the Mark in commerce. Plaintiff Dep. (Exhibit 10 hereto) at 18:14–14; *see also* Declaration (Exhibit 1 hereto) at ¶ 9.

8.     On June 15, 2006, Mr. Cerasale and Noel Mijares incorporated Plaintiff. Plaintiff Dep. (Exhibit 10 hereto) at 22:16–18; *see also* Declaration (Exhibit 1 hereto) at ¶ 10; Plaintiff's Articles of Incorporation (Exhibit "11" hereto).

9.     The purpose of Plaintiff was to manage Unisource Discovery, LLC's customers in Florida and generate new business in Florida for the "Unisource Discovery" brand. Plaintiff Dep. (Exhibit 10 hereto) at 50:25–51:3; *see also* Declaration (Exhibit 1 hereto) at ¶ 11.

10.     Initially, Mr. Cerasale owned 50% of Plaintiff's outstanding shares of stock; Noel Mijares owned 25%; and Lisa Cote owned 25%. Plaintiff Dep. (Exhibit 10 hereto) at 40:3–15; *see also* Declaration (Exhibit 1 hereto) at ¶ 12.

11.     Mr. Cerasale and Noel Mijares agreed that Plaintiff would have the exclusive rights to utilize the Florida Platform of "The Subpoena Company" to establish a presence in the South

3

Florida region. Plaintiff Dep. (Exhibit 10 hereto) at 41:15–23; *see also id*. at 44:12–23; Declaration (Exhibit 1 hereto) at ¶ 13.

12.      Because Mr. Cerasale and Noel Mijares intended that Plaintiff serve as a "Florida branch" of Unisource Discovery, LLC (which served nationwide customers), and because the interests of Unisource Discovery, LLC and Plaintiff were aligned, Mr. Cerasale and Noel Mijares agreed they shall work together in good faith and to collaborate. *See* Plaintiff Dep. (Exhibit 10 hereto) at 41:15–23; *see also id*. at 44:12–23; *see also* Declaration (Exhibit 1 hereto) at ¶ 14.

13.      Additionally, because Mr. Cerasale was (and would continue to be) operating Unisource Discovery, LLC, Mr. Cerasale and Noel Mijares further agreed that "in the case that Steven Cerasale is no longer a Director, Officer or Agent of [Plaintiff], at that time the Board of Directors shall modify the current name of the Company 'UNISOURCE DISCOVERY' to be different in name only." Plaintiff's Operating Agreement (Exhibit "3" hereto) at p. 5; *see also* Plaintiff Dep. (Exhibit 10 hereto) at 74:18–75:1; Declaration (Exhibit 1 hereto) at ¶ 15.

14.      Therefore, when Mr. Cerasale agreed to incorporate Plaintiff with Noel Mijares and Lisa Cote in June 2006, neither he nor Unisource Discovery, LLC agreed to sell the name "Unisource Discovery" or the Mark to Plaintiff. Rather, Plaintiff, Noel Mijares, Lisa Cote, and Mr. Cerasale agreed that if Mr. Cerasale was no longer a director or agent of Plaintiff, Plaintiff would change its name to something different. Plaintiff's Operating Agreement (Exhibit 3 hereto) at p. 5; *see also* Plaintiff Dep. (Exhibit 10 hereto) at 74:18–75:1; Declaration (Exhibit 1 hereto) at ¶¶ 15–16.

15.      Mr. Cerasale, Noel Mijares, and Plaintiff all agreed and understood that Unisource Discovery, LLC and Mr. Cerasale would continue to own, control, and use the Mark without

restriction. Plaintiff Dep. (Exhibit 10 hereto) at 216:5–9; *see also id*. at 212:20–213:22; Declaration (Exhibit 1 hereto) at ¶ 17.

16.     Unisource Discovery, LLC was not a party to Plaintiff's Operating Agreement. *See* Plaintiff Dep. (Exhibit 10 hereto) at 27:18–21; *see also id*. at 33:15–17; 35:3–6; Declaration (Exhibit 1 hereto) at ¶ 18.

17.     Unisource Discovery, LLC did not sell any of its rights to the name "Unisource Discovery Digital Document Retrieval" or to the Mark to Plaintiff. *See* Plaintiff Dep. (Exhibit 10 hereto) at 27:18–21; *see also id*. at 33:15–17; 35:3–6; Declaration (Exhibit 1 hereto) at ¶ 19.

18.     Mr. Cerasale did not sell the name "Unisource Discovery Digital Document Retrieval" or the Mark in exchange for his 50% ownership interest in Plaintiff. Plaintiff Dep. (Exhibit 10 hereto) at 216:5–9; *see also id*. at 212:20–213:22; Declaration (Exhibit 1 hereto) at ¶ 20.

19.     Mr. Cerasale and Noel Mijares agreed that Plaintiff would use for its business the same website and domain as Unisource Discovery, LLC (i.e., www.unisourcediscovery.com) provided that Plaintiff pay its share of the costs associated with the website. Plaintiff Dep. (Exhibit 10 hereto) at 67:18–68:6; ("Q. Before you signed the operating agreement in June 15, 2006, the website unisourcediscovery.com was already in existence, correct? A. Yes."); *see also id*. at 70:8–13; Declaration (Exhibit 1 hereto) at ¶ 21.

20.     Mr. Cerasale and Noel Mijares also agreed that Plaintiff would have a limited license to use the Mark and the name "Unisource Discovery Digital Document Retrieval" for its business, but that license would expire upon Mr. Cerasale's resignation or other disassociation from Plaintiff. *See* Plaintiff's Operating Agreement (Exhibit 3 hereto) at p. 5; *see also* Declaration (Exhibit 1 hereto) at ¶ 22.

21.     Noel Mijares was the Director primarily in charge of the day-to-day operations of Plaintiff. Plaintiff Dep. (Exhibit 10 hereto) at 142:20–21, 145:17–19, 150:2–25; *see also* Declaration (Exhibit 1 hereto) at ¶ 23.

22.     On October 15, 2008, Plaintiff (through Noel Mijares) filed a registration with the U.S. Patent and Trademark Office ("USPTO") to register the Mark. *See* Trademark Registration (Exhibit "4" hereto); *see also* Plaintiff Dep. (Exhibit 10 hereto) at 148:187–149:20; Declaration (Exhibit 1 hereto) at ¶ 24.

23.     Although Plaintiff's Affidavit (DE 141-2) claims that "[i]n September 2008, it was decided by the Board of Directors of Unisource Discovery, Inc. to apply for Trademark protection of the Unisource Discovery name and logo with the United States Patent and Trademark Office," this is not true. Mr. Cerasale was a Director in Unisource Discovery, Inc. in 2008, and he was not asked to attend any (nor was he aware of any) Board of Director meeting to agree on filing a trademark registration application with the USPTO. Affidavit (DE 141-2) at ¶ 6; *see also* Declaration (Exhibit 1 hereto) at ¶ 25.

24.     Noel Mijares was the Director solely and/or primarily involved in the process of, and leading up to the, filing the trademark registration application of the Mark with the USPTO. Plaintiff Dep. (Exhibit 10 hereto) at 145:3–19; *see also* Declaration (Exhibit 1 hereto) at ¶ 26.

25.     Plaintiff's trademark registration application included the following material misrepresentations:

  a.     Plaintiff verified that Plaintiff was the "owner" of the Mark when, in reality, Unisource Discovery, LLC was the owner. *See* Trademark Registration Application (Exhibit 4 hereto) at p. 1 (declaring that Plaintiff was the

"owner of mark"); *id.* at p. 4 ("[Plaintiff] believes the applicant to be the owner of the trademark/service mark sought to be registered …..").

b.  Plaintiff verified that Plaintiff first used the Mark "as early as March 1, 2001" when, in reality, Plaintiff did not use the Mark until after it was incorporated in June 2006. *See* Trademark Registration Application (Exhibit 4 hereto) at p. 2 (claiming that "first use anywhere" of the Mark was "[a]t least as early as 03/01/2001"); *see also* Plaintiff's Responses to Request for Admissions (Exhibit "5" hereto) at ¶¶ 1–2 ("Admitted that Unisource [Plaintiff] did not use the Mark until … June 15, 2006 …."); Plaintiff's Dep. (DE 150-10) at 105:21 – 25 ("June 15, 2006, well, that's when we registered the company legally as a Florida corporation. That's when the name was given to the company; that's when the logo was given to the company …."); *id.* at 101:13–20 ("[O]ne of the toys … that Mr. Cerasale brought to the sandbox was the name and logo of Unisource Discovery, Inc. … that was brought ... in 2006 … That's why the company [Plaintiff] is legally named Unisource Discovery, Inc. ... otherwise, our company would be named something else.").

c.  Plaintiff falsely declared that "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource Discovery, LLC and Mr. Cerasale had been using the Mark since 2001 and had every right to continue using the Mark. *See* Trademark Registration Application (Exhibit 4 hereto) at p. 4.

Plaintiff Dep. (Exhibit 10 hereto) at 150:12–151:10; *see also* Declaration (Exhibit 1 hereto) at ¶ 27.

26.     Knowing full well that those material representations to the USPTO were false, Plaintiff (through Noel Mijares) went on to declare "that all statements made of his [ ] own knowledge are true; and that all statements made on information and belief are believed to be true." *See* Trademark Registration Application (Exhibit 4 hereto) at p. 4.

27.     In fact, Plaintiff (through Noel Mijares) acknowledged that it was "warned that willful false statements and the like so made are punishable by fine or imprisonment, or both" and "that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration." *Id.*

28.     Plaintiff admitted that the Trademark Registration Application (Exhibit 4 hereto) demonstrating the aforementioned misrepresentations "is true and correct, complete copy of the trademark registration application submitted to the USPTO by Unisource Discovery, Inc." Plaintiff Dep. (Exhibit 10 hereto) at 148:17–20; *see also id.* at 150:2–25 (admitting that the content of the misrepresentations).

29.     Noel Mijares further admitted that he (not Defendants) commissioned and/or completed, reviewed, and signed the trademark application on behalf of Plaintiff. Plaintiff Dep. (Exhibit 10 hereto) at 142:20–21; *see also id.* 145:17–19; 150:2–25; Declaration (Exhibit 1 hereto) at ¶ 28.

30.     Defendants were not involved in any stage of Plaintiff's trademark registration application process. Plaintiff Dep. (Exhibit 10 hereto) at 143:1–5; *see also id.* at 145:6–19; Declaration (Exhibit 1 hereto) at ¶¶ 29–30.

31.     Defendants did not have any knowledge regarding the misrepresentations that Plaintiff made in the trademark registration application. *See* Plaintiff Dep. (Exhibit 10 hereto) 143:1–5; *see also id.* at 145:6–19; Declaration (Exhibit 1 hereto) at ¶ 31.

32.     Defendants did not know of the contents of Plaintiff's trademark registration application until late January 2021 or early February 2021 when Plaintiff submitted a copy of its trademark registration to Defendants' counsel in response to requests for production of documents. *See* Plaintiff Dep. (Exhibit 10 hereto) at 143:1–5; *see also id*. at 145:6–19; Declaration (Exhibit 1 hereto) at ¶ 32.

33.     As a result of Plaintiff's fraudulent Trademark Registration Application, the USPTO issued a registration to Plaintiff for the Mark on June 9, 2009. *See* Certificate of Registration (Exhibit "9" hereto).

34.     On June 28, 2010, Mr. Cerasale and Noel Mijares (along with prior shareholder Lisa Cote and new shareholder Alfred Lutter) signed a Close Corporation Shareholder Agreement (Exhibit "6" hereto) relating to Plaintiff.

35.     Unisource Discovery, LLC, again, was not a party to the Shareholder Agreement. *See* Plaintiff Dep. (Exhibit 10 hereto) at 27:18–21; *see also id*. at 33:15–17; 35:3–6; Declaration (Exhibit 1 hereto) at ¶ 36.

36.     Under the Close Corporation Shareholder Agreement, the ownership of Plaintiff was set forth as follows: Mr. Cerasale owned 40%; Alfred Lutter owned 10%; Noel Mijares owned 25%; and Lisa Cote owned 25%. Plaintiff Dep. at (Exhibit 10 hereto) at 133:11–134:4; *see also* Declaration (Exhibit 1 hereto) at ¶ 34.

37.     Mr. Cerasale did not sell or contribute any rights to the name "Unisource Discovery Digital Document Retrieval" or to the Mark to Plaintiff in connection with the Close Corporation Shareholder Agreement. *See* Close Corporation Shareholder Agreement (Exhibit 6 hereto); Declaration (Exhibit 1 hereto) at ¶ 35.

38. Again, because Plaintiff acknowledged and understood that Unisource Discovery, LLC and Mr. Cerasale operated (and would continue to operate) Unisource Discovery, LLC using the "Unisource Discovery Digital Document Retrieval" name and the Mark, the Shareholder Agreement provided that "presently existing businesses operated by the Directors [i.e., Mr. Cerasale and Noel Mijares] are complementary to the business of [Plaintiff], and it is anticipated that working relationships, cross referrals, another collaborative activities may be conducted between the Company and such other businesses." Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 37.

39. As to the trademark, the Shareholder Agreement acknowledged that Plaintiff registered the trademark. Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 38.

40. However, Plaintiff acknowledged that the Mark nonetheless continued to belong to Unisource Discovery, LLC by providing that "the parties agree that [Plaintiff] shall be entitled to use the trademark 'Unisource Discovery,' as part of its corporate name … or as a fictitious name, or otherwise." Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 39.

41. In other words, although Plaintiff did not ***own*** the "Unisource Discovery" name or the Mark, Plaintiff would be allowed to continue to use that name and Mark. *See* Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Declaration (Exhibit 1 hereto) at ¶ 40.

42. It was agreed and understood that Unisource Discovery, LLC still owned the Mark and (along with Mr. Cerasale) could use the Mark without restriction. *See* Shareholder Agreement (Exhibit 6 hereto) at p. 2; *see also* Plaintiff Dep. (Exhibit 10 hereto) at 212:20–213:22; Declaration (Exhibit 1 hereto) at ¶ 41.

43.     Plaintiff further restated that it "shall have exclusive rights to utilize the Florida Platform of 'The Subpoena Company' to establish a presence in the region [i.e., in South Florida]," while Unisource and Mr. Cerasale would continue to serve customers nationwide. Plaintiff Dep. (Exhibit 10 hereto) at 212:20–213:22; *see also* Declaration (Exhibit 1 hereto) at ¶ 42.

44.     Noel Mijares otherwise continued to be the Director primarily in charge of operating the day-to-day business of Plaintiff. Plaintiff Dep. (Exhibit 10 hereto) at 142:20–21, 145:17–19, 150:2–25; *see also* Declaration (Exhibit 1 hereto) at ¶ 43.

45.     Plaintiff never exercised any supervision or control over the activities of Unisource Discovery, LLC or Mr. Cerasale with respect to the Mark or the trademark, nor did Plaintiff ever have the right or authority to exercise such supervision or control. Plaintiff Dep. (Exhibit 10 hereto) at 212:20–213:22; *see also id.* at 211:10–13; 216:5–8 ("[Q. Defendants] continued to use the mark without interference, if you will, until February 21, 2020, correct? A. Correct."); Declaration (Exhibit 1 hereto) at ¶ 44.

46.     It was agreed and understood that Unisource Discovery, LLC and Mr. Cerasale could use the Mark and trademark as they deemed fit without any interference, control, supervision, or say from Plaintiff. Plaintiff Dep. (Exhibit 10 hereto) at 212:20–213:22; *see also id.* at 211:10–13; 216:5–8 (Defendants "continued to use the mark without interference, if you will, until February 21, 2020, correct? A. Correct."); Declaration (Exhibit 1 hereto) at ¶ 45.

47.     On February 21, 2020, Plaintiff (through Noel Mijares) attempted to "revoke" a supposed "license" that it ostensibly gave Unisource Discovery, LLC for the use of the Mark and trademark. *See* February 21, 2020 Letter (Exhibit "7" hereto) at p. 1 ("Unisource Discovery, LLC no longer has the Right to Use, Market or Transact business under the USPTO Registered

11

Trademark of Unisource Discovery"); *see also* Plaintiff Dep. (Exhibit 10 hereto) at 206:9–21; Declaration (Exhibit 1 hereto) at ¶ 46.

48.    On May 12, 2020, Plaintiff (again, through Noel Mijares) sent another letter threatening to sue based upon Unisource Discovery, LLC's continued and lawful use of the Mark—which belonged and continues to belong to Unisource Discovery, LLC and Mr. Cerasale. *See* May 12, 2020 Letter (Exhibit "8" hereto); *see also* Declaration (Exhibit 1 hereto) at ¶ 47.

49.    With the exception of Plaintiff's two demand letters in 2020 and this lawsuit, Plaintiff has never even attempted to control, supervise, police, or dictate in any way how Unisource Discovery, LLC uses the Mark or trademark, markets its products, or performs its services. Plaintiff Dep. (Exhibit 10 hereto) at 211:10–13; *see also id*. at 212:20–213:22; 216:5–8 (Defendants "continued to use the mark without interference, if you will, until February 21, 2020, correct? A. Correct."); Declaration (Exhibit 1 hereto) at ¶ 48.

50.    During its more than twenty years of existence, Unisource Discovery, LLC (through Mr. Cerasale) has used the Mark as it deems fit in its sole discretion. Plaintiff Dep. (Exhibit 10 hereto) at 211:18–19 (admitting that Defendants created the Mark); *see also id*. at 212:20–213:22; 216:5–8 (admitting that Defendants used the mark without restriction or interference until February 21, 2020); Declaration (Exhibit 1 hereto) at ¶ 49.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on August 6, 2021, on all counsel or parties of record on the Service List below.

 /s/ Victor M. Velarde 
Victor M. Velarde

| SERVICE LIST<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |