**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

               Plaintiff,

   v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

               Defendants.

_____

**PLAINTIFF, UNISOURCE DISOVERY, INC. MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff, Plaintiff, Unisource Discovery, Inc. a Florida Corporation ("Unisource"), by and through their undersigned attorneys, and moves this Court for leave to file its Second Amended Complaint, and in support thereof, would respectfully show the Court as follows:

Plaintiff moves to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, and Local Rule 15.1. Good cause exists to grant this requested amendment. The proposed amendment accompanies this motion as required by Local Rule 15.1. The Defendants take no position to this amendment.

Plaintiff filed its original Complaint on August 6, 2020. In the Second Amended Complaint the Plaintiff, pursuant to this Court's directive, removed all duplicate claims, as found in the Florida State case no 2018-036161-CA-01 that is currently pending in the 11th Circuit Court of Miami-Dade County.  These claims, include but are not limited to, removing its Breach of Fiduciary Duty and corresponding allegations.

Plaintiff has additionally included specific performance as a new claim against all

1

Defendants.  Here. because the value of the personal property – *i.e.,* Plaintiff's trademark -- involved is uncertain or otherwise not readily ascertainable in the open market, and since the damages resulting from the breach of the contract may be too uncertain or indefinite with trademark infringement, specific performance will apply to Plaintiff's personal property – that is, Plaintiff's trademark.

## **MEMORANDUM**

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party may amend the party's pleadings only by leave of court. However, the Rule also provides that leave of court shall be freely given when justice so requires. The Supreme Court has directed "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). Therefore, there must be a "justifying reason" for a court to deny leave. *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812 (M.D. Fla. 1995) citing *Foman*, *supra*, 371 U.S. at 182 and *Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985)

Here, the Amended Complaint is not filed in any dilatory fashion. This is the second amendment is sought to narrow the litigation to specific claims and defenses. This amendment was trigger by the Court's directive to remove the duplicate claims currently pending in the aforementioned State case. sought, and is brought to the court's attention at a time consistent with the Case Still, while discovery has been conducted to some extent, outstanding remains Plaintiff's Temporary Injunction against defendant Unisource California.

For all foregoing reasons, Plaintiff asks this Court to grant the unopposed motion for leave to file the Amended Complaint that is attached hereto.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on August 23, 2021.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
    ddv@ddvlawgroup.com

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.