**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____ /

## ORDER

THIS CAUSE came before the Court upon Plaintiff Unisource Discovery, Inc.'s ("Plaintiff") Motion for Leave to File Amended Complaint (hereafter, "Motion for Leave to Amend") [D.E. 114]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20]. The undersigned held a hearing on this matter on August 12, 2021 (hereafter, "Hearing") [D.E. 154]. For the reasons stated below, the Motion for Leave to Amend is DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action against Defendants Unisource Discovery, LLC and Steven A. Cerasale ("Cerasale") (together, "Defendants") on August 6, 2020. See Complaint for Damages and Injunctive Relief (hereafter, "Complaint") [D.E. 1]. In its Complaint, Plaintiff asserts claims against Defendants under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for allegedly infringing on the following United States Federal Trademark:



Id.

On July 21, 2020, in a related action filed by Cerasale against Plaintiff in Florida state court, Plaintiff filed a counterclaim (hereafter, "Counterclaim") against Cerasale alleging that:

- Cerasale is the owner and managing member of Unisource Discovery[,] LLC . . . and Equicopy, LLC., a California company (referred to as "Equicopy") . . . .

- [Unisource Discovery, LLC] and Equicopy [are] in the same or similar business of legal support in the legal industry as [Plaintiff].

- Cerasale, through [Unisource Discovery, LLC] and Equicopy, is expanding its coverage-area to Florida.

- Cerasale is seeking to compete and/or eliminate [Plaintiff] as competitor.

See Counterclaim [D.E. 117-1 at 12–13].

On December 2, 2020, the Court entered its Scheduling Order prescribing a deadline of January 15, 2021 for the "[j]oinder of any additional parties and filing of motions to amend the complaint." See Scheduling Order [D.E. 33].

On May 28, 2021, Plaintiff filed the Motion for Leave to Amend, seeking leave of Court to file its proposed First Amended Complaint (hereafter, "Proposed First Amended Complaint") adding Equicopy as a defendant and asserting three additional claims against Cerasale. See Motion for Leave to Amend [D.E. 114 at 1–2]; Proposed First Amended Complaint [D.E. 114-1]. At the Hearing, Plaintiff agreed to modify its Proposed First Amended Complaint to exclude the three additional claims against Cerasale after acknowledging that those claims had already been asserted in the related Florida state court action. Therefore, Plaintiff's Motion for Leave to Amend was narrowed in scope to the addition of Equicopy as a defendant.

2

## DISCUSSION

"[T]he Court of Appeals for the Eleventh Circuit has explained that, 'when a motion to amend is filed after a scheduling order deadline, Rule 16 [of the Federal Rules of Civil Procedure (hereafter, "Rule 16")] is the proper guide for determining whether a party's delay may be excused.'" Aceituno v. Carnival Corp., No. 20-CV-23935, 2021 WL 1647890, at *2 (S.D. Fla. 2021) (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)).

Rule 16(b)(4) provides that a court's "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Aceituno, 2021 WL 1647890, at *2 (quoting Sosa, 133 F.3d at 1418); see also De Varona v. Disc. Auto Parts, LLC, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) ("diligence is the key to satisfying the good cause requirement.") (citing Sosa, 133 F.3d at 1419). "If either the facts necessary to formulate the claim were known prior to the deadline or the moving party failed to seek the information it needed to determine whether an amendment was required before the deadline passed, the moving party cannot establish the Rule 16(b) diligence necessary to show good cause." Beyel Bros., Inc. v. EMH, Inc., No. 19-CV-14392, 2020 WL 6143633, at *3 (S.D. Fla. 2020) (citing Southern Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241–42 n.3 (11th Cir. 2009)). "If the party seeking relief 'was not diligent, the [good cause] inquiry should end.'" ConSeal Int'l Inc. v. Neogen Corp., No. 19-CV-61242, 2020 WL 2494596, at *3 (S.D. Fla. 2020) (alteration in original) (citing Sosa, 133 F.3d at 1418).

In support of its Motion for Leave to Amend, Plaintiff states that, "Facts arose that show Equicopy is owned by defendant Steven Cerasale and it has been used as part of the larger scheme with defendants' [Unisource Discovery, LLC] and Steven Cerasale against Plaintiff. Steven

Cerasale directs both companies' actions – Equicopy and defendant [Unisource Discovery, LLC]." See Motion for Leave to Amend [D.E. 114 at 1–2].  As noted above, Plaintiff alleges the existence of Cerasale's relationship with Equicopy and Equicopy's alleged involvement in the "larger scheme . . . against Plaintiff" in the Counterclaim it filed in the state court action on July 21, 2020. See Counterclaim [D.E. 117-1 at 12–13].  Thus, the facts supporting the addition of Equicopy as a defendant in this action were known to Plaintiff nearly six months before the Court's January 15, 2021 deadline for the joinder of additional parties and the filing of motions to amend the complaint. Scheduling Order [D.E. 33].  As a result, Plaintiff cannot establish the Rule 16(b) diligence necessary to show good cause for seeking amendment of the Complaint at this juncture.  Beyel Bros., Inc., 2020 WL 6143633, at *3.

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Leave [D.E. 114] is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of August, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Darrin P. Gayles
       Counsel of Record

4