UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff Unisource Discovery, Inc.'s ("Plaintiff") Motion for Sanctions and Attorney's Fees Pursuant to Florida Statute 57.105 (hereafter, "Motion for Sanctions") [D.E. 115]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20]. The undersigned held a hearing on this matter on August 12, 2021 [D.E. 154]. For the reasons stated below, Plaintiff's Motion for Sanctions is DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action against Defendants Unisource Discovery, LLC and Steven A. Cerasale (together, "Defendants") on August 6, 2020. See Complaint for Damages and Injunctive Relief (hereafter, "Complaint") [D.E. 1]. In its Complaint, Plaintiff asserts claims against Defendants under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for allegedly infringing on the following United States Federal Trademark:

UNISOURCE
DISCOVERY

DIGITAL DOCUMENT RETRIEVAL

Id.

On September 22, 2020, Defendants filed their Answer and Affirmative Defenses to Complaint (hereafter, "Answer") [D.E. 13].

On March 24, 2021, Defendants sought leave of court to amend their Answer to assert one additional Affirmative Defense and a Counterclaim for Cancellation of Trademark based on their contention that "Plaintiff made material and fraudulent misrepresentations in its trademark registration application with the [United States Patent and Trademark Office]." See Motion for Leave to File Amended Answer and Affirmative Defenses to Complaint and Counterclaim (hereafter, "Motion to Amend") [D.E. 81 at 1]; Proposed Amended Answer and Affirmative Defenses to Complaint and Counterclaim [D.E. 81-2].

On April 7, 2021, Plaintiff filed its Opposition to the Motion to Amend, arguing that the Motion to Amend was futile because the proposed Counterclaim was barred by the applicable statute of limitations. See Opposition to the Motion to Amend [D.E. 86 at 1, 6–9].

On May 28, 2021, Plaintiff filed the Motion for Sanctions, arguing that it is entitled to sanctions against Defendants pursuant to Fla. Stat. § 57.105 because Defendants' proposed Counterclaim is: (1) barred by the applicable statute of limitations; and (2) inadequately pled. See Motion for Sanctions [D.E. 115].

On June 14, 2021, the undersigned granted Defendants' Motion to Amend, finding that Plaintiff's statute of limitations argument "[did] not apply to Defendants' proposed amendment because it [was] based on Plaintiff's alleged fraud and such claims [could] be brought 'at any time.'" See Order [D.E. 118 at 6] (citing 15 U.S.C. § 1064 (hereafter, "Section 1064")).  As noted

2

by the undersigned, "Section 1064 expressly provides that petitions can be brought 'at any time.' Because this statutory text is clear, the court need not provide further analysis. The statute either supplies a statute of limitations or, more accurately, eliminates all possible limitation periods." See Order [D.E. 118 at 6] (quoting Progressive Emu, Inc. v. Nutrition & Fitness, Inc., No. 12-CV-01079, 2013 WL 12133659, at *4 (N.D. Ala. 2013)).  In light of that finding, and because the Motion for Sanctions is also "based on the flawed statute of limitations argument," the Court extended Defendants' deadline to respond to the Motion for Sanctions to June 18, 2021, pending Plaintiff's potential withdrawal of same.  See Order [D.E. 118 at 7].

On June 18, 2021, Defendants filed their Opposition to the Motion for Sanctions (hereafter, "Response"), requesting that Plaintiff be sanctioned "for filing and refusing to withdraw [its] frivolous Motion [for Sanctions]" in light of the Court's prior ruling on Plaintiff's statute of limitations argument.  See Response [D.E. 120].

## DISCUSSION

To be entitled to sanctions pursuant to Fla. Stat. § 57.105, "the trial court *must* find that the action was 'frivolous or so devoid of merit both on the facts and the law as to be completely untenable.'"  MC Liberty Express, Inc. v. All Points Servs., Inc., 252 So. 3d 397, 403 (Fla. 3d DCA 2018) (alteration omitted) (quoting Tr. Mortg., LLC v. Ferlanti, 193 So. 3d 997, 1000 (Fla. 4th DCA 2016)).  "The standard of frivolousness necessary to support an award of [sanctions] pursuant to [Fla. Stat. §] 57.105 'is *not* equivalent to the standard required to prevail on a summary judgment, judgment on the pleadings, or even a motion to dismiss for failure to state a cause of action.'"  Resnick v. Cty. Line Auto Ctr., Inc., 639 So. 2d 1091, 1092 (Fla. 3d DCA 1994) (quoting Rojas v. Drake, 569 So.2d 859, 860 (Fla. 2d DCA 1990)); see also Strothman v. Henderson Mental Health Ctr., Inc., 425 So. 2d 1185, 1185 (Fla. 4th DCA 1983) ("The mere failure of the appellant

3

to state a cause of action in her original or amended pleadings was not sufficient, in and of itself, to support a finding that her claim was so lacking in merit as to justify the invocation of [Fla. Stat. §] 57.105.").

As noted above, Plaintiff argues that it is entitled to sanctions against Defendants pursuant to Fla. Stat. § 57.105 because Defendants' Cancellation of Trademark Counterclaim is (1) barred by the applicable statute of limitations; and (2) inadequately pled.  See Motion for Sanctions [D.E. 115].  As to Plaintiff's statute of limitations argument, the undersigned already found it to be lacking in merit because Defendants' Cancellation of Trademark Counterclaim is "based on Plaintiff's alleged fraud and such claims can be brought 'at any time.'"  See Order [D.E. 118 at 6]. As to Plaintiff's argument that the Cancellation of Trademark Counterclaim is inadequately pled, the purported pleading deficiency, is "not sufficient, in and of itself, to support a finding that [Defendants'] claim [is] so lacking in merit as to justify the invocation of [Fla. Stat. §] 57.105." Strothman, 425 So. 2d at 1185; Resnick, 639 So. 2d at 1092.  Therefore, there is no basis for imposing sanctions on Defendants pursuant to Fla. Stat. § 57.105.[1]

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Sanctions [D.E. 115] is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of August, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Darrin P. Gayles
        Counsel of Record

---

[1]  With regard to Defendants' request that Plaintiff be sanctioned for refusing to withdraw the Motion for Sanctions, the undersigned declines to grant such request.