**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

       Plaintiff,

  v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

       Defendants.

_____

### PLAINTIFF, UNISOURCE DISCOVERY INC, RENEWED MOTION FOR LEAVE TO AMEND, AND IN THE ALTERNATIVE, RECONSIDERATION ON ORDER DENYING LEAVE TO AMEND COMPLAINT [DE 161]

Plaintiff, Unisource Discovery Inc., pursuant to the Federal Rules of Civil Procedure, files its Renewal of Motion for Leave to Amend Complaint and, in the Alternative, Plaintiff's Motion for Reconsideration of Order Denying Leave to Amend Complaint [DE 161], pursuant to Rule 15, Rule 16, Rule 59 and Rule 60 (collectively "Motion"), and states,

### PRELIMINARY STATEMENT

1.     Central to this Motion, this Honorable Court rejected the Plaintiff's request to enter an Order granting leave to amend its first amended complaint, which the Plaintiff argues incorporates recently obtained new evidence during discovery. In its Order [DE 161], this Honorable Court ruled, *inter alia*, "[T]he Court of Appeals for the Eleventh Circuit has explained that 'when a motion to amend is filed after a scheduling order deadline, Rule 16 [of the Federal Rules of Civil Procedure (hereafter, "Rule 16")] is the proper guide for determining whether a party's delay may be excused.'" Aceituno v. Carnival Corp., No.

1

20-CV-23935, 2021 WL 1647890, at 2 (S.D. Fla. 2021) (quoting <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998))."

2.  In doing so, the Court rejected the Plaintiff's effort to add an additional party, Equicopy, and amongst other reasons discussed more fully below found that "good cause" was not shown, *to wit,*

"As a result, Plaintiff cannot establish the Rule 16(b) diligence necessary to show good cause for seeking amen8dment of the Complaint at this juncture. <u>Beyel Bros., Inc.,</u> 2020 WL 6143633, at 3."

3.  In essence, the Court found that Plaintiff to not satisfy the January 15, 2021, deadline to amend the complaint and add parties even though Plaintiff filed its leave to amend prior to the expiration of the discovery deadlines under the Joint Scheduling Order [DE 33].

4.  The Plaintiff wishes to *first* make clear that it respectfully understands "[t]he scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Friedman v. Coffman*, No. 10-60989, 2012 WL 668021, at 1 (S.D. Fla. Feb. 29, 2012) (Scola, J.) (citation omitted). A scheduling order may be modified "only for good cause and with the judge's consent." *Fed. R. Civ. P.* 16(b)(4); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998)

5.  In addition, the Plaintiff understands that, "where a party seeks leave to amend *after* a scheduling order deadline has passed, as is the case here, that party must first demonstrate good cause for the tardy amendment under Rule 16(b) before a court can consider whether the proposed amendments are proper under Rule 15." *cf. Carruthers v. BSA Advertising, Inc.,* 357 F.3d 1213, 1218 (11th Cir. 2004) ("Because [the plaintiff] filed her motion for leave to amend her first amended complaint after the discovery deadline and after the close of pleadings, without adequately justifying the delay, the district court did not abuse its discretion in denying it."); *Williams v. Baldwin County Commission,* 203 F.R.D. 512, 516 (S.D. Ala. 2001) ("[W]hile leave to amend may be freely given, parties are bound to comply with the requirements set forth by a court's Rule 16(b) scheduling deadlines. Indeed, where a party seeks leave to amend *after* a scheduling order deadline has passed, as is the case here, that party must first demonstrate

good cause for the tardy amendment under Rule 16(b) before a court can consider whether the proposed amendments are proper under Rule 15."

6.      However, and as applicable in the instant case, the newly discovered evidence arose after the very early January 15, 2021, expired (but not before the expiration of the discovery deadlines) and "This good cause standard precludes modification *unless the schedule cannot be met despite the diligence of the party seeking the extension.*" (emphasis added) *Friedman*, 2012 WL 668021, at 1 (citation omitted); *see also Fed. R. Civ. P.* 16 advisory committee's note; *De Varona v. Disc. Auto Parts, LLC,* 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) ("diligence is the key to satisfying the good cause requirement."). This will be discussed more fully below.

7.      Here, the Plaintiff shows that it indeed acted with utmost diligence under applicable law and have detailed the facts as to how and when it exercised "diligence" in pursuing its claims against Equicopy and efforts to comply with the Joint Scheduling Order deadlines [DE 33]. Furthermore, the  Plaintiff also shows that the facts of the case fall within the ambit of *Freidman* whereas "… the schedule cannot be met despite the due diligence of the party seeking the extension" because these new facts were learned well after the January 15, 2021, deadline to amend the complaint and join parties; compelling is the fact that Plaintiff did file its Leave To Amend Plaintiff's Complaint [DE 114] and Plaintiff's Amended Injunction adding Equicopy [DE 139] *prior* to the discovery deadline under the Joint Scheduling Order [DE 33]. *Id.*

**PROCEDURAL POSTURE OF THIS CASE**

**AND SUPPORTIVE FACTS**

8.      On August 6, 2020, Unisource filed a Complaint advancing the following claims: (1) Trademark Infringement; (2) False Designation of Origin and Unfair Competition; (3)   Florida Common Law Trademark Infringement; (4) Florida Common Law Unfair Competition; (5) Trademark Counterfeiting; (6) Federal False Designation Of Origin and False Advertising (15 U.S.C. § 1125(a)); (7) Trademark Infringement (Florida Common Law); (8) Unfair Competition(Florida Common Law) (9)

Deceptive Trade Practice Under Florida Law; (10) Misleading Advertising Under Florida Law (Fla. Stat. Ann. § 817.41); and (11) Breach of Contract / Implied Covenant of Good Faith and Fair Dealing.

9. On October 28, 2020, Unisource filed its Motion for Preliminary Injunction [De 18] because of the continued trademark infringement and evidence that shows Defendant Steven Cerasale is using his California company, Defendant Unisource Discovery, LLC [California], to convert Plaintiff's clients and thus usurp revenue from Plaintiff Unisource Discovery, Inc. [Florida].

10. In July 2021, during the course of discovery Plaintiff Unisource learned that Defendant Steven Cerasale was using Equicopy to continue Defendants conversion of clients from Unisource Florida – here, the Plaintiff learned that Defendants were using Equicopy to assist with Defendants effort to confuse Unisource Florida Clients  -- and re-directing and channeling Plaintiff's clients to Defendant Unisource [California] to avoid detection.

11. On May 28, 2021, Unisource Florida filed its Motion for Leave to Amend Its Complaint to add the party Equicopy. On July 12, 2021, immediately after learning and conducting its due diligence in-connection with Defendants' scheme to employ Equicopy, Unisource Florida Amended the Motion for Preliminary Injunction [DE 139] to include Equicopy.

## CITATION TO AUTHORITY

12. Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave*." Fed. R. Civ. P*. 15(a)(2).

13. "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

4

14.     Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

15.     Under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings. See *Fed. R. Civ. P.* 16(b)(3).

16.     Scheduling orders may be modified only "for good cause and with the judge's consent." See id. at Rule 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note)

17.     Accordingly, when a motion to amend is filed <u>after</u> a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Id*. at 1418 n.2; *see also Smith v. Sch. Bd. of Orange Cty*., 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa,* 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).

18.     Therefore, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Id*. at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." Id. at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note).

19.     Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id*. at 1419; *Access Point Fin., Inc. v. Exit-Indy Suites, LLC*, 2016 U.S. Dist. LEXIS 30315, 4, 2016 WL 892240 (N.D. Ga., Mar. 9, 2016) (alterations in original) (quoting *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citations omitted)).

20.     If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id*.

21.     Through this lens, the Plaintiff asserts good cause exists as explained in the instant Motion, below.

## ARGUMENT

### A. **Plaintiff Shows It Exercised Diligence**

22.     First, "Defendants [here, the Plaintiff] did not fail to acquire information during the discovery period." *Access Point Fin.*, 2016 U.S. Dist. LEXIS 30315, at 6. During discovery, Plaintiff obtained information and knowledge showing that Equicopy was being used to funnel clients to Defendants – that is, clients that were originally being funneled through Defendant Unisource California.  Apparently, the Defendants began using Equicopy to shroud their conversion of Plaintiff's clients.  When (the exact or proximate date) Defendants began to use Equicopy is still unknown and requires further diligence.

23.     Like the defendants in *Access Point Fin.*, here the Plaintiff sough to amend its complaint based upon "… information that was obtained, corroborated, or clarified during discovery." *Id.* (finding first factor in favor of moving party and noting "[t]his acquisition of information during discovery suggests that Defendants were reasonably diligent in seeking out and securing that information").

24.     Second, the Plaintiff's "propose to amend their [pleading] based on information learned as a result of [discovery]." *Id.* at 6. As stated above, the Plaintiff  had no need – or reason -- to investigate the

6

validity of any potential claims against Equicopy because Equicopy was barely known to Plaintiff and was not a threat.  Once this lawsuit was filed, Plaintiff acted diligently to support its claims, which included investigating all parties and persons connected with the Defendants. It was only during the course of discovery that Plaintiff learned that Defendants began using Equicopy that convert Plaintiff's clients to intentionally conceal their acts of client theft. In fact, Plaintiff could not have foreseen this discovery earlier.

25.     The record reflects that discovery had newly commenced prior to the very early January 15, 2021, deadline to join parties and/or amend the complaint pursuant to the Joint Scheduling Order [DE 33].

26.     Therefore, the second factor also weighs in favor of granting Plaintiff's Motion. *See Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1256 (11th Cir. 1998) (finding no undue delay in part because the case was not one where the facts supporting the proposed amendment were known at the time of the original pleading).

27.     Third, the Plaintiff acted promptly to file this Motion after learning of the information forming the basis of adding the party, Equicopy.  Like the defendants in *Access Point Fin*., the Plaintiff acted promptly to "file[] their [a]mendent ***before the end of the extended discovery period***" even through with Plaintiff's diligence, and the timing of when Plaintiff learned of Equicopy conduct, was [closely] after the expiration of the discovery periods. *See id.* at 7 (emphasis added) (finding third factor in favor of moving party).

28.     As mentioned, according to the Joint Scheduling Order [DE 33] the "fact discovery" deadline was July 5, 2021. In this respect, Plaintiff met that deadline.

29.     However, this Court assertion that according to Plaintiff's Motion for Leave To Amend [DE 114],

"Thus, the facts supporting the addition of Equicopy as a defendant in this action ***were known to Plaintiff nearly six months before the Court's January 15, 2021 deadline*** for the joinder of additional parties and the filing of motions to amend the complaint. Scheduling Order [D.E. 33].

As a result, Plaintiff cannot establish the Rule 16(b) diligence necessary to show good cause for seeking amendment of the Complaint at this juncture. Beyel Bros., Inc., 2020 WL 6143633". (emphasis added)

30.     Plaintiff's language in its Motion for Leave to Amend [DE 114] has either been misconstrued or Plaintiff poorly penned that motion.  Either way, Plaintiff clarifies.

31.     In fact, Plaintiff learned that Defendant Steven Cerasale opened a business called Equicopy in year 2016.  Of course, given the trust and mounting recrimination between all parties during litigation the Plaintiff "eyed" Equicopy from time-to-time; however, Plaintiff has no reason to believe Equicopy was a threat and frivolously include Equicopy in the litigation.

32.     Then, during the course of discovery it was learned that Equicopy was being exploited to convert Plaintiff's clients and thereafter Plaintiff needed to conduct a measure of continued due diligence to confirm these facts prior to filing its leave to amend.  As discussed, Plaintiff had no method to learn or reasons to believe that Equicopy was used to damage Plaintiff, in the conversion of Plaintiffs clients.

33.      Accordingly, all three factors underlying that standard weigh in favor of Plaintiff and warrant granting this Motion.

B.  **Plaintiff Additionally Shows the Schedule Cannot Be Met Despite Plaintiff's diligence**

34.     Here, according to the Joint Scheduling Order [DE 33] the "fact discovery" deadline was July 5, 2021 and the "Joinder of any additional parties and filing of motion to amend the complaint" was January 15, 2021.

35.     First, the January 15, 2021, deadline for "Joinder of any additional parties and filing of motion to amend the complaint" was January 15, 2021 -- only 42-days after the Joint Scheduling Order [DE 33] was entered. Possibly, Plaintiff erred when not seeking more time to amend its complaint and/or join parties; however, it was *not foreseeable* and therefore *impossible* for Plaintiff would learn of Equicopy's conduct prior to the January 15, 2021, deadline. Even with the utmost diligence by Plaintiff

this information could not have surfaced prior to when Plaintiff sought to amed its complaint on May 28, 2021 (DE 114] and after discovery occurred.

36.     Sensibly speaking, at no time prior to January 15, 2021, had any reasonable amount of discovery been completed – that is, the parties did not take depositions, discovery was at its beginning stages, and  the case had only advanced for approximately 45-days since the Joint Scheduled Order was entered [DE 33].

37.     The first act of Plaintiff's diligence occurred on July 12, 2021, when the Plaintiff amended its motion for preliminary injunction to add Equicopy as a Defendant [DE 139] – only seven (7) days after the fact discovery deadline of July 5, 2021.

38.     On May 28, 2021, the Plaintiff filed its leave to amend of complaint [DE 114] ---  over one --- month *before* the "fact discovery deadline" of July 5, 2021, expired under the Joint Scheduling Order [DE 33].

39.     In these respects, Plaintiff shows it acted diligently when using discovery to learn of these facts. *United States v. $172,760 in U.S. Currency*, 2007 WL 1068138 (M.D. Ga. 2007) (Even when the amendment is sought as a result of new information obtained during discovery, it is not an abuse of discretion to deny leave to amend if the moving party unduly delays pursuit of the amended pleading).

40.     Plaintiff had no other means to learn of Equicopy's bad acts until it conducted substantial discovery and some due diligence to confirm. As such, the dates and the timeline clearly shows that the January 15, 2021 deadline to join parties and/or amend the complaint under Joint Scheduling Order [DE 33] *could not be met* despite Plaintiff's effort(s) and Plaintiff's diligence; however, Plaintiff did meet the "fact discovery" deadline of July 5, 2021, when seeking leave to amend prior to that date.

C.     **Fairness And Efficiency Warrants Granting Plaintiff's Motion**

41.     Justice – as well as fairness and efficiency – warrants the grant of Plaintiff's Motion.   If this Motion is denied, Plaintiff will have to file a new, separate lawsuit, which is inefficient for the parties and the Court. *See e.g.*, *Lockheed Martin Corp. v. L-3 Communs. Corp.*, 2007 U.S. Dist. LEXIS 101871

(N.D. Ga., May 15, 2007) (allowing a defendant to pursue claims in a separate action that were originally brought as counterclaims after court denied Rule 16 motion to amend).[1]

42.     Given that the facts and evidence relevant to Plaintiff's claims in this action are the same facts and evidence that will be used to prove Defendants' counterclaims, it makes no sense for these competing claims to be heard in separate actions where the parties will face two sets of nearly identical discovery, duplicate depositions of the same witnesses, duplicate briefing of the same issues, and face the potential for inconsistent results.  The more efficient approach, and the approach that justice requires, is to resolve all the issues once in the same case.

43.     For these reasons, the Motion should be granted. *See*, *e.g.*, *Williams v. Bank of Am.*, N.A., 2013 U.S. Dist. LEXIS 193719, 13 (N.D. Ga., Oct. 1, 2013) (granting motion to amend pleading in the interest of justice because no undue delay or prejudice); *Insect Sci. Res.*, 2008 U.S. Dist. LEXIS 128452 at 26 (same); *see also Bryant v. Dupree*, 252 F.3d 1161, 1165 (11th Cir. 2001) ("Because there is no evidence that allowing an amendment at this stage would prejudice [the opposing party], the district court should have allowed the [amended pleading].").

D. **Plaintiff Submits Its Affidavit in Support**

44.     Plaintiff provides its affidavit/sworn testimony from CEO and President, Noel Mijares to support its representation that it could not have discovered Equicopy's bad acts prior to January 15, 2021

---

[1] In *Lockheed Martin*, the Court denied a defendant's motion for leave to assert a counterclaim for failing to meet Rule 16's "good cause" standard. *See id.* at 3. The defendant subsequently refiled the same claims in a separate action, which the opposing party sought to enjoin. *Id.* at 3-4. This Court allowed the defendant's newly-asserted claims to move forward, rejecting plaintiff's argument that the defendant's claims were compulsory counterclaims. The Court explained that "[a] counterclaim acquired by defendant after he has answered will not be considered compulsory, even if it arises out of the same transaction as does plaintiff's claim." *Id.* at 7 (quoting 6 Wright and Miller, Federal Practice and Procedure § 1411). The court found that the defendants "learned of the factual bases for the claims brought in the new . . . action well after the deadline for filing amended pleadings in the instant litigation" and denied plaintiff's motion to enjoin. *Id.* at 7-8.

--- after the deadline to amend pleadings. *See Orr v. Orbis Corp.*, 2009 WL 10669722, at 5 (N.D. Ga. Jan. 22, 2009)  (See Attached Affidavit of Noel Mijares)

## **CONCLUSION**

45.      Accordingly, Plaintiff has detailed in valid basis for "good cause" with specificity, the reason for not joining Equicopy and amending its complaint prior to the January 15, 2021, deadline – a deadline that was within 45-days after the Joint Scheduling was entered [DE 33]. The Plaintiff also detailed the diligence it expended (how and when) to meet its burden under Rule 16. *See Orr v. Orbis Corp.*, 2009 WL 10669722, at 5 (N.D. Ga. Jan. 22, 2009) (denying plaintiff's motion for leave to amend because "[p]laintiff belatedly offered only a general, vague and conclusory explanation for his delay. He offered no affidavit or sworn testimony concerning his diligence in pursuing the proposed amendment"); *see also De Varona v. Discount Auto Parts, LLC,* 285 F.R.D. 671, 672– 73 (S.D. Fla. 2012) ("[D]iligence is the key to satisfying the good cause requirement").

46.      Further, Plaintiff's amended complaint does not create any jurisdictional issues and/or venue matters such as diversity and continues advancing its several Federal claims.

47.      Because (1) this circuit embraces a policy of liberally granting amendments, (2) the Federal Rules of Civil Procedure dictate that leave should be given freely when justice so requires, and (3) there being no "substantial reason" to deny the Motion,  Plaintiff respectfully asks this Court to find it has carried its burden under  *Fed. R. Civ. P*. 15(a)(2) and *Fed. R. Civ. P*.  16 to permit its first amendment and grant reconsideration.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the PACER E-Filing Portal on this 2nd day of September, 2021 upon: Juan C. Zorilla, Esq., **jzorilla@fowler-white.com**, Fowler, White, Burnett, P.A. counsel for Unisource Discovery, LLC and Steven A. Cerasale.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: /s/ *Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:    ddvlaw@gmail.com
           ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.