**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
      Plaintiff,
v.

UNISOURCE   DISCOVERY,   LLC,   and
STEVEN A. CERASALE, individually,
      Defendants.

### MOTION TO STRIKE PLAINTIFF'S RENEWED MOTION FOR LEAVE TO AMEND AND IN THE ALTERNATIVE RECONSIDERATION (DE 171) AND FOR SANCTIONS BASED UPON PLAINTIFF'S FRAUD UPON THE COURT

Pursuant to the Court's inherent authority, Defendants hereby move to strike Plaintiff's Renewed Motion for Leave to Amend, and in the Alternative, Reconsideration on Order Denying Leave to Amend Complaint (DE 171) because it perpetrates a fraud upon the Court.

Plaintiff's Motion (DE 171) is based upon one falsehood: that Plaintiff "did not know and even with the utmost diligence -- we could not have learned -- of Equicopy [Inc.] as a threat and part of the scheme to poach clients … until the Defendants 'responded' to the discovery [after the January 15, 2021 deadline to amend the Complaint]." *See* Aff. of Noel Mijares (DE 171-1) at ¶ 8; *see also* Motion (DE 171) at p. 8 ("[D]uring the course of discovery it was learned that Equicopy [Inc.] was being exploited to convert Plaintiff's clients.").

Plaintiff's statement is demonstrably false and perpetrates a fraud upon the Court.

To begin with, Plaintiff has already testified that it supposedly "knew" as early as August 1, 2017 that Equicopy, Inc. was allegedly "poaching clients." On ***August 1, 2017***, Plaintiff organized a company by the name of "Equicopy, LLC" in Florida. *See* Dep. of Plaintiff (DE 152-10) at 159:8–17. According to Plaintiff, it organized Equicopy LLC on August 1, 2017 precisely because Equicopy, Inc. was "poaching" Plaintiff's clients.

Below are excerpts of Plaintiff's deposition testimony wherein Plaintiff testified under oath that it "knew" as early as August 1, 2017 that Equicopy, Inc. was ostensibly poaching clients:[1]

Q.      So if I understood your testimony, this [Plaintiff organizing Equicopy, LLC] was in response to Mr. Cerasale organizing Equicopy, Inc., in California, correct?

A.      That is correct. That is exactly correct.

Q.      So as of August 1st, 2017, you and Unisource Discovery, Inc. knew that Mr. Cerasale had organized Equicopy [Inc.] in California, correct?

A.      That is correct. And we also knew, based on Steven Cerasale's behavior at the time and the actions that was taken against the company at the time – and current, actually. They haven't been changed -- … poaching clients from Unisource Discovery, Inc. …

Q.      So you organized Equicopy, LLC [on August 1, 2017] to prevent the poaching of clients?

A.      Yes, and we did that as a protective measure for our clients …

Q.      Well, when you mentioned that you organized Equicopy, LLC [on August 1, 2017] to protect Unisource Discovery, Inc. What sort of protection were you envisioning?

A.      What is currently happening to the company today, by the actions of Steven Cerasale, which is poaching of our clients. …

Q.      So that I understand, you organized Equicopy, LLC [on August 1, 2017] to prevent the poaching of clients by Equicopy, Inc. in California, right?

A.      I believe that was one of the purposes, yes.

---

[1] To be clear, none of these allegations are true. Plaintiff's assertions of "poached clients" are a fabrication raised to waste fees and cause unnecessary litigation. But, the truth of these allegations is not relevant at this time. What is relevant is the fact that nothing stopped Plaintiff from seeking to amend its Complaint before the January 15, 2021 deadline. Plaintiff's failure to timely seek leave to amend was caused by nothing other than Plaintiff's own lack of diligence.

Dep. of Plaintiff (DE 152-10) at 159:11–160:4, 173:14–17, 171:17–172:13.

Despite this clear testimony, Plaintiff now attests—under oath—the exact opposite. Plaintiff now attests that it "did not know and even with the utmost diligence – [ ] could not have learned – of Equicopy [Inc.] as a threat and part of the scheme to poach clients … until the Defendants 'responded' to the discovery" after January 15, 2021. Affidavit of Noel Mijared (DE 171-1) at ¶ 8. Plaintiff's sham affidavit is a fraud upon the Court.

Second, none of Defendants' "discovery responses" mention "Equicopy" or reference any "clients"—let alone any "poaching" of clients. For this reason, Plaintiff's Motion (DE 171) does not even attempt to identify a single "discovery response" that ostensibly caused Plaintiff to "learn[] of Equicopy [Inc.] as a threat and part of the scheme to poach clients." Plaintiff's contention that it "learned" of Equicopy, Inc. "poaching clients" from Defendants' discovery responses is, therefore, false.

Moreover, Plaintiff did not propound a single discovery request until ***March 25, 2021***— more than two months after the Court-ordered deadline to amend the Complaint. The fact that Plaintiff waited to propound discovery until two months after the deadline to amend the Complaint confirms Plaintiff's complete lack of diligence. Even under Plaintiff's own theory (i.e., that Plaintiff needed discovery to "learn" about Equicopy, Inc.), Plaintiff has not been diligent.[2]

---

[2] To be clear, none of Plaintiff's March 25, 2021 discovery requests mentioned or had anything to do with Equicopy, Inc.

For the foregoing reasons, Defendants respectfully request the Court to strike Plaintiff's Motion (DE 171) as a sham and fraud upon the Court, and to award Defendants their attorney's fees and costs incurred in connection with Plaintiff's Motion (DE 171) and this Motion to Strike.[3]

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(b), undersigned counsel for Defendants has conferred via telephone, email communications, and text messages with Plaintiff's counsel regarding the relief requested in this Motion. Plaintiff's counsel requested until September 7, 2021 to confer with his client and determine whether to withdraw Plaintiff's Motion (DE 171). On September 8, 2021, the undersigned confirmed with Plaintiff's counsel that Plaintiff has decided not to withdraw its Motion (DE 171). Defendants, therefore, were unable to resolve the issues set forth in this Motion.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

---

[3] Separately, Plaintiff's Motion (DE 171) is frivolous because ***none*** of Plaintiff's proposed claims against Equicopy, Inc. have anything to do with "poaching clients." Plaintiff's proposed claims based upon "poaching clients" were the state-law claims that Plaintiff withdrew. Plaintiff's proposed claims against Equicopy, Inc. were exclusively based upon allegations of "trademark infringement," which Plaintiff has already testified are untrue. *See* Dep. of Plaintiff (DE 152-10) at 157:22–158:3 ("Q. … that doesn't affect the trademark, though, right? A. As it pertain to Equicopy, no no. … Q. … So Equicopy [Inc.] did not infringe on the trademark? A. No.").

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on September 8, 2021, on all counsel or parties of record on the Service List below.

　　　　　　　　　　　　　　　　　　　  /s/ Victor M. Velarde
　　　　　　　　　　　　　　　　　　　Victor M. Velarde
　　　　　　　　　　　　　　　　　　　Fla. Bar No. 105620

| **SERVICE LIST**<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

5