**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE, individually,
     Defendants.

### OPPOSITION TO MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER, AND TO EXTEND PRETRIAL DEADLINES AND TRIAL

Defendants hereby file their Opposition to Plaintiff's Motion to Modify Case Management and Scheduling Order, and to Extend Pretrial Deadlines and Trial (DE 172) and state as follows:

1.     Plaintiff's Motion contends that "Plaintiff believes that good cause has been shown to grant the requested continuance," but Plaintiff's Motion does not present a single basis to show good cause.

2.     Rather, Plaintiff merely contends that there was some sort of "inability of the parties to complete discovery" that "was not due to any lack of diligence; rather, the parties did not wish to incur the significant costs and fees associated with discovery while the case was not even at issue and the Motions to Dismiss remained pending." Motion (DE 172) at p. 2.[1]

3.     In other words, Plaintiff simply _**chose**_ not to "incur the significant costs and fees associated with discovery" and chose to let the Court-imposed deadlines lapse.

4.     That is the opposite of diligence.

---

[1] Plaintiff's reference to "the parties" is misleading. Plaintiff is speaking only for itself, not for Defendants. Defendants diligently engaged in discovery (despite Plaintiff's repeated refusals to comply with their discovery obligations and attempts to stonewall discovery).

5.    Additionally, Plaintiff's contention that it chose not to engage in discovery "while the case was not even at issue and the Motions to Dismiss remained pending" does not make any sense.

6.    Nothing in the Federal Rules, Local Rules, or case law allows a party to unilaterally refuse to engage in discovery and ignore the Court-ordered deadlines.

7.    Moreover, the Court denied Defendants' Motion to Dismiss (DE 32) on December 2, 2020. After the Court's December 2, 2020 Order, Plaintiff nonetheless still chose not to engage in discovery for three months until March 25, 2021 when it served its first set of discovery requests.

8.    Plaintiff's excuse (that Plaintiff "did not wish to incur the significant costs and fees associated with discovery while the case was not even at issue and the Motions to Dismiss remained pending"), therefore, rings hollow. Motion (DE 172) at p. 2.

9.    The truth is that throughout this litigation, Plaintiff has demonstrated a complete disregard for its obligations and for the Court's Orders. In fact, the October 14, 2020 Motion to Dismiss (which Plaintiff refers to in its Motion) was based precisely upon Plaintiff's failure to prosecute this case—i.e., "***Plaintiff has [ ] simply abandoned this case*** and has failed to comply with the Court's Order." Motion to Dismiss (DE 16) at p. 2 (emphasis added).[2]

---

[2] Plaintiff has been advised by the Court on several occasions that Plaintiff cannot simply ignore Court Orders. Despite having been warned of the repercussions of ignoring Court Orders, Plaintiff continues to do so—i.e., Plaintiff has not complied with the Court's July 22, 2021 Order (DE 140) requiring Plaintiff to pay discovery sanctions, and Plaintiff also has refused to coordinate a timely mediation with Defendants (despite Defendants' repeated attempts to coordinate mediation) as required by the Court's July 7, 2021 Order (DE 138).

10.     Separately, Plaintiff's Motion is based upon its supposed need to engage in additional "discovery" related only to its "Amended Complaint." *See* Motion (DE 172) at p. 2. The Court has already ruled that Plaintiff does not have leave to file an Amended Complaint. *See* Order (DE 161) at p. 4. The basis for Plaintiff's request for additional time, therefore, is moot.

11.     Finally, Local Rule 7.6 requires any motion for continuance to be "supported by affidavit setting forth a full showing of good cause." Plaintiff's Motion does not include any affidavit, nor does it include any facts setting forth a showing of good cause.

For the reasons set forth above, Defendants respectfully submit that Plaintiff's Motion to Modify Case Management and Scheduling Order, and to Extend Pretrial Deadlines and Trial should be denied.

Respectfully submitted,

/s/ Victor M. Velarde

Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on September 16, 2021, on all counsel or parties of record on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST | |
| --- | --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

4