UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

          Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

          Defendants.

_____

## PLAINTIFF UNISOURCE DISCOVERY, INC., SECOND MOTION FOR SANCTIONS AND ATTORNEY'S FEES PURSUANT TO FLORIDA STATUTE 57.105

The Plaintiff, Unisource Discovery, Inc. ("UNISOURCE" or "Unisource Florida"), by and

through its undersigned counsel, hereby files this Second Motion for Sanctions and Attorneys'

Fees, pursuant to FLA. STAT.  §57.105 against Defendants Unisource Discovery, LLC ("Uni-

CA" or "Unisource California") and Steven Cerasale.  In support of this Motion, Plaintiff states as

following:

Plaintiff Unisource Florida files this Motion for Sanctions in accordance with Florida

Statute §57.105 (1) which states in pertinent part:

> (1)   Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
>   (a)   Was not supported by the material facts necessary to establish the claim or defense; or
>
>   (b)   Would not be supported by the application of then-existing law to those material facts.

The statute further states, as reasons to award attorney's fees,

> (2) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, **was taken primarily for the purpose of unreasonable delay**, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay. (Emphasis added) See F.S. 57.105(3)

Because disputed facts exist regarding the alleged representations made to the USPTO well over twelve (12) years ago, Defendants' Motion for Summary Judgment is inappropriate on Defendants' Count I for Cancelation of Trademark.

Count I alleges that Plaintiff made both affirmative false statements and material omissions which fraudulently induced USPTO to permit registration of Plaintiff's Trademark in year 2009.

Specifically, in Plaintiff also alleges that "Plaintiff admitted at its deposition, when Plaintiff filed its Trademark Registration Application, Plaintiff knew full well that Unisource Discovery, LLC had been using the Mark since 2001 and had every right to continue to use the Mark" and " This material misrepresentation alone warrants cancellation of Plaintiff's trademark. But the lies do not end there." Plaintiff made no such admission. Defendants have taken Mr. Mijares deposition out-of-context.

The Defendants are advancing their summary judgment motion [DE 151] that attempts to make arguments as to which agreement controls – the year 2006 Shareholder Operating Agreement or the year 2010 Close Corporation Shareholder Agreement. Defendants have asserted that the unenforceable 2006 Shareholder Operating Agreement controlled at the time Plaintiff registered the Mark and therefore the operative agreement. The Defendants do not factually dispute that

during and after Plaintiff's registration of the Trademark, the Defendants did not dispute and/or file an opposition to the registration of the Trademark.

And in complete conflict with Defendants own position that the 2006 Shareholder Operating Agreement controls, when the Defendants entered into a year 2010 Close Corporation Shareholder Agreement, the parties mutually negotiated a very detailed integration/merger clause that directly addresses all prior agreements, and included Trademark ownership memorialized under Section 1.3.

The Defendants have not met their burden of showing the existence of a disputed material fact, or that they are otherwise entitled to judgment as a matter of law, on the theory of alleged affirmative misrepresentations. Defendants have not offered any *undisputed facts* that Plaintiff made affirmative misrepresentations to the USPTO.

Likewise, in Plaintiff's Answer [DE 86] the Plaintiff denies all of Defendants allegations of fraud and raised applicable affirmative defenses, and Defendants did not offer any facts by affidavit, or cite to any portions of the record, that support the assertion that affirmative false representations were made--other than the sole deposition testimony that was certainly "spun".

Defendants have not produced evidence in support of the required element of fraudulent intent. The Defendants primarily relies upon the testimony of Plaintiff Unisource CEO, Noel Mijares, who testified, in general, about an unenforceable year 2006 Shareholder Operating Agreement.

At summary judgment, however, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences.  Since there is no evidence of an affirmative misrepresentation, Defendants are not entitled to judgment on this theory of fraud.

Defendants' theory of fraud based on alleged material omissions also lacks sufficient evidentiary support.

The Defendants have failed to satisfy the applicable three (3) legal burdens to warrant summary judgement for Count I [cancelation of trademark] alleging fraud on the PT), *to wit:*

(1)   Fed. R. Civ. P. 56(c) summary judgement standard whereas there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law;

(2)   the Fed. R. Civ. P. 9 burden of pleading with particularity when alleging fraud; and

(3)   trademark cancellation the burden of "clear and convincing" evidence. *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009); *Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (T.T.A.B.1981)

### **ARGUMENT**

A.   **Defendants did not meet the burden for Cancellation of Trademark (Count I of Defendants' Counterclaim [DE 166]**

In its entirety, the Defendants' Motion for Summary Judgment [DE 151] did not satisfy the burden of proving their cancelation of trademark claim by "clear and convincing" evidence.

A party that seeks cancellation of a trademark registration for fraudulent procurement "bears a heavy burden of proof." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009).  "[T]he very nature of the charge of fraud requires that it be proven 'to the hilt' with ***clear and convincing evidence***. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *Id.* (emphasis added) (quoting *Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (T.T.A.B.1981).[1]

---

[1] Similar law is applied in other jurisdictions. *Orient Exp. Trading Co., Ltd. v. Federated Dept. Stores, Inc.,* 842 F.2d 650, 653 (2d Cir. 1988) ("A party seeking cancellation of a registered trademark on grounds of fraud must demonstrate the alleged fraud by 'clear and convincing evidence.'"); *L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349,

To establish a *prima facie* case of fraud in procuring a trademark registration, a party must show, *by clear and convincing evidence*, that:

(1) the challenged statement was a false representation regarding a material fact;

(2) the registrant knew the representation was false (scienter);

(3) the registrant intended to deceive the USPTO;

(4) the USPTO reasonably relied on the misrepresentation; and

(5) the party suffered damages proximately resulting from such reliance

*San Juan Products, Inc. v. San Juan Pools of Kansas, Inc.,* 849 F.2d 468, 473 (10th Cir. 1988)

"[A]bsent the requisite intent to mislead the USPTO, even a material misrepresentation would not qualify as fraud under the Lanham Act warranting cancellation." *Id.*

As a matter of law, and in the light most favorable to Plaintiffs, the Defendants allegations in their entirely are anything but "clear" and anything but "convincing".  The Defendants cite and "spin" the deposition testimony of Noel Mijares; but more so, the Defendants are asking the Court and reader to make several inferences and "interpretations" of Noel Mijares testimony.  Such a series of congested arguments also lacks the requisite "particularity" under Rule 9.

Defendants also make a very unclear argument that the 2006 Shareholder Operating Agreement is the controlling agreement for the Court to evaluate. No so. In year 2010 the parties entered into the Close Corporation Shareholder Agreement that contains an integration/merger that makes the 2006 Shareholder Operating Agreement unenforceable.  Notwithstanding, before, during and for 13-years after registration of the Trademark, the Defendants never objected, formally and/or informally, to Plaintiff's use and registration with the USPTO of the Trademark.

---

1351 (Fed. Cir. 1999)  (citation omitted) (Fraud in procuring a . . . mark occurs when an applicant knowingly makes false, material representations of fact in connection with an application.")

Stated otherwise, Defendant's allegations amount to no more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, *556 U.S.* 662, *678* (2009)

Therefore, the Defendants also fail to state a claim for trademark cancellation on this basis and failed to satisfy the burden of proving their claim by clear and convincing evidence.

## CONCLUSION

The Plaintiff has satisfied the burden for this Court to grant sanctions. The reason(s) asserted, or not asserted, for Defendants 13-years delay cancelling Plaintiff's registered Trademark entirely lacks sufficient evidentiary support as a matter of law. The Defendants attempt to employ Noel Mijares' deposition testimony as their primary basis and evidentiary support for arguing the year 2006 Shareholder Operating Agreement controls over the year 2010 Close Corporation Shareholder Agreement -- despite having a comprehensive integration/merger provision that addresses same, and included Trademark ownership memorialized under Section 1.3.

Consequently, the Defendants have entirely failed to satisfy the heavy burden of clear and convincing evidence for cancellation of trademark. And certainly, Defendants' Amended Complaint does not contain the required particularity to satisfy the stringent burden under Rule 9.

**WHEREFORE**, Plaintiff respectfully requests an Order granting fees pursuant to Florida Statute §57.105 against Defendants for the filing of the meritless Motion for Summary Judgement on Count I of Defendants' Amended Answer, Affirmative Defenses and Counterclaim [DE 166] and for the reasons set-forth herein, and other such relief as is deemed just and equitable by this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 13th day of September, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By:*/s/Diego David Valdes*
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
        legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.