**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
    Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
    Defendants.

---

**MOTION TO STRIKE PLAINTIFF'S "SUPPLEMENTAL AND AMENDED"
MOTION FOR SUMMARY JUDGMENT (DE 182) OR, IN THE ALTERNATIVE,
UNOPPOSED MOTION FOR 10-DAY EXTENSION OF TIME TO FILE RESPONSE**

Defendants move to strike Plaintiff's Supplemental and Amended Memorandum of Law in

Support of Plaintiff's Motion for Partial Summary Judgment (DE 182) or, in the alternative, move

unopposed for a 10-day extension of time to serve and file their response.

**ARGUMENT**

Plaintiff filed its Supplemental and Amended Memorandum of Law in Support of

Plaintiff's Motion for Partial Summary Judgment (DE 182) on October 1, 2021.

Defendants' response, therefore, is currently due October 15, 2021.

**I.    Plaintiff's "Supplemental and Amended" Motion should be stricken and not be considered by the Court for several reasons.**

    **A.    First, the "Supplemental and Amended" Motion was filed almost *two months* after the Court-imposed deadline of August 6, 2021 to file "dispositive motions, including … summary judgment." *See* Order (DE 33) at p. 2.**

Plaintiff has not even attempted to excuse or explain the reason for its significant delay.

Under Rule 16(b)(4), the Court's "schedule may be modified only for good cause and with

the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification

unless the schedule cannot be met despite the diligence of the party seeking the extension."

*Aceituno v. Carnival Corp.*, 20-CV-23935, 2021 WL 1647890, at \*2 (S.D. Fla. Apr. 27, 2021) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). "If either the facts necessary to formulate the claim were known prior to the deadline or the moving party failed to seek the information it needed to determine whether an amendment was required before the deadline passed, the moving party cannot establish the Rule 16(b) diligence necessary to show good cause." *Beyel Bros., Inc. v. EMH, Inc.*, No. 19-CV-14392, 2020 WL 6143633, at \*3 (S.D. Fla. 2020) (citing *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241–42 n.3 (11th Cir. 2009)). "If the party seeking relief 'was not diligent, the [good cause] inquiry should end.'" *ConSeal Int'l Inc. v. Neogen Corp.*, No. 19-CV-61242, 2020 WL 2494596, at \*3 (S.D. Fla. 2020).

Plaintiff knew the basis for its "Supplemental and Amended" Motion for Summary Judgment well before the August 6, 2021 deadline. In fact, Plaintiff claims that it would have "revealed" the basis for its "Supplemental and Amended" Motion well before the August 6, 2021 deadline if Defendants had just asked.

Specifically, Plaintiff's Affidavit (DE 182-1) attests that Plaintiff "personally found it odd that the Defendants did not ask about instances of customer confusion …. In fact, I also found it odd that the Defendants' discovery did not ask us to disclose instances of confusion …, and not once did Defendants ask me personally, during almost six (6) hours of deposition [on June 30, 2021], a single question regarding our allegations of client poaching by Defendants. As such, we are volunteering this information." Plaintiff's Affidavit (DE 182-1) at ¶ 5.

Plaintiff, therefore, knew the basis for its "Supplemental and Amended" Motion well before the August 6, 2021 deadline. Plaintiff nonetheless ignored that Court-imposed deadline and filed its Motion almost two months late without explanation. As explained above, the untimely "Supplemental and Amended" Motion should, therefore, be stricken / disregarded.

**B.      Second, Plaintiff's "Supplemental and Amended" Motion is largely based upon Plaintiff's perjurious fraud upon the Court.**

Plaintiff (through its representative, Noel Mijares) attested in its Affidavit—after "having taken an oath" and "declar[ing] under penalty of perjury that these statements are true and correct"—that "***Defendants did not ask about instances of customer confusion***" and "***Defendants' discovery did not ask us to disclose instances of confusion***." *See* Affidavit of Noel Mijares (DE 182-1) at p. 2 (emphasis added).

This statement is demonstrably false and contradicts the many hearings and Orders compelling Plaintiff to produce these documentation.

The reality is that on November 4, 2020, Defendants served Plaintiff with a Request for Production of Documents asking Plaintiff to produce "all documents and/or communications you contend support your allegations that your clients have been confused as a result of [Defendants'] use of the Mark and/or Trademark." *See* Plaintiff's Response (DE 47) at p. 6.

In what would become Plaintiff's *modus operandi* in this litigation, Plaintiff ignored Defendants' discovery request (and even filed a Motion seeking sanctions against Defendants falsely claiming that Defendants never served the discovery requests). *See* Plaintiff's Fraudulent Motion for Sanctions (DE 42) at p. 5 (falsely claiming that "Defendants' never served … request for production on the Plaintiff."); *see also* Order (DE 118) at p. 5 ("At the Hearing, Plaintiff conceded that Defendants had indeed propounded the discovery at issue and that the foregoing statement was false.").

As a result, the Court conducted more than one discovery hearing to compel Plaintiff to respond to Defendants' discovery requests (which included a request for documents showing customer confusion). And on January 19, 2021, the Court entered an Order (DE 46) compelling Plaintiff to "fully respond without objection and produce all documents responsive to Defendants'

Request for Production of Documents"—including the production, without objection, of all documents relating to customer confusion. *See* Court Order (DE 46) at p. 1.

After being compelled to do so, Plaintiff responded on January 22, 2021 (DE 47) but raised numerous meritless objections to Defendants' request for documents showing customer confusion (which was in violation of the Court's Order). This required yet another hearing and another Court Order (DE 54) striking all those objections.

Plaintiff now attest—under penalty of perjury—that "***Defendants' discovery did not ask us to disclose instances of confusion***." *See* Affidavit of Noel Mijares (DE 182-1) at p. 2 (emphasis added). And Plaintiff uses this perjurious attestation to justify raising—for the first time in October 2021, more than three months after the close of discovery and almost one year after Defendants requested the documents on November 4, 2020—instances of "customer confusion."

Such egregious litigation misconduct cannot be rewarded and must be stricken. For this separate and independent reason (i.e., Plaintiff's fraud upon the Court), the Court should strike and disregard Plaintiff's "Supplemental and Amended" Motion for Summary Judgment.

### C. Third, Plaintiff has already filed a Motion for Summary Judgment (DE 141), which has already been fully briefed.

Plaintiff's "Supplemental and Amended" Motion for Summary Judgment is Plaintiff's second motion for summary judgment—based upon entirely different allegations and arguments than Plaintiff's first Motion for Summary Judgment (DE 141).

The "Supplemental and Amended" Motion, therefore, is in direct violation of Local Rule 7.1(c)(2), which provides that "***[f]iling and service of multiple motions for partial summary judgment is prohibited***, absent prior permission of the Court." L.R. 7.1(c)(2) (emphasis added).

Plaintiff has not requested permission to file a second Motion for Summary Judgment, and there is no good faith basis for any such request. For this separate and independent reason, the Court should strike and disregard Plaintiff's "Supplemental and Amended" Motion.

> **D.     Fourth, Plaintiff's "Supplemental and Amended" Motion for Summary Judgment has the same deficiencies that were present in Plaintiff's first Motion for Summary Judgment.**

Plaintiff's "Supplemental and Amended" Motion does not include a separate Statement of Material Facts as required by Local Rule 56.1. The "Supplemental and Amended" Motion, therefore, is not properly supported and could be summarily denied or disregarded.

**II.     Alternatively, if the Court does not strike / disregard the "Supplemental and Amended" Motion, Defendants respectfully request an unopposed 10-day extension of time to respond to the "Supplemental and Amended" Motion.**

As explained above, Plaintiff's "Supplemental and Amended" Motion should be stricken and/or disregarded by the Court for several independent reasons. However, if the Court does not strike the "Supplemental and Amended" Motion, then Defendants respectfully request a 10-day extension of time to respond to the "Supplemental and Amended" Motion.

Defendant Steven Cerasale (who is also the principal of Defendant Unisource Discovery, LLC) had to undergo a follow-up medical procedure earlier this week. As a result, the undersigned has not had the opportunity to discuss Defendants' "Supplemental and Amended" Motion with his clients.

Additionally, since the date Plaintiff filed its "Supplemental and Amended" Motion, the undersigned's time has been monopolized by numerous unrelated matters, including, but not limited to, pretrial preparation, hearings, and all-day depositions.

Defendants, therefore, respectfully request a 10-day extension of time to serve their Response in Opposition to Plaintiff's "Supplemental and Amended" Motion (DE 182).

While Plaintiff refused to confer with the undersigned regarding Defendants Motion to Strike the "Supplemental and Amended" Motion, Plaintiff has confirmed via email that it does not oppose Defendants requesting a 10-day extension of time to file their response.

Allowing Defendants the requested extension of time, therefore, would not prejudice any party and would serve the interests of justice.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for Defendants has attempted to confer with counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion.

Specifically, on October 1, 2021 (shortly after Plaintiff filed the first iteration of its "Supplemental and Amended" Motion, i.e., DE 180), the undersigned emailed Plaintiff's counsel asking the following:

> Please let me know if you would like to confer before we move to strike your untimely and duplicative motion for summary judgment. There is a variety of issues with your motion, each of which independently warrant striking. We can discuss this if you wish to confer. But among the more egregious reasons is the fact that this motion is severely untimely in light of the Rule and the Court's Order. Additionally, the Motion violates the Local Rules in numerous ways, including the prohibition of filing more than one motion for summary judgment. Let me know when you can discuss or if you will voluntarily withdraw this motion to avoid wasting fees.

Plaintiff's counsel did not respond. Instead, Plaintiff's counsel withdrew that Motion via Notice of Withdrawal (DE 181) and filed the current iteration of the "Supplemental and Amended" Motion (DE 182), which is almost identical to DE 180. After Plaintiff filed its "Supplemental and Amended" Motion (DE 182), on October 1, 2021, the undersigned email Plaintiff's counsel again. This time, the undersigned stated, "Let me know when you can discuss our motion to strike your Supplemental and Amended Motion for Summary Judgment. This supplemental motions is subject to strike for the same reasons your Second Motion for Summary Judgment (DE 180) was subject

CASE NO. CACE-20-007982 (07)

to strike." Plaintiff's counsel again ignored this email and has not agreed to confer over the phone despite numerous requests for conferral by the undersigned.

By contrast, counsel for Plaintiff did confirm by email on October 13, 2021, that Plaintiff "agree to your request for a 10-day extension." Defendants' motion, in the alternative, for a 10-day extension of time, therefore, is unopposed.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

- 7 -

CASE NO. CACE-20-007982 (07)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on October 14, 2021, on all counsel or parties of record

on the Service List below.

       /s/ Victor M. Velarde
       Victor M. Velarde

| **SERVICE LIST**<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |