```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 20-CV-23276-DPG

    UNISOURCE DISCOVERY, INC.,
                                          Miami, Florida
                    Plaintiff(s),
                                          February 3, 2021
              vs.

    UNISOURCE DISCOVERY, LLC, et al.,

                    Defendant(s).       Pages 1 - 20
    ------------------------------------------------------------

                            DISCOVERY HEARING
                 TRANSCRIBED FROM DIGITAL AUDIO RECORDING
               BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
                     UNITED STATES MAGISTRATE JUDGE

    APPEARANCES:

    FOR THE PLAINTIFF(S):  DIEGO VALDES, ESQ.
                           DIEGO DAVID VALDES, P.A.
                           16155 S.W. 117 Avenue
                           Miami, FL 33177
                           (305) 971-8299
                           ddvlaw@gmail.com



    FOR THE DEFENDANT(S):  VICTOR M. VELARDE, ESQ.
                           FOWLER WHITE BURNETT, P.A.
                           1395 Brickell Avenue
                           Miami, FL 33131
                           (305) 789-9229
                           vvelarde@fowler-white.com



    TRANSCRIBED BY:        Joanne Mancari, RPR, CRR, CSR
                           Court Reporter
                           jemancari@gmail.com
```

Thereupon,

the following proceedings were held by telephone:

THE DEPUTY CLERK:  Unisource Discovery, Inc. v. Unisource Discovery, LLC, *et al.*, case No. 20 23276, civil, Gayles.

Counsel, please state your appearances for the record.

MR. VELARDE:  Victor Velarde, from Fowler White Burnett, on behalf of the defendants.

MR. VALDES:  Diego Valdes on behalf of the Unisource Discovery plaintiffs.

THE COURT:  All right.  Thank you.

We are here on docket entry 50, the amended notice of telephonic hearing.  I had issued an order on January 19th -- that was docket entry 46 -- requiring plaintiffs to fully comply with the discovery requests by January 22nd.

On my brief review, as far as I could tell, because I wasn't quite sure, it looks like plaintiffs uploaded some things on the 27th.  I'm not sure if that is what the "notice of compliance" means.  Then there is some issue as to what was uploaded.  Am I correct there?

I will let Mr. Velarde take over from there.

MR. VELARDE:  Yes, your Honor.  It's correct.  Your Honor's order required three things by the close of business on January 22nd.

Number one, to respond without objection to the

requests for production of documents; number two, to produce all documents responsive to the requests for production of documents; and number three, to respond without objecting to the interrogatories.

There was another provision in that order that is now the subject of this hearing, and that is for the plaintiff to respond to my motion for sanctions.

By close of business January 22nd, the plaintiff filed with the court a response to our request for production of documents raising -- by the way, there were eight requests. They raised as to half of them, four of the requests, they raised objections without objecting, quote-unquote, without objecting, saying that they were overbroad or that they're not required to maintain, keep these documents under the law.  But we didn't receive any documents in response to the requests, even though every one of the requests says that it will be producing documents.

The 22nd came and went.  23rd, 24th, 25th, 26th.  By this point I was trying to schedule a third hearing, this hearing today, based on the plaintiff's noncompliance, which is now the fourth order that the plaintiff has not complied with.

On the 27th, in the afternoon, we get eight PDFs. Seven of the eight PDFs, your Honor, are documents that are web pages, for example, SunBiz web pages -- I could type in sunbiz.com and get them -- or documents that were attached to

the complaint as exhibits.  So seven of the eight PDFs were documents that are either already part of the record, that I already have, that they know I already have, or that I can type in a Google search and find.

The point I'm trying to make, your Honor, is the plaintiff had 84 days.  He had now three hearings, two court orders, an unfair amount of attorneys' fees wasted arguing to your Honor.  On top of all that, by the way, perpetrating a fraud upon the court, to your Honor, telling your Honor that I never actually produced -- I never actually served the discovery requests, which was a demonstrable lie.

MR. VALDES:  Victor, I am going to cut in there because we had a conversation about this.  I stated to you that I did receive it.  I've cleared that up.  I wasn't saying fraud upon the court, I said it was received and I personally didn't see it.  I called you, I emailed you, and I made sure that I cleared that up.  I even changed that we spoke about it.

I never called about a fraud on the court and I never called you a liar.  I just want to clear that up because we had that conversation, Vic.  I'm being straight about that.  I just want to interject.  I did receive it, but I said I didn't see it, and that is when the judge said, hey, get this thing by --

THE COURT:  All right.

MR. VALDES:  I'm sorry?

THE COURT:  I do not want this case to devolve into

personal issues.  I find that the simplest cases can become a nightmare where counsel start developing animosity towards each other instead of acting professionally.

If you would, Mr. Velarde, at this point in time stick to the matters that are the subject of your notice.  Now, your notice goes into this whole history of what has transpired and so on.

MR. VELARDE:  Of course, your Honor.

THE COURT:  What it seems to me that I need to take care of is compliance with my January 19th order.

It sounds to me like these things that were filed, which, by the way, in federal court discovery is not filed, it's only served.  But it seems like plaintiffs filed these discovery responses on the 22nd and did not serve documents on the 22nd but on the 27th, and on top of that it appears that the defendant is not satisfied with the quality of production.  So let's stick to that for the moment.

If you are seeking further sanctions, Mr. Velarde, beyond what already has been granted to you, we can put that to the side for the moment and address that later or by way of motion practice.  So like they're saying in Washington now, let's cool the temperature.  The weather cooperates right now.  We have one of the most beautiful cool days of the season.  So let's stick to what's before us.

MR. VELARDE:  Yes, your Honor.

THE COURT:  Mr. Velarde, you were saying, number one, that there were some objections to the production but in contravention of my order, and as then, after objecting, it says, notwithstanding and without raising objections, which is sort of like basically a facial inconsistency because if you can't raise objections, you can't raise objections.  You can't raise them and then say you're not relying on them.

I will put that to the side for a moment and concentrate on the lateness and the insufficiency of the production.  I have the responses in front of me.  That is docket entry 47.  I can look at that.  You can tell me what was produced in response to these eight requests and what is missing, Mr. Velarde.  Then I will hear from Mr. Valdes.

MR. VELARDE:  Yes, your Honor.  So starting with request No. 1, it is documents and communications showing when you first used the mark.  I don't know which of the PDFs are supposed to be responsive because the response doesn't tell me. I could assume and I could guess that one of these eight PDFs is responsive.  I don't know if it was produced as PDF No. 1 is responsive to request No. 1.  I don't know.  So, your Honor, I don't have any way of saying that they haven't produced everything because I don't know what they haven't produced.  So I don't know as to request No. 1.

THE COURT:  So one problem that you have is that there's no correlation between the production and the requests.

MR. VELARDE: Right.

THE COURT: Is that correct? You can't tell. And then on top of that, because they have this quasi-objection, you can't tell if they are withholding something.

So let me hear on those points from Mr. Valdes. Can you clarify those issues, sir?

MR. VALDES: Yes, Judge. Your Honor, first to go back -- look, Judge, I agree. I don't have a problem. I've had a good relationship with Mr. Velarde.

Just to go back, you entered an order on that day and I talked to my client. We complied. We sent him, to comply with the order, we sent him -- I think the next day was the fee, which, honestly, when we first went to that last hearing, Judge, and Mr Velarde was looking at sanctions, it was the first case. It was discovery. It was amended. We had a state case. All this intertwined, and I still got sanctioned.

To me, honestly, from a financial standpoint, isn't it better to tell my client, hey, I'm going to refile $500. But I paid him the fee. I tried to get him the file. We did file our response on that Friday when you ordered it, but I couldn't upload it. I asked him in general if he could upload it, but that's fine.

So we finally uploaded it. We did the compliance. I've given everything that my client -- I've given it straight to my client. These are the responsive documents that my

client has given me. That's what it is for each one. That is what they said they have.

On the objections I told them -- because I specifically asked my client that. My client says that anything they are asking is broad and all these, I guess, quasi-objections because they don't have it in their possession. Those are things that are broad and not there.

If it is stuff that is publicly -- I mean, remember, as we're sitting here, these are different. This is a trademark infringement case, basically. So of course, these documents will be public. This is exactly what is going from there.

So from my standpoint, I uploaded, when we got the Dropbox, everything I had in my possession. I want to move this forward as much as we can. If there is something here that the court thinks we need to look for, I'll do it. I am just trying to get this thing to move forward. I have given, from what is in my possession, everything I've had. That I have been producing. That's what I have.

THE COURT: All right.

MR. VALDES: That's what I have.

THE COURT: Mr. Valdes, you did not answer my question. My question was this. Mr. Velarde is saying you uploaded eight PDFs.

MR. VALDES: Yes.

THE COURT:  He can't tell whether the PDFs are sequenced in the order of the discovery requests or whether they are jumbled.

MR. VALDES:  Oh.

THE COURT:  He cannot tell what you have given him.

MR. VALDES:  Yes.  Yes.  It's in the -- I mean, in the eight requests, it's in that order.  Yes.  It is in that order.

THE COURT:  All right.  So PDF --

MR. VALDES:  Yes.  The PDFs are in order.  Let me look just so I'm sure.

THE COURT:  Did we lose somebody?

MR. VALDES:  I'm pulling it up right now, Judge.  I had it in hard copy, but I'm going to pull it up here on my phone.  I just want to just answer yes or no if they are in the order.  Hold on.

MR. VELARDE:  Your Honor, if I may, the reason why it's important to know, obviously the rules require that we know, but also it's important because I don't want, if this case is going to proceed, your Honor, I don't want a surprise document in the future that wasn't produced now.

THE COURT:  Well, that's the point that I was making.

MR. VALDES:  I'm saying that's what I have, but let me look to see if it is an order.  An order.  It is an order from what I pulled up in my file here on my computer as well, and it matches what I have here in hard copy.

THE COURT:  All right.  So eight PDFs, one PDF per request, and you're stating, Mr. Valdes, that notwithstanding all this verbiage about overbroad and so on and so forth, you have produced or your client has produced all responsive documents in their possession, custody, or control for each of these discovery requests.

Would that be your statement, sir?

MR. VALDES:  That's my statement, Judge, and I have the hard copy here in front of me.  Yes.  This is what they have produced to me.

THE COURT:  All right.  Can you explain this business of doing the response, the written response, but not complying with the portion of the order that required you also to produce on the 22nd, not on the 27th.

MR. VALDES:  Yes, Judge, and that's why I stated in the email I was trying to get in Dropbox.  Like I said, this is what I'm trying to state.  I was trying to get it uploaded.  I was going to send it via mail because she didn't know what to do, and then we finally got the upload and we uploaded and we got it to them.  I did send an email to ask for like a Dropbox for it, but he didn't have a Dropbox, that his assistant get an upload.  So that's exactly what happened, Judge.  It wasn't --

MR. VELARDE:  Your Honor, I need to respond to that.

MR. VALDES:  -- that we tried to supply --

MR. VELARDE:  I need to respond to that.

THE COURT:  One moment.  I know everybody wants to respond.  OK.  Take your time.

Let me ask you.  It took you five days, from the 22nd to the 27th, to figure out how to serve these documents?  Is that what you are telling me, Mr. Valdes?

MR. VALDES:  Excuse me, Judge?  I'm sorry.

THE COURT:  Are you telling me that it took you five days --

MR. VALDES:  No.

THE COURT:  -- to figure out how to serve these documents, from the 22nd to the 27th?

MR. VALDES:  I requested on 1/11/21, because I was already trying to gather these documents, and I asked on the 11th.  That's why I attached an email requesting an upload or a Dropbox for them.  But then after that I sent that over to my paralegal and she was trying to get it uploaded and she didn't have it.  I mean, she did a mistake and then she asked finally and called us.  I called them directly and asked them and I sent my assist at the 11th.  Finally on the 27th, I spoke to Mr. Velarde's, I guess assistant, and then they gave us an upload, I guess on how to upload the documents to them.  That is being what was stated.

To answer your question, yes, Judge, we tried on that day and it did take that time, but we were trying to get it done, and we did request it on the 11th in good faith.  That's

what I'm stating to the court because that is what happened.

THE COURT:  So your excuse for not complying with the court's order is that you were having technical difficulties?

MR. VALDES:  I was having technical difficulties in the sense that I wanted to get an upload, because when it is voluminous -- that is like in state court, you know, we always say we will file it -- we are obviously in federal -- and we will send it via mail or send it courier when it is voluminous.

In this case it wasn't technical because I didn't have an upload for Mr. Velarde.  I had requests on the 11th.  He said he could provide.  Then when I start stated to my girl, I felt like maybe she had it already and uploaded it, and she followed up.  So it was a technical point from us just getting the process of getting it to Mr. Velarde.

THE COURT:  Well, do you realize that this is not comparable to serving in state court and saying, OK, it's in the mail, because you had a direct order from this court --

MR. VALDES:  Correct.  Correct.

THE COURT:  -- telling you you had to -- wait.  Don't interrupt.

You had a direct order from this court telling you you had to produce those documents on that day, the 22nd, not the 27th.

MR. VALDES:  Your Honor, I understand, Judge, what you are stating, and that is why back on even the 11th we had

requested a Dropbox, which is in an email that I even attached to my response asking --

THE COURT:  But requesting a Dropbox back on the 11th was not complying with my order that said produce on the 22nd, is it?

MR. VALDES:  It's not, Judge.

THE COURT:  All right.  I will give Mr. Velarde an opportunity now.

MR. VELARDE:  Thank you, your Honor.  That is highly, highly misleading for several reasons.  First and foremost, this contention now that he asked for a Dropbox back on January 11th, suggesting that he was ready to produce on January 11th, is completely false.

January 11th, he sent an email asking for a Dropbox link.  I said if you need one, I will provide it to you.  At that time I was asking for the fifth time, confirm your availability for a hearing.  Five days later, January 16th, he tells the court, and it is on the record, he tells the court he never got any requests and he cannot produce anything because he hasn't seen it.

Two days later, your Honor, at a hearing before your Honor, he confirms to your Honor he has never seen the requests.  He got it, but he just didn't see it.  He confirmed it today that as of January 12th he had never seen the requests.

What was he going to produce seven days before he ever saw the requests?  This notion that he was ready to produce documents seven days before he ever saw the requests is a lie.  It is a complete fabrication.

Second reason why that is not true, your Honor, eight PDFs.  The largest of the eight PDFs is 47 pages.  Other PDFs are two pages.  Another one is one page.  Another one is ten pages.  You don't need a secured link.  You can attach them to an email and send them.

These are not thousands and thousands of documents.  These are not documents with metadata.  These are PDF printouts of web pages that are two and, at most, 47 pages.  You don't need a Dropbox link for that.

These are excuses, your Honor, and they are demonstrably false excuses.  This was a blatant violation of your Honor's ruling, and it is the second ruling that your Honor makes requiring them to respond.  This is not true.  This is simply not true.

MR. VALDES:  Judge, I mean, may I?  Because now, I mean, going back to trying to get this back in order, now Mr. Velarde is now calling what my mindset was on January 11th, what I was trying to gather, and that's not the case.  I asked on the 11th for a reason.

But anyway, Judge, I'm just stating that we filed it exactly how the facts were, the way I stated.  We were

attempting to file it on that day.  We needed a Dropbox.  We felt like -- I don't know how many documents it would be.  Even if it is, one my client wanted them that way just to keep it confidential because there are some emails that have some confidential information possibly, and so I was following that.

MR. VELARDE:  They are publicly-available documents.  They are part of the record.  These are not privileged.

THE COURT:  All right.  I will not allow this back and forth.  If it continues, I will terminate the hearing.

MR. VELARDE:  I'm sorry.

THE COURT:  All right.  Now, with the clarification that each PDF is responsive to each request, do you have issues now or would you be able to address now, aside from the lateness of the production, its sufficiency, Mr. Velarde?

Do you contend that notwithstanding Mr. Valdes' statement that he has produced everything that his client has in its possession, custody, and control that the production is insufficient?

MR. VELARDE:  One thing is remaining, and that is the objections and the preliminary statements with all the caveats.  All of those need to be either withdrawn or --

THE COURT:  Those are stricken.  Those are stricken in conformance with my order.  Any objections contained in the response are stricken.

What else?

MR. VELARDE: Perfect.

THE COURT: What about the sufficiency of the production?

MR. VELARDE: If that's the case, your Honor, and the plaintiff is sticking to that, that these requests are everything that they have in their custody, possession, and control responsive to these requests and that's not going to change, two months down the line they were to come up with new documents, then I am confident and comfortable with this production, that that is everything.

THE COURT: All right. Let me tell Mr. Valdes, of course, you have the duty to supplement, but the duty to supplement doesn't mean going back on your word that at this point in time you had produced everything that was in your possession. Is that clear?

MR. VALDES: Yes, Judge. Yes.

THE COURT: All right. So we are now at the point of there's been production, there's been answers to interrogatories, we can move on.

Any sanctions that you wish to impose beyond those that I imposed already, Mr. Velarde, you are free to file a motion for discovery sanctions. I am allowing you to do that, aside from the discovery protocol that we have. All right.

MR. VELARDE: Yes, your Honor.

THE COURT: So let me see. There is something that is

pending.  There was your motion to strike.

MR. VELARDE:  Yes, your Honor, the motion to strike and for sanctions.

THE COURT:  OK.  And there is a motion for sanctions, right?  Then there was a brief --

MR. VELARDE:  No, there was no response.

THE COURT:  That was on the 18th.

You haven't responded to that yet, Mr. Valdes, right?

MR. VALDES:  Not yet.

THE COURT:  The motion for sanctions and motion to dismiss.  OK.  Do you want to supplement your motion for sanctions with respect to the events that we discussed today, Mr. Velarde?

MR. VELARDE:  Your Honor, I could file a motion for sanctions, a short one, based on just the discovery.  The motions for sanctions, docket entry 44, is based on other --

THE COURT:  Is broader.  OK.

MR. VELARDE:  -- is based on other factors.

THE COURT:  So you're free to file a motion for discovery sanctions based on what transpired at this hearing today.

Mr. Valdes, pursuant to my prior order, you are due to respond to the motion for sanctions 14 days from the 18th.  14 days from the 18th.  That should be coming up any time.  That's overdue.

MR. VALDES:  What docket -- hold on.

THE COURT:  44 filed on January 18th.  You have 14 days from that.  That would put you on the 1st, if I'm correct.

MR. VELARDE:  That's correct, your Honor.  It was due Monday, February 1st.

THE COURT:  All right.  Mr. Valdes, you are late in responding to that.

MR. VALDES:  Yes, Judge.  I was waiting to see this outcome.  Could I get a response -- could I get three days to respond to that?

THE COURT:  You're asking *ore tenus* for an extension of time --

MR. VALDES:  Yes.

THE COURT:  -- to respond to docket entry 44?

MR. VALDES:  Yes.

THE COURT:  Until when?  Until when?  I'm sorry.

MR. VALDES:  Can you give me until February 8th, Monday, February 8th?  Because that will be three business days and it will give me a chance at least to talk to my client and go over this and work on the weekend on this.

THE COURT:  Any objection to that, Mr. Velarde?

MR. VELARDE:  Your Honor, only that this is now -- I mean, it is another violation of a court order.  There is no excusable justification.

THE COURT:  All right.  You can bring that up in your

reply then.

MR. VALDES: Judge, we also gave extensions on the other side. I mean, I feel like everything is (inaudible) with him and I've been more than lenient on my side.

THE COURT: Yes. Yes. Yes. It is up to Mr. Velarde to bring that up in the reply, and I will give you until Monday, February 8th, to respond to the motion for sanctions and to dismiss, and that's docket entry 44. All right.

MR. VELARDE: Thank you, your Honor.

One final thing, because counsel mentioned extensions. The extensions that we were granted by the court were to respond to the motion for preliminary injunction. The reason for those extensions is because the plaintiff kept getting second chances with not complying with the obligations of the court order and the discovery obligations under the rules. That is the reasons for the extensions. This is not because of benevolence on the plaintiff's part; this is because the plaintiff cannot get it together.

So I would request, your Honor, another extension, again, for my response to the motion for preliminary injunction, now that we keep pushing this goal post, now that we have confirmation that they produced everything they have and all the other objections without objection are now stricken, I would ask for 30 days from today to respond to the motion.

THE COURT: Mr. Velarde, we were pretty lenient with that date. I believe your date is February 22nd, am I correct?

MR. VELARDE: Yes. That's correct, your Honor. It was February 22nd because that gave me the same amount of time that it gave the plaintiff for --

THE COURT: Right. That should be enough, February 22nd. All right. Let's just get this show on the road.

All right. So the rulings are that the objections and the discovery responses are stricken, that the plaintiff has until February 8th to respond to the motion that is docketed at docket entry 44, and the defendant has leave to file a motion for discovery sanctions in connection with the matters discussed at the hearing.

Anything else that I might have overlooked?

MR. VELARDE: No, your Honor, not for the defendants.

THE COURT: Mr. Velarde.

MR. VALDES: No, your Honor.

THE COURT: Thank you very much. Stay healthy. Take care.

MR. VELARDE: Thank you.

MR. VALDES: Thank you.

(Adjourned)

C E R T I F I C A T E


    I hereby certify that the foregoing is an accurate transcription to the best of my ability of the digital audio recording in the above-entitled matter.


October 29, 2021        s/ Joanne Mancari
                          Joanne Mancari, RPR, CRR, CSR
                          Court Reporter
                          jemancari@gmail.com

MR. VALDES: [32]
MR. VELARDE: [26]
THE COURT: [48]
THE DEPUTY CLERK: [1] 2/3

**$**

$500 [1] 7/18

**1**

1/11/21 [1] 11/12
117 [1] 1/13
11th [11] 11/14 11/19 11/25 12/10 12/25 13/3 13/12 13/12 13/14 14/21 14/23
12th [1] 13/24
1395 [1] 1/18
14 [3] 17/23 17/23 18/2
16155 [1] 1/13
16th [1] 13/17
18th [4] 17/7 17/23 17/24 18/2
19th [2] 2/13 5/10
1st [2] 18/3 18/5

**2**

20 [2] 1/7 2/4
20-CV-23276-DPG [1] 1/2
2021 [2] 1/5 21/8
21 [1] 11/12
22nd [14] 2/15 2/24 3/8 3/18 5/14 5/15 10/14 11/3 11/11 12/22 13/4 20/2 20/4 20/7
23276 [1] 2/4
23rd [1] 3/18
24th [1] 3/18
25th [1] 3/18
26th [1] 3/18
27th [8] 2/18 3/22 5/15 10/14 11/4 11/11 11/19 12/23
29 [1] 21/8

**3**

30 [1] 19/24
305 [2] 1/14 1/19
33131 [1] 1/18
33177 [1] 1/14

**4**

44 [5] 17/16 18/2 18/14 19/8 20/11
46 [1] 2/14
47 [3] 6/11 14/6 14/12

**5**

50 [1] 2/12

**7**

789-9229 [1] 1/19

**8**

8299 [1] 1/14
84 [1] 4/6
8th [4] 18/17 18/18 19/7 20/10

**9**

9229 [1] 1/19
971-8299 [1] 1/14

**A**

ability [1] 21/5
able [1] 15/13
about [6] 4/13 4/17 4/18 4/20 10/3 16/2

above [1] 21/6
above-entitled [1] 21/6
accurate [1] 21/4
acting [1] 5/3
actually [2] 4/10 4/10
address [2] 5/20 15/13
Adjourned [1] 20/22
after [2] 6/3 11/15
afternoon [1] 3/22
again [1] 19/20
agree [1] 7/8
al [2] 1/6 2/4
ALICIA [1] 1/10
all [26]
allow [1] 15/8
allowing [1] 16/22
already [7] 4/2 4/3 4/3 5/19 11/13 12/12 16/21
also [3] 9/18 10/13 19/2
always [1] 12/6
am [6] 2/20 4/12 8/16 16/9 16/22 20/2
amended [2] 2/12 7/15
amount [2] 4/7 20/4
animosity [1] 5/2
another [5] 3/5 14/7 14/7 18/23 19/19
answer [3] 8/22 9/14 11/23
answers [1] 16/18
any [7] 3/15 6/21 13/19 15/23 16/20 17/24 18/21
anything [3] 8/5 13/19 20/14
anyway [1] 14/24
appearances [2] 1/11 2/6
appears [1] 5/15
are [43]
arguing [1] 4/7
as [13] 2/16 2/16 2/19 3/11 4/1 6/3 6/19 6/23 8/9 8/15 8/15 9/24 13/24
aside [2] 15/13 16/23
ask [3] 10/20 11/3 19/24
asked [7] 7/21 8/4 11/13 11/17 11/18 13/11 14/22
asking [5] 8/5 13/2 13/14 13/16 18/11
assist [1] 11/19
assistant [2] 10/21 11/20
assume [1] 6/18
at [13] 5/4 6/11 7/14 11/19 13/15 13/21 14/12 16/13 16/17 17/20 18/19 20/10 20/13
attach [1] 14/8
attached [3] 3/25 11/14 13/1
attempting [1] 15/1
attorneys' [1] 4/7
audio [2] 1/9 21/5
availability [1] 13/17
available [1] 15/6
Avenue [2] 1/13 1/18

**B**

back [9] 7/8 7/10 12/25 13/3 13/11 14/20 14/20 15/8 16/13
based [5] 3/20 17/15 17/16 17/18 17/20
basically [2] 6/5 8/10
be [10] 3/16 6/17 8/11 10/7 15/2 15/13 15/21 17/24 18/18 20/6
beautiful [1] 5/23
because [25]
become [1] 5/1
been [5] 5/19 8/19 16/18 16/18 19/4
before [5] 1/10 5/24 13/21 14/1 14/3
behalf [2] 2/8 2/9

being [2] 4/20 11/22
believe [1] 20/2
benevolence [1] 19/17
best [1] 21/5
better [1] 7/18
between [1] 6/25
beyond [2] 5/19 16/20
blatant [1] 14/15
Brickell [1] 1/18
brief [2] 2/16 17/5
bring [2] 18/25 19/6
broad [2] 8/5 8/7
broader [1] 17/17
BURNETT [2] 1/17 2/8
business [4] 2/23 3/8 10/11 18/18
but [19] 3/14 4/21 5/13 5/15 6/2 7/18 7/20 7/21 9/13 9/18 9/22 10/12 10/21 11/15 11/24 13/3 13/23 14/24 16/12

**C**

called [5] 4/16 4/18 4/19 11/18 11/18
calling [1] 14/21
came [1] 3/18
can [12] 4/3 5/1 5/19 6/11 6/11 7/5 8/15 10/11 14/8 16/19 18/17 18/25
can't [6] 6/6 6/6 6/6 7/2 7/4 9/1
cannot [3] 9/5 13/19 19/18
care [2] 5/10 20/19
case [10] 1/2 2/4 4/25 7/15 7/16 8/10 9/19 12/9 14/22 16/4
cases [1] 5/1
caveats [1] 15/20
certify [1] 21/4
chance [1] 18/19
chances [1] 19/14
change [1] 16/8
changed [1] 4/17
civil [1] 2/4
clarification [1] 15/11
clarify [1] 7/6
clear [2] 4/19 16/15
cleared [2] 4/14 4/17
client [11] 7/11 7/18 7/24 7/25 8/1 8/4 8/4 10/4 15/3 15/16 18/19
close [2] 2/23 3/8
come [1] 16/8
comfortable [1] 16/9
coming [1] 17/24
communications [1] 6/15
comparable [1] 12/16
complaint [1] 4/1
complete [1] 14/4
completely [1] 13/13
compliance [3] 2/19 5/10 7/23
complied [2] 3/21 7/11
comply [2] 2/15 7/11
complying [4] 10/12 12/2 13/4 19/14
computer [1] 9/24
concentrate [1] 6/9
confident [1] 16/9
confidential [2] 15/4 15/5
confirm [1] 13/16
confirmation [1] 19/22
confirmed [1] 13/23
confirms [1] 13/22
conformance [1] 15/23
connection [1] 20/12
contained [1] 15/23
contend [1] 15/15
contention [1] 13/11

## C

continues [1]  15/9
contravention [1]  6/3
control [3]  10/5 15/17 16/7
conversation [2]  4/13 4/20
cool [2]  5/22 5/23
cooperates [1]  5/22
copy [3]  9/13 9/25 10/9
correct [9]  2/20 2/22 7/2 12/18 12/18
 18/3 18/4 20/2 20/3
correlation [1]  6/25
could [9]  2/16 3/24 6/18 6/18 7/21 12/11
 17/14 18/9 18/9
couldn't [1]  7/20
counsel [3]  2/6 5/2 19/10
courier [1]  12/8
course [3]  5/8 8/10 16/12
court [20]  1/1 1/22 3/9 4/6 4/9 4/15 4/18
 5/12 8/16 12/1 12/6 12/16 12/17 12/21
 13/18 13/18 18/23 19/11 19/15 21/9
court's [1]  12/3
CRR [2]  1/22 21/8
CSR [2]  1/22 21/8
custody [3]  10/5 15/17 16/6
cut [1]  4/12
CV [1]  1/2

## D

date [2]  20/2 20/2
DAVID [1]  1/13
day [5]  7/10 7/12 11/24 12/22 15/1
days [14]  4/6 5/23 11/3 11/8 13/17 13/21
 14/1 14/3 17/23 17/24 18/3 18/9 18/18
 19/24
ddvlaw [1]  1/15
defendant [4]  1/7 1/17 5/16 20/11
defendants [2]  2/8 20/15
demonstrable [1]  4/11
demonstrably [1]  14/15
developing [1]  5/2
devolve [1]  4/25
did [11]  4/14 4/21 5/14 7/19 7/23 8/22
 9/11 10/20 11/17 11/24 11/25
didn't [8]  3/15 4/15 4/21 10/18 10/21
 11/16 12/9 13/23
DIEGO [3]  1/12 1/13 2/9
different [1]  8/9
difficulties [2]  12/3 12/4
digital [2]  1/9 21/5
direct [2]  12/17 12/21
directly [1]  11/18
discovery [20]  1/3 1/6 1/9 2/3 2/4 2/10
 2/15 4/11 5/12 5/14 7/15 9/2 10/6 16/22
 16/23 17/15 17/20 19/15 20/9 20/12
discussed [2]  17/12 20/13
dismiss [2]  17/11 19/8
DISTRICT [2]  1/1 1/1
do [8]  4/25 8/16 10/19 12/15 15/12
 15/15 16/22 17/11
docket [8]  2/12 2/14 6/11 17/16 18/1
 18/14 19/8 20/11
docketed [1]  20/10
document [1]  9/20
documents [26]
doesn't [2]  6/17 16/13
doing [1]  10/12
don't [14]  6/16 6/19 6/20 6/21 6/22 6/23
 7/8 8/6 9/18 9/19 12/19 14/8 14/12 15/2
done [1]  11/25
down [1]  16/8

## DPG

DPG [1]  1/2
Dropbox [11]  8/14 10/18 10/20 10/21
 11/15 13/1 13/3 13/11 13/14 14/13 15/1
due [2]  17/22 18/4
duty [2]  16/12 16/12

## E

each [5]  5/2 8/1 10/5 15/12 15/12
eight [11]  3/10 3/22 3/23 4/1 6/12 6/18
 8/24 9/7 10/1 14/5 14/6
either [2]  4/2 15/21
else [2]  15/25 20/14
email [6]  10/16 10/20 11/14 13/1 13/14
 14/9
emailed [1]  4/16
emails [1]  15/4
enough [1]  20/6
entered [1]  7/10
entitled [1]  21/6
entry [7]  2/12 2/14 6/11 17/16 18/14 19/8
 20/11
ESQ [2]  1/12 1/17
et [2]  1/6 2/4
even [5]  3/16 4/17 12/25 13/1 15/2
events [1]  17/12
ever [2]  14/1 14/3
every [1]  3/16
everybody [1]  11/1
everything [10]  6/22 7/24 8/14 8/18
 15/16 16/6 16/10 16/14 19/3 19/22
exactly [3]  8/11 10/22 14/25
example [1]  3/24
excusable [1]  18/24
excuse [2]  11/6 12/2
excuses [2]  14/14 14/15
exhibits [1]  4/1
explain [1]  10/11
extension [2]  18/11 19/19
extensions [5]  19/2 19/10 19/11 19/13
 19/16

## F

fabrication [1]  14/4
facial [1]  6/5
factors [1]  17/18
facts [1]  14/25
faith [1]  11/25
false [2]  13/13 14/15
far [1]  2/16
February [9]  1/5 18/5 18/17 18/18 19/7
 20/2 20/4 20/6 20/10
federal [2]  5/12 12/7
fee [2]  7/13 7/19
feel [1]  19/3
fees [1]  4/7
felt [2]  12/12 15/2
fifth [1]  13/16
figure [2]  11/4 11/10
file [9]  7/19 7/19 9/24 12/7 15/1 16/21
 17/14 17/19 20/11
filed [6]  3/8 5/11 5/12 5/13 14/24 18/2
final [1]  19/10
finally [4]  7/23 10/19 11/17 11/19
financial [1]  7/17
find [2]  4/4 5/1
fine [1]  7/22
first [5]  6/16 7/7 7/13 7/15 13/10
five [3]  11/3 11/7 13/17
FL [2]  1/14 1/18
FLORIDA [2]  1/1 1/4

## followed

followed [1]  12/13
following [2]  2/2 15/5
foregoing [1]  21/4
foremost [1]  13/10
forth [2]  10/3 15/9
forward [2]  8/15 8/17
four [1]  3/11
fourth [1]  3/21
fowler [3]  1/17 1/19 2/7
fowler-white.com [1]  1/19
fraud [3]  4/9 4/14 4/18
free [2]  16/21 17/19
Friday [1]  7/20
front [2]  6/10 10/9
fully [1]  2/14
further [1]  5/18
future [1]  9/20

## G

gather [2]  11/13 14/22
gave [4]  11/20 19/2 20/4 20/5
Gayles [1]  2/5
general [1]  7/21
get [16]  3/22 3/25 4/22 7/19 8/17 10/16
 10/17 10/21 11/16 11/24 12/5 14/20 18/9
 18/9 19/18 20/7
getting [3]  12/13 12/14 19/13
girl [1]  12/11
give [4]  13/7 18/17 18/19 19/6
given [5]  7/24 7/24 8/1 8/17 9/5
gmail.com [3]  1/15 1/23 21/9
go [3]  7/7 7/10 18/20
goal [1]  19/21
goes [1]  5/6
going [10]  4/12 7/18 8/11 9/13 9/19
 10/18 14/1 14/20 16/7 16/13
good [2]  7/9 11/25
Google [1]  4/4
got [6]  7/16 8/13 10/19 10/20 13/19
 13/23
granted [2]  5/19 19/11
guess [4]  6/18 8/5 11/20 11/21

## H

had [19]  2/13 4/6 4/6 4/13 4/19 7/9 7/15
 8/14 8/18 9/13 12/10 12/12 12/17 12/19
 12/21 12/22 12/25 13/24 16/14
half [1]  3/11
happened [2]  10/22 12/1
hard [3]  9/13 9/25 10/9
has [10]  3/21 5/6 5/19 8/1 10/4 13/22
 15/16 15/16 20/9 20/11
hasn't [1]  13/20
have [32]
haven't [3]  6/21 6/22 17/8
having [2]  12/3 12/4
he [26]
healthy [1]  20/18
hear [2]  6/13 7/5
hearing [11]  1/9 2/13 3/6 3/19 3/20 7/13
 13/17 13/21 15/9 17/20 20/13
hearings [1]  4/6
held [1]  2/2
here [7]  2/12 8/9 8/15 9/13 9/24 9/25
 10/9
hereby [1]  21/4
hey [2]  4/22 7/18
highly [2]  13/9 13/10
him [7]  7/11 7/12 7/19 7/19 7/21 9/5 19/4
his [2]  10/21 15/16

## H

history [1]  5/6
hold [2]  9/15 18/1
honestly [2]  7/13 7/17
Honor [33]
Honor's [2]  2/23 14/16
HONORABLE [1]  1/10
how [5]  11/4 11/10 11/21 14/25 15/2

## I

I'll [1]  8/16
I'm [16]  2/18 4/5 4/20 4/24 7/18 9/10
 9/12 9/13 9/22 10/17 11/6 12/1 14/24
 15/10 18/3 18/16
I've [6]  4/14 7/8 7/24 7/24 8/18 19/4
if [18]  2/18 5/4 5/18 6/5 6/19 7/4 7/21 8/8
 8/15 9/14 9/16 9/18 9/23 13/15 15/3
 15/9 16/4 18/3
important [2]  9/17 9/18
impose [1]  16/20
imposed [1]  16/21
in [51]
inaudible [1]  19/3
INC [2]  1/3 2/3
inconsistency [1]  6/5
information [1]  15/5
infringement [1]  8/10
injunction [2]  19/12 19/21
instead [1]  5/3
insufficiency [1]  6/9
insufficient [1]  15/18
interject [1]  4/21
interrogatories [2]  3/4 16/19
interrupt [1]  12/20
intertwined [1]  7/16
into [2]  4/25 5/6
is [85]
isn't [1]  7/17
issue [1]  2/19
issued [1]  2/13
issues [3]  5/1 7/6 15/12
it [79]
it's [8]  2/22 5/13 9/6 9/7 9/17 9/18 12/16
 13/6
its [2]  15/14 15/17

## J

January [12]  2/13 2/15 2/24 3/8 5/10
 13/11 13/12 13/14 13/17 13/24 14/21
 18/2
jemancari [2]  1/23 21/9
Joanne [3]  1/22 21/8 21/8
judge [18]  1/10 4/22 7/7 7/8 7/14 9/12
 10/8 10/15 10/22 11/6 11/23 12/24 13/6
 14/19 14/24 16/16 18/8 19/2
jumbled [1]  9/3
just [13]  4/19 4/20 7/10 8/17 9/10 9/14
 9/14 12/13 13/23 14/24 15/3 17/15 20/7
justification [1]  18/24

## K

keep [3]  3/14 15/3 19/21
kept [1]  19/13
know [12]  4/3 6/16 6/19 6/20 6/22 6/23
 9/17 9/18 10/18 11/1 12/6 15/2

## L

largest [1]  14/6
last [1]  7/13
late [1]  18/6

lateness [2]  6/9 15/14
later [3]  3/20 13/17 13/21
law [1]  3/14
least [1]  18/19
leave [1]  20/11
lenient [2]  19/4 20/1
let [7]  2/21 7/5 9/9 9/22 11/3 16/11 16/25
let's [4]  5/17 5/22 5/24 20/7
liar [1]  4/19
lie [2]  4/11 14/3
like [11]  2/17 5/11 5/13 5/21 6/5 10/16
 10/20 12/6 12/12 15/2 19/3
line [1]  16/8
link [3]  13/15 14/8 14/13
LLC [2]  1/6 2/4
look [5]  6/11 7/8 8/16 9/9 9/23
looking [1]  7/14
looks [1]  2/17
lose [1]  9/11

## M

made [1]  4/16
MAGISTRATE [1]  1/10
mail [3]  10/18 12/8 12/17
maintain [1]  3/14
make [1]  4/5
makes [1]  14/17
making [1]  9/21
Mancari [3]  1/22 21/8 21/8
many [1]  15/2
mark [1]  6/16
matches [1]  9/25
matter [1]  21/6
matters [2]  5/5 20/12
may [2]  9/16 14/19
maybe [1]  12/12
me [21]  5/9 5/11 6/10 6/11 6/17 7/5 7/17
 8/1 9/9 9/22 10/9 10/10 11/3 11/5 11/6
 11/7 16/11 16/25 18/17 18/19 20/4
mean [8]  8/8 9/6 11/17 14/19 14/20
 16/13 18/23 19/3
means [1]  2/19
mentioned [1]  19/10
metadata [1]  14/11
Miami [3]  1/4 1/14 1/18
might [1]  20/14
mindset [1]  14/21
misleading [1]  13/10
missing [1]  6/13
mistake [1]  11/17
moment [4]  5/17 5/20 6/8 11/1
Monday [3]  18/5 18/18 19/7
months [1]  16/8
more [1]  19/4
most [2]  5/23 14/12
motion [18]  3/7 5/21 16/22 17/1 17/2
 17/4 17/10 17/10 17/11 17/14 17/19
 17/23 19/7 19/12 19/20 19/25 20/10
 20/11
motions [1]  17/16
move [3]  8/14 8/17 16/19
Mr [1]  7/14
Mr. [29]
Mr. Valdes [9]  6/13 7/5 8/22 10/2 11/5
 16/11 17/8 17/22 18/6
Mr. Valdes' [1]  15/15
Mr. Velarde [18]  2/21 5/4 5/18 6/1 6/13
 7/9 8/23 12/10 12/14 13/7 14/21 15/14
 16/21 17/13 18/21 19/5 20/1 20/16
Mr. Velarde's [1]  11/20

much [2]  8/15 20/18
my [33]

## N

need [8]  5/9 8/16 10/23 10/25 13/15
 14/8 14/13 15/21
needed [1]  15/1
never [7]  4/10 4/10 4/18 4/18 13/19
 13/22 13/24
new [1]  16/8
next [1]  7/12
nightmare [1]  5/2
no [14]  1/2 2/4 6/15 6/19 6/20 6/23 6/25
 9/14 11/9 17/6 17/6 18/23 20/15 20/17
noncompliance [1]  3/20
not [30]
notice [4]  2/12 2/18 5/5 5/6
notion [1]  14/2
notwithstanding [3]  6/4 10/2 15/15
now [21]  3/5 3/21 4/6 5/5 5/21 5/22 9/12
 9/20 13/8 13/11 14/19 14/20 14/21 15/11
 15/13 15/13 16/17 18/22 19/21 19/21
 19/23
number [4]  2/25 3/1 3/3 6/1

## O

objecting [4]  3/3 3/12 3/13 6/3
objection [4]  2/25 7/3 18/21 19/23
objections [11]  3/12 6/2 6/4 6/6 6/6 8/3
 8/6 15/20 15/23 19/23 20/8
obligations [2]  19/14 19/15
obviously [2]  9/17 12/7
October [1]  21/8
Oh [1]  9/4
OK [5]  11/2 12/16 17/4 17/11 17/17
on [62]
one [17]  2/25 3/16 5/23 6/1 6/18 6/24
 8/1 10/1 11/1 13/15 14/7 14/7 14/7 15/3
 15/19 17/15 19/10
only [2]  5/13 18/22
opportunity [1]  13/8
or [12]  3/13 3/25 4/3 5/20 9/2 9/14 10/4
 10/5 11/14 12/8 15/13 15/21
order [26]
ordered [1]  7/20
orders [1]  4/7
ore [1]  18/11
OTAZO [1]  1/10
OTAZO-REYES [1]  1/10
other [6]  5/3 14/6 17/16 17/18 19/3
 19/23
our [2]  3/9 7/20
out [2]  11/4 11/10
outcome [1]  18/9
over [3]  2/21 11/15 18/20
overbroad [2]  3/13 10/3
overdue [1]  17/25
overlooked [1]  20/14

## P

P.A [2]  1/13 1/17
page [1]  14/7
pages [8]  1/7 3/24 3/24 14/6 14/7 14/8
 14/12 14/12
paid [1]  7/19
paralegal [1]  11/16
part [3]  4/2 15/7 19/17
PDF [5]  6/19 9/8 10/1 14/11 15/12
PDFs [12]  3/22 3/23 4/1 6/16 6/18 8/24
 9/1 9/9 10/1 14/6 14/6 14/6

**P**

pending [1]  17/1
per [1]  10/1
Perfect [1]  16/1
perpetrating [1]  4/8
personal [1]  5/1
personally [1]  4/15
phone [1]  9/14
plaintiff [11]  1/4 1/12 3/6 3/8 3/21 4/6
 16/5 19/13 19/18 20/5 20/9
plaintiff's [2]  3/20 19/17
plaintiffs [4]  2/10 2/14 2/17 5/13
please [1]  2/6
point [7]  3/19 4/5 5/4 9/21 12/13 16/14
 16/17
points [1]  7/5
portion [1]  10/13
possession [7]  8/7 8/14 8/18 10/5 15/17
 16/6 16/15
possibly [1]  15/5
post [1]  19/21
practice [1]  5/21
preliminary [3]  15/20 19/12 19/20
pretty [1]  20/1
printouts [1]  14/11
prior [1]  17/22
privileged [1]  15/7
problem [2]  6/24 7/8
proceed [1]  9/19
proceedings [1]  2/2
process [1]  12/14
produce [8]  3/1 10/13 12/22 13/4 13/12
 13/19 14/1 14/2
produced [12]  4/10 6/12 6/19 6/21 6/22
 9/20 10/4 10/4 10/10 15/16 16/14 19/22
producing [2]  3/17 8/19
production [12]  3/1 3/2 3/9 5/16 6/2 6/10
 6/25 15/14 15/17 16/3 16/10 16/18
professionally [1]  5/3
protocol [1]  16/23
provide [2]  12/11 13/15
provision [1]  3/5
public [1]  8/11
publicly [2]  8/8 15/6
publicly-available [1]  15/6
pull [1]  9/13
pulled [1]  9/24
pulling [1]  9/12
pursuant [1]  17/22
pushing [1]  19/21
put [3]  5/19 6/8 18/3

**Q**

quality [1]  5/16
quasi [2]  7/3 8/6
quasi-objection [1]  7/3
quasi-objections [1]  8/6
question [3]  8/23 8/23 11/23
quite [1]  2/17
quote [1]  3/12
quote-unquote [1]  3/12

**R**

raise [3]  6/6 6/6 6/7
raised [2]  3/11 3/12
raising [2]  3/10 6/4
ready [2]  13/12 14/2
realize [1]  12/15
reason [4]  9/16 14/5 14/23 19/12
reasons [2]  13/10 19/16

receive [3]  3/15 4/14 4/21
received [1]  4/15
record [4]  2/6 4/2 13/18 15/7
recording [2]  1/9 21/6
refile [1]  7/18
relationship [1]  7/9
relying [1]  6/7
remaining [1]  15/19
remember [1]  8/8
reply [2]  19/1 19/6
Reporter [2]  1/22 21/9
request [8]  3/9 6/15 6/20 6/23 10/2
 11/25 15/12 19/19
requested [2]  11/12 13/1
requesting [2]  11/14 13/3
requests [21]  2/15 3/1 3/2 3/10 3/11 3/15
 3/16 4/11 6/12 6/25 9/2 9/7 10/6 12/10
 13/19 13/23 13/25 14/2 14/3 16/5 16/7
require [1]  9/17
required [3]  2/23 3/14 10/13
requiring [2]  2/14 14/17
respect [1]  17/12
respond [14]  2/25 3/3 3/7 10/23 10/25
 11/2 14/17 17/23 18/10 18/14 19/7 19/12
 19/24 20/10
responded [1]  17/8
responding [1]  18/7
response [12]  3/9 3/15 6/12 6/17 7/20
 10/12 10/12 13/2 15/24 17/6 18/9 19/20
responses [3]  5/14 6/10 20/9
responsive [8]  3/2 6/17 6/19 6/20 7/25
 10/4 15/12 16/7
review [1]  2/16
REYES [1]  1/10
right [23]
road [1]  20/7
RPR [2]  1/22 21/8
rules [2]  9/17 19/15
ruling [2]  14/16 14/16
rulings [1]  20/8

**S**

S.W [1]  1/13
said [8]  4/15 4/21 4/22 8/2 10/16 12/11
 13/4 13/15
same [1]  20/4
sanctioned [1]  7/16
sanctions [15]  3/7 5/18 7/14 16/20 16/22
 17/3 17/4 17/10 17/12 17/15 17/16 17/20
 17/23 19/7 20/12
satisfied [1]  5/16
saw [2]  14/2 14/3
say [2]  6/7 12/7
saying [8]  3/13 4/14 5/21 6/1 6/21 8/23
 9/22 12/16
says [3]  3/16 6/4 8/4
schedule [1]  3/19
search [1]  4/4
season [1]  5/23
second [3]  14/5 14/16 19/14
secured [1]  14/8
see [6]  4/16 4/21 9/23 13/23 16/25 18/8
seeking [1]  5/18
seems [2]  5/9 5/13
seen [3]  13/20 13/22 13/24
send [5]  10/18 10/20 12/8 12/8 14/9
sense [1]  12/5
sent [5]  7/11 7/12 11/15 11/19 13/14
sequenced [1]  9/2
serve [3]  5/14 11/4 11/10

served [2]  4/10 5/13
serving [1]  12/16
seven [4]  3/23 4/1 14/1 14/3
several [1]  13/10
she [7]  10/18 11/16 11/16 11/17 11/17
 12/12 12/12
short [1]  17/15
should [2]  17/24 20/6
show [1]  20/7
showing [1]  6/15
side [4]  5/20 6/8 19/3 19/4
simplest [1]  5/1
simply [1]  14/18
sir [2]  7/6 10/7
sitting [1]  8/9
so [27]
some [5]  2/17 2/19 6/2 15/4 15/4
somebody [1]  9/11
something [3]  7/4 8/15 16/25
sorry [4]  4/24 11/6 15/10 18/16
sort [1]  6/5
sounds [1]  5/11
SOUTHERN [1]  1/1
specifically [1]  8/4
spoke [2]  4/17 11/19
standpoint [2]  7/17 8/13
start [2]  5/2 12/11
starting [1]  6/14
state [5]  2/6 7/15 10/17 12/6 12/16
stated [5]  4/13 10/15 11/22 12/11 14/25
statement [3]  10/7 10/8 15/16
statements [1]  15/20
STATES [2]  1/1 1/10
stating [4]  10/2 12/1 12/25 14/24
Stay [1]  20/18
stick [3]  5/4 5/17 5/24
sticking [1]  16/5
still [1]  7/16
straight [2]  4/20 7/24
stricken [5]  15/22 15/22 15/24 19/24
 20/9
strike [2]  17/1 17/2
stuff [1]  8/8
subject [2]  3/6 5/5
sufficiency [2]  15/14 16/2
suggesting [1]  13/12
SunBiz [1]  3/24
sunbiz.com [1]  3/25
supplement [3]  16/12 16/13 17/11
supply [1]  10/24
supposed [1]  6/17
sure [4]  2/17 2/18 4/16 9/10
surprise [1]  9/19

**T**

take [5]  2/21 5/9 11/2 11/24 20/18
talk [1]  18/19
talked [1]  7/11
technical [4]  12/3 12/4 12/9 12/13
telephone [1]  2/2
telephonic [1]  2/13
tell [9]  2/16 6/11 6/17 7/2 7/4 7/18 9/1
 9/5 16/11
telling [5]  4/9 11/5 11/7 12/19 12/21
tells [2]  13/18 13/18
temperature [1]  5/22
ten [1]  14/7
tenus [1]  18/11
terminate [1]  15/9
than [1]  19/4

## T

Thank [6]  2/11 13/9 19/9 20/18 20/20 20/21
that [146]
that's [18]  7/22 8/1 8/19 8/21 9/21 9/22 10/8 10/15 10/22 11/14 11/25 14/22 16/4 16/7 17/24 18/4 19/8 20/3
their [3]  8/6 10/5 16/6
them [14]  3/11 3/25 6/7 6/7 8/3 10/20 11/15 11/18 11/18 11/21 14/8 14/9 14/17 15/3
then [13]  2/19 6/3 6/7 6/13 7/3 10/19 11/15 11/17 11/20 12/11 16/9 17/5 19/1
there [17]  2/19 2/20 2/21 3/5 3/10 4/12 6/2 8/7 8/12 8/15 15/4 16/25 17/1 17/4 17/5 17/6 18/23
there's [3]  6/25 16/18 16/18
Thereupon [1]  1/24
these [20]  3/14 5/11 5/13 6/12 6/18 7/25 8/5 8/9 8/10 10/6 11/4 11/10 11/13 14/10 14/11 14/11 14/14 15/7 16/5 16/7
they [23]
they're [2]  3/13 5/21
thing [4]  4/22 8/17 15/19 19/10
things [4]  2/18 2/23 5/11 8/7
think [1]  7/12
thinks [1]  8/16
third [1]  3/19
this [42]
those [9]  7/5 7/6 8/7 12/22 15/21 15/22 15/22 16/20 19/13
though [1]  3/16
thousands [2]  14/10 14/10
three [5]  2/23 3/3 4/6 18/9 18/18
time [9]  5/4 11/2 11/24 13/16 13/16 16/14 17/24 18/12 20/4
today [5]  3/20 13/24 17/12 17/21 19/24
together [1]  19/18
told [1]  8/3
took [2]  11/3 11/7
top [3]  4/8 5/15 7/3
towards [1]  5/2
trademark [1]  8/10
TRANSCRIBED [2]  1/9 1/22
transcription [1]  21/5
transpired [2]  5/6 17/20
tried [3]  7/19 10/24 11/23
true [3]  14/5 14/17 14/18
trying [11]  3/19 4/5 8/17 10/16 10/17 10/17 11/13 11/16 11/24 14/20 14/22
two [6]  3/1 4/6 13/21 14/7 14/12 16/8
type [2]  3/24 4/3

## U

under [2]  3/14 19/15
understand [1]  12/24
unfair [1]  4/7
UNISOURCE [5]  1/3 1/6 2/3 2/4 2/9
UNITED [2]  1/1 1/10
unquote [1]  3/12
until [5]  18/16 18/16 18/17 19/6 20/10
up [12]  4/14 4/17 4/19 9/12 9/13 9/24 12/13 16/8 17/24 18/25 19/5 19/6
upload [9]  7/21 7/21 10/19 10/22 11/14 11/21 11/21 12/5 12/10
uploaded [9]  2/17 2/20 7/23 8/13 8/24 10/17 10/19 11/16 12/12
upon [2]  4/9 4/15
us [4]  5/24 11/18 11/20 12/13
used [1]  6/16

## V

VALDES [12]  1/12 1/13 2/9 6/13 7/5 8/22 10/2 11/5 16/11 17/8 17/22 18/6
Valdes' [1]  15/15
VELARDE [21]  1/17 2/7 2/21 5/4 5/18 6/1 6/13 7/9 7/14 8/23 12/10 12/14 13/7 14/21 15/14 16/21 17/13 18/21 19/5 20/1 20/16
Velarde's [1]  11/20
verbiage [1]  10/3
very [1]  20/18
via [2]  10/18 12/8
Vic [1]  4/20
VICTOR [3]  1/17 2/7 4/12
violation [2]  14/15 18/23
voluminous [2]  12/6 12/8
vvelarde [1]  1/19

## W

wait [1]  12/19
waiting [1]  18/8
want [8]  4/19 4/21 4/25 8/14 9/14 9/18 9/19 17/11
wanted [2]  12/5 15/3
wants [1]  11/1
was [40]
Washington [1]  5/21
wasn't [5]  2/17 4/14 9/20 10/22 12/9
wasted [1]  4/7
way [7]  3/10 4/8 5/12 5/20 6/21 14/25 15/3
we [46]
we're [1]  8/9
weather [1]  5/22
web [3]  3/23 3/24 14/12
weekend [1]  18/20
well [3]  9/21 9/24 12/15
went [2]  3/18 7/13
were [16]  2/2 3/10 3/13 3/25 4/1 5/11 6/1 6/2 11/24 12/3 14/25 14/25 16/8 19/11 19/11 20/1
what [34]
what's [1]  5/24
when [10]  4/22 6/15 7/13 7/20 8/13 12/5 12/8 12/11 18/16 18/16
where [1]  5/2
whether [2]  9/1 9/2
which [7]  3/20 4/11 5/12 6/4 6/16 7/13 13/1
WHITE [2]  1/17 2/7
white.com [1]  1/19
whole [1]  5/6
why [5]  9/16 10/15 11/14 12/25 14/5
will [14]  2/21 3/16 6/8 6/13 8/11 12/7 12/8 13/7 13/15 15/8 15/9 18/18 18/19 19/6
wish [1]  16/20
withdrawn [1]  15/21
withholding [1]  7/4
without [6]  2/25 3/3 3/12 3/12 6/4 19/23
word [1]  16/13
work [1]  18/20
would [7]  5/4 10/7 15/2 15/13 18/3 19/19 19/24
written [1]  10/12

## Y

yes [24]
yet [2]  17/8 17/9
you [68]