**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

---

**MOTION TO STRIKE OR DISMISS COMPLAINT (DE 1), STRIKE ANSWER AND
AFFIRMATIVE DEFENSES TO COUNTERCLAIM (DE 147), AND ENTER DEFAULT
AGAINST PLAINTIFF AS TO COUNTERCLAIM (DE 166) BASED UPON
<u>PLAINTIFF'S WILLFUL REFUSAL TO COMPLY WITH COURT ORDER</u>**

Pursuant to the Court's inherent authority, Rules 41(b), Rule 16(f), and Local Rule 16.1(l), Defendants move to strike or dismiss Plaintiff's Complaint (DE 1), to strike Plaintiff's Answer and Affirmative Defenses to Counterclaim (DE 147), and to enter a default against Plaintiff as to the Counterclaim based upon Plaintiff's willful refusal to comply with Court Order (DE 33).

1.     Once again, Plaintiff has willfully violated an Order of this Court.

2.     The Court's Order (DE 33) required the parties to confer and file a Joint pretrial stipulation, proposed jury instructions, proposed joint verdict form by November 5, 2021.

3.     On October 5, 2021 (one month before the deadline), the undersigned emailed Plaintiff's counsel stating, "let me know when you can discuss our pretrial stipulation. Our deadline is coming up, and we are required to file one. Please let me know your availability ….."

4.     Plaintiff's counsel refused to confer to prepare a joint pretrial stipulation and responded, "[w]e will address pre-trial stipulation in Federal immediately following the Summary Judgement Hearing, which we anticipate advantage outcome."

5.      In reply, the undersigned stated, "I strongly urge you not to ignore the Court's Orders and deadlines, Diego. If you do, we will move to strike your pleadings. Again, let me know your availability to confer."

6.      Plaintiff's counsel responded by stating, "[i]gnoring the obvious will not help your clients."

7.      Thereafter, at 2:41 p.m. on October 5, the undersigned again advised Plaintiff's counsel not to ignore the Court's deadline: "I again strongly urge you not to ignore the Court's Orders and coordinate a conferral with me."

8.      Plaintiff's counsel did not agree to confer to prepare a joint pretrial stipulation. A copy of the above email communications is attached hereto as Exhibit "1."[1]

9.      This is not the first, second, third, or even fourth time Plaintiff willfully violates an Order of this Court.

10.     Throughout this litigation, Plaintiff has ignored numerous Court Orders, unnecessarily requiring additional litigation and expenditure of avoidable fees/costs.

11.     In fact, Plaintiff has made such a habit of ignoring Court Orders that the Court has had to admonish Plaintiff in writing as follows: "Plaintiff is advised that failure to comply with this Order will result in the undersigned's immediate issuance of a recommendation that Plaintiff's case be dismissed as a discovery sanction … ***given Plaintiff's repeated disregard for the undersigned's prior Discovery Orders.***" Order (DE 106) at p. 2 (emphasis added).

---

[1] The email chain among counsel (Exhibit 1) begins with Plaintiff ostensibly providing a "settlement offer." Because that "offer" was, in fact, a take-it-or-leave-it demand that Defendants respectfully submit was not an offer to compromise and, therefore, not privileged or inadmissible. Nonetheless, in an abundance of caution, the email chain is being redacted in part to remove the details of the "offer."

12.     Most recently, Plaintiff was sanctioned in significant part for requiring numerous hearings to be scheduled as a result of Plaintiff's repeated violations of the Court's discovery Orders. When Plaintiff failed to comply with the Court's Order imposing sanctions (DE 140), Defendants filed a Motion to Compel Plaintiff to Comply (DE 160).

13.     When Plaintiff simply ignored that Motion, the Court issued an Order to Show Cause (DE 192) requiring "Plaintiff [to] show cause why the Motion to Compel should not be granted" or to "file a response in opposition."

14.     That Order is now the ***second*** Order to Show Cause this Court has issued against Plaintiff relating to Plaintiff's refusal to comply with its obligations. *See* First Order to Show Cause (DE 21) at p. 1 ("Plaintiff … has failed to respond in opposition to Defendants' Motion to Dismiss.").

15.     Consistent with Plaintiff's modus operandi in this litigation, Plaintiff has now refused to coordinate a Joint Pretrial Stipulation, Proposed Jury Instructions, Proposed Joint Verdict Form as required by the Court's Order (DE 33).

16.     As explained above, the undersigned has attempted to confer with Plaintiff to prepare the joint filings, but Plaintiff has refused to coordinate.

17.     Additionally, after October 5, 2021, the undersigned attempted to confer with Plaintiff on numerous occasions to comply with the Court's Order.

18.     Specifically, the undersigned reached out to Plaintiff's counsel to confer on October 18, 2021 at 1:59 p.m. ; October 20, 2021 at 6:45 p.m.; October 25, 2021; October 28, 2021 at 12:29 p.m.; November 1, 2021 at 11:55 p.m.; November 3, 2021 at 10:08 p.m.; and November 5, 2021 at 11:54 a.m.

19. After numerous attempts to confer, Plaintiff's counsel finally agreed to confer with the undersigned on October 28, 2021 at 3:00 p.m. However, when the undersigned called Plaintiff's counsel at the scheduled date and time, Plaintiff's counsel did not answer the phone. Shortly thereafter, Plaintiff's counsel sent a text message stating that he "need[s] another 30 min[utes] or so." When the undersigned called at the rescheduled time, Plaintiff's counsel again did not answer.

20. Throughout this litigation, Plaintiff has ignored Court Orders, and when Plaintiff's disregard of Court Orders inevitably required additional litigation, Plaintiff refused to confer.

21. Plaintiff's counsel's complete refusal to confer led that Court to mandate that Plaintiff's counsel "shall attend a standing conferral call every Friday at 4:00 P.M. to address any issues or motions that may arise." Court Order (DE 138). After the close of discovery, Plaintiff's counsel has refused to comply with this Order and has refused to coordinate any conferrals.

22. Pursuant to Rule 16(f)(1), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order," and "in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

23. Orders authorized by Rule 37(b)(2)(A)(ii)–(vii) include "striking pleadings in whole or in part," "dismissing the action or proceeding in whole or in part," and "rendering a default judgment against the disobedient party."

24. Additionally, Local Rule 16.1(l) provides that the "[f]ailure to comply with the requirements of this Local Rule"—which include "the duty of counsel to see that the pretrial stipulation is drawn, executed by counsel for all parties, and filed"—"will subject the party or

4

counsel to appropriate penalties, including but not limited to ***dismissal of the cause***, or the ***striking of defenses*** and entry of judgment." S.D. Fla. L.R. 16.1(l), and (e) (emphasis added).

25.     "Rule 16(f) sanctions are 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *Rasmussen v. Cent. Florida Council Boy Scouts of Am., Inc.*, 412 Fed. Appx. 230, 232–33 (11th Cir. 2011).

26.     And "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.' As such, '[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.'" *Lopez v. Wilensky*, 17-80726-CV, 2021 WL 2893399, at *1–2 (S.D. Fla. May 12, 2021) ("The fact remains that the joint pretrial stipulation has not been filed, and this is the last in a long series of litigation deadlines that Plaintiff has failed to comply with. Therefore, … I still see fit to dismiss this action with prejudice.").

27.     When "the record plainly supports the district court's conclusion that [the disobedient party's] violations of [ ] court orders amounted to willful and sanctionable conduct" (including "fail[ure] to participate in the drafting of a joint final pretrial stipulation"), then "the district court d[oes] not commit an abuse of discretion in sanctioning the [disobedient party] with entry of a default judgment." *Rasmussen*, 412 Fed. Appx. 232–33; *see also Loos v. Club Paris, LLC*, 607-CV-1376-ORL31GJK, 2009 WL 1458040, at *3 (M.D. Fla. May 26, 2009) ("recommend[ing] that the Court enter an order striking Defendant's Answer and direct the Clerk to enter default" because the defendant did not participate in preparing the joint pretrial statement and "[t]he trial term begins in less than a month. Without meaningful participation by the Defendant, the Plaintiff will be unable to adequately prepare for trial. Moreover, Defendant's

apologies and excuses for not knowing the Local Rules and Federal Rules of Civil Procedure are not good cause for failing to abide by the CMO.").

28.     The record in this case is clear: Plaintiff has refused to comply with Court Order after Court Order. And when this Court sanctioned Plaintiff, in part, for causing expenditure of fees/costs as a result of its failure to comply with Court Orders, Plaintiff refused to comply with the Court's sanctions Order (requiring the Court to issue a second Order to Show Cause against Plaintiff).

29.     Plaintiff's pattern of violating Court Orders and causing delay in bad faith clearly establishes that Plaintiff's violations of the Court's Orders are willful. Plaintiff's conduct in this litigation also demonstrates that any sanction less than striking/dismissal of the Complaint and entry of default would not suffice.

For the reasons set forth above, Defendants respectfully request the Court to strike or dismiss Plaintiff's Complaint (DE 1), strike Plaintiff's Answer and Affirmative Defenses to Counterclaim (DE 147), and enter a default against Plaintiff as to the Counterclaim (DE 166), for reimbursement of Defendants' reasonable attorney's fees and costs, and for such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on November 5, 2021, on all counsel or parties of

record on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |
|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
|---|---|
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

7