**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

     v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

     Defendants.

_____

## PLAINTIFFS' RESPONSE TO THIS COURT'S JULY 22, 2021, ORDER TO SHOW CAUSE [DE 140]

Plaintiff, Unisource Discovery, Inc. by and through its undersigned attorney, files its Response To This Court's July 22, 2021, Order to Show Cause [DE 140], and states the following:

## INITIAL STATEMENT

In Defendants' Motion to Compel ("Defendants' Motion") [DE 160], the Defendants notify the Court that Plaintiff has not yet paid the sanction award pursuant to the July 22, 2021 Order [DE 140]. In paragraph 4 and 5 of Defendants' Motion, and citing Rule 37, the Defendants have asked this Court to strike Plaintiff's pleadings and/or to be compensated for additional attorneys' fees and/or reasonable expenses.

Although it appears coincidental and candidly a convenient argument, the Plaintiff was in the process of filing a motion for an extension of time for payment of the sanction award; however, on November 26, 2021, the Court was first-in-time when it entered its Order to Show Cause ("OTC") [DE 192].

Accordingly, OTC states, in relevant part,

1

"Upon review of the case docket, it appears that Plaintiff Unisource Discovery, Inc. ("Plaintiff") has failed to respond in opposition to Defendants' Motion to Compel. Pursuant to Rule 7.1 of the Local Rules for the Southern District of Florida, failure to respond "may be deemed sufficient cause for granting the motion."

Accordingly, it is **ORDERED AND ADJUDGED** that within 20 days from the date of this Order, Plaintiff shall show cause why the Motion to Compel should not be granted. In the alternative, Plaintiff shall file a response in opposition to the Motion to Dismiss by the same date."

As of today, although the record is "currently" lacking an explanation for non-payment of the sanction award pursuant to the July 22, 2021, Order [DE 140] the Plaintiff shows its delay was substantially justified, not willful and not in bad faith.

## APPLICABLE LAW

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes the court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Where, as here, a party seeks to enforce Rule 37's sanctions, "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the non disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

In addressing this issue, reviewing courts consider the non-disclosing party's explanation for the failure, the importance of the information, and whether the opposing party is prejudiced by the discovery violation. *See Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.,* 552 F.3d 1303, 1321 (11th Cir. 2008)).

The Eleventh Circuit has observed that the first and third factors, together, can outweigh the second. *See Bearint ex rel. Bearint* v. *Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) ("Regardless of the importance of [the] testimony, the reasons for the delay in the . . . disclosure and the consequent prejudice that [the] testimony would have caused [the nonmoving party] require us to affirm the district court's ruling.").

In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *See Long v. East Coast Waffles, Inc.*, 762 F. App'x 869, 871 (11th Cir. 2019); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997).  A district court is authorized, for example, to dismiss a case for failure to prosecute or failure to comply with a court order or the federal rules. *See Fed. R. Civ. P.* 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Dismissal under Rule 41(b) is appropriate only where "there is a "*clear record* of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) (emphasis added). On appeal, a court's resolution of a discovery violation will be upheld absent an abuse of that broad discretion. *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). "An abuse of discretion occurs only when the district court relies on a clearly erroneous finding of fact or an errant conclusion of law, or improperly applies the law to the facts." *Id*. (citing *Adams v. Austal U.S.A., LLC,* 754 F.3d 1240, 1248 (11th Cir. 2014))(emphasis added).

**DISCUSSION**

As for Defendants request to strike Plaintiff's pleadings, the Eleventh Circuit considers this to be a more severe sanction that is appropriate only where the party's compliance with a court order is willful or in bad faith. *See Gordon v. Getter,* 2010 WL 11500084, at 2 (N.D. Ga. Aug. 31, 2010) ("The severe sanction of striking a party's pleading and entering default judgment, however, is only appropriate where the party's noncompliance with a court's discovery order is willful or in bad faith.") (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985); *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (addressing the similar sanction of dismissal with prejudice).

As shown herein there is no evidence that Plaintiffs failure to comply was the result being willful or in bad faith. *Cox v. American Cast Iron Pipe* Co.,784 F.2d 1546, 1556 (11th Cir.), *cert. denied,* 479 U.S. 883 (1986); *Wouters v. Martin County, Fla.,* 9 F.3d 924, 933-34 (11th Cir. 1993)/

Plaintiff's forthright explanation, set-forth below, respectfully shows Plaintiff's non-payment of the sanctions, as of today, is not "… deliberate and intentional failure to comply with the Court's [D]iscovery Order is the type of willful violation that justifies the entry of default under Rule 37." *Heald v. Hill-Rom Co., Inc.*, 2006 WL 3747362, at 2 (S.D. Ga. Dec. 18, 2006) (striking a defendant's answer and entering default for the failure to comply with the court's discovery order).

A.    **The July 22, 2021 Order [DE 140]**

Notably, the July 22, 2021, Order granting sanctions [DE 140] does *not* provide a date/deadline for payment of the granted sanction award (for instance, within 60 days from entry of the Order).  To be clear – in all due respect the Plaintiff never believed that no deadline in the Order [DE 140] meant that Plaintiff could wait in perpetuity. Not at all.

Nevertheless, the Defendants' Motion to Compel Plaintiff to Comply With The Court's Order and For Reimbursement of attorney's Fee [DE 160] is *not completely candid to the Court*; that is, is it difficult to accept that Defendants filed a motion to compel payment [DE 160] and inadvertently overlooked a very important/material disclosure to this Court that there is no payment deadline within the Order [DE 140] for Plaintiff's to violate.

To a small extent the omission of a date/deadline in the original Order [DE 140] did ease the level of urgency to remit the sanction payment and/or address when Plaintiff should make the sanction payment by way of filing a motion with this Court. Likewise, from an administrative standpoint the omission of a deadline in the Order [DE 140] meant that no deadline was calendared as a reminder for payment. Internally there were no "red-flags" triggered by an approaching deadline.

Notably, three-months before the July 22, 2021, Order [DE 140] was entered, and three-months thereafter, the Plaintiff and Defendants exchanged approximately 500 emails.  However, not a single email out-of-those approximate 500 emails did Defendants raise the issue of non-payment of the awarded sanctions.

Throughout the litigation this Honorable Court has highly stressed "conferring" under the Local Rules. Similarly, the issue of conferring has been raised on a virtual weekly basis between the parties themselves in email exchanges. First, since there is no deadline for payment of the sanction award in the Order [DE 140] it is sensible for Plaintiff to presume the deadline should have been "first" negotiated between the parties – the omission of a deadline implicitly meant the parties where to resolve amongst themselves. That did not occur despite the heavy volume of emails exchanged between the parties during that time. Second, a courtesy notice by the Defendants for payment of the sanction award would certainly fall within the ambit of "conferring'. That also did not occur. Third, since there is no deadline for payment of the sanction award under the Order [DE 140], at

minimum, prior to seeking sanctions, and to compel payment [DE 160], negotiating a reasonable deadline for payment of the sanction award would have certainly been welcomed by Plaintiff --- and a reasonable first step, or interim step.  That did not happen.

> B. **Plaintiff's Non-Payment of the Sanction Award [DE 140] Was Not Willful and in Bad Faith**

The facts unmistakably disclose that Plaintiff's delay in making the payment was not willful and in bad-faith. In this regard, in order to hold a person in contempt the Court must determine whether there is clear and convincing evidence that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order. *McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir. 2000); *see also Citronelle- Mobile Gathering, Inc. v. Watkins* 943 F.2d 1297, 1301 (11th Cir. 1991); *Combs v. Ryan's Coal Co.,* 785 F.2d 970, 984 (11th Cir.), *cert. denied,* 479 U.S. 853 (1986).

As mentioned above, it is important to note that Defendants' Motion to Compel [DE 160] seems to have purposefully failed to notify the Court there is no payment deadline in the Order [DE 140] before asking to strike Plaintiff's pleadings and/or increased sanctions/costs. *In re Chase Et* Sanborn Corp. *et al,* 872 F.2d 397, 400 (11th Cir. 1989); *United States v. Rylander,* 460 U.S. 752, 756-57 (1983); *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988); *United States v. Hayes,* 722 F.2d 723, 725 (11th Cir. 1984).

Without question, this is a rather important/material disclosure not made to this Court prior to seeking very serious, and very severe, sanctions of striking Plaintiff's pleadings.  Because the Defendants filed a number of papers in the record related to Plaintiff's delay in making the payment of the sanction award, that omission [of a payment deadline] was certainly not an accidental omission to this Court.

Cumulatively, the facts (and the conduct by the Defendants) support that Plaintiff, if anything, has made a *prima facie* showing that it was very difficult to fully comply with the Order [DE 140] to avoid sanctions – especially since there is no payment deadline in the Order [140] and Defendants actions around this matter have been less-than straightforward. Respectfully speaking, Plaintiff's "untimely" payment for the sanction award certainly is not remotely akin to flagrantly failing to attend depositions or continued discovery violations. *Hashemi v. Campaigner Publications, Inc,* 737 F.2d 1538 (11th Cir. 1984) (dismissal for plaintiff's failure to appear at scheduled depositions); *Bonaventure v. Butler,* 593 F.2d 625 (5th Cir.1979)

Moreover, under theses A-typical circumstances the Plaintiff is providing more than mere assertions that are unsupported –  it is making all reasonable efforts to comply with the Court's Order [DE 140] and Order to Show Cause [DE 192] *Id.; See Hayes,* 722 F.2d at 725;  *see also In re Chase Et Sanborn Corp.,* 872 F.2d at 400.  It is reasonable for Plaintiff to assert, under these circumstances, the omission of a deadline in the Order [DE 140] plainly raises several more questions related to "timing" of the payment of the sanction award.

C.      **Plaintiff's  Financial Ability and/or Inability To Comply**

Notwithstanding the Plaintiff has contemporaneously filed its motion to extend time to make the payment of the sanction award at the conclusion of the case (a docket entry cannot be provided as of this filing), the Plaintiff does *not* have the ability to comply with payment of the sanction  award until after March/April 2022 or the end of the case. *See Combs,* 785 F.2d at 984 ("The party seeking the contempt citation retains the ultimate burden of proof ...").

Understanding this to be the case, had the Defendants modestly engaged Plaintiffs – as they are mandated to confer under the Local Rules – the parties would have mutually discussed this very reasonable solution [of payment date in year 2022] in an effort to resolve without needlessly usurping this Court's time. The Eleventh Circuit has held that a "Violation of a discovery order caused by

simple negligence, misunderstanding, or *inability to comply will not justify a Rule 37 default judgment or dismissal*." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993) (emphasis added).

At this time, and only in the short-term, the Plaintiff will financially have difficulty raising the funds to make payment of the sanction award.  Although a widely used excuse by many litigants these days, the actual post-pandemic fall-out from COVID-19 has indeed caused this short-term financial hardship. This hardship has also been seriously compounded by Defendants continued conversion and poaching of Plaintiff's customers.

Accordingly, besides the absence of payment deadline within the Order [DE 140] the Plaintiff's non-compliance was, in-part, a direct result this temporary financial hardship that should ease at the end of the first quarter of year 2022 (March/April).

In other words, and respectfully speaking, the Plaintiff's temporary financial hardship evidences that Plaintiff's conduct was anything but willful and not seeking to "dodge" this Court's respected Orders in bad faith.

## CONCLUSION

The Plaintiff has made its best effort to provide this Honorable Court its genuine reasons for the delay in making payment under the July 22, 2021, Order [DE 140] that eliminates the variable of "willful or in bad faith".

In light of the reasons herein -- and supported by applicable law and understanding the Court has wide discretion -- the Plaintiff believes it offered a sincere and justified explanation that establishes its delay in paying the sanctions award payment on an undefined date was substantially justified and/or otherwise harmless under these specific circumstances.  *See Ford Motor Co.*, 318 F. App'x  at 824.

Defendant's motion to compel [DE 160] is unpersuasive for at least two independent reasons: first, the motion represents a lack of disclosure to this Court of the omission of a payment deadline within the July 22, 2021 Order [DE 140]; and second, Defendants never made an effort to confer, and thus resolve, before engaging this Court – a simple task that would have been a reasonable first-step especially since the Order [DE 140] is silent on a payment deadline.

These facts provided by Plaintiff support that it did not act in "flagrant bad faith" and counsel has not "had behaved with 'callous disregard of [his] responsibilities"). *National Hockey League v. Metropolitan Hockey Club, Inc,* 427 U.S. 639, 643 (1976).

Given the genuine explanation/facts presented by Plaintiff, and the well-grounded reasons for its delay in remitting the sanction award under the Order [DE 140], the Plaintiff sincerely hopes to have thoroughly resolved the matter of payment raised by the Honorable Court in its November 26, 2021, Order to Show Cause [DE 192] to its satisfaction.  The Plaintiff is *not* the type of litigant that the United States Supreme Court envisioned when it held that "Rule 37 sanctions must be applied diligently . . . to penalize those whose conduct may be deemed to warrant such a sanction . . .*" Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980).

Lastly, in addition to or instead of rendering a default judgment, Rule 37 requires a court to order the disobedient party, its attorney, or both to pay the reasonable expenses caused by the failure to obey a discovery order, "*unless the failure was substantially justified or other circumstances make an award of expenses unjust.*" *Fed. R. Civ. P.* 37(b)(2)(C) (emphasis added).

In light of the fact that Defendants were not fully forthright with the Court in its motion to compel payment and to strike Plaintiff's pleadings [DE 160] – because of its intentional omission that the July 22, 2021, Order [DE 140] does not have a payment deadline – the Defendants should not be entitled to additional attorneys' fees and/or costs related to its compel motion [DE 160]

because that material omission legally falls within the category of "*… other circumstances make an award of expenses unjust.*" *Id.*

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the CM/ECF Court E-Filing Portal on this 12th day of November 2021 upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., Counsel for Unisource Discovery, LLC and Steven A. Cerasale.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
          ddv@ddvlawgroup.com
Attorney for Plaintiff:
Unisource Discovery, Inc.