**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

    v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants.

_____

### PLAINTIFFS' MOTION TO EXTEND TIME FOR PAYMENT OF THE SANCTION AWARD PURSUANT TO THE JULY, 22, 2021, ORDER [DE 140]

Plaintiff, Unisource Discovery, Inc. by and through its undersigned attorney, files its Motion To Extend Time For Payment Of The Sanction Award pursuant to the July 22, 2021, Order [DE 140], and states the following:

### REVELANT PROCEDURAL BACKGROUND

On or about July 22, 2021, the Court enter its Order  [DE 140] granting sanctions and to remit $9,513.00 as a sanction award to Defendants.

On or about on August 23, 2021, in light of Plaintiff's non-payment of the granted sanction award pursuant to the July 22, 2021, Order [DE 140], the Defendants filed their Motion to Compel [DE 160].

In response to Defendants Motion to Compel [DE 160], on November 23, 2021, the Court issued an Order to Show Cause ("OTC") [DE 192] under Rule 37.

On or about the same date Plaintiff has filed this Motion, the Plaintiff has also filed its Response to the Court's OTC; however, the Plaintiff does not have a docket entry because the

1

documents were filed contemporaneously.

## **ARGUMENTS FOR EXTENSION**

As asserted in Plaintiff's Response to this Court's issued OTC [DE 192], the Order granting sanctions [DE 140] does *not* provide a date/deadline for payment of the granted sanction award. While  the Plaintiff never believed that no deadline in the Order [DE 140] meant that Plaintiff could wait in perpetuity, it did create an issue.

Placing aside any other arguments Plaintiff may assert, the critical problem is that Plaintiff has encountered short-term financial hardship that makes compliance of the Orders [DE 140 and DE 192] not possible. That is, the Plaintiff does *not* have the immediate ability to comply with payment of the sanction award until sometime after March/April 2022 or  at the end of the case to be safe.  In other words, at this time – and in the short term -- the Plaintiff  financially cannot raise the obligatory funds to make payment of the sanction award.

Plaintiff, Unisource Discovery, Inc. has been financially affected in many respects by the COVID-19 post-pandemic aftermath that has caused temporary financial hardship. Compounding this hardship, Defendants uninterrupted conversion of Plaintiff's customers has intensified Plaintiff's financial hardship.

The Plaintiff requests, to be safe and to secure another Order will not be deemed violated, for payment of the awarded sanction at the end of the case.

By analogy, the Eleventh Circuit has addressed timing of a sanction payment; that is, the Eleventh Circuit has found Rule 11 sanctions are ordinarily not determined until the end of a case. *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987).  "[C]ourts should, and often do, defer consideration of certain kinds of sanction as [Rule 11] motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the

2

case itself was improper"); *Lichtenstein v. Consolidated Serv. Group, Inc.,* 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); *Wright and Miller*, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself . . . the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case").

Because the Court has wide discretion in determining whether and how to enforce sanctions pursuant to Rule 37, scheduling the timing of the sanction payment at the end of the case (similar to Rule 11) is possible.   *Long v. East Coast Waffles, Inc.*, 762 F. App'x 869, 871 (11th Cir. 2019); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993) ("[D]eeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation.") (internal quotations omitted).

As for Defendants possible assertion that they will be prejudiced or similar, it is compelling that three-months before the July 22, 2021, Order [DE 140] was entered, and three-months thereafter, the Plaintiff and Defendants exchanged approximately 500 emails. Yet, out-of-those approximate 500 emails never did Defendants raise the issue of non-payment of the awarded sanctions – clearly it is not an urgent matter for the Defendants.

## CONCLUSION

In Plaintiff's response to this Court's OTC [DE 192], it made a compelling and very sincere effort to provide this Honorable Court its genuine reasons for the delay in making payment under

3

the July 22, 2021, Order [DE 140]. One of these very serious reasons is Plaintiff's short-term financial hardship, discussed above, whereas the other equally harmful reason is Defendants continuous conversion and poaching of Plaintiff's customers.

In light of Plaintiff's temporary financial hardship -- and because Plaintiff can only make its best educated guess as to how market conditions will improve in the short-term, or not – Plaintiff requests that the sanction award be scheduled for payment at the end of the case.  An extension to the end of the case will secure that Plaintiff will not be in violation of another Court Order and permit the case to advance uninterrupted.  Under this Court's inherent power, it has to discretion to consider Plaintiff's request.

WHEREFORE, for the reasons set-forth herein the Plaintiff respectfully requests the Court grant an extension of time to pay the sanction award pursuant to the July 22, 2021, Order [DE 140] until the end of the case, and for any other relief this Court believes is just and fair,.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the CM/ECF Court E-Filing Portal on this 12th day of November 2021 upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., Counsel for Unisource Discovery, LLC and Steven A. Cerasale.

DIEGO DAVID VALDES, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: /s/ Diego David Valdes

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
            ddv@ddvlawgroup.com
Attorney for Plaintiff:
Unisource Discovery, Inc.

4