**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
　　　Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
　　　Defendants.

**OPPOSITION TO MOTION TO EXTEND TIME FOR PAYMENT OF**
**SANCTIONS AWARD PURSUANT TO THE JULY 22, 2021 ORDER (DE 140)**

Defendants hereby file their Opposition to Plaintiff's Motion to Extend Time for Payment of Sanction Award Pursuant to the July 22, 2021 Order. For the reasons set forth below, Plaintiff's Motion should be denied and more severe sanctions should be imposed against Plaintiff.

**ARGUMENT**

Throughout this litigation, Plaintiff has simply ignored Court Orders. It is precisely this misconduct that led to the Sanctions Order (DE 140), which awarded sanctions of $9,513.00.

Now—after ignoring the Court's Sanctions Order, ignoring Defendants' Motion to Compel, refusing to confer, and requiring the issuance of an Order to Show Cause—Plaintiff, without any evidence, claims it cannot pay *__a single dollar__* of sanctions until maybe ("best guess") "April/May 2022"—i.e., eight to nine months after the Court's Order. Affidavit (DE 205) at ¶ 7.

Plaintiff unsurprisingly confirms that it never even attempted to comply. In fact, Plaintiff claims that the "Order (DE 140) was not calendared because … it contained no deadline for payment." Affidavit (DE 205) at ¶ 4. Thus, Plaintiff simply had no intention of complying unless and until someone—presumably the Court—compelled compliance. This ongoing misconduct cannot be rewarded. It is now beyond clear: monetary sanctions will not deter misconduct.

I.      **Under Eleventh Circuit precedent, when even a *pro se* plaintiff proceeding *in forma pauperis* fails to pay a discovery sanctions Order, the plaintiff's complaint can be dismissed with prejudice for failure to comply.**

Under Eleventh Circuit precedent, when a "*pro se* plaintiff proceeding *in forma pauperis*" is "ordered to make payment" and "file[s] nothing detailing unsuccessful efforts to obtain funds with which to pay the sanction," then the District Court does not abuse its discretion by dismissing the plaintiff's complaint for failing to pay sanctions. *Moon v. Newsome*, 863 F.2d 835, 837–38 (11th Cir. 1989). "If misuse has occurred and monetary sanctions have been imposed, **_the plaintiff, to continue his law suit, might be required to go into debt or to dispose of assets_**" to show that the plaintiff made all reasonable attempts to comply with a discovery sanctions Order. *Id.* (emphasis added). Plaintiff is not a *pro se* party. Plaintiff is not proceeding *in forma pauperis*.

Plaintiff has not shown any effort to secure funds. Plaintiff has not shown any efforts to dispose of assets to be able to comply. Plaintiff has not presented a single piece of evidence of its supposed financial capacity. Moreover, Plaintiff has not even suggested that it could partially pay the awarded sanctions. Rather, Plaintiff merely asserted that it never calendared a date to comply and that it recently "learned" that it is "financially unable" to pay even a single dollar of the award and maybe could pay ("best guess") in April/May 2022. Affidavit (DE 205) at ¶ 7.

As the Eleventh Circuit has held, "[i]f a plaintiff has incurred sanctions for misconduct, a more stringent standard for allowing him to proceed with his case is appropriate because he has been given access to the courts and has abused that privilege. No one should be permitted to misuse the courts with impunity." *Moon*, 863 F.2d at 837–38. Plaintiff has not even attempted to meet this more stringent standard.

"Plaintiff himself brought the action in the first place, affirmatively invoked the jurisdiction of this Court, and aggressively pursued this case. Plaintiff has also engaged in a pattern of discovery violations. Plaintiff should not be able to shield himself from an award of attorneys' fees

2

and costs incurred by Defendants, especially since the award is not unreasonably high under the facts of this case." *Woliner v. Sofronsky*, 18-CV-8030, 2019 WL 163340, at *4 (S.D. Fla. Jan. 10, 2019) (relating to discovery sanctions awarded against a *pro se* plaintiff who was proceeding in forma pauperis); *Smith v. Atlanta Postal Credit Union*, 1:07-CV-1833-CC, 2009 WL 10665761, at *3 (N.D. Ga. Mar. 19, 2009), *aff'd*, 350 Fed. Appx. 347 (11th Cir. 2009) ("Plaintiff also argues that she is financially unable to pay the attorneys' fees incurred by Defendant in bringing the Motion for Order to Show Cause, but Plaintiff provides no evidence of her inability to pay. … Significantly, the Eleventh Circuit has held that even litigants proceeding *in forma pauperis* are subject to monetary sanctions for discovery violations. Thus, Plaintiff, who is not proceeding *in forma pauperis* and has not provided any evidence of a true inability to pay, cannot avoid payment of the monetary sanctions awarded by the Court by claiming in a conclusory fashion that she is financially unable to pay the fee award.").

## II.     Plaintiff's conclusory claim of "financial inability" is not a basis to excuse non-compliance with the Court's Sanctions Order or to extend time to comply.

The burden to show a "financial inability" to pay sanctions is "placed upon the sanctioned party to present financial status information." *Ro-Ro Enterprises, Inc. v. State Farm Fire & Cas. Co.*, 93-1754-CIV, 1996 WL 556928, at *3 (S.D. Fla. Sept. 5, 1996).

Plaintiff has not presented a shred of evidence to support its conclusory claim of "financial inability." Contrary to Plaintiff's position, a party may not evade a Court's Order—especially an Order imposing sanctions as a result of misconduct—by merely incanting the magic words "financial inability."

A party "cannot meet his burden of producing evidence to rebut the *prima facie* showing of noncompliance merely by *claiming* an inability to comply … when it is clear that he could have—and should have—done more." *Old Nat'l Bank v. Goldberg & Associates, LLC*, 08-80078-

3

CIV, 2009 WL 813019, at *3 (S.D. Fla. Mar. 23, 2009). This is especially so when "the record clearly reflects [the party's] flagrant disregard for judicial orders." *Id.*

"Plaintiff, who is not proceeding *in forma pauperis* and has not provided any evidence of a true inability to pay, cannot avoid payment of the monetary sanctions awarded by the Court by claiming in a conclusory fashion that she is financially unable to pay the fee award." *Smith v. Atlanta Postal Credit Union*, 1:07-CV-1833-CC, 2009 WL 10665761, at *3 (N.D. Ga. Mar. 19, 2009), *aff'd,* 350 Fed. Appx. 347 (11th Cir. 2009).

Like the record in *Ro-Ro Enterprises, Inc.*, here "the record is conspicuously absent of evidence of … solvency." *Id.* Plaintiff's Motion and Response to the Court's Order to Show Cause does not—at all—set forth any evidence. Rather, Plaintiff's motion is "supported" solely by unsworn arguments of counsel. And Plaintiff's untimely affidavit sets forth only conclusory statements completely unsupported by any documentation, explanation, figures regarding solvency, or even a single attempt to secure funds to comply. *See* Affidavit (DE 205) at ¶ 5. Without a shred of support or even explanation, Plaintiff contends that its "***best guess***" is that Plaintiff may decide to comply with the Court's Sanctions Order in "April/May 2022." *Id.* at ¶ 7.

An unsupported assertion of "financial inability," a confirmation that Plaintiff has not even attempted to comply with the Court's Order, and a "best guess" that Plaintiff might decide to comply several months in the future are all woefully insufficient reasons to excuse non-compliance or to establish good cause for an eight- to nine-month extension of time. This is especially true when Plaintiff simply ignored the Court's Order until the Court issued an Order to Show Cause.

**III.    Even if Plaintiff had somehow substantiated its conclusory claim of "financial inability" (which it did not), the record refutes any claimed financial inability.**

Courts consider whether "Plaintiff paid the filing fee in this case and has funded the litigation thus far, including a financial ability to, among other things, copy large volumes of paper and have deposition transcripts produced." *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, 3:07CV30/RV/EMT, 2007 WL 4468704, at \*4 (N.D. Fla. Dec. 18, 2007).

Plaintiff is not an indigent *pro se* party who was unfairly dragged into litigation. To the contrary, ***Plaintiff has been spear-heading and funding two hotly-contested litigation matters*** (i.e., this case and Plaintiff's thirteen-count Counterclaim in State Court). *See* Plaintiff's State Court Counterclaim (DE 117-1) at pp. 8–25.

Since the Court entered the Sanctions Order (DE 140), Plaintiff (through its outside litigation counsel) has filed more than ***twenty*** case filings in just this case alone. Those filings include (but are not limited to) not one, but two separate Motions for Summary Judgment in this case (DE 141 and DE 182), Plaintiff's Answer and Affirmative Defenses to Counterclaim (DE 147), Motion for Reconsideration of the Court's Order Denying Motion for Leave (DE 171), Response to Defendants' Motion for Summary Judgment (DE 174), and Plaintiff's Motion for Sanctions (DE 183).

How can a represented party pay the filing fee, fund two hotly-contested litigations, and then claim that it cannot pay ***a single dollar*** of the $9,513.00 sanction award until maybe ("best guess") five to six months in the future due to an unsubstantiated assertion of "financial inability"? Contrary to Plaintiff's contention, when the record shows that the plaintiff has been an active litigant, the "plaintiff shall be ordered to pay the amounts requested by Defendant" and cannot claim "financial inability." *Beaulieu*, 3:07CV30/RV/EMT, 2007 WL 4468704, at \*4.

5

**IV.   Even if Plaintiff had established "financial inability" with some evidence (which it did not), Plaintiff nonetheless waived any claim of "financial inability."**

Defendants filed their Motion for Sanction (DE 44) on January 18, 2021. Plaintiff did not claim any "financial inability" in its 12-page Opposition (DE 56) filed on February 8, 2021.

On June 14, 2021, the Court granted in part Defendants' Motion and awarded sanctions pursuant to Rule 37(b). *See* Order (DE 118) at p. 5. The Court instructed Defendants to "file their Statement of Reasonable Fees." *Id.*

Again, Plaintiff did not claim any "financial inability."

On June 17, 2021, Defendants filed their Statement of Reasonable Attorney's Fees (DE 119) requesting $16,526.00 in attorney's fees. *See* Statement (DE 119) at p. 4.

On July 1, 2021, Plaintiff filed a 14-page Response and Objections to Defendants' Statement (DE 136). In its Response, Plaintiff did not argue any "financial inability" to pay sanctions. To the contrary, ***Plaintiff agreed to pay $3,421.00*** in sanctions. *See* Response (DE 136) at p. 13 ("Plaintiff submits to this Honorable Court that the relevant law supports, the facts support … an adjustment from $16,526.00 to $3,421.00 to arrive at 'reasonableness'").

On July 22, 2021, the Court considered Plaintiff's Statement (DE 119) and Defendants' Response (DE 136) and awarded $9,513.00 in sanctions.

The Plaintiff had opportunity after opportunity to claim that it had a "financial inability" to pay sanctions. In fact, the Court explicitly gave Plaintiff the right to do so: "Plaintiff shall have until July 1, 2021 to file its objections to Plaintiff's Statement of Reasonable Fees." Order (DE 118) at p. 7.

The truth is self-evident: Plaintiff does not have any "financial inability." If it did, Plaintiff would have stated so much earlier and certainly would have raised this argument by July 1, 2021 as the Court instructed Plaintiff to do. If Plaintiff's claim of "financial inability" were forthright,

6

Plaintiff would not have ignored the Court's Order, ignored every attempt to confer, ignored the Motion to Compel, and waited until the Court issues an Order to Show Cause to state in conclusory fashion (with no supporting documentation, explanation, or detail) that its "best guess" is that it might or might not decide to comply at some point five to six months down the line.

**V.      More severe sanctions (such as dismissal and default) are warranted because, as Plaintiff concedes, Plaintiff has not made any effort (at all) to attempt to comply with the Court's Order.**

To avoid more severe sanctions, Plaintiff "must show, to avoid sanctions for noncompliance, that they made all reasonable efforts to comply." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

Plaintiff concedes that it never attempted to comply with the Court's Order (DE 140). In fact, Plaintiff claims that the Court's "Order (DE 140) was not calendared because … it contained no deadline for payment." Affidavit (DE 205) at ¶ 4. In other words, Plaintiff had no intention of complying with the Court's Order unless and until someone—presumably the Court—compels compliance.

Plaintiff's Affidavit (DE 205) also is completely devoid of any attempt to secure funds (e.g., taking out a loan) or disposing of any assets to be able to comply. *See Moon v. Newsome*, 863 F.2d 835, 837–38 (11th Cir. 1989) *(*"If misuse has occurred and monetary sanctions have been imposed, the plaintiff, to continue his law suit, might be required to go into debt or to dispose of assets.").

Were this the first, second, third, or perhaps even fourth time Plaintiff violates a Court Order in this litigation, Plaintiff might have been able to show (through evidence) that it did everything it reasonably could to comply. But, the record is now clear: Plaintiff simply ignores Court Orders.

In fact, Plaintiff currently—at this moment—is in violation of not one, not two, not three, but four separate Court Orders: (1) Plaintiff has refused (and continues to refuse) to coordinate a pretrial stipulation in violation of the Order (DE 33); (2) Plaintiff has refused (and continues to refuse) to coordinate a mediation in violation of Order (DE 138); (3) Plaintiff has failed to file a response to Defendants' Motion to Strike in violation of Order (DE 191); and (4) Plaintiff has simply refused to pay the awarded sanctions in violation of Order (DE 140).

The Court has already had to warn Plaintiff in writing that "Plaintiff is advised that failure to comply with this Order will result in the undersigned's immediate issuance of a recommendation that Plaintiff's case be dismissed as a discovery sanction … ***given Plaintiff's repeated disregard for the undersigned's prior Discovery Orders.***" Order (DE 106) at p. 2 (emphasis added).

When "[t]he Court has previously reprimanded Plaintiff, assessed her with attorneys' fees and expenses, and warned her of the possible dismissal of her case" (all of which the Court has done with Plaintiff here) and Plaintiff continues to violate Court Orders, then "nothing short of dismissing this case would address Plaintiff's willful misconduct and the prejudice that Defendant has suffered." *Smith v. Atlanta Postal Credit Union*, 1:07-CV-1833-CC, 2009 WL 10665761, at *8 (N.D. Ga. Mar. 19, 2009), *aff'd*, 350 Fed. Appx. 347 (11th Cir. 2009)

The record in this case is clear: Plaintiff has refused to comply with Court Order after Court Order and continues to do so. When this Court sanctioned Plaintiff, in part, for causing expenditure of fees/costs as a result of its failure to comply with Court Orders, Plaintiff refused to comply with the Court's sanctions Order (requiring the Court to issue a second Order to Show Cause against Plaintiff).

And when Plaintiff responded to the second Order to Show Cause, Plaintiff cavalierly eschewed responsibility and claimed that it simply did not see fit to calendar any date by when it

8

should decide to comply. And after ignoring the Court's Order and confirming that it never even attempted to comply, Plaintiff now demands an eight- to nine-month extension of time to maybe ("best guess") decide to comply based upon nothing but Plaintiff's own conclusory assertions.

Plaintiff's pattern of violating Court Orders clearly establishes that Plaintiff's violations of the Court's Orders are willful. Plaintiff's misconduct in this litigation also clearly demonstrates that any sanction less than striking/dismissal of the Complaint and entry of default as to the Counterclaim would not suffice.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on November 18, 2021, on all counsel or parties of record on the Service List below.

        /s/ Victor M. Velarde
        Victor M. Velarde
        Fla. Bar No. 105620

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

10