**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

     v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

     Defendants.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE OR DISMISS
COMPLAINT [DE 202], STRIKE ANSWER AND AFFIRMATIVE DEFENSES TO
COUNTERCLAIM, AND ENTER DEFAULT AGAINST PLAINTIFF AS TO
COUNTERCLAIM   BASED UPON PLAINTIFF'S WILLFUL REFUSAL TO
COMPLY WITH COURT ORDER**

Plaintiff files its Response to Defendants' Motion To Strike or Dismiss Plaintiff's Complaint, to strike Plaintiff's Answer and Affirmative Defenses to Counterclaim, and to enter a default against Plaintiff as to the Counterclaim based upon Plaintiff's willful refusal to comply with Court Order [DE 202], and states:

**PRELIMINARY STATEMENT**

In Defendants' second motion for sanctions on the virtual same matter, and to dismiss Plaintiff's case, the Defendants are advancing similar arguments found in their motion to compel [DE 160] that prompted this Court to issue its Order to Show Cause ("OTC") [DE 192].  There, the Plaintiff timely responded [DE 204] to this Court's Order to Show Cause [DE 192] and provided an affidavit [DE 206] in support thereof.  The Court has not ruled in its OTC as of this filing date.

Defendants requested remedy, known as "last resort," is extraordinary. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (affirming default judgment as a sanction for the

1

defendant's violations of explicit discovery orders). In this response, the Plaintiff establishes that sanctions in the context of Rule 37, Rule 41, and the Court's inherent authority -- and under these specific set of facts – are clearly not warranted.

However, exemplifying the inaccuracies threaded throughout Defendants' papers, and their motion to strike [DE 202], they inaccurately notify the Court in ¶ 9 of their Motion to Strike [DE 202] that "This is not the first, second, third, or even fourth time Plaintiff willfully violates an Order of this Court."  Yet, Plaintiff cannot locate three or four violations of Court Orders that resulted in issuance of sanctions.

Taking advantage of this Court Order [DE 138] relating to "… standing conferral call every Friday at 4:00 P.M …." it has become unusually clear that because Defendants recognizably lack the evidence to prove fraud (Rule 9) in their Cancelation of Trademark counterclaim (the Eleventh Circuit burden for trademark cancelation is clear and convincing evidence), they are manufacturing instances of procedural violations to prevail through seeking to *continuously* strike Plaintiff's pleadings and/or defenses before Plaintiff's summary judgment [DE 141] and Defendants deficient motion for summary judgment for Count I Cancelation of Trademark [DE 151] is heard before this Court. In other words, in most, if not all, of Defendants' motions – regardless of any supportive facts under applicable law – they  are always asking this Court for sanctions, and constantly asking this Court to strike Plaintiff's pleadings and defenses.

As underscored below, the Defendants refer to specific emails (or communications) to provide support. However, the Plaintiff shows that it cannot find these emails on those specific date and cannot make any evaluation.

 The Defendants momentum in their unending effort to strike Plaintiff's pleadings became frequent and more noticeable after the Court issued its warning for the parties to confer under the local rules in its Order [DE 138]. However, Plaintiff has been conferring at length on all necessary occasions -- especially after the Court warned the parties in its Order [DE 138].

## APPLICABLE LAW

I.      Inherent Authority

Courts have the inherent authority to sanction parties who have willfully disobeyed a court order or who have acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO,* 501 U.S. 32, 45-46 (1991).

A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.*at 43 (citation omitted). This authority "must be exercised with restraint and discretion" and be used "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. Such sanctions may include the dismissal of a lawsuit or an assessment of attorney's fees. *Id.* at 45.

"The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton,* 158 F. 3d 1212, 1214 (11th Cir. 1998). To find bad faith, the court must "focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006). A court may find bad faith when a party has committed a fraud on the court, delayed or disrupted the litigation, or hampered the enforcement of a court order. *Tarasewicz v. Royal Caribbean Cruises Ltd.,* No. 14-CIV-60885, 2016 WL 3944176, at *4 (S.D. Fla. Feb. 9, 2016), report and recommendation adopted, No. 14-CIV-60885, 2016 WL 3944178 (S.D. Fla. Mar. 17, 2016). *See also, Barnes*, 158 F.3d at 1214 ("A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.").

Proving a fraud on the court requires more than inconsistencies, but rather "***clear and convincing evidenc*e of an unconscionable plan designed to improperly influence the court in its decision**." *Tarasewicz*, 2016 WL 3944176 at 4 (finding that a pattern of inconsistent statements by the plaintiff and his wife did not amount to fraud on the court) (emphasis added). Such sanctions are generally reserved for only the most egregious misconduct. *Id*. at 5.

3

II.      **Rule 37(b)**

District courts have broad discretion to impose appropriate sanctions for discovery violations under Rule 37(b), which states:  If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Fed. R. Civ. P.* 37(b)(2)(A). *See also, Malautea v. Suzuki Motor Co.,* Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

Rule 37(b) further provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." *Fed. R. Civ. P.* 37(b)(2)(C).

A court may impose sanctions under Rule 37(b) for a variety of purposes, including:

"1)      compensating the court and other parties for the added expense caused by the abusive conduct;

4

2)      compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney."

*Bobroff v. Univ. of Miami*, No. 15-22695-CIV, 2016 WL 6433095, at 3 (S.D. Fla. Oct. 31, 2016) (citations omitted).

The severe sanction of dismissal "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders," and cannot be justified by a violation resulting from "simple negligence, misunderstanding, or inability to comply." *See Malautea*, 987 F.2d at 1542.

## III.      **Rule 41(b)**

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it**." *Fed. R. Civ. P*. 41(b).

"Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns, 1*78 F.3d 1373, 1374 (11th Cir. 1999) (affirming dismissal under Rule 41(b) where the plaintiff was culpable and was not deterred by two prior lesser sanctions).

The Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction: There must be both:

1.      a clear record of willful conduct;  and

2.      a finding that lesser sanctions are inadequate. *Id.*

*Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1339 (11th Cir. 2005) ("dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct")); *see also Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 212 (5th Cir.1976) ("[D]ismissal with prejudice is such a severe sanction that it is to be used

only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice.") (quotations omitted).

"[F]indings satisfying both prongs of [that] standard are essential before dismissal with prejudice is appropriate." *Betty K,* 432 F.3d at 1339 (citing *Mingo v. Sugar Cane Growers Coop. of Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989))

The court's consideration of lesser sanctions need not be explicit. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999) ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice."); *Zocaras,* 465 F.3d at 484 ("[W]e have made clear that such consideration need not be explicit"). Mere negligence or confusion is not sufficient to justify a finding of willful misconduct substantiating dismissal. *McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986). Neither is inadvertent or isolated mistakes. *Betty K,* 432 F.3d at 1339-40. Nor, typically, is mere delay. *Boazman*, 537 F.2d at 211-12.

## ANALYSIS

I.      Court's Inherent Authority Does Not Warrant Sanctions

Given that any potential remedy for Plaintiff's alleged violation of the sanction Order [DE 140] stems from Rule 37, Eleventh Circuit case-law supports that this Court should determine whether Plaintiff's other discovery conduct warrants sanctions pursuant to the Court's inherent powers. *See Living Color,* 2016 WL 1105297, at 4 n.2.

To impose such sanctions, the Court must find that Plaintiff committed a fraud on the court, delayed or disrupted the litigation, or intentionally hampered the enforcement of a court order. *Tarasewicz*, 2016 WL 3944176, at 4.

Plaintiff's conduct, though admittedly imperfect, simply does not rise to the level of "an unconscionable plan designed to improperly influence the court in its decision." *Id.* The Defendants have not provided any support to find *clear and convincing evidence* of fraud on the Court. In addition, there

6

is no indication that Plaintiff's actions ultimately caused a delay in the trial and hampered the Court-ordered collection of the granted sanctions [DE 140].

In fact, on November 09, 2021, legal counsel for Defendants, Victor Velarde, Esq., sent an email to Plaintiff requesting a three (3) month <u>trial continuance</u>.  The reason that Defendants requested trial continuance in the November 09, 2021, email was for "medical reasons" and not because any of alleged complaints contained in Defendants' Motion to Compel [DE 160] not Defendants Motion to Strike [DE 202], or any other reason related to alleged Court Order violations.

Consequently, the Plaintiff has not shown the requisite bad faith to conclude that sanctions pursuant to the Court's inherent authority are warranted.

II.      **<u>Rule 37(b)  Additional Sanctions Not Justified</u>**

Defendant seeks sanctions under Rule 37(b) for Plaintiff's violation of this Court July 22, 2021, Order [DE 140], which required Plaintiff to remit $9,513.00 as a sanction award to Defendants.

The sanction Order [DE 140] contains no sanction payment deadline – as asserted in Plaintiff's Response to this Court's Order to Show Cause ("OTC") [DE 192].

Objectively, because there is no payment deadline in the Order [DE 140] reasonable people could differ as to the reasons that Plaintiff was late with the payment of the awarded sanctions . *See Devaney*, 989 F.2d at 1163 (11th Cir. 1993).

Additionally, mere negligence or confusion related to the sanction payment deadline in this Court's Order [DE 140] is not sufficient to justify a finding of willful misconduct substantiating dismissal. *McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986). Neither is inadvert or isolated mistakes. *Betty K,* 432 F.3d at 1339-40.  Nor, typically, is mere delay. *Boazman*, 537 F.2d at 211-12.  By contrast and unlike the facts in this matter, flagrant obstruction of the discovery process, unjustified and extreme delay, and egregious misrepresentations to the court have each substantiated dismissal.

7

Here, as argued in Plaintiff's Response to this Court's OTC [DE 204] Rule 37(b) sanctions are not applicable because the Plaintiff has also showed its discovery conduct has been substantially justified because there was no payment deadline in the Order [DE 140] and the Plaintiff is currently undergoing temporary financial hardship. The facts show there is a "genuine dispute …" that" … reasonable people could differ as to the appropriateness of the contested action." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) ).

Otherwise, the Plaintiff also asserts that such a sanction is not appropriate under the Court's inherent authority and Rule 37(b) because the granting of a similar sanction would effectively be duplicative; that is, the Defendants were already awarded a substantial sanction of $9,513.00 in the July 22, 2021, Order [DE 140]. Nor has any of Plaintiff's acts caused severe problems with case management, movement such as spoliation under of evidence under Rule 37(e), deprivation of ESI under Rule 37(e)(2)(B), and/or a trial delay.

Eleventh Circuit requires a finding of "bad faith".  A bad faith claim will lie when an attorney "knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Clearly, that also did not occur here.

## II.    <u>Rule 41(b) Sanction of Dismissal is Not Warranted</u>

Although Rule 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" the court's consideration of lesser sanctions need not be explicit. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999) ("Dismissal under Rule 41(b) is appropriate where there is . . . an implicit or explicit finding that lesser sanctions would not suffice."); *Zocaras,* 465 F.3d at 484 ("[W]e have made clear that such consideration need not be explicit")." *Fed. R. Civ*. P. 41(b).

8

Put simply, dismissal is improper under Rule 41(b) because there is no "clear record of 'willful' contempt" or any "finding that lesser sanctions would not suffice." *See Gratton*, 178 F.3d at 1374

The facts support that the sanction of dismissal will not suffice because Plaintiff's failure to comply with one Court order [DE 140], and failure to adhere to an Order [DE 140] with no sanction payment deadline, is indeed attributed to negligence, confusion, or inadvertence. Additionally, Plaintiff's noncompliance been shown to be relatively isolated to the sanction award under the July 22, 2021 Order [DE 140].

III.     **Defendants' Selected Communications/Emails and Plaintiff's Continuous Effort to Confer**

The Defendants attack Plaintiff when asserting in ¶18 of their motion to strike [DE 202], "Specifically, the undersigned reached out to Plaintiff's counsel to confer on October 18, 2021 at 1:59 p.m. ; October 20, 2021 at 6:45 p.m.; October 25, 2021; October 28, 2021 at 12:29 p.m.; November 1, 2021 at 11:55 p.m.; November 3, 2021 at 10:08 p.m.; and November 5, 2021 at 11:54 a.m.".

Plaintiff will address each email/communication respectively:

    i.     October 18, 2021 at 1:59 p.m.:   Plaintiff finds no email communication on this date. Plaintiff finds no written communication(s) on this date and time.

    ii.     October 20, 2021 at 6:45 p.m.: Plaintiff finds no email communication on this date. Plaintiff finds no written communication(s) on this date and time.

    iii.     October 25, 2021: Plaintiff finds no email communication on this date.   Plaintiff finds no written communication(s) on this date.

    iv.     October 28, 2021 at 12:29 p.m.: Plaintiff finds no email communication on this date.   Plaintiff finds no written communication(s) on this date and time.

    v.     November 1, 2021 at 11:55 p.m.: Plaintiff finds no email communication on this date.   Plaintiff finds no written communication(s) on this date and time.

vi.      November 3, 2021 at 10:08 p.m.: Plaintiff finds no email communication on this date. Plaintiff finds no written communication(s) on this date and time.

vii.     November 5, 2021 at 11:54 a.m.: Plaintiff finds no email communication on this date. Plaintiff finds no written communication(s) on this date and time.

As shown above, the Plaintiff is somewhat amiss as to Defendant's arguments that they attempted to confer on those specific dates. If the Defendants define "reach-out" in paragraph 18 of their motion to strike [DE 202] to mean telephonic communications – as Defendants' legal counsel may be reviewing internal phone records – the Plaintiff has three (3) very material problems with Defendants' stretched-argument:

1.      Oddly and highly unusual, apparently the Defendants did not follow-up these supposed telephonic conversions (or attempts to confer telephonically) with an email(s) memorizing the conversion or memorializing Defendants attempt to confer. Defendants did not do this once. Attorneys, for obvious reasons, routinely must memorize what is believed to be an important matter so to have a written record (for example, possible estoppel reasons). Otherwise, and as here, there is no method to understand to real reasons for the phone(s) (or attempted phone calls) on those date from Defendants' legal counsel to Plaintiff's legal counsel and *vice versa*.

2.      The parties are currently embroiled in another highly contested civil case in Miami-Dade County Circuit Court case no.: 2018-036161-CA-01. If Defendants are referring to phone records, then there is no reliable method to determine with accuracy that those phone call(s) (or attempts) were for the instant case and not the State case. Additionally, there is no method for Plaintiff to dispute other than "the Defendants words against the Plaintiff's word."

3.      In the event the Court schedules an evidentiary hearing and takes evidence on this disputed

10

matter, Plaintiff knows no other reliable method to make counter arguments, or to clarify the actual reason(s) for each alleged phone call, why the alleged call(s) was truly made by opposing counsel, and if it is related to the instant case.

As detailed herein, and as reflected by the record, Plaintiff has engaged meaningfully in discovery, complied with the Court's order to show cause [DE 192], and never  failed to appear for a hearing or otherwise. Here and again, Defendant's effort strongly appears to be Defendants unending effort to capitalize on this Court's Order cautioning the parties to confer [DE 138] and attempting to prevail procedurally rather than address their marked evidentiary deficiencies at summary judgment or trial.

In the end, the Plaintiff asks the Court to discard Defendant's effort to argue these supposed telephonic phone calls or unknown emails.  Certainly, such open-ended arguments do not – in any manner – provide support for a clear pattern of willful contempt. *Chemtall, Inc. v. Citi-Chem*, Inc., 992 F. Supp. 1390, 1409 (S.D. Ga. 1998)).

## CONCLUSION

Under these set of facts, the Court should find that the ultimate sanction of default judgment is not warranted. The Defendants have not been so prejudiced by Plaintiff's alleged conduct that they have been prevented from fairly presenting their case.

The Defendants' defenses and counterclaim for fraud/cancelation of trademark does not depend on receiving a sanction award within a certain period of time, and the circumstances under which the July 22, 2021, Order [DE 140] was entered.

To provide perspective, and as an example, Plaintiff's nonpayment of sanctions in possible violation of the July 22, 2021 Order [DE 140], or *any Order cited by Defendants,* is nothing remotely similar to a discovery dispute akin to concealing documents from production that provides a "smoking-gun".  And there is simply *no clear record* of " … delay or willful conduct …" or that  "… lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339

11

(11th Cir. 2005).

Because the Defendants failed to show with clear and convincing evidence that the Plaintiff acted in bad faith and that no lesser sanction would suffice as a deterrent, the sanction of dismissal is not warranted.

Frankly, Defendants' fraud/cancelation of trademark counterclaim has been mostly undermined by the corporate representative (Noel Mijares) of Plaintiff Unisource Discovery, Inc. deposition testimony, Plaintiff's admissions, and Defendants glaring absence of clear and convincing evidence under Rule 9 to prove their fraud/cancellation of trademark counterclaim [DE 151] -- not Plaintiff's alleged misconduct.

Accordingly, the Court should respectfully find that striking Plaintiff's pleadings and entering default judgment against Plaintiff is inappropriate given the lack of prejudice suffered by Defendants *et al.* Lastly, the Court should not grant additional monetary sanctions, additional attorneys and costs, under the Court's inherent power and Rule 37.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the CM/ECF Court E-Filing Portal on this 19th day of November 2021 upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., Counsel for Unisource Discovery, LLC and Steven A. Cerasale.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
          ddv@ddvlawgroup.com
Attorney for Plaintiff:
Unisource Discovery, Inc.

12