**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

**REPLY TO OPPOSITION TO MOTION TO STRIKE OR DISMISS COMPLAINT**
**(DE 1), STRIKE ANSWER TO COUNTERCLAIM (DE 147), AND ENTER DEFAULT**
**AGAINST PLAINTIFF AS TO COUNTERCLAIM (DE 166) BASED UPON**
**PLAINTIFF'S WILLFUL REFUSAL TO COMPLY WITH COURT ORDER**

Defendants hereby file their Reply to Plaintiff's Opposition to Motion to Strike or Dismiss

Plaintiff's Complaint (DE 1), to Strike Plaintiff's Answer and Affirmative Defenses to

Counterclaim (DE 147), and to Enter Default Against Plaintiff as to the Counterclaim.

**ARGUMENT**

**I.**    **Plaintiff's Opposition confirms that Plaintiff is willfully refusing to coordinate a Joint**
    **Pretrial Stipulation.**

To date, Plaintiff has refused to coordinate a Joint Pretrial Stipulation as required by the

Court's Order (DE 33). Plaintiff's Opposition does not deny this, nor does Plaintiff even attempt to

excuse its complete failure to comply with the Court's Order to coordinate a pretrial stipulation.

It is self-evident that Plaintiff's refusal to coordinate a joint pretrial stipulation is prejudicial

to Defendants. And importantly, it is a flagrant violation of the Court's Order. Plaintiff's Opposition

confirms that Plaintiff does not intend to coordinate a Joint Pretrial Stipulation.

Such egregious and willful refusal to coordinate a Joint Pretrial Stipulation (coupled with

Plaintiff's past and ongoing violations of numerous Court Orders) is more than sufficient basis to

dismiss Plaintiff's Complaint and strike Plaintiff's Answer to the Counterclaim.

"[T]he entry of Default Final Judgment … is appropriate" when a party fails to coordinate a pretrial stipulation, even when that party established "her commitment to cooperate" because "[t]his is simply not enough given that the parties were originally required to file their Joint Pretrial Stipulation [earlier]" and "does not excuse or even explain [the party's] failure to meet the Court's deadlines." *Clark v. Clark*, 11-14135-CIV, 2012 WL 1368141, at \*2 (S.D. Fla. Apr. 19, 2012); *see also Loos v. Club Paris, LLC*, 607-CV-1376-ORL31GJK, 2009 WL 1458040, at \*3 (M.D. Fla. May 26, 2009) ("recommend[ing] that the Court enter an order striking Defendant's Answer and direct the Clerk to enter default" because the defendant did not participate in preparing the joint pretrial statement); *Simpson v. AT&T Info. Sys., Inc.*, 93-155-CIV-ORL-19, 1993 WL 666603, at \*2 (M.D. Fla. May 11, 1993) ("[The prior case] was dismissed with prejudice as a sanction for Simpson's failure to comply with a discovery order and for his failure to cooperate in the preparation of the pre-trial stipulation. … Under Rule 41(b), Fed.R.Civ.P., that dismissal was an adjudication upon the merits and precludes a second action on the same claim.").

Here, Plaintiff has not even attempted to show that it is committed to cooperate in the future. To the contrary, Plaintiff's Opposition does not even acknowledge (at all) that Plaintiff has a Court-ordered obligation to coordinate a joint pretrial stipulation. And as explained in detail below, Plaintiff has actively evaded conferring with Defendants' counsel to coordinate a pretrial stipulation.

**II.     Plaintiff—yet again—blatantly misrepresents the facts to the Court to evade responsibility for violating yet another Court Order.**

Unbelievably, Plaintiff denies that the undersigned ever attempted to confer and claims ignorance of the existence of the undersigned's many attempts to confer. *See* Opposition (DE 208) at p. 11 ("Plaintiff asks the Court to discard Defendant's effort to argue these supposed telephonic phone calls or unknown emails.").

To begin with, Plaintiff initiated this lawsuit. Plaintiff is required to prosecute its case and is not entitled to merely sit back and ignore Court Orders with impunity. What matters here is the fact that Plaintiff does not intend to coordinate a joint pretrial stipulation. Plaintiff has not even attempted to coordinate a pretrial stipulation, and Plaintiff's Opposition does not even attempt to explain Plaintiff's complete disregard for the Court's Order. In fact, Plaintiff's Opposition does not even mention or acknowledge the fact that the Court ordered the parties to coordinate a joint pretrial stipulation by November 5, 2021, or the fact that Plaintiff has refused to coordinate that stipulation. Whether and how many times Defendants' counsel pleaded with Plaintiff's counsel to comply with the Court's Order is not relevant.

Nonetheless, Plaintiff's contention that the undersigned's many attempts to confer simply "don't exist" is a demonstrable sham and fraud upon the Court. The undersigned's numerous attempts to confer are set forth in emails and text messages sent directly to Plaintiff's counsel. Although the undersigned has also attempted to confer with Plaintiff's counsel via unanswered telephone calls, this Reply will only address the written communications.

Attached to this Reply are copies of the numerous written communications the undersigned has sent to Plaintiff's counsel attempting to confer. Those communications are summarized below:

| Date of Communication | Excerpt of Communication | Exhibit to this Reply |
|---|---|---|
| October 5, 2021 | "let me know when you can discuss our pretrial stipulation. Our deadline is coming up, and we are required to file one. Please let me know your availability ….."<br><br>"I strongly urge you not to ignore the Court's Orders and deadlines, Diego. If you do, we will move to strike your pleadings. Again, let me know your availability to confer."<br><br>"I again strongly urge you not to ignore the Court's Orders and coordinate a conferral with me." | Exhibit "1" |
| October 18, 2021 | "I have also called you to confer, but you have not answered or called back." | Exhibit "2" |
| October 20, 2021 | "I would like to confer with you about this Motion and other matters in this case. I have not been able to reach you despite numerous attempts. I tried calling you a few minutes ago, and my call went to voicemail after a couple of rings. We have plenty to confer about." | Exhibit "3" |
| October 27, 2021 | "Diego, I have not heard from you despite attempts to confer."<br><br>"We have a lot of things to confer about. Let me know when you can speak." | Exhibit "4" |
| October 28, 2021 at 3:05 p.m. | "Diego I just called you as you requested. You did not answer."<br><br>"Diego, I just received a very nasty email from you. And you are not answering your phone. I take it you are purposefully ignoring me." | Exhibit "5" |
| October 28, 2021 at 4:21 p.m. | "Then, to discuss other pending issues, we scheduled a conference at 3:00 p.m. I called you at 3:00 p.m. and you did not answer. You then texted me requesting that we push our conference to 3:30 p.m. I called you at 3:30 p.m. You did not answer. I called you again shortly before sending this email (at 4:20 p.m.). Again, you did not answer." | Exhibit "6" |

| | | |
|---|---|---|
| | "As I mentioned to you earlier, we have a lot of matters to discuss. If you would call me, we can resolve them quickly. Please call me." | |
| November 1, 2021 at 11:55 p.m. | "I have been attempting to reach you for a week. Although we scheduled a conference to discuss pending matters, you never attended the conference and have not answered your phone."<br><br>"As I previously mentioned to you, we need to confer regarding several matters." | Exhibit "7" |
| November 3, 2021 at 1:21 p.m. | "As I have mentioned to you several times now, we have a lot of matters we need to discuss. The last time I was able to schedule a conference with you, you simply did not answer the phone. We need to confer." | Exhibit "8" |
| November 3, 2021 at 10:08 p.m. | "And again, please let me know when you can speak. We have matters we need to confer about." | Exhibit "9" |
| November 5, 2021 at 11:54 a.m. | "I have been attempting to confer with you for several weeks now, and the matters we need to discuss have accumulated. Please let me know your availability for a conference today." | Exhibit "10" |
| November 12, 2021 | "Your response (DE 204) falsely claims that you attempted to confer with me without success. While this is clearly (and demonstrably) a false statement, I want to take this opportunity to again invite a conferral with you."<br><br>"We have a lot of things to confer about. I have been trying to confer with you for several weeks, and you have not responded."<br><br>"I will make myself available any time today, tomorrow, or Sunday. Please let me know when you can confer."<br><br>"If you cannot confer today, tomorrow, or Sunday, then please let me know what dates/time work for you to confer. I have been requesting a conferral with you for weeks, and you have ignored every attempt I have made to reach you." | Exhibit "11" |
| November 16, 2021 | "I just called you and left a message. I have been trying to reach you for several weeks. You have ignored every attempt to confer. Call me to discuss." | Exhibit "12" |

Despite the extraordinary attempts to confer set forth above, Plaintiff's counsel has still—through to the date of this Reply—simply refused to confer and refused to coordinate a Joint Pretrial Stipulation.

Plaintiff's unexplainable claim to the contrary is patently false.

This is not the first time Plaintiff and its counsel simply lie to the Court as a litigation tactic to evade responsibility for violating Court Orders. As the Court found in Order (DE 118), "Plaintiff claimed that Defendants had not propounded any discovery on Plaintiff and that Defendants' representation that they had done so was an 'intentional misrepresentation' that was 'notoriously false[] and egregious ....' … At the Hearing, ***Plaintiff conceded*** that Defendants had indeed propounded the discovery at issue and ***that the foregoing statement was false (hereafter, 'False Statement')***." Order (DE 118) at pp. 4–5 (emphasis added).[1]

As explained in Defendants' Motion (DE 202), this is not the first, second, third, or even fourth time Plaintiff willfully violates an Order of this Court.

The Court has already warned Plaintiff that "Plaintiff is advised that failure to comply with this Order will result in the undersigned's immediate issuance of a recommendation that Plaintiff's

---

[1] Strangely, Plaintiff's Opposition also claims that "Plaintiff … never failed to appear for a hearing or otherwise." Opposition (DE 208) at p. 11. Although this contention is irrelevant to the Motion at hand, it is nonetheless demonstrably false.

In reality, Plaintiff's counsel has simply not appeared for ***two separate the duly noticed discovery hearings*** in this case.

Specifically, Plaintiff's counsel did not appear at the discovery hearing on March 2, 2021 at 3:30 p.m. and at the Court-ordered discovery hearing (DE 132) on June 28, 2021 at 1:30 p.m. Although the undersigned and the Court called Plaintiff's counsel during both hearings to ascertain Plaintiff's counsel's whereabouts, Plaintiff's counsel never answered the phone. Plaintiff's counsel never explained the reason for either of these two failures to appear. Yet, Plaintiff now—seemingly for no reason—inexplicably misrepresents to the Court that it "never failed to appear for a hearing."

case be dismissed as a discovery sanction … ***given Plaintiff's repeated disregard for the undersigned's prior Discovery Orders.***" Order (DE 106) at p. 2 (emphasis added).

In fact, Plaintiff is currently in violation of not one, not two, not three, but four separate Court Orders: (1) Plaintiff has refused (and continues to refuse) to coordinate a pretrial stipulation in violation of the Order (DE 33); (2) Plaintiff has refused (and continues to refuse) to coordinate a mediation in violation of Order (DE 138); (3) Plaintiff has failed to file a response to Defendants' Motion to Strike in violation of Order (DE 191); and (4) Plaintiff has simply refused to pay the awarded sanctions in violation of Order (DE 140).

The fact that Plaintiff—at this moment—is in violation of four separate Court Orders, combined with the fact that Plaintiff has established a history of "repeated disregard for the [Court's] Orders" and that Plaintiff has already been sanctioned with monetary sanctions and has simply refused to pay those monetary sanctions, all establish a clear record that Plaintiff's disregard for the Court's Orders is willful.

"The trial court would [ ] have been justified in dismissing this action under Rule 16(f) of the Federal Rules of Civil Procedure, as a sanction for the conduct of plaintiff's counsel. The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. The court could have used the sanction of dismissal to punish counsel for his disregard of the court's orders to submit a preliminary statement and ultimately to be ready for trial." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Soto v. Miami Dade County*, 760 Fed. Appx. 855, 859 (11th Cir. 2019) ("We conclude from the record that the district court did not abuse its discretion in granting the defendants' motion to dismiss based on Soto's continued failure to abide by the court's orders and to abide by her discovery obligations.").

## **CONCLUSION**

Based upon the record, it is clear that Plaintiff's violations of Court Orders are willful and in bad faith. Plaintiff has refused—and adamantly continues to refuse—to comply with this Court's Orders. Plaintiff has shown that monetary sanctions have not deterred Plaintiff's willful disregard of Court Orders. Defendants, therefore, respectfully request the Court to strike or dismiss Plaintiff's Complaint (DE 1), strike Plaintiff's Answer and Affirmative Defenses to Counterclaim (DE 147), and enter a default against Plaintiff as to the Counterclaim (DE 166), enter an Order awarding Defendants their reasonable attorney's fees and costs, and for such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on November 19, 2021, on all counsel or parties of record on the Service List below.

          /s/ Victor M. Velarde
          Victor M. Velarde
          Fla. Bar No. 105620

| SERVICE LIST | |
| :--- | :--- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

9