**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S SANCTIONS ORDER [DE 215] ENTERED ON NOVEMBER 30,2021**

Plaintiff files its Motion For Reconsideration of this Honorable Court's November 30, 2021, Order on Defendants' Motion to Compel [DE 215], and states:

I.    **BACKGROUND**

On January 18, 2021, the Defendants filed their motion for sanctions [DE 44].

Thereafter, the Defendants filed their second motion for sanctions on the virtual same matter, and to dismiss Plaintiff's case [DE 160]. There, the Defendants were advancing similar arguments found in their motion to compel [DE 44] that prompted this Court to issue its Order to Show Cause ("OTC") [DE 192].

The Plaintiff timely responded [DE 204] to this Court's Order To Show Cause [DE 192] and provided an affidavit [DE 206] in support thereof.

The Court entered it Order on November 30, 2021, [DE 215] that prompted Plaintiff to file the instant Motion For Reconsideration.

II.    **LEGAL STANDARDS**

     i.      Rule 52(b) and Rule 59(e)

1

Federal Rule of Civil Procedure 52(b) states that "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Similarly, Rule 59(e) states that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly.").

"[C]ourts have delineated three major grounds justifying reconsideration:

(1) an intervening change in controlling law;

(2) the availability of new evidence; and

(3) the need to correct clear error or prevent manifest injustice."

*Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)) (quotation marks omitted). Motions under Rule 52(b) and 59(e) cannot, however, be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of*

*Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *Perez v. Renaissance Arts & Educ., Inc.*, No. 8:12-cv-514-T-MAP, 2014 WL 408334, at *1 (M.D. Fla. Feb. 3, 2014).

In other words, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted). "To permit otherwise would 'essentially afford[] a litigant two bites at the apple.'" *Adams v. Boeneman*, No. 6:18-cv-72-Orl-41GJK, 2020 WL 3086313, at *2 (M.D. Fla. May 4, 2020) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Likewise, a motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Nor should it "be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc.*, 808 F. Supp. at 1563; *see also Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003) ("[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived.").

Ultimately, "[t]he decision to alter or amend a judgment is committed to the sound discretion of the district court." *Edwards v. United States*, 295 F. App'x 320, 321 (11th Cir. 2008) (quoting *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006)).

    ii.    <u>Rule 60(b)</u>

Under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *In re Yulin Ma*, 346 F. App'x 436, 439 (11th Cir. 2009); *see also* Fed. R. Civ. P. 60(b).

"The first five provisions of Rule 60(b) provide relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence. Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for 'any other reason that justifies relief.'" *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

Thus, a movant seeking relief under Rule 60(b) "must demonstrate a justification so compelling that the [district] court was required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)). In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (quoting *Cano*, 435 F.3d at 1342).

In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

## III.   LEGAL ANALYSIS

The Eleventh Circuit has specifically held "that a district court must consider financial ability in the award of sanctions." *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998)

[S]anction orders must not involve amounts that are so large that they seem to fly in the face of common sense, given the financial circumstances of the party being sanctioned. What cannot be done must not be ordered to be done. *Miccosukee Tribe v. South Florida Water Management District*, 280 F.3d 1364, 1370 (11th Cir. 2002) (discus0sing injunctions).

4

And, sanctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay. A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters. *Cf.* [*Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)] (concluding that sanctions imposed under court's inherent power "justly punished" the offending parties and would hopefully deter others from engaging in similar conduct). *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002).

Here, the Plaintiff is <u>not</u> requesting that the Court reconsider its decision to impose sanctions, but rather its reconsideration is limited to the "timing" to pay the sanction award. The Plaintiff understands that the Court may have misunderstood Plaintiff's actions and positions, that it made a possible error of apprehension in analyzing the sanctions imposed in relation solely to the "timing" to pay the sanctions. In other words, the Plaintiff does not raise challenge(s) to the sufficiency of the original Motion for Sanctions [DE 140], only that the Court's December 31, 2021, payment deadline is not impossible.

As set forth above, there are three grounds that justify reconsideration of a court's prior order:

"(1) an intervening change in controlling law;

(2) the availability of new evidence; and

(3) the need to correct clear error or prevent manifest injustice."

*Williams*, 320 F. Supp. 2d at 1357-58 (citing *Sussman*, 153 F.R.D. at 694).

The requested relief is warranted because Plaintiff's instant Motion does <u>not</u> amount to a disagreement with the Court's reasoning and ultimate conclusions, but that Plaintiff cannot pay the sanction award before February 28, 2022.

Providing more than a conclusory argument, the Plaintiff's Representative, Mr. Noel Mijares, provides supportive testimony and documents regarding Plaintiff's immediate financial

ability to comply with the Order [DE 215] on or before the payment date, and sets-forth the reasons for the temporary financial hardship *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993).

Thus, and as here, Plaintiff's motion for reconsideration is appropriate because " … the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila*, 2017 WL 3638199, at 1 (quoting *Z.K. Marine Inc.*, 808 F. Supp. at 1563) (quotation marks omitted).

Likewise, Plaintiff's reconsideration is <u>not</u> asking " … the Court to rethink what the Court has already thought through—rightly or wrongly." *PG Creative, Inc. v. Affirm Agency, LLC*, No. 18-cv-24299, 2020 WL 837182, at 1 (S.D. Fla. Feb. 20, 2020) (quoting *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at *1 (S.D. Fla. June 8, 2016.

The aforementioned Unisource Discovery, Inc. November 2021 bank statement has been provided to "supplement" the testimony provided in Plaintiff's Motion to Extend Time for Payment of the Sanction Award [DE 205, and therefore Plaintiff is doing " … more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997)

> "A motion to reconsider is properly brought to correct a clear error in the court's interpretation of either the facts or the law. It should be used in order to prevent manifest injustice, however it is an extreme measure, and substantial discretion rests with the court in granting such a motion." *Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698 (M.D. Ala. 1995) (internal citations omitted). "This ordinarily requires a showing of 'clear and obvious error' where the 'interests of justice demand correction.'" *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quoting *Prudential Sec., Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003)

(quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)) *Morning Star Assocs., Inc. v. Unishippers Glob. Logistics, LLC*, No. CV 115-033, 2015 WL 3650192, at *2 (S.D. Ga. June 10, 2015).

Plaintiff respectfully asserts that it has provided persuasive grounds that demonstrates reconsideration is warranted[1] and that there is a possibly the Court misunderstood that Plaintiff is not attempting to avoid the payment of the sanctions as an error, but of apprehension in attributing Plaintiff's good-faith intent. *See Kapila*, 2017 WL 3638199, at 1.

Plaintiff's also asserts that there would be "manifest injustice" that was not considered at length by the Court in issuing its ruling in the Order [DE 215]. *See Cremeens v. City of Montgomery, Ala.*, No. 2:09-cv-409-WHA, 2010 WL 11693276, at *1 (M.D. Ala. Sept. 9, 2010).

Upon review of the attached affidavit from Unisource's CPA, and its financial documents, annual federal income tax return forms (Exhibit "A"), it is apparent to that Unisource Inc. cannot pay the full amount of fees requested on the date pursuant to the Order [DE 215]. Otherwise, since it will likely cause a violation of the Court Order [DE 215], it would amount to "[M]anifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . Such problems rarely arise and [] motion[s] to reconsider [on this basis] should be equally rare.'" *Campero USA Corp.*, 916 F. Supp. 2d at 1292-93 (quoting *Compania de Elaborados de Cafe*, 401 F. Supp. 2d at 1283); *Pepke v. Fla. Dep't of Families*, No. 18-cv-60432, 2018 WL 5631301, at *2 (S.D. Fla. Oct. 31, 2018); *MSPA Claims 1, LLC v. First Acceptance Ins. Co.*, No. 16-20314-CIV, 2017 WL 3671033, at 5 (S.D. Fla. Aug. 24, 2017).

---

[1] "[M]anifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . Such problems rarely arise and [] motion[s] to reconsider [on this basis] should be equally rare.'" *Campero USA Corp.*, 916 F. Supp. 2d at 1292-93 (quoting *Compania de Elaborados de Cafe*, 401 F. Supp. 2d at 1283); *Pepke v. Fla. Dep't of Families*, No. 18-cv-60432, 2018 WL 5631301, at *2 (S.D. Fla. Oct. 31, 2018); *MSPA Claims 1, LLC v. First Acceptance Ins. Co.*, No. 16-20314-CIV, 2017 WL 3671033, at 5 (S.D. Fla. Aug. 24, 2017).

In light of Unisource Inc. current financial circumstances and inability to pay on or before the date contained in its Order [DE 215], as supported factually, Plaintiff asks this Court to sincerely exercise its discretion not to apply a reduction [to the total amount of fees and costs] but *merely* extend or alter the "timing of the payment'" *See Estrada*, 2018 WL 3697491, at 10[2]

## IV.  **CONCLUSION**

As mentioned above, "a district court must consider financial ability in the award of sanctions." *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998)

Genuinely, the Plaintiff is laboring to make clear it is truly not attempting to create an opportunity to simply reargue—or argue for the first time—an issue the Court has already determined -- but again, the "timing" to pay the sanction award." *S.- Owners Ins. Co. v. MAC Contractors of Fla., LLC*, No. 2:18-cv-21-FtM-29CM, 2018 WL 3768986, at 1 (M.D. Fla. Aug. 9, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  Not even remotely.

From a policy perspective, the purposes of the sanctions award still remains intact and unchanged with altering the payment date; that is , "the purpose of an attorney fee award is to deter counsel from future [Rule 11] violations; it is not to accurately and fully compensate [Movants] for [their] legal fees." *Estrada*, 2018 WL 3697491, at 10 (citing *Loranger*, 10 F.3d at 783; *Bivins*, 548 F.3d at 1350).

Because this Honorable Court respectfully has the ability, at this stage, to alter its judgment given Plaintiff's proven financial inability in the near-term to pay the sanction award [DE xx], such relief is needed and therefore requested with good cause.

As such, as restated, the Plaintiff respectfully requires a payment date not earlier than February 28, 2021, or possibly monthly payments divided equally on a monthly basis.

---

[2] It is important to note, that besides timing, the Plaintiff is not challenging the award under the "lodestar" method. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1292 (11th Cir. 1988)

**WHEREFORE**, the Plaintiff respectfully requests:

1.    This Court grant reconsider of it November 30, 2021 Order [DE 215];

2.    Change the payment deadline to a date not earlier than February 28, 2022; or

3.    Change the payment deadline and place Plaintiff on a monthly installment payment plan  with payments on a monthly basis; and/or

4.    Any other relief this Honorable Court believes is fair and just under the circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the CM/ECF Court E-Filing Portal on this 7th day of December 2021 upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., Counsel for Unisource Discovery, LLC and Steven A. Cerasale.

> **DIEGO DAVID VALDES, P.A.**
> 2350 Coral Way, Suite 403B
> Miami, FL 33145
> Tel: 305-910-6602
> Fax: 305-513-5924
>
> By: */s/ Diego David Valdes*
> Diego David Valdes, Esq.
> Florida State Bar No.: 251010
> Email:  ddvlaw@gmail.com
>                ddv@ddvlawgroup.com
> Attorney for Plaintiff:
> Unisource Discovery, Inc.