**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____

## PLAINTIFF, UNISOURCE DISCOVERY INC., PURSUANT TO RULE 59(e), MOTION FOR CLARIFICATION OF THIS DECEMBER 10, 2021, ORDER [DE 230]

Plaintiff, Unisource Discovery Inc., through undersigned counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, hereby requests that this Court clarify and/or partially reconsider its December 10, 2021, Order [DE 230].

In support of this request, the Receiver states the following:

### SUMMARY BACKGROUND OF FACTS

On November 5, 2021, the Defendants filed a motion to Strike and Dismiss Plaintiff's Complaint [DE 202].

On November 19, 2021, the Plaintiff filed its Response [DE 208[ to Defendants Motion to Strike and Dismiss Plaintiff's Complaint [DE 202].

On December 9, 2021, this Court heard arguments on Defendants Motion to Strike and Dismiss Plaintiff's Complaint [DE 202] and on December 10, 2021, this Court published its Order

1

[DE 230]. The Court ruled that Defendants Motion to Strike is held in abeyance pending Plaintiff's compliance with future court-ordered deadlines.

Upon review of the Order [DE 230], the Plaintiff noticed an important matter for clarification.

## CLARIFICATION STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment on motion made no later than ten days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

A district court has broad discretion to reconsider one of its own orders on three grounds:

(1) an intervening change in controlling law;

(2) the availability of new evidence; or

(3) a need to correct clear error or prevent manifest injustice.

  *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V*., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co*., 211 F.R.D. 457 (S.D. Fla. 2002); Mathis v. U.S. (In re Mathis), 312 B.R. 912, 913 (Bankr. S.D. Fla. 2004).

"This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." 2005 WL 1053691, at 3-4 (M.D. Fla., Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." *Id.* at 4. *See also, King v. Bd. of Cty. Comm'r*, 2018 WL 515350 1 (M.D. Fla., Jan, 23, 2018

## ARGUMENT

The motion before the Court is not directly seeking reconsideration of the December 10, 2021, Order [DE 230], but respectfully requests clarification as it relates to a document/filing that may, or may not, have been considered by the Court.

As an initial matter, Plaintiff respectfully understands that "In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  And it is important to stress that Plaintiff is not challenging Defendant's arguments in their Motion to Strike and Dismiss [DE 202] because it is understandably not a basis for a Rule 59(e) motion. *See Brown v. United States,* 2015 WL 542662 n.4 (S.D. Ala., Feb. 10, 2015).

However, in reviewing the December 10, 2021, Order [DE 230] it appears that the Court may have overlooked Plaintiff's filed Response to Defendants' Motion to Strike or Dismiss the Complaint [DE 208].  *See* Exhibit "A"

Stated another way, within the Order the Honorable Court does not reference (indirectly address or otherwise) Plaintiff's Response to Defendants' Motion to Strike and Dismiss [DE 208]. As such, this concern has triggered the instant Motion.

The Plaintiff believes that its Response [DE 208] is well crafted and provides sufficient law and a very detailed response that could resolve this matter.

As here, a district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. *See United States v. Valencia-Trujillo*, 462 F. App'x. 894, 897 (11th Cir. 2012) (District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.'"); *Danley v. Allen*, 480 F.3d 1090, 1090, 1091 (11th Cir.2007).

That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling.  Defendants Motion to Strike and Dismiss [DE 202] and the Plaintiff's response [DE 208] submitted to the district court, provide a sufficient basis for review of the merits in this case. *United States v. Hastie*, 2015 WL 13308899 n. 5 (S.D.

3

Ala, Feb. 25, 2015) (A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide an opportunity to engage in meaningful review.); *Brown v. United States*, 2015 WL 542662, at 1 & n.4 (S.D. Ala., Feb. 10, 2015) (denying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 "for the reasons set forth in the Government's response [ ], which the Court adopt[ed] as its own reasoning ..." (capitalization omitted); *Lopez v. United* States, 2014 WL 2873171 n.5 (S.D. Ala., June 24, 2014) .

However, without reviewing Plaintiff's Response [DE 208] there simply could not be a sufficient basis for review of Defendants' Motion to Strike and Dismiss [DE 202].

## **CONCLUSION**

Graciously. in order to prevent any possible confusion amongst the Plaintiff and parties, and to prevent any procedural issues pertaining to Defendants unending attempt to argue non-compliance and seek sanctions, the Plaintiff requests that the Court clarify whether its Order [DE 230] contemplated and factored into the decision/ruling the Response filed by Plaintiff [DE 208].

To the extent the Court may have overlooked Plaintiff's response [DE 208], the Plaintiff requests that the Court reconsider and partially modify such ruling in light of Plaintiff Response [DE 208] – of course, presuming that Plaintiff Response [DE 208] may cause this Court to alter and modify its ruling entered on December 10, 2021[DE 230].

**WHEREFORE**, the Plaintiff respectfully requests that the Court expeditiously enter an order granting this Motion, clarifying the December 10, 2021, Order [230] as addressed herein, and if necessary to reconsider and modify the December 10, 2021, Order [230] accordingly, and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 12th day of December, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By:*/s/Diego David Valdes*
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
        legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.