**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

    v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants

_____

**PLAINTIFF, UNISOURCE DISCOVERY INC. MOTION TO CORRECT A CLERK'S ERROR AND/OR AMENED AN EXHIBIT BY INTERLINEATION**

Plaintiff, Unisource Discover, Inc., through its undersigned counsel, and pursuant to Rule 60, files its Motion to Correct a Clerks Error And/or Amend an Exhibit by Interlineation, and states:

**FACTUAL BACKGROUND**

On October 27, 2021 the Court Ordered an evidentiary hearing on November 24, 2021. [DE 193].

In preparation for the November 24, 2021, evidentiary hearing the parties were instructed to file a witness list and exhibit list with the Clerk of the Court [DE 212].  During the Evidentiary Hearing, the Plaintiff introduced into evidence, certain Exhibits that were to be logged by the Clerk.  However, Clerk's Exhibit and Witness List [DE 228] contains the error and, therefore, it is not the same as the Exhibit List that Plaintiff introduced and filed with The Clerk of the Court during the Evidentiary Hearing.

Simply put, the Clerk accidentally did not include Plaintiff's Exhibit "B" in Plaintiff's Exhibit List. The Plaintiff is unaware how this error occurred – but, while only a guess, the Plaintiff believes the Clerk may have accidentally omitted Plaintiff's Exhibit "B" because this exhibit shares the same title/name as an exhibit in Defendants' Exhibit List.

That is, the Plaintiff Exhibit "B" is titled "trademark registration" and Defendants' Exhibit "8" is titled "trademark registration" -- this similarity may have triggered the confusion. As such, the Clerk could have believed that Plaintiff's "trademark registration" Exhibit "B" was included in Plaintiff's Witness List because s/he mistook it for Defendants' Exhibit "8" and the letter B and the 8 are also similar and could lead to confusion.

Nonetheless, the Plaintiff's trademark registration Exhibit "B" is an exceptionally important exhibit that, includes the original USPTO application, correspondences, legal work product, notifications, public publication, acceptance and registration of trademark certificate, amongst several other documents, materially supports Plaintiff's trademark infringement claims and those other similar claims connected to the trademark infringement claims that arose from the same facts and circumstances.

Because of this Clerk's error, the Plaintiff must seek relief under Rule 60(a) of the Federal Rules of Civil Procedure to correct same.

## LEGAL STANDARD AND RELIEF REQUESTED

Rule 60(a) states as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a)

Thus, Rule 60(a) is limited to instances where the error is the result of "a clerical mistake or a mistake arising from oversight or omission." *Id.*

The Eleventh Circuit has stated that "the court may correct clerical mistakes or oversights that cause the judgment to fail to reflect what was intended at time of trial. Errors that affect substantial rights of the parties, however, are beyond the scope of rule 60(a)." M*ullins v. Nickel Plate Mining Co*., 691 F.2d 971, 973 (11th Cir. 1982) (internal citations omitted).

"Courts will construe Rule 60(a) narrowly to 'bolster the finality of judgments and to block circumvention of more restrictive means to obtain review of orders and judgments in the district court.'" *Paladin Shipping Co. v. Star Capital Fund, LLC*, No. 1:10-CV-21612, 2014 WL 12685861, at 4 (S.D. Fla. Sept. 8, 2014) (quoting *In re Am. Precision Vibrator Co.,* 863 F.2d 428, 430 (5th Cir. 1989)).

In *Paladin Shipping Co*., for instance, the district court noted that "[u]sing an erroneous legal standard to calculate a post-judgment interest award [was] a substantive error of law, not a clerical error." *Id*. at 5

According to Eleventh Circuit case-law Plaintiff's Motion falls within the province of "errors that affect substantial rights of the parties" *Weeks v. Jone*s, 100 F.3d 124, 128 (11th Cir. 1996) (A district court may "correct clerical errors to reflect what was intended at the time of ruling," but "errors that affect substantial rights of the parties . . . are beyond the scope of rule 60(a)")

As such, the Plaintiff asserts that this Clerk's error can be easily corrected because this request is simply administrative in nature, and there is no good legal reason for Defendants to oppose.

As such, the Plaintiff respectfully requests that the Court direct the Clerk to correct the record and have The Clerk of the Court include Plaintiff's Exhibit "B" in their Witness List.

WHEREFORE, the Plaintiff, Unisource Discovery Inc., requests this Court:

1.      Direct the Clerk of the Court to correct Plaintiff's Exhibit List by including Exhibit "B" that is attached hereto as Exhibit "1"; and

2.      And any other relief this Court believes is necessary to correct this error.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 17th day of December, 2021.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By:*/s/Diego David Valdes*
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
        legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.