**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

## OPPOSITION TO MOTION FOR RECONSIDERATION OF COURT ORDER (DE 215)

Defendants hereby file their Opposition to Plaintiff's Motion for Reconsideration of the Court's Order (DE 215).

## ARGUMENT

Plaintiff is requesting an extension until after the trial to pay sanctions that the Court awarded on July 22, 2021. *See* Order (DE 140) at p. 2 ("Defendants SHALL RECOVER from Plaintiff the amount of $9,513.00, as a discovery sanction ...."). Plaintiff's sole basis for requesting such an extension is that Plaintiff has a "net balance [of] less than $7,500.00" as of November 30, 2021. Aff. of Plaintiff (DE 224-1) at ¶ 10.

Plaintiff's motion is meritless and should be denied for several reasons.

First, Plaintiff does not even attempt to explain why it did not pay the sanctions award in July, August, September, October, or at any time before November 30, 2021. Rather, Plaintiff merely contends that it does not have enough cash on hand to pay the full award on November 30.

Second, Plaintiff's bank account statement (DE 224-1) shows that Plaintiff obtained revenues of ***$73,133.47*** in just the month of November 2021, and Plaintiff simply ***chose*** not to use

those revenues to pay the Court's Sanctions Order.[1] In fact, Plaintiff does not even attempt to explain a single expense it ostensibly incurred in November 2021 or why such expense would take priority over the Orders of this Court.

Third, even under Plaintiff's own argument (i.e., that the Court should only require Plaintiff to pay the sanctions awarded on the day that Plaintiff has more than enough cash on hand to pay), Plaintiff should have paid the sanctions award at the latest in mid-November 2021. Specifically, Plaintiff had more than enough "cash on hand" to pay the full sanctions award (i.e., more than $9,513.00) on November 15, 16, 18 in its first bank account (see pages 8–10 of DE 224-1) and on November 12, 13, 14, 15, and 16 in the second bank account (see page 15 of DE 224-1).

More egregiously, Plaintiff filed its response to the Court's Order to Show Cause on November 12, 2021. In its November 12 response, Plaintiff claimed that it did "not have the ability to comply with payment of the sanction award until after March/April 2022 or the end of the case" because Plaintiff had "difficulty raising the funds to make payment of the sanction award." Response (DE 204) at pp. 7–8.

What Plaintiff omitted from its response was that ***on that same day (i.e., November 12, 2021)***, Plaintiff had a total of ***$22,530.74*** in the beginning of the day on November 12 and a total of ***$16,450.34*** at the end of the day on November 12—i.e., more than enough to pay the Court's Sanctions Order of $9,513.00. *See* Bank Account Statement (DE 224-1) at pp. 7–8, 15 (reflecting a net balance at the beginning of the day on November 12 of $7,204.04 in the first account and $15,326.70 in the second account; and also reflecting a net balance at the end of the day on November 12 of $5,069.03 in the first account and $16,452.57 in the second account).

---

[1] The November 2021 bank statement reflects two separate bank accounts: Plaintiff obtained revenues of $32,294.74 in the first bank account (see page 14 of DE 224-1) and $40,838.73 in the second bank account (see page 16 of DE 224-1), for a total revenue of $73,133.47 in November.

Finally, Plaintiff's untimely act of submitting its own bank account statement for the month of November 2021 does not justify reconsideration. "[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004). Plaintiff's contentions will be addressed below.

Plaintiff contended that "the Court has patently misunderstood a party," but Plaintiff did not—and could not—justify this contention. *See* Motion (DE 224) at p. 6. The Court has certainly not misunderstood Plaintiff. Plaintiff has made clear (and its submissions make it incontestable) that Plaintiff had sufficient funds to pay the sanctions award and simply chose not to pay.

Plaintiff also contended that the Court "made a decision outside the adversarial issues presented to the Court," but again, Plaintiff did not—and could not—justify that contention. *Id.* The parties brought to the Court one issue: Plaintiff has refused to comply with the Court's Sanctions Order. The Court ruled that Plaintiff must comply by December 31, 2021. Nothing about the Court's ruling was "outside the adversarial issues presented to the Court."

Plaintiff then contended that the Court "made an error not of reasoning but of apprehension," but again, Plaintiff did not—and could not—justify that contention. *Id.* To be clear, on November 12, 2021, Plaintiff filed its Motion to Extend Time for Payment of the Sanctions Award (DE 205) raising the identical argument that Plaintiff is now raising again: "Plaintiff does not have the immediate ability to comply with payment of the sanction award … [because] Plaintiff financially cannot raise the obligatory funds to make payment." Plaintiff's Motion (DE 205) at p. 2.

In its Order (DE 215), the Court stated that it considered "Plaintiff's Motion to Extend Time for Payment of Sanctions Award [D.E. 205]." And after considering Plaintiff's Motion, the Court "ORDERED … [that] Plaintiff SHALL COMPLY with the [Court's] July 22, 2021 Order

[D.E. 140] by making payment in full of the sanction award due to Defendants no later than December 31, 2021." Order (DE 215) at p. 1.

What Plaintiff's Motion for Reconsideration is actually attempting to do is to take a second bite at the apple with the same argument that the Court has already considered and rejected— i.e., Plaintiff's false contention that it does not have the funds to pay the sanctions award. "[A] motion for reconsideration 'cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of [the Order]." *Caplin v. Everglades College Inc.*, 20-21886-CIV, 2021 WL 2652727, at *1 (S.D. Fla. Apr. 2, 2021).

As Defendants have already argued (and as the Court has already considered), Eleventh Circuit precedent mandates that even a "*pro se* plaintiff proceeding *in forma pauperis*" is required "to go into debt or to dispose of assets" to show that the plaintiff made all reasonable attempts to comply with a discovery sanctions award. *Moon v. Newsome*, 863 F.2d 835, 837–38 (11th Cir. 1989).

Here, Plaintiff has not shown any effort to secure funds. Plaintiff has not shown any efforts to dispose of assets to be able to comply. And Plaintiff's bank account statement (DE 224-1) actually confirms that Plaintiff had more than sufficient funds to pay the full amount of the Court's Sanctions Order and simply chose not to pay.

Therefore, even if the Court were to allow Plaintiff to reargue the same argument (i.e., that it does not have sufficient funds to pay) and even if that argument were not already conclusively refuted by Plaintiff's own bank account statement (which it is), Plaintiff's Motion for Reconsideration must nonetheless be denied because Plaintiff has not shown that it made any reasonable attempts to comply as required by the Eleventh Circuit.

## **CONCLUSION**

Plaintiff has no intention of complying with the Court's Sanctions Order (DE 140). Even when Defendants moved to compel Plaintiff's compliance (DE 160), Plaintiff ignored the Court's Sanctions Order until the Court issued an Order to Show Cause (DE 192). And when Plaintiff responded to the Order to Show Cause, Plaintiff misrepresented that it did not have sufficient funds to pay the sanctions award. Based upon Plaintiff's own bank account statement (DE 224-1), it is beyond dispute that at least in November 2021, Plaintiff had far more than enough funds to pay the sanctions award in full and simply chose not to pay.

By refusing to comply with the Court's July 22, 2021 Order and ignoring Defendants' Motion to Compel, Plaintiff has already had a five-month extension of time to comply with the Court' Sanctions Order.

Enough time has passed, and Plaintiff has not presented any viable justification for its delay. Plaintiff's motion for even more time should, therefore, be denied.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 21, 2021, on all counsel or parties of record on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

6