UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23276-CIV-DPG

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

     v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

     Defendants.

_____

### PLAINTIFF, UNISOURCE DISCOVERY INC., REPLY TO DEFENDANTS' RESPONSE/OPPOSITION TO MOTION FOR RECONSIDERATION OF COURT ORDER [DE 237].

Plaintiff, Unisource Discovery, Inc., files its Reply to Defendants' Response/Opposition to Plaintiff's Motion for Reconsideration of the Court's Order [DE 237], and states,

### ARGUMENT

As an initial matter, in response to the Defendants' motion to compel [DE 160] payment of the sanction award, the Plaintiff was placed in a position to file its Motion for Reconsideration [DE 224]. The irony surrounding this sanction award, and the additional financial hardship that it will cause, is that the Plaintiff filed this action because the Defendants are driving the company into insolvency.

Prior to the Defendants harmful conduct that has financially damaged Plaintiff in multiple ways, income/revenue yielded net profits and there were no foreseeable hardships (other than COVID that was not foreseeable, happened later in-time, and simply compounded the existing problem). However, once the Defendants began their undertakings as described and alleged in Plaintiff's Federal complaint [DE 01] --  and the Florida State case still pending (Miami-Dade

1

Circuit Court Case No.: 2018-036161-CA-01) -- it directly pushed Plaintiff to the edge of financial insolvency.  As a last resort, Plaintiff instituted this legal action to cease the hemorrhaging.

Applying the revenue stream that existed before the Defendants engaged in their bad conduct, akin to a barometer, the Plaintiff had a relatively positive financial outlook when the Defendants were not attempting to literally jettison Plaintiff Unisource, competitively.

Here, the Plaintiff voluntarily entered into the record an authenticated financial bank statement that unmistakably shows the financial hardship it is currently experiencing as a direct cause of  Defendants actions and as well as emerging from the COVID hardship period.

The Defendants makes three primary (3) arguments:

1.      Defendants first ague that "Plaintiff does not even attempt to explain why it did not pay the sanctions award in July, August, September, October, or at any time before November 30, 2021. Rather, Plaintiff merely contends that it does not have enough cash on hand to pay the full award on November 30.";

2.      The Defendants then argue "Plaintiff's bank account statement (DE 224-1) shows that Plaintiff obtained revenues of $73,133.47 in just the month of November 2021, and Plaintiff simply chose not to use those revenues to pay the Court's Sanctions Order. In fact, Plaintiff does not even attempt to explain a single expense it ostensibly incurred in November 2021 or why such expense would take priority over the Orders of this Court."; and

3.       The Defendants lastly argues "… even under Plaintiff's own argument (i.e., that the Court should only require Plaintiff to pay the sanctions awarded on the day that Plaintiff has more than enough cash on hand to pay), Plaintiff should have paid the sanctions award at the latest in mid-November 2021. Specifically, Plaintiff had more than enough "cash on hand" to pay the full sanctions award (i.e., more than $9,513.00) on November 15, 16, 18 in its first bank account (see

pages 8–10 of DE 224-1) and on November 12, 13, 14, 15, and 16 in the second bank account (see page 15 of DE 224-1)"

In response to the Defendants first argument, above, in good-faith the Plaintiff was providing evidence of its "current" financial condition because it is looking at this moment and prospectively -- not in reverse. While the Plaintiff could have provided supporting financial information/documents dating back to July 2021 supporting its financial hardship that has been continuing for an extended period of time -- as a direct result of Defendants' bad acts -- the Plaintiff was simply forward looking.   Should the Court enter an Order an evidentiary hearing, the Plaintiff will provide such supporting financial documents forthwith (coupled with requested stipulations).

As to Defendants' second argument, above, the assertion that "… Plaintiff simply chose not to use those revenues to pay the Court's Sanctions Order …" is an intentional fabrication given the undisputed "fact" that Defendant Steven Cerasale is fully aware of the Plaintiff Unisource's financial condition, because he has been majority shareholder of Plaintiff Unisource at all relevant times.  In all due respect, Defendants' rather disturbingly thin argument also falls-short of business logical – clearly, there are outstanding (unpaid and late) invoices that routinely must be paid, monies already committed to vendors, salaries, and the like.

As to Defendants' third argument, above, it is the exact same argument the Defendants asserts in their second argument, that is simply stated another way. As such, the Plaintiff incorporates and provides the same response.

Unlike the Defendants, whom are overtly arguing in their Opposition [DE 237], the Plaintiff is not manufacturing a situation to avoid paying the sanction award and is not attempting "to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Plaintiff's motion

3

for reconsideration [DE 224] it is not asking the Court to reduce the sanction award, eliminate the sanction award, or otherwise asks "… the Court to rethink what the Court has already thought through—rightly or wrongly." *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at 1 (S.D. Fla. June 8, 2016)   That is, as re-stated the Plaintiff is sincerely asking for a payment deadline extension, or alternatively, a payment installment plan based upon Plaintiff's supported factual showing of temporary hardship.

Logically speaking, it is equally clear that because Defendant Steven Cerasale is also a shareholder of Plaintiff Unisource, the Defendants would have actual knowledge of the Plaintiff's current financial hardship -- this is the true strategic motivation behind pressing this matter with their Motion to Compel [DE 160] and Defendants' Opposition [DE 237].   Otherwise, Defendant Mr. Cerasale would normally have much to financially lose/risk as shareholder of Plaintiff Unisource if he was not [now] a direct competitor that is attempting to confuse the Unisource brand through its converting Plaintiff's trademark and customers -- ultimately attempting to eliminate Plaintiff Unisource in any manner possible.

While the Defendants have not argued against Plaintiff in their Opposition [DE 237], the Plaintiff has also addressed and satisfied the three (3) factors for this Court to consider: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). As asserted, the Eleventh Circuit has held "that a district court must consider financial ability in the award of sanctions." *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998).

Lastly, and compelling, Defendants' Opposition [DE 237] to Plaintiff's Motion for Reconsideration [DE 224] is populated with a voluminous amount of conclusory assumptions *cloaked as legal arguments* without anything more to support them – rather, as shareholder of

4

Plaintiff Unisource, Mr. Cerasale would possess supportive documentation to show this Court how the Plaintiff's arguments in its Motion for Reconsideration [DE 224] are false. However, no supporting documentation [or testimony] was provided by Defendants because it does not exist. Unlike Defendants fictitious argument, the Plaintiff's financial difficulty in paying the sanction award at this time [and temporarily] is real.

## **CONCLUSION**

In very similar situations, The Eleventh Circuit has opined, " … What cannot be done must not be ordered to be done." *Miccosukee Tribe v. South Florida Water Management District*, 280 F.3d 1364, 1370 (11th Cir. 2002). Looking forward, "A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters. *Cf. Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)

Likewise, and contrary to Defendants arguments, Plaintiff's reconsideration [DE 224] is *not* asking "… the Court to rethink what the Court has already thought through—rightly or wrongly." *PG Creative, Inc. v. Affirm Agency, LLC*, No. 18-cv-24299, 2020 WL 837182, at 1 (S.D. Fla. Feb. 20, 2020)

Because Plaintiff believes it has shown good cause this Honorable Court respectfully has the discretion to alter/amend its judgment given Plaintiff's supported financial hardship to pay the sanction award by the Court ordered deadline. As contended in its Motion for Reconsideration [DE 224], Plaintiff respectfully cannot be required a payment date earlier than February 28, 2021, and alternatively the Plaintiff suggested a possible monthly payment schedule.

**WHEREFORE**, the Plaintiff respectfully requests:

1.      This Court grant reconsider of its November 30, 2021 Order [DE 215];

2.      Change the payment deadline to a date not earlier than February 28, 2022; or

3.      Change the payment deadline and place Plaintiff on a monthly installment payment plan with payments on a monthly basis; and/or

4.      Any other relief this Honorable Court believes is fair and just under the circumstances.


## CERTIFICATE OF SERVICE


I hereby certify that this notice was served via the PACER E-Filing Portal on upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale on this day 23rd of December, 2021.



**Diego David Valdes, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924


By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
            legal@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.