**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

**OPPOSITION TO MOTION FOR CLARIFICATION PURSUANT TO RULE 59(e)**

Defendants hereby file their Opposition to Plaintiff's Motion for Clarification Pursuant to Rule 59(e) of the Court's December 10, 2021 Order (DE 230).

**ARGUMENT**

Plaintiff's motion is based solely upon the following: "it appears that the Court may have overlooked Plaintiff's filed Response to Defendants' Motion … (DE 208)" when the Court entered its December 10, 2021 Order (DE 230) because the Order "does not reference (indirectly address or otherwise) Plaintiff's Response." Motion for Reconsideration (DE 231) at p. 3.

Based upon the above contention, Plaintiff's Motion goes on to "request[] that the Court reconsider and partially modify such ruling [i.e., DE 230] in light of Plaintiff Response (DE 208)." *Id.* at p. 4.

Plaintiff did not confer (and did not attempt to confer) with Defendants' counsel before Plaintiff filed its Motion for Reconsideration (DE 231).[1] Defendants, therefore, are not sure what relief Plaintiff's Motion for Reconsideration (DE 231) seeks.

---

[1] The undersigned has been attempting to confer with Plaintiff's counsel for months for a variety of matters. To date, Plaintiff has completely refused to schedule a conferral with the undersigned.

If Plaintiff is requesting the Court to amend the Order (DE 230) to expressly state that the Court has "considered" Plaintiff's response (DE 208), then Defendants do not believe such an amendment is necessary or warranted. Nonetheless, Defendants are not opposed to the Court amending its Order (DE 230) to provide expressly that the Court has considered and rejected Plaintiff's response (DE 208).

If, however, Plaintiff is requesting the Court to modify its ruling to deny Defendants' Motion to Strike or Dismiss and for Default (DE 202), then Defendants oppose such relief for several reasons.

To begin, the Court unquestionably considered Plaintiff's response (DE 208) at the December 9, 2021 hearing. In the presence of Plaintiff and Plaintiff's counsel, Defendants' undersigned counsel candidly informed the Court that the recent entry of the Court's Order (DE 221)—which extended the time for the parties to file their Joint Pretrial Stipulation—may have partially mooted Defendants' Motion (DE 202). The Court then asked the undersigned (again, in the presence of Plaintiff and Plaintiff's counsel) whether there were any grounds in Defendants' Motion that survived the Court's Order (DE 221). In response, Defendants' undersigned counsel explained that Plaintiff's (through its counsel) willful refusal to cooperate and confer with the undersigned as required by the Rules and the Court is still sufficient grounds to grant Defendants' Motion, and those grounds were not mooted by the Court's Order (DE 221). Plaintiff and its counsel were present at the December 9, 2021 hearing and were given a more than adequate opportunity to argue their position.

The Court then ruled that, in light of the Court's Order (DE 221) and Plaintiff's refusal to confer, that Defendants' Motion (DE 202) would be held in abeyance pending Plaintiff's

2

compliance with the Court's Order (DE 221). The Court also ruled that Defendants' undersigned counsel was to file a report by January 14, 2022 regarding Plaintiff's compliance.

The fact that Plaintiff subjectively "believes that its Response (DE 208) is well crafted and provides sufficient law and a very detailed response" is wholly insufficient to support any sort of modification to the Court's ruling. Motion for Reconsideration (DE 231) at p. 3.

In fact, to date, Plaintiff continues to refuse to schedule any conferral with the undersigned despite the undersigned repeated requests. And despite the fact that Plaintiff has been warned by the Court—on numerous occasions—of the consequences of Plaintiff's refusal to confer to prepare the Joint Pretrial Stipulation, Plaintiff to date has refused to confer or even schedule a conferral for the parties' counsel to discuss the Joint Pretrial Stipulation.

Rather, on December 20, 2021, Plaintiff confirmed that it had not even begun to prepare the joint pretrial stipulation or jury instructions and requested that Defendants' undersigned counsel "provide … the first draft of" the "pretrial stipulation, jury instructions and witness list."

Later that same day (December 20, 2021), the undersigned agreed to prepare the first draft to avoid further litigation but requested Plaintiff's counsel to "[p]lease let me know if you will agree to a conferral so we can agree on stipulations." For self-evident reasons, a Joint Pretrial Stipulation cannot be prepared without stipulations between the parties. Unsurprisingly, Plaintiff's counsel ignored the undersigned's request for a conferral.

On December 27, 2021—after having ignored the undersigned attempt to confer— Plaintiff's counsel demanded the undersigned to provide the first draft of the pretrial stipulation and proposed jury instructions. The undersigned then reminded Plaintiff's counsel that it was Plaintiff who brought this case to the Court, that it is Plaintiff who is required to push its case

forward, and that it was Plaintiff who has refused the undersigned's (more than twelve) attempts to confer with Plaintiff's counsel to jointly draft the pretrial stipulation.

The undersigned then again requested Plaintiff's counsel to schedule a conferral with the undersigned to jointly draft the pretrial stipulation.

Once again, Plaintiff refused to confer and instructed Defendants' undersigned counsel to "place" some "effort" into preparing the first draft of the joint pretrial stipulation and the proposed jury instructions. The undersigned again asked Plaintiff's counsel to please "let me know when you can discuss. I will make myself available at your convenience." Plaintiff's counsel did not agree to confer or schedule a conferral.

To avoid even more litigation and wasted time/fees, Defendants' undersigned counsel prepared the "joint" pretrial stipulation and proposed jury instructions and provided them to Plaintiff's counsel. And again, the undersigned requested a conferral with Plaintiff's counsel. Defendants' undersigned counsel will provide a more detailed report of Plaintiff's willful non-compliance by January 14, 2022 as ordered by the Court (DE 230).

The above history shows that Plaintiff simply does not take this Court's rulings seriously. Rather than comply with the Court's Orders, Plaintiff has to date willfully refused to cooperate in the preparation of the Joint Pretrial Stipulation and proposed jury instructions as the Court has now *twice* required.

Therefore, to the extent Plaintiff's Motion for Reconsideration (DE 231) requests the Court to deny Defendants' Motion to Strike or Dismiss and for Default (DE 202), then Defendants respectfully submit that Plaintiff's Motion for Reconsideration should be denied.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 27, 2021, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |  |
| --- | --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

5