**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,

v.

UNISOURCE   DISCOVERY,   LLC,   a
California   limited   liability   company,   and
STEVEN A. CERASALE, individually,
     Defendants.

_____

**RENEWED MOTION TO STRIKE OR DISMISS COMPLAINT (DE 1), STRIKE
ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM (DE 147), AND
ENTER DEFAULT AGAINST PLAINTIFF AS TO COUNTERCLAIM (DE 166) BASED
UPON PLAINTIFF'S WILLFUL REFUSAL TO COMPLY WITH COURT ORDER**

Pursuant to the Court's inherent authority, Rules 41(b) and 16(f), and Local Rule 16.1(l),

Defendants hereby renew their motion to strike or dismiss Plaintiff's Complaint (DE 1), to strike

Plaintiff's Answer and Affirmative Defenses to Counterclaim (DE 147), and to enter a default

against Plaintiff as to the Counterclaim based upon its refusal to comply with Order (DE 221).

1.       The Court has extended to Plaintiff chance after chance to comply with its

obligations. And every time, Plaintiff willfully ignored the Court's Orders.

2.       The Court's Order (DE 221) extended the deadline for the parties to confer and file

a joint pretrial stipulation, jury instructions, and joint verdict form to December 31, 2021.[1]

3.       Unsurprisingly, Plaintiff and its counsel have again refused to cooperate.

---

[1] The Order (DE 221) was entered after Plaintiff refused to comply with the original deadline of
November 5, 2021 (without explanation or excuse) and after Plaintiff and its counsel simply did
not show up at the Calendar Call on December 1, 2021.

At that Calendar Call, the undersigned informed Judge Gayles that there were several motions
(including for summary judgment) that were set for hearing on December 9, 2021. Because the
pending motions were for hearing, Judge Gayles pushed the trial and thereby extended the time
for the parties to jointly draft the pretrial stipulation, jury instructions, and verdict form.

## ARGUMENT

**I.      Plaintiff's willful refusal to comply with Court Order (DE 221).**

Since October 5, 2021, Defendants' undersigned counsel has been attempting to confer with Plaintiff's counsel to jointly draft the Joint Pretrial Stipulation and jury instructions. *See* October 5, 2021 Emails (DE 202-1) at p. 6 ("[L]et me know when you can discuss our pretrial stipulation. Our deadline is coming up, and we are required to file one. Please let me know your availability ….."). Plaintiff's counsel refused to confer, which led to Defendants' Motion to Dismiss, Strike, and for Default (DE 202).

The Court then entered an Order (DE 230) holding in abeyance Defendants' Motion to Dismiss, Strike, and for Default (DE 202) "pending Plaintiff's compliance with future Court-ordered deadlines."

After the Court extended the Pretrial Stipulation / Jury Instructions deadline to December 31, 2021, Plaintiff's counsel ***again refused to confer*** with the undersigned.

### A.      The undersigned's numerous attempts to confer, and Plaintiff's counsel refusal to confer and bad faith tactics to waste time.

Defendants' undersigned counsel made numerous attempts to confer with Plaintiff's counsel to jointly draft the Pretrial Stipulation and Jury Instructions. Plaintiff's counsel refused to have a telephonic conferral ***until the day of the deadline on December 31, 2021***.

Specifically, Plaintiff's counsel agreed to confer at 10:30 a.m. on December 31, 2021. Left with no better alternative, the undersigned agreed.

In the morning of December 31, 2021, Plaintiff's counsel pushed the conferral to 11:45 a.m. Again, left with no better alternative, the undersigned agreed.

At 11:45 a.m. on December 31, 2021, Plaintiff's counsel confirmed that ***he was not ready to confer*** and requested that the conferral again be pushed until 1:45 p.m. to give Plaintiff's counsel time to "review everything" and have a meaningful conferral. Again, the undersigned agreed.

At 1:45 p.m., Plaintiff's counsel confirmed that he was not ready to confer about the Joint Pretrial Stipulation (because he had not reviewed it) and preferred to discuss only the proposed Jury Instructions. The undersigned again agreed.

After a short conferral regarding the proposed Jury Instructions, Plaintiff's counsel stated that he needed to speak with his client before he could have a more meaningful conferral and requested that the conference be ***pushed again***, this time until 3:00 p.m.

Again, left with no better alternative (and trying to avoid more litigation caused by Plaintiff's non-compliance), the undersigned agreed.

The undersigned then called Plaintiff's counsel at 3:00 p.m. as he requested. Plaintiff's counsel did not answer.

The undersigned again attempted to call Plaintiff's counsel at 4:00 p.m. and again at 5:20 p.m. Plaintiff's counsel never answered the phone.

The above clearly shows a pattern of delay and a vexatious tactic to waste time and cause unnecessary expense. Plaintiff's counsel scheduled and rescheduled numerous conferrals throughout the day and then simply refused to answer the phone—all the while claiming that he needs more time to "review everything" before he could have a "meaningful" conferral.

This is bad faith.[2]

**B.      The undersigned's efforts to prepare a Joint Pretrial Stipulation and Jury Instructions.**

Plaintiff waited until December 20, 2021 (i.e., thirteen days before the December 31 deadline) to confirmed that Plaintiff had not even begun to prepare the Joint Pretrial Stipulation or Jury Instructions and requested that Defendants' undersigned counsel "provide … the first draft of" the "pretrial stipulation, jury instructions and witness list."

That same day (December 20, 2021), the undersigned agreed to prepare the first draft to avoid further litigation but requested Plaintiff's counsel to "[p]lease let me know if you will agree to a conferral so we can agree on stipulations." As explained above, Plaintiff's counsel ignored the undersigned's request for a conferral.

Plaintiff then waited (after ignoring the undersigned's attempts to confer) until December 27, 2021—four days before the December 31, 2021 deadline. On December 27, Plaintiff's counsel demanded the undersigned to provide the first draft of the Joint Pretrial Stipulation and Jury Instructions.

That same day (i.e., December 27), the undersigned drafted the "Joint" Pretrial Stipulation and proposed Jury Instructions and emailed them to Plaintiff's counsel.

Between December 27 and December 30, the undersigned counsel and Plaintiff's counsel made edits to the Joint Pretrial Stipulation. But as of December 31, 2021, Plaintiff's counsel has

---

[2] This has also been an unfortunate pattern employed by Plaintiff's counsel throughout this litigation. As explained in Defendants' Motion (DE 202), Plaintiff's counsel had agreed to confer with the undersigned on October 28, 2021 at 3:00 p.m. But when the undersigned called Plaintiff's counsel at the scheduled time, Plaintiff's counsel did not answer. Thereafter, Plaintiff's counsel sent a text message stating that he "need[s] another 30 min[utes] or so." But when the undersigned called at the rescheduled time, Plaintiff's counsel again did not answer.

refused to cooperate any further and has refused to identify a single "stipulation" or edit that Plaintiff agrees with or disagrees with.

As to the Jury Instructions, Plaintiff edited the proposed jury instructions to lower its burden at trial and otherwise unnecessary complicate the instructions relating to Defendants' Counterclaim. For example, the Eleventh Circuit Pattern Jury Instructions provide that "[t]he evidence of actual confusion of trademarks should be reasonably significant." *See* Section 5.13 of Eleventh Circuit Pattern Jury Instructions. Plaintiff "revised" that burden to the following: "there is no magical amount of evidence of actual confusion the Plaintiff must show. The amount of evidence needed to show actual confusion relatively small."

Plaintiff made numerous such "edits" throughout the proposed Joint Pretrial Stipulation and proposed Jury Instructions (including, but not limited to, adding "undisputed facts" to the pretrial stipulation that would be tantamount to Defendants agreeing to a consent judgment against them). A more detailed explanation of Plaintiff's unwarranted "edits" to the Joint Pretrial Stipulation and proposed Jury Instructions will be included in Defendants' Full Report pursuant to the Court's Order (DE 230).

The undersigned waited until past 6:00 p.m. on December 31, 2021 for Plaintiff's counsel to finally "review everything" and have a "meaningful conferral" to finalize the Joint Pretrial Stipulation and Jury Instructions. But Plaintiff's counsel simply ignored the undersigned's emails and phone calls.

Plaintiff's counsel **_never_** provided Plaintiff's trial exhibits list to include in the Joint Pretrial Stipulation. Defendants, therefore, have not had an opportunity to raise any objections to any such exhibits.

Plaintiff's counsel *__never__* provided any of Plaintiff's objections to Defendants' list of trial exhibits. It would, therefore, appear that Plaintiff does not have any objections to Defendants' exhibits.

Plaintiff's counsel *__never__* provided a draft proposed Jury Verdict despite his confirmation that he would prepare the first draft of this document.

And Plaintiff's counsel has not had a meaningful conferral with the undersigned to finalize the Joint Pretrial Stipulation and Jury Instructions.

## II.    Striking Plaintiff's pleadings and entering a default is warranted.

Throughout this litigation, Plaintiff has ignored Court Orders, and when Plaintiff's disregard of Court Orders inevitably required additional litigation, Plaintiff refused to cooperate.

Pursuant to Rule 16(f)(1), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order," and "in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

Orders authorized by Rule 37(b)(2)(A)(ii)–(vii) include "striking pleadings in whole or in part," "dismissing the action or proceeding in whole or in part," and "rendering a default judgment against the disobedient party."

Additionally, Local Rule 16.1(l) provides that the "[f]ailure to comply with the requirements of this Local Rule"—which include "the duty of counsel to see that the pretrial stipulation is drawn, executed by counsel for all parties, and filed"—"will subject the party or counsel to appropriate penalties, including but not limited to *__dismissal of the cause__*, or the *__striking of defenses__* and entry of judgment." S.D. Fla. L.R. 16.1(l), and (e) (emphasis added).

"Rule 16(f) sanctions are 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *Rasmussen v. Cent. Florida Council Boy Scouts of Am., Inc.*, 412 Fed. Appx. 230, 232–33 (11th Cir. 2011).

And "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.' As such, '[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.'" *Lopez v. Wilensky*, 17-80726-CV, 2021 WL 2893399, at *1–2 (S.D. Fla. May 12, 2021) ("The fact remains that the joint pretrial stipulation has not been filed, and this is the last in a long series of litigation deadlines that Plaintiff has failed to comply with. Therefore, … I still see fit to dismiss this action with prejudice.").

When "the record plainly supports the district court's conclusion that [the disobedient party's] violations of [ ] court orders amounted to willful and sanctionable conduct" (including "fail[ure] to participate in the drafting of a joint final pretrial stipulation"), then "the district court d[oes] not commit an abuse of discretion in sanctioning the [disobedient party] with entry of a default judgment." *Rasmussen*, 412 Fed. Appx. 232–33; *see also Loos v. Club Paris, LLC*, 607-CV-1376-ORL31GJK, 2009 WL 1458040, at *3 (M.D. Fla. May 26, 2009) ("recommend[ing] that the Court enter an order striking Defendant's Answer and direct the Clerk to enter default" because the defendant did not participate in preparing the joint pretrial statement and "[t]he trial term begins in less than a month. Without meaningful participation by the Defendant, the Plaintiff will be unable to adequately prepare for trial. Moreover, Defendant's apologies and excuses for not knowing the Local Rules and Federal Rules of Civil Procedure are not good cause for failing to abide by the CMO.").

The record in this case is clear: Plaintiff has refused to comply with Court Order after Court Order. Plaintiff's pattern of violating Court Orders and causing delay in bad faith clearly establishes that Plaintiff's violations of the Court's Orders are willful. Plaintiff's conduct in this litigation also demonstrates that any sanction less than striking/dismissal of the Complaint and entry of default would not suffice.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request the Court to strike or dismiss Plaintiff's Complaint (DE 1), strike Plaintiff's Answer and Affirmative Defenses to Counterclaim (DE 147), and enter a default against Plaintiff as to the Counterclaim (DE 166), for reimbursement of Defendants' reasonable attorney's fees and costs, and for such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 31, 2021, on all counsel or parties of record on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |
|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
|---|---|
| Diego David Valdes, Esq. <br> Fla. Bar No. 251010 <br> Diego David Valdes, P.A. <br> 2350 Coral Way, Suite 403B <br> Coral Gables, Florida 33145 <br> Telephone: (305) 910-6602 <br> Facsimile: (305) 513-5924 <br> E-mail: ddvlaw@gmail.com <br><br> *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

9