**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

     v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

     Defendants.

_____

**STATEMENT OF REASON PURSUANT TO LOCAL RULE 16(f)**
**AND NOTICE OF DEFENDANTS NON-COMPLIANCE AND/OF FILING IN**
**COMPLETE PRETRIAL STIPULATION AND JURY INSTRUCTIONS**
**AND FOR SANCTIONS**

Plaintiff, Unisource Discovery, Inc., by and through its counsel, and pursuant to Local Rule 16(f), files its Statement of Reasons no agreement was jointly reached for the (1) pre-trial stipulation; and (2) jury instructions, Notice of Defendants' Non-Compliance, and for sanctions. The Plaintiff states,

On December 27, 2021 at 7:57 PM, the Plaintiff received by email the Defendants redlined/redacted version of their pre-trial stipulation, exhibit list, and jury instructions. Subsequently, on December 28, 2021, the Plaintiff provided Defendants it's red line version of the pretrial stipulation. One day later, the Plaintiff provided its version of the redlined jury instructions. In response, the Defendants literally struck-out and red-lined 90% of the revisions that Plaintiff made on the jury instructions and pretrial stipulations. Many of the factual issues --- and the matters that reached this impasse -- have not been historically in dispute . The only document the parties are in agreement is the exhibit list and that is for obvious reasons. The

1

Plaintiff attached all redlined and redacted versions of the jury instructions and pre-trial stipulation as composite Exhibit "A".

The Plaintiff received a voluminous amount of threats. *See* email exchanges as Exhibit "B".

Defendants first threat was accusing the Plaintiff of removing words from the documents without redlining them or noticing the Defendants. Plaintiff never received such an accusation in the several years of practice. However, somehow the Plaintiff's false accusation of removing unknown word resolved itself and vanished. When questioned on the words that were removed, the Defendants simply ignored this question as if that threat was never made.

Then, the Defendants sent an email stating that the Plaintiff deleted 14 pages of the jury instructions -- that Plaintiff intentionally did so as if it would somehow be unnoticed. Again, when questioning the Defendants on that accusation, they did not respond, and their accusation vanished into thin-air.

Effectively, all of Defendants accusations somehow resolved themselves on their own – the only remaining aspect of Defendants' untruthful accusations is paper trial that Defendants created for another obvious reason.

If the Defendants' legal counsel had placed as much effort into addressing the mutual disputes as he exerted in drafting his several emails population with threats, there would have been a resolution without this Court's involvement.

Nicely put, the negotiation was less than amicable, not productive, and despite Plaintiff's efforts to reduce the number of disagreements to very few the Defendants would not even discuss their position or otherwise ask the reason(s) for Plaintiff's position. Clearly, Plaintiff

has every ambition to cooperate and to confer, and therefore, was at a disadvantage for its good-faith.

Pursuant to local rule 16(f),

"(f) Unilateral Filing of Pretrial Stipulation Where Counsel Do Not Agree. If for any reason the pretrial stipulation is not executed by all counsel, each counsel shall file and serve separate proposed pretrial stipulations not later than seven (7) days prior to the pretrial conference, or if no pretrial conference is held, seven (7) days prior to the call of the calendar, with a statement of reasons no agreement was reached thereon."

Regardless of the fact that the Plaintiff would have been more than willing to reach compromises on some matter it did not even have that opportunity to do so.

Because the Defendants redlined and struck-out 90% of the Plaintiff's revisions, and they are not willing to negotiate any of them, the Plaintiff will make every attempt to "boil down" it's issues to just a few.   As such, the matters addressed below are simply a few good examples of the matters that should not be subject to any impasse. These matters, ironically, are not factually disputed and all are supported by statutory law or case-law.

First, because the standard jury instructions do <u>not</u> have any provision for statutory damages under the Lanham Act, the Plaintiff has an obligation to include statutory damages in the jury instructions. Statutory damages are an important option for Plaintiff in the event Plaintiff prevails. The Plaintiff may seek statutory damages under the Lanham Act. 15 U.S.C. § 1117(c); *PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004).

Simply put, because the Lanham Act affords statutory damages to the prevailing party for trademark infringement, the Plaintiff does not understand exactly reasons the Defendants are objecting and not willing to have a legal discussion at bottom. Here, the Defendants' position is tantamount to a fact that was never disputed until now, and for no good reason. If the Plaintiff

3

prevails then it is entitled to statutory damages under the Lanham Act and that direction should be included in the jury instructions.

In addition, the Defendants redlined and struck-out most, if not all, references to statutory damages and the pretrial stipulation. The Defendants provided no good or bad reason for striking-out statutory damages other than simply disagreeing. Therefore, the Plaintiff does not know the reason that Defendants elected to object and not confer.

Second, to pursue an action for cancellation of trademark the Defendants burden is clear and convincing evidence. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1210 (11th Cir. 2008) and *Citibank, N.A. v. Citibanc Grp.*, 724 F.2d 1540, 1544-45 (11th Cir. 1984); *Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of Malta v. Jerusalem*, 694 F.3d 1200 (11th Cir. 2012); *In re Bose Corp.*, 580 F.3d 1240, 1243, 1245 (Fed.Cir.2009)

Again, the jury instructions do not disclose nor provide instructions related to the clear and convincing burden for cancellation of trademark. Therefore, the Plaintiff revised the jury instructions to include clear and convincing evidence as a burden that the jury must consider. Akin to Defendants' objection over statutory damages without providing a reason, likewise the Defendants objected to advising the jury about the clear and convincing evidence burden without providing a reason. Therefore, the Plaintiff cannot offer the Court any understanding as to why an impasse was reached without and making educated guess that is likely correct.

Third, the Plaintiff has argued throughout the litigation that an implied license was granted to the Defendants. As such, Plaintiff's legal position was inserted into the pretrial stipulation and the jury instructions. There was no provision in jury instruction and pre-trial stipulation addressing a license in the context of trademarks. However, the Defendants struck

4

Plaintiff's legal references to an implied license and inserted the term "naked" license for the first time.

Unfortunately, in light of the fact that Plaintiff could not have a legal discussion with Defendants legal counsel -- because Defendants' counsel walked away from the discussion -- the Plaintiff cannot advise this court as to "why" the Defendants are taking this position only now.

However, the Plaintiff believes a compromise could have been reached. For instance, the parties could have inserted language for both naked license and implied license to educate the jury because both terms will logically be presented to the jury. However, and once again,. the Plaintiff never had that opportunity to address any compromise with Defendants because they simply would not engage us for resolution.

The Defendants had one objective during the course of this Court Ordered Joint Pretrial, and that was to ensure that there would be no compromise or reach any joint understanding, because Defendants immediately filed for Motion to Dismiss using this process as an excuse to further their goals.  Simply put, Defendants acted in bad faith by not working with Plaintiffs, the Defendants literally struck-out and red-lined 90% of the revisions that Plaintiff made on the jury instructions and pretrial stipulations.

WHEREFORE, pursuant to Local Rule 16(f) the Plaintiff provides this Court its Statement Of Reasons no agreement was jointly reached for the (1) pre-trial stipulation; and (2) jury instruction, and Notice of Defendants' Non-Compliance. The Plaintiff is seeking sanctions for Defendants unwilling to confer and negotiate the documents in good faith and with any real intent to resolve.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the PACER E-Filing Portal on upon: Juan C. Zorilla, Esq., jzorilla@fowler-white.com Fowler, White, Burnett, P.A., counsel for Unisource Discovery, LLC and Steven A. Cerasale on this day 31st of December, 2021.

**Diego David Valdes, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  ddvlaw@gmail.com
          legal@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.