**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
      Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
      Defendants.

**MOTION TO STRIKE COMPLAINT (DE 1) AND ANSWER TO
COUNTERCLAIM (DE 147), AND TO ENTER DEFAULT AGAINST PLAINTIFF
AS TO COUNTERCLAIM (DE 166) BASED UPON PLAINTIFF'S WILLFUL AND
<u>REPEATED VIOLATIONS OF THE COURT'S RULE 37 SANCTIONS ORDER</u>**

Pursuant to the Court's inherent authority, Rules 37(b) and 41(b), and the Court's Order (DE 215), Defendants hereby move to strike Plaintiff's Complaint (DE 1) and Answer to Counterclaim (DE 147) and to enter a default against Plaintiff as to the Counterclaim (DE 166) based upon Plaintiff's willful and repeated violations of the Court's Order.[1]

1.      After Plaintiff ignored the Court's Order (DE 140) imposing Rule 37 sanctions, the Court gave Plaintiff another chance to comply.

2.      The Court's Order (DE 215) provided that "Plaintiff SHALL COMPLY with the undersigned's July 22, 2021 Order [D.E. 140] by making payment in full of the sanction award … no later than December 31, 2021." The Court was clear about the consequences of non-compliance: "FAILURE TO COMPLY MAY SUBJECT PLAINTIFF TO CONTEMPT OF COURT."

3.      Unsurprisingly, Plaintiff has again ignored a Court Order. Plaintiff has not paid.

4.      Monetary sanctions are clearly insufficient to deter Plaintiff's misconduct.

---

[1] Defendants currently have a separate Renewed Motion pending (DE 243) seeking the same relief. Each Motion, however, is based upon separate and independent grounds (i.e., each Motion addresses separate Court Orders that Plaintiff has repeatedly and willfully violated).

5.      When a party has "been repeatedly and stubbornly defiant" and the party's "conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders," then "the district court [is] not required to select a sanction other than dismissal" and "[t]he district court [does] not abuse its discretion in dismissing the case under these circumstances." *Moon v. Newsome*, 863 F.2d 835, 839 (11th Cir. 1989) (affirming dismissal of an action filed by a *pro se* plaintiff proceeding *in forma pauperis* based upon the *pro se* plaintiff's failure to pay monetary discovery sanctions).

6.      When "[t]he Court has previously reprimanded Plaintiff, assessed her with attorneys' fees and expenses, and warned her of the possible dismissal of her case" (all of which the Court has done with Plaintiff here) and Plaintiff continues to violate Court Orders, then "***nothing short of dismissing*** this case would address Plaintiff's willful misconduct and the prejudice that Defendant has suffered." *Smith v. Atlanta Postal Credit Union*, 1:07-CV-1833-CC, 2009 WL 10665761, at *8 (N.D. Ga. Mar. 19, 2009), *aff'd*, 350 Fed. Appx. 347 (11th Cir. 2009) (emphasis added).

7.      The record in this case is clear.

8.      Plaintiff has been reprimanded by the Court more than once for failing to comply with Court Orders and has been warned (more than once) about the consequences of non-compliance. *See* Order (DE 106) at p. 2 ("Plaintiff is advised that failure to comply with this Order will result in the undersigned's immediate issuance of a recommendation that Plaintiff's case be dismissed as a discovery sanction … ***given Plaintiff's repeated disregard for the undersigned's prior Discovery Orders***" (emphasis added)).

9.      In fact, as recently as December 3, 2021, the Court recounted that "[o]ver the course of this case, the Court and Magistrate Judge Alicia M. Otazo-Reyes have ***admonished Plaintiff***

2

*for failing to timely provide discovery*, see [ECF No. 118], *and for failing to comply with Court orders and the Local Rules*, see [ECF Nos. 138 & 192]." Order (DE 219) (emphasis added).

10.     Monetary sanctions have not deterred Plaintiff from continuing to violate Court Orders, and not even the explicit threat of being held in contempt has worked.

11.     The Court has extended to Plaintiff chance after chance to comply with its obligations. And every time, Plaintiff willfully ignored the Court's Orders.

12.     "Under Rule 41(b), a district court may dismiss a complaint with prejudice when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Lyle v. BASF Chemistry, Inc.*, 802 Fed. Appx. 479, 482 (11th Cir. 2020).

13.     "Under Rule 37(b)(2)(A), a district court may dismiss a complaint with prejudice when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice." *Id.*

14.     When a party engages in "repeated discovery failures" that is "ongoing for several months despite repeated warnings by the court," then the party's "'continued failures' could only be considered a pattern of willful or bad faith conduct" and "imposing monetary sanctions would [not] correct her behavior." *Lyle*, 802 Fed. Appx. at 481.

15.     Under such circumstances, "[t]he district court did not abuse its discretion in dismissing [the] complaint with prejudice — whether it dismissed it under Rule 41(b) or Rule 37(b)(2)(A)." *Id.*

16.     As the Eleventh Circuit stated, the U.S. Supreme Court has "admonished the Courts of Appeals not to exhibit 'lenity' even in the face of 'outright dismissal as a sanction for failure to comply with a discovery order' because Rule 37 sanctions were designed 'not merely to penalize

those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir. 1985).

17.    Once again, Plaintiff is in direct violation of a Court Order.[2] And again, Plaintiff was afforded opportunity after opportunity (including an Order to Show Cause) to comply.

18.    Plaintiff's pattern of violating Court Orders clearly establishes that Plaintiff's violations of the Court's Orders are willful. Plaintiff's misconduct in this litigation also clearly demonstrates that any sanction less than striking/dismissal of the Complaint and entry of default as to the Counterclaim would not suffice.

---

[2] Plaintiff may argue that it is somehow excused from complying with the Court's Order (DE 215) because it filed a Notice of Appeal (DE 241) seeking review of the Court's non-final Sanctions Order (DE 215). Such an excuse would be meritless.

The U.S. Supreme Court has held that "Rule 37 sanction … would not be considered a final decision" and is not appealable because, otherwise, a right to appeal such Orders "could forestall resolution of the case as each new sanction would give rise to a new appeal. The result might well be the very sorts of piecemeal appeals and concomitant delays that the final judgment rule was designed to prevent." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999). In fact, "[t]o permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a)." *Id.*; *see also Whitesell Corp. v. Electrolux Home Products, Inc.*, 19-11865-HH, 2019 WL 3886916, at *1 (11th Cir. July 19, 2019) ("We lack jurisdiction because the sanctions orders and judgment are neither final nor immediately appealable under any other exception to the final judgment rule.").

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on January 3, 2022, on all counsel or parties of record on the Service List below.

 /s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |
|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
|---|---|
| Diego David Valdes, Esq. <br> Fla. Bar No. 251010 <br> Diego David Valdes, P.A. <br> 2350 Coral Way, Suite 403B <br> Coral Gables, Florida 33145 <br> Telephone: (305) 910-6602 <br> Facsimile: (305) 513-5924 <br> E-mail: ddvlaw@gmail.com <br><br> *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

5