**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

---

### RESPONSE TO MOTION TO CORRECT CLERK'S ERROR

Defendants hereby file their Response to Plaintiff's Motion to Correct Clerk's Error and/or

Amend an Exhibit by Interlineation.

1.     Plaintiff's Motion (DE 236) inaccurately states that the "Clerk's Exhibit and

Witness List [DE 228] contains the error" that "the Clerk did not include Plaintiff's Exhibit 'B' in

Plaintiff's Exhibit List. … [T]his is a Clerk's error." Motion (DE 236) at pp. 1–2.

2.     The Clerk did not commit an error.

3.     The truth is that Plaintiff did not introduce or attempt to admit Plaintiff's Exhibit B

into evidence at the December 9, 2021 hearing.

4.     Plaintiff's contention that "the Clerk may have accidentally omitted Plaintiff's

Exhibit 'B' … because s/he mistook it for Defendants' Exhibit '8'" is equally false. Motion (DE 236)

at p. 2.

5.     To be clear, Defendants (not Plaintiff) admitted into evidence Defendants' Exhibit 8

***by stipulation*** of the parties. Neither Plaintiff nor Defendants ever attempted to introduce

Exhibit "B" into evidence at the December 9, 2021 hearing.

6.     It is unclear why Plaintiff resorted to distorting the facts.

7.      Plaintiff's Motion does not state a viable basis to admit (after the hearing concluded) a never-before-introduced exhibit. Rather, Plaintiff falsely contends that the Clerk committed a "clerical error" by not including the exhibit in the Exhibit List, states (in conclusory fashion) that the exhibit is "exceptionally important," and also states (in equally meritless fashion) that "there is no good legal reason for Defendants to oppose." Motion (DE 236) at pp. 2–3.

8.      Contrary to Plaintiff's conclusory contention, there is good reason to oppose Plaintiff's Motion.

9.      To begin with, Plaintiff's sole basis—i.e., that the Clerk committed an error—is false as explained above.

10.     Second, Plaintiff's Exhibit B includes numerous hearsay communications from non-parties (at pages 43–52 and 83–95) and several documents that are otherwise unauthenticated email communications and inadmissible. *See* Fed. R. Evid. 802 ("Hearsay is not admissible …."); Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

11.     Because Plaintiff has not articulated a viable basis for admitting such unauthenticated and hearsay documents (other than falsely claiming the Clerk made an "error" and that Defendants have "no good legal reason to oppose"), Plaintiff's Motion should be denied.

Respectfully submitted,

/s/ Victor M. Velarde

Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on January 3, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde

Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |
|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
|---|---|
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

3