**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California
limited liability company, and STEVEN A.
CERASALE, individually,

     Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY INC., RESPONSE TO  DEFENDANTS' NOTICE OF PLAINTIFF'S NON-COMPLIANCE AND OF FILING INCOMPLETE PRETRIAL STIPULATION AND PROPOSED JURY INSTRUCTIONS DE [242] AND RENEWED MOTION TO STRIKE OR DISMISS … [DE 243] (COLLECTIVELY "MOTIONS") AND CROSS-MOTION FOR SANCTIONS**

Plaintiff, Unisource Discovery Inc., through its undersigned counsel, files it response to  Defendants' Notice of Plaintiff's Non-Compliance And Of Filing Incomplete Pretrial Stipulation and Proposed Jury Instructions DE 242] and Renewed Motion To Strike or Dismiss … [DE 243] (collectively "Motions") and imposes its cross motion for sanctions under Local Rule 7.1. and Rule 41, and states,

**PRELIMINARY STATEMENT**

It is on a very rare occasion that Plaintiff will assert that sanctions – *albeit*, severe sanctions -- are warranted. That is the case, here --- not only because of Defendants comprehensive and intentional set of "lies" found in its Motions, but because Plaintiff must expend an extensive amount of time and effort to respond to such acute "falsehoods" that are very layered, detailed, and on the cusp of trial.

In fact, with factual support the Plaintiff shows that Defendants are guilty of the very misconduct Defendants complains of in their Motions. Not only did Defendants not truly meet and greet under Local Rule 7.1, but any semblance of a meet and greet was not remotely meaningful. *Barapind v. Enomoto,* 360

1

F.3d 1061, 1077 (9th Cir. 2004) ("one cannot ignore the principal of reciprocity: what goes around comes around"), *aff'd* in part, *rev'd in* part and remanded, 400 F.3d 744 (9th Cir. 2005); *Bryant v. United States*, No. 2:10-cv-8044, 2013 WL 4079339, at 15  (N.D. Ala. Aug. 13, 2013) (noting, in the summary conclusion of an order denying a federal prisoner's habeas petition, that "there's an old adage: what goes around comes around").

Candidly, it is very difficult to respond to Defendants "comprehensive" fabrications for two other judicious reasons: one, how does a person respond to a complete set of [several] untruths without requiring this Court to scrutinize dozens of email communications and redlined/revised/redacted documents that will disprove Defendants false statements and verify the "true" procedural history; and second, to respond to Defendants' deceptions will unfortunately afford Defendants fraudulent arguments more attention and credibility than they deserve *ab initio*.  It is for these reasons and more, as set-forth below, that Plaintiff must file its motion for cross-sanctions under Rule 41 and Local Rule 7.1.

The consecutive transactional documents exchanged between the parties (*i.e.*, the redlined/revised/redacted jury instructions and joint pre-trial stipulation) are remarkably inconsistent with Defendants fraudulent arguments in their Motions. The degree of Defendants' fraudulent statements are severe and troubling, and this Court must punish the Defendants for their intent to employ such tactics that has also prejudiced Plaintiff just weeks before trial. This is a very serious matter.

Based upon Plaintiff's historical effort to confer with Defendants and their Counsel, when the Court entered its Order to hold further sanctions in "abeyance" [DE 230] the Plaintiff did wonder if the Defendants would view this Order [DE 230] as an "opportunity" to by-pass trial.  And unfortunately, the Plaintiff did correctly predict that Defendants would make every effort to design and execute a plan (multiple plans) for dismissal. While Plaintiff's predication was found to be correct, in all candidness Plaintiff never believed Defendants would use such an extensive and layered set of lies to fabricate violations of a Court Order that Plaintiff did not even remotely violate.

It has been for these reasons that the Plaintiff had been attempting to force Defendants to begin all Local Rule 7.1 conferrals in writing (*i.e.,* emails) in order to maintain a log and accurate record of the communications – specifically, to prevent the very Motions that Defendants have now filed.  And as here, in the case, most if not all of Defendants sanction motions are largely reliant upon verbal phone conversations that did not happen in the manner Defendants argue, and many times Defendants created disputes on matters with Plaintiff that truly were never discussed between the parties on the phone. An example is when the Defendants' legal counsel fabricated an argument that Plaintiff verbally agreed to remove any reference to statutory damages under the trademark statute (Lanham Act) in both the pre-trial stipulation and jury instructions.  Yet, in the several emails exchanged – as interposed below – not once did Plaintiff discuss nor agree to remove/delete/redact the very provision for statutory damages under the Lanham Act that Plaintiff made an effort to include. For this rational reason, and more, Plaintiff does not know how to respond to a full-blown fabrication other than Plaintiff would never agree to the removal of statutory damages that it made an extensive effort to include in the pre-trial stipulation and jury instructions. Defendants argument is also non-sensical for this simple reason.

## APPLICABLE STANDARDS[1]

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action when a plaintiff fails to prosecute the case or comply with the Court's rules and orders. A dismissal with prejudice pursuant to Rule 41(b) is an adjudication on the merits. Fed. R. Civ. P. 41(b). Furthermore, federal district courts have inherent authority to dismiss an action due to a "fraud on the court.*" Martin v. Automobili Lamborghini Exclusive*, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002); *Aoude v. Mobil Oil Corp*., 892 F.2d 1115, 1118 (1st Cir. 1989); *Idearc Media Corp. v. Kimsey & Assocs., P.A*., No. 8:07-cv-1024-T-17EAJ,

---

[1] Plaintiff believes that Rule 11 sanctions are appropriate, however, when reviewing the timeline according to the docket with the upcoming trial, *et al.* it was a judgement-call that Plaintiff cannot wait the 21-days before filing its instant response and cross motion for sanctions.  As Rule 11(c)(2) requires, the Plaintiff must first serve its motion on Defendants and is prohibited from filing its sanctions motion unless the challenged submission is appropriately withdrawn or corrected within 21 days after service (or within another time the court sets).

2009 WL 928556, at 3 (M.D. Fla. Mar. 31, 2009) ("In the Middle District, there is no question that a trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud upon the court.") (internal punctuation and citation omitted); *Vargas v. Peltz, 901* F. Supp. 1572, 1580 (S.D. Fla. 1995) (dismissing an action with prejudice upon finding by clear and convincing evidence that Plaintiff fabricated evidence).

Local Rule 7.1(a)(3) requires a pre-filing conferral and does not designate a sanctions motion as an exception. That rule also provides that a failure to comply "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of reasonable expenses incurred because of the violation, including a reasonable attorney's fee."

<u>**ARGUMENTS**</u>

1.      <u>**Exchanged Email Communication and**</u>
        <u>**Pre-trial Stipulation and Jury Instruction**</u>

Plaintiff will initially make its best efforts to walk the reader through the email communications and exchanged documents in an effective yet economical fashion to disprove Defendants fraudulent statements in their Motions and for the Court to verify the actual record of events.

On December 20, 2021 at 12:26 PM Plaintiff had emailed its witness list to Defendants Counsel and addressed Defendants willingness to jointly work together pursuant to the Court's Order [DE 221].  At that time, the Defendants offered to provide the first draft of the joint pre-trial stipulation and jury instructions on December 20, 2021 at 12:29 PM and on the same day Plaintiff agreed in an email at 12:45 PM.

However, immediately after the parties mutually agreed to jointly work together legal counsel for Defendants immediately "fired" one of his first baseless accusations that Plaintiff failed to comply with the Joint Schedule Order [DE 33] because Plaintiff failed to have certain documents completed  by November 5, 2021.   Forced to respond, and now placed in a guarded position, Plaintiff responded to Defendants legal counsel correcting him – that, Your Honor amended Joint Scheduling Order [DE 33 and DE 221] and extended the deadline to December 31, 2021, *to wit:*

4

+++

Defendants' legal counsel December 20, 2021, email to Plaintiff:

> Yes, you did. Read Order (DE 33). It requires that we work on this together and get a joint stipulation and other pretrial documents done jointly by November 5. I also emailed you as early as October 5 informing you of your obligation to work with me to get this done together. If you will recall, you refused to work with me. You will also find more clarification in our pending Motion to Strike and to Dismiss.
>
> I will provide you with the draft documents as soon as I can.
>
> Thanks,
>
> Victor

+++

Plaintiff December 20, 2021, response to Defendants' legal counsel:

+++

> Victor,
>
> On December 6, 2021, the Court entered a new Order under [DE 221] which found good cause to amend the Scheduling Order [DE 33] with the new deadlines of December 31, 2021.
>
> That is why we submitted our Witness List to you today, the earliest available.

+++

The Defendants unsuccessful attempt to immediately create the appearance of a non-conferral violation under Rule 7.1. (to also trigger Rule 37 and Rule 41) certainly forecasted their true intentions. And Plaintiff was correct.

Thereafter, on the same day (December 20, 2021) Defendants' legal counsel sent another email at 3:36 PM now objecting to the majority of Plaintiff's Witness List *without providing any reasons*. Specifically, out of 1 through 16 witness the Plaintiff listed, the Defendants objected to 3 through 16 *without* offering any legal basis, comments, notes, or other reasons to their unsupported and unclear objections, to *wit*:

+++

December 20, 2021, at 3:42 PM email from Defendants' legal counsel:

> Let me know if you would like to confer regarding your witnesses. We object to witness nos. 3–16. I do not understand how these witnesses are at all relevant to the issues in this case.
>
> Thanks,
>
> Victor

+++

Categorically, the Defendants above (and below) email(s) cannot constitute the type of "conferring" contemplated under Local Rule 7.1.  In fact, with limited exceptions inapplicable here, Local Rule 7.1(a)(3) requires a movant to confer with all parties before filing a motion "in a good faith effort to resolve by agreement the issues to be raised in the motion."

Unprovoked, and continuing their unprofessional conduct in bad faith, on December 20, 2021 at 6:16 PM Defendants legal counsel then sent a follow-up email stating, "Given the history of how you have handled this litigation, *I am not confident that we will be able to reach an agreement regarding stipulations.* But, I wanted to make the effort nonetheless."

+++

> Diego:
>
> I am not sure how "knowledge of the trademark" makes anyone a witness in this case.
>
> Additionally, I am confused about the witnesses you contend will provide evidence of "confusion." The trademark and logo are identical; this is not disputed.
>
> In any event, even assuming there is any relevant testimony that these witnesses can provide, I am confident that stipulations among the parties will obviate the need to have any of these witnesses (i.e., Witnesses Nos. 3–16) called to provide testimony.
>
> **Given the history of how you have handled this litigation, *I am not confident that we will be able to reach an agreement regarding stipulations*. But, I wanted to make the effort nonetheless.**
>
> Please let me know if you will agree to a conferral so we can agree on stipulations that would obviate the need for the witnesses.

6

Thanks,

Victor

(emphasis added)

+++

Continuing his bad faith and antics, counsel for Defendants – without any provocation – sent the following email on December 27, 2021, at 11:49 AM that stated,

+++

Diego:

So that there is no miscommunication, your email below confirms that you refuse to schedule a conferral with me and you prefer that I prepare the "joint" stipulation and provide it to you for your review.

+++

Plaintiff immediately responded on the same day at 1:20 PM, stating, *inter alia*, "Your response is exactly the type of email that promotes distrust. Nowhere in our response (or in any of our communications and conferral) have we refuse [sic] to confirm -- to the contrary …" and continues with "Clearly, it is no greater effort for you to make a list and send it via email to secure a clear line of communication, so you cannot refer to a voice conversation in a motion for sanctions in which you manufacturer a conversation that just did not occur" … "We would sincerely ask you that you placed that same effort in a "productive email.

With Plaintiff becoming uncomfortable and counsel for Defendants becoming "too" difficult, never satisfied, threatening sanctions repetitively, and the like, the Plaintiff sent the following email on the same day (December 27, 2021), again attempting to temper his conduct, *inter alia*, " … We fully intend to confer. Clearly, your email is nothing more than another effort to manufacturer an instance that you can notify the court of something that didn't occur." Plaintiff's email continues, "You do not really seem willing to work with us -- not under the guise of constant threats. It has become very, very troubling" and "… given the trust issues, that conferring by way of email prevents you from making arguments that you should not to the court."

Clearly, Plaintiff's [candidly] good, poor or average repeated attempts to lower the tension never had a chance.

On December 28, 2021[2], the Plaintiff emailed Defendants' legal counsel attaching its draft redlined/redacted/revised Joint Pre-Trial Stipulation for complete transparency (with remarks and comments on the side of the page).  Plaintiff also provided supporting caselaw and statute that  support Plaintiff's positions – something Defendants have never provided the Plaintiff.

The next day on December 29, 2021, the Defendant returned Plaintiff's redlined/revised/redacted and struck 90% of revisions *without [again]* providing comments, notes, caselaw, statutory law, *et al* – even changes akin to removing a Federal statute that Plaintiff inserted and has an undisputed entitlement thereto.

 On December 30, 2021 at 9:20 AM Plaintiff responded to Defendants' legal counsel request clarification,

+++

Victor,

I have reviewed your redline version.

However, ***you did not provide any comments and therefore you did not provide any understanding as to why you made those changes.***

To this end, please review our version and our revised changes. ***We have explained the reason(s) for our position in the comment section on the right side of the page next to each revision that was made.***

**Likewise, we attached some case law** that supports our position and **we largely cited many cases and several statutes t**hat support our position for you to review.

Instead of providing us slingshot/shotgun revisions we ask that you provide comments (as we did) and any supporting case law or statutes (as we did) moving forward.

---

[2]  As a courtesy, Plaintiff was also keeping Defendants informed as to its progress. For example on December 28, 2021 at 10:51 AM Plaintiff emailed Defendants counsel that "We are working on Joint pre-trial stipulation draft received last night and we are working on getting this back to you later today."

Clearly, this loose and fast method of negotiating this document (or any document) does not create any goodwill nor trust. If anything, it leaves more questions than anything.

We look forward to your response, as we are ready to proceed.

Thank you!

(emphasis added)

+++

In response, instead of provided reasons for his changes, case law, statutes etc.  – anything other than nothing – counsel for Defendants sent a combative email on December 30, 2021, at 10:06 AM,

+++

Diego:

You made 21 comments in your draft from today.

Most of those comments were some variation of "please explain" or claiming that your language is a "nice attempt" to find middle ground.

For obvious reasons, such comments are not a "conferral."

I called you this morning to discuss and left a message.

I understand from your email below that you want me to "please explain" about 20 different edits that should be relatively straight forward—i.e., if I removed a fact from the "undisputed facts" section and added it to the "disputed facts" section, then I believe this would show that we are taking the position that the fact is disputed. Similarly, if I removed one of your "disputed facts" and put it in the "disputed law" section, then that means that we are taking the position that that particular issue is a "law" issue and not a "fact" issue.

Furthermore, your comments ask me to "please explain" why I do not believe that the trademark being "presumptively valid" is an "undisputed fact" when a lot of the litigation in this case revolved around Defendants' counterclaim for cancellation based upon fraud. Fraud makes a trademark ineffective ab initio. A trademark obtained on the basis of fraud is not "presumptively valid." The case law we have already cited and argued to the Court makes this clear. Please let me know if you need me to forward that to you again.

As I have mentioned to you many times, let me know when you can discuss.

Sending more than 20 different requests to "please explain" matters that should be self-explanatory appears to be an attempt to kick the can down the road rather than move this forward. If I am mistaken, please give me a call so you can explain to me what needs to be further clarified.

9

In the meantime, I will make edits to what you gave me and send it back to you.

Thank you,

Victor

+++

Notwithstanding the foregoing email (above), as easily observed Defendants' counsel completely and conveniently ignored that Plaintiff provided comments (on the right side of the page next to each revision), attached supporting case-law to explain its positions/revisions, cited statutes etc. for clarity. At this point, however, Defendants' counsel's true strategy – through his unprovoked and combative behavior -- was coming more into focus. As such, Plaintiff emailed the following response on the same day (December 30, 2021) at 10:41 AM,

+++

Victor,

Your email is exceptionally problematic and is creating a tremendous amount of distrust.

You need to cease with these threats.

*First, we only used "Please explain" 3/4 occasions out of 20/30 comments with stated caselaw and cited statutory law coupled with attaching caselaw.*

*Something you failed to provide and you had an obligation to do so to resolve.*

To state that "Please explain" is voluminous throughout our revisions is absolutely a fraudulent statement and absolutely false.

Hours went into attempting to understand your revisions and striking out our revisions without a comment or supporting law -- and that's unacceptable.

You create such a difficult situation and now you want to continue to do so through arguing over the phone. That will not happen.

You need to provide caselaw.

You need to provide statutory law.

You need to provide comments.

10

And then, and only then, if we continue to disagree will we get on the phone and try to work out a logical solution, based upon your comments, your caselaw, your statutes, and Our comments, our caselaw, and our statutes, that support our position.

Clearly supporting law will resolve any dispute either of us has.  Otherwise, we're just shooting words out of each other.

Again, once you provide me this absolutely necessary task of providing a comment, caselaw, statutory law etc., we will be more than happy to further boil this down with you on the phone should we need to do so.

(emphasis added)

+++

Thereafter, Plaintiff sent the following email to continue its effort to resolve December 30, 2021, at 12:12 PM,

+++

Victor –

And again, "please explain" is being inflated to the utmost extent.

Out of the 25 - 30 comments w/ cited case law, cited statutes, and attached case law, you have literally cherry-picked maybe 3 - 5 "please explain" comments to argue about.

The irony is that you did not even provide "please explain" to "confer ".

You did not provide any case law;  you did not provide any statutes; you did not provide any guidance as to your position.

In fact, you did nothing more than sending us back an email with an attached document only having redlined revisions and striking-out our revisions. It took us a long-time to even spot your changes let alone understand, which we do not in large part, why you made these several unsupported changes.

We have conferred. You have not -- in an organized and open way -- to find resolution

Here is a compromise.

The "please explain" comments, which are only a few, we leave to the very end.

However, in writing, with written comments, cited case law, cited statutes, etc. you respond to the balance of our very detailed and supported comments that you do not wish to address in writing.

Clearly, there is nothing that you can argue about with me over the phone that will change my direction on these revisions other than being provided supporting case law, supporting statutes, or some type of comment other than nothing – which has been your method of "conferring" which is less than the bare minimum.

These are trial documents.

I believe my side is working hard to boil-down this document in a very meaningful and a very organized manner. We are conferring to the extent we can, given the fact you shot-gunned a document with blind revisions that were even hard to pinpoint let alone comment upon.

And then, the few remaining issues we will discuss over the phone.

+++

Despite Plaintiff's good faith efforts to resolve and attempting to maintain a productive/open line of communication, etc. – as shown in Plaintiff's emails -- Defendants' legal counsel published a very threatening and professionally insulting accusation that is simply false – 100% false.  Defendants' legal counsel accused Plaintiff or removing words from the joint stipulation and/or jury instructions without redlining.

However, when the Plaintiff pressed the issue – because such an accusation is very serious – Defendants' legal counsel distanced himself from his accusation and Plaintiff was never informed and/or directed to the supposed words removed and not redlined.

The below first email on December 31, 2021, at 1:14 PM and second email on the same day at 1:40 PM highlights what occurred,

+++

Victor,

First, you claim that we removed words that were not redlined -- we did not do so nor would we do so.

For clarification:

The Joint Proposed Jury Trial Instructions (Pages 3-16) have no changes or edits from us, that is why we did not include back to you, because these had NO REDLINE changes, so this stays the same.

12

Then it goes to the Court's Instruction to the Jury, (Starting Page 17) which we did return to you, with our REDLINE changes.

There are NO 14 pages "deleted", these we accepted as is with no Edits. The clear tenor of your message is that we deleted them on purpose as some type of odd legal strategy.

We are 100% relying on the documents you sent us.

The attached document to this email is your original document submission from December 27, 2021 at 7:57 PM, which we have been using and sharing with you.

If you please go to the Jury Instruction section, page 23 you will notice that the document is marked by Section 3.9, and then page 24 it jumps to Section 10.1. These Sections between 3.9 and 10.1 are missing from your original document.

We DO NOT have Sections after 3.9 or before 10.1. Do you have these? Or are we moving forward with the Jury Instructions having these sections not admitted.

We hope this clarifies the confusion of missing pages.

For sake of clean process, if we do not provide a section back to you, we have no Edits or Changes or Comments. That's what happened with the Joint Proposed Jury Trial Instructions (Pages 3-16) - they were accepted as is, not deleted.

+++

Victor

You continue to push a narrative that is not the case, but we will not argue this because we have made it clear to you, that we did not delete any pages.

These were not included because we made no edits to them, they were accepted as is.

Any pages that we have not included means that we did not edit them, we have only sent you the Sections that we have edited, for your review.

Now, thank you for clarifying that the Sections from 3.9 to 10.1 are not relevant to our case, and therefore not required.

+++

Defendants' legal counsel never provided the Plaintiff with the supposed word(s) removed and not redlined. Then, at 5 pm on December 31, 2021 (the day the documents are due) Defendants' counsel emailed the revised Stipulation and Jury Instructions whereas 90% of Plaintiff's revisions, notes, comments, entries and caselaw -- was removed -- as if Plaintiff never made any revisions. In essence, Defendants

13

counsel had literally erased all the work Plaintiff had provided during the past week *without* comments, case-law, statutes, or any for his changes.

And continuing his effort to create the appearance that Plaintiff was not conferring on December 31, 2021 (after almost one-week of revising and exchanging documents with dozens of emails), Defendants counsel once again sent an unprovoked email at 5:19 PM (that made no sense) stating, "Diego I just called you again. Again, you did not answer. You told me you needed until 3:00 p.m. to review everything and have a meaningful conferral. You then refused to answer the phone. It is now 5:20 p.m. on the day of the deadline. I have been waiting to have a meaningful conferral with you since 10:30 a.m." For lack of a better explanation, because there is none, Defendants' email is simply 100% untrue. Then, Defendants' counsel sent a second email on December 31, 2021, at 6:27 PM., "Diego: Again, I called you and you did not answer. I assume you do not wish to confer? …"

The level of dishonesty is serious.

2.     **Plaintiff Is Entitled To Sanctions Of Dismissal Or Alternatively Attorneys' Fees**

The inconsistencies between Defendants allegations in their Motions and the exchanged emails, exchanged jury instructions and exchanged pre-trial stipulation establishes that Defendants have attempted to lie to this Honorable Court to further their own interests – namely, a dismissal.

Upon review of the emails, exchanged jury instructions and exchanged pre-trial stipulation submitted in support of this instant response/motion, there is a "clear record of delay or willful contempt" that would warrant the extreme sanction of dismissal with prejudice. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.") (internal punctuation and citation omitted). Other than the allegations of perjury, Defendant does not contend that Plaintiff has acted contemptuously during the litigation.

14

The Eleventh Circuit Court of Appeals has determined that perjury is a fraud between the parties, not on the Court. *Patterson v. Lew*, 265 F. App'x 767, 769 (11th Cir. 2008); *Sec. & Exh. Comm'n v. ESM Grp., Inc.*, 835 F.2d 270, 273–74 (11th Cir. 1988) ("This is the type of fraud which the litigants should discover; it does not prevent a party from gaining access to an impartial system of justice."). As one court explained,  to constitute a fraud on the court, "the plaintiff must direct his actions to the court— either by submitting fabricated evidence or else *by concealing the true party in interest*." *Bassett v. Wal-Mart Stores E., LP,* No. 18-61984-civ, 2019 WL 4691824, at 2 (S.D. Fla. July 10, 2019)(emphasis added).

Otherwise, and as here, where one party contends the other has committed perjury, these allegations may also provide fertile ground for impeachment at trial. *McCarthy v. Am. Airlines, Inc.*, No. 07-61016-civ, 2008 WL 2517129, at 2 (S.D. Fla. June 23, 2008) (noting that inconsistencies in evidence may bear on the plaintiff's credibility).

Plaintiff maintains that the multi-factor test developed by the Southern District of Alabama in *In re Amtrak "Sunset Limited"' Train Crash in Bayou Canot*, Alabama on Sept. 22, 1993, 136 F. Supp. 2d 1251 (S.D. Ala. 2001), aff'd sub nom. In re Amtrak, 29 F. App'x 575 (11th Cir. 2001) supports dismissal of Defendants' Counterclaim with prejudice.

In *In re Amtrak*, the court addressed allegations of perjury and litigation misconduct and adopted the following factors for the Court to consider: "1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the centrality of the fraud to the matters at issue in the litigation; (4) the culpability of the litigant and whether his actions were willful, intentional or in bad faith; (5) the due process/warning given to the offending party that dismissal of the action would be a likely sanction; (6) the efficacy of lesser sanctions; and (7) the public interest in the integrity of the judicial system." *Archibeque v. Atchison, Topeka, and Santa Fe Railway Co.,* 70 F.3d 1172, 1174 (10th Cir.1995). *See generally, Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Roadway Express v. Piper,* 447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); *Societe*

*Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958); *Gratton v. Great American Communications,* 178 F.3d 1373 (11th Cir.1999); *Aoude v. Mobil Oil Corp.,* 892 F.2d 1115 (1st Cir.1989); *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1023 (8th Cir.1999).

The first factor -- the degree of actual prejudice to the Plaintiff – is severe as it is for dismissal of Plaintiff's complaint.  Moreover, Plaintiff is indeed prejudiced because Defendants' acts are preventing Plaintiff from properly preparing for trial. These reasons are very prejudicial.

The second factor -- the amount of interference with the judicial process – is likewise severe.  Instead of the parties preparing for an imminent trial, the Defendants fraud has already caused prejudice in light of this sizable distraction that could result in seeking a trial continuance.

The third factor -- the centrality of the fraud to the matters at issue in the litigation – speaks for itself because on the cusp of trial the Defendants have everything to gain from bypassing trial.

The fourth factor -- the culpability of the litigant and whether his actions were willful, intentional or in bad faith – are clearly shown and supported in the above interposed email exchanges.

The fifth factor -- the due process/warning given to the offending party that dismissal of the action would be a likely sanction – was already broadcasted when this Court sanctioned the Plaintiff, and therefore, directly and indirectly warned all parties of the Honorable Court respected legal position related to litigation misconduct and conferring.

This sixth factor --  the efficacy of lesser sanctions – would not deter Defendants from fabricating the truth during the upcoming trail given the intended severity of Defendants misconduct.

And lastly, the seventh factor -- the public interest in the integrity of the judicial system – connotes that Defendants fraud upon this Court merits the strongly of sanctions. *Archibeque v. Atchison, Topeka, and Santa Fe Railway Co.,* 70 F.3d 1172, 1174 (10th Cir.1995). *See generally, Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Roadway Express v. Piper,* 447 U.S. 752, 100 S. Ct.

2455, 65 L. Ed. 2d 488 (1980); *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958); *Gratton v. Great American Communications,* 178 F.3d 1373 (11th Cir.1999); *Aoude v. Mobil Oil Corp.,* 892 F.2d 1115 (1st Cir.1989); *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1023 (8th Cir.1999).

Alternatively, in the event this Court believes lesser sanctions are warranted, under Local Rule 7.1 and Rule 41(b) Plaintiff is also entitled attorneys' fees and costs is the Court finds sanctionable offenses.

3.      **Conclusion**

The only unamusing irony is that Defendants' legal counsel is guilty of the very misconduct he is complaining of.  *Jackson v. Deen,* No. CV412-139, 2013 WL 2112238, at 2 (S.D. Ga. May 15, 2013) (denying defendant's motion to compel, rejecting defendant's argument that plaintiff's discovery response was untimely, reminding counsel that "***what goes around comes around" and noting that "the duty to confer is mandatory and must be meaningful***") (emphasis added).

While interposing most of the email exchanges within Plaintiff's instant response/motion created a lengthy document to review – as Plaintiff does acknowledge -- it is the only method to honestly and effectively convey an unedited set of facts. The emails speak volumes.

The Defendants did not simply fail to try to have a meaningful conferred, the Defendants' were choreographing instances of self-created violations against Plaintiff to "sell" to this Honorable Court solely for dismissal of Plaintiff's case. The Defendants never intended to truly confer, and the Defendants never intended to agree or otherwise boil-down the parties' disagreements -- if at all possible. In fact, the Defendants really never "conferred" nor intended to "confer" as Local Rule 7.1 was contemplated.

**WHEREFORE**, the Plaintiff, Unisource Discover, Inc. prays:

1.      This Court enter an Order denying any relief sought in Defendants' Notice of Plaintiff's Non-Compliance And Of Filing Incomplete Pretrial Stipulation and Proposed Jury Instructions [DE 242];

2.      Order denying all relief sought in Defendants' Renewed Motion To Strike or Dismiss … [DE 243];

3.      Enter an Order sanctioning Defendants through dismissing its counterclaim [DE 81] "without" prejudice; or alternatively,

4.      Enter an order granting Plaintiff reasonable attorneys' fees and costs pursuant to Local Rule 7.1. and Rule 41.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 9th day of January, 2022.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By:*/s/Diego David Valdes*
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: ddvlaw@gmail.com
          legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.