**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO STRIKE … [DE 246] AND PLAINTIFF SECOND MOTION FOR RECONSIDERATION OF THIS COURT JULY 22, 2021, ORDER [DE 140]**

Plaintiff files its Response to Defendants Motion to Strike … [DE 246] and files its Second Motion For Reconsideration Of This Court's July 22, 2021, Order [DE 140], and states:

**PRELIMINARY STATEMENT**

As an initial matter, because of the numerous documents filed with this Court from all parties surrounding this disputed matter, the Plaintiff will forgo providing the procedural history as we are all very aware.

On December 31, 2021, the Plaintiff filed an appeal [DE 241] for the sanctions Orders [DE 140, DE 215] *only* as it relates to this Court's denial of permitting Plaintiff to pay the sanction award under a monthly installment payment plan [over time] or otherwise to reset the payment deadline -- as Plaintiff respectfully requested in its earlier papers filed with the Court. Plaintiff's repeated assertions that it currently does not have the financial ability to *immediately*

1

pay the *entire* sanction award is sincere and honest – or, Plaintiff would not have filed its appeal and would have not made payment on or before December 31, 2021.

As such, unlike the picture painted in Defendants' motion to strike [DE 246] Plaintiff is not disregarding this Court's Orders. No, not at all.  In fact, Plaintiff's appeal does not challenge the sufficiency of this Court's Order, and only asserts that Plaintiff has an absolute need for short-term relief to pay the *entire* sanction award – again, not to avoid payment as Defendants repeatedly want this Court to believe.

Defendants argue that the appellate court does not have jurisdiction over Plaintiff's appeal because it is a non-final order. Typically, the Plaintiff would agree with that legal analysis. Notwithstanding, Plaintiff believes there are other circumstances and legal appellate basis's that would permit the appellate Court to possibly review the appeal. However, despite Plaintiff's well-grounded belief, the Plaintiff will be voluntarily dismissing its appeal because Plaintiff does believe that the filing may have been premature for other reasons that recently surfaced. Therefore, Plaintiff's withdrawal of the appeal will obviate any further arguments raised by Defendants related to Plaintiff's appeal, and Plaintiff is once again respectfully asking this Court to reconsider its decision as set-forth below.

Lastly, virtually all of the Defendants legal arguments are literally restating/rearguing the very same arguments they previous asserted, applying the same law, and asking for the same relief – namely, dismissal of Plaintiff's claims. Therefore, while Plaintiff will once again respond to Defendants' identical arguments, the Plaintiff is more focused upon obtaining relief from this Court - - if at all possible.

## <u>ARGUMENTS</u>

The Plaintiff is respectfully cognizant that ultimately reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP*

*Inv. Partners*, *LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at 2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

The Defendants overriding and primary arguments are simple and can easily be condense. That is, through all of their motions and responses the Defendants are arguing the same theme: that Plaintiff has intentionally violated the Court's orders, intentionally failed to pay the sanctions award on or before the deadline, and therefore, Plaintiff's intentional conduct is ongoing and permits dismissal. While the Defendants can spin the foregoing argument in different ways, it is the very same dismissal argument, applying the same law, that is "wrapped in a different wrapper" and repeated in all their papers. However, The Eleventh Circuit has specifically held "that a district court must consider financial ability in the award of sanctions." *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998).

To be respectfully clear: the Plaintiff is <u>*not*</u> challenging this Court's reasoning, sufficiency, and conclusions to impose sanctions. *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at 1 (S.D. Fla. July 30, 2013); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). Rather, the Plaintiff's restated/second request for reconsideration is solely directed to the "timing" to pay the sanction award or alternatively an installment (staggered) payment plan whereas Plaintiff will make an immediate payment.

Respectfully and in an effort to optimistically resolve, if this Court's requires the Plaintiff will immediately provide additional information supporting its temporary hardship. *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998) (that a district court must consider financial ability in the award of sanctions); *Miccosukee Tribe v. South Florida Water Management District*, 280 F.3d 1364, 1370 (11th Cir. 2002) (Given the financial circumstances

of the party being sanctioned … what cannot be done must not be ordered to be done.) *Cf.* [*Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)] (concluding that sanctions imposed under court's inherent power "justly punished" the offending parties and would hopefully deter others from engaging in similar conduct). *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002).

Plaintiff strongly believes that the supporting documents (if requested by the Court) will establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).  And the additional supporting document will not be used ask this Court to rethink the imposition of sanctions right or wrong – only the timing of the payment or to establish a payment plan. *PG Creative, Inc. v. Affirm Agency, LLC*, No. 18-cv-24299, 2020 WL 837182, at 1 (S.D. Fla. Feb. 20, 2020) (quoting *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at 1 (S.D. Fla. June 8, 2016).

Currently, the Plaintiff also takes the position that the circumstances have recently changed with missing the December 31, 2021, payment deadline and therefore " … the factual or legal underpinning upon which the decision was based" *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).  Clearly, missing the sanction deadline of December 31, 2021, changes the dynamics of the evaluation as this Court is considering dismissal or relief.

At this juncture, it is hopefully very evident that Plaintiff is not engineering circumstances to circumvent paying the sanction award and not endeavoring "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

4

judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at 1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). Candidly, the Plaintiff is in a difficult position and solely wishes to resolve and move past this dispute.

Conflicting with Defendants arguments in their Motion to Strike [DE 246] that literally re-argues that same arguments in their previous motions, none of Plaintiff's motions have asked the Court to reduce the sanction award, eliminate the sanction award, or otherwise ask " … the Court to rethink what the Court has already thought through" as it relating the entering the sanction award *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at 1 (S.D. Fla. June 8, 2016).   As The Eleventh Circuit Court notably stated, "A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters. *Cf. Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993).

The Plaintiff also re-asserts – and more-so at this time –  that one of the three (3) factors for this Court to consider are clearly satisfied: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon &  Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

As asserted earlier, the Eleventh Circuit has held "that a district court must consider financial ability in the award of sanctions …" and it is Plaintiff's sincere hope that after missing the December 31, 2021, sanction payment deadline, and before possibly entering further sanctions, this Honorable Court will re-consider Plaintiff honest ability to pay. *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998).

## CONCLUSION

Because Plaintiff genuinely believes it has shown good cause, this Honorable Court respectfully has the discretion to alter/amed its ruling given Plaintiff's financial hardship to pay the sanction award by the Court ordered deadline of December 31, 2021. *Cf.* [*Malautea v. Suzuki Motor Co.*, *Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)] (concluding that sanctions imposed under court's inherent power "justly punished" the offending parties and would hopefully deter others from engaging in similar conduct). *Martin v. Automobili Lamborghini Exclusive*, *Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002)

The requested relief is reasonable because Plaintiff's is not disagreeing with the Court's reasoning and conclusions of law, but rather Plaintiff cannot pay the sanction could not pay the sanctions on or before December 31, 2021 and require this Court to re-set the deadline or offer an installment payment plan. *PG Creative*, *Inc. v. Affirm Agency*, *LLC*, No. 18-cv-24299, 2020 WL 837182, at 1 (S.D. Fla. Feb. 20, 2020) (quoting *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at 1 (S.D. Fla. June 8, 2016.

In light of Unisource Discovery, Inc. current financial circumstances and proven hardship, Plaintiff restates its request that this Court to reconsider and sincerely exercise its discretion to *merely* extend or alter the "timing of the payment'" *See Estrada*, 2018 WL 3697491, at 10.

WHEFEFORE, the Plaintiff prays:

1.      This Court enter an Order denying Defendants' Motion to Strike [DE 246];

2.      Grant Reconsideration of Plaintiff's Motion;

3.      And any other relief this Court believes is just and fair.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven Cerasale, individually on this 12th Day of January, 2021.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes,
Esq. Florida Bar No.
251010 Email:
ddvlaw@gmail.com
ddv@ddvlawgroup.com

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.