UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the following submissions:

(1)    Plaintiff Unisource Discovery Inc.'s ("Plaintiff") Motion for Summary Judgment Against Count I (Cancellation of Trademark) of Defendants' Counterclaim (hereafter, "Plaintiff's Motion for Summary Judgment") [D.E. 141]; and

(2)    Defendants Unisource Discovery LLC and Steven A. Cerasale's ("Defendants") Motion for Summary Judgment as to Counterclaim for Cancellation of Trademark (hereafter, "Defendants' Motion for Summary Judgment") [D.E. 151].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20]. The undersigned held a hearing on these matters on December 9, 2021. See Paperless Minute Entry [D.E. 227]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment [D.E. 141] and Defendants' Motion for Summary Judgment [D.E. 151] be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action against Defendants on August 6, 2020. See Complaint for Damages and Injunctive Relief (hereafter, "Complaint") [D.E. 1]. In its Complaint, Plaintiff asserts claims against Defendants under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for allegedly infringing on the following United States Federal Trademark (hereafter, "Unisource Mark"):

**UNISOURCE**
DISCOVERY

DIGITAL DOCUMENT RETRIEVAL

Id.

On September 22, 2020, Defendants filed their Answer and Affirmative Defenses to Complaint (hereafter, "Answer") [D.E. 13].

On March 24, 2021, Defendants sought leave of court to amend their Answer to assert one additional Affirmative Defense and a Counterclaim for Cancellation of Trademark based on their contention that "Plaintiff made material and fraudulent misrepresentations in its trademark registration application with the [United States Patent and Trademark Office]." See Motion for Leave to File Amended Answer and Affirmative Defenses to Complaint and Counterclaim (hereafter, "Motion to Amend") [D.E. 81 at 1]; Proposed Amended Answer and Affirmative Defenses to Complaint and Counterclaim [D.E. 81-2].

On April 7, 2021, Plaintiff filed its Opposition to the Motion to Amend, arguing that the Motion to Amend was futile because the proposed Counterclaim was barred by the applicable statute of limitations. See Opposition to the Motion to Amend [D.E. 86 at 1, 6–9].

On June 14, 2021, the undersigned granted Defendants' Motion to Amend, finding that Plaintiff's statute of limitations argument "[did] not apply to Defendants' proposed amendment

because it [was] based on Plaintiff's alleged fraud and such claims [could] be brought 'at any time.'" See Order [D.E. 118 at 6] (citing 15 U.S.C. § 1064 (hereafter, "Section 1064")). On August 27, 2021, Defendants filed their Counterclaim [D.E. 166].

On July 23, 2021, Plaintiff filed its Motion for Summary Judgment Against Count I (Cancellation of Trademark) of Defendants' Counterclaim. [D.E. 141].

On August 3, 2021, Plaintiff filed its Answer to Defendants' Counterclaim and Affirmative Defenses [D.E. 147].

On August 6, 2021, Defendants filed their Motion for Summary Judgment [D.E. 151].[1]

In its Motion for Summary Judgment, Plaintiff argues that Defendants' Counterclaim for Cancellation of Trademark is invalid because it fails to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)") and is not supported by any evidence of fraud.[2] See Plaintiff's Motion for Summary Judgment [D.E. 141].

In their Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law on their Counterclaim for Cancellation of Trademark because Plaintiff committed fraud upon the USPTO based on the following three alleged misrepresentations by Plaintiff in its trademark application: (1) Plaintiff knowingly misrepresented Defendants' right to use the Unisource Mark; (2) Plaintiff knowingly misrepresented its first use of the Unisource Mark; and (3) Plaintiff knowingly misrepresented its ownership of the Unisource Mark. See Defendants' Motion for Summary Judgment [D.E. 151].

---

[1] Plaintiff did not file a Statement of Material Facts in support of its Motion for Summary Judgment and did not file a Statement of Disputed Facts in opposition to Defendants' Motion for Summary Judgment.
[2] Plaintiff also reprises its statute of limitations argument, which was previously rejected.

## STANDARD OF REVIEW

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (hereafter "Rule 56(a)") "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" Fonseca v. Wal-Mart Stores, E., LP, No. 18-CV-62768, 2019 WL 7371813, at *2 (S.D. Fla. 2019) (quoting Anderson, 477 U.S. at 248).

The movant must support its assertion that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the nonmoving party." Smith v. Royal Caribbean Cruises, Ltd., 620 F. App'x 727, 729 (11th Cir. 2015).

### II. Rule 9(b)

Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and

4

fraudulent behavior." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (internal quotation marks omitted) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)).

A complaint satisfies Rule 9(b) when it sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Kammona v. Onteco Corp., 587 F. App'x 575, 581 (11th Cir. 2014) (quoting Ziemba, 256 F.3d at 1202).

### III. Cancellation of Trademark

To cancel a trademark, the movant must show "1) that it has standing to petition to cancel in that it is likely to be damaged by the registration; and 2) that there are valid grounds why registration should not continue to be registered." Select Exp. Corp. v. Richeson, 2011 WL 13135114, at *5 (S.D. Fla. May 5, 2011) (citations omitted); see also Coach House Rest., Inc. v. Coach & Six Restaurants, Inc., 934 F.2d 1551, 1557 (11th Cir. 1991).

"In any action involving a registered mark the court may . . . order the cancelation of registrations, in whole or in part . . . ." 15 U.S.C. § 1119. "One ground on which a party may petition to cancel a registered service mark is that the registration was obtained fraudulently." Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 522 F. 3d 1200, 1209 (11th Cir. 2008) (citing 15 U.S.C. § 1064(3)). "Fraud occurs when an applicant knowingly makes false, material misrepresentations of fact in connection with an application for a registered mark. . . . The party seeking to cancel a mark bears the burden of proving the alleged fraud by clear and convincing evidence." See id. (citations omitted). "This is necessarily a heavy burden, and "'any doubt must

be resolved against the charging party.'" Sovereign Military Hospitaller v. Fla. Priory, 702 F.3d 1279, 1289 (11th Cir. 2012) (citing In re Bose Corp., 580 F.3d 1240, 1243 (Fed. Cir. 2009)).

To prove fraud, the party seeking cancellation must "demonstrate that the trademark applicant had a 'purpose or intent to deceive the PTO in the application for the mark.'" Church Girls, LLC v. Rodgers, No. 2:18-CV-14232, 2018 WL 5923436, at *2 (S.D. Fla. Nov. 13, 2018) (citing In re Bose Corp., 580 F.3d at 1243).

> The party seeking cancellation of the mark must demonstrate that the registrant had the *subjective intent* to defraud the PTO: "[T]here is a material legal distinction between a 'false' representation and a 'fraudulent' one, the latter involving an intent to deceive, whereas the former may be occasioned by a misunderstanding, an inadvertence, a mere negligent omission, or the like. In other words, deception must be willful to constitute fraud." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (internal quotations and citations omitted). However, the oath required as part of the trademark application "does not require an applicant to disclose all other persons who may be using the mark; it only requires an applicant to disclose those persons who the applicant believes possess the *legal right* to use the mark." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No 09-61490-CIV, 201 WL 2174012 (S.D. Fla. June 2, 2011).

Church Girls, LLC, 2018 WL 5923436, at *2. Moreover, "the standard for intent is not an objective one." Drew Estate Holding Co., LLC v. Fantasia Distribution, Inc., No. 11-21900-CIV, 2012 WL 12866790 (S.D. Fla. July 2, 2012). "Absent direct evidence of a party's intent, subjective intent may be inferred from indirect, circumstantial evidence, '[b]ut such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement.'" Id. (citing In re Bose Corp., 580 F.3d at 1240).

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[3]

Plaintiff first argues that Defendants' Counterclaim for Cancellation of Trademark fails because the allegations "fall[] short of alleging fraud with particularity, and it is unclear from the

---

[3] Although Plaintiff failed to submit a Statement of Material Facts in support of its Motion for Summary Judgment, the undersigned will consider its arguments, which do not support granting a judgment in its favor as a matter of law.

6

allegation . . . what exact statement or representation was misleading." See Plaintiff's Motion for Summary Judgment [D.E. 141 at 7]. However, a review of the Counterclaim shows that Defendants do satisfy the requirements of Rule 9(b) in their pleading. Specifically, Defendants allege that Plaintiff's trademark registration application included the following alleged material misrepresentations:

> a. Unisource Florida was the "owner" of the Mark when, in reality, Unisource California was the owner;
> b. Unisource Florida first used the Mark "as early as March 1, 2001" when in reality, Unisource Florida did not use the Mark until after it was incorporated in June 2006. . . . ; and
> c. Unisource Florida falsely claimed it was the "owner" of the Mark and "no other person, firm, corporation or association has the right to use the [M]ark in commerce" knowing full well that Unisource California was the owner of the Mark, had been using the Mark since 2001, and had every right to continue using the Mark.

See Counterclaim [D.E. 166 at 17]. These allegations sufficiently allege "precisely what statements were made in what documents" and thus, satisfy the first requirement of Rule 9(b). See Ziemba, 256 F. 3d at 1202.

The Counterclaim also alleges that "[o]n October 15, 2008, [Plaintiff] (through Noel Mijares) filed a registration with the U.S. Patent and Trademark Office to register the Mark." See Counterclaim [D.E. 166 at 16]. This allegation sufficiently states the "time and place" of the alleged misrepresentation and the "person responsible for making . . . same" to satisfy the second requirement of Rule 9(b). See Ziemba, 256 F.3d at 1202.

As to Rule 9(b)'s third requirement, that the Counterclaim state "the content of [the misrepresentations] and the manner in which they misled", Defendants satisfied this prong by directly quoting Plaintiff's trademark registration application and alleging that, because of its alleged misrepresentation to the USPTO, Plaintiff secured the trademark registration of the Unisource Mark. See id.; see also Counterclaim [D.E. 166 at 17].

As to the fourth and final requirement of Rule 9(b), the Counterclaim sufficiently states "what the [Plaintiff] obtained as a consequence of the fraud" by alleging that Plaintiff's fraud caused the USPTO to register the Unisource Mark. Thus, the Counterclaim sufficiently pleads fraud pursuant to Rule 9(b).

Plaintiff further argues Defendants' Counterclaim is invalid because "during the course of significant litigation and discovery there has been no evidence that surfaced to prove any such fraud occurred." See Plaintiff's Motion for Summary Judgment [D.E. 141 at 6]. Plaintiff's argument ignores the record in this case. Defendants have in fact adduced three statements that they claim constitute fraud on the USPTO in connection with Plaintiff's trademark application.

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment [D.E. 141] be denied.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants seek to cancel Plaintiff's registration of the Unisource Mark based on fraud upon the USPTO as a result of three alleged misrepresentations by Plaintiff in their trademark application: (1) Plaintiff knowingly misrepresented that "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" despite knowing that Defendants had an ongoing right to use the Unisource Mark; (2) Plaintiff knowingly misrepresented its first use of the Unisource Mark when it certified its first use of the Unisource mark was "[a]t least as early as 03/01/2001"; and (3) Plaintiff knowingly misrepresented that it owned the Unisource Mark at the time it applied for the registration. See Defendants' Motion for Summary Judgement, [D.E. 151 at 2–7].

As previously noted, Defendants have a heavy burden of adducing clear and convincing evidence of subjective intent on the part of Plaintiff to defraud the USPTO.  Defendants have not met this burden in the summary judgment context.

In arguing that they are entitled to judgment as a matter of law, Defendants interpret documents in a way that differs from Plaintiff's interpretation.  Specifically, the language of the 2006 Operation Agreement for Unisource Inc.  [D.E. 150-3] ("2006 Operation Agreement") is ambiguous and cannot be used to establish by clear and convincing evidence Plaintiff's subjective intent to defraud the USPTO.  Therefore, Defendants' first and third grounds for cancellation do not support granting summary judgment as to the Counterclaim.  Rather, the issue of Plaintiff's subjective intent is best left for determination by a jury.

As to the second ground, [a] misstatement of the date of first use in the application is not fatal to the securing of a valid registration so long as there has been valid use of the mark prior to the filing date.'"  Angel Flight of Ga., Inc., 522 F. 3d at 1210; Select Exp. Corp. v. Richeson, 2011 WL 13135114, at *5.  In this case, Plaintiff's trademark application occurred in 2008, which was after its first use of the mark in 2006. See 2006 Operation Agreement [D.E. 150-3].  Because Plaintiff "made valid use of the Mark prior to the date it filed its registration application, the improper first use date contained in the application cannot be a basis for invalidating the registration." Angel Flight of Ga., Inc., 522 F. 3d at 1210.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Summary Judgment [D.E. 141] and Defendants' Motion for Summary Judgment [D.E. 151] be DENIED.

The parties have **seven (7) days** from the date of receipt of this Report and

9

Recommendation within which to serve and file objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 13th day of January, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Darrin P. Gayles
Counsel of Record