UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23276-CIV-DPG

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____

## PLAINTIFF, UNISOURCE DISCOVERY, INC. VERIFIED RESPONSE TO COURT'S ORDER TO SHOW CAUSE [DE 254]

Plaintiff, Unisource Discovery Inc., through its undersigned counsel, files its Response to this Court's Order to Show Cause [DE 254], attaching of Response to Defendants' Motion *in Limine*, and in support thereof, states:

It is office policy at Diego Valdes, Esq., attorney for the Plaintiff, to enter any upcoming court dates and deadlines into the office's main calendar and when a notice or court order containing such dates or deadlines are supplied to the office. That practice is done by Barbara Vasquez, the office's legal assistant.

When the Defendants filed their Motion *in Limine* [DE 185], the office established the same procedure that is normally adopted, and the dates were entered into the main calendar. However, when several other dates were being entered into the main office calendar for multiple cases during this time, the legal assistance inadvertently missed the docket entry as a deadline and did not place it in the main office calendar – this error also means that date will not upload into my digital calendar.

1

Federal Rule of Civil Procedure 6(b)(1) provides: (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires, or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Upon motion made, Rule 6(b)(1)(B) permits a post-deadline filing extension "for good cause," if the party failed to act because of "excusable neglect. " *Lujon v. Nat'l Wildlife Fed'n*, 498 U.S. 871, 896 (1990); *Carter v. Butts Cty., Ga.,* 110 F. Supp. 3d 1325, 1332 (M.D. Ga. 2015), aff'd *in part, rev'd in part* on other grounds and remanded, 821 F.3d 1310 (11th Cir. 2016). Courts have held that Rule 6(b)(1)(B) should be construed broadly. *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

"Courts apply the excusable neglect standard whether a party missed a deadline set by the Federal Rules of Civil Procedure or a deadline imposed by a court order." *Boraks v. Daniels*, 2011 WL 4566218 (S.D.Fla 2011*). See also, Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111 (11th Cir. 1993); *Springman v. City of Venice*, 439 Fed.Appx. 861 (11th Cir. 2011).

Courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Glover v. City of Pensacola*, 3 372 F. App'x 952 , 955 n.6 (11th Cir. 2010) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

It is well established in the Eleventh Circuit that, "… delays may be excused if they are attributable to miscommunication, clerical error, or other innocent oversight." *Ojeda-Sanchez v. Bland*, No. 6:08-cv-096, 2010 WL 1737591, *1 (S.D. Ga. Apr. 29, 2010) (citing *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201– 1202 (11th Cir. 1999)). The excusable-

neglect determination is primarily an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395.

The undersigned acknowledges the error and modestly apologizes for same and provides this verified motion showing that it was excusable neglect that has not unnecessarily delayed the case, nor has it prejudiced either party since this case has continue to move forward toward trial with no unnecessary discovery or litigation has taken place.

In immediate response, and to resolve, the Plaintiff has attached its fully briefed Response to Defendants' Motion in Limine as Exhibit "A". If the Court finds for Plaintiff and accepts Plaintiff's honest mistake as excusable neglect, the Plaintiff will thereafter separately file its Response with the Court.

Because there is no evidence of prejudice to Defendants, an adverse impact on the judicial proceedings, or bad faith, a finding of excusable neglect is warranted. Notably, Plaintiff's response is providing evidence, *i.e.,* its "verified" response, supporting the proffered excuse of a calendaring error that failed to remind Plaintiff's counsel of this deadline.

**WHEREFORE**, since Plaintiff, Unisource Discovery, missed the deadline for filing its response to Defendants' Motion *in limine* due to inadvertence and excusable neglect, and has attached its fully briefed response hereto that is ready for filing, Plaintiff respectfully requests that the Court permits an extension and therefore second opportunity to file its completed and attached Response to Defendants' Motion *in limine*.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., <u>jzorilla@fowler-white.com</u>, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on January 14, 2022.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes,
Esq. Florida Bar No.
251010 Email:
ddvlaw@gmail.com
ddv@ddvlawgroup.com

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.

4

## VERIFICATION

County of Miami-Dade          )

State of Florida                       )

**BEFORE ME**, the undersigned authority, personally appeared Diego David Valdes, Esq., who is personally known to me, after being first duly sworn, deposes and states *"Under penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true and correct."*

**SWORN TO AND SUBSCRIBED** before me on this 14th day of January, 2022.

_____

Diego David Valdes, Esq.

Notary Public, _____

My Commission Expires

RUDINA DAKA
Notary Public-State of Florida
Commission # GG 322224
My Commission Expires
April 17, 2022

(SEAL)

5

## VERIFICATION

County of Miami-Dade          )

State of Florida              )

**BEFORE ME**, the undersigned authority, personally appeared Noel Mijares, who is personally

known to me, after being first duly sworn, deposes and states "*Under penalties of perjury, I declare that I have*

*read the foregoing and the facts stated in it are true and correct.*"

**SWORN TO AND SUBSCRIBED** before me on this 14th day of January, 2022.

Noel Mijares

Notary Public, _____

My Commission Expires:

RUDINA DAKA
Notary Public-State of Florida
Commission # GG 322224
My Commission Expires
April 17, 2022

(SEAL)

6