**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
        Plaintiff,
v.

UNISOURCE   DISCOVERY,   LLC,   a
California  limited  liability  company,  and
STEVEN A. CERASALE, individually,
        Defendants.

### STATUS REPORT RE: COMPLIANCE PURSUANT TO COURT ORDER (DE 230)

Pursuant to the Court Order (DE 230), Defendants hereby submit their Status Report

regarding Plaintiff's non-compliance with the Court's deadlines.

1.        Pursuant to Court Order (DE 221), the deadline for the parties to confer and file a

joint pretrial stipulation, jury instructions, and joint verdict form was extended to December 31,

2021.[1]

2.        Pursuant to Court Order (DE 215), Plaintiff was required to make "payment in full

of the sanction award due to Defendant no later than December 31, 2021."

3.        Plaintiff and its counsel have refused to comply with both Court deadlines.

---

[1] The Order (DE 221) was entered after Plaintiff refused to comply with the original deadline of
November 5, 2021 (without explanation or excuse) and after Plaintiff and its counsel did not appear
at the Calendar Call on December 1, 2021.

At that Calendar Call, the undersigned informed Judge Gayles that there were several motions
(including for summary judgment) that were set for hearing on December 9, 2021. Because the
pending motions were set for hearing, Judge Gayles pushed the trial and thereby extended the time
for the parties to jointly draft the pretrial stipulation, jury instructions, and verdict form.

## ARGUMENT

### I.      Plaintiff's non-compliance with Court Order (DE 221).

Defendants' undersigned counsel has been attempting to confer with Plaintiff's counsel to jointly draft the Joint Pretrial Stipulation and jury instructions since October 5, 2021. *See* October 5, 2021 Email (DE 202-1) at p. 6 ("[L]et me know when you can discuss our pretrial stipulation. … Please let me know your availability ….").

Plaintiff's counsel refused to confer. Defendant then filed their Motion to Dismiss, Strike, and for Default (DE 202), which the Court held in abeyance "pending Plaintiff's compliance with future Court-ordered deadlines."

After the Court extended the Pretrial Stipulation / Jury Instructions deadline to December 31, 2021, Plaintiff's counsel again refused to confer with the undersigned.

### A.      The undersigned's attempts to confer, and Plaintiff's counsel refusal to confer.

The undersigned counsel made numerous attempts to confer with Plaintiff's counsel to jointly draft the Pretrial Stipulation and Jury Instructions.

Plaintiff's counsel refused to have a telephonic conferral until the day of the deadline on December 31, 2021. And on December 31, Plaintiff's counsel unilaterally pushed the conferral several times—each time contending that he needed more time to "review everything" and have a "meaningful conferral." Ultimately, Plaintiff's counsel stopped answering the phone and refused to confer.

Below are the facts:

1.      Plaintiff's counsel finally agreed to confer at 10:30 a.m. on December 31, 2021.

2.      In the morning on December 31, Plaintiff's counsel pushed the conferral to 11:45 a.m.

3.      At 11:45 a.m., Plaintiff's counsel confirmed that ***he was not ready to confer*** and requested that the conferral again be pushed until 1:45 p.m. to give Plaintiff's counsel time to "review everything" and have a "meaningful conferral."

4.      At 1:45 p.m., Plaintiff's counsel confirmed that he was not ready to confer about the Joint Pretrial Stipulation (because he had not reviewed it) and preferred to discuss only the proposed Jury Instructions. The undersigned agreed.

5.      After a short conferral regarding the proposed Jury Instructions, Plaintiff's counsel stated that he needed to speak with his client before he could have a more "meaningful conferral" and requested that the conference be pushed again, this time until 3:00 p.m. Trying to avoid more litigation caused by Plaintiff's non-compliance, the undersigned agreed.

6.      The undersigned then called Plaintiff's counsel at 3:00 p.m. as he requested. Plaintiff's counsel did not answer the phone.

7.      The undersigned again attempted to call Plaintiff's counsel at 4:00 p.m., and again Plaintiff's counsel did not answer.

8.      At 4:43 p.m., the undersigned sent a text message to Plaintiff's counsel stating, "Diego. Please call me." Plaintiff's counsel did not respond.

9.      The undersigned then again tried calling Plaintiff's counsel at 5:21 p.m. and followed up with a text message.

10.     Plaintiff's counsel never answered the phone and did not agree to confer.

The above shows a bad faith pattern of delay. This has also been an unfortunate pattern employed by Plaintiff's counsel throughout this litigation. As explained in Defendants' Motion (DE 202), Plaintiff's counsel had agreed to confer with the undersigned on October 28, 2021 at

3:00 p.m. But when the undersigned called Plaintiff's counsel at the scheduled time, Plaintiff's counsel did not answer. Thereafter, Plaintiff's counsel sent a text message stating that he "need[s] another 30 min[utes] or so." But when the undersigned called at the rescheduled time, Plaintiff's counsel again did not answer. Throughout this litigation, Plaintiff's counsel has refused to confer, which has caused significant avoidable fees and has unnecessarily multiplied the proceedings.

**B.      The undersigned's efforts to prepare a Joint Pretrial Stipulation and Jury Instructions.**

On December 20, 2021 (i.e., eleven days before the December 31 deadline), Plaintiff confirmed that Plaintiff had not prepared the Joint Pretrial Stipulation or Jury Instructions and requested that Defendants' undersigned counsel "provide … the first draft of" the "pretrial stipulation, jury instructions and witness list."

That same day (December 20, 2021), the undersigned agreed to prepare the first draft to avoid further litigation but requested Plaintiff's counsel to "[p]lease let me know if you will agree to a conferral so we can agree on stipulations."

Plaintiff's counsel ignored the undersigned's request for a conferral to agree on stipulations.

On December 27, 2021 (i.e., four days before the deadline), Plaintiff's counsel demanded the undersigned to provide the first draft of the Joint Pretrial Stipulation and Jury Instructions.

That same day (i.e., December 27), the undersigned drafted the "Joint" Pretrial Stipulation and proposed Jury Instructions and emailed them to Plaintiff's counsel.

**1.      The Joint Pretrial Stipulation.**

The undersigned emailed the proposed Joint Pretrial Stipulation (along with Defendants' trial exhibit list) to Plaintiff's counsel on December 27, 2021.

Plaintiff's counsel sent his edits to the Joint Pretrial Stipulation to the undersigned on December 29, 2021 at 4:30 p.m. (i.e., less than 72 hours before the deadline).

Nineteen minutes later (at 4:49 p.m.), the undersigned emailed Plaintiff's counsel stating, "There are numerous edits you made that are problematic (including …. your inclusion of 'undisputed facts' that are not only disputed but are actually refuted by both parties). Let me know when you can discuss so we can resolve this." Plaintiff's counsel did not then agree to dicuss.

At 5:46 p.m. on December 29 (i.e., less than two hours after Plaintiff provided its edits), the undersigned sent his additional edits for the Joint Pretrial Stipulation to Plaintiff's counsel.

The following day (December 30 at 9:21 a.m.), Plaintiff's counsel resent the same Joint Pretrial Stipulation (with no additional edits) but with 21 separate "comments" requesting the undersigned to "explain" and "provide case law" for each edit the undersigned made.

At 10:00 a.m. on December 30, the undersigned emailed Plaintiff's counsel requesting a conferral about what needs to be explained because most of the requests for explanation and case law related to matters that appears to be self-explanatory. Below is an excerpt of the undersigned's attempt to explain why a telephonic conferral would be productive:

> if I removed a fact from the "undisputed facts" section and added it to the "disputed facts" section, then I believe this would show that we are taking the position that the fact is disputed ….

> if I removed one of your "disputed facts" and put it in the "disputed law" section, then that means that we are taking the position that that particular issue is a "law" issue and not a "fact" issue. …

> Furthermore, your comments ask me to "please explain" why I do not believe that the trademark being "presumptively valid" is an "undisputed fact" when a lot of the litigation in this case revolved around Defendants' counterclaim for cancellation based upon fraud. … A trademark obtained on the basis of fraud is not "presumptively valid." …

> Sending more than 20 different requests to "please explain" matters that should be self-explanatory appears to be an attempt to kick the can down the road rather than move this forward. If I am mistaken, please give me a call so you can explain to me what needs to be further clarified.

5

Plaintiff's counsel refused to confer. As a result (and to avoid further delay), the undersigned agreed to respond to each of Plaintiff's counsel 21 different requests for explanation.

At 12:57 p.m. on December 30, the undersigned sent Plaintiff's counsel the same Joint Pretrial Stipulation with the undersigned's response to each of Plaintiff's 21 comments and requests for explanation. A copy of the undersigned's email and responses is attached hereto as Exhibit "1." In his email, the undersigned stated as follows:

> Please let me know when you can discuss.
>
> Attached is the revised stipulation with a response to each of your more than 20 comments.
>
> Diego, I believe this was a waste of time, and I am concerned that you may not be acting in good faith.
>
> For example, you added a fact that Plaintiff filed the trademark registration on October 15, 2008. That is accurate and you had no comment. You then separately added another fact (several paragraphs later) that Plaintiff filed the trademark registration in June 2009 and asked that I "please explain" why this second redundant and inaccurate fact should not be stated. As you requested, I explained in response to your comment.
>
> You also included numerous disputed facts in both the "undisputed facts" ***and*** the "undisputed law" section and asked me to explained (***twice***) why the disputed facts should not be included in both sections. While I do not believe I need to explain to you the difference between an "issue of law" and an "issue of fact," I did so in my response as you requested.
>
> Additionally, your edits asked Defendants to ***admit*** that they are liable to Plaintiff by placing admissions of liability in the "undisputed facts" and "undisputed law" section. And you then asked that I explain (and "provide case law") why this should be removed.
>
> Diego, what is the point of this? Do you in good faith believe that Defendants will consent to a judgment against them via a pretrial stipulation?
>
> As you requested, I responded to each comment (including the ones above). But, it seems you are purposefully wasting time with requests that I "please explain" your inclusion of facts that neither you nor I have ever agreed (or had any reason to agree) are accurate—let alone "undisputed"—and otherwise "explain" or justify why Defendants should not be consenting to a judgment against them.

6

> Either (a) you are purposefully wasting time and causing unnecessary expense; or (b) most of your "edits" and requests for explanation are good faith mistakes.
>
> A short phone call would clear this up.
>
> Let's please not waste more time on this. If you intend to proceed in good faith, call me.

Plaintiff's counsel never provided any more edits or comments to the Joint Pretrial Stipulation.

Rather, on December 31, 2021 at around 1:45 p.m., Plaintiff's counsel confirmed over the phone that he had not reviewed any of the undersigned responses to Plaintiff's counsel's 21 comments and requests for information. The undersigned asked Plaintiff's counsel which of the 21 responses to his comments did Plaintiff's counsel disagree with. Plaintiff's counsel could not identify a single response. The undersigned then asked Plaintiff's counsel which of the 21 responses to his comments did Plaintiff's counsel agree with. Again, Plaintiff's counsel could not identify a single response.

At 2:06 p.m. on December 31, the undersigned sent the following confirming email (Exhibit "2" hereto) to Plaintiff's counsel:

> As we just discussed, you confirmed that—as of today, December 31, at 2:00 p.m.—you have not reviewed any of my responses to your more than 20 comments in the Joint Pretrial Stipulation.
>
> As you know, you refused to confer with me and demanded that I respond to each of your more than 20 comments in writing. I told you that doing so would be a waste of time, and I asked that you please confer with me instead. But you insisted.
>
> So, I agreed. I responded to each of your more than 20 comments within less than 24 hours after you provided them to me. Today, you confirmed you have not reviewed any of my responses. You could not identify a single one of my responses that you agreed with, and you could not identify a single one of my comments you disagreed with. You then asked that we move on to discuss the jury instructions instead.

7

> As I informed you, it appears that you and your client's goal in demanding that I respond to more than 20 comments was a ploy to waste time and cause unnecessary expense. Unfortunately, that ploy was successful.

Plaintiff's counsel did not review the undersigned responses and never addressed or discussed any of the undersigned's responses to Plaintiff's counsel's 21 comments. It appears, therefore, that Plaintiff's demand that the undersigned respond to 21 comments (most of which requested explanation for self-explanatory edits) was a delay tactic.

Plaintiff's counsel never provided any additional edits to the Joint Pretrial Stipulation and refused to confer. Plaintiff's counsel never provided the undersigned with Plaintiff's trial exhibit list to allow the undersigned to state his objections.

In conclusion, Plaintiff has refused to comply with its obligations to jointly draft the Joint Pretrial Stipulation by the deadline of December 31, 2021.

### 2.    The Jury Instructions.

The undersigned emailed the proposed Jury Instructions to Plaintiff's counsel on December 27, 2021.

On December 30, 2021 at 6:44 p.m. (i.e., less than 30 hours before the deadline), Plaintiff's counsel emailed to the undersigned Plaintiff's "redlined edits" to the Jury Instructions. Nine minutes later (at 6:53 p.m.), the undersigned responded stating as follows:

> We will have edits to your jury instructions.

> It seems you completely rewrote the Eleventh Circuit's proposed jury instructions for the cancellation counterclaim. I do not agree to your wording.

> To begin with, you added an obtuse and extremely difficult to follow _**255-word**_ sentence as the first sentence in the jury instruction relating to the trademark cancellation counterclaim. For obvious reasons, this would do nothing but confuse the jury immediately. We, therefore, disagree with this addition.

8

> You also deleted some instructions without redlining your deletion. Please do not do this.

At 7:57 p.m. on December 30, Plaintiff's counsel responded stating, "I've been practicing law for a very long time. I take extreme exception to the fact that you would think I would remove any sentences or words without redlining. If that occurred, which it did not, it would only be accidental. … Again, you are starting  with these combative emails, cheap accusations, and creating dispute that really are unnecessary and somewhat childish."

At 8:05 p.m., the undersigned replied stating, "If you believe your non-redlined deletion of sentences or your drafting a 255-word sentence was accidental, then that is not a problem. We can resolve that. Mistakes happen and can be corrected."

On December 31, 2021 at 11:48 a.m., the undersigned emailed his edits for the Jury Instructions to Plaintiff's counsel along with the following message (Exhibit 3 hereto):

> You deleted the first 14 pages of the jury instructions, and you did not redline your deletion. I am not sure why you did this. …

> To avoid wasteful back-and-forth, I will assume this was a "mistake." I added these 14 pages back in. …

> You also replaced the approved Eleventh Circuit wording of "the evidence of actual confusion of trademark should be reasonably significant" with your own wording of "there is no magical amount of evidence the Plaintiff must show. The amount of evidence needed to show actual confusion is relatively small."

> Diego, you cannot change your burden via jury instructions. There is no support for your tailor-made "burden" of "no magical amount of evidence" and "relatively small." I removed this wording and replaced it with the approved wording of the Eleventh Circuit.  …

> Finally, you added instructions that you are entitled to statutory damages by just "requesting" it. That is not the law. If you need me to explain this to you, I will.

At 1:14 p.m. on December 31, 2021, Plaintiff's counsel responded stating, "First, you claim that we removed words that were not redlined -- we did not do so nor would we do so. … The

9

Joint Proposed Jury Trial Instructions (Pages 3-16) have no changes or edits from us, that is why we did not include back to you, because these had NO REDLINE changes, so this stays the same. … For sake of clean process, if we do not provide a section back to you, we have no Edits or Changes or Comments. " In other words, Plaintiff's counsel took the position that because he did not have edits to some pages of the Jury Instructions, he removed them (without redlining the removal) to show that "this stays the same."

At 1:24 p.m. (to avoid further dispute on this relatively simple matter), the undersigned responded stating "I will assume your act of removing 14 pages from a document without signaling that you did so was intended to suggest that you 'have no edits.' But please do not do this again. If you 'agree' with the instructions, please do not remove them from the document. Leave them in."

Thereafter, Plaintiff did not provide any further edits or comments to the Jury Instructions. And as explained above, Plaintiff's counsel stopped answering the phone and refused to confer to finalize the Jury Instructions.

In conclusion, Plaintiff has refused to comply with its obligations to jointly draft the Jury Instructions by the deadline of December 31, 2021.

## II.     Plaintiff's non-compliance with Court Order (DE 215).

After Plaintiff ignored the Court's Order (DE 140) imposing Rule 37 sanctions, the Court gave Plaintiff another chance to comply. The Court's Order (DE 215) provided that "Plaintiff SHALL COMPLY with the undersigned's July 22, 2021 Order [D.E. 140] by making payment in full of the sanction award … no later than December 31, 2021." The Court was clear about the consequences of non-compliance: "FAILURE TO COMPLY MAY SUBJECT PLAINTIFF TO CONTEMPT OF COURT."

Plaintiff again ignored the Court's Order. To date, Plaintiff has not paid and has not attempted to pay.

Rather, On January 12, 2022, Plaintiff took the novel position that "[c]learly, missing the sanction deadline of December 31, 2021, changes the dynamics" and "therefore '… the factual or legal underpinning upon which the [Court's] decision was based'" also has changed. Plaintiff's Response (DE 255) at p. 4.

Plaintiff then argued that his own action of ignoring this Court's Order (DE 215) entitled Plaintiff to "re-assert[] – and more-so at this time – that one of the three (3) factors for this Court to consider are clearly satisfied … [for] this Honorable Court [to] re-consider Plaintiff honest ability to pay." *Id.* at p. 5.

In other words, Plaintiff has not presented any basis to excuse his refusal to comply with the Court's Order. Rather, Plaintiff argues that its own act of failing to comply with the Court's Order (DE 215) "clearly" warrant the Court's reconsideration of that Order (DE 215).

For self-evident reasons, there is no case law or other authority that supports Plaintiff's contention. A party's failure to comply with a Court's Order is not grounds for the Court's reconsideration of the Order. Contrary to Plaintiff's baseless contention, a party's refusal to comply with a Court's Sanctions Order (after being warned of the consequences) is grounds for more severe sanctions—it is not grounds for a "reconsideration" of the original Sanctions Order.

For equally self-evidence reasons, monetary sanctions (and even the Court's explicit threat of a contempt finding) have not been enough to stop Plaintiff's repeated refusals to comply with this Court's Orders.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on January 14, 2022, on all counsel or parties of record

on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

12