**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
        Plaintiff,

v.

UNISOURCE   DISCOVERY,   LLC,   a
California  limited  liability  company,  and
STEVEN A. CERASALE, individually,
        Defendants.

_____

**REPLY TO PLAINTIFF'S OPPOSITION TO RENEWED MOTION TO STRIKE OR
DISMISS COMPLAINT (DE 1), STRIKE ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIM (DE 147), AND ENTER DEFAULT AGAINST PLAINTIFF AS
TO COUNTERCLAIM (DE 166) BASED UPON PLAINTIFF'S WILLFUL REFUSAL TO
<u>COMPLY WITH COURT ORDER</u>**

Defendants hereby file their Reply to Plaintiff's Response (DE 249).

1.      Plaintiff's Response does not address the substance of Defendants' Renewed Motion (DE 243).

2.      Rather, Plaintiff's Response raises contentions of supposed "fabrications" on the part of Defendants' counsel.

3.      This Reply will address each of Plaintiff's contentions.

4.      To begin, Plaintiff does not argue that it attempted to confer via telephone. Plaintiff also does not disagree that Defendants' undersigned counsel attempted numerous times to confer with Plaintiff's counsel to comply with the Court's Order requiring the parties to confer and file a Joint Pretrial Stipulation and Jury Instructions.

5.      In fact, Plaintiff's Response (DE 249) copy-and-pastes several of the undersigned's emails requesting such conferrals.

6.      Rather, Plaintiff doubles down that it refused to confer because it was "attempting to force Defendants to begin all Local Rule 7.1 conferrals in writing (i.e., emails) in order to maintain a log and accurate record of the communications." Response (DE 249) at p. 3.

7.      That is not the case.

8.      As explained in detail in Defendants' Report (DE 259), the undersigned acquiesced numerous times to Plaintiff's demands to communicate exclusively via email and in writing. But after the undersigned provided responses to each of Plaintiff's requests for explanation, Plaintiff's counsel confirmed that he had not reviewed any of the undersigned's responses. *See* Report (DE 259) at p. 7.

9.      Plaintiff's Response then contends that Plaintiff became "uncomfortable" and that Defendants' undersigned counsel sent emails "threatening sanctions repetitively," and Plaintiff contends that this justified Plaintiff's refusal to confer. Plaintiff's Response (DE 249) at p. 7.

10.     This contention is not true.

11.     The relevant emails among the parties are part of the record (Docket Entries 259-1, 259-2, and 259-3).

12.     Plaintiff's Response also copy-and-pasted the substance of additional emails among counsel for the parties.

13.     Those emails do not reflect any threats of sanctions on the part of Defendants' counsel or unwillingness to cooperate.

14.     Plaintiff then contends that Defendants' undersigned counsel "published a very threatening and professionally insulting accusation that is simply false – 100% false"—i.e., that "Defendants' legal counsel accused Plaintiff of removing words from the joint stipulation and/or jury instructions without redlining." Response (DE 249) at p. 12.

15.     This also is not accurate.

16.     As explained in detail in Defendants' Report (DE 259), Plaintiff's counsel emailed to the undersigned Plaintiff's edits to the Jury Instructions, which appeared to the undersigned to have removed sections without redlining the removal.

17.     Just nine minutes after Plaintiff sent his "redlined edits," the undersigned responded stating that Plaintiff "also deleted some instructions without redlining your deletion. Please do not do this."

18.     Plaintiff's counsel at first replied that he took "extreme exception to the fact that you would think I would remove any sentences or words without redlining" and accused the undersigned of being "somewhat childish."

19.     In response, the undersigned replied stating, "If you believe your non-redlined deletion of sentences … was accidental, then that is not a problem. We can resolve that. Mistakes happen and can be corrected." *See* Emails (DE 259-3) at p. 3.

20.     After the undersigned was able to fully review Plaintiff's edits, the undersigned emailed his edits for the Jury Instructions to Plaintiff's counsel and explained to Plaintiff's counsel that "the first 14 pages of the jury instructions" were deleted without redlining the deletion and that "I will assume this was a 'mistake.' I added these 14 pages back in." *Id.* at p. 1.

21.     Plaintiff's counsel then took the position that he removed the first 14 pages from the Jury Instructions because Plaintiff "ha[d] no changes or edits …, that is why we did not include back to you, because these had NO REDLINE changes, so this stays the same. … For sake of clean process, if we do not provide a section back to you, we have no Edits or Changes or Comments."

22.     To avoid further time spent on a readily redressable issue, the undersigned responded stating, "I will assume your act of removing 14 pages from a document without

3

signaling that you did so was intended to suggest that you 'have no edits.' But please do not do this again. If you 'agree' with the instructions, please do not remove them from the document. Leave them in."[1]

23.    The above exchange confirms two important facts that cut against Plaintiff's narrative. First, the above shows that the undersigned readily accepted Plaintiff's counsel explanation for removing sections from the Jury Instructions without redlining the removal and requested that any such changes be redlined in the future for the sake of clarity (i.e., this was, or should have been, a non-issue). Second, the above also contradicts Plaintiff's narrative that Plaintiff was attempting to "temper" supposed "unprofessional" and "difficult" misconduct on the part of the undersigned.

24.    Regarding the undersigned's many attempts to confer with Plaintiff's counsel over the phone and Plaintiff's counsel's refusals to confer, Plaintiff does not provide an explanation.

25.    Plaintiff's Response does not state why Plaintiff's counsel waited until the day of the deadline—on December 31, 2021—to finally agree to confer with the undersigned.

---

[1] In what has become Plaintiff's *modus operandi* in this case, Plaintiff's Response (DE 249) makes representations that are readily refuted by written communications. This time, Plaintiff contends that "Defendants' legal counsel never provided the Plaintiff with the supposed word(s) removed and not redlined" and that "Plaintiff was never informed and/or directed to the supposed words removed and not redlined." Plaintiff's Response (DE 249) at pp. 12–13.

In reality, the undersigned explained to Plaintiff's counsel what was removed without redlining and assured Plaintiff's counsel that the undersigned will consider the removal to be a mistake. Additionally, the undersigned sent Plaintiff's counsel the redlined edits to the Jury Instructions along with comments on the right side of the page (as Plaintiff's counsel requested) stating "You deleted the first 14 pages without redlining your deletion. … I will assume your non-redlined deletion was a mistake, and I am adding this back to the jury instructions." Email and Jury Instructions (DE 249-3) at p. 20; *see also id.* at p. 29 (in another section of the Jury Instructions: "You deleted this without redlining your deletion. I will again assume that was a mistake. If it was not a mistake, let me know.").

26. Plaintiff's Response does not state why Plaintiff's counsel then pushed counsel's conferral repeatedly throughout the day because Plaintiff's counsel was unprepared to have a "meaningful conferral."

27. Plaintiff's Response does not explain why Plaintiff's counsel requested that the undersigned call at 3:00 p.m. and then simply refused to answer the phone for the rest of the day.

28. In brief, Plaintiff's Response does not explain or justify why Plaintiff once again refused to comply with an Order of this Court.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on January 14, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

6