**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE (DE 246)

Defendants hereby file their Reply to Plaintiff's Response (DE 255).

1.     Plaintiff does not deny that it did not comply with the Court's Order (DE 215).

2.     Plaintiff does not contend that its failure to comply was an accident or a good faith mistake.

3.     Plaintiff concedes that it knowingly has not complied with the Court's Order (DE 215) and acknowledges that it did not attempt to comply with the Court's Order (DE 215).

4.     And through the date of this Reply, Plaintiff has not attempted to comply with the Court's Order (DE 215), either in whole or in part.

5.     Rather, Plaintiff argues that its intentional refusal to comply constitutes "grounds" for the Court to "reconsider" the Order (DE 215). Specifically, Plaintiff contends that "[c]learly, missing the sanction deadline of December 31, 2021, changes the dynamics," and "therefore" Plaintiff is entitled to "re-assert[] – and more-so at this time – that one of the three (3) factors for this Court to consider are clearly satisfied … [for] this Honorable Court [to] re-consider Plaintiff honest ability to pay." Plaintiff's Response (DE 255) at pp. 4–5.

6.     Contrary to Plaintiff's contention, a party's intentional failure to comply with a Court's Sanctions Order does not justify reconsideration of the Sanction Order.

7.      A party's refusal to comply with a Court's Sanctions Order (after being warned of the consequences) is grounds for more severe sanctions.

8.      "The fact that [Plaintiff] refused to pay attorney's fees as a lesser sanction establishes [its] willful refusal to comply and is evidence that other lesser sanctions would not suffice." *Baltimore v. Jim Burke Motors, Auto.*, 300 F. App'x 703, 706–07 (11th Cir. 2008).

9.      Plaintiff's attempt to reargue that it needs "more time" to pay the Sanctions Order is equally meritless. The Court has already considered Plaintiff's argument and denied such relief. *See* Order Denying Plaintiff's Motion for Reconsideration (DE 239).

10.      In fact, Plaintiff has not supported its "second motion for reconsideration" with any documentation or affidavit.[1] And the last time Plaintiff attempted to make this argument, Plaintiff's financial statement for the month of November 2021 confirmed that Plaintiff had more than enough funds (multiple times more) to fully comply with the Court's Sanctions Order. *See* Plaintiff's Bank Account Statement (DE 224-1) (showing that Plaintiff received revenues of $73,133.47 in November 2021).

---

[1] This is actually Plaintiff's ***third*** attempt to push its deadline to pay the Court's Sanctions Order. Plaintiff first moved to extend its deadline on November 12, 2021 arguing that it "financially cannot raise the obligatory funds to make payment of the sanction award." Motion (DE 205) at p. 2. The Court denied that Motion. *See* Order (DE 215). Plaintiff then filed a Motion for Reconsideration, again arguing that it had a "financial inability in the near-term to pay the sanction award." Motion (DE 224) at p. 8. Again, the Court denied that Motion (DE 239). Plaintiff is now—again—arguing that it has a "financial hardship to pay the sanction award by the Court ordered deadline." Response (DE 255) at p. 6.

To be clear, Plaintiff had more than five months to pay the Sanctions Order or at least attempt to raise the necessary funds to pay—i.e., from July 22, 2021 when the Court entered the Sanctions Order (DE 140) until the deadline of December 31, 2021. To date, Plaintiff has not attempted to raise the necessary funds and has not attempted to comply with the Court's Order, in whole or in part. Plaintiff's unsubstantiated—and already argued and twice denied—contention that it has a "financial hardship" not only rings hollow, but it also is refuted by Plaintiff's own documents.

11.     Monetary sanctions (and the Court's warning of a contempt finding) have not been enough to stop Plaintiff's failure to comply with this Court's Orders.

12.     Dismissal and default, therefore, are warranted. *See Lyle v. BASF Chemistry, Inc.*, 802 Fed. Appx. 479, 482 (11th Cir. 2020) ("[A] district court may dismiss a complaint with prejudice when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice.").

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on January 19, 2022, on all counsel or parties of record

on the Service List below.

 /s/ Victor M. Velarde

Victor M. Velarde

Fla. Bar No. 105620

| **SERVICE LIST** | |
| :---: | :---: |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |