**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

    v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY INC., OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [DE 257]**

Plaintiff, Unisource Discovery, Inc. by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure Rule 72(a), S.D. Fla. L.R., Mag J Rule 4, and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida, files this Objection to the Report and Recommendation On Cross Motions for Summary Judgment (also referred to as "R&R") [DE 257], and states,

**I.     Introduction**

Plaintiff initially filed its Complaint against Defendants on August 6, 2020 ( "Complaint") [DE 1].  In Plaintiff's Complaint, it claims Defendants violated the Lanham Act, 15 U.S.C. §§ 1051 et seq., for infringing on the following United States Federal Trademark (hereafter "Unisource Mark"):

1

UNISOURCE
DISCOVERY

DIGITAL DOCUMENT RETRIEVAL

On September 22, 2020, Defendants filed their Answer and Affirmative Defenses to Complaint (hereafter, "Answer") [DE 13].  The Defendants filed its motion for leave to amend their complaint on March 24, 2021, to include an additional affirmative defense.   Defendants sought leave of court to amend their Answer to include an additional Affirmative Defense and impose their counterclaim for Cancellation of Trademark.  As the Honorable Magistrate wrote in its R&R [DE 257],

> "… based on their contention that "Plaintiff made material and fraudulent misrepresentations in its trademark registration application with the [United States Patent and Trademark Office]." See Motion for Leave to File Amended Answer and Affirmative Defenses to Complaint and Counterclaim (hereafter, "Motion to Amend") [D.E. 81 at 1]; Proposed Amended Answer and Affirmative Defenses to Complaint and Counterclaim [D.E. 81-2]."

The Plaintiff filed its opposition to Defendants leave to amend asserting that the appliable statute of limitations prevents Defendants from advancing this cause of action approximately 12-years later [DE 86]. On June 14, 2021, the Court opined that the statutes of limitation for this alleged fraud that occurred 12-years ago will not bar Defendant's cancellation of trademark counterclaim because it is based upon fraud. [DE 118]

Then, the Plaintiff filed its Motion for Summary Judgment Against Count I(Cancellation of Trademark) against Defendants' Counterclaim on July 23, 2021 [DE.141] and on August 3, 2021, Plaintiff filed its Answer to Defendants' Counterclaim and Affirmative Defenses [DE 147].

On August 6, 2021, Defendants filed their Motion for Summary Judgment [D.E. 151].[1] In summary, Plaintiff argues that Defendants' Counterclaim for Cancellation of Trademark is invalid because it fails to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil

Procedure ("Rule 9(b)") and is not supported by any evidence of fraud.[2] <u>See</u> Plaintiff's Motion for Summary Judgment [D.E. 141]. Conversely, in Defendants' Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law on their Counterclaim for Cancellation of Trademark because Plaintiff committed fraud upon the USPTO [DE 151].

## II.     *DeNovo* Review

As a preliminary matter, in the Eleventh Circuit, a district judge may accept, reject or modify the Magistrate Judge's Report and Recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *see Williams v. Wainright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specify those findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). Accordingly, this requires the district judge to "give fresh consideration to those issues to which the specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.,* 896, F. 2d 507, 512 (11th Cir. 1990) (quoting H. R. 1609, 94th Cong. § 2 (1976)).

Federal Rule of Civil Procedure 72 requires that all objections to the Magistrate Judge's Report and Recommendation be both timely and specific. Accordingly, Plaintiff objections are set forth below in accordance with those requirements.

## IV. <u>Standards</u>

A.     <u>Summary Judgement</u>

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when the pleadings and supporting materials show that, drawing all inferences in favor of the nonmovant, there is no genuine issue as to any material fact and summary judgment is proper as a matter of law. Fed. R. Civ. P. 56(c). The court must determine the relevant set of facts and draw all inferences in favor of the opposing party "to the extent supportable by the record." *Scott v. Harris*, 550 U.S. 372,

381 n. 8 (2007). A genuine dispute requires more than "some metaphysical doubt as to the material facts." *Id*. at 380.

The party that is "seeking summary judgment must demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' The moving party bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale,* 232 F.3d 836, 840 (11th Cir. 2000) (citations omitted).

The court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Bishop v. Birmingham Police Dep't*, 361 F.3d 607, 609 (11th Cir. 2004). In determining whether to grant summary judgment, the court must remember that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [fact-finding] functions, not those of a judge." *Anderson,* 477 U.S. at 255. However, where no reasonable [fact-finder] could find in the non-moving party's favor, summary judgment is appropriate. *Stewart v. Happy Herman's Cheshire Bridge, Inc*., 117 F.3d 1278, 1287 (11th Cir. 1997).

B.        Rule 9(b)

Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and

fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F.

App'x 81, 86 (11th Cir. 2008) (internal quotation marks omitted) (quoting *Ziemba v. Cascade Int'l,*

*Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001)).

A complaint satisfies Rule 9(b) when it sets forth:

(1)   precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Kammona v. Onteco Corp.,* 587 F. App'x 575, 581 (11th Cir. 2014) (quoting <u>Ziemba</u>, 256 F.3d at

1202).

### V.        <u>Objection to Report and Recommendation as to Defendants' Count I for Fraud III. Rule 72 Requirements</u>

A.       <u>Plaintiff Objects to Defendants General Designation of "Mark" That the Court Adopted</u>

The Plaintiff respectfully objects to the following Magistrate's legal reference in its analysis

when it opined,

"Plaintiff's trademark registration application included the following alleged material misrepresentations:

   a.   Unisource Florida was the "owner" of the ***Mark*** when, in reality, Unisource California was the owner;

   b.   Unisource Florida first used the ***Mark*** "as early as March 1, 2001" when in reality, Unisource Florida did not use the Mark until after it was incorporated in June 2006.  ; and

   c.   Unisource Florida falsely claimed it was the "owner" of the ***Mark*** and "no otherperson, firm, corporation or association has the right to use the [M]ark in commerce" knowing full well that Unisource California was the owner of the Mark, had been using the Mark since 2001, and had every right to continue using the Mark.

   <u>See</u> Counterclaim [D.E. 166 at 17].    These allegations sufficiently allege "precisely  what statements were made in what documents" and thus, satisfy the first requirement of Rule 9(b).  <u>See</u> <u>Ziemba</u>, 256 F. 3d at 1202."

   (emphasis added)

While possibly more of a clarification, it could have bearing on the Court's analysis. The cited arguments from Defendants a - c, above, respectfully misstates Defendant's ownership of the Unisource name and logo under applicable law.

It is not disputed that Defendants never registered the name and logo with the USPTO.  The rights of a Federally registered "Mark" and a common law "Mark" are very different.  To provide a strong example in this case, if Defendants have a common law trademark the Defendants' also have geographical limitations for enforcement.  Florida common law trademark rights under Florida Statute § 495.161 are geographically limited to Florida whereas California common law rights are limited to California if certain procedural hurdles are met. *Wood v. Apodaca*, 375  F.Supp.2d  942,  947-48 (N.D.Cal.2005). *See    also*, *Juan    Pollo    Fran.*, *Inc.* v. *B    &    K    Pollo    Enterprises*, *Inc.*, EDCV132010JGBSPX, 2015 WL 10695881, at 2 (C.D. Cal. Aug. 6, 2015) (same).

Defendants Unisource is a California corporation – this is not disputed.  Defendants never plead or alleged in any papers that it conducts business outside the State of California and specifically in Florida.  As well, the Defendants disputed and denied Plaintiff's allegation of "client conversion/poaching" that largely occurred in the State of Florida.  Thus, any common law trademark rights for Defendants would have arisen in the State of California and could only be enforced in California, not Florida.  As such, the Defendants potential common law trademark rights to the Unisource name and logo" may" exist only in California and therefore would not be enforceable in the State of Florida. Again, this distinction is legally important because, *inter alia*, it changes the analysis of trademark cancellation.

As such, Defendants general reference to "Mark" is legally inaccurate and affords Defendants more trademark rights than entitled-to depending on the geographical area *et al*. As such, Plaintiff objects to permitting the Defendants to use the general reference "Mark" because it connotes a "federal trademark" and/or a "Florida" common law trademark to a jury that would not be accurate. As a matter of law, and with the facts most favorable to the non-moving party, the Plaintiff respectfully

objects to the Honorable Magistrate adopting Defendants' incorrect and/or misleading legal designation by the general reference of "Mark."

**B.**      Evidence of Fraud – Plaintiff's Subjective Intent

Generally, the Plaintiff asserts that Defendants' cancellation of trademark/fraud is not adequately pled, because the counterclaim does not sufficiently plead the subjective intent necessary to establish a claim of false statements to the Patent and Trademark Office (USPTO): Defendants have not shown with specificity under Rule 9 that Plaintiff possessed the requisite subjective intent to defraud the Trademark Office.

The Plaintiff respectfully objects to this Court finding,

"Plaintiff further argues Defendants' Counterclaim is invalid because "during the course of significant litigation and discovery there has been no evidence that surfaced to prove any fraud occurred." See Plaintiff's Motion for Summary Judgment [D.E. 141 at 6]. Plaintiff's argument ignores the record in this case. Defendants have in fact adduced three statements that claim constitute fraud on the USPTO in connection with Plaintiff's trademark application."

Here, the Plaintiff believe the "three statements" that the Magistrate is relying-upon, and referencing are as follows:

In their Motion for Summary Judgment, Defendants argue that they are entitled to  judgment as a matter of law on their Counterclaim for Cancellation of Trademark because Plaintiff committed fraud upon the USPTO based on the following three alleged misrepresentations by Plaintiff in its trademark application: **(1) Plaintiff knowingly misrepresented Defendants' right to use the Unisource Mark; (2) Plaintiff knowingly misrepresented its first use of the Unisource Mark; and (3) Plaintiff knowingly misrepresented its ownership of the Unisource Mark.** See Defendants' Motion for Summary Judgment [D.E. 151]."

(emphasis added)

The Plaintiff will first address "(1) Plaintiff knowingly misrepresented Defendants' right to use the Unisource Mark", above.   Plaintiff must object that it "knowingly" and subjectively misrepresented Defendants rights because subjective intent was not proven by Defendants under Rule 9 at this stage. As Plaintiff argued in its Opposition to Defendants Summary Judgment, "Where a party challenges a trademark registration, "the applicant's subjective belief" is at issue. *Stanfield v. Osborne Indus.*, 52 F.3d 867, 874 (10th Cir. 1995).  Defendants filed no papers and discovery arguing/proving

Plaintiff's "subjective" intent for this Court to evaluate other than these general allegations.[1]

To added support, the Defendants' second argument that the Magistrate adopted is "Plaintiff knowingly misrepresented its first use of the Unisource Mark".  On the same basis as above, in the light most favorable to Plaintiff and under Rule 9, the Defendants never provided evidence for this Court to evaluate Plaintiff's subjective intent necessary under cited law at this stage. *Stanfield v. Osborne Indus*., 52 F.3d 867, 874 (10th Cir. 1995) (Where a party challenges a trademark registration, "the applicant's subjective belief" is at issue).

The Defendants third basis adopted by the Magistrate "3) Plaintiff knowingly misrepresented its ownership of the Unisource Mark" is equally objectionable on the same basis. Plaintiff finds no evidence that Defendants likewise offered by Defendants for this Court's evaluation or prior Order(s) that ruled Plaintiff "knowingly" and "subjectively" intended to make misrepresentations to the USPTO.

For this reason, since subjective intent was respectfully never established for this Court and the jury to evaluate, the Plaintiff must politely object and/or likewise preserve its objection on this critical matter. *Church Girls, LLC v. Rodgers,* No. 2:18-CV-14232, 2018 WL 5923436, at *2 (S.D. Fla. Nov. 13, 2018)(party seeking cancellation must "demonstrate that the trademark applicant had a 'purpose or intent to deceive the PTO in the application for the mark."); *Drew Estate Holding Co., LLC v. Fantasia Distribution, Inc.,* No. 11-21900-CIV,2012 WL 12866790 (S.D. Fla. July 2, 2012); ("Absent direct evidence of a party's intent, subjective intent may be inferred from indirect, circumstantial evidence, '[b]ut such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement.'"); *In re Bose Corp.,* 580 F.3d 1240, 1243 (Fed. Cir. 2009)).

## **CONCLUSION**

---

[1] The Defendants provided no evidence for the jury and this Court to examine the Plaintiff's intent, to determine whether the Plaintiff 'had a conscious intent to capitalize on the plaintiff's business reputation, was intentionally blind, or otherwise manifested improper intent. *Fla Int'l Univ. Bd. of Trs*., 91 F. Supp. 3d at 1281 (quoting *Custom Mfg. & Eng'g, Inc. v. Midway Servs. Inc*., 508 F.3d 641, 648 (11th Cir. 2007)).

For the above reasons, the Court should not adopt the Report and Recommendation of the Magistrate Judge and should enter its Order consistent with the Plaintiff's above objections.

## REQUEST FOR ORAL ARGUMENT

Plaintiff, Unisource Discovery Inc., requests oral argument in connection with its above-stated objections.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven Cerasale, individually on this 20th Day of January, 2022.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes,
Esq. Florida Bar No.
251010 Email:
ddvlaw@gmail.com
ddv@ddvlawgroup.com

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.