**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.
UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE, individually,
     Defendants.

---

## DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION (DE 257)

Defendants respectfully object to the Report and Recommendation (DE 257).

### ARGUMENT

This objection is limited to the following finding: "Plaintiff's subjective intent to defraud the USPTO" (when Plaintiff represented that "it owned the Unisource Mark" and "no other person … has the right to use the [M]ark in commerce") was not established by clear and convincing evidence because "the 2006 Operation Agreement for [Plaintiff] is ambiguous." Report and Rec. (DE 257) at pp. 8–9.

Defendants understand this finding to be that Plaintiff's 2006 Operation Agreement is ambiguous as to whether ownership of the Mark was transferred to Plaintiff; thus, it cannot be established that Plaintiff intentionally misrepresented in 2008 that (1) it owned the Mark and (2) no other person had the right to use the Mark in commerce.

Defendants respectfully submit that Plaintiff's sworn admissions confirm that it subjectively believed it did not own the Mark in 2006 or 2008. Plaintiff attested under oath that it "had full rights under _**implied license to use the name and logo until year 2010**_" and that "Steven Cerasale by his own actions and investment, _**provided [Plaintiff] a license to use the name and logo**_ and therefore [Plaintiff] had full rights and undisputed permission _**from 2006**_ … _**until 2010**_." Pl. Aff. (DE 182-1) at ¶¶ 10, 13 (emphasis added).

In other words, Plaintiff admitted under oath that it did not own the Mark in 2006 or 2008. Rather, Plaintiff stated under oath that it had an "implied license" from Steven Cerasale "to use the name and logo … from 2006 … until 2010." *Id.* By definition, a "licensee" (which Plaintiff claims to have been between 2006 and 2010) is not an "owner."

Plaintiff also admitted that Defendant "Unisource Discovery, LLC had the right to use the mark in its business from 2006 to 2009." Pl. Dep. (DE 203-1) at 213:13–24.

And "the mere fact that [Plaintiff] by his own admission asserts that he submitted the application while having held such a belief entails clear and convincing evidence of having knowingly made false, material misrepresentations as to exclusivity of use on their registration application with the Patent and Trademark Office. Consequently, this Court will grant Plaintiff's motion for summary judgment on cancellation of registration." *E. W., LLC v. Rahman*, 896 F. Supp. 2d 488, 509 (E.D. Va. 2012).

Therefore—irrespective of the 2006 Operation Agreement being ambiguous—it is undisputed that Plaintiff intentionally misrepresented to the USPTO in 2008 that (1) Plaintiff was the "owner of the Mark"; and (2) "no other person … has the right to use the [M]ark in commerce."[1]

Each of those two known misrepresentations (by itself) is sufficient to cancel the trademark. *See MPC Franchise, LLC v. Tarntino*, 826 F.3d 653, 660–61 (2d Cir. 2016) (affirming summary judgment cancelling a trademark because "no material issue of fact existed as to [the

---

[1] In all candor to the Court, Plaintiff's Affidavit (DE 182-1) that is the subject of this objection was not submitted to Magistrate Judge Alicia M. Otazo-Reyes in connection with Defendant's Motion for Summary Judgment (DE 151). Rather, Plaintiff filed its Affidavit (DE 182-1) on October 1, 2021—i.e., shortly after the briefing on Defendants' Motion for Summary Judgment (DE 151) was complete. However, Defendants submit that Plaintiff's Affidavit (DE 182-1) should be considered because it reflects Plaintiff's sworn testimony, it is record evidence that Plaintiff filed with the Court well before the hearing and the Report and Recommendation on Defendants' Motion for Summary Judgment, and it resolves any dispute regarding the material fact that Plaintiff did not own the Mark in 2008.

applicant's] actual knowledge of falsity" because the applicant "knew that others had rights to use the mark"); *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1210–11 (11th Cir. 2008) ("Purposely failing to disclose other users' rights to use the same or similar marks may qualify as a material omission justifying cancellation of a trademark.").

## CONCLUSION

Defendants respectfully request the Court to modify the Report and Recommendation (DE 257) to state that the undisputed facts establish by clear and convincing evidence that Plaintiff knowingly and intentionally misrepresented to the USPTO that Plaintiff "owned the Unisource Mark" and that "no other person … has the right to use the [M]ark in commerce," and therefore, Defendants' Motion for Summary Judgment (DE 151) should be granted.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on January 20, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| **SERVICE LIST**<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
|---|---|
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |