**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE, individually,
     Defendants.

---

**REPLY TO RESPONSE TO MOTION IN LIMINE**
**TO EXCLUDE TESTIMONY AND DOCUMENTARY EVIDENCE**

Defendants Unisource Discovery LLC and Steven Cerasale ("Mr. Cerasale"), hereby file

their Reply to Plaintiff's proposed Response[1] to Defendants' Motion *in Limine* to Exclude

Testimony and Documentary Evidence (DE 258-1).

---

[1] The Court's Order to Show Cause (DE 254) ruled that "Plaintiff shall show cause in writing why the Motion should not be granted" and "[i]n the alternative, Plaintiff shall file a response." Plaintiff chose to attempt to show cause in writing (DE 258). However, Plaintiff also filed a proposed Response (DE 28-1). Out of an abundance of caution, Defendants hereby file their Reply.

**I.     The Court should exclude evidence relating to non-party Alfred Lutter's April 15, 2010 demand letter and its referenced underlying dispute.**

Plaintiff argues that the Court should not exclude evidence relating to Alfred Lutter's April 15, 2010 demand letter because "[t]he statements are being offered to show Steven Cerasale's ***propensity to lie*** and ***as character evidence*** that Cerasale has the ability to not be truthful to Plaintiff." Opposition (DE 258-1) at pp. 8–9. This is exactly the sort of evidence that is inadmissible.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404. In other words, Plaintiff cannot admit evidence of "propensity to lie"—i.e., "he did it once, he must have done it again." Such evidence is inadmissible.

Plaintiff then claims that the April 15, 2010 letter "is probative to establish Steven Cerasale's opportunity and intent, absence of mistake, or lack of accident." Opposition (DE 258-1) at p. 8. But Plaintiff does not state what aspect of its trademark claim requires proof of any "opportunity," "intent," "absence of mistake," or "lack of accident." No such evidence is relevant to any claim or defense in this case.

And even when character evidence is admissible to show opportunity, intent, etc. (which does not apply here), a party cannot establish "a person's character" with "relevant specific instances of the person's conduct" unless the "person's character or character trait is ***an essential element*** of a charge, claim, or defense." Fed. R. Evid. 405 (emphasis added).  Mr. Cerasale's character is indisputably not "an essential element" of Plaintiff's claim for trademark infringement. Plaintiff, therefore, cannot admit evidence relating to the specific instance of Alfred Lutter's April 15, 2010 demand letter to attempt to show Steven Cerasale's "character."

Next, Plaintiff argues that the April 15, 2010 demand letter and underlying dispute in April 2010 somehow has "special relevance" to "prove the specific element of 'confusion'" in Plaintiff's claim for trademark infringement. Opposition (DE 258-1) at p. 9.

However, Plaintiff's claim for trademark infringement accrued after February 21, 2020. *See* Complaint (DE 1) at ¶ 13 (alleging that Plaintiff "revoked" Defendants' "right to use of trademark" on "February 21, 2020"). The April 2010 dispute with Alfred Lutter arose in April 2010 and was amicably resolved on June 28, 2010. *See* Plaintiff's Deposition (DE 203-1) at 117: 7–9, 122:2–11 ("[W]e needed to resolve it as quickly and as efficiently as possible. And we did. … [T]he April 15th [ ] Letter to Steven Cerasale … led to the June 28th, 2010 Stock Transfer and License Agreement").

What does a dispute in April 2010 (which was resolved in June 2010) have to do with "customer confusion" that allegedly occurred ***ten years later*** after February 21, 2020?

Finally, while Plaintiff argues that Alfred Lutter's April 15, 2010 demand letter shows that Mr. Cerasale has a propensity to lie, the truth is that Alfred Lutter already testified that his demand letter was based upon "misinformation" provided to Mr. Cerasale. The letter is not probative of any "lie." Alfred Lutter testified that "Steven [Cerasale] was misinformed about the ownership of the software. He believed he owned it and could use it, resell it … I felt differently. And I engaged my attorney to write him a note … And so I was amenable to working out some other arrangement for him." Alfred Lutter Dep. Tr. (DE 222-19) at pp. 43–44. Thus, even if Plaintiff were to admit this evidence to show a "propensity to lie" (which Plaintiff cannot do), the evidence is not probative of such propensity. Such evidence is not relevant even under Plaintiff's theory.

Mr. Lutter's April 15, 2010 demand letter and the underlying dispute have absolutely nothing to do with any issue in this case.

**II.     The Court should exclude any testimony or documentary evidence relating to Equicopy, Inc.**

Plaintiff does not argue that any evidence relating to Equicopy, Inc. would be relevant. Plaintiff merely contends, in conclusory fashion, that excluding such evidence would be "premature, unavailing, and must be denied." Opposition (DE 258-1) at p. 10.

The Court has twice denied Plaintiff's attempts to introduce Equicopy, Inc. as a party to this case. *See* Court Orders (DE 161); *see also* Court Order (DE 197) at p. 1 ("By Order dated August 23, 2021, the undersigned denied Plaintiff's First Motion for Leave to Amend, seeking to add Equicopy, LLC as a defendant in this action. … [T]he undersigned finds no basis for granting the Renewed Motion to Amend or the Motion for Reconsideration of the undersigned's earlier Order.").

Plaintiff does not argue that any evidence relating to Equicopy, Inc. would be relevant.

This case is about Plaintiff's alleged trademark. And Plaintiff has already admitted that Equicopy, Inc. did not infringe on Plaintiff's alleged trademark. Plaintiff Dep. (DE 150-10) at 155:2–158:3 ("Q. Understood. So Equicopy did not infringe on the trademark? A. No.").

Such evidence, therefore, is not relevant.

**III.    The Court should exclude evidence relating to any alleged "client confusion" and "damages" that Plaintiff did not timely produced in discovery and Bates Stamp.**

**A.    Evidence of Customer Confusion.**

Plaintiff does not—and cannot—deny that Defendants requested Plaintiff to produce all documents relating to customer confusion. Plaintiff also does not—and cannot—deny that on January 19, 2021, the Court compelled (DE 46) Plaintiff to produce all documents relating to customer confusion without objecting and thereafter struck Plaintiff's objections (DE 54).

Plaintiff, however, now takes the position that it has evidence of "sub-elements that are required to prove evidence of confusion" that Plaintiff claims Defendants were "negligen[t] for not requesting during discovery." Opposition (DE 258-1) at pp. 12–13.

Defendants respectfully submit that Plaintiff's contention is a bad faith "surprise" tactic.

Plaintiff has twice been compelled to produce documents of customer confusion. Plaintiff cannot now claim that it actually has secret evidence of the "sub-elements that are required to prove evidence of confusion" that Defendants "negligently" did not specifically request. Such manifestly unfair litigation tactics are expressly prohibited. "A party who 'fails to provide information ... as required by Rule 26(a) ... ___is not allowed to use that information or witness to supply evidence ... at a trial___, unless the failure was substantially justified or is harmless.'" *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323 (11th Cir. 2008) (emphasis added).

In fact, at the February 3, 2021 discovery hearing (which related to this discovery), the undersigned specifically raised this concern: "MR. VELARDE: Your Honor, if I may, the reason why it's important to know, obviously the rules require that we know, but also it's important because I don't want, if this case is going to proceed, your Honor, I don't want a surprise document in the future that wasn't produced now." *See* Hr. Tr. (Exhibit "1" hereto) at p. 9. And the Court agreed: "THE COURT: Well, that's the point that I was making." *Id.*

The Court then asked Plaintiff's counsel to confirm: "So eight PDFs, one PDF per request, and you're stating, Mr. Valdes, … you have produced or your client has produced all responsive documents in their possession, custody, or control for each of these discovery requests. Would that be your statement, sir?" *Id.* at p. 10.

And Plaintiff's counsel represented to the Court, "MR. VALDES: That's my statement, Judge, and I have the hard copy here in front of me. Yes." *Id.*

Plaintiff, therefore, should not be allowed to present any evidence at trial relating to "customer confusion" that Plaintiff has not already timely produced in discovery and properly Bates Stamped—including any supposed "sub-elements to that are required to prove evidence of confusion."

**B.      Evidence of Damages.**

Plaintiff again does not—and cannot—deny that Defendants requested Plaintiff to produce and identify all evidence of "damages" (via Defendants' Second Set of Interrogatories and Third Request for Production).

Plaintiff also does not—and cannot—deny that the Court compelled Plaintiff to produce all such evidence of damages and answer (without objection) Defendants' Interrogatory relating to Plaintiff's damages (including identifying all responsive document by bates number). *See* Court Order (DE 111) at pp. 1–2.

Finally, Plaintiff does not deny that it identified only 62 pages of documents (i.e., "Verified Calculated Damages – Bates Stamped 0001–0062") in response to Defendants' discovery requests relating to Plaintiff's damages. *See* Plaintiff's Amended Answer (DE 184-1) at pp.  2–3.

Plaintiff, however, argues without explanation that it is "premature to categorically disallow Plaintiff's evidence on this central issue." Opposition (DE 258-1) at p. 14.

6

Once again, Plaintiff cannot refuse to produce and identify evidence of damages in response to discovery and then use that withheld/secret evidence as a surprise at trial. This was made abundantly clear to Plaintiff at the May 25, 2021 discovery hearing on these discovery requests:

> THE COURT: The documents that support your damages claims. You either have them or you don't. … You will need to Bates number all of your documents and then you need to get a list of all your numbers of documents that support the damages claim. … Bates numbers of the documents that you claim support the damages claim, whether they would be e-mails, profit and loss statements, newspaper clippings. Whatever the nature is, but they need to be identified by Bates numbers.

Hr. Tr. (Exhibit "2" hereto) at pp. 14–15.

Plaintiff's counsel represented to the Court that "[t]he only documents are documents that have been sent to opposing counsel," and Plaintiff subsequently identified those documents as documents Bates Stamped 0001–0062.

The Court, therefore, should preclude Plaintiff's from attempting to introduce documentary evidence relating to "damages" other than the documents Plaintiff produced and identified— i.e., Bates Stamped 0001–0062.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on January 21, 2022 on all counsel or parties of record

on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

8