**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____ /

## RE: D.E. 184

THIS CAUSE came before the Court upon Defendants Unisource Discovery, LLC and Steven A. Cerasale's (collectively, "Defendants") Motion in Limine to Exclude Testimony and Documentary Evidence ("Motion in Limine") [D.E. 184]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20]. After the undersigned's issuance of a Show Cause Order [D.E. 254], Plaintiff Unisource Discovery, Inc. ("Plaintiff") filed a Response [D.E. 258-1], to which Defendants filed a Reply [D.E. 264]. For the reasons stated below, Defendants' Motion in Limine is GRANTED IN PART.

      I.      Defendants first argue that the Court "should exclude evidence relating to non-party Alfred Lutter's April 15, 2010 demand letter and its referenced underlying dispute because the low probative value (if any) of such evidence is substantially outweighed by its unfair prejudice." See Motion in Limine [D.E. 184 at 2]. The Alfred Lutter April 15, 2010 demand letter (hereafter, "Lutter Letter") relates to Plaintiff's use of Lutter's software. Id. There is no software issue in this case. In its Response, Plaintiff argues that the Lutter Letter is admissible pursuant to Fed. R.

Evid. 404(b)(2) ("Rule 404(b)") to establish Defendant Steven Cerasale's "opportunity and intent, absence of mistake, or lack of accident. . . [and that t]he statements are being offered to show Steven Cerasale's propensity to lie and as character evidence that Cerasale has the ability to not be truthful to Plaintiff." See Response [D.E. 258-1 at 8-9]. Plaintiff also argues that the Lutter Letter "offers special relevance to a dispute issue of Defendants['] claim for fraud/cancelation of trademark and Plaintiff's unfair competition claim." Id. at 9. Contrary to Plaintiff's contentions, the Lutter Letter, which pertains solely to software use and not to trademark or unfair competition, is not admissible for the purposes that Plaintiff advocates under Rule 404(b). Moreover, the Lutter Letter's attenuated relevance to this dispute is outweighed by the danger of "confusing the issues" and "misleading the jury". See Fed. R. Evid. 403.

II.      Defendants also argue that the Court "should exclude any testimony or documentary evidence relating to Equicopy, Inc." See Motion in Limine [D.E. 184 at 4]. The undersigned has previously denied Plaintiff's requests to add Equicopy, Inc. as a party in this case [D.E. 161, 197]. Moreover, Plaintiff has admitted that Equipcopy, Inc. is not involved in its trademark infringement claims. See Transcript of Plaintiff's Corporate Representative's Deposition [D.E. 150-10 at 158] (acknowledging that Equicopy, Inc. has not infringed on the trademark at issue). In its Response, Plaintiff merely argues that this aspect of Defendants' Motion in Limine is "premature, unavailing, and must be denied." See Response [D.E. 258-1 at 10]. Given Equicopy, Inc.'s lack of involvement in this case, any testimony or documentary evidence relating to it is not relevant and would lead to jury confusion. See Fed. R. Evid. 401, 403.

III.     Finally, Defendants argue that the Court "should exclude evidence relating to any alleged 'client confusion' and 'damages' that Plaintiff did not timely produced in discovery and Bates Stamp." See Motion in Limine [D.E. 184 at 6]. Essentially, Defendants are asking that

Plaintiff be precluded from introducing at trial evidence that was not produced in discovery.  Id. at 6, 9.  In its Response, Plaintiff contends that this aspect of Defendants' Motion in Limine is premature and "should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context."  See Response [D.E. 258-1 at 13] (citing In re Seroquel Prods. Liab. Litig. 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)).  While Plaintiff had ample opportunity to produce relevant evidence, it is not clear at this point what additional evidence, if any, Plaintiff intends to introduce at trial.  Therefore, the undersigned will deny this aspect of Defendants' Motion in Limine without prejudice to its renewal at trial should Plaintiff seek to introduce new evidence at that time.

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED Defendants' Motion in Limine is GRANTED IN PART as to Items I and II above, and DENIED without prejudice to its renewal at trial, if appropriate, as to Item III above.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of January, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
United States District Judge Darrin P. Gayles
Counsel of Record