**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____ /

**ORDER RE: D.E. 202, 243, 246**

THIS CAUSE came before the Court upon the following submissions filed by Defendants Unisource Discovery, LLC and Steven A. Cerasale's (together, "Defendants") against Plaintiff Unisource Discovery, Inc. ("Plaintiff"):

(1)     Motion to Strike or Dismiss Complaint, Strike Answer and Affirmative Defenses to Counterclaim, and Enter Default Against Plaintiff as to Counterclaim Based Upon Plaintiff's Willful Refusal to Comply with Court Order (hereafter, "First Motion to Strike") [D.E. 202].

(2)     Renewed Motion to Strike or Dismiss Complaint, Strike Answer and Affirmative Defenses to Counterclaim, and Enter Default Against Plaintiff as to Counterclaim Based Upon Plaintiff's Willful Refusal to Comply with Court Order (hereafter, "Renewed First Motion to Strike") [D.E. 243].

(3)     Motion to Strike Complaint and Answer to Counterclaim, and to Enter Default Against Plaintiff as to Counterclaim Based Upon Plaintiff's Willful and Repeated Violations of the Court's Rule 37 Sanctions Order (hereafter, "Second Motion to Strike") [D.E. 246].

These matters (collectively, "Motions to Strike") were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20].  For

the reasons stated below, the undersigned DENIES the Motions to Strike without prejudice to Defendants seeking alternative remedies.

## PROCEDURAL HISTORY

On November 5, 2021, Defendants filed their First Motion to Strike, based on Plaintiff's failure to comply with the Court's scheduling order, which "required the parties to confer and file a Joint pretrial stipulation, proposed jury instructions, proposed joint verdict form by November 5, 2021." See First Motion to Strike [D.E. 202 at 1] (citing Scheduling Order [D.E. 33]).[1] Thereafter, the Court extended the November 5, 2021 deadline to December 31, 2021. See Paperless Order [D.E. 221]. Thus, on December 10, 2021, the undersigned held in abeyance the First Motion to Strike, pending Plaintiff's compliance with future Court-ordered deadlines. See Order [D.E. 230]. The undersigned also directed Defendants to file a Status Report re: Compliance by January 14, 2022. Id. Defendants filed a timely Status Report stating that Plaintiff had refused to comply with the December 31, 2021 extended deadline. See Status Report Re: Compliance Pursuant to Court Order (hereafter, "Status Report") [D.E. 259 at 1].

On December 31, 2021, Defendants filed their Renewed First Motion to Strike based on Plaintiff's failure to comply with the Court's extended deadline "for the parties to confer and file a joint pretrial stipulation, jury instructions, and joint verdict form [by] December 31, 2021." See Renewed First Motion to Strike [D.E. 243 at 1] (citing Paperless Order [D.E. 221]).

On January 3, 2022, Defendants filed their Second Motion to Strike, based on Plaintiff's failure to pay discovery sanctions to Defendants, as required by the undersigned, which payment was due on December 31, 2021. See Second Motion to Strike [D.E. 246 at 1] (citing Order [D.E.

---

[1] The Scheduling Order required the parties to file their "joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law" by November 5, 2012. See Scheduling Order [D.E. 33 at 2]. In this case, both Plaintiff and Defendants made demands for jury trial. See Complaint [D.E. 1 at 17]; Counterclaim [D.E. 166 at 24].

215]. As noted by Defendants, the undersigned had admonished Plaintiff that: "FAILURE TO COMPLY MAY SUBJECT PLAINTIFF TO CONTEMPT OF COURT." See Order [D.E. 215 at 1]. The discovery sanctions amount is $9,513.00. See Order [D.E. 140 at 2]. In their Status Report, Defendants also noted that the sanctions payment had not been made as of January 14, 2022. See Status Report [D.E. 259 at 1].

## DISCUSSION

It is clear from the above recitation that Plaintiff has failed to comply with the Court's Scheduling Order and has failed to pay Defendant the discovery sanctions amount, as required by the undersigned. As relief, Defendants ask that Plaintiff be denied its day in court by way of dismissal of its Complaint and the entry of default as to Defendants' Counterclaim. However, "we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted). Therefore, the undersigned declines to impose the sanctions sought by Defendants at this juncture.

With regard to Plaintiff's failure to make the discovery sanctions payment, it has been forewarned that such failure may subject it to contempt of court. With regard to Plaintiff's failure to comply with the pretrial filing deadlines, the undersigned defers to the Court as to an appropriate remedy. Therefore, it is

ORDERED AND ADJUDGED that Defendants' Motions to Strike [D.E. 202, 243, 246] are DENIED without prejudice to Defendants seeking alternative remedies.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of January, 2022.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

3

cc:     United States District Judge Darrin P. Gayles
        Counsel of Record