**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,

v.

UNISOURCE    DISCOVERY,    LLC,    a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

<u>**DEFENDANTS' MOTION TO HOLD PLAINTIFF IN CONTEMPT OF COURT**</u>

Defendants hereby move to hold Plaintiff in Contempt of Court for violating the Court's Orders (DE 140 and DE 215).

1.     Plaintiff willfully failed to comply with the Court's Order (DE 215), which compelled Plaintiff to fully comply with the Sanctions Order (DE 140) by December 31, 2021.

2.     The Court has found that "[i]t is clear from the above recitation that Plaintiff … failed to pay Defendant the discovery sanctions amount, as required by the [Magistrate Judge]." Order (DE 268) at p. 3.

3.     The Court has admonished Plaintiff that "FAILURE TO COMPLY MAY SUBJECT PLAINTIFF TO CONTEMPT OF COURT." Order (DE 215) at p. 1.

4.     On January 25, 2022, the Court denied Defendants' Motion to Strike (DE 246) without prejudice to Defendants seeking alternative remedies relating to Plaintiff's failure to comply with the Court's Order (DE 215). *See* Order (DE 268) at p. 3.

5.     Defendants, therefore, hereby request the Court to hold Plaintiff in contempt of Court for failing to comply with the Court's Sanctions Orders (DE 140 and DE 215).

6.     Defendants respectfully submit that the history of this case confirms that monetary sanctions are insufficient to compel Plaintiff to comply with this Court's Orders.

7.      In fact, Plaintiff has taken the novel position that its own purposeful failure to comply with this Court's Order (DE 215) warrants this Court's reconsideration of the Order. *See* Pl.'s Response (DE 255) at pp. 4–5.

8.      And while Plaintiff has claimed an inability to pay the Sanctions Order (DE 140), Plaintiff's own documentation confirmed that Plaintiff had more than sufficient funds to pay the Sanctions Order and chose not to pay. *See* Pl.'s Nov. 2021 Bank Account Statement (DE 224-1) (showing that Plaintiff received revenues of $73,133.47 in November 2021).

9.      Consequently, the Court has twice denied Plaintiff's "inability to pay" claim. *See* Order (DE 215) at p. 1 (denying Plaintiff's Motion DE 205, wherein Plaintiff claimed an inability to pay); *see also* Order (DE 239) at p. 1 (denying Plaintiff's Motion for Reconsideration DE 224, wherein Plaintiff again argued an inability to pay).

10.     "The fact that [Plaintiff] refused to pay attorney's fees as a lesser sanction establishes [its] willful refusal to comply and is evidence that other lesser sanctions would not suffice." *Baltimore v. Jim Burke Motors, Auto.*, 300 F. App'x 703, 706–07 (11th Cir. 2008).

11.     Plaintiff has shown that monetary sanctions (and the Court's warning of a contempt finding) have not been enough to stop Plaintiff's failure to comply with this Court's Orders.

12.     Holding Plaintiff in contempt is, therefore, warranted.

13.     "Among the remedies available to the Court in a civil contempt proceeding is the ability to impose a fine payable to the complainant in compensation for damages sustained as a result of the contumacious conduct. … Moreover, the Court has the authority to incarcerate contemnors who fail to pay court imposed fines or otherwise comply with the Court's orders." *In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 254 (Bankr. S.D. Fla. 1993); *Fed. Trade Comm'n v. Acquinity Interactive, LLC*, 14-60166-CIV, 2021 WL 3603594, at *8 (S.D. Fla. Aug.

13, 2021) ("Supreme Court and Eleventh Circuit precedent makes clear that in the context of contempt, district courts have the 'power ... to order' the payment of damages 'caused by ... violations of the decree' up to the 'requirements of full remedial relief.' … The Eleventh Circuit has also observed that district courts have 'extremely broad and flexible powers' in the contempt context, limited only by the require that such contempt sanctions be 'compensatory.'").

14.     Defendants, therefore, respectfully request the Court to hold Plaintiff in contempt of Court, to award Defendants their reasonable attorney's fees and costs in connection with attempting to compel Plaintiff to comply with the Court's Sanctions Orders (DE 140 and DE 215), and to issue such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on January 26, 2022, on all counsel or parties of record on the Service List below.

 /s/ Victor M. Velarde

Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST | |
| --- | --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

4