**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

     v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

     Defendants.

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO HOLD PLAINTIFF IN CONTEMPT OF COURT [DE 271]

Plaintiff, Unisource Discovery, Inc., by and through its undersigned counsel, files its

Response to Defendants' Motion for Contempt [DE 271], and states,

### PRELIMINARY STATEMENT

Prior to responding to Defendants in-kind, the Plaintiff continues to represent to this

Honorable Court that it will make an initial [smaller] payment and thereafter monthly installment

payments until the sanction amount is satisfied.  Plaintiff has advanced this offer a few times and

still believes this is the critical path toward resolution.

Notwithstanding, despite Plaintiff filing its motion for reconsideration still pending [DE

255] the Defendants acknowledge that on January 25, 2022, the Court denied Defendants' Motion

to Strike [DE 246] relating to Plaintiff's inability to comply with the Court's Order [DE 215]. *See*

Order [DE 268]

Effectively, without applying the proper legal analysis the Defendants argue two (2)

generalized points: 1)  " … while Plaintiff has claimed an inability to pay the Sanctions Order (DE

140), Plaintiff's own documentation confirmed that Plaintiff had more than sufficient funds to pay the Sanctions Order and chose not to pay;); and 2) Defendants want additional sanctions because ".Consequently, the Court has twice denied Plaintiff's "inability to pay" claim. See Order (DE 215) at p. 1 (denying Plaintiff's Motion DE 205, wherein Plaintiff claimed an inability to pay); see also Order (DE 239) at p. 1 (denying Plaintiff's Motion for Reconsideration DE 224, wherein Plaintiff again argued an inability to pay). 10."

Notwithstanding, while the Defendants have simply not described specifically just how the Plaintiff's bank statements show "sufficient funds" without assumptions and proposition, the Plaintiff will address Defendants arguments for contempt and more-so attempt to address resolution of this matter.

## **DISCUSSION**

### A.      **Standard of Review**

District courts have inherent power to enforce compliance with their orders through civil contempt. E.*g. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *FTC v. RCA Credit Servs., LLC,* No. 8:08-cv-2062-T-27MAP, 2011 WL 5924969, at 1 (M.D. Fla. Oct. 5, 2011); *FTC v. Slimamerica,* No. 97-CIV-06072, 2011 WL 882109, at 3 (S.D. Fla. March 9, 2011); *SEC v. Solow*, 682 F. Supp.2d 1312, 1324 (S.D. Fla.), aff'd 396 F. App'x 635 (11th Cir. 2010). "A finding of civil contempt must be supported by clear and convincing evidence that 'the allegedly violated order was valid and lawful; . . . the order was clear and unambiguous; and the . . . alleged violator had the ability to comply with the order.'" *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010)

The absence of willfulness is not a defense to a charge of civil contempt. *Leshin*, 618 F.3d at 1232. "[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Id.*

2

B.        **Plaintiff has Demonstrated Its Temporary Hardship And Inability to Pay.**

As an initial matter, as clearly understood and obvious, the Plaintiff is responding to Defendants' Motion for Contempt [DE 271]. However, the Defendants, as the party seeking an order of civil contempt, has burden of demonstrating by clear and convincing proof that:

"1) the allegedly violated order was valid and lawful;

2) the order was clear, definite and unambiguous; and

3) the alleged violator had the ability to comply with the order."

*McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)

Placing aside the burden of clear and convincing evidence that was not even addressed by the Defendants in their Motion for Contempt [DE 271], the Defendants' Motion is entirely devoid of this required three-step analysis for contempt and on this basis the Plaintiff must oppose and Object.

Nonetheless, Plaintiff has (and/or will continue if necessary) to demonstrate its inability to comply with the Court's Orders [DE 140 and DE 215] . *U.S. v. Coulton*, 594 F. App'x 563, 568 (11th Cir. 2014) ( a party may claim "inability to pay a sanction" as a defense to a contemplated sanction.); *Sussman v. Salem, Saxon & Nielsen, P.A.,* 150 F.R.D. 209, 217 (M.D. Fla. 1993) (explaining that the Court "need not explicitly, or even implicitly, evaluate a person's ability to pay a sanction *unless that person asserts to the . . . court an inability to pay the sanction*") (emphasis added)

In addition, the Plaintiff has already and will continue to go beyond mere assertions by continuing to introduce more concrete evidence in support of its claim. *See Combs v. Ryan's Coal Co., Inc.,* 785 F.2d 970, 983-984 (11th Cir. 1986) ("It may be that [defendant] lack[s] the present ability to pay the obligation … But [his] failure to make all reasonable efforts to demonstrate that

3

fact for the court means [he was] properly held in contempt."); *see also United States v. Hayes,* 722 F.2d 723, 725 (11th Cir.1984); *United States v. Rylander*, 460 U.S. 752, 757, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983).

In light of Plaintiff's burden, The Eleventh Circuit has articulated a three-pronged standard for establishing an "inability to comply" defense contempt. The alleged contemnors must establish that:

(1) they were unable to comply, explaining why categorically and in detail;

(2) their inability to comply was not self-imposed; and

(3) that they made, in good faith, all reasonable efforts to comply.

*See CFTC v. Wellington*, 950 F.2d 1525, 1529 (11th Cir. 1992); *Federal Trade Comm'n v. Affordable Media, LLC,* 179 F.3d 1228, 1241 (9th Cir. 1999)

As explained above, and more fully below, when Plaintiff provided its verified responses and supporting documents (i.e., the bank statements) and an immediate payment plan, it certainly made "in good faith all reasonable efforts" to meet the terms of the Court Orders. *Wellington*, 950 F.2d at 1529; *see also Combs*, 785 F.2d at 984 ("We construe this requirement strictly. 'Even if the efforts he did make were "substantial," "diligent" or "in good faith," … the fact that he did not make "all reasonable efforts" establishes that [respondent] did not sufficiently rebut the … prima facie showing of contempt.") (*citing Hayes*, 722 F.2d at 725)

    i.      <u>Plaintiff's explanation as to its inability to comply is " …categorically and in detail."</u>

In Plaintiff's response to this Court's Orders [DE 140 and DE 215], the Plaintiff provided Defendants and this Court verified bank statements that evidences its temporary hardship.  These bank statements, in itself, shows the floating balance has recently caused Plaintiff Unisource to be nearly insolvent during this period of time.

As would be expected under these circumstances, Plaintiff's corporate bank accounts reflect the receipt and disbursal of certain sums, with a modest amount of funds passing through the account in those months. The deposits correspond in date or amount to recorded payments and business expenditures. When verifying these bank statements, Plaintiff freely offered its honest explanation and did not invoked privilege or similar.

In addition to having modest income and recent subpar net cash flow, Plaintiff's assets are equally shared with Defendants [as shareholders], most of which do not appear to be relatively liquid.

As explained in Plaintiff's multiple response to Defendants [too] numerous sanctions motions, and now Defendants' contempt motion [DE 271] (all on this same sanction matter), it believes this hardship will be temporary.  And as clearly shown after months of continuing to address this matter, the Plaintiff is fully aware that it "bears the burden of producing evidence of his inability to comply" with the order. *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995),  *United States v. Rylander*, 460 U.S. 752, 757 (1983); *McPhaul v. United States*, 364 U.S. 372, 379 (1960); *Maggio v. Zeitz*, 333 U.S. 56, 75-76 (1948).

Respectfully, Plaintiff believes that the submitted bank statements "…categorically and in detail …" provide support to Plaintiff's honest representation.  *In re Power Recovery Sys. Inc.*, 950 F.2d 798, 803 (1st Cir. 1991).  Nevertheless, if requested by the Court the Plaintiff will offer more supporting documents or otherwise.

ii.      Plaintiff's inability to comply was not self-imposed.

Here, there is nothing in the record or argued by Defendants to suggest that the inability to comply is, or was, somehow self-imposed.

5

If anything, the bank statements that reflect the Plaintiff's daily financial activity (expenditures/income/net revenue) shows that Plaintiff did not self-create its own financial hardship.

To do so would be impossible under these circumstances.

The Plaintiff and the Defendants (whom are shareholders of Plaintiff Unisource) have complete financial transparency and control the finances of the Plaintiff Unisource. Again, and if anything, any hardship that was "self-imposed" would be directly caused by Defendants damaging actions that caused financial injuries upon Plaintiff and the filing of Plaintiff's Complaint [DE 01].

    iii.    <u>Plaintiff made, in good faith, all reasonable efforts to comply</u>

Here, and simply put, Plaintiff has not demonstrated a repeated failure to disclose its financial accounts and offered the resolution to pay an amount toward compliance and thereafter monthly installment payments.  In no manner does Plaintiff's efforts show a flagrant disregard for the Court's authority but rather a good faith effort to make "… all reasonable efforts …" at purging its contempt.

The Eleventh Circuit has noted that the "requirements of due process in a civil contempt proceeding are flexible, varying with the circumstances of each case." *Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990).

    C.    **Defendants Have Not Incurred Additional Losses**

Through their motion for contempt [DE 271], the Defendants are attempting to have this Court effectively increase the sanction award given that Plaintiff's non-compliance has continued.

However, the Defendants make these repeated arguments despite multiple court orders attempting to resolve this matter coupled with Plaintiff's ongoing and sincere attempts to resolve as soon as possible.  For example, on January 12, 2022 the Plaintiff's recently filed its second

motion for reconsideration [DE 255] making a continued good-faith offer for an immediate payment and thereafter an installment payment plan -- yet, ignoring Plaintiff's motion for reconsideration and efforts the Defendants still are expending time and funds to file motions such as their motion for contempt. *Granfinanciera, S.A. v. Nordberg* (In *re Chase & Sanborn Corp.*), 872 F.2d 397, 400-01 (11th Cir. 1989) ( the Court may impose civil contempt sanction *for either or both* of two distinct purposes " … to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as the result of the defendants' contumacy.").

Given the multiple, and many "rapid-fire" motions for sanctions filed by Defendants – with the real strategic goal of having the case dismissed prior to trial – any additional losses sustained by Defendants are created specifically for this argument.

D. **Conclusion**

All and all, the Plaintiff believes it has argued against Defendants Motion for Contempt [DE 271] with sensible arguments that is well grounded in legal support. However, besides denying Defendants' Motion, as mentioned the critical path is resolution of this sanction matter to prevent further multiple motions filed by Defendants. Plaintiff has repeatedly made sincere suggestions for resolution and if there is anything further this Court's wishes to evaluate the Plaintiff will cooperate and its fullest extent under the law.

WHEREFORE, the Plaintiff, Unisource Discovery, requests that this Court deny Defendants' Motion for Sanctions [DE 271] and any other relief this Court finds is just and fair.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven

7

Cerasale, individually on this 3rd day of February, 2022.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes,
Esq. Florida Bar No.
251010 Email:
ddvlaw@gmail.com
ddv@ddvlawgroup.com

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.