**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE   DISCOVERY,   LLC,   a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO**
**REPORT AND RECOMMENDATION (DE 262)**

Defendants hereby file their Response to Plaintiff's Objections to the Report and Recommendation (DE 262) relating to Defendants' Motion for Summary Judgment.

**ARGUMENT**

Plaintiff objects as follows: (1) "Defendants' Counterclaim for Cancellation of Trademark is invalid because it fails to satisfy the pleading requirements of Rule 9(b)"; and (2) Defendants' Motion for Summary Judgment "is not supported by any evidence of fraud." Objection at pp. 2–3.

Both of Plaintiff's objections lack merit and should be denied.

**I.    Defendants' Counterclaim satisfies Rule 9(b).**

As Plaintiff contends, "[a] complaint satisfies Rule 9(b) when it sets forth: (1) precisely what statements were made in what documents or oral representations …, and (2) the time and place of each such statement and the person responsible for making … same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Objection (DE 262) at p. 5 (quoting *Kammona v. Onteco Corp.*, 587 F. App'x 575, 581 (11th Cir. 2014)).

The Counterclaim indisputably satisfies each of those four requirements.

As to the first requirement (i.e., "precisely what statements were made in what documents"), the Counterclaim alleges as follows:

> [Plaintiff's] Trademark registration application included the following material misrepresentations:
>
> a.      [Plaintiff] claimed that it was the "owner" of the Mark when, in reality, Unisource California was the owner.
>
> b.      [Plaintiff] claimed that it first used the Mark "as early as March 1, 2001" when, in reality, Unisource Florida did not use the Mark until after it was incorporated in June 2006. …
>
> c.      [Plaintiff] falsely claimed … "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource California … had been using the Mark since 2001, and had every right to continue using the Mark.

Counterclaim (DE 81-2 and 166) at ¶ 30; *see also id*. at ¶¶ 68–72. In other words, the Counterclaim specifically quotes the exact misrepresentations Plaintiff made and identifies the document where the Plaintiff made those misrepresentations (Plaintiff's trademark registration application).

As to the second requirement (i.e., "the time and place of each such statement and the person responsible for making … same"), the Counterclaim specifically alleges that "[o]n October 15, 2008, [Plaintiff] (through Noel Mijares) filed a registration with the U.S. Patent and Trademark Office to register the Mark," which contained the misrepresentations. *Id*. at ¶ 29.

As to the third requirement (i.e.,  "the content of such statements and the manner in which they misled"), Defendants set forth—with direct quotations—the content of each of Plaintiff's misrepresentations. *Id.* at ¶¶ 30, 66–71. Defendants also alleged how the misrepresentations misled the USPTO—i.e., Plaintiff secured the trademark registration.

As to the fourth and final requirement (i.e., "what the defendants obtained as a consequence of the fraud"), the Counterclaim specifically alleges that Plaintiff's fraud caused the USPTO to register the trademark. *Id.* at ¶ 72.

To be clear, Plaintiff's Objection (DE 262) does not dispute the above.

Rather, Plaintiff's Objection argues that "a Federally registered 'Mark' and a common law 'Mark' are very different" and, therefore, the Counterclaim's "general reference to 'Mark' is legally inaccurate." Objection (DE 262) at p. 6. Plaintiff concludes that it "objects to permitting the Defendants to use the general reference 'Mark' because it connotes a 'federal trademark' and/or a 'Florida' common law trademark to a jury that would not be accurate." *Id.*

Defendants respectfully submit that this argument is a red herring and a non-sequitur.

To begin, the Counterclaim defines the term "Mark" with a picture of the mark that Defendants created in 2001. *See* Counterclaim (DE 81-2 and 166) at ¶ 8. The Counterclaim, therefore, does not make any "general reference to 'Mark.'"

Moreover, Plaintiff's contention that the allegations of the Counterclaim would "connote … to a jury" something that Plaintiff considers to be "not accurate" is a red herring. What might or might not be implied to a jury is not relevant in the context of Defendants' Motion for Summary Judgment.

Finally, Rule 9 (which is the basis of Plaintiff's Objection) does not govern what should or should not be presented to a jury.

**II.      Defendants' Motion for Summary Judgment was supported by clear and convincing evidence of Plaintiff's intent to defraud the USPTO.**

Defendants' Motion for Summary Judgment (DE 151) was based upon the following three representations Plaintiff made to the USPTO (knowing that they were false):

> First Lie:      "[N]o other person, firm, corporation, or association has the right to use the mark in commerce."
>
> Second Lie:   "[Plaintiff] believes [itself] to be the owner of the trademark/service mark sought to be registered."
>
> Third Lie:    Plaintiff first used the subject mark "[a]t least as early as 03/01/2001."

*See* Pl.'s Trademark Application (DE 150-4) at pp. 2, 4.

**A.      Evidence submitted as to the first lie—i.e., "no other person, firm, corporation, or association has the right to use the mark in commerce."**

Plaintiff admitted at its deposition that it knew and believed that Defendant Unisource Discovery, LLC (i.e., "another person") had the right to use the mark:

> Q.      … [A]s to the use from 2006 through 2009, before the registration of the trademark, Unisource Discovery, LLC had the right to use the mark in its business, correct?
>
> A.      I think I've already answered that multiple times.
>
> Q.      Well, I apologize. I just want to summarize. So that's correct: that Unisource Discovery, LLC had the right to use the mark in its business from 2006 to 2009, right?
>
> A.      Yes.

Pl.'s Dep. (DE 150-10) at 213:13–24; *id.* at 140:9–13 ("Q. … before the registration of the trademark of the logo, Unisource Discovery, LLC and Unisource Discovery, Inc. both had the right to use the logo in their business, correct? A. Yes.").

The Eleventh Circuit made clear that "to prove the fraud claim based on misrepresentations in the declaration oath, [the moving party] was required to establish that [the plaintiff] 'was aware other organizations were using the ... mark … and 'knew or believed' those other organizations

4

had a right to use the mark.'" *Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of St. John of Jerusalem, Knights of Malta, Ecumenical Order*, 702 F.3d 1279, 1290 (11th Cir. 2012).

Plaintiff admitted that it was aware, knew, and believed that Defendant Unisource Discovery, LLC had the right to use the subject mark when Plaintiff submitted its trademark application. Nonetheless, Plaintiff represented to the USPTO that "no other person, firm, corporation, or association has the right to use the mark in commerce." Trademark Registration (DE 150-4) at p. 4.[1]

This misrepresentation, alone, is sufficient to grant summary judgment. *See, e.g.*, *MPC Franchise, LLC v. Tarntino*, 826 F.3d 653, 660–61 (2d Cir. 2016) (affirming summary judgment to cancel a trademark based upon fraud because "no material issue of fact existed as to [the applicant's] *actual knowledge* of falsity with respect to the misrepresentations," which included that the applicant "knew that others had rights to use the mark").

"[T]he mere fact that [Plaintiff] by his own admission asserts that he submitted the application while having held such a belief entails clear and convincing evidence of having knowingly made false, material misrepresentations as to exclusivity of use on their registration application with the Patent and Trademark Office. Consequently, this Court will grant Plaintiff's motion for summary judgment on cancellation of registration." *E. W., LLC v. Rahman*, 896 F. Supp. 2d 488, 509 (E.D. Va. 2012).

---

[1] Plaintiff again confirmed this fact at the December 9, 2021 hearing: "Q. So my question is, Unisource Discovery, LLC had the right to use that logo, correct, in its business? A. Yes. Both companies had -- excuse me, both companies had the right to use the logo in the business. Q. Right. And obviously that was not a secret, right? You knew that at that time period? ***You and the plaintiff both knew that during 2006 and 2009?*** A. The public knew that. Q. But the plaintiff knew that? ***A. The plaintiff very well knew that, yes***." Hr. Tr., Dec. 9, 2021 (DE 272) at 30:23–31:7 (emphasis added).

**B.**      **Evidence submitted as to the second lie—i.e., "[Plaintiff] believes [itself] to be the owner of the trademark/service mark sought to be registered."**

Defendants' Declaration (DE 150-1) confirmed that Defendant Unisource Discovery LLC (1) owned the subject mark and name at all times and (2) "did not sell any of its rights to the name … or the Mark to [Plaintiff]." *See* Defs.' Decl. (DE 150-1) at ¶ 17. Plaintiff's Response to Defendants' Motion for Summary Judgment (DE 174) did not argue otherwise—or present any rebutting evidence.

Rather, Plaintiff confirmed that in "the year 2006 Operating Shareholder Agreement the parties contractually agreed to ***permit*** Plaintiff to use the logo." Opposition (DE 174) at p. 11. Plaintiff also clearly attested under oath that it "had full rights under ***implied license to use the name and logo until year 2010***" and that "Steven Cerasale by his own actions and investment, provided [Plaintiff] a ***license to use*** the name and logo and therefore [Plaintiff] had full rights and undisputed permission from 2006 … until 2010." Pl. Aff. (DE 182-1) at ¶¶ 10, 13 (emphasis added).[2]

The record evidence, therefore, clearly and unequivocally establishes that Plaintiff subjectively believed it did ***not*** own the subject mark/logo or the name in October 2008 (i.e., when it submitted its trademark application to the USPTO). Despite its own admitted knowledge/belief, Plaintiff represented to the USPTO that "[Plaintiff] believes [itself] to be the owner of the trademark/service mark sought to be registered." Pl.'s Trademark Application (DE 150-4) at p. 4.

---

[2] Plaintiff argued that ownership of the subject mark/logo and name was transferred to Plaintiff in 2010 as part of the Close Corporation Shareholder Agreement. Opposition (DE 174) at p. 11. This contention of ownership in 2010 is disputed. But what is not disputed is that Plaintiff did not own, and did not believe itself to be the owner of, the subject mark/name when it submitted the trademark registration to the USPTO.

**C.     Evidence submitted as to the third lie—i.e., Plaintiff first used the subject mark "[a]t least as early as 03/01/2001."**

Plaintiff admitted that it did not use the subject mark/logo and name until after June 15, 2006. *See* Pl.'s Dep. (DE 150-10) at 105:21–25; *see also* Plaintiff's Responses to Request for Admissions (DE 150-5) at ¶¶ 1–2. The Magistrate Judge found that this misrepresentation was not material.

**D.     Plaintiff's did not rebut any of the above evidence.**

Plaintiff's Response to Defendants' Motion for Summary Judgment (DE 174) did not submit a Statement of Material Facts and did not submit any documentation to dispute any of the record evidence presented by Defendants.

In fact, Plaintiff's affidavit supporting its Response (DE 174-1) attested as follows:

> [Plaintiff's] recollection of every detail, and every step in the trademark application process is not as sharp as if it was yesterday, last month, or in the last few years. Much of what Defendants are alleging occurred before 2009. …
>
> Because this was so long ago, I really cannot offer the finite details as to what occurred and/or did not occur when the logo was registered as a trademark.

Pl.'s Affidavit (DE 174-1) at ¶¶ 4, 12. In other words, Plaintiff confirmed that it does not have any foundation to deny Defendants' evidence of Plaintiff's fraud. Plaintiff confirmed it could not remember what happened when it filed the trademark application with the USPTO.

Plaintiff's Objection now argues that despite the unrebutted evidence showing that Plaintiff knowingly misrepresented facts to the USPTO, there is no evidence that Plaintiff "subjectively intended" to defraud the USPTO. Objection (DE 262) at p. 8. Plaintiff seems to argue that it can survive summary judgment merely because it has not explicitly confessed that it "subjectively intended" to defraud (regardless of the fact that the evidence shows that Plaintiff ***knowingly*** misrepresented material facts). Of course, that is not the law.

The Eleventh Circuit has confirmed that "[a]n applicant commits fraud when he 'knowingly makes false, material representations of fact in connection with an application for a registered mark.'" *Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of Malta*, 702 F.3d at 1289. For self-evident reasons, a confession of "subjective intent to defraud" is not required. Rather, what is required is a clear and convincing showing that the applicant "knowingly made false, material representations of fact." Defendants have met that burden as explained above.

Courts have granted summary judgment on fraud-based claims for trademark cancellation upon evidence that is substantially similar to that presented by Defendants in this case.

For example, the Second Circuit in *MPC Franchise, LLC v. Tarntino* affirmed a summary judgment granting trademark cancellation on the basis of fraud. 826 F.3d 653 (2d Cir. 2016). The Second Circuit held that the applicant "possessed the requisite degree of scienter" because he "knew that others had rights to use the mark" and "was well aware of multiple other [ ] locations that were using the mark in the precise same capacity in which he applied for the mark." *Id.* at 661. Based upon those facts, the Second Circuit held that "no material issue of fact existed as to whether [the applicant] knowingly made false, material representations in his application." *Id.*

Moreover, the District Court in *E. W., LLC v. Rahman* also granted summary judgment on a trademark cancellation claim based upon fraud. 896 F. Supp. 2d 488 (E.D. Va. 2012). The District Court found that "[a]t the time they filed their application …, [the applicants] did not have exclusive or even substantially exclusive use of the trade name" because they "previously transferred their rights to the name … to [the opposing party]" in a certain area, and therefore, the applicants' "claim of exclusive use is a false, material representation of fact." *Id.* at 509. The District Court then squarely addressed the necessary level of "scienter"—i.e., the applicants' "intent to deceive the Patent and Trademark Office in the registration." The District Court held

8

that the applicants "had actual knowledge that [the opposing party] was using the [subject] name … in commerce well before he filed his application to trademark registration" and "the mere fact that [the applicant] by his own admission asserts that he submitted the application while having held such a belief entails clear and convincing evidence of having knowingly made false, material misrepresentations as to exclusivity of use on their registration application with the Patent and Trademark Office. Consequently, this Court will grant Plaintiff's motion for summary judgment on cancellation of registration." *Id.* at 508–09.

Like the moving parties in the above cases, Defendants here have presented unrebutted evidence that Plaintiff had actual knowledge that its representations to the USPTO were false. Importantly, Plaintiff does not argue otherwise. Plaintiff does not—and cannot—argue that it believed that no other person had the right to use the subject mark (the first lie) because Plaintiff admitted that Defendant Unisource Discovery LLC had unlimited right to use the mark. Plaintiff does not—and cannot—argue that it believed that it owned the subject mark (the second lie) because Plaintiff admitted that it merely had an "implied license" and was merely "permitted" to use the mark/name and believed that it did not own the mark/name until ownership was allegedly transferred in 2010. [3]

---

[3] It is Defendants' position that Plaintiff does not currently own, and has never owned, the subject mark or name. However, for the purpose of Defendants' Motion for Summary Judgment only, Plaintiff's belief that it did not own the subject mark/name until 2010 is not disputed. The point is that Plaintiff admitted that when it submitted its trademark application to the USPTO in October 2008, Plaintiff subjectively believed it did not own the mark or name.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:  (305) 789-9201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on February 3, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |  |
| :---: | :---: |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** |  |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* |  |

10