**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO**
**REPORT AND RECOMMENDATION (DE 267)**

Defendants hereby file their Response to Plaintiff's Objections to the Report and Recommendation (DE 267) relating to Plaintiff's Motion for Preliminary Injunction.

**ARGUMENT**

I. **Plaintiff does not object to the Magistrate Judge's finding that "Plaintiff failed to establish irreparable harm." Report and Recommendation (DE 250) at p. 16.**

Plaintiff's Objection (DE 267) does not object to the Magistrate Judge's finding that Plaintiff failed to establish irreparable harm. And Plaintiff concedes that a showing of irreparable harm is essential to the entry of a preliminary injunction. *See* Objection (DE 267) at p. 4.

This, alone, warrants a denial of Plaintiff's Objection.

In any event, Plaintiff waited more than 15 years since it knew Defendants were using the Mark; more than 11 years since the Mark was registered; and more than 11 months after it filed its Complaint before filing its motion seeking preliminary injunction. Plaintiff's delay confirms that there is no irreparable harm. *See Seiko Kabushiki Kaisha v. Swiss Watch Int'l, Inc.*, 188 F. Supp. 2d 1350, 1355–56 (one year delay between knowledge of defendant's activities and filing lawsuit failed to show irreparable harm); *Wreal LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2015 WL 12550932, at *2 (S.D. Fla. Feb. 3, 2015), *aff'd*, 840 F.3d 1244 (11th Cir. 2016) (five month delay

in moving for preliminary injunction failed to show irreparable harm); *Del Monte Int'l, GMBH v. Ticofrut S.A.*, No. 16-23894-CIV, 2017 WL 3610582, at *12–13 (S.D. Fla. Mar. 7, 2017) (two-year delay in moving for preliminary injunction from the time the plaintiff was aware of defendant's activities failed to show irreparable harm); *Domond v. People Network APS*, No. 16-24026-CIV, 2017 WL 5640732, at *4 (S.D. Fla. Jan. 5, 2017) (four-year delay between knowledge of defendant's activities and filing motion for preliminary injunction shows that plaintiff would not suffer irreparable harm); *Pals Grp., Inc. v. Quiskeya Trading Corp.*, 2017 WL 532299, at *6 (S.D. Fla. Feb. 9, 2017) ("Plaintiff sat on its rights for three months … [and] failed to offer any explanation for its three-month delay.").

And even if Plaintiff had not delayed (for years), Plaintiff has not presented any evidence of irreparable harm. Plaintiff's failure to show irreparable harm and failure to object to the Magistrate Judge's finding of no irreparable harm, by itself, warrants denial of Plaintiff's Objection (DE 267).

Nonetheless, each of Plaintiff's objections will be addressed herein.

## II.     Plaintiff's Objection Nos. 1 and 2.

Plaintiff objects to the following two factual findings of the Magistrate Judge:

> "Unisource LLC continued using the Unisource Mark without objection from Unisource Inc., who did not seek a licensing agreement from Cerasale or Unisource LLC"; and

> "Since that time: both Plaintiff and Defendants have used the Unisource Mark; Plaintiff has been aware of Defendants' use of the Unisource Mark; and Plaintiff has not restricted Defendants' ability to use the Unisource Mark or sought a licensing agreement from Unisource LLC or Cerasale to use the Unisource Mark."

Objection (DE 267) at p. 6.

Importantly, Plaintiff does not contend that either of these factual findings is inaccurate. It is true—and undisputed—that Defendants have used the subject Mark without objection from

2

Plaintiff from 2001 through to February 2020. It is also undisputed that Plaintiff was well aware of Defendants' use of the subject Mark.

It further is undisputed that Plaintiff did not seek a licensing agreement from either of Defendants. Hr. Tr., Dec. 9, 2020 (DE 272) at 30:7–18 (Plaintiff's testimony: "Q. … You never asked for a licensing agreement from Unisource Discovery, LLC from 2009 through February 1, 2020, correct? A. That is correct.").

Plaintiff's Objection (DE 167) does not contend otherwise. Rather, Plaintiff argues that "Plaintiff is not required to enter into a ***written*** license agreement" and that the law somehow imposed an "implied license." Objection (DE 267) at p. 6. The fact that the parties did not enter into a written license agreement is undisputed. This is not the proper subject of an objection.

## III.    Plaintiff's Objection Nos. 3 and 4.

Plaintiff then objects to the following finding of the Magistrate Judge:

> "Although Plaintiff registered the Unisource Mark with the USPTO in 2009 and the Shareholder Agreement signed by Cerasale and Mijares in 2010 allowed Plaintiff to use the Unisource Mark, it did not in fact restrict Defendants use of the Unisource Mark. …. Thus, the undersigned rejects Mijares' claim that the 2010 close corporation Shareholder Agreement gave Plaintiff exclusive rights to use the Unisource Name and Unisource Mark and accepts Cerasale's claim that the 2010 close corporation Shareholder Agreement did not transfer ownership of the Unisource Mark or the Unisource Name to Plaintiff, but merely gave Plaintiff the right to use them"; and

> "[T]he 2010 close corporation Shareholders Agreement did not transfer ownership of the Unisource Mark or the Unisource Name to Plaintiff, but merely gave Plaintiff the right to use them …."

Plaintiff's Objection (DE 267) at pp. 7, 11.

Here, the Magistrate Judge correctly found that (1) Plaintiff registered the subject Mark with the USPTO (which is undisputed); and (2) that the 2010 Close Corporation Shareholder

3

Agreement "did not … restrict Defendants' use of the Unisource Mark" and "did not transfer ownership of the Unisource Mark or the Unisource Name to Plaintiff."

Plaintiff argues that the 2010 Close Corporation Shareholder Agreement used "the words '… or otherwise,'" which (in turn) somehow suggests that "the parties intended to … encompass[] … Plaintiff's ownership." Plaintiff's Objection (DE 267) at p. 8.

To be clear, the following is the provision that Plaintiff is referring to:

> UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL is a registered US trademark of the Company. Without limiting the foregoing, the parties agree that the Company shall be entitled to use the trademark "Unisource Discovery," as part of its corporate name, Unisource Discovery, Inc., or as a fictitious business name, or otherwise.

2010 Close Corporation Shareholder Agreement (DE 150-6) at p. 2.

By its clear terms, the above provision of the 2010 Close Corporation Shareholder Agreement gave Plaintiff the right to "use the trademark" in its business. Nothing in the Agreement transfers any ownership of the subject Mark or name to Plaintiff. And nothing in the Agreement grants any sort of exclusive right to Plaintiff.

In fact, Plaintiff has already testified that the Agreement does ***not*** transfer any ownership rights to Plaintiff. *See* Pl.'s Dep. (DE 150-6) at 110:1–111:5 (testifying that the "2010 Closed Corporation Shareholder Agreement … doesn't change the facts at all. … It doesn't change the fact of who owns the trademark; it doesn't change the facts of who owns the name").

Plaintiff's Objection goes on to claim that "[t]here is no testimony or evidence in the record that is inconsistent with … the parties intent that the Mark is owned by Plaintiff." Objection (DE 267) at p. 8. Of course, this contention is plainly false.

The record is replete with evidence confirming that Defendants—not Plaintiff—own the subject Mark and never transferred any ownership of the Mark or name to Plaintiff.

For example, in their Declaration to support their Motion for Summary Judgment (DE 150-1), Defendants attest that all parties "agreed and understood that [Defendant] Unisource California would continue to own, control, and use the name 'Unisource Discovery' and the Mark without restriction" and that Defendants "did not sell any of its rights to the name … or to the Mark to [Plaintiff]." Defs.' Decl. (DE 150-1) at p. 3.

At the December 9, 2021 evidentiary hearing, Defendants Steven Cerasale was asked "[d]id you ever transfer any ownership of that logo to the plaintiff?" Hr. Tr., Dec. 9, 2021 (DE 272) at 55:7–9. Mr. Cerasale answered "no." *Id.* at 55:10. Mr. Cerasale was also asked, "[d]id you ever transfer any ownership of the name to the plaintiff?"—and Mr. Cerasale again answered "no." *Id* at 55:10–12.

In sum, the 2010 Close Corporation Shareholder Agreement plainly does not provide that Plaintiff is the owner of, or is transferred ownership to, the subject name or logo. And the record establishes that neither of Defendants ever transferred ownership of the name and logo to Plaintiff. Plaintiff's Objection Nos. 3 and 4, therefore, should be denied.

## IV.     Plaintiff's Objection No. 5.

Finally, Plaintiff objects to the following finding of the Magistrate Judge:

> "In 2006, Cerasale and Mijares formed Unisource Inc. and Cerasale allowed Plaintiff to begin using the Unisource Mark as part of their joint venture to expand the 'Unisource Discovery' brand beyond California. Since that time: both Plaintiff and Defendants have used the Unisource Mark; Plaintiff has been aware of Defendants' use of the Unisource Mark; and Plaintiff has not restricted Defendants' ability to use the Unisource Mark or sought a licensing agreement from Unisource LLC or Cerasale to use."

Objection (267) at p. 11.

Plaintiff objects that the 2010 Close Corporation Shareholder Agreement "does 'restrict' Defendants' use [of the subject Mark]." *Id.* Plaintiff contends that the 2010 Close Corporation

Shareholder Agreement restricts Defendant Steven Cerasale from engaging in "actions that could harm or conflict with the interest of Plaintiff" because the Agreement includes "numerous contractual fiduciary duties." *Id.* Plaintiff's objections fails and should be denied for several reasons.

First, it is undisputed that Defendant Unisource Discovery LLC is not a party to the 2010 Close Corporation Shareholder Agreement. *See* Pl.'s Dep. (DE 150-10, DE 203-1) at 110:12–16 ("And the agreement in 2010, just like the agreement that was previous, in 2006, do not detail Unisource Discovery, LLC ***because it is a nonparty*** to any of the transactions that occurred in Florida." (emphasis added)); Defs. Decl. (DE 150-1) at p. 6 ("Unisource California … was not a party to the Close Corporation Shareholder Agreements."). Therefore, the fact that the 2010 Closed Corporation Shareholder Agreement included a provision for "contractual fiduciary duties" does not affect the analysis as to Defendant Unisource Discovery LLC.

Second, nothing in the 2010 Close Corporation Shareholder Agreement in any way governs how either of Defendants use the subject mark and logo.

Finally, Plaintiff does not—and cannot—identify any record evidence or even proffer any facts that show how Defendants were "restricted" in any way in their use of the subject Mark and name. The record actually irrefutably establishes the opposite: "Q. … Unisource Discovery, LLC has used the mark from 2006 through 2020, ***without restriction***, correct? … A. I said, 'Yes. Correct.'" Pl. Dep. (DE 203-1) at 216:10–15 (emphasis added); *see also* Hr. Tr., Dec. 9, 2020 (DE 272) at 30:7–18 (Plaintiff's testimony: "Q. … You never asked for a licensing agreement from Unisource Discovery, LLC from 2009 through February 1, 2020, correct? A. That is correct. Q. And during that time period, Unisource Discovery, LLC had the right to use the mark without restriction, correct? A. We had the right until we revoked the right in 2020."); *id.* at 53:21–54:19

(Defendants' testimony: "Q. Has anyone ever restricted your ability to use that logo? A. No. …

Q. Throughout Unisource Discovery LLC's existence, has … plaintiff in this case ever told you

how to use that logo? A. No. Q. Has the plaintiff ever said you can't use the logo a certain way?

A. No.").

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

*Counsel for Defendants*

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on February 8, 2022, on all counsel or parties of record on the Service List below.

      /s/ Victor M. Velarde
      Victor M. Velarde
      Fla. Bar No. 105620

| **SERVICE LIST**<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |