**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY, INC. MOTION FOR RECONSIDERATION**
**OF THIS COURT'S MARCH 9, 2022, ORDER [DE 289]**

Plaintiff, Unisource Discovery, Inc., pursuant to Federal Rule 60, files its Motion For

Reconsideration Of This Court's March 9, 2022, Order [DE 289], and states,

**RELEVANT BACKGROUND**

As an initial matter, Defendants recently filed their Motion For Contempt [DE 290] making

another effort to sanction Plaintiff. Therein, the Defendants recitation of the parties

communications/conferring is cursory and inaccurate – specifically, Defendants literally cherry-

picked the most facially compelling emails that were cited *out-of-context* in relation to the entire

email exchange. Therefore, Defendants method of citing these *out-of-context* email exchanges did

manipulate the actual dialogue that occurred.[1]

---

[1] For example, in Defendants Motion for Contempt [DE 290] they selectively represented in ¶ 5 that "*At 3:18 p.m. that same day, Plaintiff responded by again confirming "[w]e are objecting to your fees, as they are unreasonable … We still object*."

However, Defendants did not disclose to the Court that Plaintiff served more than one objection upon Defendants via email. Indeed, on March 11, 2022 the Defendants admitted in writing that Plaintiff provided them more than one objection.  Defendants never disclosed Plaintiff's several objections and selectively chose only one objection, presumably for strategic purposes.

On February 18, 2022, the Defendants filed their Statement of Reasonable Attorney's Fees pursuant to the Court's Order [DE 279] seeking an additional sanction award of $4,473.00. [DE 285].

Upon receiving Defendants' Statement of Reasonable Attorney's Fees [DE 279], and under Local Rule 7.1 and well as the Federal Procedural Rules, the parties entered into a protracted series of email discussions that continued until the Court entered its Order on March 9, 2022. [DE 289]

Then, Defendants filed their Motion for Contempt [DE 290] on March 10, 2022.

As raised and cited below, and as confirmed by Defendants, the Plaintiff objected in writing on at least two occasions and prior to the Entry of the Order on March 9, 2022 [DE 289]. Upon receiving Plaintiff's two (2) or more objections, Defendants only real response to Plaintiff was asking whether Plaintiff is willing to pay the additional sanction amount, or not. *See* Composite Exhibit "A" (the parties email exchanges) In order words, when Plaintiff objected more than once, the Defendants continuously provided a "canned" response because Defendants never intended [and did not at any time] to discuss their additional attorneys' fees disclosed in their Statement of Reasonable Attorney's Fees [DE 279].

In fact, a close review the string of the several email exchanges, *prima facie*, shows that Defendants sole purpose was to [again] manufacture an instance for another motion for contempt – which Defendants did file, not ironically.

On March 9, 2022, the Court entered an Order [DE 289] granting the additional/increased sanction award noting the Plaintiff did not file an objection.

## LEGAL BASIS FOR RECONSIDERATION

Pursuant to Rule 60(b)(1) provides "Relief From Judgment or Order" *to wit*,

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after

such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect.

(emphasis added)

## ARGUMENTS

A.    **Relief under Rule 60(b)**

Substantial discretion rests with this Court in its analysis of a request for reconsideration. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc*., 107 F.R.D. 665, 670-71 (S.D. Fla. 1985)

As mentioned, on February 18, 2022, the Defendants filed their Statement of Reasonable Attorney's Fees pursuant to the Court's Order [DE 279] requesting an additional sanction award of $4,473.00.  From mid-February through March 9, 2022, the Plaintiff and Defendants conferred through an exchange of emails related to their additional request for a sanction award.

The Plaintiff explanation for not filing the objection is simple and compelling.

On March 10, 2022, the Plaintiff memorialized that it had informed Defendants' legal counsel that Plaintiff had *previously* made "objections" to Defendants' Statement of Reasonable Attorney's Fees. The email is interposed below for the Court's review:

*** 

From: Legal Department <legal@ddvlawgroup.com>
Sent: Thursday, March 10, 2022 1:07 PM
To: Victor M. Velarde <VVelarde@fowler-white.com>; Diego D. Valdes Esq.
(ddvlaw@gmail.com) <ddvlaw@gmail.com>
Cc: Maggie Rodriguez <mrodriguez@fowler-white.com>; Juan C. Zorrilla
<JZorrilla@fowler-white.com>; Legal Department <legal@ddvlawgroup.com>
Subject: Re: Activity in Case 1:20-cv-23276-DPG Unisource Discovery, Inc. v.
Unisource Discovery, LLC et al Order

Victor,

Currently in a Hearing, could not answer.

My client has not said that they will not comply, stop creating a situation that does not
exist.

<u>However, we did object to your fee breakdown - yet you failed to include that in your
proposed order or even notify the court of our standing objection.</u>

We have submitted your request to our client, and we are still pending a response

Legal Services Department
**DDV LAW GROUP**
*"We Connect The Dots"*

**** 

(emphasis added)

The Defendants acknowledged that Plaintiff did Object in writing.  That is, on March 11,

2022, Defendants' legal counsel "confirmed"  in an email that Plaintiff at least twice (2x) objected

when stating, *inter alia*,

"You emailed me twice after the Court's Order (DE 289) to confirm that your client "still
objects" to my fees despite the Court ordering your client to pay those fees."

*See* Exhibit "A" (the entire email is attached for complete review)

It is important to note that Defendants' email, above, confirms that Plaintiff provide more

than one objection after Defendants filed their Statement of Reasonable Attorney's Fees and before

the March 9, 2022, Order [DE 289] was entered.

However, although the Plaintiff's objection that was served upon Defendants at least twice (2x) it was not filed with the Court.

Nonetheless, failing to exercise just a modicum of good-faith and/or adhered to Local Rule 7.1 the Defendants' legal counsel never conveyed to the Court that the Plaintiff provided them at least two (2) written objections and otherwise did not agree with Defendants' Statement of Reasonable Attorney's Fees. Equally egregious, it was only in Defendants recently filed Motion for Contempt [DE 290] on March 10, 2020, did the Defendants disclose *after-the-fact* that Plaintiff served objections upon them and/or notified them of Plaintiff's disagreement.

Therefore, the record supports that although the Plaintiff's objections were served upon Defendants these objections did not make it into the record because of mistake, inadvertence, and excusable neglect under Rule 60(b)(1). The Plaintiff was so "caught-up" with emailing and objecting [by way of emails discussions] and was under the understanding that Defendants would allow for continued confer, it inadvertently did not file its objection with the Court before March 9, 2020.

As the 11th Circuit Court has articulated "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen USA, LLC*, No. 10-23105-CIV, 2013 WL 2243966, at 2 (S.D. Fla. May 21, 2013) (citing Case 18-12476-MAM Doc 371 Filed 09/01/21 Page 3 of 6 4 *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))

Under these facts, the Plaintiff's basis for reconsideration is appropriate because it has shown "… the need to correct clear error or manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1369, 1370 (S.D. Fla. 2002)

In the present instance, under Rule 60(b) the Plaintiff has presented the Court with a supported basis for reconsideration when showing the existence of a mistake, inadvertence, or

excusable neglect, coupled with Rule 60(b)(6), which encompasses "any other reason that justifies relief."

B.      **Additional Relief Under Federal Rule 3.01**

On March 9, 2022, the Court entered an Order [DE 289] granting the additional/increased sanction award noting the Plaintiff did not file an objection – even though Plaintiff served Defendants (and Defendants admitted) more than once objection between mid-February and March 9, 2022.

Plaintiff alternatively and/or additionally seeks relief under Rule 3.01

Pursuant to Federal Rule 3.01(c)

> "TIME TO RESPOND. A party may respond to a motion within fourteen days after service of the motion. However, a party may respond to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment within twenty-one days after service of the motion. If a party fails to timely respond, the motion is subject to treatment as unopposed."

(emphasis added)

Additionally, according to Federal Rule 3.01(g),

> "(1) Duty. Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion.
>
> (2) Certification. At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:
>
>> (A) must certify that the movant has conferred with the opposing party,
>>
>> (B) must state whether the parties agree on the resolution of all or part of the motion, and
>>
>> (C) if the motion is opposed, must explain the means by which the conference occurred.

(emphasis added)

Akin to Local Rule 7.1, under Federal Rule 3.01(g)(B) the Defendants have/had the legal obligation to "**must** state whether the parties agree on the resolution of all or part of the motion".[2](emphasis added)

As mentioned above, the Defendants only notified the Court after the March 9, 2022, Order was entered in their Motion for Contempt [DE 290]. This *after-the-fact* disclosure is certainly not compliant with Federal Rule 3.01(g)(B) and Defendants have directly violated this Rule and the very reason this Rule exists.

Additionally and/or alternatively, despite a diligent search the undersigned finds no case-law or Rule(s) that defines "Statement of Reasonable Attorney's Fees" as a "motion" that -- under most Rules -- would trigger the typical 14-day deadline. Likewise, all references to the common14-deadline [to file a "response"] under Local Rule 7.1(b) and local Rule 7.1(c) also refers only to "motions".

 Given Plaintiff's emailed objections to Defendants for over one-month, and this possible gray-area, the Plaintiff argues that the response deadline should be extended under this particular circumstances.

### CONCLUSION

Undoubtedly, Plaintiff's motion for reconsideration is not being utilized "as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King*, 181 F.Supp.2d at 1369

Notwithstanding that Plaintiff mistakenly did not file its objections into the Court record, the Plaintiff did serve its multiple objections upon the Defendants [via emails] while the parties were conferring. Yet, the Defendants elected not to notify the Court of Plaintiff's objections (plural) pursuant to Rule 3.01, Local Rule 7.1 and failed to show "good faith".

---

[2] Pursuant to Local Rule 7.1.(a)(3), *inter alia,* "If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved."

Given the foregoing, Plaintiff respectfully asserts that case-law, the Federal Procedural Rules of Procedure, and Local Rule 7.1, supports reconsideration of the Court's Order [DE 289] entered very recently on March 9, 2022.

**WHEREFORE**, Plaintiff, Unisource Discovery, Inc., respectfully requests an Order granting reconsideration and any other relief this Court believes is just and fair.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven Cerasale, individually on this 15th day of March, 2022.

Respectfully submitted,

/s/ *Diego David Valdes*

Diego David Valdes,
Esq. Florida Bar No.
251010 Email:
ddvlaw@gmail.com
ddv@ddvlawgroup.com

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite
403B Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

Counsel for Plaintiff: Unisource Discovery, Inc.