**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE   DISCOVERY,   LLC,   and
STEVEN A. CERASALE,

      Defendants.

---

## OPPOSITION TO MOTION FOR RECONSIDERATION (DE 292)

Defendants hereby file their Opposition to Plaintiff's Motion for Reconsideration (DE 292).

1.      Plaintiff's Motion for Reconsideration (DE 292) should be denied for three reasons.

2.      First, Plaintiff does not state what it wants the Court to do. Plaintiff's Motion asks

for "reconsideration" but does not specify what it wants. It appears Plaintiff's Motion was filed

only to serve as an excuse for Plaintiff's refusal to comply with the Court's Order (DE 289).

3.      Second, Plaintiff's sole basis for seeking "reconsideration" is demonstrably false.

Plaintiff's Motion (DE 292) is entirely based upon the following argument:

> Defendants' legal counsel never conveyed to the Court that the
> Plaintiff provided them at least two (2) written objections and
> otherwise did not agree with Defendants' Statement of Reasonable
> Attorney's Fees.

Motion (DE 292) at p. 5. This is false.

4.      Contrary to Plaintiff's contention, paragraph 9 of Defendants' February 18, 2022

Statement of Reasonable Attorney's Fees (DE 285) stated the following:

> Plaintiff (through counsel) confirmed that it 'object[s] to [the
> undersigned's] time entries' and 'formally object[s] to [the] fee
> request.' Plaintiff, however, did not state what time entries Plaintiff
> objects to, nor has Plaintiff stated what time entries (if any) Plaintiff
> does not object to.

5.      Plaintiff then simply chose not to respond to Defendants' February 18, 2022 Statement of Fees (DE 285) despite having more than sufficient time to file its supposed "objection" before the Court's March 9, 2022 Order (DE 289). The Court noted this fact in its Order: "Plaintiff has not filed an objection to Defendants' Statement." Order (DE 285) at p. 1.

6.      Plaintiff does not explain its failure to respond to Defendants' Statement of Fees.

7.      In fact, to this date, Plaintiff has not identified a single time entry in Defendants' Statement of Reasonable Fees (DE 285) that Plaintiff claims to "object" to.[1] And, in any event, the Court has "reviewed Defendants' Statement and appl[ied] her own knowledge and expertise" to "conclude[] that the discounted hourly rate and number of hours expended by Attorney Velarde in obtaining compliance with the Sanctions Orders are reasonable." Order (DE 289) at p. 2.

8.      Third, Plaintiff's bare assertion that it "objects" to Defendants' fees is not a basis for reconsideration. Plaintiff argues that it can require the Court to "reconsider" an Order merely by incanting the magic word "objection." This, of course, is not the case.

9.      Throughout this litigation, Plaintiff's actions have been intent on causing the Court and Defendants to waste as much time and as many resources as possible attempting to compel Plaintiff to comply with its obligations.

10.     To be clear, Plaintiff is—one again—refusing to comply with a Court Order and is demanding "reconsideration" of the Court Order (which was entered as a result of Plaintiff's refusals to comply with a prior Court Order).

11.     The Court's Order (DE 289)—which Plaintiff is refusing to comply with—awards Defendants their reasonable attorney's fees that resulted from Plaintiff's willful violation of the

---

[1] The undersigned emailed Plaintiff's counsel a complete copy of Defendants' requested fees and time entries on February 8, 2022. From February 8, 2022 through to the date of this filing, Plaintiff has not identified a single time entry or hourly rate that Plaintiff "objects" to.

Court's Sanctions Orders, which (in turn) resulted from Plaintiff's willful violations of the Court's discovery Orders.

12.     Plaintiff has already caused ***more than twenty*** docket entries (six of which were Court Orders) to compel Plaintiff to comply with the Court's prior Orders. See Docket Entries 160, 192, 204, 205, 206, 207, 215, 224, 237, 239, 241, 246, 255, 256, 261, 268, 271, 273, 274, 276, and 279.

13.     And the monetary sanctions awarded against Plaintiff clearly have not deterred Plaintiff's disregard of Court Orders.

For the reasons set forth above, Defendants respectfully request the Court to deny Plaintiff's Motion for Reconsideration (DE 292) and either (1) compel Plaintiff to fully comply with the Court's Order (DE 289) immediately or be held in contempt; or (2) hold Plaintiff in contempt of Court, and to issue such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 16, 2022, on all counsel or parties of record on the Service List below.

        /s/ Victor M. Velarde
        Victor M. Velarde

| SERVICE LIST<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |