**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

        Plaintiff,

    v.

UNISOURCE DISCOVERY, LLC

and STEVEN A. CERASALE,

        Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY, INC., MOTION FOR THE COURT TO DECLARE "SIMILARITY OF THE MARKS" AN ADMITTED AND UNCONTESTED FACT BASED UPON THE DEFENDANTS' PREVIOUS ADMISSIONS IN THE RECORD**

Plaintiff, Unisource Discovery, Inc., files its Motion For The Court To Declare "Similarity of the Marks" An Admitted And Uncontested Fact Based Upon The Defendants Previous Admissions In The Record, and states,

**PRELIMINARY STATEMENT**

Generally speaking, determining admitted facts can be one of the more difficult aspects of preparing a pretrial stipulation. This is especially true when a party proposes factual statements that are advantageous to their position, while resisting facts that may favor their opponents. And, as here, there is also a proclivity to take a tactical approach and require an opponent to prove all facts in support of their case at trial.

This approach, however, is contrary to counsel's duty to litigate a matter efficiently and effectively and to "… reduce confusion and prevent the Court from having to scour the record and

1

perform time-intensive fact searching." *United States v. Marder*, 183 F. Supp. 3d 1231, 1235 (S.D. Fla. 2016)

The deadline to file the pretrial stipulation is May 6, 2022.

The parties have been emailing and exchanging revisions and comments to the contested and uncontested facts on a virtual daily basis. There has also been a number of conference calls that resolved very little.

After conferring for weeks, the Defendants have consistently refused to agree that the Marks are identical or similar. However, in the Defendants previous Court filings they make several admissions that the Marks are identical or similar, and in three (3) documents/filings they cite case-law to support their position of similarity of the Marks.

As discussed further below, similarity of the Marks is a factor to Defendants' counterclaim for cancellation of trademark. Ironically, the Defendants do not dispute "similarity of the marks" when attempting to prove their cancellation trademark counterclaim.

 Plaintiff will direct the Court to Defendants Court filings that admit similarity of the Marks.

**THE DISPUTE**: Plaintiff challenges the Defendants refusal to agree to proposed admitted and uncontested fact of "similarity of the Marks" that was drawn from Defendants' earlier Court filings. That is, Plaintiff is seeking the Court to find and rule that Defendants had previously admitted in its earlier filings [identified below] "similarity of the marks" and this fact was admitted for purposes of the pretrial stipulation and trial. *Itron, Inc. v. Consert, Inc.*, C.A. No. 7720-VCL (Del. Ch. Jan. 15, 2015) (In *Itron*, the plaintiff challenged the defendant's refusal to agree to proposed admitted facts drawn from its answer and discovery responses. On the Plaintiffs motion, the court found that facts the Defendant previously admitted in its pleadings and discovery responses were admitted for purposes of the pretrial stipulation and trial).

2

Similarly, Plaintiff will provide ample case-law that supports its legal position and the Court's authority to deem a fact uncontested because of Defendants previous admissions – especially because they have now changed their position.

## LEGAL STANDARD

Rule 16 governs pretrial procedure and management . . . . [and] provides authority for the pretrial conference. The pretrial conference and order [are] designed to familiarize the litigants with the issues in the case[,] reduce surprises at trial[,] and facilitate the overall litigation process. *Cebenka v. Upjohn Co.*, 559 A.2d 1219, 1222 (Del. 1989).

 Rule 16 provides, in pertinent part, as follows:

> (b) In any action that is to be tried, unless the Court otherwise directs, a pretrial conference shall be held . . . . [B]efore the pretrial conference, counsel shall submit to the Court . . . a pretrial order which shall meet the requirements of paragraph (c) of this Rule. Counsel shall confer in good faith effort to stipulate to the contents of the pretrial order. To the extent that counsels are unable to agree upon the contents of the pretrial order, each attorney (or party not represented by an attorney) shall submit to the Court a proposed pretrial order that shall indicate the areas of disagreement.
>
> (c) Except to the extent that the Court orders otherwise, all pretrial orders shall include the following information: . . .
>
>> (2) A statement of the facts which are admitted and required1 no proof.

## APPLICABLE TRADEMARK LAW

To prevail on a claim of trademark infringement, a plaintiff must establish that it has a valid mark entitled to protection; and that the defendant used the <u>same or a similar mark</u> in commerce in connection with the sale or advertising of goods or services without the plaintiff's consent. The plaintiff must also show that defendant's use of the mark is likely to cause confusion as to the

affiliation, connection or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services or commercial activities by plaintiff. *1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400 (2d Cir. 2005).

Thus, "use," "in commerce," and "likelihood of confusion" are three distinct elements necessary to establish a trademark infringement claim.

Likelihood of confusion" is the central focus of any trademark infringement claim. A likelihood of confusion exists when consumers viewing the allegedly infringing mark would probably assume that the product or service it represents is associated with the source of a different product or service identified with a similar mark. Courts conducting a likelihood of confusion analysis will apply two (2) different standards, depending on whether the accused item directly competes or does not directly compete with the trademarked item. See *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198 (3rd Cir. 2000)

Factors relevant to a determination of likelihood of confusion include:

1. the strength of the trademark owner's mark;

2. **the degree of similarity between the trademark owner's mark and the allegedly infringing mark**;

3. evidence of actual consumer confusion;

4. the marketing channels used;

5. the type of goods involved and the degree of care likely to be exercised by the purchaser;

6. the alleged infringer's intent in selecting the mark;

7. other facts showing that the consuming public is likely to expect the trademark owner to manufacture a product in the alleged infringer's market, or is likely to expand into that market.

See *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460 (3d Cir. 1983) (emphasis added)

4

In the Eleventh Circuit, likelihood of confusion is analyzed by considering the following seven factors: (1) the type of mark, specifically whether the mark qualifies as generic, descriptive, suggestive, or arbitrary; (2) **the similarity of the marks based on their overall impressions**; (3) the similarity of the goods; (4) the similarity of the parties' respective retail outlets, trade channels, and customers; (5) the similarity of types of advertising; (6) the intent of the defendant; and (7) actual confusion. *Custom Mfg. & Eng'g,* 508 F.3d at 648 (citing F*rehling Enters., Inc. v. Int'l Select Grp., Inc.,* 192 F.3d 1330, 1335-41 (11th Cir. 1999)) (emphasis added)

## ARGUMENTS

Here, Defendants have no way to avoid the inclusion of "similarity" of the Marks as a uncontested fact because their earlier admissions in their below identified filings/papers are dispositive, deemed a judicial admission, and therefore binding upon the Defendants *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc*., 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."); *see also Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) ("[A]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended.") (second alteration in original; internal quotation marks omitted). "[J]udicial admissions are proof possessing the highest possible probative value," and facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Best Canvas Prods*., 713 F.2d at 621 (internal quotation marks omitted).

Likewise, the below identified "[j]udicial admissions are conclusive" unless the court allows the party to withdraw the admission or "the pleading is amended or withdrawn." *Lambert v. Credit Lyonnais (Suisse) N.A.*, 2001 WL 357316 at 1 (S.D.N.Y. Apr. 10, 2001) (citing *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003) ("[T]he allegations in the Second Amended Complaint are 'judicial admission[s]' by which [plaintiff]

was 'bound throughout the course of the proceeding.'"); *Weyerhaeuser Co. v. Israel Discount Bank of New York,* 895 F. Supp. 636 (S.D.N.Y. 1995) (factual admissions in a pleading are ordinarily considered binding judicial admissions))

A.   **<u>Defendants Previous Court Filings Admitting "Similarity of the Marks"</u>**

The Plaintiff have identified Defendants earlier Court filings/pleadings/papers clearly admitting to similarity of the Marks.  In fact, many of their admissions are rather detailed and cite applicable case-law relating to similarity of the Marks.

i.   **<u>Defendants' Counterclaim for Trademark Cancellation And Defendants' Motion for Summary Judgment [DE 151]</u>**

Defendants are advancing a trademark cancellation claim to trial. As an initial matter, a factor to prove trademark cancellation is similarity of the Marks.

The below excerpt with citations, ***word-for-word,*** taken from Defendants' Motion for Summary Judgment [DE 151] clearly shows that Defendants have admitted to similarity of the Marks, *to wit*:

> "Pursuant to binding precedent, "[a]n applicant commits fraud when he 'knowingly makes false, material representations of fact in connection with an application for a registered mark.'" *Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of Saint John of Jerusalem, Knights of Malta, Ecumenical Order,* 702 F.3d 1279, 1289 (11th Cir. 2012); see also *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc*., 522 F.3d 1200, 1210–11 (11th Cir. 2008) (affirming cancellation on the basis of the applicant's failure to disclose a superior user of the mark).
>
> It is well-established that "[p]urposely failing to disclose other users' rights to **<u>use the same or similar marks</u>** may qualify as a material omission justifying cancellation of a trademark." Angel Flight, 522 F.3d at 1210. In *Angel Flight*, the Eleventh Circuit affirmed the cancellation of a trademark due to the applicant's knowledge that another organization was using the mark at the time the registration application was filed, but failed to disclose such information to the USPTO. Id. at 1210–11"
>
> (emphasis added)

By virtue of the Defendants above citation to the *Angel Flight* case to support their motion for summary judgment for cancellation of trademark [DE 151] counterclaim they are "directly" making the admission of similarity of the Marks.

In other words, in *Angel Flight* The district court found that consumer confusion was likely in this case, given that the *Angel Flight* word mark used by the parties was identical and that the services they provided were also similar.

This is a profound and clear admission of "similarity of the Marks" by Defendants in their earlier Motion for Summary Judgment [DE 151] filing.  Indeed, similarity of the Marks is a factor to prove their counterclaim at trial. *Id.*

 Defendants have changed their position and must be estopped from doing so.

ii.     **Defendants' Verified Response to Plaintiff Motion for Preliminary Injunction [DE 61] and Amended Response [DE 88]**

Similar to the admission found on Defendants' Motion for Summary Judgment [DE 151] the Defendants make the same admission in their **<u>Verified</u>** Response to Plaintiff's Motion for Preliminary Injunction {DE 61] and Amended Response [DE 88]

The following excerpt extracted from their Verified Response galvanizes Defendants' admission to similarity of the Marks,

> "35. Unbeknownst to Mr. Cerasale, on August 16, 2016, Noel Mijares (through the Subpoena Company) also attempted to register the following mark for the Subpoena Company that purposefully **<u>mimicked Unisource's design for the Mark</u>.**"

Merriam-Webster Dictionary defines "mimic" as "to imitate closely."

Likewise, Cambridge Dictionary defines "mimic" as "<u>to copy</u>  the way in which a particular person usually speaks and moves, usually in order to make people".(emphasis added)

Additionally, on page 14 of the Defendants' Verified Response [DE 61] they also <u>admit</u>,

> "Unisource-Florida knowingly made false material misrepresentations of fact in its trademark registration. It is well-established that "[p]urposely failing to disclose other users' rights to use

the **same or similar marks** may qualify as a material omission justifying cancellation of a trademark." *Angel Flight*, 522 F.3d at 1210. In *Angel Flight*, the Eleventh Circuit affirmed the cancellation of a trademark due to the applicant's knowledge that another organization was using the mark at the time the registration application was filed, but failed to disclose such information to the Patent Trademark Office. Id. at 1210–11."

(emphasis added)

The foregoing quotations are another clear example of Defendants admission of similarity of the Marks that they now wish to disregard and change their position for purposes of the pretrial stipulation.  Consequently, where a defendant admits a particular fact in the filings, he is estopped to deny it later.  *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("[F]actual assertions in pleadings are . . . judicial admissions conclusively binding on the party that made them.")

iii.     **Defendants' Amended Answer [DE 166]**

In the Defendants' Amended Answer, in their affirmative defense ¶97, they clearly admit, *inter alia,*

"97. As their Third Affirmative Defense, Defendants state that Unisource Florida is `estopped from claiming that Defendants' use of the "Mark" is actionable, unlawful, or constitutes an infringement. Unisource California was organized on May 11, 2001 by Mr. Cerasale and has been using the "Unisource Discovery Digital Document Retrieval" name since 2001—i.e., five years before Unisource Florida was incorporated. Unisource California also has been continuously using the "Mark" **(or the exact design and wording set forth in the "Mark")** on its website since as early as 2002—i.e., years before the "Mark" was registered by Unisource Florida and years before Unisource Florida was incorporated …"

The foregoing constitutes an admitted fact directly relating to similarity of the Marks and proves that Defendants should not have objected to its inclusion in the Proposed Joint Stipulation/uncontested facts. *In re Summit United Serv.*, LLC, 2005 WL 6488106, at 4 (Bankr. N.D. Ga. Sept. 19, 2005) (granting partial summary judgment, in part because plaintiff relied on validity of contract in its complaint and "cannot now argue that it was not bound by the terms of the [contract].").

The final pleadings upon which the case is tried state the contentions of each party as to the facts, and by admitting or denying the Plaintiff's pleading, the Defendants define the factual issues

8

that are to be proved. *Kenneth S. Baron, 2 McCormick on Evid. § 257 (7th ed.)* They are used as judicial and not as evidentiary admissions, and they are conclusive until withdrawn or amended. *Id.; see In re Foxmeyer* Corp., 286 B.R. 546, 567-68 (Bankr. D. Del. 2002) (treating statements in pleadings as binding judicial admissions)[1].

The Defendants are therefore bound to the allegations they admitted to in their Answer and, as a result, they cannot create an issue of fact with a denial. *Tri-Lady Marine, Ltd. v. Bishop Mechancial Servs*., LLC, 2018 WL 10466997, at 4 (S.D. Fla. Sept. 20, 2018), *aff'd Tri-Lady Marine, Ltd. v. Bishop Mech. Servs., LLC*, 763 F. App'x 882 (11th Cir. 2019) ("Tri-Lady is bound by the allegations in its Complaint, and cannot create a disputed issue of material fact by now denying applicability of the Terms and Conditions in opposition to summary judgment.")

As a result, Defendants' must be prevented from changing their position related to similarity of the Marks and the Court must deem similarity of the Marks an uncontested fact.

iv.    **Defendants' Opposition to Plaintiff's *Ex Parte* Amended Motion for Preliminary Injunction [DE 152]**

Similar to Defendants admission whereas they continue to argue that the known case of *Angel Flight* is critical to support their counterclaim for cancellation of trademark at trial, here the Defendants argue and admit:

> "Plaintiff's three material and undisputed misrepresentations to the USPTO **irrefutably support Defendants' Affirmative Defense of Cancellation.** "Purposely failing to disclose other users' rights to use **the same or similar marks** may qualify as a material omission justifying cancellation of a trademark." *Angel Flight*, 522 F.3d at 1210."

---

[1] When the term admission is used without any qualifying adjective, the customary meaning is an evidentiary admission, that is, words in oral or written form or conduct of a party or a representative offered in evidence against the party. Evidentiary admissions are to be distinguished from judicial admissions. Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission, unless allowed by the court to be withdrawn, is conclusive in this case, whereas an evidentiary admission is not conclusive but is subject to contradiction or explanation. 2 McCormick on Evid. § 254 (footnotes omitted)

(emphasis added)

Likewise, Defendants above admission to similarity of the Marks somehow exists only to prove their counterclaim but they will not agree to it as an uncontested fact for the pretrial stipulation. Defendants are playing both sides of the 'fence" and must be prevented through declaring that similarity of the Marks is an uncontested fact based upon previous admissions. *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (holding that plaintiffs were bound by admissions in pleadings and that no factual issue was created by plaintiff's subsequent, contradictory affidavit).

    v.    **The Honorable Magistrate's Report And Recommendation for Plaintiff's Injunctive Relief [DE 250]**

Compelling to Plaintiff's argument, in reviewing the historical filings and evidence from the parties the Magistrate ruled,

"ii. *Similarity of marks*

Similarity of appearance between two marks "is determined on the basis of the total effect of the designation, rather than on a comparison of individual features." *Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Assoc.,* 651 F.2d 311, 318-19 (5th Cir. 1981); *see also Armstrong Cork Co. v. World Carpets, Inc.,* 597 F.2d 496, 502 (5th Cir. 1979) ("It is the overall impression that counts."); *Frehling Enters.*, 192 F.3d at 1337 (In assessing similarity, "the court compares the marks and considers the overall impressions that the marks create, including the sounds, appearance, and manner in which they are used."). As explained by the United States Supreme Court, "The commercial impression of a trade-mark is derived from it as a whole, not from its elements separated and considered in detail." *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 545-46 (1920). **In this case, Plaintiff and Defendants are using the same Unisource Mark**".

Here, when reviewing all docket entries, the parties' arguments, citations, the Marks itself, and evidence, the Magistrate correctly opined that "... Plaintiff and Defendant are using the same Unisource Mark."

If anything, the Magistrate's ruling is very supportive and highly compelling.

## **CONCLUSION**

Rule 16, which governs pretrial procedure and management, requires that the parties confer in good faith with regard to reaching agreement on the contents of the pretrial stipulation.

Defendants may argue that they cannot be ordered to stipulate to facts that are not admitted and required no proof -- citing Rule 16.  Defendants may also predictably argue that on its face Rule 16 does not authorize a court to force parties to stipulate facts to which they will not voluntarily agree.

These types of arguments would be entirely incorrect, legally.

In contrast, Plaintiff has cited several district court opinions _on-point_ that clearly shows the Court has the power to determine that -- particular facts -- had been admitted, or are beyond legitimate dispute, based on the discovery record, filings, or on statements made by counsel during the pretrial conference.

Plaintiff's cited cases shows that it is not unusual for a district court to make a determination that a particular fact has been admitted or is not legitimately subject to dispute. For instance, district courts routinely make such determinations when evaluating whether there is a genuine issue of material fact on a motion for summary judgment. Courts may also adjudicate admitted facts if parties submit competing forms of pretrial stipulations under Rule 16(b).

Similar to the instant case, in  _Itron, Inc. v. Consert, Inc_., C.A. No. 7720-VCL (Del. Ch. Jan. 15, 2015) [cited above] the Court reviewed Consert's answer and discovery responses to determine whether certain of the proposed admitted facts had been admitted therein. With respect to Consert's answer, the court noted specific facts that Consert admitted, but later rejected when included in _Itron's_ proposed pretrial stipulation. The court also found that other facts were drawn from admissions in Consert's answer and, therefore, should have at least been partially admitted. By rejecting such facts in their entirety, Consert failed to act in good faith.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order:

1.      Granting Plaintiff's Motion for The Court to declare "similarity of the Marks" is an Admitted and uncontested fact based upon Defendants previous admissions;

2.      Sanction Defendants for failing to meet and confer in good faith and to pay Plaintiff's attorney fees for preparing the proposed pretrial stipulation, including the time spent meeting and conferring, and for briefing and arguing the instant motion;

3.      Any other relief this Court believes is just and fair.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 3rd day of May, 2022.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
            ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.