**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

        Plaintiff,

  v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

        Defendants.

_____

**PLAINTIFF, UNISOURCE DISCOVERY, INC.**
**VERIFIED AND AGREED MOTION TO CONTINUE TRIAL**

Plaintiff, Unisource Discovery, Inc.  files its Verified and Agreed Motion to Continue Trial

pursuant to S.D. Fla. L.R. 7.6 and Rule 16 and would respectfully show the Court as follows:

**PRELIMINARY STATEMENT**

Jointly with Defendants and with good cause shown, Plaintiff Unisource Discovery seeks a

one-month continuance of the current trial term of June 6, 2022, or the first available date thereafter

on the Court's trial calendar.

On March 23, 2022, the Court entered an Order setting the current trial term [DE 295].

This is the first occasion that Plaintiff moves for a trial continuance.  For Plaintiff to be

requesting a continuance sincerely means it is cautiously necessary to avert any prejudice and secure

that Plaintiff is fully prepared for the reasons set-forth below. Likewise, Plaintiff does not anticipate

that future trial extensions will be necessary.

The pretrial stipulations must be filed on or before May 27, 2022.

1

Pursuant to LR 7.6, the Plaintiff has attached its affidavit as Exhibit "A".

In light of the reasons *infra*, the Plaintiff shows good cause for the granting of a trial continuance. *See* Fed. R. Civ. P. 16(b) and Local Rule 7.6.

## LOCAL RULE 7.6

RULE 7.6 CONTINUANCES OF TRIALS AND HEARINGS:

A continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances. No such continuance will be granted on stipulation of counsel alone. However, upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause, a continuance may be granted by the Court.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b)(5), the Court may modify the trial schedule for "good cause." *See Bassler v. George Weston Bakeries Distrib. Inc.,* 2009 WL 10670778, at *2 (M.D. Fla. Nov. 25, 2009) (granting motion to continue trial upon showing of good cause). In exercising its discretion to grant a continuance, the Court should balance "the interests in favor of a fair trial" against the "interests in favor of an immediate trial." *Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842, 844-45 (5th Cir. 1970) (reversing district court's denial of motion for a continuance due to counsel's illness). The Court may grant a continuance at any point—even after the jury has been impaneled. *See Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (reversing denial of motion for a continuance even though at the time the motion was made the "jury had already been selected and reconvened for the trial").

Under Federal Rule of Civil Procedure 16(b)(6), "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." FED. R. CIV. P. 16(b).

In considering granting a continuance, courts in the 11th Circuit consider: "(1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial. " *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010).

### **ARGUMENTS**

The decision as to whether to grant a continuance is within the sound discretion of the trial court. *Arabian Am. Oil Co. v. Scarfone,* 939 F.2d 1472, 1479 (11th Cir.1991)

i.     **The Four Factors In The *Gastaldi* Case**

The Plaintiff will first address the application of the four (4) factors outlined in the *Gastaldi* case.

As for the first factor under the *Gastaldi* case*,* "the moving party's diligence in its efforts to ready its case prior to the date set for hearing" the Plaintiff has been diligently preparing for trial on a literal daily basis. *Gastaldi,* 709 F. Supp. 2d 1284*.*  In fact, on April 22, 2022, Plaintiff retained specialized trademark counsel, Jesus Sanchelima, Esq.  for trial purposes and as an inclusion to Plaintiff's small trial team. Also, since March 2022 the Plaintiff has been preparing, revising, and exchanging the pretrial documents *et al* with Defendants. That is, the Plaintiff's "diligence" is precisely what is required and should be expected by the Court.

The second factor under the *Gastaldi* case is "the likelihood that the need for a continuance would have been remedied had the continuance been granted". Through this instant Motion, Plaintiff verifies its sincere and honest need to continue the trial and granting its Motion will remedy all outstanding matters if granted. *Id.*

3

The third factor under the *Gastaldi* case is *"the extent to which granting the continuance would have inconvenienced the court and the opposing party"*. *Id.* The Plaintiff asserts that the Defendants and the Court should not be prejudiced because: (1) Defendants have not opposed this Motion and therefore direct confirmation they are not being prejudiced; (2) as for inconveniencing the Court, because the undersigned is candidly not apprised of the Court's internal schedule the it can only hope its request for a continuance does create an inconvenience. *Id.* Nevertheless, Plaintiff has filed this Motion in a timely manner and well before the scheduled trial period begins, and there are no apparent procedural obstacles that should cause the Court inconvenience if it grants Plaintiff's instant Motion.

And lastly, as for the fourth factor under the *Gastaldi case* *"the extent to which the moving party might have suffered harm as a result of the district court's denial"* this will be addressed in detail, *infra. Id.*

ii. **Plaintiff Trial Counsel, Jesus Sanchelima, Unexpected Matters That Arose In Another/Unrelated Federal District Court Case**

Plaintiff's relatively new trial counsel, Jesus Sanchelima, Esq, is also trial counsel in another unrelated case entitled *Las Originales Pizza Inc. et al v. Batabano Group, Inc. LLC* -- Case 1:19-cv-22553-FAM, Judge Federico A. Moreno, presiding (Southern District Court of Florida).

In recent weeks, and as a result of unexpected working conflicts with trial preparation and other matters that arose in-connection with the other case, Mr. Sanchelima, Esq. has not been able to contribute 100% focus to the extent this complex multi-count action requires for trial purposes. A one-month continuance will resolve this conflict.

And Lastly, Plaintiff demonstrates it is acting in good faith and shows good cause when diligently addressing these real-time conflicts through (i) filing this instant Motion several weeks prior to the trial term, (ii) obtaining Defendants unopposed consent to continue, (iii) using the continuance

to settle complex legal disputes, narrow the several outstanding issues, and streamline the trial as much as possible. *Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)

      iii.     **<u>Joint Pretrial Stipulation and Jury Instruction *et al*</u>**

First, and as known to the Honorable Court, Plaintiff is advancing numerous counts against Defendants.  Accordingly, these numerous causes of actions necessitated far more exhaustive work on having the parties harmonize certain uncontested and contested facts than originally anticipated. Equally, the parties' counsels are cooperating in the most logical presentation of the jury instructions since the cancelation counterclaim carried a different burden of proof and may be dispositive of two of the causes of action but (Plaintiff believes) not the others.   The parties are seeking to simplify the presentation of these instructions.  Plaintiff strongly anticipates the likelihood of withdrawing and/or consolidate at least two causes of action, which may affect the affirmative defenses. The result will be a more streamlined trial.

The parties expended weeks attempting to resolve these required matters in-lieu of addressing other critical matters for trial that are still outstanding.

Second, complications encompassing Defendants' claim/defense of a naked license coupled with Plaintiff's claim of an implied license has also caused extensive discussions related to the applicable language and applicable law for both the uncontested and contested facts and jury instructions.

In other words, the instant case comprises of multiple claims and a defense that encompasses complex issues of law and implicates numerous applicable legal cases for the parties to review, re-review, and agree-upon for trial purposes. These discussions and negotiations have been an uneasy task and especially time consuming.

## CONCLUSION

As applicable here, good cause standard is to be construed liberally on a case-by-case basis. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviation*, 88 F.3d 948, 951 (11th Cir. 1996) In light of the foregoing, Plaintiff has shown good cause because the trial deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16.

Because it is within the sound discretion of the Court to deny or grant Plaintiff's uncontested motion for a trial continuance, Plaintiff has strived to set-forth a detailed legal basis for this Court's evaluation. *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1541 (11th Cir.1989).

The Defendants have agreed to, and do not oppose this Motion and therefore will suffer no prejudice. Likewise, a short one-month continuance will narrow the issues and allow for the possibility of withdrawing some of Plaintiff's legal claims, which may affect some of Defendants affirmative defenses.

**WHEREFORE,** Plaintiff Unisource Discovery respectfully requests a one-month (30-day) trial continuance and for any other relief this Court believes is just and fair.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 24th day of May, 2022.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
          ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.

Cc: All parties listed in the Service List.