**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

     v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

     Defendants.

_____

### PLAINTIFF, UNISOURCE DISCOVERY, INC., UNOPPOSED MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE ITS AMENDED COMPLAINT

Pursuant to Rule 15 and Rule 16 of the Federal Rules of Civil Procedure and Local Rules 7.1(a), Plaintiff Unisource Discovery Inc. ("Plaintiff") respectfully moves the Court for leave to file the attached Proposed Amended Complaint ("Amended Complaint"). Plaintiff has secured the written consent of Defendants for this amendment. In support of this motion, Plaintiff states:

### PRELIMINARY STATEMENT

Plaintiff is amending its complaint to correct non-material errors, drop two Counts, and to the extent necessary conform the pleadings to the evidence. Equally, Plaintiff's proposed Amended Complaint does not add any new substantive facts, parties, or claims. Thus, the subject matter between the two complaints is identical.

Given that this proposed amendment is filed after the prescribed deadline for amendments, Plaintiff shows good cause for making this request. *See* Rule 16(b)(3).

Plaintiff is mindful that Fed. R. Civ. P. requires the issuance of a scheduling order that limits the time to amend pleadings. Once entered, such an order "may be modified only for good

1

cause and with the judge's consent." *See* 16(b)(4) Fed. R. Civ. P. Because the Plaintiff has demonstrated good cause, the Court may grant leave to amend "… to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *B. Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 699 (S.D. Fla. 2012)*; United States v. Vitas Healthcare Corp.*, 2007 WL 2310862 at 3 (S.D. Fla. July 25, 2007).

Here, good cause exists for the amendment.

## LEGAL STANDARD

## FED. R. CIV. P. 15  AND  FED. R. CIV. P 16

When a party seeks leave to amend a pleading after the deadline set forth in a court's scheduling order, the party must satisfy both Rule 16(b)(4) and Rule 15(a) of the Federal Rules of Civil Procedure. *See AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 408 (11th Cir. 2020). In such a situation, "the plaintiff 'must first demonstrate good cause under Rule 16(b) before [courts] will consider whether amendment is proper under Rule 15(a).'" *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). *See also Lamothe v. Bal Harbour 101 Condo. Ass'n, Inc.*, 316 F. App'x 844, 846 (11th Cir. 2008) ("If a motion for leave to amend is filed after the deadline set in a scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure, the motion is governed first by Rule 16(b)." (citing *Smith v. Sch. Bd. of Orange Cnty.,* 487 F.3d 1361, 1366-67 (11th Cir.2007))).

Importantly, in most cases (including this case), Rule 16(b)(1) requires the issuance of a scheduling order, and Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order is issued, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4*). See also Smith*, 487 F.3d at 1366 ("[W]here

2

a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted.").

"This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension*." AMG Trade*, 813 F. App'x at 408 (quoting Sosa, 133 F.3d at 1418) (internal quotation marks omitted). Under Rule 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider several factors when ruling on a motion for leave to amend including "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment*." Perez v. Wells Fargo N.A*., 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1241 (11th Cir. 2009)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)))

## **DISCUSSION**

The Eleventh Circuit "has never foreclosed the possibility that good cause can be demonstrated by facts external to the parties' conduct." *Auto-Owners Ins. Co. v. Ace Elec. Serv.,* 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009).

A.      **Plaintiff Administrative Changes To Amended Complaint**.

Specifically, the following is the aggregate of Plaintiff's amendments to its original complaint:

1. The term "products" has been changed to "services" throughout the amended complaint;

2. The term "trademark" has been changed to "service mark" and sometimes "mark" throughout the amended complaint;

3. COUNT VI (Federal False Designation Of Origin and False Advertising (15 U.S.C. § 1125(a)) has been removed/dropped to narrow Plaintiff's claims for trial;

4. COUNT VII (Misleading Advertising Under Florida Law (Fla. Stat. Ann. § 817.41)) has been removed/dropped to narrow Plaintiff's claims for trial;

5. Plaintiff renumbered the amended complaint as a consequence of removing the referenced Counts; and

6. In ¶ 11 the date was in error and has been changed from year 2005 to year 2006.

Plaintiff has made no other changes/amendments to its original complaint other than the foregoing 1 through 6, above.

**B.      Plaintiff Has Satisfied The Diligence Standard Under Rule 16**

As an initial matter, Plaintiff's leave to amend is appropriate because it has met the good cause standard of Rule 16(b)(4), which requires diligence.  "Defendants first must demonstrate good cause under Rule 16(b) before the Court may consider whether the proposed pleading is proper." *Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 699 (S.D. Fla. 2012).  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *ESYS Latin Am. Inc. v. Intel Corp.,* 290 F.R.D. 563, 564 (S.D. Fla. 2013)

Plaintiff has exercised the requisite diligence to justify its untimely Amended Complaint because the revisions are strictly relating to administrative revisions – as described above. In other words, the Amended Complaint does not substantively differ from the prior one, no parties are

being added, and no claims are modified or added other than those removed. Likewise, this is not a circumstance where Plaintiff had unused/new information on which the new amended filing is based since the beginning of the case or earlier in the litigation.

None of the factors that may militate *against* granting a motion to amend is present in this case. Plaintiff moved swiftly under the circumstances and there is no undue delay in Plaintiff's request to amend.

### B.     Justice and Judicial Economy

The interests of justice and judicial economy will undoubtedly be served by having all the revisions properly before the Court as set forth in Plaintiff's proposed amended complaint.

The amendment is narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case when removing two causes of action and correcting certain terminology in the context of trademark law. The amendment will not require the reopening of discovery or prolong the case any further.

In so doing, the action can more effectively proceed on the merits.

### C.     Defendants Will Not Suffer Undue Prejudice

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.

Here, Defendants cannot be prejudiced, or caught off guard, by these administrative amendments in the proposed amendment, since the Defendants have reviewed the changes and consents to the amendment. And Defendants will be afforded the opportunity to make edits to their

Answer. None of the amendments to the pleadings will result in a delay of the case or reopening of discovery.

Similarly, and as mentioned, the proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories.

No prejudice would result to Defendants in allowing the amendment under these circumstances.

D.      **The Amendment Is Not Futile**

Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged already sufficient facts to state a claim for relief that is facially plausible – these substantive facts remine unchanged,

Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980).

That is not the case here.

As already shown, Plaintiff's amendments are largely administrative, corrective in nature, and to streamline its claims through dropping two Counts. Therefore, none of Plaintiff's amendments can be deemed futile

Therefore, Plaintiff's motion for leave to amend should not be denied on the ground of futility. *See Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 511 (4th Cir.1986) (complexity of argument proves amendment not frivolous or clearly insufficient).

**CONCLUSION**

Plaintiff's proposed amended complaint does not fall within the category of "[w]here 'the amendment substantially changes the theory on which the case has been proceeding and is

proposed late enough so that the opponent would be required to engage in significant new preparation the court may deem it prejudicial.'" *Zenit Radio Corp v. Hazeltine Research Inc.*, 401 U.S. 321 (1971))

Likewise, Plaintiff's administrative changes will not force the Defendants to engage in significant new trial preparation -- as confirmed by Defendants when consenting to the Plaintiff's leave to amend. If anything, Plaintiff's Amended Complaint will streamline the trial and the subject matter before the jury,

**WHEREFORE**, Plaintiff, Unisource Discovery Inc., respectfully requests that this Honorable Court GRANT the attached proposed Order granting leave for Plaintiff to file the attached proposed pleadings (Exhibits A) and deem the same filed as of the date of the Court's Order, and for such other relief as this Court deems necessary and just.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned has conferred with counsel for Defendants regarding this Motion and advises the Honorable Court that Defendants do not oppose granting leaving to amend.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 31st day of May 2022.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
        ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.