## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

UNISOURCE DISCOVERY, INC.

    Plaintiff/Counter-Defendant,

       v.                        Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
a California Limited Liability Company
and STEVEN A. CERASALE,
Individually

    Defendants/Counter-Plaintiffs,

_____ /

## AMENDED COMPLAINT

Plaintiff, UNISOURCE DISCOVERY, INC., a Florida Corporation ("Unisource") hereby submits its Amended Complaint against Defendants, UNISOURCE DISCOVERY, LLC. (hereinafter "UNI-CA"), a California Limited Liability Company, and STEVEN A. CERASALE, (hereinafter "CERASALE") a California Resident. Plaintiff has secured the consent of Defendants for this amendment. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a service mark dispute that arises under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

2.    This Court has personal jurisdiction over UNI-CA because, among other things: (a) UNI-CA maintains and operates a website that is accessible to residents of the State of Florida through which it actively advertises and promotes the infringing services; (b) UNI-

1

CA has purposefully availed itself of the benefits and protections of Florida law by doing and transacting business in this forum; and (c) UNI-CA has extensive, systematic, and continuous contacts with this forum, as it is a Florida limited liability company and is therefore "at home" in this State.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims in this action occurred in this judicial district, and/or because Defendants actively promote, advertise, offer for sale, sell and distribute the infringing services in this judicial district.

<u>THE PARTIES</u>

4.      Plaintiff Unisource is a Corporation duly organized under the laws of the State of Florida with its principal place of business in the United States located at 555 NE 15th Street, 9th Floor, Suite 934-A, Miami, FL 33132. Unisource is, in part, engaged in the business of Litigation Support Services, Digital Records Retrieval and Service of Process, throughout the United States and within this Judicial District, offering high quality records retrieval and service of process under Federally registered service mark, include but not limited to the mark:



(the "Mark").

5.      Defendant, UNI-CA is a limited liability company duly organized under the laws of the State of California with its principal place of business in the United States located at 625 The City Drive, Suite 303, Orange, CA 92868. Defendant, UNI-CA conducts business within this jurisdiction and is directly engaging in the sale of infringing services within this District, as alleged herein.

2

6.      Upon information and belief, STEVEN A. CERASALE is an individual residing in the State of California, and a purported officer/member of Defendant UNI-CA.

7.      CERASALE is a Shareholder of Plaintiff UNISOURCE.

8.       UNISOURCE is informed and believes that CERASALE is a managing member, officer, and director of UNI-CA. Upon further information and belief, there existed, at all times mentioned herein, a unity of interest in ownership between CERASALE and UNI-CA such that any individuality and separateness between Defendant CERASALE and UNI-CA has ceased and that UNI-CA is the alter ego of CERASALE, in that UNI-CA was conceived, established, intended, and used by CERASALE as a device to avoid individual liability. Upon further information and belief, CERASALE controls and directs the activities of UNI-CA, including the infringement discussed herein.

### COMMON FACTUAL ALLEGATIONS

9.    UNISOURCE is the owner of the following United States federal service mark:



Registration No. 3,634,516 and Serial No. 77594059, which registered on June 9, 2009 in International Class 045 and is used in connection with legal research. The Plaintiff's registration is incontestable. A copy of the U.S. Service Mark Registration is attached hereto as (Exhibit A).

10.  The Mark has been used in interstate commerce to identify and distinguish Unisource's high-quality legal support services and has been renewed under Section 8 (6-YR) and Section 8 (10-YR) on April 5, 2019. (Exhibit B)

11.   By way of background, UNISOURCE had an ongoing business relationship with UNI-CA and CERASALE that began in year 2006.   For Eleven (11) years

3

UNISOURCE permitted UNI-CA the Right to Use of the Mark to market and use the Registered Service Mark in connection with the business relationship, at no cost to UNI-CA for such privilege. During this time, both companies shared a website, emails, sales, and marketing materials.

12. In and around year 2015, CERASALE, in violation of the UNISOURCE Shareholder Agreement, abandoned his fiduciary responsibilities to UNISOURCE and initiated an active campaign to damage and cripple UNISOURCE operations, including removal of UNISOURCE information from co-owned and shared website. (Exhibit C)

13. On February 21, 2020, UNISOURCE notified UNI-CA and CERASALE that the Right to Use of the Mark had been revoked, and served proper notice via Email and U.S. Certified Mail to both parties.  Amongst other things, the notice provided UNI-CA with the option to cease all further use of the Mark, and requested that if UNI-CA wanted to continue to use the Mark, it would be required to enter into a Licensing Agreement with UNISOURCE. Failure to act would result in a Cease and Desist Letter. (Exhibit D)

14. On May 12, 2020, UNISOURCE Counsel sent a Cease and Desist letter to UNI-CA and CERASALE via Email and U.S. Certified Mail of their continued Infringement of Service Mark Rights of UNISOURCE. (Exhibit E)

15. The Name and Mark has never been assigned to the Defendants.

16. Defendants, seeking to capitalize on UNISOURCE'S reputation for high quality and  ethical legal support services, have continued advertising, promoting, distributing, selling and offering for sale an identically named service, "UNISOURCE", and publicly advertising *"Unisource Discovery and Logo are Registered Trademarks"* on their emails, marketing materials, sales materials and website www.unisourcediscovery.com without UNISOURCE permission. (Exhibit F)

17. Through UNI-CA's Internet presence, and with the Internet's concomitant ability

4

to reach instantly millions of online consumers throughout the United States, including Florida, Defendants' have consciously and deliberately attempted to create a false impression of identification to diminish the distinctiveness of the UNISOURCE service mark. UNISOURCE has expended substantial time and money developing, advertising and promoting the Name and Mark.

18.   The Name and Mark is a symbol of UNISOURCE's quality, reputation and good will and has never been abandoned.

19.   UNISOURCE has extensively used, advertised and promoted the Name and Mark in the United States in connection with Legal Support Services and has carefully monitored and policed the use of the Name and Mark.

20.   As a result of Unisource's efforts, and expense, the legal industry readily identifies the Name and Mark as being high quality Legal Support Services.

21.   Defendants continue to use the Service Mark without permission or authority.

22.   Defendants have adopted not only the Name and Mark itself, but also the look and feel of the Name and Mark via the use of font, spacing, and design.

23.   Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Unisource's ownership of the Name and Mark, including its exclusive right to use and license the Mark and the goodwill associated therewith.

24.   Upon information and belief, the Defendants acted willfully and with intent to deceive consumers in its adoption and use of the Name and Mark.

## COUNT I
### Registered Service Mark Infringement (15 U.S.C. § 1114)

25.   Unisource hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 24 above.

26.   This is an action for service mark infringement against the Defendants.

27. Defendants' use of the name and mark



in connection with legal services is likely to cause confusion, mistake and deception among consumers, the public, and the trade as to whether Defendants' services are affiliated with, sponsored by, or endorsed by Plaintiff.

28. Defendants' action, as set forth, constitute infringement of Plaintiff's service mark registration in violation of the Lanham Act, 15 U.S.C. § 1114(1).

29. Defendants have acted with actual or constructive knowledge of Plaintiff's Mark and registration, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights. Defendants have actively targeted UNISOURCE clients in Florida and Louisiana and have used the Name and Mark to confuse the consumer in the process.

30. Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled.

31. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT II
### False Designation or Origin and Unfair Competition

32. Unisource hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 24 above.

33. Unisource owns a valid service mark entitled to protection under the Lanham Act.

6

34.  Defendants have demonstrated a deliberate intent to trade off the goodwill of Unisource's Mark as a means of increasing Defendants' own sales volume at the expense of Unisource.

35.  The Defendants' deliberate conduct is likely to result in consumers purchasing the Defendants' services in mistaken belief that it originates from Unisource.

36.  Defendants' use of a mark which is Unisource's Mark in connection with identical or highly similar services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Unisource, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by Unisource.

37.  Defendants' action, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

38.  Defendants have made and will continue to make substantial profits and/or gains to  which they are not entitled.

39.  Defendants have failed to respond to the numerous attempts by UNISOURCE to enter into a Licensing Agreement.

40.  By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

**COUNT III**
**Florida Common Law Service Mark Infringement**

41.  Unisource hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 24 above.

42.  Unisource owns a valid service mark entitled to protection under Florida common law.

43.  Defendants' use of the name and mark



in connection with Legal Support Services is likely to cause confusion, mistake and deception among consumers, the public, and the trade as to whether Defendants' services are affiliated with, sponsored by, or endorsed by Plaintiff.

44.   This conduct constitutes service mark infringement under Florida common law, and has caused and will continue to cause, Unisource to incur damage.

45.   By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## Florida Common Law Unfair Competition

46.   Unisource hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 24 above.

47.   Defendants have infringed Unisource's Mark in violation of its service mark rights.

48.   Defendants have demonstrated a deliberate intent to trade off the goodwill of Unisource's Mark as a means of increasing Defendants' own sales volume at the expense of Unisource.

49.   The Defendants' deliberate use of Unisource's Mark or a similar variation thereof in connection with identical or highly similar services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Unisource, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by Unisource.

50.   The Defendants' deliberate conduct is likely to result in consumers

purchasing Defendants' services in mistaken belief that it originates from Unisource.

51. This conduct constitutes unfair competition under Florida common law, and has caused, and will continue to cause, Unisource to incur damage.

52. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

**COUNT V**
**Service Mark Counterfeiting (15 U.S.C. § 1114)**

53. Plaintiff incorporates the allegations in paragraphs 1 through 24 as if fully set forth herein.

54. Defendants, intentionally and without authorization from UNISOURCE, have used and are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, UNISOURCE service mark.

55. Defendants' use of the identical name "UNISOURCE" is confusingly similar to UNISOURCE® service mark and has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public, and/or is likely to continue to deceive, the public into believing that the goods and services promoted, and/or old and/or performed by Defendants are UNISOURCE services and/or otherwise authorized or licensed by UNISOURCE.

56. Defendants' actions constitute service mark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

57. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at UNISOURCE'S expense.

58. Defendants' actions have caused, and will continue to cause, irreparable harm to UNISOURCE, and will continue to so harm UNISOURCE unless preliminarily and permanently enjoined.

59.   Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause UNISOURCE monetary damage in amounts to be determined at trial

## COUNT VI
## Service Mark Infringement
### (Florida Common Law)

60.   UNISOURCE incorporates the allegations in paragraphs 1 through 24 as if fully set forth herein.

61.   Defendants have infringed UNISOURCE's rights in the UNISOURCE® service mark by, among other things, using in commerce the identical and confusingly similar name "UNISOURCE" in connection with the promotion, advertising, sale, offering for sale, and distribution of their legal services.

62.   Defendants' use of the identical name "UNISOURCE" is confusingly similar to UNISOURCEs' UNISOURCE® service mark and has caused and/or is likely to cause confusion, mistake and/or deception among members of the relevant consuming public as to the origin or affiliation of Defendants' goods and has deceived, and/or is likely to continue to deceive, the public into believing that the goods promoted, sold and/or distributed by Defendant emanate from, or are associated with, UNISOURCEs and its goods, all to the damage and detriment of UNISOURCEs' reputation, goodwill and sales.

63.   Defendants' actions have been willful, deliberate, and intended to benefit Defendants at UNISOURCEs' expense.

64.   Defendants' actions constitute service mark infringement under Florida common law.

65.   Defendants' actions have caused, and will continue to cause, irreparable harm to UNISOURCE, and will continue to so harm UNISOURCE unless preliminarily and permanently enjoined.

10

66. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause UNISOURCE monetary damage in amounts to be determined at trial.

## COUNT VII
### Unfair Competition
### (Florida Common Law)

67. UNISOURCE incorporates the allegations in paragraphs 1 through 24 as if fully set forth herein.

68. By misappropriating and using the identical and therefore confusingly similar "UNISOURCE" name, Defendants have falsely designated and falsely represented that the goods they promote, advertise, offer for sale, sell and/or distribute originate from, are endorsed by, are connected with, authorized by, or otherwise associated with UNISOURCEs, who owns a federal registration for its UNISOURCE® service mark.

69. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at UNISOURCE's expense.

70. Defendants' actions constitute unfair competition under Florida common law.

71. Defendants' actions have caused, and will continue to cause, irreparable harm to UNISOURCE, and will continue to so harm UNISOURCE unless preliminarily and permanently enjoined.

72. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause UNISOURCE monetary damage in amounts to be determined at trial.

## COUNT VIII
### Deceptive Trade Practice Under Florida Law
### (Fla. Stat. Ann. § 501.204)

73. UNISOURCEs incorporates the allegations in paragraphs 1 through 24 as if fully set forth herein.

74. Defendants have engaged in unfair and deceptive acts or practices by misappropriating, imitating and/or copying UNISOURCE® service mark in connection with the "UNISOURCE" legal services they promote, advertise, offer for sale, sell and/or distribute in the state of Florida, thereby creating a likelihood of public confusion as to the source of Defendants' goods and services.

75. Defendants have deceptively and falsely represented to consumers that they have a right to render legal services under the UNISOURCE mark in commerce.

76. Defendants' actions have been willful, deliberate, and intended to benefit Defendants at UNISOURCE's expense.

77. Defendants' actions constitute deceptive trade practices in violation of Section 501.204 of the Florida Statutes.

78. Defendants' actions have caused, and will continue to cause, irreparable harm to UNISOURCE, and will continue to so harm UNISOURCE unless preliminarily and permanently enjoined.

79. Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause UNISOURCEs monetary damage in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Unisource respectfully requests judgment against Defendants as follows:

A. Permanently enjoining and restraining Defendants and their respective officers, directors, principals, partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from:

1. Using on or in connection with the production, manufacture, advertisement,

promotion, display on the Internet or otherwise, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise, or for any purposes whatsoever, the UNISOURCE® mark, or any colorable imitations thereof or any mark confusingly similar. thereto;

2.      Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that Defendants' services originate with or are the services of UNISOURCE or that there is any affiliation or connection between Plaintiff and its services and Defendants  or their services and from otherwise competing unfairly with UNISOURCE;

3.      Using any mark in a manner so as to cause the dilution of the distinctive quality of the Plaintiff's UNISOURCE® service mark, including, but not limited to, by using the designation "UNISOURCE";

4.      Making any false and misleading representations of material facts in advertising and promotional material, including, but not limited to, the representations that Defendants' legal services are an alternative to UNISOURCE's UNISOURCE® legal services and services;

5.      Assisting, aiding or abetting any other person or business entity in engaging in or in performing any of the activities referred to in the above-referenced subparagraphs.

B.      Directing that Defendants, at their own expense, recall all marketing, promotional and advertising materials that bear or incorporate any mark or design with "UNISOURCE" or any mark confusingly similar to the UNISOURCE® service mark, and to reimburse all customers from which  said materials are recalled.

C.      Directing that Defendants deliver to UNISOURCEs' attorneys or representatives

for destruction all services – including, but not limited g labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements – in their possession or under their control, bearing the "UNISOURCE" name or any simulation, reproduction, copy or colorable imitation of UNISOURCE's service mark, and all plates, molds, matrices, and any other means of making the same.

D.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product and service sold or otherwise promoted by Defendants is authorized by UNISOURCE or related in any way to UNISOURCEs' UNISOURCE® legal services.

E.      Directing Defendants to file with this Court and to serve upon UNISOURCE within thirty (30) days after service upon Defendants of an injunction in this action, a written report by Defendants, under oath, setting forth in detail the manner in which Defendants have complied with the injunction.

F.      Awarding UNISOURCE as damages Defendants' profits, royalties, and revenue from their sale of their "UNISOURCE" services under 15 U.S.C. § 1117(a).

G.      Awarding UNISOURCE treble damages permitted by the Lanham Act, 15 U.S.C. § 1117(a) and (b), based upon Defendants' willful infringement and counterfeiting.

H.      Awarding UNISOURCE statutory damages in an amount not to exceed Two Million Dollars ($2,000,000) per counterfeit mark per type of goods sold, offered for sale, or distributed by Defendants, as the Court considers just, pursuant to 15 U.S.C. § 1117(c)(2).

I.      Awarding UNISOURCE its damages by reason of Defendants' acts of common law service mark infringement, unfair competition, and for deceptive trade practices under the Florida Statues, in an amount to be established at trial.

J.      Awarding UNISOURCE punitive damages by reason of Defendants' willful,

14

intentional and malicious acts of common law service mark infringement and unfair competition, in 	an amount to be established at trial.

      K.      Awarding UNISOURCE reasonable attorneys' fees, costs, and expenses pursuant to the Lanham Act, 15 U.S.C. § 1117 and Florida law.

      L.      Awarding UNISOURCE such further relief as this Court deems proper.

## **JURY DEMAND**

      Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 31, 2022                Respectfully Submitted,

*/s/ Jesus Sanchelima*
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ _____

**SERVICE LIST**

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al**
**Case No. 1:20-cv-23276-DPG**
**United States District Court, Southern District of Florida**

Juan Carlos Zorrilla
Fowler White Burnett
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Fax: 305-728-7561
Email: jzorrilla@fowler-white.com
*Attorneys for Defendants*

Victor Mariano Velarde
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9229
Fax: (305) 728-7529
Email: vvelarde@fowler-white.com
*Attorneys for Defendants*