**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

     Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**
**AND COUNTERCLAIM[1]**

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, by and through their

undersigned counsel, file their Answer and Affirmative Defenses to Plaintiff, Unisource

Discovery, Inc.'s Amended Complaint.

**JURISDICTION AND VENUE**

1.     Defendants admit that this Court has subject matter jurisdiction of this action but

deny that Plaintiff is entitled to any relief it seeks.

2.     Defendants admit, for the purposes of establishing jurisdiction only, that this Court

has personal jurisdiction over them. Defendants deny the remaining allegations of paragraph 2.

3.     Defendants admit, for the purposes of establishing venue only, that venue is proper

in this judicial district. Defendants deny the remaining allegation of paragraph 3.

---

[1] Plaintiff, unopposed, filed its Amended Complaint to correct non-substantive errors and voluntarily dismiss two Counts. *See* Motion for Leave to Amend (DE 307) at p. 1. Defendants, therefore, are filing their Answer to the Amended Complaint and Counterclaim to serve as the operative Answer and clean up the pleadings filed in this case.

## THE PARTIES

4.      Defendants admit Plaintiff is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Defendants further admit that Plaintiff uses the service mark defined as the "Mark" in the Amended Complaint. Defendants deny the remaining allegations.

5.      Defendants admit that Defendant, Unisource Discovery, LLC, is a California limited liability company with its principal place of business in Orange, California. Defendants deny the remaining allegations of paragraph 5.

6.      Defendants admit that Defendant, Steven A. Cerasale ("Mr. Cerasale") resides in California and is an officer/member of Unisource Discovery, LLC.

7.      Defendants admit that Mr. Cerasale is a shareholder of Plaintiff.

8.      Defendants admit that Mr. Cerasale is a managing member of Unisource Discovery, LLC. Defendants deny the remaining allegations of paragraph 8.

## COMMON FACTUAL ALLEGATIONS

9.      Defendants admit that Federal Registration No. 3634516 was registered by Plaintiff. Defendants deny the remaining allegations of paragraph 9.

10.     Defendants admit that Federal Registration No. 3634516 appears to have been renewed. Defendants deny the remaining allegations of paragraph 10.

11.     Defendants deny that Plaintiff had an ongoing business relationship with Unisource Discovery, LLC. Unisource Discovery, LLC was organized on May 11, 2001 by Mr. Cerasale and has been using the Mark since 2001 with priority over Plaintiff—i.e., five years before Plaintiff was incorporated. Defendants further state that Unisource Discovery, LLC has been continuously using the "Mark" on its website years before the "Mark" was registered by Plaintiff and years before Plaintiff was incorporated. Defendants admit that once Plaintiff was incorporated in 2006,

2

with the consent of Defendants, Plaintiff was provided a license to use the same name "Unisource Discovery Digital Document Retrieval" and the same "Mark" as Unisource Discovery, LLC. Defendants deny the remaining allegations in paragraph 11.

12.     Defendants deny the allegations of paragraph 12.

13.     Defendant admit that, after Mr. Cerasale filed a lawsuit against Plaintiff based upon Plaintiff's refusal to provide copies of Plaintiff's financial information to Mr. Cerasale under Fla. Stat. § 607.1602, Plaintiff retaliated with a null and void "demand" dated February 21, 2020 ostensibly "revoking" the right to use the "Mark."

14.     Defendant admit that Plaintiff prepared a retaliatory "cease and desist" letter dated May 12, 2020. Defendants deny that the purported "cease and desist" letter had any effect or merit.

15.     Defendants deny the allegations of paragraph 15. At all material times, the Mark has been owned by Unisource Discovery, LLC. Defendants further state that the Mark has never been assigned or sold to Plaintiff.

16.     Defendants deny the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants admit that Plaintiff has used the Mark in connection with its business. Defendants deny that Plaintiff "carefully monitored and policed the use of the Name and Mark" and further deny the remaining allegations of paragraph 19. Rather, Plaintiff used the Mark pursuant to a license provided to it.

20.     Defendants deny the allegations of paragraph 20.

21.     Defendants admit that Unisource Discovery, LLC continues to use the name and Mark, both of which belong to Unisource Discovery, LLC and not to Plaintiff. Defendants deny that their use of the Mark is without "permission," without "authority," or otherwise improper.

22.     Defendants deny the allegations of paragraph 22 and state that Unisource Discovery, LLC created and own the Mark.

23.     Defendants deny the allegations of paragraph 23.

24.     Defendants deny the allegations of paragraph 24.

## COUNT I
### Registered Service Mark Infringement (15 U.S.C. § 1114)

25.     Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

26.     Defendants admit that Count I purports to be an action for service mark infringement against Defendants but deny that Plaintiff is entitled to any relief it seeks.

27.     Defendants admit that Unisource Discovery, LLC has continuously used its name and Mark in connection with its business for years before Plaintiff was incorporated and for years before the Mark was registered. Defendants deny the remaining allegations of paragraph 27.

28.     Defendants deny the allegations of paragraph 28.

29.     Defendants deny the allegations of paragraph 29.

30.     Defendants deny the allegations of paragraph 30.

31.     Defendants deny the allegations of paragraph 31.

## COUNT II
### False Designation or Origin and Unfair Competition

32.     Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

4

33. Defendants admit that Plaintiff is the owner of Registration No. 3634516 but deny that the registration is valid and otherwise deny the remaining allegations.

34. Defendants deny the allegations of paragraph 34 and state that, at all times, Unisource Discovery, LLC (not Plaintiff) has been the owner of the subject Mark.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

**COUNT III**
**Florida Common Law Service Mark Infringement**

41. Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

42. Defendants admit that Plaintiff is the owner of Registration No. 3634516 but deny that the registration is valid and otherwise deny the remaining allegations.

43. Defendants admit that Unisource Discovery, LLC has continuously used its name and Mark in connection with its business for years before Plaintiff was incorporated and for years before the Mark was registered. Defendants deny the remaining allegations of paragraph 43 and state that, at all times, Unisource Discovery, LLC (not Plaintiff) has been the owner of the subject Mark.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

## COUNT IV
### Florida Common Law Unfair Competition

46.     Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

47.     Defendants deny the allegations of paragraph 47 and state that, at all times, Unisource Discovery, LLC (not Plaintiff) has been the owner of the subject Mark.

48.     Defendants deny the allegations of paragraph 48.

49.     Defendants deny the allegations of paragraph 49.

50.     Defendants deny the allegations of paragraph 50.

51.     Defendants deny the allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

## COUNT V
### Service Mark Counterfeiting (15 U.S.C. § 1114)

53.     Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

54.     Defendants deny the allegations of paragraph 54 and state that, at all times, Unisource Discovery, LLC (not Plaintiff) has been the owner of the subject Mark.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

## COUNT VI
## Service Mark Infringement (Florida Common Law)

60.     Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

61.     Defendants deny the allegations of paragraph 61 and state that, at all times, Unisource Discovery, LLC (not Plaintiff) has been the owner of the subject Mark.

62.     Defendants deny the allegations of paragraph 62.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants deny the allegations of paragraph 65.

66.     Defendants deny the allegations of paragraph 66.

## COUNT VII
## Unfair Competition (Florida Common Law)

67.     Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

68.     Defendants deny the allegations of paragraph 68 and state that, at all times, Unisource Discovery, LLC (not Plaintiff) has been the owner of the subject Mark.

69.     Defendants deny the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

## COUNT VIII
## Deceptive Trade Practice Under Florida Law (Fla. Stat. § 501.204)

73.     Defendants restate and re-allege their answers to paragraphs 1 through 24 as if fully set forth herein.

74.     Defendants deny the allegations of paragraph 74 and state that, at all times, Unisource Discovery, LLC (not Plaintiff) has been the owner of the subject Mark.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79. As to the allegations in the "PRAYER FOR RELIEF" section following paragraph 79, Defendants deny the allegations.

80.     Defendants hereby deny all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

81.     As their First Affirmative Defense, Defendants state that Plaintiff has abandoned its Mark by having provided Defendants with a naked license to use the Mark for more than a decade. Unisource Discovery, LLC has been continuously using the Mark in its business since 2001 and on its website since as early as 2001—i.e., years before the Mark was registered by Plaintiff and years before Plaintiff was incorporated. Plaintiff registered the "Mark" in 2009 with full knowledge that Unisource Discovery, LLC created that "Mark" and had been using that "Mark" for years. Plaintiff also registered the "Mark" with full knowledge that Unisource Discovery, LLC would continue to use the "Mark" as it deems fit in its sole discretion. Once the "Mark" was registered, Unisource Discovery, LLC—with Plaintiff's knowledge—continued to use the "Mark" for more than a decade. Plaintiff never controlled, policed, or supervised Defendants' use of the "Mark." To the contrary, Unisource Discovery, LLC was free to use the "Mark" as it wished in its sole discretion.

82.     As their Second Affirmative Defense, Defendants state that Unisource Discovery, LLC was organized on May 11, 2001 by Mr. Cerasale and has been using the "Unisource

8

Discovery Digital Document Retrieval" name since 2001—i.e., five years before Plaintiff was incorporated. Plaintiff never controlled, policed, or supervised Defendants' use of the name or the "Mark." To the contrary, Unisource Discovery, LLC was free to use the name and the "Mark" as it wished in its sole discretion.

83.     As their Third Affirmative Defense, Defendants state that Plaintiff is estopped from claiming that Defendants' use of the "Mark" is actionable, unlawful, or constitutes an infringement. Unisource Discovery, LLC was organized on May 11, 2001 by Mr. Cerasale and has been using the "Unisource Discovery Digital Document Retrieval" name since 2001—i.e., five years before Plaintiff was incorporated. Unisource Discovery, LLC also has been continuously using the "Mark" (or the exact design and wording set forth in the "Mark") on its website since as early as 2001—i.e., years before the "Mark" was registered by Plaintiff and years before Plaintiff was incorporated. Plaintiff registered the "Mark" in 2009 with full knowledge that Unisource Discovery, LLC created that "Mark" and had been using that "Mark" for years. Plaintiff also registered the "Mark" with full knowledge that Unisource Discovery, LLC would continue to use the "Mark" as it deems fit in its sole discretion. Once the "Mark" was registered, Unisource Discovery, LLC—with Plaintiff's knowledge—continued to use the "Mark" for more than a decade. Plaintiff never controlled, policed, or supervised Defendants' use of the "Mark." To the contrary, Unisource Discovery, LLC was free to use the "Mark" as it wished in its sole discretion. Defendants relied upon Plaintiff's actions and representations in continuing to use the "Mark" as Unisource Discovery, LLC deemed fit in its sole discretion. Based upon Plaintiff's actions and representations, Unisource Discovery, LLC continued to use the "Mark" on its website, marketing materials, and in all aspects of its business for more than a decade. Unisource Discovery, LLC has

9

continued to build its business and brand recognition using the "Mark" without any restraint or limitations for more than ten years (with the knowledge of Plaintiff).

84.     As their Fourth Affirmative Defense, Defendants state that Plaintiff is estopped from claiming that Defendants' use of the "Mark" is likely to cause confusion. For more than a decade, Plaintiff used the "Mark" in the same website, same marketing materials, same software, same services, and same name as Unisource Discovery, LLC. If there is any "confusion," it was purposefully and knowingly caused by Plaintiff's own use of the same website, marketing materials, software, services, and name as Unisource Discovery, LLC for more than a decade.

85.     As their Fifth Affirmative Defense, Defendants state that Plaintiff has not incurred any actual damages from any alleged "infringement" or "deceptive or unfair trade practice" of Defendants. Plaintiff's claim under Florida's Deceptive and Unfair Trade Practices Act (Count VI), therefore, fails.

86.     As their Sixth Affirmative Defense, Defendants state that their use of the "Unisource Discovery Digital Document Retrieval" name is—and has been since 2001—the name of Unisource Discovery, LLC's business and is otherwise descriptive of the services of Unisource Discovery, LLC.

87.     As their Seventh Affirmative Defense, Defendants state that they adopted and used the "Mark" years before Plaintiff's registration or use of the "Mark" and that Defendants have continuously used such "Mark" from before the registration of the "Mark."

88.     As their Eighth Affirmative Defense, Defendants state that Plaintiff is not entitled to any equitable relief because it has unclean hands. Even if its attempt to "revoke" its naked license to Defendants were effective (which it is not), Plaintiff's revocation is a retaliatory "punishment" to Defendants as a result of Mr. Cerasale's lawful request for financial records under Fla. Stat.

10

§ 607.1602 and subsequent lawsuit against Plaintiff to compel it to produce the requested financial records to which Mr. Cerasale was entitled.

89.     As their Ninth Affirmative Defense, Defendants state that Registration No. 3,634,516 (Serial No. 77594059) should be cancelled due to Plaintiff's fraud on the United States Patent and Trademark Office in obtaining, maintaining, and enforcing its service mark. Plaintiff falsely stated (under oath and penalty of perjury) that it first used the Mark as early as March 1, 2001, that it was the "owner" of the Mark and "no other person, firm, corporation, or association has the right to use the [M]ark in commerce," and that it had exclusive rights to use the "Unisource Discovery Digital Document Retrieval" name and the Mark. To the contrary, Plaintiff knew, but concealed, the fact that Defendants were first to use the name and the Mark and that Defendants had an ongoing right to continue using the name and the Mark in their sole discretion. In particular, Plaintiff knew that Defendants had been using the "Unisource Discovery Digital Document Retrieval" name and Mark since 2001—i.e., five years before Plaintiff was even incorporated. Moreover, when Plaintiff submitted its Trademark Registration, it knew that it did not own or have the exclusive right to use the Mark. Specifically, Plaintiff knew that Unisource Discovery, LLC (through Mr. Cerasale) owned and had a superior right to, and was free to continue using, the "Mark" as it deemed fit in its sole discretion. Accordingly, Plaintiff's registered mark should be cancelled.

Having answered the Complaint and raising Affirmative Defenses, Defendants respectfully request the Court to enter a judgment in their favor and against Plaintiff, awarding Defendants their costs and attorneys' fees, and awarding such additional relief as the Court deems just and appropriate under the circumstances.

11

## JURY TRIAL DEMAND

Defendants, Unisource Discovery, LLC and Steven A. Cerasale, demand a trial by jury on all issues so triable.

## COUNTERCLAIM

Counter-Plaintiffs, Unisource Discovery, LLC, and Steven A. Cerasale, by and through their undersigned counsel, hereby file their Counterclaim against Counter-Defendant, Unisource Discovery, Inc., stating as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant, *inter alia*, to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1065, 1115, 1331, 1338, and 1367.

2.      This Court has personal jurisdiction over Counter-Defendant, Unisource Discovery, Inc. ("Unisource Florida"), because it is incorporated in Florida and has its principal place of business in Miami-Dade County, Florida.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the event giving rise to the claims in the action occurred in this judicial district and because Unisource Florida's principal place of business is within this judicial district.

## PARTIES

4.      Unisource Florida is a Corporation duly organized under the laws of the State of Florida with its principal place of business located at 555 NE 15th Street, 9th Floor, Suite 934-A, Miami, FL 33132.

5.      Counter-Plaintiff, Unisource Discovery, LLC ("Unisource California"), is a limited liability company duly organized under the laws of the State of California with its principal place of business in the United States located at 625 The City Drive, Suite 303, Orange, CA 92868.

12

6. Counter-Plaintiff, Steven Cerasale is an individual residing in the State of California and a member of Unisource California. Mr. Cerasale is also a shareholder of Unisource Florida.

## FACTS

7. On May 11, 2001, Mr. Cerasale organized Unisource California and began to use the "Unisource Discovery Digital Document Retrieval."

8. In 2001, Mr. Cerasale and Unisource California created the following mark (the "Mark"):

9. Also in 2001, Mr. Cerasale and Unisource California registered the domain www.unisourcediscovery.com and published the Mark on its website.

10. Mr. Cerasale and Unisource California were (and continue to be) in the business of providing state-of-the-art document retrieval and management services to their customers nationwide.

11. For more than twenty years (i.e., since its inception in 2001 through to the present), Unisource California has been using the Mark on its website, in its marketing materials, and throughout its business activities.

12. Since about 2004, Noel Mijares has operated a subpoena processing company in Florida under the name of The Subpoena Summons & Affidavit Company (the "Subpoena Company").

13. Noel Mijares's Subpoena Company projected itself as "specializ[ing] in reducing the costs of litigation associated with the service of process for the insurance industry, national law firms, litigation defense, health care associations and private firms in the State of Florida."

14. Around early 2006, Noel Mijares represented to Mr. Cerasale that the Subpoena Company had a platform in Florida that could be used to establish a presence for Unisource California in the Florida market.

15. Mr. Cerasale and Noel Mijares agreed to attempt to leverage the supposed Florida platform of the Subpoena Company to established a Florida presence for Unisource California.

16. In or around June 2006, Mr. Cerasale partnered with Noel Mijares to jointly operate a Florida branch of Unisource California.

17. On June 15, 2006, Mr. Cerasale and Noel Mijares incorporated Unisource Florida.

18. The purpose of Unisource Florida was to manage Unisource California's customers in Florida and generate new business in Florida for the "Unisource Discovery" brand.

19. Initially, Mr. Cerasale owned 50% of Unisource Florida's outstanding shares of stock; Noel Mijares owned 25%; and Lisa Cote owned 25%.

20. Mr. Cerasale and Noel Mijares agreed that Unisource Florida would have the exclusive rights to utilize the Florida Platform of "The Subpoena Company" to establish a presence in the South Florida region.

21. Because Mr. Cerasale and Noel Mijares intended that Unisource Florida serve as a "Florida branch" of Unisource California (which served nationwide customers), and because the interests of Unisource California and Unisource Florida were aligned, Mr. Cerasale and Noel Mijares agreed  they shall work together in good faith and to collaborate.

22. Additionally, because Mr. Cerasale was (and would continue to be) operating Unisource California, Mr. Cerasale and Noel Mijares further agreed that "in the case that Steven Cerasale is no longer a Director, Officer or Agent of [Unisource Florida], at that time the Board of

Directors shall modify the current name of the Company 'UNISOURCE DISCOVERY' to be different in name only." Unisource Florida's Operating Agreement (DE 61-5) at p. 5.

23. Unisource California was not a party to Unisource Florida's Operating Agreement.

24. Mr. Cerasale, Unisource California, Noel Mijares, and Unisource Florida all agreed and understood that Unisource California and Mr. Cerasale would continue to own, control, and use the Mark without restriction.

25. Unisource California and Mr. Cerasale did not assign or sell any of their rights to the name "Unisource Discovery Digital Document Retrieval" or to the Mark in exchange for Mr. Cerasale's 50% ownership interest in Unisource Florida.

26. Mr. Cerasale and Noel Mijares agreed that Unisource Florida would use for its business the same website and domain as Unisource California (i.e., www.unisourcediscovery.com) provided that Unisource Florida pay its share of the costs associated with the website.

27. Mr. Cerasale and Noel Mijares also agreed that Unisource Florida would have a limited license to use the Mark and the name "Unisource Discovery Digital Document Retrieval" for its business, but that license would expire upon Mr. Cerasale's resignation or other disassociation from Unisource Florida. *See* Unisource Florida's Operating Agreement (DE 61-5) at p. 5.

28. Noel Mijares was the Director primarily in charge of the day-to-day operations of Unisource Florida.

29. On October 15, 2008, Unisource Florida (through Noel Mijares) filed a registration with the U.S. Patent and Trademark Office (the "USPTO") to register the Mark. *See* Trademark Registration (DE 61-6).

15

30.     Unisource Florida's service mark registration application included the following material misrepresentations:

a.     Unisource Florida claimed that it was the "owner" of the Mark when, in reality, Unisource California was the owner.

b.     Unisource Florida claimed that it first used the Mark "as early as March 1, 2001" when, in reality, Unisource Florida did not use the Mark until after it was incorporated in June 2006. *See* Unisource Florida's Responses to Request for Admissions (DE 61-8) at ¶¶ 1–2 ("Admitted that Unisource[–Florida] did not use the Mark until … June 15, 2006 ….").

c.     Unisource Florida falsely claimed "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource California was the owner of the Mark, had been using the Mark since 2001, and had every right to continue using the Mark.

31.     Unisource Florida went on to renew its service mark application for the Mark under Section 8 and 9.

32.     Unisource Florida, however, never submitted a declaration of incontestability under Section 15, nor would any such declaration be warranted or allowed. *See* Trademark Status (DE 61-7).

33.     On June 28, 2010, Mr. Cerasale and Noel Mijares (along with prior shareholder Lisa Cote and new shareholder Alfred Lutter) signed a Close Corporation Shareholder Agreement (DE 61-9) relating to Unisource Florida. Unisource California, again, was not a party to the Shareholder Agreement.

34.    Under the Close Corporation Shareholder Agreement, the ownership of Unisource Florida was set forth as follows: Mr. Cerasale owned 40%; Alfred Lutter owned 10%; Noel Mijares owned 25%; and Lisa Cote owned 25%.

35.    Again, because Unisource Florida acknowledged and understood that Unisource California and Mr. Cerasale operated (and would continue to operate) Unisource California using the "Unisource Discovery Digital Document Retrieval" name and the Mark, the Shareholder Agreement provided that "presently existing businesses operated by the Directors [i.e., Mr. Cerasale and Noel Mijares] are complementary to the business of [Unisource Florida], and it is anticipated that working relationships, cross referrals, another collaborative activities may be conducted between the Company and such other businesses." Shareholder Agreement (DE 61-9) at p. 2.

36.    As to the trademark, the Shareholder Agreement acknowledged that Unisource Florida registered the trademark. *Id*.

37.    However, Unisource Florida acknowledged that the Mark nonetheless continued to belong to Unisource California by providing that "the parties agree that [Unisource Florida] shall be entitled to use the trademark 'Unisource Discovery,' as part of its corporate name … or as a fictitious name, or otherwise." *Id*.

38.    It was agreed and understood that Unisource California still owned the Mark and (along with Mr. Cerasale) could use the Mark without restriction.

39.    Unisource Florida further restated that it "shall have exclusive rights to utilize the Florida Platform of 'The Subpoena Company' to establish a presence in the region [i.e., in South Florida]," while Unisource and Mr. Cerasale would continue to serve customers nationwide. *Id*.

40.     Noel Mijares otherwise continued to be the Director primarily in charge of operating the day-to-day business of Unisource Florida.

41.     Unisource Florida never exercised any supervision or control over the activities of Unisource California or Mr. Cerasale with respect to the Mark or the trademark, nor did Unisource Florida ever have the right or authority to exercise such supervision or control.

42.     Moreover, Unisource Florida never controlled the products, marketing, services, or any other aspect of Unisource California or Mr. Cerasale. It was agreed and understood that Unisource California and Mr. Cerasale could use the Mark and trademark as they deemed fit without any interference, control, supervision, or say from Unisource Florida.

43.     In or around September 2018, Mr. Cerasale and Alfred Lutter (the new shareholder of Unisource Florida) became concerned about the financial condition of Unisource Florida in light of numerous unpaid invoices and other obligations to third parties and the fact that Unisource Florida had not provided Mr. Cerasale or Alfred Lutter with any financial statements as required under the Shareholder Agreement and Florida Statutes.

44.     On September 28, 2018, Mr. Cerasale and Alfred Lutter delivered a request for inspection of corporate books and records under Florida Statutes § 607.1602 and § 607.1603 to Unisource Florida. *See* September 28, 2018 Request (DE 61-11).

45.     Unisource Florida ignored the request.

46.     Because Unisource Florida ignored the request, Mr. Cerasale and Alfred Lutter filed a lawsuit on October 24, 2018 under Florida Statutes § 607.1604 against Unisource Florida to compel inspection of the requested books and records. *See* Complaint under Section 607.1604 (DE 61-12).

47.     In their Complaint, Mr. Cerasale and Alfred Lutter explained that "[a]ccess to and production of the Corporate Records is necessary to evaluate the financial condition and management of Unisource [Florida] and determine why neither Mr. Cerasale nor Mr. Lutter have received any dividend distributions in accordance with Unisource [Florida]'s Shareholder Agreement." *Id*. at ¶ 21.

48.     Unisource Florida (through Noel Mijares) then decided to retaliate.

49.     First, Noel Mijares had Unisource Florida stop payments to third-party vendors and Unisource Florida creditors on loans guaranteed by Mr. Cerasale.

50.     Second, in or around September 2019, Noel Mijares demanded that changes be made to Unisource California's website (i.e., www.unisourcediscovery.com) to benefit Unisource Florida while simultaneously refusing to have Unisource Florida pay for any of the costs associated with the demanded changes.

51.     Because Unisource Florida had not paid for any of the costs associated with the website for years, Mr. Cerasale and Noel Mijares agreed that Unisource Florida would register a new website dedicated to Unisource Florida.

52.     On September 16, 2019, Unisource Florida registered the new website and domain (i.e., www.unisourcediscovery.net). *See* September 16, 2019 Email from Noel Mijares (DE 61-13) at p. 1 ("here is our new website for Unisource Discovery, Inc. https://unisourcediscovery.net").

53.     Third, Unisource Florida (through Noel Mijares) moved to dismiss Mr. Cerasale and Alfred Lutter's state court Complaint and avoid producing the financial information they requested in their capacity as shareholders.

54.     On March 17, 2020, the Florida Circuit Court Judge denied Unisource Florida's Motion to Dismiss and instructed Mr. Cerasale's undersigned counsel to submit a proposed Order.

19

*See* March 17, 2020 Email (DE 61-14) at p. 1 ("At the conclusion of the hearing this morning, the Judge requested that we submit a proposed Order setting forth the Court's ruling that the Motion to Dismiss is denied and that Defendants have until April 20, 2020 to file their answer (i.e., 20 days after March 31, 2020).").

55.     Unisource Florida ignored the ruling denying their motion to dismiss until July 21, 2020, when it filed its Answer and Affirmative Defenses along with a Counterclaim.

56.     Finally, on February 21, 2020, Unisource Florida (through Noel Mijares) attempted to "revoke" a supposed "license" that it ostensibly gave Unisource California for the use of the Mark and trademark. *See* February 21, 2020 Letter (DE 61-15) at p. 1 ("Unisource Discovery, LLC no longer has the Right to Use, Market or Transact business under the USPTO Registered Trademark of Unisource Discovery").

57.     Two months after its Motion to Dismiss Mr. Cerasale's state court action was denied (i.e., on May 12, 2020), Unisource Florida (again, through Noel Mijares) sent another letter threatening to sue based upon Unisource California's continued and lawful use of the Mark—which belonged and continues to belong to Unisource California and Mr. Cerasale. *See* May 12, 2020 Letter (DE 61-16).

58.     Shortly thereafter, while continuing to refuse to allow Mr. Cerasale and Alfred Lutter to inspect the requested corporate books and records, Unisource Florida (through Noel Mijares) filed this lawsuit.

59.     With the exception of Unisource Florida's two demand letters in 2020 and this lawsuit, Unisource Florida has never even attempted to control, supervise, police, or dictate in any way how Unisource California uses the Mark or trademark, markets its products, or performs its services.

60.     During its more than twenty years of existence, Unisource California (through Mr. Cerasale) has used the Mark as it deems fit in its sole discretion.

61.     All conditions precedent to bringing this action have been satisfied or waived.

## COUNT I
## CANCELLATION OF REGISTERED MARK

62.     Defendants incorporate and re-allege paragraphs 1 – 61 of this Counterclaim as fully set forth herein.

63.     Mr. Cerasale and Unisource California created the "Unisource Discovery Digital Document Retrieval" name and Mark in 2001 and have been using the name and Mark since 2001.

64.     At all material times, Mr. Cerasale and Unisource California have had legal rights to the Mark that were superior to Unisource Florida's rights.

65.     At all material times, Unisource Florida knew that Mr. Cerasale and Unisource California's rights in the name and the Mark were superior to Unisource Florida's and had no basis for believing otherwise.

66.     At all material times, Unisource Florida knew that Mr. Cerasale and Unisource California had been using the "Unisource Discovery Digital Document Retrieval" name and the Mark before 2006 (when Mr. Cerasale partnered with Noel Mijares to incorporate Unisource Florida).

67.     Mr. Cerasale and Unisource California were users of the Mark before, during, and after Unisource Florida signed and submitted its trademark registration application verification relating to the Mark.

68.     At the time Unisource Florida signed the trademark application for registration relating to the Mark, Unisource Florida also knew that Mr. Cerasale and Unisource California had the right to use the Mark in commerce at Mr. Cerasale's sole discretion.

21

69.     Unisource Florida nevertheless materially misrepresented that Unisource Florida was the "owner" of the Mark when, in reality, Unisource California was the owner.

70.     Unisource Florida also materially represented that Unisource Florida first used the Mark "as early as March 1, 2001" when, in reality, Unisource Florida did not use the Mark until after it was incorporated in June 2006 (i.e., more than five years after Unisource California and Mr. Cerasale created and first began to use the Mark).

71.     Unisource Florida also falsely declared that "no other person, firm, corporation, or association has the right to use the [M]ark in commerce" knowing full well that Unisource California was the owner of the Mark and, along with Mr. Cerasale, had been using the Mark since 2001 and had every right to continue to use the Mark.

72.     Unisource Florida, in failing to disclose these material facts to the USPTO, intended to procure a registration to which it was not entitled.

73.     Despite having procured its registration via fraud, Unisource Florida has taken the position that it owns an enforceable trademark registration for the Mark and has filed a trademark infringement lawsuit against Unisource California and Mr. Cerasale. There is, therefore, an actual controversy among Unisource Florida, Unisource California, and Mr. Cerasale.

**WHEREFORE**, for the reasons set forth above, Counter-Plaintiffs, Unisource Discovery, LLC and Steven A. Cerasale, respectfully requests judgment against Counter-Defendant, Unisource Discovery Inc., as follows:

A.     Declaring that Unisource Discovery Inc.'s registration for the subject mark (Federal Registration No. 3634516) is cancelled and otherwise ineffective.

22

B.    Declaring that Unisource Discovery, LLC and Steven Cerasale have not infringed on any service mark or trademark rights owned or allegedly owned by Unisource Discovery, Inc.

C.    Declaring that Unisource Discovery, LLC is the owner of the Mark.

D.    Ordering Unisource Discovery Inc. to transfer to Unisource Discovery, LLC and Steven A. Cerasale all registrations, applications, and rights that it claims in the "Unisource Discovery Digital Document Retrieval" name and Mark, Federal Registration No. 3634516.

E.    Award to Unisource Discovery, LLC and Steven A. Cerasale the costs and reasonable attorneys' fees incurred in this action.

F.    Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Counter-Plaintiffs, Unisource Discovery, LLC and Steven A. Cerasale, demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on June 14, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** ||
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>E-mail: ddvlaw@gmail.com<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br><br>*Counsel for Plaintiff/Counter-Defendant, Unisource Discovery, Inc.* | Jesus Sanchelima, Esq.<br>Fla. Bar No. 231207<br>Email: jesus@sanchelima.com<br>Liany Estevez, Esq.<br>Florida Bar No. 1024902<br>Email: estevez@sanchelima.com<br>Sanchelima & Associates, P.A.<br>235 S.W. Le Jeune Road<br>Miami, Florida 33134<br>Telephone: (305) 447-1617<br>Facsimile: (305) 445-8484<br><br>*Counsel for Plaintiff/Counter-Defendant, Unisource Discovery, Inc* |