UNISOURCE DISCOVERY, INC.

    Plaintiff/Counter-Defendant,

          v.                            Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs,
_____ /

## <u>PLAINTIFF'S MOTION TO STRIKE FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff, Unisource Discovery Inc. ("Plaintiff"), moves to strike Defendants, Unisource Discovery LLC and Steven A. Cerasale's ("Defendants"), first affirmative defense of naked licensing under Rule 12(f) of the Federal Rules of Civil Procedure, and in support, states as follows:

### I.    INTRODUCTION

Succinctly expressed, the legal issue is whether the doctrine of licensee estoppel is applicable in this service mark case to bar the affirmative defense of naked license asserted by Defendants as their First Affirmative Defense (ECF No. 311). Plaintiff submits that Defendants, as purported licensees of Plaintiff are barred from asserting the affirmative defense as discussed below.

The undersigned has conferred with opposite counsel regarding the applicability of the doctrine of licensee estoppel. No agreement has been reached on this issue. However, the parties agree that it is desirable to fully brief this legal issue for the Court to decide at the earliest

opportunity to save substantial trial time and expense to the parties in the preparation of pre-trial documents including the pertinent jury instructions.

## II.  ARGUMENT

A court may "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on proper motion by a party.  Fed. R. Civ. P. 12(f). Affirmative defenses should be stricken if insufficient as a matter of law. *See Morrison v. Exec. Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005).  An affirmative defense is insufficient as a matter of law where: "'(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Home Mgmt. Solutions, Inc. v. Prescient Inc*., No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. August 21, 2007).

A licensee is precluded from arguing naked licensing or otherwise challenging a licensor's mark based on facts arising during its time as a licensee. *See Professional Golfers Ass'n of America v. Bankers Life & Cas. Co.*, 514 F.2d 665, 671, 186 U.S.P.Q. 447 (5th Cir. 1975). In *Professional Golfers,* a former licensee alleged that the trademark owner abandoned the mark through naked licensing. *Id.* The Court rejected the former licensee's defense because "a licensee is estopped to contest the validity of the licensor's title during the course of the licensing arrangement…the licensee has, by virtue of the agreement, recognized the holder's ownership" *Id*. at 671; *see also Nguyen v. Biondo*, 508 F. App'x 932, 935 (11th Cir. 2013)(licensee estopped from arguing abandonment through naked licensing between 2008 and 2010 when it signed an agreement that recognized plaintiff's ownership of the mark); *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.,* 270 F. Supp. 3d 1340, 1358 (S.D. Fla. 2017)(finding that counter-defendant's argument failed as a matter of law because it is estopped from challenging the licensor's ownership based on its own licensing arrangement); *Creative*

*Gifts, Inc. v. UFO*, 235 F.3d 540, 548 (10th Cir. 2000) (holding licensee was estopped from arguing abandonment of a trademark based on naked licensing where it was the failure to police the licensee's own conduct which predicated the naked licensing argument); *John C. Flood of Va., Inc. v. John C. Flood, Inc.*, 642 F.3d 1105, 1110-12 (D.C. Cir. 2011)(finding trademark licensee barred from arguing abandonment of the mark on the basis of naked licensing as it had benefited from the license of the disputed marks for over two decades); *McCarthy on Trademarks and Unfair Competition* § 18:63 (5th ed.)(majority view is that "licensee estoppel forecloses a licensee from challenging the licensor's title on the ground that the licensor failed to adequately protect the validity of the mark by exercising sufficient quality control over licensee.")

Here, Defendants' defense of naked licensing is insufficient as a matter of law. Defendants' defense is based on the allegation that "Plaintiff has abandoned its Mark by having provided Defendants with a naked license to use the Mark for more than a decade." ¶81 of the Answer. Defendants' defense necessarily attacks the validity of Plaintiff's ownership in the marks during the time it was a licensee—because it is its own license that it claims is a naked license—therefore, it is estopped as a matter of law and should be stricken.

## III.        CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order striking the naked license affirmative defense from Defendants' Amended Affirmative Defenses (ECF No. 311).

**<u>7.1 PRE-FILING CONFERENCE</u>**

Plaintiff certifies that counsel for the moving party has conferred with counsel for the Defendants in a good faith effort to resolve the dispute-giving rise to this Motion to Strike and Defendants oppose the relief sought in this motion. However, the parties agree that it is desirable to fully brief this legal issue for the Court to save substantial trial time and expense to the parties in the preparation of pre-trial documents.

Dated: June 20, 2022                        Respectfully Submitted,

*/s/ Jesus Sanchelima*
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jesus Sanchelima
Jesus Sanchelima, Esq.

**SERVICE LIST**

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al
Case No. 1:20-cv-23276-DPG
United States District Court, Southern District of Florida**

Juan Carlos Zorrilla
Fowler White Burnett
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Fax: 305-728-7561
Email: jzorrilla@fowler-white.com
*Attorneys for Defendants*

Victor Mariano Velarde
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9229
Fax: (305) 728-7529
Email: vvelarde@fowler-white.com
*Attorneys for Defendants*