**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

      Plaintiff,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants.

_____

**<u>PLAINTIFF/COUNTER-DEFENDANT, UNISOURCE DISCOVERY, INC.
OBJECTION AND OPPOSITION TO COUNTER-PLAINTIFF STEVEN CERASALE
MOTION FOR LEAVE TO "… APPEAR AND PROVIDE TESTIMONY AT THE
TRIAL BY ZOOM DUE TO MEDICAL CONDITION PREVENTING HIM FROM
TRAVELING AND REQUEST FOR HEARING"</u>**

Plaintiff/Counter-Defendant, Unisource Discovery, Inc. pursuant Federal Rule of Civil Procedure 43(a), files its objection and opposition to Defendant/Counter-Plaintiff Steven Cerasale's motion for leave to have, appear and provide testimony at the trial via Zoom testimony during the jury trial at-issue from another jurisdiction outside of Florida ("Motion"), and states,

## I.    <u>BACKGROUND</u>

Counter-Plaintiff Steven Cerasale requests to be permitted to appear remotely and virtually at the upcoming jury trial, because of an indistinct physical inconvenience that Counter-Plaintiff Steven Cerasale has admitted being aware-of for literally "years" and long before the impending jury trial that was *always known* to take place in Miami, Florida.

Counter-Plaintiff Steven Cerasale proposes that he be permitted to virtually appear at trial from a neutral jurisdiction and away from the Jury and this Court. Counter-Defendant Unisource,

1

however, opposes and objects to the Motion because Counter-Plaintiff Steven Cerasale has failed to establish any good cause or compelling circumstances for the requested relief, as required under Federal Rule of Civil Procedure 43(a).

Rather, Counter-Defendant Unisource contends that the request for Counter-Plaintiff Steven Cerasale to appear virtually at trial is premised solely upon his vague physical inconvenience -- as described more fully below.  This inconvenience, on its own, is insufficient to justify Counter-Plaintiff Steven Cerasale's remote appearance --- especially where Counter-Plaintiff mutually drafted the underlying contractual agreements in this case, to require litigation of the parties' disputes in Florida, both jurisdictionally and venue.

At all relevant times Counter-Plaintiff Steven Cerasale was aware of his alleged physical inconvenience and at the same relevant times it was foreseeable that he will be required to attend trial in Miami Florida. Consequently, Counter-Plaintiff's delay in raising this issue before the Court is grounds for denial.

Unquestionably, allowing Counter-Plaintiff Steven Cerasale's virtual appearance during the jury trial presents significant concerns and will absolutely cause <u>enormous</u> *prejudice* – it is no secret that jurors tend to lose interest/focus with remote video/zoom testimony in contrast to live in-person testimony whereas the jurors can visually study the body language, facial expressions, gestures, and tone of voice, etc. of any witness and -- more importantly – of an actual party.

By all definitions, Counter-Plaintiff Steven Cerasale virtual testimony presents itself as a lethal handicap to Plaintiff/Counter-Defendant Unisource Discovery during the jury trial and similarly Counter-Plaintiff Steven Cerasale gains a massive trial advantage, at all levels.

II.      **<u>DISCUSSION</u>**

Florida District Courts have expressed significant doubt about the sufficiency of a virtual trial, stating that "[v]irtual proceedings may not be enough for the Court (or jurors) to properly evaluate the witnesses' credibility." *Fairstein v. Netflix, Inc.*, No. 220CV00180JLBMRM, 2020 WL 5701767, at *8 (M.D. Fla. Sept. 24, 2020).

As known, this is a jury trial and more-so, Counter-Plaintiff Steven Cerasale is not merely a witness but a **primary/material party** that is employing the Florida courts to prosecute his counterclaim and defend. The parties have been aware of the trial date, location of the Court, and could reasonably forecast the trial date as early as mid/late November 2021. The Court should take notice that according to Counter-Plaintiff Steven Cerasale's testimony in his affidavit he has known about his physical "inconvenience" for literally years and well before this federal trademark case began in Miami, Florida.

Federal Rule of Civil Procedure 43(a) states that:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

> *See* Fed. R. Civ. P. 43(a).

Moreover, the Advisory Committee Notes on the 1996 Amendment to Rule 43 clarify the requisite "good cause" and "compelling circumstances," explaining that:

> "[c]ontemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons,

such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important— witnesses might not be available at a later time.

Other possible justifications for remote transmission must be approached cautiously. Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness
. . . . .
A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying. Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Here, Counter-Plaintiff Steven Cerasale has failed to establish any good cause and provide any compelling circumstances justifying his purported need to remotely appear at trial as material party. Instead, Counter-Plaintiff Steven Cerasale explanations submitted to the Court reflects an entirely foreseeable/and vague physical "inconvenience" of having to interrupt his schedule in Los Angeles, California, make travel arrangements, possibly hire an aide/nurse, to attend the jury trial in Miami, Florida.

In particular, Counter-Plaintiff Steven Cerasale attests in his affidavit the following:

a. "I have become minimally ambulatory.";

b. "I have undergone numerous surgeries and medical procedures relating to my knees over the *past few years*." (Emphasis added); and

c. "I cannot walk or stand *without assistance*, and I cannot remain seated for a prolonged period of time"

As clearly visible, Counter-Plaintiff Steven Cerasale statements are contradictory because in one breath Counter-Plaintiff Steven Cerasale asserts he is minimally ambulatory, however, in another breath he has known about this inconvenience for literally "years" and is only telling the Court on the cusp of trial.  In another contradictory statement under oath, when Counter-Plaintiff Steven Cerasale testified in his affidavit "… I cannot remain seated for a prolonged period of time" it is false testimony because he very recently sat for a four (4) hour deposition on June 21, 2022, without leaving his chair at all times. *See* Exhibit "A" (Notice of Deposition)

Likewise, as Counter-Plaintiff Steven Cerasale testified in his affidavit, "I cannot walk or stand **without assistance** …." which means worse-case scenario he can certainly travel with assistance from a nurse/aide, or wheelchair (as with many disabled individuals travel through their lives), family members, friends, or similar – if truly necessary.  Instead of using a wheelchair, for example, he wishes to make no effort, stay at home, and have the convenience of a remote location that is distant from a jury and largely strengthens his odds at trial.

Or possibly a more plausible explanation, and more believable, is that this is a "guerrilla" trial tactic to obtain an unfair trial advantage given the absolute unclarity of the doctor's note where it noticeably appears that the doctor is intentionally vague and distant with any type of detailed diagnosis and prognosis.  More telling, specially since there is no medical mention of a permanent condition, a mere inconvenience is not enough.

Indeed, this is a multi-million-dollar trial that involves a significant legal ownership right and the potential of enormous losses, *vis-à-vis*, ownership/title of a prominent trademark, damages, years of attorney's fees and court costs.

Likewise, Counter-Plaintiff Steven Cerasale affidavit and the doctor's note both visibly fails to provide a clear understanding of this alleged inconvenience/physical illness that prevents him from conducting any type of everyday activities and "why" a wheelchair or nurse/aide or similar would not mitigate this alleged inconvenience.

Here, minimal travel to Miami requires nothing more than sitting in one place while being "carted" throughout any airport, taxis or Uber -- or otherwise using a wheelchair as any reasonable person would do.  It could be said that airports, airlines, and hotels all strongly cater to individuals that are disabled and elderly. For example, airports and airlines must comply with the Air Carrier Access Act (ACAA)[1] and virtually all businesses including hotels must comply with The Americans with Disabilities Act (otherwise known as the "ADA").

In other words, the Counter-Defendant Unisource simply cannot explain how "sitting" in various locations constitutes physical activity to the extent that Counter-Plaintiff Steven Cerasale cannot attend a trial in which he is a "plaintiff and defendant", and a jury trial that has been anticipated for a long period of time – years.  As mentioned, as early as November 2021 the parties had a good barometer that trial would likely occur between June and July 2022, and as we learned today, trial is now scheduled to take place August 2022.

Important to the Court's evaluation, Counter-Plaintiff Steven Cerasale, in bringing his counterclaim, is responsible for bearing the burdens and costs of litigating its case, including costs and restrictions associated with securing travel and lodging.  As the Advisory Committee's Notes explain, this inconvenience is not the type of "good cause" or "compelling circumstances" that would warrant granting Plaintiff's Motion. See *Bridges v. United States*, No. 3:15-cv-1248-J-

---

[1]  Under the ACAA airlines are also required to provide passengers with disabilities many types of assistance, including wheelchair or other guided assistance to board, deplane, or connect to another flight; seating accommodation assistance that meets passengers' disability-related needs; and assistance with the loading and stowing of assistive devices.

25PBD, 2017 WL 3730569, at *1 (M.D. Fla. May 30, 2017) (denying the plaintiff's request for expert witnesses to testify remotely based on the experts' alleged unavailability at trial because they lived and worked more than 100 miles from the courthouse); see also *Lamonica v. Safe Hurricane Shutters, Inc.,* No. 07-61295-CIV, 2011 WL 917726, at *1 (S.D. Fla. Feb. 18, 2011) (concluding that the alleged financial and logistical burdens of attending trial did not constitute "good cause" or "compelling circumstances" for the purposes of Rule 43).

The following is "why" Steven Cerasale affidavit and this Doctor's letter is entirely insufficient, *to wit*:

    a. Steven Cerasale and the doctor's note entirely fails to inform the parties the exact type of alleged mobility inconvenience that prevents Steven Cerasale from attending his trial and conduct normal activities;

    b. Steven Cerasale and the doctor's note entirely fails to mention any type of permanent condition that would not permit or allow his presence at trial in Miami;

    c. Steven Cerasale and the doctor's note described the length of time Steven Cerasale has had this alleged issue as "years";

    d. Steven Cerasale and the doctor's note entirely fails to describe anything about this alleged condition other than the doctor simply revaluation every 6 months and it is amatory. In fact, the doctor's note is absolutely devoid and unclear as to his alleged physical condition that Steven Cerasale claims to prevent him from conducting nonphysical daily activities. In this case, avoiding being present at trial.

    e. Steven Cerasale and the doctor's note entirely fails inform the Court and the parties if a nurse's aide (family member, friend or similar), if at all necessary, will assist him attending trial in Miami;

f.  Steven Cerasale on June 21, 2022, attended a four (4) hour video deposition. *See* Exhibit "A" (Notice of Deposition).  Steven Cerasale sat for four hours, fully cognizant, appeared physically and mentally healthy, sharp, and did not need to stand or move around during the deposition – to the extent he was strong enough to directly insult opposing counsel during the deposition when stating, "… **you guys are clowns, you are a clown**".

Counter-Plaintiff Steven Cerasale has failed to provide the Court with any unexpected reason(s) that would warrant a remote appearance at trial as a party.  See *Hamprecht v. Hamprecht*, No. 2:12-cv-125-FtM29, 2012 WL 1367534, at *2 (M.D. Fla. Apr. 19, 2012) (denying motion to testify remotely at trial because the plaintiff failed to provide any "unexpected reasons" that would establish compelling circumstances under Rule 43).

The jury trial was first scheduled on December 6, 2021 [DE 33] and re-scheduled to January 31, 2022 [DE 220] and then trial was cancelled on January 26, 2022 [DE 270] and re-scheduled for June 6, 2022 [DE 295].  During this time, all parties jointly filed a motion to continue trial, this Court re-scheduled the trial date to July 5, 2022.  In each of these instances, and in **that** motion, Counter-Plaintiff Steven Cerasale elected to remain silent and did not inform the Court of his alleged physical inconvenience.  Yet, Counter-Plaintiff Steven Cerasale reasonably knew that he would be required to travel to Miami and appear in person for a jury trial for literally the past two years (and likewise knew about his alleged physical inconvenience for years).

In light of Counter-Plaintiff Steven Cerasale's delay and intentional unclarity in seeking this relief -- and in the absence of any compelling reasons justifying remote appearance as a party that's presenting a counterclaim to the jury -- the Court must be unpersuaded that relief should be granted under Rule 43(a). *See Diamond Resorts Int'l, Inc. v. Aaronson*, No. 6:17-cv-1394-Orl-

37DCI, 2019 WL 3854762, at *1 (M.D. Fla. Mar. 26, 2019) (denying request to permit expert to testify remotely at trial, and explaining that the motion failed to indicate "whether Plaintiffs informed [the expert] of the trial period that was set almost a year ago and the importance of his availability to testify at trial. . . . whether Plaintiffs could have reasonably foreseen availability conflicts . . . and what they did to ensure his appearance at trial"); see *also Bridges*, 2017 WL 3730569, at *1 (noting that trial had been set for more than a year and the plaintiff failed to explain why the witnesses did not keep their schedules open during the trial period).

III.   **CONCLUSION**

Not only is Counter-Plaintiff Steven Cerasale doctor's note outdated, but medically fails to provide any [medical] details of his alleged physical inconvenience/infirmity that makes Counter-Plaintiff Steven Cerasale permanently impaired to do any physical activities -- akin to a paraplegic. Likewise, Counter-Plaintiff Steven Cerasale's affidavit is equally unclear and exceptionally contradictory (stating he cannot sit for long periods of time but just yesterday Mr. Cerasale sat for a four-hour deposition).

*In arguendo*, should the Court grant Counter-Plaintiff Steven Cerasale's Motion, than any party that merely needs a wheelchair or mild assistance to travel would be excused from their pre-existing legal obligation to attend in-person a deposition, trial  and consequently gain the unfair advantage  -- especially with the advent of Zoom technology that has become wide-open to abuse, as here.

The Court must conclude that Counter-Plaintiff Steven Cerasale has failed to satisfy the requirements for "good cause and compelling circumstances" as set forth in Rule 43(a). Accordingly, Counter-Plaintiff Steven Cerasale Motion must be denied, or Plaintiff/Counter-

Defendant Unisource Discovery, Inc. will be severely prejudiced at trial, and its case and presentation to the jury will certainly be at great disadvantage and compromised.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: June 22, 2022

Respectfully Submitted,

*/s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
         legal@ddvlawgroup.com
**Diego David Valdes, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
**Sanchelima & Associates, P.A.**
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

10

**SERVICE LIST**

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al**
**Case No. 1:20-cv-23276-DPG**
**United States District Court, Southern District of Florida**

Juan Carlos Zorrilla, Esq.
Fowler White Burnett
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Fax: 305-728-7561
Email: jzorrilla@fowler-white.com
*Attorneys for Defendants*

Victor Mariano Velarde, Esq.
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9229
Fax: (305) 728-7529
Email: vvelarde@fowler-white.com
*Attorneys for Defendants*