THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNISOURCE DISCOVERY, INC.

    Plaintiff/Counter-Defendant,

        v.                                  Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs,
_____/

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM**

Plaintiff, Unisource Discovery Inc., ("Plaintiff"), answers Defendants, Unisource Discovery, LLC ("Unisource California") and Steven A. Cerasale's ("Cerasale")(collectively, "Defendants"), Counterclaim (ECF No. 311) as set forth below.

**JURISDICTION AND VENUE**

1. Plaintiff admits that this Court may[1] have subject matter jurisdiction of this action but denies that Defendants are entitled to the relief it seeks and denies that this Court has subject matter jurisdiction over the relief sought beyond cancellation of federal registrations, or otherwise rectifying the Principal Register of the U.S. Patent and Trademark Office.

2. Admitted.

3. Plaintiff admits, for the purposes of establishing venue only, that venue is proper

---

[1] Defendants cite status under Title 28 that do not exist, namely, 28 U.S.C. §§ 1065; 1115.

in this judicial district; Plaintiff, denies the remaining allegation of paragraph 3.

## THE PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

## FACTS

7. Plaintiff admits that Cerasale organized Unisource California on May 11, 2001. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7.

8. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 8 and therefore is denied

9. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 9 and therefore is denied

10. Plaintiff admits that Defendants are in the business of providing document retrieval and management services. Plaintiff is does not have knowledge and/or sufficient information to either admit or deny whether the extent of Defendants' business is nationwide nor whether they use state-of-the-art technology and therefore is denied.

11. Admitted that Defendant Unisource California used the Mark since 2001 but its use from 2006 until 2020 was as a licensee.  Defendant's use after the termination of the license in 2020 has been an infringing use to this date.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. Denied.

19. Admitted.

20. Denied as phrased.

21. Denied as phrased.

22. Denied as phrased.

23. Admitted that Defendant Unisource California was not itself a party to Defendant Unisource Florida's Operating Agreement. However, Defendant Cerasale was a party to Defendant Unisource Florida's Operating Agreement and Defendant Cerasale owned a controlling interest in Defendant Unisource California.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.[2]

30. Plaintiff admits that its service mark application included those representations

---

[2] The parties have used the word "trademark" sparingly to mean what is in fact a "service mark". The parties do not mark any tangible products as it is requited for "trademarks". The parties only render services in commerce and thus the designation "service marks" is more accurate. Nonetheless, for the purposes of this pleading, Plaintiff interprets the word "trademark" to be equivalent to "service mark".

but denies that the representations were false. Plaintiff denies that Defendant Unisource California was the owner of the mark. Plaintiff denies that the representation in part (b) constitutes a material misrepresentation. Any remaining allegations are denied.

      31.      Admitted.

      32.      Plaintiff admits that such a declaration under incontestability under Section 15 would not be allowed while this suit is pending and therefore did not file same. Any remaining allegations are denied.

      33.      Admitted to the extent that Defendant Unisource California was/is not a signatory of the Close Corporation Shareholder Agreement, Defendant Cerasale was a party to it and owns a controlling interest in Defendant Unisource California.

      34.      Admitted.

      35.      Denied as phrased.

      36.      Admitted.

      37.      Denied.

      38.      Denied.

      39.      Denied as phrased.

      40.      Admitted.

      41.      Denied.

      42.      Denied.

      43.      Denied.

      44.      Admitted.

45. Denied

46. Denied that Unisource Florida ignored the request. Admitted that Cerasale and Lutter filed the lawsuit.

47. Admitted.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied as phrased.

54. Denied as phrased.

55. Denied as phrased.

56. Denied as phrased.

57. Denied as phrased.

58. Admitted that Plaintiff Unisource Florida filed this lawsuit. Any remaining allegations are denied.

59. Denied.

60. Denied.

61. Denied.

## **COUNT I - CANCELLATION OF TRADEMARK**

62. Plaintiff incorporates its responses to paragraphs 1 – 61 as fully set forth herein.

63. Plaintiff admits that Unisource California began using the Mark sometime before the year 2006. Plaintiff lacks knowledge as to the creation of the Mark and therefore denied. Any remaining allegations are also denied.

64. Denied.

65. Denied.

66. Plaintiff admits that Unisource Florida knew that Unisource California had been using the Mark before 2006. Any remaining allegations are denied.

67. Plaintiff admits that Unisource California owned and used the Mark before 2006. Plaintiff admits that Unisource California used the Mark after 2006 but only as a licensee until the termination of the license. Plaintiff denies that Unisource California owned the mark after 2006, during, and after the filing of trademark application for the Mark. Any remaining allegations are denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Lack of Subject Matter Jurisdiction

In its prayer for relief, Defendants request, "Ordering Plaintiff Unisource Discovery Inc. to transfer to Defendant Unisource Discovery, LLC and Defendant Steven A. Cerasale all registrations, <u>applications</u>, and rights that it claims in the "Unisource Discovery Digital Document Retrieval" name and Mark, Federal Registration No. 3634516." ¶74(D) of Counterclaims (emphasis added).  However, this Court lacks subject matter jurisdiction over mark applications.

The basis for a federal court's power over the trademark register under § 37 Lanham Act, (15 U.S.C.A § 1119) is limited to lawsuits "involving a registered mark." Generally, federal courts have held that they have no jurisdiction or power to cancel a pending application which has not matured into a registration. *See Whitney Information Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005) ("The Court concludes that in order to state a claim under these statutory provisions, one of the parties must hold a registered trademark with the USPTO; the existence of a pending application is not sufficient."); *Implant Innovations, Inc. v. Debbie, LLC*, No. 06-80913-CIV, 2007 WL 9701903, at *2 (S.D. Fla. July 9, 2007)(same); *Universal Tube & Rollform Equipment Corp. v. YouTube, Inc.*, 504 F. Supp. 2d 260, 83 U.S.P.Q.2d 1023 (N.D. Ohio 2007) (dismissing counterclaim seeking cancellation of plaintiff's application to register a mark that was the subject of plaintiff's infringement claim).

Some courts have permitted determining the registrability of applications but only where there a close nexus between the issues in the pending application proceeding and those in the federal court dispute involving the registered mark. *See D.B.C. Corporation v. Nucita*

*Venezolana, C.A.,* 2020 WL 2850277, *6 (S.D. Fla. 2020) (Agreeing that the court may exercise authority "over a trademark application as long as that application is sufficiently similar (such as in sound, look, and meaning) to the registered trademark at issue in the underlying litigation." But plaintiff failed to allege such a nexus.)

Defendants have not identified any applications that should be "transferred". And Plaintiff does not own any pending applications consisting of or including the term UNISOURCE. Therefore, even if this Court has the power to determine the registrability of applications, Defendants have failed to state facts indicating a nexus between the registered mark and any pending application, if one is filed in the future. Accordingly, any relief that may be granted under the Counterclaims, should not involve mere applications.

**Second Affirmative Defense:**

**Prayer for Relief - Failure to State a Claim and/or Immaterial**

Defendants' prayer for relief should be (in part) dismissed under Rule 12(b)(6) for failure to state a claim or, in the alternative, stricken under Rule 12(f) as immaterial. Defendant seeks an order: "Declaring that Unisource Discovery, LLC and Steven Cerasale have not infringed on any service mark or trademark rights owned or allegedly owned by Unisource Discovery, Inc" and "Declaring that Unisource Discovery, LLC is the owner of the Mark." However, Defendants have not brought a declaratory judgment action but brought only a counterclaim for cancellation of registration based on fraud on the USPTO, which does not entitle them to such relief.

Even if a defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, a plaintiff's common law rights in the mark continue unabated and are sufficient to require an injunction against an infringing defendant. *Commodores Entertainment Corporation*

8

*v. McClary,* 879 F.3d 1114, 1140, 125 U.S.P.Q.2d 1302 (11th Cir. 2018) (Fraud on the U.S.P.T.O. in obtaining a registration has "no impact on whether [plaintiff] owns common-law trademark rights to the marks. [Plaintiff] has common-law ownership of the marks independent of any federal registration."). As the Seventh Circuit noted, citing the *McCarthy* treatise: "All a finding of fraud does is knock out the mark's 'incontestable' status, and its registration, under [35 U.S.C.A] § 1115(b)(1). It does not affect the mark's validity, because a trademark need not be registered to be enforceable." *Specialized Seating, Inc. v. Greenwich Industries*, LP, 616 F.3d 722, 728, 96 U.S.P.Q.2d 1580 (7th Cir. 2010); *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 293 F. Supp. 3d 1334, 1375 (M.D. Fla. 2017)(denying all claim for relief with the exception of cancelling registration since common law rights not extinguished by fraud on the PTO)

## Third Affirmative Defense:
## Fraud Counterclaim - Failure to State a Claim under 12(b)(6)

Defendants have failed to state a claim for fraud on U.S. Patent and Trademark Office because they have not pled sufficient facts as to standing or damages.

To have standing to bring a claim under the Lanham Act, a plaintiff must have both constitutional and statutory standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387-88, (2014). The Lanham Act provides that "Any person who believes that he would be <u>damaged</u> by the registration of a mark" on the Principal Register may file a cancellation. 15 U.S.C. §1064 (emphasis added). The Supreme Court in *Lexmark* held that for any plaintiff to have standing to invoke a federal statute, it must: (1) be within the "zone of interest" protected by the statute; and (2) show "proximate causation" between plaintiff's alleged injury and the alleged statutory violation. Here, Defendants lack standing because they have not pled injury to a legally protected interest. Defendants have not plead economic injury or an

9

injury to business reputation proximately caused by Plaintiff registration allegedly fraudulent representations nor have Defendants pled that they filed an application to register the involved mark on or before the date they filed their counterclaim, or that a particular application has been rejected by the Patent and Trademark Office under Section 2(d) of the Trademark Act. Because the Counterclaims are devoid of facts supporting injury to a protected interest, Defendants have not sufficiently pled standing.

Fraud on the USPTO requires that the following elements be alleged and eventually proven: (1) The challenged statement was a false representation regarding a material fact; (2) the person making the representation knew that the representation was false ("scienter"); (3) an intent to deceive the USPTO; (4) reasonable reliance on the misrepresentation; (5) damage proximately resulting from such reliance. *Church Girls, LLC v. Rodgers,* No. 2:18-CV-14232, 2018 WL 5923436, at *2 (S.D. Fla. Nov. 13, 2018). As with standing, Defendants have failed to plead damages as an element for fraud. Defendants' counterclaims are devoid of any facts indicating how they have suffered damages as a result of the USPTO reasonable reliance or Plaintiff's registration.

Dated: June 28, 2022	Respectfully Submitted,


*/s/ Jesus Sanchelima*
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Jesus Sanchelima</u>
Jesus Sanchelima, Esq.

## SERVICE LIST

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al
Case No. 1:20-cv-23276-DPG
United States District Court, Southern District of Florida**

| | |
|---|---|
| Juan Carlos Zorrilla | Victor Mariano Velarde |
| Fowler White Burnett | Fowler White Burnett, P.A. |
| 1395 Brickell Avenue | Brickell Arch |
| 14th Floor | 1395 Brickell Avenue |
| Miami, FL 33131 | 14th Floor |
| Telephone: 305-789-9200 | Miami, FL 33131 |
| Fax: 305-728-7561 | Telephone: 305-789-9229 |
| Email: jzorrilla@fowler-white.com | Fax: (305) 728-7529 |
| *Attorneys for Defendants* | Email: vvelarde@fowler-white.com |
| | *Attorneys for Defendants* |