**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE,

     Defendants.

---

**REPLY TO OPPOSITION TO MOTION FOR LEAVE TO HAVE STEVEN CERASALE**
**APPEAR AND PROVIDE TESTIMONY AT THE TRIAL BY ZOOM DUE TO**
**MEDICAL CONDITION PREVENTING HIM FROM TRAVELING**

Defendants hereby file their Reply to Plaintiff's Opposition to the Motion for Leave to Have Steven Cerasale Appear and Provide Testimony at the Trial by Zoom Due to Medical Condition Preventing Him from Traveling.

Plaintiff's Opposition includes salacious accusations against Mr. Cerasale as well as unfounded claims of "enormous prejudice," "guerrilla trial tactics," and a "lethal handicap to Plaintiff." Opposition (DE 316) at pp. 1–2.

This Reply will address each point in order of its relevance to the pending Motion.

**I.**    **The contemporaneous audio/video transmission of the Zoom platform addresses the prejudice Plaintiff claims it would suffer.**

First, Plaintiff argues that if Mr. Cerasale appears via Zoom, Plaintiff will suffer "enormous prejudice" akin to a "lethal handicap to Plaintiff." Opposition (DE 316) at p. 2.

To support this contention, Plaintiff argues that (a) jurors will not be able to "visually study the body language, facial expressions, gestures, and tone of voice, etc. of [the] witness;" (b) "jurors tend to lose interest/focus with remote video/zoom testimony"; and (c) Mr. Cerasale would "gain a massive trial advantage, at all levels."

As to Plaintiff's first point, the Zoom platform provides "contemporaneous transmission of live witness testimony [which] will better allow the jury to more realistically 'see' the live witness along with 'his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration,' without editing or the unavoidable esthetic distance … and, thus, more fully and better satisfy the goals of live, in-person testimony." *In re: 3M Combat Arms Earplug Products Liab. Litig.*, 3:19-MD-2885, 2021 WL 2605957, at *4–5 (N.D. Fla. May 28, 2021) (internal quotation marks omitted).

Therefore, contrary to Plaintiff's contention, the Zoom platform ***does*** allow the jurors to "visually study the body language, facial expressions, gestures, and tone of voice, etc. of" Mr. Cerasale.

"The use of videoconferencing technology, in this case, Zoom, for [the] testimony will not have a significantly adverse effect on Defendants' ability to cross-examine [the witness] or the ability of the jury to make credibility determinations about [the witness]." *Anderson v. Ivey*, 6:19-CV-2014-JA-GJK, 2021 WL 1909793, at *1 (M.D. Fla. May 12, 2021).

As to Plaintiff's second point, Plaintiff does not explain or provide any support for its statement that "jurors tend to lose interest/focus with remote video/zoom testimony." Plaintiff also does not explain how Mr. Cerasale's attendance via Zoom would cause the jury to "lose interest /focus" during the trial. Courts within this Circuit have already considered and rejected such claims: "The use of videoconferencing technology, in this case, Zoom, … will not have a significantly adverse effect on … the ability of the jury to make credibility determinations." *Anderson*, 2021 WL 1909793, at *1.

As to Plaintiff's third point, Plaintiff again does not explain how Mr. Cerasale's appearance via Zoom would result in "a massive trial advantage, at all levels." Mr. Cerasale is not requesting

to be excused from attending the trial. Nor is Mr. Cerasale requesting that his testimony be pre-recorded. Rather, Mr. Cerasale is requesting only that he be granted leave to attend the trial via Zoom as a result of his medical condition, which prevents him from travelling.

Plaintiff does not explain how Mr. Cerasale's appearance via Zoom would "largely strengthen[] his odds at trial." Opposition (DE 316) at p. 5. And Defendants are unable to devise any basis for such a conclusion. To be clear, Mr. Cerasale—and his undersigned counsel—would prefer Mr. Cerasale to attend the trial in person. But his medical condition at this time does not allow him to do so.

## II.     Plaintiff's claim that Mr. Cerasale's medical condition is a "mere inconvenience" is meritless.

Second, Plaintiff argues that Mr. Cerasale's medical condition is a "mere inconvenience" because it is not "a permanent condition." Opposition (DE 316) at p. 5. Plaintiff further argues that "airports, airlines, and hotels all strongly cater to individuals that are disabled and elderly" and that Mr. Cerasale should just use "a wheelchair or nurse/aide … as any reasonable person would do." *Id.* at p. 6.

Plaintiff's argument misses the mark. Mr. Cerasale's doctor has stated that Mr. Cerasale "cannot travel" as a result of his medical condition. *See* Decl. and Doctor Note (DE 314-1) at p. 3. Additionally, Mr. Cerasale attested that he has "become minimally ambulatory" and "cannot walk or stand without assistance, and [ ] cannot remain seated for a prolonged period of time." *Id.* at p. 1. Mr. Cerasale's doctor also stated that Mr. Cerasale will be periodically reevaluated to determine whether his condition worsens, improves, or remains the same. *Id.* at p. 3.[1]

---

[1] If Mr. Cerasale's condition improves before the trial and his doctor determines that Mr. Cerasale's condition has improved to the point where Mr. Cerasale can travel to Miami, Mr. Cerasale will promptly advise the Court.

Plaintiff's unsupported and unfounded assertion that Mr. Cerasale and his doctor's assessment is incorrect is unavailing. And the fact that Mr. Cerasale's condition could worsen, could improve, or could remain the same in the future does not mean that Mr. Cerasale's present condition is somehow a "mere inconvenience." Plaintiff's unsupported contention to the contrary is meritless.[2]

The only "fact" that Plaintiff raises to support its argument is that Mr. Cerasale "on June 21, 2022, attended a four (4) hour video deposition" and "did not need to stand or move around during the deposition." Opposition (DE 316) at p. 8. Plaintiff repeats this "fact" no less than three times in its Opposition. *Id.* at pp. 5, 8, 9 ("[Mr.] Cerasale … very recently sat for a four (4) hour deposition on June 21, 2022"; "[Mr.] Cerasale on June 21, 2022, attended a four (4) hour video deposition"; "just yesterday Mr. Cerasale sat for a four-hour deposition").

Plaintiff well knows that this supposed "fact" is false.

To mislead this Court, Plaintiff submitted a Notice of Taking Deposition (DE 316-1) reflecting the deposition of Mr. Cerasale as beginning at 11:30 a.m. on June 20, 2022. In reality, Mr. Cerasale's deposition took place on June 21 (not June 20), began at 1:12 p.m. (not 11:30 a.m.), and ended at 3:44 p.m.—i.e., lasting a total of only 2.5 hours (not "4 hours"). The start and end times were confirmed by the Court Reporter for the June 21 deposition. *See* Emails with Court Report (Exhibit "1" hereto) at pp. 1–3 (confirming that the "start time" and "end time" of Mr. Cerasale's June 21 deposition was "1:12 – 3:44").

---

[2] Plaintiff also states that Mr. Cerasale's "alleged condition … is amatory." Opposition (DE 316) at p. 7. Although Plaintiff's Opposition makes other salacious accusations, the undersigned believes that this contention (i.e., that Mr. Cerasale's medical condition is "amatory") is a typographical error. Of course, Mr. Cerasale's medical condition is not amatory.

### III. Plaintiff knows that Mr. Cerasale has not deliberately "remained silent" about his medical condition.

Third, Plaintiff contends that Mr. Cerasale "elected to remain silent … [about] his alleged physical inconvenience" when "all parties jointly filed a motion to continue trial" on May 24, 2022. Opposition (DE 316) at p. 8. This, again, is false. And Plaintiff's counsel should know better.

Plaintiff (through its counsel) well knows that, as soon as Mr. Cerasale's undersigned counsel became aware that Mr. Cerasale might need to appear at trial via Zoom, Plaintiff's counsel was immediately informed.

Specifically, on May 3, 2022, Mr. Cerasale's undersigned counsel informed Plaintiff's co-counsel (Mr. Jesus Sanchelima, Esq.) during a telephone conference that Mr. Cerasale might need to appear at trial via Zoom. At that time, the undersigned also informed Plaintiff's co-counsel that the undersigned would investigate Mr. Cerasale's medical needs and will again confer with Plaintiff's co-counsel before Mr. Cerasale files his motion to appear via Zoom. The parties then conferred again in early June 2022 (after Mr. Cerasale's doctor assessed Mr. Cerasale' ability to travel), and Plaintiff's co-counsel informed the undersigned that he would discuss with Plaintiff. Thereafter (on June 9, 2022), Plaintiff's co-counsel confirmed that Plaintiff opposed the motion.

Contrary to Plaintiff's contention, Mr. Cerasale did not deliberately "remain silent" about his medical condition. To the contrary, Mr. Cerasale's undersigned counsel kept Plaintiff's counsel fully informed every step of the way and twice discussed with Plaintiff's counsel Mr. Cerasale's need to appear via Zoom before filing the Motion.

Plaintiff's argument stems primarily from a non-sequitur. Plaintiff argues that because Mr. Cerasale has had to undergo "numerous surgeries and medical procedures relating to [his] knees over the past few years" (DE 314-1), this somehow must therefore mean that "[Mr. Cerasale]

has known about his physical 'inconvenience' for literally years." Opposition (DE 316) at p. 3. Of course, this is not true. And Plaintiff knows better.

In reality, Mr. Cerasale's condition has worsened over those "past few years" because of numerous surgeries, medical procedures, and accidents. And Plaintiff knows that this is the case. In fact, on March 23, 2021, Mr. Cerasale declared that "on March 22, 2021, I was called by my doctor to undergo another knee surgery on short notice—either to take place this week or the following week (i.e., the week of March 29, 2021)." Decl. of Mr. Cerasale (DE 79-2) at ¶ 4. Also, in October 2021, Mr. Cerasale suffered a fall and hurt his knees. Plaintiff knows about this accident because the undersigned informed Plaintiff's counsel about this accident via email on October 18, 2021. And in late May 2022, Mr. Cerasale's doctor informed him that his medical condition had deteriorated to a point where he was unable to travel.

Plaintiff knows all of this because Plaintiff's counsel has been informed about each of these events as they happened. Plaintiff's contention that Mr. Cerasale has known about the state of his current condition for "years" and simply decided to "remain silent," therefore, is knowingly false.

**IV.     Plaintiff's Opposition does not address Mr. Cerasale's request for hearing.**

Mr. Cerasale  has respectfully requested a hearing so that he could answer any questions the Court may have relating to his request to appear via Zoom. Plaintiff has not responded to this request. Mr. Cerasale, therefore, renews his request for a 15-minute hearing.

Respectfully submitted,

/s/ Victor M. Velarde

Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on June 29, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde

| SERVICE LIST |
|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
|---|---|
| Diego David Valdes, Esq. <br> Fla. Bar No. 251010 <br> Diego David Valdes, P.A. <br> 2350 Coral Way, Suite 403B <br> Coral Gables, Florida 33145 <br> Telephone: (305) 910-6602 <br> Facsimile: (305) 513-5924 <br> E-mail: ddvlaw@gmail.com <br><br> *Counsel for Plaintiff,* <br> *Unisource Discovery, Inc.* | Jesus Sanchelima, Esq. <br> Florida Bar No. 231207 <br> Email: jesus@sanchelima.com <br> Liany Estevez, Esq. <br> Florida Bar No. 1024902 <br> Email: estevez@sanchelima.com <br> Sanchelima & Associates, P.A. <br> 235 S.W. Le Jeune Road <br> Miami, Florida 33134 <br> Telephone: (305) 447-1617 <br> Facsimile: (305) 445-8484 <br><br> *Counsel for Plaintiff,* <br> *Unisource Discovery, Inc.* |