UNISOURCE DISCOVERY, INC.
       Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,
       Defendants.

## JOINT PRETRIAL STIPULATION

Pursuant to the Court's Orders (DE 33 and DE 221) and Local Rule 16.1, Defendants/Counter-Plaintiffs, Steven Cerasale and Unisource Discovery, LLC ("Uni-CA") (collectively, "Defendants"), and Plaintiff, Unisource Discovery Inc. ("Plaintiff" or "Uni-FL"), hereby file their Joint Pretrial Stipulation.

**I.      A short concise statement of the case by each party in the action.**

*Plaintiff:*

In 2001, Defendant Cerasale ("Defendant Cerasale") formed Uni-CA in California. That same year Defendant Uni-CA started using the service mark UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL and Logo ("The Mark") for legal support services. Defendant Cerasale has controlled Defendant Uní-CA since its formation to the present.  To perform the legal support services Defendant Uni-CA utilized computers, scanners and certain software.

Before 2006, Defendant Cerasale met Lisa Cote ("Cote"). Cote, at all relevant times, was, and continues to be, married to Noel Mijares ("Mijares"). Subsequently, but still before 2006,

Defendant Cerasale met Mijares and discussed common business interests and started participating in social events.

On June 15, 2006, Defendant Cerasale, Cote and Mijares agreed to incorporate Uni-FL in Florida and constituted the initial Board of Directors as described in the articles of incorporation. On the same day of Plaintiff's incorporation, all three directors subscribed to the issuance of shares of Plaintiff in consideration for their respective contributions to implement a nationwide legal research and support business. Defendant Cerasale's contribution included the assignment of the Mark and the trade name, along with equipment, scanners, and special software to perform the legal support services. Mijares and Cote agreed to contribute their know-how and established infrastructure in the Florida business platform developed by The Subpoena Company they controlled.

On October 6, 2008, the Board of Directors of Uni-FL (Defendant Cerasale was a board member at that time) directed Mijares to hire and obtain a "Comprehensive Trademark Search Report" from LegalZoom, on a Federal and State level, to verify any potential conflicts with the registration of the Mark. On October 16, 2008, Uni-FL obtained confirmation from LegalZoom that the Mark was clear of conflicts, and proceeded to file application for registration of the Mark for legal research with all required documents with the United States Patent and Trademark Office ("USPTO") assigned Serial No. 77/594,059 with a filing date of October 16, 2008. On March 4, 2009, the Application was published for opposition allowing anyone to file a notice of opposition to oppose the registration of the Mark within 30 days from said publication. On June 9, 2009, the USPTO registered The Mark in the Principal Register with registration No. 3,634,516.

The Board of Directors, including Defendant Cerasale, had actual knowledge of the trademark application process at all relevant times but at least as early as the date of registration,

June 9, 2009. And Defendants had constructive notice of the registration application at least as early as its filing on October 16, 2008.

After Uni-FL registered the Mark with the USPTO, Defendants did not object to the registration application and filing at all relevant times to the USPTO. Likewise, Defendant Cerasale did not informally object to Uni-FL at all relevant times.

On June 28, 2010, the Shareholders of Plaintiff entered into a Close Corporation Shareholder Agreement ("Shareholders Agreement"), which was, *inter alia*, to restate the ownership of the Mark and its registration.

Before the complaint was filed, the Defendants unilaterally and without notice, removed Plaintiff from the co-owned and co-shared website www.unisourcediscovery.com, and began experiencing customers being contacted by Defendant Uni-CA agents. The customer not only were confused about the products Plaintiff sold, but the customers were led to believe by Defendant Unisource California's agents that Plaintiff Unisource and Defendant Uni-CA was the same company.

In light of the confusion, on February 21, 2020 the Board of Directors of Uni-FL sent a letter to Defendants revoking the implied license extended to Uni-CA. Defendants ignored this letter and at all relevant times intentionally and willfully continued to use Plaintiff's service mark in the identical form it is registered. Thereafter, on March 17, 2020, the Board of Directors of Plaintiff sent a second revocation notice to Defendants (titled: Cease & Desist). Defendants intentionally and willfully ignored Plaintiff's second notice. On May 12, 2020 the Board of Directors of Plaintiff served another revocation notice to Defendants demanding them to cease and desist using Plaintiff's service mark. Likewise, the Defendants ignored this third notice. On May 26, 2020 the Board of Directors of Plaintiff served another revocation notice to Defendants

3

demanding them to cease and desist using Plaintiff's service mark. Likewise, the Defendants ignored this fourth notice.

Plaintiff's operative complaint includes the following claims: (1) Count I for Federal Mark Infringement; (2) Count II for False Designation or Origin and Unfair Competition; (3) Count III for Florida Common-law Mark Infringement; (4) Count IV for Florida Common Law Unfair Competition; (5) Count V for Counterfeiting; (6) Count VI for Florida Common-law Mark Infringement; (7) Count VII for Florida Common Law Unfair Competition; and (8) Count VIII for violation of Florida's Deceptive and Unfair Trade Practices Act.

Defendants have filed a counterclaim for cancelation of the service mark registration alleging, with no documentary or circumstantial evidence and over 11 years ago, fraud was committed in the procurement of Plaintiff's registration from the USPTO.

***Defendants:*** Defendants created the subject Mark in May 2001 and have used the subject Mark in commerce throughout the United States from May 2001 to the present. Defendants have never transferred their ownership interest in the subject Mark to anyone (including Plaintiff).

In June 2006, Defendant Steven Cerasale (Plaintiff's largest shareholder) agreed to incorporate Plaintiff to serve as the "Florida branch" of Defendants' business. At that time (in June 2006) Defendants agreed to allow Plaintiff to use the subject Mark and the name "Unisource Discovery Digital Document Retrieval" in its business. The parties agreed that Noel Mijares would serve as the director of Plaintiff in charge of the day-to-day operations.

In October 2008, Plaintiff submitted to the USPTO a trademark registration application, which included material misrepresentations to the USPTO. Plaintiff's misrepresentations included the following: (1) Plaintiff falsely represented that no other entity or person other than Plaintiff

4

had the right to use the subject Mark; (2) Plaintiff falsely represented that Plaintiff first used the subject Mark in March 2001; and (3) Plaintiff falsely represented that it owned the subject Mark. From June 2006 to February 2020, Plaintiff did not police or attempt to police how Defendants use the subject Mark.

From June 2006 to late 2019, Defendants allowed Plaintiff to use Defendants' website (www.unisourcediscovery.com) and Defendants' marketing materials. When Defendants reminded Plaintiff of Plaintiff's obligation to pay for half of the costs/expenses associated with the website, Plaintiff refused to pay and created its own website using an almost identical name (www.unisourcediscovery.net).

In 2018, Defendant Steven Cerasale (as Plaintiff's largest shareholder) requested Plaintiff to provide certain financial and other corporate records. Plaintiff refused to turn over the requested records to Defendant Steven Cerasale until after Plaintiff was ordered to do so by the state court.

In retaliation against Defendant Steven Cerasale, Plaintiff (through Noel Mijares) delivered a "notice of infringement" on Defendants in February 2020 and thereafter filed this "trademark infringement" action claiming that Defendants "infringed" on Plaintiff's trademark.

## II.     The basis of federal jurisdiction.

Federal question jurisdiction 28 U.S.C. § 1331.

## III.    The pleadings raising the issues.

Plaintiff's Amended Complaint (DE 310).

Defendants' Amended Answer, Affirmative Defenses, and Counterclaim (DE 311).

Plaintiff's Answer and Affirmative Defenses to Counterclaim (DE 318).

## IV.    A list of all undisposed of motions or other matters requiring action by the Court.

1.      Plaintiff's Motion to Strike First Affirmative Defense (DE 313); and

2. Motion for Leave to Have Steven Cerasale Appear and Provide Testimony at Trial by Zoom Due to Medical Condition Preventing Him From Traveling and Request for Hearing (DE 314).

**V. A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.**

1. Defendants adopted the trade name Unisource Discovery LLC, a California limited liability company, in May 2001.

2. Defendant Cerasale owns a controlling interest in Unisource Discovery LLC and has been a Managing Member since he formed Unisource Discovery LLC on May 11, 2001.

3. In May 2001, Defendants created the service mark UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL and Logo (which will be referred to herein as the "Mark"). The Logo consists of rectangles that are completely or partially shaded.

4. Also in May, 2001, Cerasale created and registered the domain name unisourcediscovery.com for Unisource Discovery LLC and displayed the Mark on the website. Unisource Discovery LLC has been using the domain name unisourcediscovery.com for its business from May 2001 to the present.

5. Defendants did not, and have not, filed an application to register the Mark with any state or federal registers including the U.S. Patent and Trademark Office ("USPTO")

6. Defendant Cerasale met Noel Mijares and Lisa Cote some time before 2006. Mijares and Cote are currently married and have been married since at least as early as 2005.

7. Defendant Steven Cerasale, Noel Mijares, and Lisa Cote incorporated Plaintiff on June 15, 2006 with an effective date of July 1, 2006.

8. On June 15, 2006, Noel Mijares, Lisa Cote, and Steven Cerasale entered into an Operating Agreement (DE 61-5) for Plaintiff.

9.  The 2006 Operating Agreement (DE 61-5) was signed by Noel Mijares, Lisa Cote, and Steven Cerasale.

10.  From its incorporation in 2006 until June 28, 2010, Steven Cerasale owned 50% of the shares of Unisource Discovery Inc.

11.  On June 28, 2010, Noel Mijares, Lisa Cote, Alfred Lutter, and Steven Cerasale signed a Close Corporation Shareholder Agreement (DE 61-9).

12.  From June 28, 2010 to the present, Cerasale owns 40% of the shares of Unisource Discovery Inc.

13.  On October 15, 2008, Plaintiff filed a registration application (the "Application") with the United States Patent and Trademark for the Mark. The Mark in the registration application was assigned serial No. 77/594,059.

14.  A true copy of Plaintiff's trademark registration application is part of the record as DE 234-4.

15.  On March 4, 2009, the United States Patent and Trademark Office sent to Plaintiff a Notice of Publication Under 12(a) stating that the Application will be published in the Official Gazette on March 4, 2009 for the purpose of opposition by anyone who believes he will be damaged by the registration of the Mark within 30 days from said publication.

16.  The Mark was registered on June 9, 2009 and assigned U.S. registration No. 3634516.

17.  Defendant Unisource Discovery LLC has used the subject Mark in commerce since May 2001 and has continued to use the Mark to the present time.

18.  At all relevant times, Plaintiff has known of Defendant Unisource Discovery LLC's use of the subject Mark in commerce continuously from May 2001 to the present.

19. On February 21, 2020, Plaintiff served a letter on Defendants stating that "effective immediately, Unisource Discovery, LLC, no longer has the right to use [the Mark]."

20. From June 2006 until about September 16, 2019, Plaintiff and Defendant Unisource Discovery LLC used the same website address (domain name) for their businesses (i.e., unisourcediscovery.com).

21. On or around September 16, 2019, Plaintiff created a new website for Plaintiff (i.e., www.unisourcediscovery.net).

22. As of the date Plaintiff filed the service mark registration application (October 15, 2008), Defendant Unisource Discovery LLC was using the subject Mark in commerce and Plaintiff knew about Defendants' use.

23. Plaintiff itself started using the Mark in July 1, 2006.

24. The Mark that Defendant Unisource Discovery, LLC has used in commerce since May 2001 is the same / identical Mark that Plaintiff registered on June 9, 2009.

25. Defendants' use of the Mark, the name "Unisource Discovery Digital Document Retrieval," and/or the website (www.unisroucediscovery.com) before February 21, 2020 did not constitute infringement, did not constitute deceptive or unfair trade practice, did not constitute unfair competition, and was not otherwise actionable.

26. All of Plaintiff's claims arise from and relate only to actions or omissions that took place after February 21, 2020.

**VI.    A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

1. Whether Uni-FL or Uni-CA owns the Mark.

2. Whether the Mark was assigned to Uni-FL.

3. Whether Defendants provided a license to Plaintiff to use the Mark.

4. Whether Defendants were using the Mark under a "naked" license.

5. Whether Plaintiff abandoned the Mark through naked licensing.

6. Whether Defendants had an implied license to use the Mark.

7. Whether Plaintiff revoked Defendants' license to use the Mark.

8. Whether the subject Mark is inherently distinctive or has acquired a secondary meaning.

9. Under what legal category does the mark full under: generic, descriptive, suggestive, and arbitrary.

10. Whether or not a likelihood of consumer confusion exists.

11. Whether Steven Cerasale was a dominant influence in Uni-CA.

12. Whether Defendant Cerasale controlled Plaintiff prior to 2010.

13. Whether Defendant Cerasale controlled Uni-CA prior to 2010.

14. Whether Defendants Uni-CA and Uni-FL are related companies within the meaning of the Lanham Act (15 U.S.C. §1127).

15. Whether Plaintiff is entitled to statutory damages available to Plaintiff under the counterfeiting provisions of Lanham Act.

16. Whether Plaintiff is entitled to actual damages under the Lanham Act or the state supplementary causes of action.

17. Whether Plaintiff is entitled to punitive damages for its claims under Florida common law infringement and unfair competition.

18. Whether the parties' customers or potential customers, have been actually confused.

19. Whether Plaintiff's representations in the trademark application for the Mark were knowingly false, material, and made with the intent to deceive the USPTO.

20. Whether from 2006 to 2010 there were any Plaintiff shareholder proposals.

21. Whether Plaintiff is estopped from taking the position to Defendants' use of the Mark constitutes infringement.

## VII. A concise statement of issues of law on which there is agreement.

1. To establish the necessary scienter to support a claim for cancelation of a federal mark registration based on fraud, Defendants must show with clear and convincing evidence that Plaintiff knew that the material statement(s) in the mark application were false at the time they were made, and that Plaintiff intended to deceive the United States Patent and Trademark Office.

2. Purposely failing to disclose other users' superior rights to use the same or similar marks may qualify as a material omission justifying cancellation of a trademark.

3. The intent required to be shown is a subjective intent—i.e., that the applicant did not have an honestly held, good faith belief.

4. An applicant commits fraud when he knowingly makes false, material representations of fact in connection with an application for a registered mark.

5. To support a claim for cancelation of a mark federal registration based on fraud, Defendants must show reasonable reliance by the United States Patent and Trademark Office on the misrepresentation. If Plaintiff made material misrepresentations in the Application, then the United States Patent and trademark Office is deemed to have reasonably relied upon those material misrepresentations when it registered the subject trademark.

6. Plaintiff's federal registration of the Mark on the principal register on June 9, 2009 constitutes constructive notice of Plaintiff's claim of ownership of the registration. 15 USC 1072.

7. A certificate of registration of the Mark upon the principal register is prima facie evidence of the validity of the Mark, of the registration of the Mark, of Plaintiff's ownership of the Mark, and of Plaintiff's exclusive right to use the Mark in commerce on or in connection with the services identified therein subject to the conditions or limitations stated in the certificate. 15 USC 1057(b).

8. Plaintiff's registration is not an essential element of the causes of action in this case except for Plaintiff's Counts I and V.

9. The only damages available to a prevailing plaintiff under Fla. Stat. § 501.211 are "actual damages." Consequential, special, or incidental damages are not available under the Florida Deceptive and Unfair Trade Practices Act.

10. When analyzing whether there is a likelihood of confusion, the Court should consider the following factors: the type of trademark, the similarity of design, the similarity of the product, the identity of retail outlets and purchasers, the similarity of advertising media used, defendant's intent and actual confusion. Of these factors, the type of mark and evidence of actual confusion are considered the most important. It is not necessary for the Court to find the existence of *all* seven factors.

11. To determine whether attorney fees are to be awarded against a plaintiff under the Lanham Act, the Court looks to the plaintiff's conduct in bringing the lawsuit and the manner in which the lawsuit is prosecuted.

**VIII. A concise statement of issues of law which remain for determination by the Court.**

1. Whether the 2006 Agreement is ambiguous.

2. Whether the doctrine of licensee estoppel applies to limit the naked license defense to activities outside the license period?

3. Whether Plaintiff gave Defendants a naked license.

4. Whether Plaintiff is entitled to damages and/or disgorgement of Defendants' profits under the Lanham Act and/or the state supplementary causes of action?

5. Whether Plaintiff is entitled to Lanham Act enhanced damages or disgorgement of Defendants' profits?

6. Whether the Court should treble Plaintiff's damages or the disgorgement of profits.

7. Whether Plaintiff is entitled to punitive damages under the state common law for service mark infringement?

8. Whether Plaintiff is entitled to statutory damages under the counterfeit provisions of the Lanham Act?

9. Whether Plaintiff is entitled to injunctive relief?

10. Whether this action is an exceptional case for the purpose of awarding attorney's fees to the prevailing party.

**IX. Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing.**

The parties' list of exhibits are on separate schedules attached to this Stipulation and identify those exhibits which each of the parties expects to offer and those which each of the parties

may offer if the need arises. The attached schedules also identify concisely the basis for objections using the following codes:

A–Authenticity

R–Relevancy

UP–Unduly prejudicial-probative value outweighed by undue prejudice

I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)

H–Hearsay

P–Privileged

**X.    Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.**

### Plaintiff's Witness List

| | |
|---|---|
| 1. | Noel Mijares, individually and as<br>corporate representative of Plaintiff<br>c/o Diego David Valdes, P.A. and Sanchelima & Associates P.A.<br>(Expects to Call) |
| 2. | Rudina Daka<br>Operations Manager of Plaintiff<br>c/o Diego David Valdes, P.A. and Sanchelima & Associates P.A.<br>(Expects to Call) |
| 3. | Steven Cerasale, individually and as<br>corporate representative of Unisource Discovery, LLC<br>c/o Fowler White Burnett, P.A.<br>(Expects to Call) |
| 4. | Jill Nolden<br>Telephone: 305-433-0427<br>Email: jillnolden@hotmail.com<br>Address: c/o Sanchelima & Associates P.A.<br>(Expects to Call) |

| | |
|---|---|
| 5. | Kristen Morcos<br>Telephone: 650-799-0296<br>Email: kristenmorcos@gmail.com<br>Address: c/o Sanchelima & Associates P.A.<br>(Expects to Call) |
| 6. | Rosie Alvarez<br>Employee of Plaintiff<br>c/o Diego David Valdes, P.A. and Sanchelima & Associates P.A.<br>(Expects to Call) |
| 7. | Alfred Lutter<br>Shareholder of Plaintiff<br>(Expects to Call or by Deposition Transcript) |
| 8. | All persons necessary to provide impeachment and rebuttal evidence. |

## Defendants' Witness List

| | |
|---|---|
| 1. | Steven Cerasale, individually and as<br>corporate representative of Unisource Discovery, LLC<br>c/o Fowler White Burnett, P.A. |
| 2. | Noel Mijares, individually and as<br>corporate representative of Unisource Discovery, Inc.<br>c/o Diego David Valdes, Esq. |
| 3. | All persons necessary to provide impeachment and rebuttal evidence. |

Impeachment witnesses are not listed.

There are no expert witnesses.

**XI.    Estimated trial time.**

Three (3) days.

**XII. Where attorney's fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable.**

Defendants estimate prevailing party attorney's fees to be $200,000.00

Plaintiff estimates prevailing party attorneys' fees to be $225,000.00.

Respectfully submitted

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201
*Counsel for Defendants*

/s/ Jesus Sanchelima
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Counsel for Plaintiff*

Diego D. Valdes,
Fla. Bar No. 251010
Email: ddvlaw@gmail.com
DIEGO DAVID VALDES, P.A.
2350 Coral Way
Suite 403 B
Miami, Florida 33145
Telephone: (305) 910-6602
Facsimile: (305) 513-5924
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on July 1, 2022, on all counsel or parties of record on the Service List below.

|  | /s/ Jesus Sanchelima<br>Jesus Sanchelima, Esq. |
|---|---|

| **SERVICE LIST**<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** ||
|---|---|
| Juan C. Zorrilla<br>Fla. Bar No. 381403<br>Email: jzorrilla@fowler-white.com<br>Victor M. Velarde<br>Fla. Bar No. 105620<br>Email: vvelarde@fowler-white.com<br>FOWLER WHITE BURNETT, P.A.<br>Brickell Arch, Fourteenth Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131<br>Telephone:  (305) 789-9200<br>Facsimile:  (305) 789-9201<br>*Counsel for Defendants* |  |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

| UNISOURCE DISCOVERY, INC.<br>        Plaintiff,<br>v.<br><br>UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,<br>        Defendants. | |
| --- | --- |

## PLAINTIFF'S TRIAL EXHIBIT LIST

| **Presiding Judge**<br>The Honorable Judge Darrin P. Gayles | **Plaintiff's Attorney**<br>Diego D. Valdes, Esq. | **Defendants' Attorney**<br>Victor M. Velarde, Esq. |
| --- | --- | --- |
| **Trial Date(s):**<br>09/26/2022 – 10/7/2022 | **Court Reporter** | **Courtroom Deputy** |

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
| --- | --- | --- | --- | --- | --- | --- |
| 1. | | A<br>H | | | Letter in re Mutual goals, The Subpoena Company (7/29/2005)<br>[P000 315-320] | |
| 2. | | A<br>H | | | Memo in re Florida operations<br>[P 000321-323] | |
| 3. | | A<br>H<br>Parol Ev. | | | Letter and Memorandum on Proposed Operating Agreement (6/14/2006)<br>[P 000324-335] | |
| 4. | | Multiple documents combined in one PDF | | | Plaintiff's Articles of Incorporation (6/15/2006)<br>[P 000382-388] | 218-1 |

*Unisource Discovery Inc. v. Unisource Discovery LLC et al.*      Case No. 20-CIV-23276-DPG

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| 5. | | | | | Operating Agreement (6/15/2006) [P 000336-348] | |
| 6. | | | | | USPTO Certificate and Registration with Title Status [P 000361)] | |
| 7. | | H A Multiple documents combined in one PDF | | | Plaintiff's advertising and promotional material (3/31/2010) [P 000 477 -505] | 218-5 |
| 8. | | | | | Stock Purchase and License Agreement (2010) [P00369-380] | 218-7 |
| 9. | | | | | Close Corporation Shareholder Agreement (6/28/2010) [P000389-402] | 218-6 |
| 10. | | H A Multiple documents combined in one PDF | | | USPTO Declarations Section 8 & Renewal § 9 (4/5/2019) [P 000 507–527) | 218-3 |
| 11. | | | | | Cease & Desist Letter in re Service Mark Infringement (2/21/2020) [P 000232] | 218-4 |
| 12. | | R UP Mislead Jury H | | | Cease & Desist Letters and Business Interruption (5/26/2020) [P 000 408] | 218-11 |

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| | | Multiple documents combined in one PDF | | | | |
| 13. | | R UP | | | Defendant Cerasale Resignation Letter (5/15/2018) [P 000 381] | 218-13 |
| 14. | | A H I Includes editorial / prejudicial comments that are not part of the original document | | | Defendants' website screenshot with Unauthorized Use of the Mark. (12/31/2020) (P 000 409-410) | 218-14 |
| 15. | | H R A Multiple documents combined in one PDF | | | Emails pertaining to co-owned Website and Trademark materials (9/13/2019) [P 000 403-407] | 218-15 |
| 16. | | R UP H I Excluded (in part) pursuant to DE 266 | | | Deposition Transcript of Alfred Lutter | 218-19 |
| 17. | | H A R I | | | Plaintiff's Client Orders Report (2006-2012) CONFIDENTIAL [P 000411 – 425] | |

*Unisource Discovery Inc. v. Unisource Discovery LLC et al.*      Case No. 20-CIV-23276-DPG

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| | | Underlying documents not produced under Rule 1006 | | | | |
| 18. | | A H Multiple documents combined in one PDF Produced untimely | | | Emails Concerning Plaintiff's Out of State Use of Mark and Texas Documents ( 7/8/2013) [P 00425-436] | |
| 19. | | A H R Multiple documents combined in one PDF | | | Plaintiff's Emails/Order Confirmation with Legal Zoom for Mark application (9/29/2008) [P 000349-353; P00437-438] | |
| 20. | | A H R Multiple documents combined in one PDF | | | Legal Zoom Letters with search results (10/6/2008) (P 000354-358; 000437-438) | |
| 21. | | A H R Parol evid. Multiple documents combined in one PDF | | | Email in re Stock Purchase Agreement (05-30-10) [P 00118-120] | |
| 22. | | H A | | | Email in re AMEX and SM notice (05-26-15) | |

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| | | R | | | [P 00103-105] | |
| 23. | | H<br>A<br>R | | | Email in re visual structure approval (02-16-12)<br>[P 000124] | |
| 24. | | H<br>A<br>R | | | Email in re Plaintiff's share allocation, bookkeeping (09-29-08)<br>[P 00096] | |
| 25. | | H<br>A<br>R | | | Email in re website approval (03-19-13)<br>[P 000128-131] | |
| 26. | | H<br>A<br>R<br>I<br>UP<br>Mislead Jury<br>Excluded pursuant to DE 266 | | | Email in re Lutter software claims (04-12-10)<br>[P 00062-63] | |
| 27. | | H<br>A<br>R<br>UP<br>I<br>Mislead Jury<br>Excluded (in part) pursuant to DE 266 | | | Email in re Plaintiff's partial software ownership (03-02-09)<br>[P 000074; 000111] | |
| 28. | | H<br>A<br>R | | | Email in re approval of website design (02-18-12)<br>[P 000122] | |

*Unisource Discovery Inc. v. Unisource Discovery LLC et al.*      Case No. 20-CIV-23276-DPG

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| 29. | | H<br>A<br>R | | | Email in re tax info and TM notice (11-16-15)<br> [P 00097-98] | |
| 30. | | H<br>A<br>R<br>Produced untimely (on June 30, 2022) in violation of the Court's Orders compelling production | | | Emails in re confusion with Steak N Shake client (6/28/2022)<br>[P 000 472-476] | |

<table>
<tr><td colspan="2"><strong>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA<br>CASE NO. 20-CIV-23276-DPG</strong></td></tr>
</table>

|  |  |
|---|---|
| UNISOURCE DISCOVERY, INC.<br>　　　Plaintiff,<br>v.<br><br>UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,<br>　　　Defendants. |  |

## DEFENDANTS' TRIAL EXHIBIT LIST

| **Presiding Judge**<br>The Honorable Judge Darrin P. Gayles | **Plaintiff's Attorney**<br>Diego D. Valdes, Esq. | **Defendants' Attorney**<br>Victor M. Velarde, Esq. |
|---|---|---|
| **Trial Date(s):**<br>09/26/2022 | **Court Reporter** | **Courtroom Deputy** |

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| 31. |  |  |  |  | Unisource Discovery, LLC – State of California Limited Liability Articles of Organization | 213-1 |
| 32. |  |  |  |  | The subject Mark (Unisource Discovery Digital Document Retrieval) | 213-2 |
| 33. |  |  |  |  | Website printout of Unisource Discovery, LLC's website (unisourcediscovery.com) reflecting use of the subject Mark | 213-3 |
| 34. |  |  |  |  | Unisource Discovery, LLC's Invoice # 170061 reflecting use of the subject Mark | 213-4 |

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| 35. | | | | | Unisource Discovery, Inc. – State of Florida Electronic Articles of Incorporation | 213-5 |
| 36. | | | | | Unisource Discovery, Inc. – Operating Agreement | 213-6 |
| 37. | | | | | Correspondence between LegalZoom and Noel Mijares regarding federal trademark application | 213-7 |
| 38. | | | | | Unisource Discovery, Inc. – Trademark Registration Application | 213-8 |
| 39. | | | | | USPTO Certificate of Registration regarding the subject Mark | 213-9 |
| 40. | | | | | Unisource Discovery, Inc. – Close Corporation Shareholder Agreement | 213-10 |
| 41. | | | | | Unisource Discovery, Inc. – Stock Purchase and License Agreement | 213-11 |
| 42. | | | | | ALANet.org Publication by Noel Mijares | 213-12 |
| 43. | | | | | ALANet.org Publication by Noel Mijares | 213-13 |
| 44. | | | | | Email from Noel Mijares regarding "our new website for Unisource Discovery, Inc." | 213-14 |
| 45. | | | | | Request for Documents Pursuant to Fla. Stat. § 607.1602 and 607.1603 to Plaintiff | 213-15 |

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|---|---|---|---|---|---|---|
| 46. | | **R** | | | Complaint Pursuant to Fla. Stat. § 607.1604 | 213-16 |
| 47. | | | | | Plaintiff's Demand Letter | 213-17 |
| 48. | | **R** | | | Email to Plaintiff's counsel regarding Order denying motion to dismiss state court Complaint for Documents | 213-18 |
| 49. | | | | | Plaintiff's Demand Letter | 213-19 |
| 50. | | | | | The Subpoena, Summons, & Affidavit Company – Articles of Incorporation | 213-20 |
| 51. | | | | | Website printouts of The Subpoena, Summons, & Affidavit Company (subpoenacompany.com) | 213-21 |
| 52. | | | | | The Subpoena, Summons, & Affidavit Company – Trademark registration application | 213-22 |
| 53. | | **H** | | | Corrected Transcript of Plaintiff's Deposition | 213-23 |
| 54. | | **H** | | | Plaintiff's Response to Defendants' First Request for Admissions | 213-24 |
| 55. | | | | | Summary of Unisource Discovery LLC's invoices to Lewis Brisbois through to April 2021 | 95-1 |
| 56. | | | | | Defendant's Client Orders Report CONFIDENTIAL | N/A |

| No. | Date Offered | Objection | Marked | Admitted | Description | D.E. |
|-----|--------------|-----------|--------|----------|-------------|------|
| 57. | | | | | All documents identified in Plaintiff's Exhibit List (if any) | N/A |
| 58. | | | | | All documents necessary for impeachment and rebuttal | N/A |
| 59. | | | | | Unisource Discovery, LLC – State of California Limited Liability Articles of Organization | N/A |
| 60. | | | | | The subject Mark (Unisource Discovery Digital Document Retrieval) | N/A |