**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,
     Defendants.

---

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff, Unisource Discovery Inc. ("Plaintiff"), and Defendants Unisource

Discovery, LLC and Steven A. Cerasale (collectively, "Defendants") jointly submit

these proposed jury instructions.

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201
*Counsel for Defendants*

/s/ Jesus Sanchelima
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Counsel for Plaintiff*

Diego D. Valdes,
Fla. Bar No. 251010
Email: ddvlaw@gmail.com
DIEGO DAVID VALDES, P.A.
2350 Coral Way
Suite 403 B
Miami, Florida 33145
Telephone: (305) 910-6602
Facsimile: (305) 513-5924
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on July 1, 2022, on all counsel or parties of record on the Service List below.

| | |
|---|---|
| | /s/ Jesus Sanchelima<br>Jesus Sanchelima, Esq. |

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Juan C. Zorrilla<br>Fla. Bar No. 381403<br>Email: jzorrilla@fowler-white.com<br>Victor M. Velarde<br>Fla. Bar No. 105620<br>Email: vvelarde@fowler-white.com<br>FOWLER WHITE BURNETT, P.A.<br>Brickell Arch, Fourteenth Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131<br>Telephone:   (305) 789-9200<br>Facsimile:    (305) 789-9201<br>*Counsel for Defendants* | |

# 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers 'statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers 'questions and objections aren't evidence. Only the witnesses 'answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he/she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may

receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case:</u>

This is a civil case. To help you follow the evidence, I'll summarize the parties 'positions. The Plaintiff claims can be divided in two groups.

In the first group of claims, Plaintiff contends that the Defendants have infringed Plaintiff's federally registered service mark with a logo (the "Mark") by using the mark UNISOURCE and an identical logo. The service mark consists of the words UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL with the word UNISOURCE in a shaded rectangle and the rest of the words below it, and registered as U.S. Registration No. 3634516 on June 9, 2009. The registration application was filed on October 16, 2008.

In addition to claiming the Mark was infringed, Plaintiff claims that Defendants have counterfeited the registered Mark by using an identical designation without Plaintiff's permission.

Defendants deny these claims and counterclaim that Plaintiff is not entitled to the benefits of a federal registration because it committed fraud in obtaining the federal trademark registration. Defendants contend that Plaintiff's federal registration of the mark should be canceled.

In the second set of claims, regardless as to whether Plaintiff's registration for the Mark is canceled or not, Plaintiff claims that:

A. Defendants use of the identical service mark is a violation of Section 43a of the Trademark Laws.

B. Defendants' use of the identical service mark constitutes common law service mark infringement.

C. Defendants conduct constitute an unfair act of competition and/or unfair trade practices.

For this second set of claims, Plaintiff must prove a likelihood of confusion, which I will explain shortly, and must also prove that Plaintiff had a superior right to the subject mark in a specific geographical area and that Defendants infringed Plaintiff's common law right in that geographical area. Here, Plaintiff contends that it had superior rights to the subject mark in the following geographical areas: _____.

Defendants deny these second set of claims and contend that Defendants have a superior right to use the subject mark, Defendants did not infringe, Plaintiff is estopped or otherwise prohibited from claiming that Defendants infringed, and Plaintiff cannot establish a likelihood of confusion.

Burden of proof:

A party has the burden of proving its case.

Plaintiff has the initial burden to prove its case under a preponderance of the evidence. Plaintiff has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Plaintiff and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiff needs to make the scales tip to its side. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

Defendants have brought a claim for relief against Plaintiff called a counterclaim for the cancelation of the federally registered Mark. You will need to decide whether Defendants have proved their case seeking the cancelation of Plaintiff's federal registered Mark. Defendants have the burden of proving the cancelation they seek by what the law calls "clear and convincing evidence." "Clear and convincing" means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. It is a higher burden than the burden of "preponderance of the evidence" that applies to the rest of the claims, and will be explained below.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed,

regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of an affirmative defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers 'closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, FaceTime, Zoom, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also should not Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so

it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present its witnesses and ask them questions. After Plaintiff questions the witness, Defendants may ask the witness questions – this is called "cross-examining" the witness. Then Defendants will present their witnesses,

and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties 'lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**ANNOTATIONS AND COMMENTS**
No annotations associated with this instruction.

**1.2 Burden of Proof – Clear and Convincing Evidence**

The burden of proving a claim or defense by clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**3.3 Consideration of Direct and Circumstantial Evidence;**
    **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

### 3.7.1 Responsibility for Proof – Plaintiff's Claims– Preponderance of the Evidence

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

### ANNOTATIONS AND COMMENTS

No annotations associated with this instruction.

### 3.7.2 Responsibility for Proof – Affirmative Defense
 Preponderance of the Evidence

In this case, the Defendants assert the affirmative defenses of naked license, prior use of the trademark estoppel, and unclean hands[1]. Even if the Plaintiff proves its claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

Defendants also assert the affirmative defense of fraud. For this affirmative defense Defendants can prevail in this case if they prove fraud by clear and convincing evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants, do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence for naked license, prior use of the service mark, estoppel, and unclean hands. And for fraud, by clear and convincing evidence.

---

[1] Plaintiff disagrees and instead contends that the burden of proof for an unclean hands defense is clear and convincing evidence. *See Ford Motor Co. v. O.E. Wheel Distributors, LLC*, 868 F. Supp. 2d 1350, 1367–68 (M.D. Fla. 2012)(citing *Citizens Fin. Grp., Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 129 (3rd Cir.2004). The parties are still conferring as to this issue and will try to reach a resolution.

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## 10.4 Counterclaims for Cancellation of a Federal Trademark Registration

You must consider Defendants' claim that Plaintiff's registration is invalid because Plaintiff misrepresented material facts in its service mark application.

If Plaintiff's registration was obtained from, or has been maintained in, the U.S. Patent and Trademark Office through a false or fraudulent filing, the registration may be cancelled. To succeed on this ground for cancellation, Defendants must prove by clear and convincing evidence that:

(1) Plaintiff knowingly made a false representation of a material fact to the U.S. Patent and Trademark Office;

(2) The false representation was made with an intent to deceive; and

(3) The false representation was material in the sense that the U.S. Patent and Trademark Office would not have issued or maintained Plaintiff's registration in the absence of the false representation.

Because direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence. A party's fraudulent intent must often be inferred from the circumstances and related statement made.

Purposefully and knowingly failing to disclose other users' superior rights to use the same or similar marks may qualify as a material omission justifying cancellation of a trademark.

The intent that Defendants need to show is subjective intent. In determining whether a statement is fraudulent, courts must focus on the "declarant's subjective,

honestly held, good faith belief" that the material misrepresentation was false and intended to deceive the United States Patent and Trademark Office.

Also, you must apply a different burden of proof. With Plaintiff's service mark infringement claims and with Defendants affirmative defenses, the burden of proof is "preponderance of the evidence." However, for cancelation of the service mark registration claim based on fraud, the Defendants 'burden of proof is "clear and convincing evidence." This is a higher standard of proof than preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain.

Source: § 31:75. Knowing of use by others—Signing the application, 6 McCarthy on Trademarks and Unfair Competition § 31:75 (5th ed.)(elements of fraud based on knowing use by others). Smith Int'l, Inc. v. Olin Corp., 209 USPQ 1033, 1044 (T.T.A.B. 1981) cited in In re Bose Corporation, 580 F.3d 1240, 1243 (CAFC 2009).

- The parties disagree on the language for this instruction. Plaintiff proposes to include the language from In re Bose as follows: The charge of fraud requires that is be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise an, obviously, any doubt must be resolved against thecharging party." Defendants disagree with the including of this language.
- 

**Plaintiff's Count I for Registered Mark Infringement**

11

If Defendants are not successful in their petition for the cancelation of the registration of Plaintiff's service mark, Plaintiff is entitled to the presumptions of ownership of the service mark and validity of the service mark. A presumption[2] is a legal inference or assumption that a fact exists. A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.

Plaintiff claims that Defendants have infringed its registered service mark. To prove this claim, Plaintiff must prove the following facts by a preponderance of the evidence:

1: Plaintiff owns a service mark that is entitled to protection; and

2: Defendants are using a service mark that infringes upon Plaintiff's service mark.

If Defendants are not successful in their petition for the cancelation of the registration of Plaintiff's service mark, you must presume (accept as a fact) that Plaintiff owns the mark it seeks to protect in this action (namely: UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL and logo) and that Plaintiff's registered mark is valid. It is Defendants' burden to prove that Plaintiff does not have the ownership right to claim infringement against Defendants or that Plaintiff's service mark is not valid.

---

[2] PRESUMPTION, Black's Law Dictionary (11th ed. 2019

Because Plaintiff's service mark is covered by a federal registration, Plaintiff enjoys what is known as "constructive nationwide priority" in its service mark, whether or not Plaintiff uses the trademark on a nationwide basis. Plaintiff is presumed to have started using the service mark nationwide as of its filing date, even if it only used it in a limited area.

Because Plaintiff owns a federal registration of the service mark, Defendants are deemed to have knowledge of the registration and of the rights claimed in the registration since June 9, 2009. This is known as "constructive notice."

<u>Assignment</u>

An "assignment" of a mark is an outright sale of all rights in that mark. An assignment does not need to be in writing to pass common law rights in a trademark.

Plaintiff alleges that Defendant assigned the rights to the Mark to Plaintiff in 2006 and that Plaintiff granted Defendant a license to use the Mark. Defendants deny this allegations and allege that Defendants provided Plaintiff with only a license to use the Mark in 2006 and did not assign the rights to the Mark to Plaintiff.

<u>License</u>

A "license" of a mark is a limited permit to another to use the mark. Plaintiff claims that it granted a license to Defendants to use the Mark in 2006, but that it revoked the license on February 21, 2020. Defendants claim that Plaintiff did not own the Mark and, instead, Defendants (as the owners of the Mark) granted a license to Plaintiff to use the mark in 2006. The licensor is the entity granting the right to use the mark and licensee is the party being permitted to use the mark. A license does not have to be in writing. A license can be an oral license or an implied license (implied through the parties 'conduct). As a general law, a license or consent can be revoked. A licensee acquires no ownership interest in the licensed mark. Instead, the licensee acquires only those use rights granted by the license.

Infringement: Introductory Jury Charge

If you have determined that Plaintiff owns a trademark that is entitled to protection, you must next consider whether Defendants infringed Plaintiff's mark. The test for infringement is whether Defendant's mark is "likely to cause confusion" with Plaintiff's service mark.

That is, you must determine if Defendants, without Plaintiff's consent, used the same or a similar mark in connection with the sale of, or the offer to sell, services

in a manner that is likely to cause confusion among consumers as to the source, affiliation, approval, or sponsorship of the services.

Plaintiff must demonstrate, by a preponderance of the evidence, that Defendants' use of its mark is, when viewed in its entirety, likely to cause confusion as to the source, origin, affiliation, approval, or sponsorship of the goods or services in question.

Infringement

Plaintiff claims that Defendants infringed its service mark. For Plaintiff to succeed on this claim you must find by a preponderance of the evidence that Defendants:

1: used the service mark in connection with legal research services rendered or offered;

2: used the service mark in commerce; and

3: used the service mark in a manner that is likely to:

a. cause confusion, mistake, or deception as to

b. the source, origin, affiliation, approval, or sponsorship of Defendants' goods or services.

Infringement: Likelihood of Confusion (Seven-Factor Test)

There are seven factors you can use to determine whether a likelihood of confusion exists. No single factor or consideration controls, and Plaintiff is not required to prove all, or even most, of the factors are present in any particular case.

You may also use factors other than these seven. You should weigh all of the relevant evidence in determining whether a likelihood of confusion exists.

1.  <u>Type and Strength of Plaintiff's Trademark</u>

The first factor is the "type and strength" of the trademark. Trademarks come in different "types" or categories: "generic," "descriptive," "suggestive," "arbitrary," and "fanciful" or "coined." The type of a claimed mark is relevant to the mark's strength.

Some marks are stronger than others. The stronger the mark, the greater the scope of protection accorded it, the weaker the mark, the less mark protection it receives. I will now describe each type of mark in the order of their general relative strength.

<u>Generic:</u>

A claimed service mark is generic if it is the word, name, symbol, device, or any combination thereof, by which the good commonly is known. An example of a generic service mark is "bank" for banking services.

Whether a claimed service mark is generic does not depend on the term itself, but on use of the term. A word may be generic of some things but not of others. For example, "ivory" is generic for elephant tusks, but it is not generic for soap.

Whether a claimed mark is a generic term is viewed from the perspective of a member of the public evaluating the trademark.

Claimed generic terms are not protectable as marks.

In this case, the parties have stipulated that the registered Mark is not generic.

Descriptive:

A "descriptive" trademark only describes an ingredient, quality, characteristic, function, feature, purpose, or use of the good provided under it. An example of a descriptive mark would be VISION CENTER for an eyeglasses store.

In this case, the parties have stipulated that the mark is not descriptive and not functional.

Suggestive:

A "suggestive" trademark suggests, rather than describes, qualities of the underlying good. If a consumer's imagination is necessary to make the connection between the trademark and the goods or services then the trademark suggests the features of the good. An example of a suggestive trademark is ICEBERG for a refrigerator. Suggestive trademarks are enforceable without proof of secondary meaning.

Arbitrary and Fanciful or Coined:

An "arbitrary" trademark is a real word but has no logical relationship, to the underlying goods or services. An example of an arbitrary trademark is DOMINO for sugar. Another example would be the creation of new and original name, or combination of a number of words that creates an original name.

A "fanciful" or "coined" trademark is a trademark created solely to function as a trademark but which has no meaning beyond the trademark itself. An example of a fanciful or coined trademark is EXXON for gasoline.

Arbitrary and fanciful or coined trademarks are enforceable without proof of secondary meaning.

 Additional Considerations Relating To Trademark Strength:

When evaluating the strength of Plaintiff's trademark, you may also consider the extent of any use by third parties of similar trademarks, Plaintiff's promotional expenditures, the volume of Plaintiff's sales under its trademark, and whether Plaintiff's registration has achieved incontestable status. Here, the Plaintiff's service mark registration has not achieved incontestable status.


2. Similarity of the Parties' marks

In this case, the parties have stipulated that Defendant Unisource Discovery LLC and the Plaintiff both use the same Mark.

### 3. Similarity of the Parties' Sales Channels, Distribution, and Customers

This factor considers where, how, and to whom the parties' services are offered. Similarities increase the possibility of consumer confusion, mistake, or deception.

### 4. Similarity of the Parties 'Advertising Media

This factor looks to each party's method of advertising. It is not a requirement that Plaintiff and Defendants advertise in the same magazines, publications, or other advertising outlets. The issue is whether the parties use the same forums and media outlets to advertise, leading to possible confusion.

In this case, the parties have stipulated that both Unisource Discovery LLC and the Plaintiff use websites to advertise their services.

### 5. Defendants' Intent

You may also consider whether Defendants intended to infringe on Plaintiff's mark. That is, did Defendants adopt the mark with the intention of deriving a benefit from Plaintiff's reputation? The likelihood of confusion is greater if Defendants intended to derive a benefit from Plaintiff's mark. Intent in this context is whether

the Defendants intended to capitalize on the Plaintiff's business reputation, was intentionally blind, or otherwise exhibited improper intent.

6. <u>Actual Confusion</u>

Because the presence of actual confusion usually is difficult to show, a finding of actual confusion is not required to find trademark infringement. Alternatively, the absence of actual confusion does not necessarily mean Defendants may not be liable for trademark infringement.

The evidence of actual confusion of trademarks should be reasonably significant.

You should weigh the alleged actual confusion using the following factors:

(1) The amount and duration of the confusion;

(2) The degree of familiarity the confused party has with the goods or services;

(3) The type of person complaining of the alleged actual confusion (for example, whether that person is a customer or a noncustomer); and

(4) The alleged number of people who are actually confused (for example, whether the confused person is an actual customer or someone else).

If you find that Defendants have infringed Plaintiff's service mark, you must next consider Defendants 'affirmative defenses.

<u>Service mark: Remedies</u>

If you find that Plaintiff owns a valid mark, that Defendants have infringed it, and Defendants do not have a defense, you must consider whether, and to what extent, monetary relief should be awarded.

<u>Plaintiff's Actual Monetary Damages</u>

You may award actual damages that Plaintiff has sustained. Plaintiff may recover the economic injury to its business proximately resulting from Defendants' wrongful acts. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. But an award of actual damages to Plaintiff must be just and reasonable, based on facts, and proved by Plaintiff by a preponderance of the evidence.

<u>Defendants' Profits and Calculation of Profits</u>

In addition to Plaintiff's actual damages, you may also make an award based on an accounting of Defendant's profits if you find that Defendant's conduct was willful and deliberate; or Defendant was unjustly enriched; or an award of Defendant's profits is necessary to deter Defendant's future conduct.

In determining Defendant's profits, Plaintiff only is required to prove Defendants' gross sales. Defendant also may then prove the amount of sales made for reasons other than infringement and may also prove its costs or other deductions which it claims are required for rendering of the services  and should be subtracted

from the amount of its sales to determine its profits on such sales. Any costs or deductions that Defendant proves by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Plaintiff.

<u>Nominal Damages</u>

If you find that Defendants infringed Plaintiff's Mark and Defendants do not have any defense, but you do not find that Plaintiff sustained any actual damages or damages based on Defendants 'profits, you may return a verdict for Plaintiff and award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine.

**Plaintiff's Count II for Unregistered Service Mark Infringement**

If you find that Plaintiff proved its claim for Registered Service mark Infringement, then you must also find that Plaintiff proved its claim for Unregistered Service mark.

If Defendant proved its counterclaim for cancellation of Plaintiff's Registered Service mark, then you must next consider Plaintiff's Unregistered Service mark claim.

Plaintiff, Unisource Discovery, Inc. claims that Defendants Unisource Discovery, LLC and Steven Cerasale have violated Section 43(a) of the Trademark Act by causing a false association and infringed its common law service mark rights in a geographical market area. To prove its claims, Plaintiff must prove the following facts by a preponderance of the evidence:

1. Plaintiff owns a service mark that is entitled to protection in a geographical market area where Plaintiff has a superior right to use the mark, or in a market area considered to be a natural expansion from said geographical market area; and

2. Defendants are using a mark that is likely to cause confusion with Plaintiff's service mark without a valid defense in said Plaintiff's geographical area including said area of natural expansion.

<u>Validity</u>

Plaintiff must prove by a preponderance of the evidence that the service mark is:

1: Used in commerce in a geographical area where Plaintiff has superior rights;
2: Distinctive; and
3: Nonfunctional

<u>Inherent Distinctiveness</u>

A service mark is protectable if it is inherently distinctive. To determine whether a claimed trademark is inherently distinctive, you must first place it into one of four "types" or categories that I previously explained. Service marks come in different "types" or categories, namely: "generic," "descriptive," "suggestive," "arbitrary," and "fanciful" or "coined." The type of trademark is relevant to the trademark's strength.

The parties have stipulated that the Mark is not generic and non-functional.

LIKELIHOOD OF CONFUSION

Plaintiff also needs to show that Defendants' use of the Mark is "likely to cause confusion" with Plaintiff's mark. The "likelihood of confusion" determination for Unregistered Marks is the same as for the Registered Marks.

24

That is, you must determine if Defendants' use, without Plaintiff's consent, of the identical mark in connection with the sale of, or the offer to render, services in a manner that is likely to cause confusion among customers as to the source, affiliation, approval, or sponsorship of the services. "Source," "origin," "affiliation," "approval," or "sponsorship" means that the public believes that Defendants' services come from, are affiliated with, are approved by, or sponsored by Plaintiff.

It is not necessary that the mark used by Defendants be an exact copy of Plaintiff's mark. In this case the parties have stipulated that Unisource Discovery LLC and the Plaintiff use the same Mark. Plaintiff must demonstrate, by a preponderance of the evidence, that Defendants' use of the mark is, when viewed in its entirety, likely to cause confusion as to the source, origin, affiliation, approval, or sponsorship of the services in question.

<u>Infringement</u>

Plaintiff claims that Defendants have infringed its mark. For Plaintiff to succeed on this claim you must find by a preponderance of the evidence that Defendants Used the mark in a manner that is likely to:

    a. cause confusion, mistake, or deception as to

    b. the source, origin, affiliation, approval, or sponsorship of Defendants' services.

<u>Infringement: Likelihood of Confusion (Seven-Factor Test)</u>

There are seven factors you can use to determine whether a likelihood of confusion exists. No single factor or consideration controls, and Plaintiff is not required to prove that all, or even most, of the factors are present in any particular case. You also may use factors other than these seven. You should weigh all of the relevant evidence in determining whether a likelihood of confusion exists.

1.  <u>Type and Strength of Plaintiff's Service mark.</u>

I previously have instructed you as to the four "types" or categories of trademarks, namely, "generic," "descriptive," "suggestive," "descriptive," "arbitrary," and "fanciful" or "coined." The type of a claimed trademark is relevant to the trademark's strength. When evaluating the strength of Plaintiff's trademark, you also may consider the extent of any use by third parties of similar trademarks, Plaintiff's promotional expenditures, and the volume of Plaintiff's sales under [his/her/its] trademark.

The parties have stipulated that the Mark is not generic and non-functional.

2.  <u>Similarity of the Parties' Marks</u>

The parties have stipulated that Unisource Discovery LLC and the Plaintiff use the same Mark.

3.  Similarity of the Parties' Services

This factor considers not only whether the consuming public can readily distinguish between the parties 'services, but also whether the services at issue are of a kind that the public attributes to a single source.

4.  Similarity of the Parties' Sales Channels, Distribution, and Customers

This factor considers where, how, and to whom the parties' services are sold or rendered. Similarities increase the possibility of consumer confusion, mistake, or deception

5.  Similarity of the Parties 'Advertising Media

This factor looks to each party's method of advertising. It is not a requirement that Plaintiff and Defendants advertise in the same magazines, publications, or other advertising outlets. The issue is whether the parties use the same forums and media outlets to advertise, leading to possible confusion.

6. Defendants' Intent

You also may consider whether Defendants intended to infringe on Plaintiff's service mark. That is, did Defendants adopt its serviced mark with the intention of deriving a benefit from Plaintiff's reputation? If you determine that Defendants

intentionally ignored potential infringement, you may impute to Defendants an intent to infringe.

7. <u>Actual Confusion</u>

Because the presence of actual confusion usually is difficult to show, a finding of actual confusion is not required to find trademark infringement. Alternatively, the absence of actual confusion does not necessarily mean Defendants is not liable for trademark infringement.

The evidence of actual confusion of trademarks should be reasonably significant. You should weigh the alleged actual confusion using the following factors:

The amount and duration of the confusion;

The degree of familiarity the customer has with the services;

The type of person complaining of the alleged actual confusion (for example, whether that person is a customer or a noncustomer); and

The alleged number of people who are actually confused (for example, whether the confused person is an actual customer or someone else).

If you find that Defendants have infringed Plaintiff's service mark, you must next consider Defendants 'affirmative defenses.

Remedies

If you find that Plaintiff's service mark is valid, that Defendants have infringed it, and Defendants do not have a defense to the infringement, you must determine whether, and to what extent, money damages should be awarded.

<u>Plaintiff's Actual Monetary Damages</u>

You may award actual damages Plaintiff has sustained. Plaintiff may recover the economic injury to its business proximately resulting from Defendants' infringement. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. However, any award of actual damages to Plaintiff must be just and reasonable, based on facts, and proved by Plaintiff by a preponderance of the evidence.

<u>Defendant's Profits and Calculation of Profits</u>

In addition to Plaintiff's actual damages, you may also make an award based on an accounting of Defendants 'profits if you find that Defendants' sold their services using Plaintiff's service mark and:

- Defendants 'conduct was willful and deliberate;

- Defendants was unjustly enriched; or

- An award of Defendants' profits is necessary to deter Defendants 'future conduct.

29

A defendant commits a "willful violation" of a service mark when that defendant knowingly and purposefully capitalizes on and appropriates for [himself/herself/itself] the goodwill of a plaintiff.

"Unjust enrichment" occurs if Defendants receives a benefit to which he/it is not entitled.

In determining Defendants' profits, Plaintiff only is required to prove Defendants 'gross sales. Defendants may then prove the amount of sales made for reasons other than the infringement. Defendants also may prove their costs or other deductions which they claim should be subtracted from the amount of their sales to determine their profits on such sales. Any costs or deductions that Defendants prove by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Plaintiff.

<u>Nominal Damages</u>

If you find that Defendants infringed Plaintiff's service mark, but you do not find that Plaintiff sustained any actual damages or damages based on Defendants 'profits, you may return a verdict for Plaintiff and award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine.

## Plaintiff's Count III & VI for Florida Common Law Mark Infringement; and Count IV & VII for Florida Common Law Unfair Competition

Plaintiff also claims that Defendants have infringed Plaintiff's Mark and engaged in unfair competition under Florida common law.

The legal standard for federal registered service mark infringement, violations of Section 43a of the Trademark Act, common law service mark infringement, and common law unfair competition are essentially the same. To establish its case for common law infringement and unfair competition, Plaintiff must show (1) that it had enforceable service mark rights in a service mark or name in a geographical area, and (2) that the terms or marks used by Defendants are likely to be confused with the mark or name in which Plaintiff possesses rights in that geographical area.

Source: *Custom Mfg. & Eng'g, Inc. v. Midway Servs.*, 508 F.3d 641, 647 (11th Cir. 2007); *Investacorp, Inc. v. Arabian Investment Banking Corp.*, 931 F.2d 1519, 1521-22 (11th Cir. 1991); *Monsanto Co. v. Campuzano*, 206 F.Supp.2d 1252, 1261-62 (S.D. Fla. 2002); *Contemporary Restaurant Concepts, Ltd. v. Las Tapas-Jacksonville, Inc.*, 735 F.Supp. 1560 (M.D. Fla. 1991); V*aritronics Systems, Inc. v. Merlin Equipment, Inc.*, 682 F.Supp. 1203 (S.D. Fla. 1988); *American Bank of Merrit Island v. First American Bank and Trust,* 455 So.2d 443 (Fla. 5th DCA 1984); *Carnival Corp. v. Seaescape Casino Cruises, Inc.*, 74 F.Supp.2d 1261 (S.D. Fla. 1999).

## Remedies

If you found Defendants liable for Count I or Count II, the profits available for Count III and IV are the same as for Counts I and II and so is the manner of calculation.

However, under state law, an additional type of damages is available: punitive damages. Plaintiff contends that punitive damages should be awarded against Defendants for their conduct in committing service mark infringement and unfair competition under Florida common law. These damages are in addition to any profits calculated above. You must decide whether Plaintiff has established by clear and convincing evidence that punitive damages should be awarded against Defendants:

a. Punitive damages generally.

If you find for Plaintiff against Defendants for Plaintiffs 'Count III for Florida common law trademark infringement or Count IV for Florida common law unfair competition, you must decide whether punitive damages are warranted as punishment to one or more of the defendants and as a deterrent to others.

Punitive damages are warranted only if you find by clear and convincing evidence that Defendants were guilty of intentional misconduct, which was a substantial cause of loss, injury, or damage to Plaintiff. Under those circumstances you may, in your discretion, award punitive damages against Defendants. If clear

and convincing evidence does not show such conduct by Defendants, you must not award any punitive damages.

"Intentional misconduct" means that Defendants had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to Plaintiff and, despite that knowledge, Defendants intentionally pursued that course of conduct, resulting in injury or damage.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

If you decide that punitive damages are warranted against one or more of Defendants, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Defendants and as a deterrent to others.

Source: Florida Bar Civil Jury Instructions – 503.2 Punitive Damages (Modified); and *Badia Spices, Inc. v. Gel Spice Co., Inc.*, 1:15-CV-24391-MGC, 2019 WL 7344820, at *1 (S.D. Fla. Oct. 23, 2019)

## 10.3 Defenses to Claim of Infringement of a Service mark

Prior use of a service mark in a particular geographic area is a defense to a claim of infringement. To prove prior use, Defendants must prove, in the event that the registration is cancelled, the following by a preponderance of the evidence:

1.  Defendants began using their mark in a geographic area before Plaintiff began using its mark in that area; and

2.  Defendants' use of its mark in that geographic area has been continuous since that use began.

Defendants also raised the defense of equitable estoppel. To establish this defense, Defendants must prove the following:

1.  The Plaintiff took the position (either through its conduct or its words) that the Plaintiff would not control or restrict Defendants' use of the Mark;

2.  Defendants relied in good faith upon the Plaintiff's conduct or words; and

3.  Defendants' reliance caused Defendants to change their position for the worse.

## Plaintiff's Count V for Service Mark Counterfeiting

Plaintiff claims that Defendants have committed counterfeiting by unlawfully using Plaintiff's service mark in the sale, offer to render, or advertising of services without Plaintiff's authorization.

To prove a claim for counterfeiting, Plaintiff must prove the following facts by a preponderance of the evidence:

(1) The service mark used by Defendant is a copy that is identical or substantially indistinguishable from Plaintiff's mark that is registered on the Principal Register of the United States Patent and Trademark Office;

(2) Defendant's service mark was affixed without Plaintiff's permission after the valid termination of the license; and

(3) Defendant used Plaintiff's service mark in the sale, offering for sale, or advertising of services that are covered by Plaintiff's service mark registration.

The parties have stipulated that the Mark Defendant Unisource Discovery LLC uses is the same Mark that Plaintiff uses.

_____

## Remedies

If you find that Plaintiff proved that Defendant engaged in counterfeiting in violation of Plaintiff's service mark, you must consider whether, and to what extent,

money damages should be awarded. For its counterfeiting claim, Plaintiff is not seeking actual damages or any damages other than statutory damages for this claim.

Plaintiff seeks what is known as an award of "statutory damages." Statutory damages are damages established by Congress in the Lanham Act. The purpose of statutory damages is to: compensate the service mark owner, penalize the counterfeiter, and deter future service mark counterfeiting. If you find that Defendants utilized a counterfeit mark, you may award statutory damages between $1,000 and $200,000.

If you find that Plaintiff proved that Defendant knew that the service mark they used was a counterfeit, you may award additional statutory damages. If Plaintiff proves that Defendants' use of the counterfeit service mark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000.

In calculating statutory damages, generally the following factors are considered:

(1) the expenses saved and profits reaped;
(2) the revenue lost by the plaintiff;
(3) the value of the mark;
(4) the deterrent effect of others besides the defendant;
(5) whether the defendant's conduct was innocent or willful;
(6) whether a defendant cooperated in providing particular records from which to assess the value of the infringing material produced; and
(7) the potential for discouraging the defendant.

When calculating statutory damages based on the above factors, the base amount should be trebled (tripled) for willful conduct and doubled for deterrence (to discourage wrongful conduct).

Source: *Luxottica Grp. S.p.A. v. Casa Los Martinez Corp.*, No. 1:14-CV-22859-JAL, 2014 WL 4948632, at *4 (S.D. Fla. Oct. 2, 2014)(factors for calculating statutory damages); *Volkswagen Grp. of Am., Inc. v. Varona*, No. 19-24838-CIV, 2021 WL 1997573, at *10 (S.D. Fla. May 18, 2021)(factors for calculating statutory damages, trebling for willful, doubling for deterrence); *Chanel, Inc. v. besumart.com,* 240 F. Supp. 3d 1283, 1293 (S.D. Fla. 2016)( trebling for willful, doubling for deterrence)

## Plaintiff's Count VIII for Florida's Deceptive and Unfair Trade Practices Act
## (Fla. Stat. § 501.204)

In order to succeed in a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), a plaintiff must establish:

1.  Defendants engaged in a deceptive or unfair act or practice in the conduct of their trade or commerce; and

2.  Defendants actions were the legal cause of actual damage sustained by Plaintiff.

Trademark infringement is considered an unfair practice in violation of FDUTPA. Therefore, if Plaintiff established any of its claims for Trademark Infringement, then you must find that Plaintiff established the first element of FDUTPA.

Engaging in a deceptive or unfair trade practice is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage so that it can reasonably be said that, but for the violation, the loss, injury, or damage] would not have occurred.

Actual damages can be Plaintiff's actual or past lost profits resulting from Defendants 'actions.

Source: Florida Supreme Court Instructions 416.50; Laboratories Roldan, C. por A. v. Tex Int'l Inc., 902 F. Supp. 1555, 1569-70 (S.D. Fla. 1995)(trademark infringement considered an unfair practice); *ADT LLC v. Alarm Prot. Tech. Fla., LLC*, No. 12-80898-CIV, 2013 WL 11276119 (S.D. Fla. Apr. 18, 2013)( Actual damages can be actual or past lost profits); *Global Tech Led, LLC v. HiLumz Int'l Corp.*, No. 2:15-CV-553-FTM-29CM, 2017 WL 588669 (M.D. Fla. Feb. 14, 2017) ("Past lost profits . . . appear to be a proper form of 'actual damages.'")