UNISOURCE DISCOVERY, INC.

    Plaintiff/Counter-Defendant,

        v.                      Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs,

_____ /

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
## MOTION TO STRIKE DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

Plaintiff, Unisource Discovery Inc. ("Plaintiff"), submits its Reply to Defendants',

Unisource Discovery LLC and Steven A. Cerasale's ("Defendants"), Response to Plaintiff's

Motion to Strike Defendants' First Affirmative Defense of Naked Licensing under Rule 12(f) of

the Federal Rules of Civil Procedure, and in support, states as follows:

### I.    ARGUMENT

Defendants' response to Plaintiff's motion is incomprehensible because their tortured

semantics consist entirely of contradictory statements.

In their response, Defendants state, "To be clear, Defendants' First Affirmative Defense

alleges that "Plaintiff has abandoned its Mark by having provided Defendants with a naked

license." Answer (DE 311) at ¶ 81. Defendants did not allege—and certainly dispute—that they

were licensees of Plaintiff." ¶5 of Response. If Plaintiff granted a (naked or otherwise) license to Defendants, then Defendants must be—by definition[1]—licensees.

The affirmative defense of "naked license" applies to justify or avoid infringement liability when there is a mark license that was not policed. As pled, Defendants' first affirmative defense would purportedly apply[2] in the event the Court finds Plaintiff to be the owner of the Mark—Defendants infringing use was (and is) justified (after the termination of the license) because Plaintiff purportedly failed to police the nature and quality of the services rendered by Defendants. But if Defendants do not assert that a license existed, then the "naked license" affirmative defense cannot be asserted.

And if Defendants do assert that a license existed between Defendants and Plaintiff, then Defendants are estopped from challenging the validity of the mark with a naked licensing defense when it is their own license that they contend is naked. Thus, Defendants' defense fails as a matter of law regardless of what stance they now take.

## II.     CONCLUSION

For the foregoing reasons and the arguments raised in Plaintiff's motion, Plaintiff respectfully requests that this Court enter an Order striking the naked license affirmative defense from Defendants' Amended Affirmative Defenses (ECF No. 311).

---

[1] Licensee: "1. One to whom a license is granted; someone who has official permission to do something…"
See LICENSEE, Black's Law Dictionary (11th ed. 2019)
[2]  Plaintiff's position in the motion, as understood, is that the doctrine of license estoppel prevents a defendant/licensee from raising the affirmative defense of "naked license" since it has benefitted from the license.

Dated: July 12, 2022            Respectfully Submitted,

/s/ *Jesus Sanchelima*
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Jesus Sanchelima</u>
Jesus Sanchelima, Esq.

**SERVICE LIST**

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al**
**Case No. 1:20-cv-23276-DPG**
**United States District Court, Southern District of Florida**

Juan Carlos Zorrilla
Fowler White Burnett
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Fax: 305-728-7561
Email: jzorrilla@fowler-white.com
*Attorneys for Defendants*

Victor Mariano Velarde
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9229
Fax: (305) 728-7529
Email: vvelarde@fowler-white.com
*Attorneys for Defendants*