**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff/Counter-Defendant,

v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE,

      Defendants/Counter-Plaintiffs.

---

**MOTION TO STRIKE COUNTER-DEFENDANT'S**
**SECOND AND THIRD AFFIRMATIVE DEFENSES**

Counter-Plaintiffs hereby move to strike Counter-Defendant's Second and Third
Affirmative Defenses to the Counterclaim.

**ARGUMENT**

Counter-Defendant raised the following Affirmative Defenses:

| | |
|---|---|
| **Second Aff. Defense:** | "[Counter-Plaintiffs'] prayer for relief should be (in part) dismissed under Rule 12(b)(6) for failure to state a claim or, in the alternative, stricken under Rule 12(f) as immaterial." |
| **Third Aff. Defense:** | "[Counter-Plaintiffs] have failed to state a claim for fraud on U.S. Patent and Trademark Office because they have not pled sufficient facts as to standing or damages." |

Answer to Countercl. (DE 318) pp. 8–9.

Both Affirmative Defenses fail as a matter of law.

**I.     The Second and Third Affirmative Defenses are mere denials and not proper affirmative defenses.**

"[F]ailure to state a claim is not an affirmative defense." *Havana Docks Corp. v. Carnival Corp.*, No. 19-CV-21724, 2022 WL 831160, at *79 (S.D. Fla. Mar. 21, 2022).

"A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *see also Goldstein v. Firer,* No. 1:20-CV-23402, 2022 WL 2479237, at *3 (S.D. Fla. June 17, 2022) (same).

The Second and Third Affirmative Defenses merely purport to point out a defect in the Counterclaim (i.e., that Counter-Plaintiffs have ostensibly failed to state a cause of action). Under applicable case law, such allegations are not affirmative defenses and should be stricken.[1]

## II.     The Third Affirmative Defense (i.e., that Counter-Plaintiff has not alleged "standing" or "damages") lacks merit and should be stricken.

The Third Affirmative Defense alleges that Counter-Plaintiffs "have not pled sufficient facts as to standing or damages." Answer to Countercl. (DE 318) p. 9.

This defense lacks merit for two separate reasons.

***First, as to Standing:*** "Courts in this district have held that the Defendant's ***standing*** to bring an action to cancel Plaintiff's trademark registrations ***is inherent*** in its position as a defendant in the original proceeding. … It is clear from [the party's] position as defendant in the main lawsuit that it may be damaged by the Plaintiff's trademark registration." *Amerikooler, LLC v. Coolstructures, Inc.*, 17-24420-CIV, 2019 WL 2373560, at *2–3 (S.D. Fla. June 5, 2019) (emphasis added).

Counter-Plaintiffs are defendants in the main lawsuit for trademark infringement. The fact that they may be damaged by Counter-Defendant's trademark, therefore, is indisputable. *See Amerikooler, LLC*, 2019 WL 2373560, at *2–3. Counter-Plaintiffs, therefore, have standing.

---

[1] Alternatively, if the Second and Third Affirmative Defenses (i.e., the alleged "failure to state a cause of action") are not stricken on this basis, they should be treated as denials and not affirmative defenses.

***Second, as to Damages:*** Counter-Plaintiffs alleged in their Counterclaim that "[f]or more than twenty years," Counter-Plaintiffs have been using the same Mark in commerce and that Counter-Defendant "procured [the Mark's] registration via fraud." *See* Countercl. (DE 311) at ¶¶ 8, 11, 73. These allegations satisfy the "damage" element of a claim for trademark cancellation on the basis of fraud.

In fact, the case Counter-Defendant cites in its Third Affirmative Defense (i.e., *Church Girls, LLC v. Rodgers*) conclusively defeats Counter-Defendant's argument.

Specifically, the trademark-cancellation counterclaim in *Church Girls, LLC* was based upon fraud that is similar to the Counterclaim in our case—i.e., the counterclaim in *Church Girls, LLC* was based upon the counter-defendant's misrepresentation to the PTO that, to the counter-defendant's "knowledge and belief, no other person has the right to use such mark." 2018 WL 5923436, at *3 (S.D. Fla. Nov. 13, 2018). The counter-defendant moved to dismiss the counterclaim arguing that it was not sufficiently pled (i.e., the same basis Counter-Defendant articulated in its Third Affirmative Defense). *Id.*

The Court denied the motion to dismiss and found that the counter-plaintiff's allegations were sufficient. *Id.* "To satisfy the elements of fraud on the PTO, [the counter-plaintiff] has alleged that … [it] ***has suffered damages*** as a result [of the fraud] (***because [the counter-plaintiff] also performs under the [same] band name***)." *Id.* (emphasis added).

Counter-Plaintiffs clearly alleged that "[f]or more than twenty years," they have been using the same Mark in commerce that Counter-Defendant registered via fraud upon the USPTO. *See* Countercl. (DE 311) at ¶¶ 8, 11, 73. Counter-Plaintiffs, therefore, have sufficiently alleged damages.

## CONCLUSION

For the reasons set forth above, Counter-Plaintiffs, Unisource Discovery LLC and Steven Cerasale, respectfully request the Court to strike Counter-Defendant's Second and Third Affirmative Defenses from its Answer to Counterclaim (DE 318), and for such further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counter-Plaintiffs' undersigned counsel conferred with counsel for Counter-Defendant in a good faith effort to resolve the issues raised in this motion but no resolution could be reached.

CASE NO. 20-CIV-23276-DPG

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on July 19, 2022, on all counsel or parties of record

on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |
|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
|---|---|
| Diego David Valdes, Esq. | Jesus Sanchelima, Esq. |
| Fla. Bar No. 251010 | Florida Bar No. 231207 |
| Diego David Valdes, P.A. | Email: jesus@sanchelima.com |
| 2350 Coral Way, Suite 403B | Liany Estevez, Esq. |
| Coral Gables, Florida 33145 | Florida Bar No. 1024902 |
| Telephone: (305) 910-6602 | Email: estevez@sanchelima.com |
| Facsimile: (305) 513-5924 | Sanchelima & Associates, P.A. |
| E-mail: ddvlaw@gmail.com | 235 S.W. Le Jeune Road |
| | Miami, Florida 33134 |
| *Counsel for Plaintiff,* | Telephone: (305) 447-1617 |
| *Unisource Discovery, Inc.* | Facsimile: (305) 445-8484 |
| | |
| | *Counsel for Plaintiff,* |
| | *Unisource Discovery, Inc.* |

- 5 -