# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

UNISOURCE DISCOVERY, INC.

    Plaintiff/Counter-Defendant,

        v.                            Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs,

_____ /

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIRMATIVE DEFENSES

Plaintiff, Unisource Discovery Inc. ("Plaintiff"), submits its Response in Opposition to Defendants, Unisource Discovery LLC and Steven A. Cerasale's ("Defendants"), Motion to Strike Plaintiff's Affirmative Defenses, and in support, states as follows:

### I.    ARGUMENT

### A.  Second Affirmative Defense

Plaintiff's second affirmative defense should not be stricken because mislabeling of an affirmative defense does not warrant striking it as improper. Defendants quote *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). While the Court *Rawson* does state that "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense," it did not strike the party's defense of "failure to state a claim." Instead, The Court stated: "As explained in this opinion, the defense Rawson raises is not an affirmative defense but rather is a general defense akin to a Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim upon which relief can be granted. Despite the mislabeling of the defense, its substance correctly

points to a fatal flaw in Flav–O–Rich's claim—the failure to allege possession." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

Courts disfavor striking portions of the pleadings, instead preferring to treat allegations that are not proper "affirmative defenses" as specific denials. *See Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 697 (S.D. Fla. 2020)(denying motion to strike "affirmative defense" of failure to state a claim, instead treating it as specific denial); *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-cv-60498, 2018 WL 4743634, at *2 (S.D. Fla. Oct. 2, 2018)(same); *McMullen v. GEICO Indem. Co.*, No. 14-cv-62467, 2015 WL 11199534, at *3 (S.D. Fla. Jan. 13, 2015) (same); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (3d ed. 2018). Thus, Plaintiff's defense should not be stricken.

### B. Third Affirmative Defense

Regarding the third affirmative defense, to support the adequacy of their pleadings, Defendants rely on *Church Girls, LLC*, which also considered whether a defendant's counterclaim for cancellation based on fraud on the PTO was sufficiently pled. *Church Girls, LLC v. Rodgers*, 2018 WL 5923436, at *3 (S.D. Fla. Nov. 13, 2018). However, Defendants' reliance on *Church Girls* is misplaced because there the defendant specifically pled that it suffered damages as a result of plaintiff's conduct. The Court in *Church Girls* paraphrased the defendant's allegation. In the cited paragraph ¶15 of the Complaint, the defendant actually pled:

> Counter-Plaintiffs are damaged by Counter-Defendant's Trademark Registration No. 5291008 of the mark "Church Girls" and seek cancellation of same pursuant to 15 U.S.C. § 1064. Specifically, Counter-Plaintiffs have been using the tradename "Church Girls" in commerce since May of 2014, have been performing on live music shows, recording music and selling same, and selling merchandise throughout the years bearing the trade name "Church Girls." After Counter-Defendant knew of Counter-Plaintiffs' use of the tradename, and discussed same with Counter-Plaintiffs, Counter-Defendant filed the Application for the purpose of overstepping on Counter-Plaintiffs to the use of the trade name "Church Girls.

¶15 of Complaint (ECF No. 18) of Case No. 2:18-cv-14232-RLR. Unlike the defendant in *Church Girls*, Defendants did not allege they were damaged in their counterclaim—in fact, the words damaged or injured are not present at all.

Defendants contend that they have sufficiently pled damages because "'[f]or more than twenty years,' Counter-Plaintiffs have been using the same Mark…" But a mere allegation of 20-year use does not amount to being damaged. And the existence of a registration, if damage is to be implied from Plaintiff's allegations and lawsuit for infringement, would only be effective where a substantive right of the Defendants were being affected. But Defendants have not alleged they have a right to use the mark in the entire US (or part thereof) by having a superior right (first use). For example, if there has not been any use by Defendants in Alaska, they have no damages. They probably will never use the mark in Alaska. No rights of Defendants are affected. Thus, Plaintiff's affirmative defense should not be stricken.

## II.    CONCLUSION

Based on the foregoing, Defendants' motion to strike should be denied.

Dated: August 2, 2022 Respectfully Submitted,

*/s/ Jesus Sanchelima*
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ Jesus Sanchelima
Jesus Sanchelima, Esq.

## SERVICE LIST

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al**
**Case No. 1:20-cv-23276-DPG**
**United States District Court, Southern District of Florida**

Juan Carlos Zorrilla
Fowler White Burnett
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Fax: 305-728-7561
Email: jzorrilla@fowler-white.com
*Attorneys for Defendants*

Victor Mariano Velarde
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9229
Fax: (305) 728-7529
Email: vvelarde@fowler-white.com
*Attorneys for Defendants*