**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants.

_____ /

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
### DFENDANTS' FIRST AFFIRMATIVE DEFENSE

THIS CAUSE came before the Court upon Plaintiff Unisource Discovery Inc.'s ("Plaintiff") Motion to Strike Defendants Unisource Discovery, LLC and Steven Cerasale's ("Defendants") First Affirmative Defense (hereafter, "Motion to Strike") [D.E. 313].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20].  For the reasons stated below, Plaintiff's Motion to Strike is DENIED.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action against Defendants on August 6, 2020.  See Complaint for Damages and Injunctive Relief (hereafter, "Complaint") [D.E. 1].  In its Complaint, Plaintiff asserts claims against Defendants under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for allegedly infringing on the following United States Federal Trademark (hereafter, the "Mark"):



Id.

On May 31, 2022, Plaintiff filed an unopposed Motion for Leave to File its Amended Complaint (hereafter, "Motion to Amend") [D.E. 307] to change the terms "products" and "trademarks" to "services" and "service mark" or "mark", respectively, and to remove two counts from the Complaint, namely, Count VI (Federal False Designation Of Origin and False Advertising (15 U.S.C. § 1125(a)) and Count VII (Misleading Advertising Under Florida Law (Fla. Stat. Ann. § 817.41)).  The undersigned granted the Motion to Amend on May 31, 2022 [D.E. 308].

On June 1, 2022, Plaintiff filed its First Amended Complaint [D.E. 310].  On June 14, 2022, Defendants filed their Answer and Affirmative Defenses to Amended Complaint and Counterclaim (hereafter, "Answer & Counterclaim") [D.E. 311].   Defendants' pleading includes a First Affirmative Defense, which reads as follows:

> As their First Affirmative Defense, Defendants state that Plaintiff has abandoned its Mark by having provided Defendants with a naked license to use the Mark for more than a decade. Unisource Discovery, LLC has been continuously using the Mark in its business since 2001 and on its website since as early as 2001—i.e., years before the Mark was registered by Plaintiff and years before Plaintiff was incorporated. Plaintiff registered the "Mark" in 2009 with full knowledge that Unisource Discovery, LLC created that "Mark" and had been using that "Mark" for years. Plaintiff also registered the "Mark" with full knowledge that Unisource Discovery, LLC would continue to use the "Mark" as it deems fit in its sole discretion. Once the "Mark" was registered, Unisource Discovery, LLC—with Plaintiff's knowledge—continued to use the "Mark" for more than a decade. Plaintiff never controlled, policed, or supervised Defendants' use of the "Mark." To the contrary, Unisource Discovery, LLC was free to use the "Mark" as it wished in its sole discretion.

Id. at 8.  On June 20, 2022, Plaintiff moved to strike Defendants' First Affirmative Defense of "naked license".  See Motion to Strike [D.E. 313].

Plaintiff argues that the doctrine of licensee estoppel bars Defendants' affirmative defense of naked license because Defendants are the licensees of Plaintiff and therefore are "precluded from arguing naked licensing".  See id. at 1 & 3.  As discussed below, the undersigned finds no

merit in this argument.

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure (hereafter, "Rule 12(f)") provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" upon its own accord or on motion made by a party. See Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." Blake v. Batmasian, 318 F.R.D. 698, 700 (S.D. Fla. 2017). "Granting a motion to strike is a drastic remedy and is disfavored by the courts." Id. (citing Nash v. O.R. Colan Grp., LLC, No. 12-60759-CIV, 2012 WL 4338817, *1 (S.D. Fla. Sept. 20, 2012)). A motion to strike will therefore only be granted "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues or otherwise prejudice a party." Id. (citing 2 James W. Moore et al., Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)).

## DISCUSSION

The gist of Defendants' First Affirmative Defense is that "Plaintiff has abandoned its Mark by having provided Defendants with a naked license to use the Mark for more than a decade", during which time "Plaintiff never, controlled, policed, or supervised Defendants' use of the 'Mark.'" See Answer & Counterclaim [D.E. 311 ¶ 81]. As previously noted, Plaintiff argues that this affirmative defense should be stricken as legally insufficient because the doctrine of licensee estoppel precludes Defendants from asserting naked licensing. See Motion to Strike [D.E. 313 at 1 & 3].

"Under the Lanham Act, '[n]aked (or uncontrolled) licensing of a mark occurs when a licensor allows a licensee to use the mark on any quality or type of good [or service] the licensee

chooses.'"  Belen Jesuit Preparatory Sch., Inc. v. Sportswear, Inc., No. 15-CV-22194, 2016 WL 478162, at *2 (S.D. Fla. May 3, 2016) (citing CNA Fin. Corp. v. Brown, 922 F. Supp. 567, 574 (M.D. Fla. 1996)); see also Blue Mountain Holdings Ltd. V. Bliss Nutraceticals, LLC, No. 1:20-CV-1837-TWT, 2022 WL 2316386, at *4 (N.D. Ga. June 27, 2022) ("Naked licensing occurs when the licensor fails to exercise adequate quality control over its licensee".).   The practice of naked licensing is "inherently deceptive" and results in "abandonment of any rights to the service mark by the licensor." Brown, 922 F. Supp. at 574.

However, the doctrine of licensee estoppel bars a licensee from asserting the defense of naked licensing.  See Prof'l Golfers Ass'n of Am.v. Bankers Life & Cas. Co., 514 F.2d 665, 671 (5th Cir. 1975).  Under that doctrine, "a licensee is estopped to contest the validity of the licensor's title during the course of the licensing arrangement. . . . The licensee has, by virtue of the agreement, recognized the holder's ownership." Id.  However, "[b]ecause licensee estoppel is an equitable doctrine[,] a court 'remains free to consider the particular circumstances of the case, including the nature of the licensee's claim and the terms of the license.'" Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, No. 09-61490-CIV, 2011 WL 214012, at *5 (S.D. Fla. Aug. 22, 1978) (citation omitted).

In the Amended Complaint, Plaintiff alleges that it provided notice to Defendants to cease use of the Mark or otherwise enter into a "Licensing Agreement" with Plaintiff if Defendants wished to continue using the Mark; however, no such agreement was ever entered and as a result, Plaintiff issued a "Cease and Desist letter" to Defendants.  See Amended Complaint [D.E. 310 at ¶ 13].  Given these allegations, Plaintiff cannot claim that a licensing agreement existed between the parties.  Therefore, Plaintiff cannot establish the first element of licensee estoppel.  See Pandora

Jewelers 1995, Inc., 2011 WL 214012, at *9 (licensee estoppel defense failed because party failed to establish a license relationship existed as the "first element of licensee estoppel").

Plaintiff contends that, by asserting a naked licensing defense, Defendants have conceded that there was a license relationship between the parties and that by virtue of holding a naked license, Defendants were necessarily the licensees of Plaintiff.  See Reply [D.E. 323 at 2]. However, Plaintiff proffers no authority for equating an actual license with a naked license for purposes of applying the doctrine of licensee estoppel.  Thus, the doctrine does not clearly bar the defense of naked license in this case.  Pandora Jewelers 1995, Inc., 2011 WL 214012, at *5 ("Because licensee estoppel is an equitable doctrine[,] a court 'remains free to consider the particular circumstances of the case, including the nature of the licensee's claim and the terms of the license.'") (citation omitted).  Accordingly, the undersigned does not find Defendants' naked license defense to be so legally insufficient as to warrant being stricken pursuant to Rule 12(f). Moreover, it cannot be said that Defendants' naked license defense "has no possible relationship to the controversy, may confuse the issues or otherwise prejudice a party."  Nash, 2012 WL 4338817, *1.  Therefore, there is no basis for striking Defendants' First Affirmative Defense.

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike [D.E. 313] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 5th day of August, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

5

Copies furnished to:
United States District Judge Darrin P. Gayles
Counsel of Record