**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff/Counter-Defendant,

v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE,

      Defendants/Counter-Plaintiffs.

---

**REPLY TO OPPOSITION TO MOTION TO STRIKE COUNTER-DEFENDANT'S
SECOND AND THIRD AFFIRMATIVE DEFENSES**

Counter-Plaintiffs hereby file their Reply to Counter-Defendant's Opposition to Motion to Strike Second and Third Affirmative Defenses to the Counterclaim.

**ARGUMENT**

**I.      The Second Affirmative Defense is not an affirmative defense.**

Counter-Defendant conceded that its Second Affirmative Defense was "mislabeled" and is not an affirmative defense. *See* Opposition (DE 325) at p. 1. Counter-Defendant contends, however, that its Second Affirmative Defense should not be stricken but, rather, should be treated as a "specific denial." *Id.* at p. 2.

As Counter-Plaintiffs explained in their Motion to Strike, "[a]lternatively, if the Second … Affirmative Defenses (i.e., the alleged 'failure to state a cause of action') [is] not stricken on this basis, [it] should be treated as denials and not affirmative defenses." Motion to Strike (DE 234) at p. 2, fn.1.

Because the parties agree that the Second Affirmative Defense is not an affirmative defense, Counter-Plaintiff respectfully submits that the Second Affirmative Defense should be stricken or, alternatively, should be deemed a denial and not an affirmative defense.

**II.     The Third Affirmative Defense (i.e., the defense that Counter-Plaintiffs have not alleged "standing" or "damages") should be stricken.**

The Third Affirmative Defense alleged that "[Counter-Plaintiffs] have failed to state a claim … because they have not pled sufficient facts as to ***standing*** or ***damages***." Answer to Countercl. (DE 318) at p. 9 (emphasis added).

This Third Affirmative Defense should be stricken for three independent reasons, none of which were addressed or refuted in Counter-Defendant's Opposition.

**A.     The Third Affirmative Defense should be stricken as to "Standing."**

In its Opposition (DE 325), Counter-Defendant did not address the fact that "Courts in this district have held that the 'Defendant's ***standing*** to bring an action to cancel Plaintiff's trademark registrations ***is inherent*** in its position as a defendant in the original proceeding.'" *Amerikooler, LLC v. Coolstructures, Inc.*, 2019 WL 2373560, at *3 (S.D. Fla. June 5, 2019) (emphasis added). Counter-Plaintiffs cited this case law in their Motion to Strike. *See* Motion (DE 324) at p. 2.

The Court should, therefore, strike the Third Affirmative Defense as to "standing" because the case law is clear: Counter-Plaintiffs "inherently" have "standing to bring an action to cancel Plaintiff's trademark registrations" in light of their position as Defendants in the original proceeding. *Amerikooler*, 2019 WL 2373560, at *3  Counter-Defendant does not argue otherwise.

**B.     The Third Affirmative Defense should be stricken as to "Damages."**

The Opposition (DE 325) also did not address the fact that "[i]t is clear from [the party's] position as defendant in the main lawsuit that it may be ***damaged*** by the Plaintiff's trademark registration." *Id.* at *2–3 (emphasis added).

Counter-Plaintiffs' position as defendants in the main lawsuit is—by itself—sufficient to establish "damages." Like the damage in *Amerikooler, LLC*, the damage to Counter-Plaintiffs is clearly shown by the fact that Counter-Plaintiffs are "defendant[s] in the main lawsuit." *Id.*

But Counter-Plaintiffs have not relied solely on their position as "defendants in the main lawsuit." Rather, Counter-Plaintiffs separately alleged how they are damaged by Counter-Defendant's fraudulent trademark registration. Moreover, Counter-Plaintiffs' "damage" allegations are substantially identical to the allegations in *Church Girls, LLC*—which Counter-Defendant agrees sufficiently alleged damages. *See* Opposition (DE 325) at pp. 2–3 (arguing that paragraph 15 of the Complaint in *Church Girls, LLC* adequately pleaded damages).

Below is a side-by-side comparison of the allegations that Counter-Defendant argues were sufficient in *Church Girls, LLC* and the allegations set forth in the Counterclaim:

| Allegation in *Church Girls, LLC* | Counter-Plaintiffs' Allegation |
|---|---|
| "Counter-Plaintiffs have been using the tradename 'Church Girls' in commerce since May of 2014, have been performing on live music shows, recording music and selling same, and selling merchandise throughout the years bearing the trade name 'Church Girls.'" Opposition (DE 325) at p. 2. | "For more than twenty years (i.e., since its inception in 2001 through to the present), Unisource California has been using the Mark on its website, in its marketing materials, and throughout its business activities." Countercl. (DE 311) at ¶ 11. |
| "After Counter-Defendant knew of Counter-Plaintiffs' use of the tradename, and discussed same with Counter-Plaintiffs, Counter-Defendant filed the Application for the purpose of overstepping on Counter-Plaintiffs to the use of the trade name 'Church Girls.'" Opposition (DE 325) at p. 2. | "At the time Unisource Florida signed the trademark application …, Unisource Florida also knew that [Counter-Plaintiffs] had the right to use the Mark in commerce …. Unisource Florida … misrepresented that [it] was the 'owner' of the Mark when, in reality, Unisource California was the owner …. also materially represented that [it] first used the Mark 'as early as March 1, 2001' when, in reality, Unisource Florida did not use the Mark until … June 2006 (i.e., more than five years after Unisource California and Mr. Cerasale created and first began to use the Mark). … Unisource Florida, in failing to disclose these material facts to the USPTO, intended to procure a registration to which it was not entitled." Countercl. (DE 311) at ¶¶ 68–72. |

The above side-by-side comparison makes indisputably clear that Counter-Plaintiffs have properly alleged how they are damaged by Counter-Defendant's fraudulent trademark registration.

In fact, the Court in *Church Girls, LLC* held that the counter-plaintiff had sufficiently "alleged that … [it] has suffered damages" specifically "because [the counter-plaintiff] also performs under the [same] band name." 2018 WL 5923436, at *3 (S.D. Fla. Nov. 13, 2018). It cannot be disputed that Counter-Plaintiffs make the same allegations in their Counterclaim. *See* Countercl. (DE 311) at ¶¶ 11, 68–72 (alleging that Counter-Plaintiff use the same Mark in commerce and have been doing so for more than 20 years).

The only allegation that is present in the *Church Girls, LLC* complaint that is not present in Counter-Plaintiffs' Counterclaim is the following conclusory statement containing the word "damaged": "Counter-Plaintiffs are damaged by Counter-Defendant's Trademark Registration." *See* Opposition (DE 325) at pp. 2–3.

Accordingly, Counter-Defendant argued that its Third Affirmative Defense is viable because "the words damaged or injured are not present at all" in the Counterclaim and the absence of such words somehow make the Counterclaim defective. Opposition (DE 325) at p. 3 ("Unlike the defendant in *Church Girls*, Defendants did not allege they were damaged in their counterclaim—in fact, the words damaged or injured are not present at all.").

Counter-Defendant's argument lacks merit.

It is axiomatic that the absence of magic words (like "damage" or "injury") does not render a claim defective. *See, e.g.*, *Godelia v. Doe 1*, 881 F.3d 1309, 1319 (11th Cir. 2018) ("ZOLL would have us dismiss Mr. Godelia's claims because his complaint didn't expressly limit them to violations of federal regulations. But that would verge on requiring plaintiffs to invoke magic words in their complaints."); *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1054 (11th Cir. 2015)

("[W]e conclude that Diaz's failure to include the adverb *solely*—a word with no talismanic power—is not enough to preclude the inference that he pleaded a plausible violation of the False Claims Act."); *Dykstra v. Florida Foreclosure Attorneys, PLLC*, 183 F. Supp. 3d 1222, 1231 (S.D. Fla. 2016) ("[T]here is no requirement that a complaint contain the 'magic words' that the impairment 'substantially limits one or more of her life activities.' It is sufficient that the alleged facts demonstrate that Dykstra's back injury meets this standard. Accordingly, the Court denies Defendants' motion to dismiss ….").

In fact, the case law goes further. In the context of fraud-based trademark cancellation claims, the case law is clear that a counter-plaintiff's "damages" are "inherent" and "clear" solely from the counter-plaintiff's "position as defendant in the main lawsuit." *Amerikooler, LLC*, 2019 WL 2373560, at *2–3.

The Court, therefore, should strike the Third Affirmative Defense in its entirety (i.e., as to "standing" and "damages") because Counter-Plaintiffs have standing and have more than sufficiently alleged damages.

C.     **The Third Affirmative Defenses should be stricken because a "failure to state a claim" is not an affirmative defense.**

Although Counter-Defendant conceded that "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense," Counter-Defendant does not address the fact that its Third Affirmative Defense (like the Second Affirmative Defense) merely attempts to point out a defect in the Counterclaim. Opposition (DE 325) at p. 1.

As explained above, a defense that merely argues "failure to state a claim" (like the Second and Third Affirmative Defenses) "is not an affirmative defense." *Havana Docks Corp. v. Carnival Corp.*, No. 19-CV-21724, 2022 WL 831160, at *79 (S.D. Fla. Mar. 21, 2022).

For this independent reason, the Third Affirmative Defense should be stricken.

CASE NO. 20-CIV-23276-DPG

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on August 9, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST |
|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
|---|---|
| Diego David Valdes, Esq. | Jesus Sanchelima, Esq. |
| Fla. Bar No. 251010 | Florida Bar No. 231207 |
| Diego David Valdes, P.A. | Email: jesus@sanchelima.com |
| 2350 Coral Way, Suite 403B | Liany Estevez, Esq. |
| Coral Gables, Florida 33145 | Florida Bar No. 1024902 |
| Telephone: (305) 910-6602 | Email: estevez@sanchelima.com |
| Facsimile: (305) 513-5924 | Sanchelima & Associates, P.A. |
| E-mail: ddvlaw@gmail.com | 235 S.W. Le Jeune Road |
| | Miami, Florida 33134 |
| *Counsel for Plaintiff,* | Telephone: (305) 447-1617 |
| *Unisource Discovery, Inc.* | Facsimile: (305) 445-8484 |
| | |
| | *Counsel for Plaintiff,* |
| | *Unisource Discovery, Inc.* |