UNISOURCE DISCOVERY, INC.

    Plaintiff/Counter-Defendant,

        v.                        Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs,

_____ /

## PLAINTIFF'S MOTION FOR RECONSIDERATION
## OF ORDER DENYING MOTION TO STRIKE

Plaintiff, Unisource Discovery Inc. ("Plaintiff"), moves for reconsideration of order

(ECF No. 326) denying Plaintiff's Motion to Strike Defendants, Unisource Discovery LLC and

Steven A. Cerasale's ("Defendants"), First Affirmative Defense of Naked Licensing (ECF No.

313), and in support, states as follows:

### I.    INTRODUCTION

Defendants' First Affirmative Defense is for naked licensing. Plaintiff filed a motion to

strike (ECF No. 313) contending that the doctrine of licensee estoppel bars Defendants from

raising a naked licensing defense. The Court denied Plaintiff's motion to strike. ECF No. 326.

However, because the Court has manifestly misunderstood Plaintiff's assertion, Plaintiff

respectfully requests reconsideration.

### II.    STANDARD

The Eleventh Circuit has described a motion for reconsideration as falling within the

ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for

relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D.Fla.1992). There are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc*., 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999). A motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning…" *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)(quoting *Z.K. Marine Inc*., 808 F.Supp. at 1563).

### III.     ARGUMENT

In its Order, the Court stated that because Plaintiff alleged in its complaint that it provided notice to Defendants to cease use of the mark or enter into a licensing agreement, and no agreement was entered into, then "Plaintiff cannot claim that a licensing agreement existed between the parties." ECF No. 326 at 4. However, the Honorable Court has misapprehended which license Plaintiff was/is referring to; that is, the license at issue is not the license offered by Plaintiff in year 2020 and thereafter rejected by the Defendants. Rather, Plaintiff was/is referring to the license in Defendants' affirmative defense; specifically and for clarification, the license granted by Plaintiff to Defendants in 2006 that continued until 2020, *to wit*: "Plaintiff has abandoned its Mark by having provided Defendants with a naked license to use the Mark for more than a decade." ¶81 of the Answer (ECF No. 311).

Defendants' primary argument is that they have always owned the marks at issue (*i.e.,* that unlike Plaintiff contention—it was not assigned to Plaintiff), but procedurally Defendants' naked license affirmative defense is a hedge position that is contingent upon Plaintiff showing there had been an assignment that provided Plaintiff with mark ownership rights. The defense is as follows: because the Plaintiff granted a license to Defendants, and because that license was a naked license, the mark should be considered abandoned. However, as argued in Plaintiff's motion to strike, because of the doctrine of licensee estoppel, Defendants, as the licensee in the relationship alleged in this defense, cannot challenge the validity of the mark on that basis. *See Professional Golfers Ass'n of America v. Bankers Life & Cas. Co.*, 514 F.2d 665, 671, 186 U.S.P.Q. 447 (5th Cir. 1975).

In the Order, the court stated, "Plaintiff proffers no authority for equating an actual license with a naked license for purposes of applying the doctrine of licensee estoppel." ECF No. 326 at 5. Plaintiff respectfully disagrees. In *Casa Dimitri v. Invicta Watch*, cited as support in Plaintiff's original motion to strike, Casa Dimitri unsuccessfully argued that "Technomarine S.A. entered into a naked license with Casa Dimitri Corp. thereby forfeiting all rights to the Technomarine trademarks relating to the eyewear products" and "Technomarine S.A. failed to 'implement any measures to control or supervise the quality of Casa Dimitri Corp.' eyewear products.'" *Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1356 (S.D. Fla. 2017). There the Court held that Casa Dimitri was estopped by claiming that its own license was a naked license. *Id.* (citing *Westco Grp., Inc. v. K.B. & Assocs., Inc.*, 128 F.Supp.2d 1082, 1089 (N.D. Ohio 2001) ("[T]he doctrine of licensee estoppel bars a licensee from asserting a naked licensing defense" regarding its own license because "a licensee claiming that its own license is a naked license essentially seeks to benefit from its own misfeasance").

Plaintiff also cited *Creative Gifts, Inc. v. UFO*, 235 F.3d 540 (10th Cir. 2000). In *Creative Gifts*, the defendant Sherlocks was orally granted permission to use the plaintiff's mark. *Id.* at 543. The parties attempted to memorialize the oral agreement into written licensing agreement, but the negotiations failed, and plaintiff sent a letter to defendant terminating the permission to use the mark and advising defendant that continued use of the mark would violate plaintiff's rights. *Id.* The defendant in *Creative Gifts* continued to use the mark and was sued for trademark infringement where it raised the defense of naked license: "Creative's grant of authority for their use of the Levitron trademark had been a naked license: permission to use the mark without attendant." *Id.* at 538. The Court rejected the defense and held that the defendant was estopped from arguing naked license defense: "all of the conduct on which Sherlocks predicate their naked license argument…is based on Creative's alleged failure to police or control Sherlocks' use of the Levitron trademark during the life of the license. Hence Sherlocks are estopped from arguing naked licensing, and their argument fails." *Id.*

Like the defendants in *Casa Dimitri* and *Creative Gifts*, here the Defendants contend that Plaintiff has abandoned the mark at issue by providing Defendants with a naked license, but the doctrine of licensee estoppel forecloses this type of argument.

**IV.     CONCLUSION**

Based on the foregoing, Plaintiff's motion for reconsideration should be granted and its motion to strike should granted.

## **7.1 PRE-FILING CONFERENCE**

Plaintiff certifies that counsel for the moving party has conferred with counsel for the

Defendants in a good faith effort to resolve the dispute-giving rise to this motion and

Defendants oppose the relief sought in this motion.

Dated: August 12, 2022          Respectfully Submitted,

*/s/ Jesus Sanchelima*
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jesus Sanchelima*
Jesus Sanchelima, Esq.

**SERVICE LIST**

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al**
**Case No. 1:20-cv-23276-DPG**
**United States District Court, Southern District of Florida**

Juan Carlos Zorrilla
Fowler White Burnett
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Fax: 305-728-7561
Email: jzorrilla@fowler-white.com
*Attorneys for Defendants*

Victor Mariano Velarde
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9229
Fax: (305) 728-7529
Email: vvelarde@fowler-white.com
*Attorneys for Defendants*