**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-23276-CIV-GAYLES/OTAZO-REYES**

UNISOURCE DISCOVERY, INC.,

      Plaintiff/Counter-Defendant,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants/Counter-Plaintiffs.

_____ /

<u>**ORDER DENYING MOTION TO STRIKE**</u>
<u>**PLAINTIFF'S SECOND AND THIRD AFFIRMATIVE DEFENSES**</u>

THIS CAUSE came before the Court upon Defendants/Counter-Plaintiffs Unisource Discovery, LLC and Steven Cerasale's ("Defendants") Motion to Strike Plaintiff/Counter-Defendant Unisource Discovery, Inc.'s ("Plaintiff") Second and Third Affirmative Defenses (hereafter, "Motion to Strike") [D.E. 324].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 20].  For the reasons stated below, Defendants' Motion to Strike is DENIED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff commenced this action against Defendants on August 6, 2020.  <u>See</u> Complaint for Damages and Injunctive Relief (hereafter, "Complaint") [D.E. 1].  In its Complaint, Plaintiff asserts claims against Defendants under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for allegedly infringing on the following United States Federal Trademark (hereafter, the "Mark"):

1

Id.

On June 1, 2022, Plaintiff filed its First Amended Complaint [D.E. 310].  On June 14, 2022, Defendants filed their Answer and Affirmative Defenses to Amended Complaint and Counterclaim (hereafter, "Defendants' Counterclaim") [D.E. 311].  On June 28, 2022, Plaintiff filed its Answer to Defendants' Counterclaim (hereafter, "Plaintiff's Answer") [D.E. 318].

Plaintiff's Answer includes a Second and Third Affirmative Defense to Defendants' Counterclaim, which read as follows:

**Second Affirmative Defense:**
**Prayer for Relief – Failure to State a Claim and/or Immaterial**

Defendants' prayer for relief should be (in part) dismissed under Rule 12(b)(6) for failure to state a claim or, in the alternative, stricken under Rule 12(f) as immaterial. Defendant seeks an order: "Declaring that Unisource Discovery, LLC and Steven Cerasale have not infringed on any service mark or trademark rights owned or allegedly owned by Unisource Discovery, Inc" and "Declaring that Unisource Discovery, LLC is the owner of the Mark." However, Defendants have not brought a declaratory judgment action but brought only a counterclaim for cancellation of registration based on fraud on the USPTO, which does not entitle them to such relief.

Even if a defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, a plaintiff's common law rights in the mark continue unabated and are sufficient to require an injunction against an infringing defendant. *Commodores Entertainment Corporation v. McClary,* 879 F.3d 1114, 1140, 125 U.S.P.Q.2d 1302 (11th Cir. 2018) (Fraud on the U.S.P.T.O. in obtaining a registration has "no impact on whether [plaintiff] owns common-law trademark rights to the marks. [Plaintiff] has common-law ownership of the marks independent of any federal registration."). As the Seventh Circuit noted, citing the *McCarthy* treatise: "All a finding of fraud does is knock out the mark's 'incontestable' status, and its registration, under [35 U.S.C.A] § 1115(b)(1). It does not affect the mark's validity, because a trademark need not be registered to be enforceable." *Specialized Seating, Inc. v. Greenwich Industries*, LP, 616 F.3d 722, 728, 96 U.S.P.Q.2d 1580 (7th Cir. 2010); *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 293 F. Supp. 3d 1334, 1375 (M.D. Fla. 2017) (denying all claim for relief with the exception of cancelling registration since common law rights not extinguished by fraud on the PTO)[.]

2

**Third Affirmative Defense:**
**Fraud Counterclaim – Failure to State a Claim under 12(b)(6)**

Defendants have failed to state a claim for fraud on U.S. Patent and Trademark Office because they have not pled sufficient facts as to standing or damages.

To have standing to bring a claim under the Lanham Act, a plaintiff must have both constitutional and statutory standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377, 1387-88, (2014). The Lanham Act provides that "Any person who believes that he would be damaged by the registration of a mark" on the Principal Register may file a cancellation. 15 U.S.C. §1064 (emphasis added). The Supreme Court in *Lexmark* held that for any plaintiff to have standing to invoke a federal statute, it must: (1) be within the "zone of interest" protected by the statute; and (2) show "proximate causation" between plaintiff's alleged injury and the alleged statutory violation. Here, Defendants lack standing because they have not pled injury to a legally protected interest. Defendants have not plead economic injury or an injury to business reputation proximately caused by Plaintiff registration allegedly fraudulent representations nor have Defendants pled that they filed an application to register the involved mark on or before the date they filed their counterclaim, or that a particular application has been rejected by the Patent and Trademark Office under Section 2(d) of the Trademark Act. Because the Counterclaims are devoid of facts supporting injury to a protected interest, Defendants have not sufficiently pled standing.

Fraud on the USPTO requires that the following elements be alleged and eventually proven: (1) The challenged statement was a false representation regarding a material fact; (2) the person making the representation knew that the representation was false ("scienter"); (3) an intent to deceive the USPTO; (4) reasonable reliance on the misrepresentation; (5) damage proximately resulting from such reliance. *Church Girls, LLC v. Rodgers,* No. 2:18-CV-14232, 2018 WL 5923436, at *2 (S.D. Fla. Nov. 13, 2018). As with standing, Defendants have failed to plead damages as an element for fraud. Defendants' counterclaims are devoid of any facts indicating how they have suffered damages as a result of the USPTO reasonable reliance or Plaintiff's registration.

See Plaintiff's Answer [D.E. 318 at 8-10].  On July 19, 2022, Defendants moved to strike Plaintiff's Second and Third Affirmative Defenses.  See Motion to Strike [D.E. 324].

Defendants argue that the Second and Third Affirmative Defenses should be stricken because they are mere denials and thus, are not proper affirmative defenses.  See id. at 1–2. Defendants also argue that the Third Affirmative Defense should be stricken because: Defendants' standing to bring a counterclaim against Plaintiff is inherent from their position as defendants in

3

the original proceeding brought by Plaintiff; and Defendants have sufficiently alleged damages in their Counterclaim.  See id. at 2–3.

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure (hereafter, "Rule 12(f)") provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" upon its own accord or on motion made by a party. See Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters."  Blake v. Batmasian, 318 F.R.D. 698, 700 (S.D. Fla. 2017).  "Granting a motion to strike is a drastic remedy and is disfavored by the courts."  Id. (citing Nash v. O.R. Colan Grp., LLC, No. 12-60759-CIV, 2012 WL 4338817, *1 (S.D. Fla. Sept. 20, 2012)).  A motion to strike will therefore only be granted "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues or otherwise prejudice a party."  Id. (citing 2 James W. Moore *et al.*, Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)).

## DISCUSSION

### A.  The Second Affirmative Defense

Plaintiff concedes that its Second Affirmative Defense alleging failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (hereafter, "Rule 12(b)(6)") is not a proper affirmative defense but is instead a denial.  See Plaintiff's Response in Opposition to Defendants' Motion to Strike Plaintiff's Affirmative Defenses (hereafter, "Response") [D.E. 325 at 1–2]. However, Plaintiff argues that the Second Affirmative Defense should not be stricken but should instead be treated as a denial because the "mislabeling of an affirmative defense does not warrant striking it as improper".  Id. at 1.  Defendants reply that should the Court deny their request to

4

strike Plaintiff's Second Affirmative Defense, the Court should alternatively treat it as a specific denial. See Reply to Opposition Motion to Strike Counter-Defendant's Second and Third Affirmative Defenses (hereafter, "Reply") [D.E. 327 at 1].

"An assertion that a pleading fails to state a claim is not a valid affirmative defense." Birren v. Royal Caribbean Cruises, Ltd., 336 F.R.D. 688, 697 (S.D. Fla. 2020). "However, when a party incorrectly labels a 'negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the claim, but rather to treat i[t] as a specific denial.'" Zeron v. C & C Drywall Corp., Inc., No. 09-60861-CIV, 2009 WL 2461771, *2 (S.D. Fla. Aug. 10, 2009) (internal citations omitted); Birren, 336 F.R.D. at 697 (denying motion to strike affirmative defense of failure to state a cause of action and treating it as a specifical denial). Accordingly, the Court denies Defendants' Motion to Strike as to Plaintiff's Second Affirmative Defense and will deem it to be a specific denial.

### B. The Third Affirmative Defense

In its Third Affirmative Defense, Plaintiff alleges that Defendants failed to state a claim under Rule 12(b)(6) for fraud on the U.S. Patent and Trademark Office "because they have not pled sufficient facts as to standing and damages." See Plaintiff's Answer [D.E. 318 at 9–10]. Although both parties discuss the merits of whether Defendants have standing and sufficiently pled damages, the Court finds such analysis unnecessary given that this defense is predicated on Defendants' purported failure to state a claim and is therefore, not an affirmative defense but a specific denial. See Birren, 336 F.R.D. at 697. Moreover, as with the Second Affirmative Defense, Defendants acknowledge that should the Court deny their request to strike Plaintiff's Third Affirmative Defense, the Court should alternatively treat it as a specific denial. See Motion to Strike [D.E. 342 at 2]. Accordingly, the Court denies Defendants' Motion to Strike as to Plaintiff's

Third Affirmative Defense and will deem it to be a specific denial.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Defendants' Motion to Strike [D.E. 324] is DENIED

and Plaintiff's Second and Third Affirmative Defenses to Defendants' Counterclaim shall be

treated as specific denials.

DONE AND ORDERED in Chambers at Miami, Florida this 16 day of August, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Darrin P. Gayles
Counsel of Record

6