**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE   DISCOVERY,   LLC,   and
STEVEN A. CERASALE,

      Defendants.

_____

**OPPOSITION TO MOTION FOR RECONSIDERATION**
**OF ORDER DENYING MOTION TO STRIKE**

Defendants hereby file their Opposition to Plaintiff's Motion for Reconsideration of Order

Denying Motion to Strike First Affirmative Defense (DE 328).

     1.      The Court has not "manifestly misunderstood" Plaintiff's argument.

     2.      The Court correctly summarized in its Order (DE 326) that "Plaintiff argues that

the doctrine of licensee estoppel bars Defendants' affirmative defense of naked license because

Defendants are the licensees of Plaintiff." Order (DE 326) at p. 2.

     3.      And the Court correctly ruled that "Plaintiff cannot establish the first element of

licensee estoppel" because Defendants were not licensees of Plaintiff. *Id.* at p. 4.

     4.      Because Plaintiff cannot argue that the Court misunderstood, Plaintiff instead

argues that it "respectfully disagrees" with the Court's finding that "Plaintiff proffer[ed] no

authority for equating an actual license with a naked license for purposes of applying the doctrine

of license estoppel." Motion (DE 328) at p. 3.

     5.      Plaintiff then refers to two cases—i.e., (1) *Casa Dimitri Corp. v. Invicta Watch Co.*

*of Am., Inc.*; and (2) *Creative Gifts, Inc. v. UFO.*

     6.      Neither case supports Plaintiff's position.

7.     The court in *Casa Dimitri* was exceedingly clear: "Technomarine, S.A. licensed the use of those trademarks to Casa Dimitri … through a License Agreement." *Casa Dimitri Corp.*, 270 F. Supp. 3d at 1345.

8.     Because the party in *Casa Dimitri* was a licensee, the court rejected the "argu[ment] that 'Technomarine S.A. entered into a naked license with Casa Dimitri.'" *Id.* at 1357.

9.     The court in *Creative Gifts* was equally clear: "[the defendants] requested [the plaintiff's] permission to use [the] trademark … That request resulted in an oral agreement." *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 542 (10th Cir. 2000).

10.     Because the defendants in *Creative Gifts* had a licensing agreement and "were licensed to use the mark," they were "estopped from arguing naked licensing." *Id.* at 548.

11.     In stark contrast to *Casa Dimitri* and *Creative Gifts*, Defendants here do not allege that they ever entered into any agreement to be licensees of Plaintiff.

12.     Rather, Defendants dispute that they ever were licensees of Plaintiff. *See* Answer (DE 311) at ¶ 11.

13.     Strangely, Plaintiff contends that Defendants' "defense is … [that] the Plaintiff granted a license to Defendants." Motion (DE 328) at p. 3.

14.     Of course, Plaintiff cites ***nothing*** to support its contention that Defendants alleged that "the Plaintiff granted a license to Defendants."

15.     Although it is outside the scope of Plaintiff's Motion, the record evidence also establishes that Plaintiff conceded that it did not have a licensing agreement with Defendants.[1]

16.     To be clear, Plaintiff's argument is circular.

17.     Plaintiff argues that because Defendants alleged that Plaintiff gave a naked license, Defendants somehow also necessarily alleged that they are "licensees" and are thereby estopped from arguing naked license.

18.     Under Plaintiff's logic, the "naked license" defense would never be viable.

19.     Under Plaintiff's logic, every time a defendant alleges a "naked license," the defendant thereby necessarily also alleged a "license" and, therefore, the defendant is necessarily a "licensee" and estopped from claiming "naked license."

20.     For self evident reasons, Plaintiff's argument is meritless.

For the reasons set forth above, Defendants, Unisource Discovery, LLC and Steven Cerasale, respectfully request the Court to deny Plaintiff's Motion for Reconsideration.

---

[1] Plaintiff testified at its deposition that it did not have a licensing agreement with Defendants. *See* Pl. Dep. (DE 203-1) at 212:6–8 ("We never felt the need – the company never felt the need to have a license agreement during that time," i.e., during the time before Plaintiff's February 2020 cease and desist letter).

Plaintiff also testified at the December 9, 2021 evidentiary hearing that "[w]e didn't ask for a licensing agreement in 2009. In 2010, … we didn't ask for a licensing agreement at that time," and "[t]here was no agreement … there was no licensing agreement. … [W]e were already a Florida registered corporation under Unisource Discovery, Inc. name. It had nothing to do from this other business, Steven Cerasale's other business, in California." Hr. Tr., Dec. 9, 2021 (DE 272) 30:2–11, 31:20–25.

Plaintiff's own counsel asked Plaintiff at the December 9, 2021 hearing whether "there [are] any other agreements that were entered into between [Plaintiff] and Mr. Cerasale," to which Plaintiff answered, "No. The only agreement between 2006 and 2010 was that operating agreement … and that agreement became null and void in June 28, 2010 … Any type of agreements, all of them became null and void at that time." *Id.* at 36:9–19.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

*Counsel for Defendants*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on August 26, 2022, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| **SERVICE LIST** |
| --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |

| | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | Jesus Sanchelima, Esq.<br>Florida Bar No. 231207<br>Email: jesus@sanchelima.com<br>Liany Estevez, Esq.<br>Florida Bar No. 1024902<br>Email: estevez@sanchelima.com<br>Sanchelima & Associates, P.A.<br>235 S.W. Le Jeune Road<br>Miami, Florida 33134<br>Telephone: (305) 447-1617<br>Facsimile: (305) 445-8484<br><br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* |