UNISOURCE DISCOVERY, INC.

Plaintiff/Counter-Defendant,

v.                                                      Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
and STEVEN A. CERASALE,

        Defendants/Counter-Plaintiffs,

_____ /

### PLAINTIFF'S REPLY TO DEFENDANTS' REPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, Unisource Discovery Inc. ("Plaintiff"), submits its Reply to Defendants',

Unisource Discovery LLC ("Defendant Unisource") and Steven A. Cerasale (collectively,

"Defendants"), Response (ECF No. 330) to Plaintiff's Motion for Reconsideration of Order

Denying Plaintiff's Motion to Strike Defendants' First Affirmative Defense of Naked Licensing,

and in support, states as follows:

### I.     ARGUMENT

Defendants' affirmative defense of naked license is that the Plaintiff did not control the

quality and specifications of the "license" and thus abandoned its mark. The pertinent question

is what license are Defendants referring to?

The first sentence of Defendants' affirmative defense admits (at least for the purposes of

the naked license affirmative defense) the following: "As their First Affirmative Defense,

Defendants state that Plaintiff has abandoned its Mark by having provided Defendants with a

naked license to use the Mark for more than a decade." The first affirmative defense can only be

interpreted by Plaintiff extending a license to Defendants. Who else would Defendants be referring to? For the purposes of the affirmative defense at least, if there is an admission that the use of the Mark was made under a license (naked or not), the Defendants are barred from challenging the validity of the Mark under doctrine of licensee estoppel.

1.      **Doctrine of licensee estoppel forecloses only licensees challenging the mark**

Confusingly, Defendants contend that "Under Plaintiff's logic, the 'naked license' defense would never be viable….[u]nder Plaintiff's logic, every time a defendant alleges a 'naked license,' the defendant thereby necessarily also alleged a 'license' and, therefore, the defendant is necessarily a 'licensee' and estopped from claiming 'naked license.'" ¶18-19 of Response. This is plainly incorrect and is a mischaracterization of Plaintiff's argument and the doctrine of licensee estoppel.

A naked license is a license, but whether licensee estoppel applies and whether the license is valid depends on who the license was with. The licensee estoppel rule precludes only licensees from a challenge: other parties are not foreclosed. *See Papercraft Corp. v. Gibson Greeting Cards, Inc.*, 515 F. Supp. 727, 728, 212 U.S.P.Q. 599 (S.D. N.Y. 1981) (Parent corporation not estopped from challenging mark which another has licensed to wholly owned subsidiary which is separate and independent of parent); *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.,* 908 F.3d 313, 321, 128 U.S.P.Q.2d 1575 (8th Cir. 2018) ("Licensee estoppel precludes only licensees of a mark from contesting it; 'other parties, even those closely affiliated with the licensee, are not foreclosed….'). There are many cases where the naked license defense has successfully been applied—but these are cases where the license is not between the plaintiff and defendant, but rather the license was with third parties. *See e.g. Patsy's Italian Rest., Inc. v. Banas,* 658 F.3d 254, 265 (2d Cir. 2011)(Patsy's Italian Restaurant

successfully raised defense of naked license against I.O.B. Reality where I.O.B. granted a license without quality control to Al & Anthony's Patsy's, resulting in partial mark abandonment); *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 369 (2d Cir. 1959)(Hart Food Stores successfully raised defense of naked license against Dawn Donut where it granted licenses without quality control to numerous bakers, resulting in partial abandonment); *First Interstate Bancorp v. Stenquist*, No. C-89-4106 MHP, 1990 WL 300321, at *4 (N.D. Cal. July 13, 1990)(First Interstate Bancorp successfully raised defense of naked license against William Stenquist where Stenquist granted a license without quality control to real estate broker Jon D. Carson, resulting in abandonment); *Robinson Co. v. Plastics Rsch. & Dev. Corp.*, 264 F. Supp. 852, 859 (W.D. Ark. 1967)(Plastics Research successfully raised defense of naked license against Robinson where Robinson granted a license without quality control to Rebel Manufacturing Company, resulting in abandonment).

And even then, in many cases a naked license (again with third parties) has resulted only in partial abandonment. *See e.g. Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 124, 179 U.S.P.Q. 577, 17 Fed. R. Serv. 2d 1435 (5th Cir. 1973) ("[W]e deem it consistent with general principles of trademark law to hold that a user may abandon a trademark in certain states without abandoning it in others."); *F. Prichard Co. v. Consumers Brewing Co.*, 136 F.2d 512, 522, 58 U.S.P.Q. 362 (C.C.A. 6th Cir. 1943) (abandonment only of rights in geographic area where uncontrolled licensing); *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 765, 73 U.S.P.Q.2d 1561, 2005 Fed App. 0021P (6th Cir. 2005) ("[T]here is considerable support for the concept that rights in a mark may be abandoned in certain geographic areas but not others (i.e., 'partial geographic abandonment.'" Possible abandonment in territories other than that where the accused use is made is irrelevant.)); *Patsy's Italian Restaurant, Inc. v. Banas*, 658 F.3d 254, 264–

265, 100 U.S.P.Q.2d 1001 (2d Cir. 2011) ("For example, if a restaurant operates in both New York and California, but engages in naked licensing only in California, the restaurant's registered mark may lose its significance in California while retaining its significance in New York. Thus, naked licensing will lead to an abandonment of a mark only where the mark loses its significance.").

> **2.** **Trademark licenses need not be written, and licensee estoppel still applies.**

A trademark license may be express or implied, oral or written. And the absence of a written agreement is not conclusive of naked licensing or that a mark has become abandoned. *See Barcamerica Intern. USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 596 (9th Cir. 2002); *Nestle Co. v. Nash-Finch Co.*, 4 U.S.P.Q.2d 1085 (T.T.A.B. 1987) (sufficient actual quality control was found in licensing of food mark to delicatessens, even though there was no written license). Even if formal quality control is not present, where the particular circumstances of the arrangement indicate that the public will not be deceived, then an oral agreement may constitute a valid license. *Barcamerica Intern*, 289 F.3d at 596. In cases where no formal agreement between the license parties exists, courts have held that close working relationships can be adequate to establish a valid license. *Id.* at 598. For example, in *Taffy Original Designs, Inc. v. Taffy's Inc.*, 161 U.S.P.Q. 707, 713 (N.D. Ill.1966), the court found no abandonment existed where the licensor and licensee were sisters in business together for seventeen years, licensee's business was a continuation of the licensor's and licensee's prior business, licensor visited licensee's store from time to time and was satisfied with the quality of the merchandise offered. *See also Arner v. Sharper Image Corp.*, 39 U.S.P.Q.2d 1282 (licensor engaged in a close working relationship with licensee's employees and license agreement provided that license would terminate if certain employees ceased to be affiliated with licensee). Here, Defendant

Cerasale is—and has been since incorporation—a shareholder of Plaintiff and owns a controlling interest in Defendant Unisource. ECF No. 320, Uncontested Fact ¶¶ 2, 10-12. A close business relationship should be readily evident between the parties by common ownership.

Licensee estoppel may arise from an oral license of the mark. *See Council of Better Business Bureaus, Inc v. Better Business Bureau of South Florida, Inc.*, 200 U.S.P.Q. 282, 1978 WL 21729 (S.D. Fla. 1978) (Basis for challenge to mark as being generic or descriptive arose prior to termination of oral license: ex-licensee was estopped from challenging validity. "Defendant, having used the Better Business Bureau name under license for twenty-five years, cannot now be heard to question the validity of this Mark …."). And licensee estoppel may also be effective even if the license itself is implied from the conduct of the parties. *L.F.P.IP., Inc. v. Hustler Cincinnati, Inc.*, 103 U.S.P.Q.2d 1393, 2011 WL 5024356 (S.D. Ohio 2011), *aff'd*, 533 Fed. Appx. 615 (6th Cir. 2013) (Implying from conduct a license with adequate quality control between two brothers and finding that the licensee brother was estopped from challenging ownership of the mark.)

## II.     CONCLUSION

For the foregoing reasons and the arguments raised in Plaintiff's motion, Plaintiff respectfully requests that this Court reconsider the Order denying Plaintiff's Motion to Strike the naked license affirmative defense from Defendants' Amended Affirmative Defenses (ECF No. 311).

Dated: September 2, 2022                    Respectfully Submitted,

/s/ Jesus Sanchelima
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jesus Sanchelima

Jesus Sanchelima, Esq.

**SERVICE LIST**

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al**
**Case No. 1:20-cv-23276-DPG**
**United States District Court, Southern District of Florida**

Juan Carlos Zorrilla
Fowler White Burnett
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9200
Fax: 305-728-7561
Email: jzorrilla@fowler-white.com
*Attorneys for Defendants*

Victor Mariano Velarde
Fowler White Burnett, P.A.
Brickell Arch
1395 Brickell Avenue
14th Floor
Miami, FL 33131
Telephone: 305-789-9229
Fax: (305) 728-7529
Email: vvelarde@fowler-white.com
*Attorneys for Defendants*