**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNISOURCE DISCOVERY, INC.

    Plaintiff/Counter-Defendant,

       v.                      Case No.: 20-23276-CIV-DPG

UNISOURCE DISCOVERY, LLC,
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs,
_____ /

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DOCUMENTS AND TESTIMONY

Plaintiff/Counter-Defendant, Unisource Discovery, Inc. ("Plaintiff" or "Uni-FL") moves to exclude documents and testimony that may be introduced by Defendants/Counter-Plaintiffs, Unisource Discovery, LLC ("Uni-CA") and Steven A. Cerasale ("Cerasale")(collectively, "Defendants"), relating to the ongoing state litigation between the parties in this case and a non-party.

### I.    INTRODUCTION

This case concerns the ownership and use of the UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL mark (the "Mark"). Plaintiff has brought claims of mark infringement, counterfeiting, and unfair competition against Defendants. And Defendants have counterclaimed seeking cancellation of the Plaintiff's registration (U.S. Reg. No. 3634516) for the Mark based on fraud on the U.S. Patent and Trademark Office.

Defendants seek to introduce documents and testimony relating to an unrelated state proceeding between the parties. Plaintiff seeks to exclude any references to said state litigation. Defendant Cerasale and Alfred Lutter filed on November 28, 2022, a complaint in state court,

the 11th Judicial Circuit in Miami-Dade County, against Unisource Discovery Inc. and Noel

Mijares pursuant to Fla. Stat. §607.1607 (the "State Litigation") for an inspection and copying

of corporate records (ledger, payroll, profit/loss, taxes etc) that the allege have been withheld

from them. In their Answer, Defendants claim that "after Mr. Cerasale filed a lawsuit against

Plaintiff …Plaintiff retaliated with a null and void "demand" dated February 21, 2020,

ostensibly "revoking" the right to use the "Mark." ¶ 13 of Answer (ECF No. 311).

Plaintiff seeks to exclude the following exhibits listed in Defendants' Exhibit List (ECF

No. 343):

- Exhibit 15 (ECF No. 343-15): "Request for Documents Pursuant to Fla. Stat. § 607.1602 and 607.1603 to Plaintiff" – this is the alleged request for corporate documents that Cerasale made on Unisource Discovery Inc.

- Exhibit 16 (ECF No. 343-16): "Complaint Pursuant to Fla. Stat. § 607.1604" – this is the Complaint filed by Cerasale in the State Litigation

- Exhibit 18 (ECF No. 343-18): "Email to Plaintiff's counsel regarding Order denying motion to dismiss state court Complaint for Documents"

Plaintiff additionally seeks to exclude any testimony relating to the State Litigation on

the same basis as the above documents: it is irrelevant, likely to confuse the jury, and will cause

unfair prejudice on Plaintiff.

## II.     ARGUMENT

Based on Defendants' pleadings and chosen exhibits, Defendants intend to use the State

Litigation as evidence that the present case filed by Plaintiff was filed in retaliation for

Defendants' filing of the State Litigation. However, the State Litigation has no bearing

whatsoever on the present litigation between the parties.  And any reference to the State

Litigation would be both confusing to the jury and extremely prejudicial to Plaintiff.

Under the Federal Rules of Evidence, evidence is not admissible unless it is relevant, and evidence can only be relevant if it has a tendency to make a fact that is of consequence in determining the action more or less probable. Fed. R. Evid. 401, 402. And, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

First, there is well settled case law that "evidence of other lawsuits is not normally ... permitted" in jury trials. *See e.g. Affiliati Network, Inc. v. Wanamaker*, 1:16-CV-24097-UU, 2017 WL 8784853, at *5 (S.D. Fla. Aug. 23, 2017); *Rushing v. Wells Fargo Bank, N.A.*, No. 8:10-cv-1572-T-24-AEP, 2012 WL 3155790, at *1 (M.D. Fla. Aug. 3, 2012) ("[E]vidence of other lawsuits is not normally relevant and not permitted"); *Energy Smart Industry, LLC v. Morning View Hotels-Beverly Hills, LLC*, No. 14-cv-23284-UU, 2015 WL 11233085, at *1 (S.D. Fla. June 4, 2015) ("[E]vidence of other lawsuits is not normally relevant and not permitted.... the Court grants the motion to the extent that the Court prohibits any references to other lawsuits for non-impeachment purposes."); *Ward v. Estaleiro Itajai S/A*, No. 05-61821-CIV, 2008 WL 1749475, at *2 (S.D. Fla. Apr. 10, 2008) ("To the extent Plaintiff seeks to exclude evidence of prior litigation, ... her Motion In Limine ... is hereby GRANTED[.]"). The same is true for courts of other states. *See e.g. Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 952 (E.D. Cal. 2013) (excluding reference to other litigations involving even the ***same*** subject matter); *CIVIX-DDI v. Hotels.com*, No. 05 C 6869, 2012 WL 6591684 (N. D. Ill. Dec. 18, 2012) (excluding evidence of a wholly separate litigation on one of the same patent claims, in part because there were different accused products); *Hypertherm, Inc. v. Am. Torch Tip Co.*,

No. 05- cv-373, 2009 WL 435324 (D.N.H. Feb. 19, 2009) (precluding evidence of prior litigation between the parties, including a willfulness finding).

Second, any documents or testimony relating to the State Litigation are irrelevant. In this case, it is Plaintiff's position that the Mark was assigned to Plaintiff in 2006 and that it rightfully owns a federal registration for said Mark which was filed on October 16, 2008. The relevant time period are thus 2006 and 2008. Defendant contends through its Counterclaim that this registration was fraudulently procured—thus likewise what matters is Plaintiff's state of mind at the time of filing the mark application in 2008—whether there was an intent to deceive the USPTO. *See In re Bose Corp.*, 580 F.3d 1240, 1246 (Fed. Cir. 2009)(finding there was no fraud where party testified under oath that he believed his statement was true at the time he signed the renewal application and challenger did not provide sufficient evidence to support an inference of deceptive intent); *Sovereign Military Hospitaller Order v. Florida Priory of Knights Hospitallers*, 702 F.3d 1279, 1289, 105 U.S.P.Q.2d 1001 (11th Cir. 2012) ("An applicant commits fraud when he 'knowingly makes false, material representations of fact in connection with an application for a registered mark.' …. Fraud further requires a purpose or intent to deceive the PTO in the application for the mark." No fraud found where the declarant subjectively could justifiably believe the applicant had a superior right to use the mark.) The State Litigation involves a request by shareholders for corporate documents from 2015 to the present, such documents have no bearing on the ownership of the Mark or fraud that allegedly occurred many years earlier. Plaintiff's intent and whether it is retaliatory a decade later when the State Litigation was filed, or even later in 2020 when the present case was filed, is irrelevant and speculative as to Plaintiff's motivation for bringing this lawsuit.

Third, even assuming the State Litigation is relevant, given the differences between the cases, any document or testimony regarding the case is highly likely to confuse the jury. For that reason alone, this evidence should be excluded under Fed. R. Evid. 403. *Hill*, 944 F. Supp. 2d at 952 ("assuming arguendo" that evidence about the same subject matter from other litigations was relevant, it would be confusing). The exhibits that Defendants seek to introduce and the State Litigation in general involves demands for ledgers, payroll records, balance sheets, tax forms, and other corporate documents "during the period from January 1, 2015 to the present"; such references would only distract the jury from the merits of the present case and may cause them to be misled into believing any of the requested records relate to the present case or confuse figures for the purposes of calculation of profits or damages.

Lastly, the probative value of State Litigation is substantially outweighed by its prejudicial effect on Plaintiff. Such evidence would serve as an attack on Plaintiff's reputation and create an aura of wrongdoing that may unfairly persuade the jury to rule against it.

**III. CONCLUSION**

Based on the foregoing, Plaintiff's motion in limine should be granted and any documents or testimony relating the State Litigation between the parties should be excluded.

**PRE-FILING CONFERENCE**

Plaintiff certifies that counsel for the moving party has conferred with counsel for the Defendants in a good faith effort to resolve the dispute-giving rise to this Motion and Defendants oppose this Motion.

Dated: December 2, 2022   Respectfully Submitted,

/s/ *Jesus Sanchelima*
Jesus Sanchelima, Esq.
Florida Bar No. 231207
Email: jesus@sanchelima.com
Liany Estevez, Esq.
Florida Bar No. 1024902
Email: estevez@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiff*

Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
Diego David Valdes, P.A.
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jesus Sanchelima*
Jesus Sanchelima, Esq.

**SERVICE LIST**

**Unisource Discovery, Inc. v. Unisource Discovery, LLC et al**
**Case No. 1:20-cv-23276-DPG**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Juan Carlos Zorrilla | Victor Mariano Velarde |
| Fowler White Burnett | Fowler White Burnett, P.A. |
| 1395 Brickell Avenue | Brickell Arch |
| 14th Floor | 1395 Brickell Avenue |
| Miami, FL 33131 | 14th Floor |
| Telephone: 305-789-9200 | Miami, FL 33131 |
| Fax: 305-728-7561 | Telephone: 305-789-9229 |
| Email: jzorrilla@fowler-white.com | Fax: (305) 728-7529 |
| *Attorneys for Defendants* | Email: vvelarde@fowler-white.com |
| ***Via ECF*** | *Attorneys for Defendants* |
| | ***Via ECF*** |