UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23276-DPG

UNISOURCE DISCOVERY, INC.,

     Plaintiff/Counter-Defendant,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

     Defendants/Counter-Plaintiffs.

_____/

## JURY INSTRUCTIONS

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called

deliberations.

## Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

1. From June 28, 2010 to the present, Cerasale owns 40% of the shares of Unisource Discovery Inc.

2. On March 4, 2009, the United States Patent and Trademark Office sent to Plaintiff a Notice of Publication Under 12(a) stating that the Application will be published in the Official Gazette on March 4, 2009 for the purpose of opposition by anyone who believes he will be damaged by the registration of the Mark within 30 days from said publication.

3. At all relevant times, Plaintiff has known of Defendant Unisource Discovery LLC's use of the subject Mark in commerce continuously from April 2001 to the present.

4. From June 2006 until about September 16, 2019, Plaintiff and Defendant Unisource Discovery LLC used the same website address (domain name) for their businesses (i.e., unisourcediscovery.com).

5. On or around September 16, 2019, Plaintiff created a new website for Plaintiff (i.e., www.unisourcediscovery.net).

2

6.  As of the date Plaintiff filed the service mark registration application (October 15, 2008), Defendant Unisource Discovery LLC was using the subject Mark in commerce and Plaintiff knew about Defendants' use.

7.  The Mark that Defendant Unisource Discovery, LLC has used in commerce since April 2001 is the same / identical Mark that Plaintiff registered on June 9, 2009.

8.  Defendants' use of the Mark, the name "Unisource Discovery Digital Document Retrieval," and/or the website (www.unisourcediscovery.com) before February 21, 2020 did not constitute infringement, did not constitute deceptive or unfair trade practice, did not constitute unfair competition, and was not otherwise actionable.

9.  All of Plaintiff's claims arise from and relate only to actions or omissions that took place after February 21, 2020.

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence**

In this case it is the responsibility of the party bringing any claim to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

## Responsibility for Proof – Affirmative Defense
## Preponderance of the Evidence

In this case, the Defendants assert the affirmative defenses of naked license, prior use of the trademark, and estoppel. Even if the Plaintiff proves its claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

Defendants also assert the affirmative defenses of fraud and unclean hands. For these affirmative defenses, Defendants can prevail in this case if they prove fraud or unclean hands by clear and convincing evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence for naked license, prior use of the service mark, and estoppel. And for fraud and unclean hands by clear and convincing evidence.

9

## Burden of Proof – Clear and Convincing Evidence

The burden of proving a claim or defense by clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Counterclaims for Cancellation of a Federal Trademark Registration

You must consider Defendants' claim that Plaintiff's registration is invalid because Plaintiff misrepresented material facts in its service mark application.

If Plaintiff's registration was obtained from, or has been maintained in, the U.S. Patent and Trademark Office through a false or fraudulent filing, the registration may be cancelled. To succeed on this ground for cancellation, Defendants must prove by clear and convincing evidence that:

(1) Plaintiff knowingly made a false representation of a material fact to the U.S. Patent and Trademark Office;

(2) The false representation was made with an intent to deceive; and

(3) The false representation was material in the sense that the U.S. Patent and Trademark Office would not have issued or maintained Plaintiff's registration in the absence of the false representation.

Because direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence. A party's fraudulent intent must often be inferred from the circumstances and related statement made.

Purposefully and knowingly failing to disclose other users' superior rights to use the same or similar marks may qualify as a material omission justifying cancellation of a trademark.

The intent that Defendants need to show is subjective intent. In determining whether a statement is fraudulent, courts must focus on the "declarant's subjective,

honestly held, good faith belief" that the material misrepresentation was false and intended to deceive the United States Patent and Trademark Office.

Also, you must apply a different burden of proof. With Plaintiff's service mark infringement claims and with Defendants affirmative defenses, the burden of proof is "preponderance of the evidence." However, for cancelation of the service mark registration claim based on fraud, the Defendants' burden of proof is "clear and convincing evidence." This is a higher standard of proof than preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain.

**Plaintiff's Count I for Registered Mark Infringement**

If Defendants are not successful in their petition for the cancelation of the registration of Plaintiff's service mark, Plaintiff is entitled to the presumptions of ownership of the service mark and validity of the service mark. A presumption is a legal inference or assumption that a fact exists. A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.

Plaintiff claims that Defendants have infringed its registered service mark. To prove this claim, Plaintiff must prove the following facts by a preponderance of the evidence:

1: Plaintiff owns a service mark that is entitled to protection; and

2: Defendants are using a service mark that infringes upon Plaintiff's service mark.

If Defendants are not successful in their petition for the cancelation of the registration of Plaintiff's service mark, you must presume (accept as a fact) that Plaintiff owns the mark it seeks to protect in this action (namely: UNISOURCE DISCOVERY DIGITAL DOCUMENT RETRIEVAL and logo) and that Plaintiff's registered mark is valid. It is Defendants' burden to prove that Plaintiff does not have the ownership right to claim infringement against Defendants or that Plaintiff's service mark is not valid.

Because Plaintiff's service mark is covered by a federal registration, Plaintiff enjoys what is known as "constructive nationwide priority" in its service mark, whether or not Plaintiff uses the trademark on a nationwide basis. Plaintiff is presumed to have started using the service mark nationwide as of its filing date, even if it only used it in a limited area.

Because Plaintiff owns a federal registration of the service mark, Defendants are deemed to have knowledge of the registration and of the rights claimed in the registration since June 9, 2009. This is known as "constructive notice."

<u>Assignment</u>

An "assignment" of a mark is an outright sale of all rights in that mark. An assignment does not need to be in writing to pass common law rights in a trademark.

Plaintiff alleges that Defendant assigned the rights to the Mark to Plaintiff in 2006 and that Plaintiff granted Defendant a license to use the Mark. Defendants deny this allegations and allege that Defendants provided Plaintiff with only a license to use the Mark in 2006 and did not assign the rights to the Mark to Plaintiff.

<u>License</u>

A "license" of a mark is a limited permit to another to use the mark. Plaintiff claims that it granted a license to Defendants to use the Mark in 2006, but that it revoked the license on February 21, 2020. Defendants claim that Plaintiff did not own the Mark and, instead, Defendants (as the owners of the Mark) granted a license

to Plaintiff to use the mark in 2006. The licensor is the entity granting the right to use the mark and licensee is the party being permitted to use the mark. A license does not have to be in writing. A license can be an oral license or an implied license (implied through the parties' conduct). As a general law, a license or consent can be revoked. A licensee acquires no ownership interest in the licensed mark. Instead, the licensee acquires only those use rights granted by the license.

<u>Infringement: Introductory Jury Charge</u>

If you have determined that Plaintiff owns a trademark that is entitled to protection, you must next consider whether Defendants infringed Plaintiff's mark. The test for infringement is whether Defendant's mark is "likely to cause confusion" with Plaintiff's service mark.

That is, you must determine if Defendants, without Plaintiff's consent, used the same or a similar mark in connection with the sale of, or the offer to sell, services in a manner that is likely to cause confusion among consumers as to the source, affiliation, approval, or sponsorship of the services.

Plaintiff must demonstrate, by a preponderance of the evidence, that Defendants' use of its mark is, when viewed in its entirety, likely to cause confusion as to the source, origin, affiliation, approval, or sponsorship of the goods or services in question.

## Infringement

Plaintiff claims that Defendants infringed its service mark. For Plaintiff to succeed on this claim you must find by a preponderance of the evidence that Defendants:

1: used the service mark in connection with legal research services rendered or offered;

2: used the service mark in commerce; and

3: used the service mark in a manner that is likely to:

   a. cause confusion, mistake, or deception as to

   b. the source, origin, affiliation, approval, or sponsorship of Defendants' goods or services.

If you find that Defendants have infringed Plaintiff's service mark, you must next consider Defendants' affirmative defenses.

## Service mark: Remedies

If you find that Plaintiff owns a valid mark, that Defendants have infringed it, and Defendants do not have a defense, you must consider whether, and to what extent, monetary relief should be awarded.

## Plaintiff's Actual Monetary Damages

You may award actual damages that Plaintiff has sustained. Plaintiff may recover the economic injury to its business proximately resulting from Defendants' wrongful acts. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. But an award of actual

17

damages to Plaintiff must be just and reasonable, based on facts, and proved by Plaintiff by a preponderance of the evidence.

<u>Defendants' Profits and Calculation of Profits</u>

In addition to Plaintiff's actual damages, you may also make an award based on an accounting of Defendant's profits if you find that Defendant's conduct was willful and deliberate; or Defendant was unjustly enriched; or an award of Defendant's profits is necessary to deter Defendant's future conduct.

In determining Defendant's profits, Plaintiff only is required to prove Defendants' gross sales. Defendant also may then prove the amount of sales made for reasons other than infringement and may also prove its costs or other deductions which it claims are required for rendering of the services and should be subtracted from the amount of its sales to determine its profits on such sales. Any costs or deductions that Defendant proves by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Plaintiff.

<u>Nominal Damages</u>

If you find that Defendants infringed Plaintiff's Mark and Defendants do not have any defense, but you do not find that Plaintiff sustained any actual damages or damages based on Defendants' profits, you may return a verdict for Plaintiff and

award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine.

## Plaintiff's Count II for Unregistered Service Mark Infringement

If you find that Plaintiff proved its claim for Registered Service mark Infringement, then you must also find that Plaintiff proved its claim for Unregistered Service mark.

If Defendant proved its counterclaim for cancellation of Plaintiff's Registered Service mark, then you must next consider Plaintiff's Unregistered Service mark claim.

Plaintiff, Unisource Discovery, Inc. claims that Defendants Unisource Discovery, LLC and Steven Cerasale have violated Section 43(a) of the Trademark Act by causing a false association and infringed its common law service mark rights in a geographical market area. To prove its claims, Plaintiff must prove the following facts by a preponderance of the evidence:

1.  Plaintiff owns a service mark that is entitled to protection in a geographical market area where Plaintiff has a superior right to use the mark, or in a market area considered to be a natural expansion from said geographical market area; and

2.  Defendants are using a mark that is likely to cause confusion with Plaintiff's service mark without a valid defense in said Plaintiff's geographical area including said area of natural expansion.

Validity

Plaintiff must prove by a preponderance of the evidence that the service mark is:

1:  Used in commerce in a geographical area where Plaintiff has superior rights;
2:  Distinctive; and
3:  Nonfunctional

Inherent Distinctiveness

A service mark is protectable if it is inherently distinctive. To determine whether a claimed trademark is inherently distinctive, you must first place it into one of four "types" or categories that I previously explained. Service marks come in different "types" or categories, namely: "generic," "descriptive," "suggestive," "arbitrary," and "fanciful" or "coined." The type of trademark is relevant to the trademark's strength.

The parties have stipulated that the Mark is not generic and non-functional.

## Remedies

If you find that Plaintiff's service mark is valid, and that Defendants have infringed it, and that Defendants do not have a defense to the infringement, you must determine whether, and to what extent, money damages should be awarded.

## Plaintiff's Actual Monetary Damages

You may award actual damages Plaintiff has sustained. Plaintiff may recover the economic injury to its business proximately resulting from Defendants' infringement. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. However, any award of actual damages to Plaintiff must be just and reasonable, based on facts, and proved by Plaintiff by a preponderance of the evidence.

## Defendant's Profits and Calculation of Profits

In addition to Plaintiff's actual damages, you may also make an award based on an accounting of Defendants' profits if you find that Defendants' sold their services using Plaintiff's service mark and:

- Defendants' conduct was willful and deliberate;

- Defendants was unjustly enriched; or

- An award of Defendants' profits is necessary to deter Defendants' future conduct.

A defendant commits a "willful violation" of a service mark when that defendant knowingly and purposefully capitalizes on and appropriates for [himself/herself/itself] the goodwill of a plaintiff.

"Unjust enrichment" occurs if Defendants receives a benefit to which he/it is not entitled.

In determining Defendants' profits, Plaintiff only is required to prove Defendants' gross sales. Defendants may then prove the amount of sales made for reasons other than the infringement. Defendants also may prove their costs or other deductions which they claim should be subtracted from the amount of their sales to determine their profits on such sales. Any costs or deductions that Defendants prove by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Plaintiff.

Nominal Damages

If you find that Defendants infringed Plaintiff's service mark, but you do not find that Plaintiff sustained any actual damages or damages based on Defendants' profits, you may return a verdict for Plaintiff and award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine.

23

**Plaintiff's Count III & VI for Florida Common Law Mark Infringement; and Count IV & VII for Florida Common Law Unfair Competition**

Plaintiff also claims that Defendants have infringed Plaintiff's Mark and engaged in unfair competition under Florida common law.

The legal standard for federal registered service mark infringement, violations of Section 43a of the Trademark Act, common law service mark infringement, and common law unfair competition are essentially the same. To establish its case for common law infringement and unfair competition, Plaintiff must show (1) that it had enforceable service mark rights in a service mark or name in a geographical area, and (2) that the terms or marks used by Defendants are likely to be confused with the mark or name in which Plaintiff possesses rights in that geographical area.

## Remedies

If you found Defendants liable for Count I or Count II, the profits available for Count III and IV are the same as for Counts I and II and so is the manner of calculation.

However, under state law, an additional type of damages is available: punitive damages. Plaintiff contends that punitive damages should be awarded against Defendants for their conduct in committing service mark infringement and unfair competition under Florida common law. These damages are in addition to any profits calculated above. You must decide whether Plaintiff has established by clear and convincing evidence that punitive damages should be awarded against Defendants:

a.   Punitive damages generally.

If you find for Plaintiff against Defendants for Plaintiff's Count III for Florida common law trademark infringement or Count IV for Florida common law unfair competition, you must decide whether punitive damages are warranted as punishment to one or more of the defendants and as a deterrent to others.

Punitive damages are warranted only if you find by clear and convincing evidence that Defendants were guilty of intentional misconduct, which was a substantial cause of loss, injury, or damage to Plaintiff. Under those circumstances you may, in your discretion, award punitive damages against Defendants. If clear

25

and convincing evidence does not show such conduct by Defendants, you must not award any punitive damages.

"Intentional misconduct" means that Defendants had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to Plaintiff and, despite that knowledge, Defendants intentionally pursued that course of conduct, resulting in injury or damage.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

If you decide that punitive damages are warranted against one or more of Defendants, then you must decide the amount of punitive damages, if any, to be assessed as punishment against Defendants and as a deterrent to others.

Affirmative Defenses

**Defenses to Claim of Infringement of a Service mark**

Prior use of a service mark in a particular geographic area is a defense to a claim of infringement. To prove prior use, Defendants must prove, in the event that the registration is cancelled, the following by a preponderance of the evidence:

1.  Defendants began using their mark in a geographic area before Plaintiff began using its mark in that area; and

2.  Defendants' use of its mark in that geographic area has been continuous since that use began.

Defendants also raise the defense of estoppel. To establish this defense, Defendants must prove the following:

1.  The Plaintiff took the position (either through its conduct or its words) that the Plaintiff would not control or restrict Defendants' use of the Mark;

2.  Defendants relied in good faith upon the Plaintiff's conduct or words; and

3.  Defendants' reliance caused Defendants to change their position for the worse.

27

## Plaintiff's Count V for Service Mark Counterfeiting

Plaintiff claims that Defendants have committed counterfeiting by unlawfully using Plaintiff's service mark in the sale, offer to render, or advertising of services without Plaintiff's authorization.

To prove a claim for counterfeiting, Plaintiff must prove the following facts by a preponderance of the evidence:

(1) The service mark used by Defendant is a copy that is identical or substantially indistinguishable from Plaintiff's mark that is registered on the Principal Register of the United States Patent and Trademark Office;

(2) Defendant's service mark was affixed without Plaintiff's permission after the valid termination of the license; and

(3) Defendant used Plaintiff's service mark in the sale, offering for sale, or advertising of services that are covered by Plaintiff's service mark registration.

The parties have stipulated that the Mark Defendant Unisource Discovery LLC uses is the same Mark that Plaintiff uses.

---

## Remedies

If you find that Plaintiff proved that Defendant engaged in counterfeiting in violation of Plaintiff's service mark, you must consider whether, and to what extent, money damages should be awarded. For its counterfeiting claim, Plaintiff is not seeking actual damages or any damages other than statutory damages for this claim.

28

Plaintiff seeks what is known as an award of "statutory damages." Statutory damages are damages established by Congress in the Lanham Act. The purpose of statutory damages is to: compensate the service mark owner, penalize the counterfeiter, and deter future service mark counterfeiting. If you find that Defendants utilized a counterfeit mark, you may award statutory damages between $1,000 and $200,000.

If you find that Plaintiff proved that Defendant knew that the service mark they used was a counterfeit, you may award additional statutory damages. If Plaintiff proves that Defendants' use of the counterfeit service mark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000.

In calculating statutory damages, generally the following factors are considered:

      (1) the expenses saved and profits reaped;
      (2) the revenue lost by the plaintiff;
      (3) the value of the mark;
      (4) the deterrent effect of others besides the defendant;
      (5) whether the defendant's conduct was innocent or willful;
      (6) whether a defendant cooperated in providing particular records from which to assess the value of the infringing material produced; and
      (7) the potential for discouraging the defendant.

When calculating statutory damages based on the above factors, the base amount should be trebled (tripled) for willful conduct and doubled for deterrence (to discourage wrongful conduct).

29

## Plaintiff's Count VIII for Florida's Deceptive and Unfair Trade Practices Act
## (Fla. Stat. § 501.204)

In order to succeed in a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), a plaintiff must establish:

1.     Defendants engaged in a deceptive or unfair act or practice in the conduct of their trade or commerce; and

2.     Defendants' actions were the legal cause of actual damage sustained by Plaintiff.

Trademark infringement is considered an unfair practice in violation of FDUTPA. Therefore, if Plaintiff established any of its claims for Trademark Infringement, then you must find that Plaintiff established the first element of FDUTPA.

Engaging in a deceptive or unfair trade practice is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage so that it can reasonably be said that, but for the violation, the loss, injury, or damage] would not have occurred.

Actual damages can be Plaintiff's actual or past lost profits resulting from Defendants' actions.

30

## Naked License

Defendants have also asserted the affirmative defense of naked license. A license to a service mark is consent for the person with the license to use the service mark. This is different from a "naked" license. Abandonment of a service mark through uncontrolled or "naked" licensing requires a showing that Plaintiff failed to exercise control over the nature and quality of the goods provided by Defendants under the Plaintiff's mark.

**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.