**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

      Defendants.

## MEMORANDUM IN SUPPORT OF BILL OF COSTS

Pursuant to Local Rule 7.3(c), Defendants/Counter-Plaintiffs Unisource Discovery LLC

and Steven A. Cerasale (collectively, "Defendants") hereby file their Memorandum in support of

their Bill of Costs (Exhibit "1" hereto). Defendants respectfully request the Court to award taxable

costs in the amount of $4,477.40 against Plaintiff/Counter-Defendant Unisource Discovery Inc.

("Plaintiff").[1]

---

[1] Pursuant to Local Rule 7.3(a), Defendants served Plaintiff with their draft Motion for Attorney's Fees and Non-Taxable Costs along with all information relating to the requested fees / costs (i.e., time entry descriptions, time keepers, hourly rates, etc.) on January 5, 2023. Plaintiff requested until February 6, 2023 to respond to the fees pursuant to the Local Rule, and Defendants agreed. To date, however, Plaintiff has not yet agreed to confer. Defendants will continue their efforts to confer with Plaintiff and anticipate filing their Motion for Attorney's Fees and Non-Taxable Costs within the timeframe set forth in Local Rule 7.1(a).

## ARGUMENT

### I.      Deposition Transcripts.

"The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were 'necessarily obtained for use in the case.'" *Pronman v. Styles*, 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015).

"Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses … and that 'the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'" *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).

The deposition transcripts for which Defendants seek reimbursement are of persons whom Plaintiff identified as trial witnesses. Defendants respectfully submit that the deposition transcripts identified herein were necessarily obtained for use in this case.

### A.      Noel Mijares's Depositions ($1,602.30)

Noel Mijares was Plaintiff's primary witness. Mr. Mijares sat for an all-day deposition in this case on June 30, 2021. For self-evident reasons, Mr. Mijares's deposition transcript was necessarily obtained for use in this case.

This deposition transcript cost $1,602.30.

### B.      Alfred Lutter's Deposition ($386.25)

Plaintiff identified Alfred Lutter as a witness and also identified Mr. Lutter's deposition transcript as a trial exhibit. *See* Joint Pre-tr. Stip. (DE 320) at p. 19. Plaintiff also proffered the deposition transcript of Mr. Lutter as evidence at the trial. *See* Final List of Trial Exhibits (DE 366) at p. 3. The deposition transcript of Alfred Lutter, therefore, was necessarily obtained for use in this case. This transcript cost $386.25.

## II.     Hearing Transcripts.

Hearing transcripts "were necessary for the [prevailing party] to fully prepare for trial, since [the witnesses] who testified at the … hearing, were expected to testify at trial." *Zokaites v. 3236 NE 5th St., Inc.*, 07-60670-CIV, 2008 WL 4792451, at *1 (S.D. Fla. Oct. 31, 2008). Additionally, "defendants are entitled to recover [costs] for the hearing transcripts" where the transcripts were "necessary for use due to that party's own motion." *Covington v. Arizona Beverage Co., LLC*, 08-21894-CIV, 2011 WL 810592, at *4 (S.D. Fla. Jan. 25, 2011), *report and recommendation adopted,* 08-21894-CIV, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011)

Defendants respectfully request reimbursement for the cost of three hearing transcripts.

### A.     Transcript of the December 9, 2021 evidentiary hearing (DE 272) on Plaintiff's Motion for Preliminary Injunction ($708.00).

Noel Mijares and Steven Cerasale both testified during the December 9, 2021 evidentiary hearing. Both Noel Mijares and Steven Cerasale were expected to testify (and did testify) at the trial.

Additionally, both Plaintiff and Defendants used the transcript of the December 9, 2021 hearing in their motions and responses. *See* Defs.' Response to Objections to Rec. & Rec. (DE 275) at p. 5; Defs.' Response to Pla.'s Objections to Rep. & Rec. (DE 277) at pp. 3, 5, 6, 7; Def.'s Opp. to Mot. for Rec. (DE 330) at p. 3; Pl.'s Reply (DE 283) at p. 5.

The transcript of the December 9, 2021 evidentiary hearing, therefore, is taxable and cost $708.00.

### B.     The discovery hearings on February 3, 2021 ($141.70) and May 25, 2021 ($80.75).

Defendants used the transcripts of the discovery hearings on February 3, 2021 and May 25, 2021 in their Motion in Limine.

To opposed Defendants' Motion in Limine, Plaintiff argued that Defendants had evidence of "sub-elements that are required to prove evidence of confusion" that Defendants were ostensibly "negligen[t] for not requesting during discovery." 's Response to Mot. in Limine (DE 258-1) at pp. 12–13.

To demonstrate that Plaintiff's argument was baseless, Defendants used the transcripts of the discovery hearings where Plaintiff was twice compelled to produce the very same evidence that Plaintiff claimed Defendants "negligently" did not request in discovery. The discovery hearing transcripts showed that, contrary to Plaintiff's contention, Plaintiff had twice been compelled to produce the subject documents and was specifically advised that the purpose of the hearings was to prevent "a surprise document in the future that wasn't produced now." *See* Mot. in Limine (DE 264) at pp. 5, 7.

The transcripts of the discovery hearings on February 3, 2021 and May 25, 2021, therefore, were necessarily obtained for use in this case.

The transcript of the discovery hearings on February 3, 2021 cost $141.70, and the transcript of the discovery hearing on May 25, 2021 cost $80.75.

### III.    Cost of copying trial exhibits ($1,558.40).

"The Court also agrees with Plaintiff that he may recover … exhibit copying costs. … Costs for copies are taxable when necessarily obtained for use in the case. More specifically, '[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable …." *Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1275–76 (M.D. Fla. 2019). Moreover, the cost of copies is recoverable even when the copy is ultimately not used in trial. "Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file. … Photocopying costs may be recovered even though the underlying document

was not admitted at trial." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Rather, the analysis is based upon "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Id.*

Defendants incurred a total of $1,558.40 in costs to print and make physical copies of (1) Defendants' trial exhibits, (2) the trial exhibits of Plaintiff, (3) documents that Defendants used and/or expected to use as impeachment/rebuttal evidence during trial, and (4) operative pleadings, joint pretrial stipulation, Order in Limine, and case law relating to the parties' *ore tenus* motions at trial. A copy of the costs incurred is attached to the Bill of Costs (Exhibit 1 hereto). Defendants reasonably believed that it was necessary to make those copies for use at the trial.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court to award them their taxable costs in the amount of $4,477.40 and for such further relief as the Court deems just and appropriate under the circumstances.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Prior to filing this Motion, Defendants' undersigned counsel attempted to confer with Plaintiff's counsel regarding the relief requested in this Motion. Specifically, the undersigned counsel with Plaintiff's counsel via email on January 5, 2023 at 8:41 p.m. The undersigned then again requested a conferral on January 10, 2023 at 7:33 p.m. and again on January 11, 2023 at 11:22 a.m. The undersigned then followed up via email on January 26, 2023 at 4:58 p.m. and on January 27, 2023 at 12:49 p.m. Finally, the undersigned again asked Plaintiff's counsel to confer on January 30, 2023 at 1:54 p.m. Despite the many attempts, Plaintiff's counsel did not agree to confer.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:     (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on January 30, 2023, on all counsel or parties of record

on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff/Counter-Defendant,*<br>*Unisource Discovery, Inc.* | |

6