**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

      Plaintiff/Counter-defendant,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants/Counter-plaintiffs
_____

**PLAINTIFF/COUNTER-DEFENDANT, UNISOURCE DISCOVERY INC., RESPONSE AND OBJECTION TO DEFENDANTS/COUNTER-PLAINTIFFS' BILL OF COSTS [DE 371]. AND EXTENSION OF TIME TO RESPOND TO DEFENDANTS/COUNTER-PLAINTIFFS' VERIFIED MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS [DE 372]**

Pursuant to Rule 54(d) and Local Rule 7.3 Plaintiff/Counter-defendant, Unisource Discovery, Inc., files its Objection to Defendants/Counter-Plaintiffs Unisource Discovery, LLC and Steven A. Cerasale's Bill of Costs and Motion of Extension of Time to Respond to Defendant/counter-plaintiffs Motion for Attorney's Fees, and states,

**Relevant Procedural Background**

On August 6, 2020, Plaintiff/counter-defendant filed their original complaint [DE 1] and on March 3, 2021, Defendants/Counter-plaintiff filed their first counterclaim [DE 81].

A Final Judgement against Plaintiff/Counter-defendant was entered on December 30, 2022 [DE 367].

Plaintiff/Counter-defendant did not file an appeal.

On January 30, 2023, Defendants/counter-plaintiffs filed their Bill of Costs [DE 371].

On February 9, 2023, Defendants/Counter-Plaintiffs filed their verified motion for attorneys' fees [DE 372].

**Legal Standard -- F.R.C.P. 54 and  Local Rule 7.3**

a.     **F.R.C.P. 54**

Pursuant to Rule 54(d)(1) (Costs Other Than Attorney's Fees), "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."

According to Rule 54(d)(2), *inter alia,*

"(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment …."

b.     **Local Rule 7.3**

The district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454 (1982)

Pursuant to Local Rule 7.3 (ATTORNEYS FEES AND COSTS):

(a) Motions for Attorneys' Fees and/or Non-Taxable Expenses and Costs. This rule provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement.

A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed. The motion shall:

> (1) be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings

Likewise, pursuant to Local Rule 7.3(c) (**Bill of Costs**), "or other appealable order that gives rise to a right."

**Argument**

a. **Objection to Counter-Defendants' Bill Of Costs As Procedurally Untimely**

Although Federal Rule of Civil Procedure 54(d)(1) does not impose a time limit for filing a motion for costs other than attorneys' fees, Local Rule 7,3(c) specifies that all claims for costs " … shall be filed and served within thirty (30) days of entry of final judgment." *Peasley v. Armstrong World Industries, Inc*., 128 F.R.D. 681 (S.D. Fla. 1989)  (Local Rules "have the force and effect of law, and are binding upon the parties and the court which promulgated them. . .")

Defendants/Counter-Plaintiffs filed their Bill of Costs [DE 371] on **January 30, 2023**. Pursuant to Local Rule 7.3(c),  Defendants/Counter-Plaintiffs procedurally had thirty (30) days to file their Bill Of Costs from the Final Judgment that was entered on December 30, 2022  [DE 367]. Defendants/Counter-Plaintiffs did not seek an extension of time. Similarly, Defendants/Counter-Plaintiffs did not file a motion  under Rule 50(b) that may suspend the finality of the Final Judgment.

Because the Final Judgment was entered on December 30, 2022, the deadline to file their Bill Of Costs was **January 29, 2023**. As such, Defendants/Counter-Plaintiffs are jurisdictionally

3

one-day beyond the 30-day deadline under Rule 7.3 and thus untimely. *Watkins v. McMillan*, 779 F.2d 1465 (11th Cir. 1985) (per curiam) (enforcing local rule setting time limits for filing claims for attorney's fees).

Therefore, the Court must deny Defendants/Counter-Plaintiffs Bill Of Costs as untimely. *Giminez v. Am. Sec. Ins. Co.,* 2009 WL 3048563, *2 (M.D. Fla. 2009) (motion to tax costs filed 2 days late denied as untimely); *Estate of Miller ex rel Miller v. Ford Motor Co*., 2004 WL 6235323, 1 (M.D. Fla. 2004) (motion to tax costs filed 3 days late denied as untimely).

i.   **Alternatively, Motion for Extension of Time**

In the event the Court denies Plaintiff/Counter-Defendant's Objection, an extension of time to file a response until March 25, 2023, is respectfully requested.

b.   **Defendants/counter-plaintiffs Verified Motion for Attorneys' fees**

On February 9, 2023, Defendants/Counter-Plaintiffs filed their verified motion for attorneys' fees [DE 372]. This motion is populated with a significant number of entries that need to be closely reviewed and spanning approximately 20 pages. Plaintiff/Counter-Defendant will need until March 25, 2023, to review the motion thoroughly, its entries, discuss the motion with Defendants/Counter-Plaintiffs legal counsel, and file a response.

### Local Rule 7.1 – Conferral With Defendants/Counter-Plaintiffs

I hereby certify that in accordance with S.D. Fla. Local Rule 7.1(a)(3), Defendants/Counter-Plaintiffs do not agree to an extension of time for Plaintiff/Counter-defendant to respond to their Bill Of Costs; however, Defendants/Counter-Plaintiffs agree to an extension of time to respond to their motion for attorneys fee until March 15, 2023.

**WHEREFORE**, Plaintiff/Counter-defendant requests the Honorable Court:

1. Grant Plaintiff/Counter-defendant's Objection and enter an Order DENYING Defendants/Counter-Plaintiffs' Bill Of Costs as untimely;

2. Alternatively, in the event the Court denies Plaintiff/Counter-defendant's Objection to Defendants/Counter-Plaintiffs' Bill Of Costs, then grant an extension of time to respond until March 25, 2023;

3. Enter an Order GRANTING Plaintiff/Counter-defendant's motion for extension of time to respond to Defendants/Counter-Plaintiffs' attorneys' fees; and

4. Any other relief this Court believes is just and fair.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., jzorilla@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 13th day of February 2023.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
         ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.