**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a California limited liability company, and STEVEN A. CERASALE, individually,

      Defendants.

---

**REPLY TO PLAINTIFF'S RESPONSE AND OBJECTION TO BILL OF COSTS AND RESPONSE TO MOTION FOR EXTENSION OF TIME**

Defendants/Counter-Plaintiffs Unisource Discovery LLC and Steven A. Cerasale (collectively, "Defendants"), hereby file their Reply to Plaintiff/Counter-Defendant Unisource Discovery Inc.'s ("Plaintiff") Response and Objection to Defendants' Bill of Costs (DE 373). Defendants also hereby respond to Plaintiff's Motion for Extension of Time to Respond to Verified Motion for Attorney's Fees and Bill of Costs (DE 373).

**ARGUMENT**

**I.**     **Defendants' Reply to Plaintiff's Response and Objection to Bill of Costs.**

Plaintiff's sole response to Defendants' Bill of Costs is that Defendants "filed their Bill of Costs [DE 371] on January 30, 2023," but "the deadline to file … was January 29, 2023." Resp. (DE 373) at p. 3. According to Plaintiff, Defendants "are jurisdictionally one-day … untimely," and "the Court must deny Defendants/Counter-Plaintiffs' Bill of Costs as untimely." *Id.* at p. 4.

Rule 6(a)(1) governs the computation of time. Under Rule 6(a)(1), "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

January 29, 2023 was a Sunday.

Defendants' deadline to file their Bill of Costs, therefore, was "the next day that is not a [ ] Sunday, or legal holiday"—i.e., Monday, January 30, 2023.

Plaintiff's contention that Defendants' Bill of Costs was "untimely" is, therefore, meritless.

**II.    Defendants oppose Plaintiff's request for a 40-day extension to respond to the Bill of Costs (DE 371).**

Defendants oppose Plaintiff's request for a 40-day extension to respond to Defendants' Bill of Costs (DE 371).[1]

Defendants' Bill of Costs seeks only **_two_** categories of taxable costs for a total of only $4,477.40. Plaintiff does not explain why it needs a 40-day extension of time to respond to Defendants' Bill of Costs. Plaintiff's request for a 40-day extension, therefore, should be denied.

**III.   Defendants do not oppose Plaintiff's request for extension of time to respond to the Verified Motion for Attorney's Fees and Non-Taxable Costs (DE 372).**

Defendants do not oppose an extension of time for Plaintiff to file their response to Defendants' Verified Motion for Attorney's Fees and Non-Taxable Costs (DE 372).

However, Defendants note that Plaintiff has had a complete copy of all of Defendants' requested time entries and a draft of the Verified Motion for Attorney's Fees since January 5, 2023.

And to date, Plaintiff has not even agreed to schedule a time to confer.

By no later than January 19, 2023, Plaintiff was required to provide to Defendants a response "describ[ing] with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority," and if Plaintiff "objects to an hourly rate, its counsel must submit an affidavit

---

[1] Plaintiff's deadline to respond to the Bill of Costs was February 13, 2023. Plaintiff is seeking an "extension of time to file a response until March 25, 2023"—i.e., 40 days after Plaintiff's deadline. *See* Resp. (DE 373) at p. 4.

giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." Local Rule 7.3(a).

It is now almost a month after Plaintiff missed its deadline to respond pursuant to Local Rule 7.3(a). As of the date of this Response (i.e., February 14, 2023), Plaintiff has not identified any time entries that it objects to, nor has Plaintiff stated whether it objects to Defendants' requested hourly rates.

Moreover, Plaintiff has not even agreed to schedule a time to confer and has ignored all of the undersigned's attempts to schedule a conferral pursuant to the Local Rules.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully submit that (1) Defendants' Bill of Costs should be granted; (2) Plaintiff's motion for a 40-day extension of time to respond to Defendants' Bill of Costs should be denied; and (3) for such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on February 14, 2023, on all counsel or parties of record on the Service List below.

           /s/ Victor M. Velarde
           Victor M. Velarde

| SERVICE LIST |
| --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* |
| **Case No. 20-CIV-23276-DPG** |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff,*<br>*Unisource Discovery, Inc.* |

4