**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-23276-CIV-DPG**

UNISOURCE DISCOVERY, INC.,

      Plaintiff/Counter-defendant,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants/Counter-plaintiffs

_____

**COUNTER-DEFENDANT, UNISOURCE DISCOVERY INC.  OBJECTION TO**
**COUNTER-PLAINTIFFS' BILL OF COSTS [DE 371]**

Pursuant to Rule 54, 28 USC 1924**,** and Local Rule 7.3 Counter-defendant, Unisource

Discovery, Inc., files its Objection to Counter-plaintiffs Unisource Discovery, LLC and Steven A.

Cerasale's Bill of Cots [DE 371], and states,

**I.**      **BACKGROUND**

On August 6, 2020, Counter-defendant filed their original complaint [DE 1] and on March

3, 2021l, Counter-plaintiffs filed their first counterclaim [DE 81].

A Final Judgement against Counter-defendant was entered on December 30, 2022 [DE

367].

On January 30, 2023,  Counter-plaintiffs filed their Bill of Costs [DE 371].

On February 9, 2023, Counter-Plaintiffs filed their verified motion for attorneys' fees [DE

372].

**II.**      **LEGAL STANDARD FOR TAXABLE COSTS**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Although the Court has broad discretion in determining taxable costs, a court may not award any costs that are not authorized by statute. See *United States EEOC v. W&O, Inc*. 214 F.3d 600, 620 (11th Cir. 2000). In the Motion for Entitlement, Defendant seeks an award of costs pursuant to 28 U.S.C § 1920, which provides that the following costs are taxable:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for the use in the case.

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See* 28 U.S.C § 1920.

When determining whether costs are taxable, the burden lies on the losing party to demonstrate that the cost is not taxable, "unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Vega v. Alvarez*, No. 14-21635-CIV, 2015 WL 11217233, at 1 (S.D. Fla. Sept. 21, 2015). Nonetheless, the prevailing party is still required to submit requests for costs with sufficient particularity so that the Court may determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.,* No. 10-61606-CIV, 2011 WL 2583754, at *3 (S.D. Fla. Aug. 15, 2011).

III.    **ARGUMENT**

It is undisputed that Counter-defendants are the prevailing party for purposes of assessing costs pursuant to 28 U.S.C. § 1920.  As the prevailing party, Counter-plaintiffs submitted invoices totaling $4,477.40 for costs associated with deposition transcripts, hearing transcripts, copy expenses *et al*.  Of the costs equaling $4,477.40, Counter-defendant challenges only certain expenses that are simply not authorized by law.

A.  **Deposition transcripts and appearance fees**

Deposition transcripts may be taxable under § 1920, wholly or in part, on a case-by-case basis where deposition transcripts are "necessarily obtained for the use in the case" and not merely for the convenience of counsel. *Rodriguez v. Marble Care Int'l, Inc*., 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). Where the defendant can meet its burden, the plaintiff then has the burden of demonstrating that the defendant's costs are not taxable. *Vega v. Alvarez*, No. 14- 21635-CIV, 2015 WL 11217233 at 1 (S.D. Fla. Sept. 21, 2015).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions'[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins. Corp.,* No. 10-61985-CIV, 2013 WL 12086655, at 2 (S.D. Fla. June 13, 2013).

(1) **Deposition of Noel Mijares**

Counter-plaintiffs seek to recover the cost for Mr. Mijares deposition transcript in the amount of $1,602.30 as reflected in invoice 120643765. *See* DE 371-1 at 3. Generally, Counter-

defendant agrees that the cost for Mr. Mijares deposition is necessary for the use in the case as he was the designated corporate representative for Counter-defendant Unisource Discovery Inc. *See* Fed. R. Civ. P. 54(d)(1). The Eleventh Circuit has specifically held that the deposition of the losing party is taxable. *United States EEOC v. W&O, Inc.* 214 F.3d 600, 620 (11th Cir. 2000)(quoting *Tilton v. Capital Cities/ABC, Inc*., 115 F.3d 1471, 1474 (10th Cir. 1997)).

However, the added value of the "Litigation Support Package" fee and the "Process and Handling" fee, totaling $60.00, would be for the convenience of counsel, rather than a necessity to the case, and is not taxable. *See Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012).

The Court, therefore, must reduce the taxable amount from $1,602.30 to **$1,542.30.**

### (2)   **Alfred Lutter's Deposition**

Counter-plaintiffs assert that "Plaintiff identified Alfred Lutter as a witness … " and "Plaintiff also proffered the deposition transcript of Mr. Lutter as evidence at the trial …" and seeks to recover the cost for Mr. Lutter's deposition transcript in the amount of $386.25, as reflected in invoice 21-475. *See*  DE 371-1 at 4.

However, Counter-defendant has no method of understanding "how" this invoice was calculated because it merely provides a total charge/cost and the number of pages of the transcript – nothing more and no transparency.

Therefore, Counter-defendant simply does not know if there were any charges included in the $386.25 that are "generally not recoverable" and not merely ordered for the convenience of counsel. *Nelson v. N. Broward Med. Ctr*., No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). For example, Counter-defendant would likely to object to any ancillary costs related to deposition transcripts such as multiple copies of a deposition transcript, expediated costs,

and shipping and handling costs. *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *see also Univ. of Miami v. Intuitive Surgical, Inc*., 04-20409-CIV, 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007); *Kobie v. Fithian*, 2014 WL 2215752, *2 (M.D. Fla. 2014)(It is well settled that costs for "shipping and handling" or postage costs are not recoverable expenses under § 1920."); *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990) ("fax transmittal, federal express, postage, telephone" charges not taxable); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002)

On this basis, Counter-defendants must object to the total cost of this deposition transcript equaling $386.25 because the invoice entirely lacks transparency. Otherwise, Counter-defendant would agree to a reduced charge of $200.00 for an immediate resolution.

B. **Counter-plaintiffs' Costs Associated With Hearing Transcripts Expenses**

Section 1920(2) allows taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for the use in the case." 28 U.S.C. § 1920. "The word 'fees' includes all costs associated with preparing the transcript, which would necessarily include the court reporter's appearance fee." *Feise v. N. Broward Hosp. Dist*., No. 14-CV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017).

(1) **Counter-defendants Objections to the Transcript of the December 9, 2021 evidentiary hearing [DE 272] on Counter-defendant's Motion for Preliminary Injunction**

Counter-defendant objects to the $708.00 charge for the Injunction hearing transcript or alternatively asserts that certain charges must be reduced.

i.      **The Injunction Transcript Charge Must Be Denied**

As previously discussed, § 1920(2) authorizes the recovery of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."   Additionally, where a Court's order or ruling on motions and discovery matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed reasonably necessary and are recoverable costs to the prevailing party. *Maris Distributing Co. v. Anheuser-Busch, Inc.,* 2001 WL 862642 (M.D. Fla. May 4, 2001).

Pursuant to the statutes and case law in this circuit, Counter-defendant contends that the injunction hearing transcript, unlike certain deposition transcripts for example, did not need to be entered into evidence to be "necessarily obtained for use in the case." *EEOC,* 213 F.3d at 621.  The Counter-defendant further asserts that it is relevant that the witnesses at the injunction hearing, Mr. Cerasale and Mr. Mijares, were also separately deposed and those deposition transcripts were entered into evidence.  Therefore, Counter-plaintiffs did not require this additional testimony that the solely related to obtaining an injunction to fully prepare for trial.. *EEOC,* 213 F.3d at 621, citing *Independence Tube Corp. v. Copperweld Corp.,* 543 F. Supp. 706, 717 (N.D. Ill. 1982) ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the plaintiff might need the transcripts to cross-examine the witnesses"). Indeed, Mr. Cerasale's testimony at the injunction hearing did not directly address the issues in dispute and issues at trial for Counter-plaintiffs cancellation of trademark counterclaim and Counter-defendant's trademark infringement claim. Therefore, it was not necessary for Counter-plaintiffs to obtain a copy of the hearing transcript in order to prepare for trial.

Moreover, there is no indication that Counter-plaintiffs needed a copy of the injunction hearing transcript in anticipation of any potential witness impeachment issues, regardless of whether Mr. Cerasale and Mr. Mijares did, in fact, testify at the trial.  Here, as reiterated, Mr.

Cerasale and Mr. Mijares did provide sworn testimony regarding the matters at-issue for trademark infringement and/or cancellation of trademark during their depositions and therefore this injunction transcript is duplicative, entirely unreasonable, and unnecessary to the prosecution and defense of Counter-plaintiffs case to obtain these sworn prior statements that relate solely to an "injunction".

Consequently, Counter-plaintiffs are not entitled to recover this cost.

### ii.       Alternatively, the Cost Of The Transcript Must Be Reduced

Alternatively, Counter-defendant finds that the hearing transcript contains charges that are generally not recoverable and not merely ordered for the convenience of counsel. *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014); *See* DE 371-1 at 4

Here, the added value of the expedited 3-day delivery at $6.00 for each page of the 118 pages = $708.00. However, as Invoice 20220197 indicates the "Ordinary" shipping charge is $4.02 for each page of the 118 pages = $474.36. *See* DE 371-1 at 4

Courts have previously found that costs for expedited transcripts may only be deemed necessary and therefore, recoverable, when they were requested "within 30 days of the start of trial", or within 30 days before the cut off for pretrial motions and memoranda, not the close of discovery as Defendant suggests. *Barrera*, 900 F. Supp. 2d at 1335.

Consequently, the Court must reduce the cost of the hearing transcript by $233.70 to a cost of $474.30 because the upgraded 3-day expedited delivery charge was for legal counsel's convenience rather than a necessity to the case, and thus not taxable.

(2) **The discovery hearings on February 3, 2021 ($141.70) and May 25, 2021 ($80.75)**

7

Counter-defendants do not object to these invoice charges with the exception of the "expediated" charge for Invoice Number: 202100729 (at a cost of $141.70). Because Invoice Number: 202100729 lacks some transparency, Counter-defendants do not know the "ordinary" charge for this transcript, however, requests that the charge be proportionally reduced. *Id.* For a prompt resolution, Counter-defendant makes an offer that it will agree to a reduced cost for Invoice Number: 202100729 from $141.70 to $100.00 if the parties agree to same.

C.   **Counter-plaintiffs' Cost of copying trial exhibits ($1,558.40)**

The cost of copying records is recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623; *see also* 28 U.S.C. § 1920(4). "In this regard, '[t]he costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable[.]'" *Spatz v. Microtel Inns & Suites Franchising, Inc*., No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (quoting *Rodriguez v. M.I. Quality Lawn Maint., Inc*., No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012)).

However, the "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *EEOC*, 213 F.3d at 623. In requesting copying costs, the prevailing party "cannot simply make unsubstantiated claims that copies of the documents were necessary," because they alone know the purpose of the copies. *Monel's v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009).

As applicable here, the prevailing party must provide more than the mere label that the costs they seek to recover are "copying costs." *Lebron v. Royal Caribbean Cruises, Ltd*., No. 1:16-CV-24687-KMW, 2021 WL 3007191, at *7 (S.D. Fla. June 28, 2021), report and recommendation adopted, No. 16-24687-CIV, 2021 WL 3005648 (S.D. Fla. July 15, 2021) ("General copying costs

8

without further descriptions . . . however, are not recoverable.").  Notwithstanding, the prevailing party is not required to articulate the specific reason for each photocopy. *See Roberts v. Carnival Corp.*, No. 19-CV-25281-KMM, 2021 WL 7542968, at *5 (S.D. Fla. Sept. 21, 2021).

Counter-defendants simply do not have the ability to review the documents supporting Counter-plaintiffs request for printing and copying costs because the attached matrix only provides a "mere label" that identifies the attorney that made the copies and  number of pages that were copied <u>without anything more</u>. *See* DE 371-1 at 8;  *Salvani v. Corizon Health, Inc*., No. 17-24567-CIV, 2019 U.S. Dist. LEXIS 199373, at *10–13 (S.D. Fla. Nov. 15, 2019) ("While prevailing parties are 'not require[d] ... to articulate the specific reasons for each photocopy or exemplification – [they] must do more than point to an outline of the costs incurred.").

In sum, Counter-plaintiffs "Reimbursable Costs" matrix does not nearly provide sufficient detail, as it does not actually identify what these charges are for. Therefore, on this basis the Counter-defendants must object to Counter-plaintiffs "Reimbursable Costs" matrix in its entirety. *See Lebron*, 2021 WL 3007191, at 7.

**WHEREFORE**, for the foregoing reasons the Counter-defendants objects to Counter-plaintiffs Bill of Costs  and requests that it be ***DENIED IN-PART*** in light of the foregoing arguments presented herein to this Honorable Court.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on Juan C. Zorilla, Esq., <u>jzorilla@fowler-white.com</u>, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven A. Cerasale, on this 3rd day of March, 2023.

**DIEGO DAVID VALDES, P.A.**

2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

By: */s/ Diego David Valdes*
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email:  legal@ddvlawgroup.com
          ddv@ddvlawgroup.com
Attorney for Plaintiff: Unisource Discovery, Inc.