**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, et al.

      Defendants.

_____

## <u>REPLY TO PLAINTIFF'S OBJECTION TO BILL OF COSTS</u>

Defendants/Counter-Plaintiffs Unisource Discovery LLC and Steven A. Cerasale (collectively, "Defendants"), hereby file their Reply to Plaintiff/Counter-Defendant Unisource Discovery Inc.'s ("Plaintiff") Objection to Defendants' Bill of Costs (DE 379).

## <u>ARGUMENT</u>

### I.     Plaintiff's Objection should be overruled because Plaintiff has refused to confer.

To date, Plaintiff has refused to confer on any issues relating to the Bill of Costs (and Motion for Attorney's Fees) despite Defendants' many attempts.

Under Local Rule 7.1(a)(3), the "[f]ailure to comply with the [conferral] requirements of this Local Rule may be cause for the Court to grant … the motion and impose on counsel an appropriate sanction … including a reasonable attorney's fee." S.D. Fla. L.R. 7.1(a)(3).

Plaintiff's refusal to confer is prejudicial for at least two reasons.

First, some of Plaintiff's objections are based upon supposed "lack of transparency" in the costs. As explained below, such objections could have been fully resolved by the parties without the need for Court intervention had Plaintiff complied with Local Rule 7.1(a). *See* Objection

(DE 379) at p. 5 ("[Plaintiff] must object to the total cost … because the invoice entirely lacks transparency").[1]

Second, Plaintiff purports to attempt to negotiate with Defendants via its filed Objection: "For a prompt resolution, [Plaintiff] makes an offer that it will agree to a reduced cost for Invoice Number 202100729." Objection (DE 379) at p. 8.

Plaintiff seems to be under the mistaken impression that it can refuse to confer, force litigation on issues upon which Plaintiff is "willing to agree," and then attempt to negotiate through Court filings. For self-evident reasons, such conduct unnecessarily causes the parties to waste fees and causes the Court to waste judicial resources—all for issues upon which Plaintiff is ostensibly "willing to agree." And such waste of resources is precisely the reason the Local Rule requires conferral. "The Local Rule is designed to conserve the time and resources of both the parties and the Court by requiring the parties to resolve a dispute or to make a good faith attempt to do so without court intervention." *Pharma Supply, Inc. v. Stein*, 14-80374-CIV, 2014 WL 12469953, at *2 (S.D. Fla. Sept. 18, 2014).

Plaintiff has filed a Response and Objection to Defendants' Bill of Costs (DE 373), required Defendants to file a Reply (DE 374), required the Court to rule on Plaintiff's Response and Objection (DE 376), moved for an extension to file its second Objection (DE 377), filed its second Objection (DE 379), and required Defendants to file this Reply. Plaintiff did all of this without once agreeing to confer. And after all that, Plaintiff's objections to the Bill of Costs amount to about $2,000.00 in costs (including objections to costs for as little as $60.00 and $41.00).

---

[1] As explained herein, Plaintiff's objection that the Court Report (whom was engaged by Plaintiff, not Defendants) provided an invoice that "lacked transparency" is meritless and should be overruled. A cursory review of that invoice shows that the cost of the transcript was $3.75 per page—i.e.,

Plaintiff's continued refusal to confer violates the Local Rules and results in the waste of resources. Defendants, therefore, respectfully request the Court to overrule Plaintiff's Objections.

## II.   Plaintiff's Objection lacks merit.

### A.   Plaintiff's objection to the "Litigation Support Package" fee and the "Process and Handling" fee, totaling $60.00, should be overruled.

Plaintiff argues that "the added value of the 'Litigation Support Package' fee and the 'Process and Handling' fee, totaling $60.00, would be for the convenience of counsel, rather than a necessity to the case, and is not taxable." Objection (DE 379) at p. 4.

Defendants, however, did not order any "Litigation Support Package" or "Process and Handling" for the transcript of Plaintiff's deposition. Rather, these costs were automatically charged by the Court Reporter, US Legal Support. Additionally, Defendants did not order—and did not receive—any CD or physical copy of the deposition transcript from the Court Report. Defendants, therefore, do not know what services were covered by theses additional costs.

When the "Defendant asserts that it did not order these litigation support packages, and is unsure what they even contained, … Defendant should not have to incur an expense that it did not affirmatively order. … The litigation support package fees appear to have been dictated by the court reporter … and Defendant had no choice but to pay the fees to obtain the transcript of the various depositions. … Accordingly, Defendant should recover [ ] for the costs of the litigation support packages." *Matamoros v. Broward Sheriff's Office*, 18-CV-62813, 2022 WL 484828, at *4 (S.D. Fla. Jan. 31, 2022), *report and recommendation adopted*, 18-62813-CIV, 2022 WL 479883 (S.D. Fla. Feb. 16, 2022).

### B.   Plaintiff's objection that the deposition transcript invoice for Alfred Lutter "lacks transparency" is meritless and should be overruled.

Plaintiff disingenuously argues that it "has no method of understanding 'how' this invoice [for the deposition of Alfred Lutter] was calculated because ***it merely provides a total charge/cost***

3

_**and the number of pages of the transcript**_ – nothing more and no transparency." Objection (DE 4) at p. 4 (emphasis added).

As Plaintiff concedes, the invoice for the deposition transcript of Alfred Lutter provides the "total charge" (i.e., $386.25) and the "number of pages of the transcript" (i.e., 103 pages).

Based upon these figures, the transcript cost $3.75 per page (i.e., 386.25 divided by 103). And Plaintiff has conceded that $4.02 per page for a transcript is reasonable and taxable. _See_ Objection (DE 379) at p. 7 (arguing that Plaintiff should pay "$4.02 for each page of the 118 pages" of a hearing transcript).

Plaintiff's objection that this invoice "lacks transparency" is not a good faith objection. Plaintiff purports to "object to the total cost of this deposition transcript" because the invoice does not disclaim all conceivable phantom "ancillary costs" that would theoretically be "non-taxable." In other words, Plaintiff believes it should not have to pay for an admittedly taxable deposition transcript because it objects—in theory—to imaginary "ancillary costs" that are not expressly disclaimed in the invoice. That is not how invoices work. A vendor is not required to disclaim every possibly conceivable "ancillary cost."

The invoice is clear: it charged $3.75 per page for the transcript, nothing more. And Plaintiff does not—and cannot—contend that such a cost is non-taxable.

Moreover, the Court Reporter who issued the invoice _**was hired by Plaintiff**_—not by Defendants.

### C. Plaintiff's objection to the cost of the hearing transcript on Plaintiff's Motion for Preliminary Injunction should be overruled.

Plaintiff objects to paying for the hearing transcript for Plaintiff's Motion for Preliminary Injunction because "the witnesses at the injunction hearing, Mr. Cerasale and Mr. Mijares, were

also separately deposed and those deposition transcripts were entered into evidence." Objection (DE 6) at p. 6. This objection lacks merit for several reasons.

First, Mr. Cerasale's deposition was not taken. Plaintiff's contention that "Mr. Cerasale … [was] also separately deposed and those deposition transcripts were entered into evidence," therefore, is not correct.

Second, the deposition transcript of Plaintiff was not "entered into evidence" as Plaintiff contests.

Third, Plaintiff's contention that the "testimony at the injunction hearing did not directly address the issues in dispute and issues at trial" is also demonstrably incorrect. Prior to the trial, the parties stipulated that the following issues "remain[ed] to be litigated at trial":

1.  which party "owns the Mark";

2.  whether "Plaintiff abandoned the Mark through naked licensing";

3.  whether "Plaintiff revoked Defendants' license to use the Mark"; and

4.  "[w]hether the parties' customers or potential customers have been actually confused."

Joint Pretrial Stip. (DE 320) at pp. 8–9.

These trial issues are precisely the same issues that were the subject of testimony during the hearing on Plaintiff's Preliminary Injunction. Below is a sample of these topics covered by the testimony at the December 9, 2021 hearing:

**Plaintiff's testimony as to ownership of the Mark:**

Q. So in June 2006, Steven Cerasale transferred ownership of the logo to plaintiff?

A. In June 2006, Steven Cerasale brought, as part of his initial capital investment, the name, logo, and software. … Yeah.

Hr. Tr., Dec. 9 2021 (DE 272) at 32:13–20.

**Mr. Cerasale's testimony as to naked license:**

Q. Throughout Unisource Discovery, LLC's existence has … the plaintiff in this case ever told you how to use that logo?

A. No.

Q. Has the plaintiff ever said you can't use the logo a certain way?

A. No.

*Id.* at 54:13–19.

**Plaintiff's testimony regarding a revocation of license:**

Q. … You never asked for a licensing agreement from Unisource Discovery, LLC from 2009 through February 1, 2020, correct?

A. That is correct. … We had the right until we revoked the right in 2020. … We revoked it, yes.

*Id.* at 30:7–18.

**Plaintiff's testimony regarding confusion:**

But the infringements have been steady and very continuous for the past year and a half, reaching out to our clients confusing them by saying they are Unisource Discovery when they are telling them yes. … We have, like I stated before, over 19 known instances of confusion with the use of our name and the use of our trademark.

*Id.* at 37:12–38:6.

Plaintiff's contention that the testimony was not relevant and thus "not necessary … to prepare for trial" is, therefore, meritless.

### D.      Plaintiff's objection to the cost of copying trial exhibits should be overruled.

Plaintiff objects to paying any copying costs because Defendants ostensibly did not "provide more than the mere label that the costs they seek to recover are 'copying costs,'" which supposedly left Plaintiff unable "to review the documents supporting [the] request for printing and copying costs." Objection (DE 379) at pp. 8–9.

Defendants' Memorandum in Support of Bill of Costs specifically identify the documents that form the basis of the requested copying costs of $1,558.40:

> (1) Defendants' trial exhibits,
>
> (2) the trial exhibits of Plaintiff,
>
> (3) documents that Defendants used and/or expected to use as impeachment/rebuttal evidence during trial, and
>
> (4) operative pleadings, joint pretrial stipulation, Order *in Limine*, and case law relating to the parties' *ore tenus* motions at trial.

Defs. Memo. (DE 371) at p. 5. And Defendants' supporting documents reflect—on a document-by-document basis—the exact cost for each copy of the identified documents. *See* Copying Cost Invoices (DE 371-1) at pp. 8–11.

Plaintiff's Objection does not address the specific costs identified in Defendants' Memorandum (DE 371) and supporting invoices (DE 371-1). Plaintiff does not—and cannot—argue that the specific categories of copies Defendants identified (e.g., trial exhibits, impeachment documents, operative pleadings, case law relating to Plaintiff's *ore tenus* motions at trial, etc.) are non-taxable. *See Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1275–76 (M.D. Fla. 2019) ("The Court also agrees with Plaintiff that he may recover … exhibit copying costs …, '[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable …."); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) ("Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file. … Photocopying costs may be recovered even though the underlying document was not admitted at trial.").

Instead, Plaintiff objects to the copying cost "in its entirety" by baselessly asserting that Plaintiff "simply do[es] not have the ability to review the documents supporting [the] request for

printing and copying costs because" Defendants ostensibly provided "mere labels that identifies the attorney that made the copies and number of pages that were copied without anything more." Objection (DE 379) at p. 9. As explained above—and as confirmed by reviewing Defendants' Memorandum in Support of Bill of Costs—this contention is false.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court to overrule Plaintiff's objections and award Defendants their taxable costs in the amount of $4,477.40 and for such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 10, 2023, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde

| SERVICE LIST<br>*Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| --- | --- |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff,*<br>*Unisource Discovery, Inc.* | |

9