**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, et al.,

      Defendants.

---

**SUPPLEMENT TO REPLY TO RESPONSE TO
MOTION FOR FEES AND NON-TAXABLE COSTS (DE 384)**

Defendants/Counter-Plaintiffs (collectively, "Defendants") hereby respectfully submit

their brief supplement to their Reply to Plaintiff/Counter-Defendant's ("Plaintiff") Opposition to

Motion for Attorney's Fees (DE 384) for the Court consideration.

## SUPPLEMENT TO REPLY

Defendants respectfully submit the following supplement in response to Plaintiff's contention that Defendants did "not reference in their Motion that they objected" to Plaintiff's violation of the Order *in Limine* and, therefore, Plaintiff somehow must not have violated the Order. Pl.'s Opp. (DE 383) at p. 7.

> [PLAINTIFF'S COUNSEL:] In the interim, there were some problems that developed with respect to that software that Defendant Cerasale had contributed. All of a sudden plaintiff, Unisource Florida, receives a letter from a lawyer. Somebody claims superior rights to that software.
>
> MR. VELARDE: Your Honor, if I may apologize, I don't want to interrupt the opening, but Mr. Sanchelima is getting into the issues on the motion *in limine* which are going to be removed or barred from this case. So I apologize for cutting into Mr. Sanchelima's --
>
> THE COURT: All right. Overruled.

Trial Tr. (Exhibit "1" hereto) at 8:25–9:10.

> THE COURT: … I misunderstood the objection before regarding the motion *in limine*, and I thought you were referring to the earlier one but you were referring to the earlier order issued by Judge Otazo-Reyes. …
>
> MR. VELARDE: Yes, it had to do with the dispute between Mr. Alfred Lutter and Unisource Discovery of Florida and Judge Otazo-Reyes had granted that motion *in limine* that that evidence should not come in. ….
>
> THE COURT: … I mean, you [Plaintiff's counsel] asked basically about the substance of it, which arguably does violate her order. The whole point was her finding that it was marginally relevant. I can't disagree with her that it's marginally relevant …. I don't need to hear any more argument about it. It's already happened. … The bell has already rung. … I will say though, in the Court's prior rulings it doesn't matter who were the attorneys. The rulings are what they are.

Trial Tr. (Exhibit "2" hereto) at 2:10–4:6.

Defendants respectfully submit the following supplement in response to Plaintiff's contention that its "affidavit contains a typographical error" and "was supposed to [state that Plaintiff] did 'NOT' have a license." Pl.'s Opp. (DE 383) at p. 9.

> Q. So when you filed this litigation in 2020, you knew the difference between an implied license and ownership?
>
> A. I did. I became more educated into the terminology of the trademark language. …
>
> Q. Mr. Mijares, I would like to point you to paragraph ten of the affidavit …. [Y]ou swore that Unisource Florida only had an implied license until 2010. Correct?
>
> A. I did. … Now, the definition of implied license and license, maybe I messed that up, which is what I admitted already.
>
> Q. Let's look at paragraph 13. … It doesn't say implied license, does it?
>
> A. No, it says, "license." …
>
> Q. So, if I understood your testimony, you mentioned that you stated under oath in paragraph ten that you only had an implied license because you didn't really understand at that point what an implied license was versus a normal license. Correct?
>
> A. Correct. …
>
> Q. And in this you don't say implied license. … You had a license in 2006. That's what you were stating under oath, you had a license in 2006 all the way to 2010. That's what you stated under oath. Correct?
>
> A. That's what the affidavit states. …
>
> Q. In this affidavit, you testified, you stated under oath the 2006 operating agreement gave you a license. Correct?
>
> A. That's what it says.
>
> Q. That's what you said?
>
> A. Correct.

Trial Tr. (Exhibit "3" hereto) at 22:9–27:25, 52:1–54:4.

Respectfully submitted,

/s/ Victor M. Velarde
Juan C. Zorrilla
Fla. Bar No. 381403
Email: jzorrilla@fowler-white.com
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice

of Electronic Filing generated by CM/ECF, on March 30, 2023, on all counsel or parties of record

on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff,*<br>*Unisource Discovery, Inc.* | |

4