UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

    Plaintiff/Counter-Defendant,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs.
_____ /

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendants/Counter-Plaintiffs Unisource Discovery, LLC ("Unisource LLC") and Steven A. Cerasale ("Cerasale") (collectively, "Defendants") Memorandum in Support of Bill of Costs (hereafter, "Motion for Costs") [D.E. 371]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 375]. For the reasons stated below, the undersigned respectfully recommends that Defendants' Motion for Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff/Counter-Defendant Unisource Discovery, Inc. (hereafter, "Plaintiff") filed this lawsuit against Defendants pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., alleging that Defendants had infringed on Plaintiff's trademark. See Am. Compl. [D.E. 310]. Defendants filed a counterclaim for cancellation of the subject trademark. See Countercl. [D.E. 311]. On December 30, 2022, following a four-day jury trial and pursuant to the jury's verdict, the Court entered final judgment in favor of Defendants. See Final J. [D.E. 367].

On January 30, 2023, Defendants filed the instant Motion for Costs [D.E. 371] as the prevailing party in the action, seeking to recover $4,477.40 in taxable costs; and submitted invoices in support thereof as "Bill of Costs" [D.E. 371-1]. Plaintiff does not dispute that Defendants are the prevailing party in this case and are entitled to recover costs; however, Plaintiff argues that various items of costs are not recoverable and that the total amount should be reduced. See Pl.'s Objection to Motion for Costs (hereafter, "Response") [D.E. 379]. Defendants counter that Plaintiff's objections should be overruled because Plaintiff failed to comply with Southern District of Florida Local Rule 7.1(a)(3) (hereafter, "Local Rule 7.1(a)(3)"). See Reply to Pl.'s Objection to Bill of Costs (hereafter, "Reply") [D.E. 382 at 1].

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). In this case, Defendants are clearly the prevailing party given that the Court issued Final Judgement in their favor on December 30, 2022. Thus, Defendants are entitled to recover their costs pursuant to Rule 54(d).

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.

2

437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs in excess of those authorized by statute.  Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

### I.  Compliance with Local Rule 7.1 (a)(3)

As noted above, Defendants argue that Plaintiff's objections should be overruled because Plaintiff failed to comply with the conferral requirements of Local Rule 7.1(a)(3) prior to filing its objections.  See Reply [D.E. 382 at 1].  Local Rule 7.1(a)(3) provides, in relevant part, that "[p]rior to filing any motion in a civil case . . . **counsel for the movant** shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion", and counsel for the movant shall certify these efforts in the motion. S.D. Fla. L.R. 7.1(a)(3) (emphasis added).  Thus, Local Rule 7.1(a)(3) imposes a requirement to confer on the movant(s) rather than the party responding to the motion.  Therefore, the undersigned finds no merit in this argument and proceeds to fully address the items of costs sought by Defendants and Plaintiff's objections thereto.

### II.  Taxable Costs

In their Motion for Costs, Defendants seek to recover the following items:

| Expenses and Costs | Amount ($) |
|---|---|
| Deposition Transcript for Noel Mijares ("Mr. Mijares") | 1,602.30 |
| Deposition Transcript for Alfred Lutter's ("Mr. Lutter") | 386.25 |
| December 9, 2021, Evidentiary Hearing Transcript | 708.00 |
| February 3, 2021, and May 25, 2021, Discovery Hearing Transcripts | 222.45 |
| Costs of copying trial exhibits | 1,558.40 |
| **TOTAL** | **4,477.40** |

See Motion for Costs [D.E. 371].[1]

### A.  Deposition Transcripts

Defendants seek $1,602.30 for the deposition transcript of Mr. Mijares and $386.25 for the deposition transcript of Mr. Lutter.  See Motion for Costs [D.E. 371 at 2].  Plaintiff argues that the cost for Mr. Mijares' deposition transcript should be reduced by $60 to exclude costs for a litigation support package and process and handling fees.  See Response [D.E. 379 at 4].  With respect to Mr. Lutter, Plaintiff objects to the entire amount for his deposition transcript on the basis that Defendants failed to explain how the invoice was calculated or whether the total amount includes non-taxable "ancillary" costs.  Id. at 4–5.  The undersigned addresses these objections below.

#### 1.  Deposition Transcript of Mr. Mijares

Litigation support packages are generally not recoverable because they are incurred for the convenience of counsel.  See, e.g., Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010) (disallowing costs for litigation support packages).  However, Defendants contend that they did not order a litigation support package and are unsure what service was covered by this cost.  See Reply [D.E. 382 at 3].  Defendants further

---

[1] Plaintiff does not object to the cost of the May 25, 2021, discovery hearing transcript, which totaled $80.75.  See Response [D.E. 379 at 3].

4

argue that they did not affirmatively choose to incur processing and handling fees for Mr. Mijares' deposition transcript. Id.

Courts in this district have found that when a party did not order a litigation support package but is nevertheless charged for one by the court reporter, the party may recover costs for the litigation support package because it "should not have to incur an expense that it did not affirmatively order." See Matamoros, v. Broward Sheriff's Office, No. 18-CV-62813, 2022 WL 484828, at *4 (S.D. Fla. Jan. 31, 2022). This same rationale applies to processing and handling fees that were unilaterally charged by the court reporter. See Licausi v. Symantec Corp., No. 08-CV-60544, 2009 WL 3177566, at *4 (S.D. Fla. 29, 2009). Moreover, courts in this district have held that "delivery charges are recoverable based on the rationale that postage, handling and shipping expenses are part of the 'fees' of the printed transcript." Feise v. N. Broward Hosp. Dist., No. 14-cv-61556, 2017 WL 3315144, at *2 (S.D. Fla. Aug. 3, 2017).

Therefore, the undersigned finds that Defendants are entitled to recover the entirety of the costs associated with Mr. Mijares' deposition transcript.

**2. Deposition Transcript of Mr. Lutter**

Defendants seek to recover $386.25 for Mr. Lutter's deposition and argue that, because he was a key trial witness, his deposition transcript was necessary for use in the case. See Motion for Costs [D.E. 371 at 2]. Plaintiff does not dispute that Mr. Lutter's deposition was necessary for use in the case but objects to the amount on the basis that Defendants did not explain how the invoice was calculated or whether the total amount includes non-taxable "ancillary" costs; and further argues that the cost should be reduced to $200. See Response [D.E. 379 at 4-5]. Defendants counter that the invoice from the vendor is self-explanatory because it shows a charge of $3.75 per page for 103 pages, for a total of $386.25. See Reply [D.E. 382 at 4].

5

The invoice for Mr. Lutter's deposition transcript lists a "service" charge that is described as: "Copy of Transcripts: 103 Pages (Deposition of Alfred Lutter)" for a total for $386.25. See Bill of Costs [D.E. 371-1 at 4]. The undersigned finds this description to be straightforward and that, contrary to Plaintiff's argument, the amount does not include any "ancillary" costs. Therefore, Defendants are entitled to recover $386.25 for Mr. Lutter's deposition transcript.

### B. Hearing Transcripts

"Section 1920 gives district courts the discretion on whether to tax hearing transcripts." Gustave v. SBE ENT Holdings, LLC, No. 19-23961-CIV, 2021 WL 4463149, at *8 (S.D. Fla. Sept. 10, 2021), report and recommendation adopted, 2021 WL 4428208 (S.D. Fla. Sept. 27, 2021) (citing 28 U.S.C. § 1920(2)). "Hearing transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice." Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp., No. 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. Jul. 9, 2018), report and recommendation adopted, 2018 WL 4777166 (S.D. Fla. Jul. 24, 2018) (internal quotation marks and citation omitted).

#### 1. December 9, 2021, Evidentiary Hearing

Defendants seek to recover $708.00 for the transcript of the December 9, 2021, evidentiary hearing on Plaintiff's Amended Motion for Preliminary Injunction. See Motion for Costs [D.E. 371 at 3]. Plaintiff argues that the transcript, docketed at D.E. 272, is not recoverable because it "did not need to be entered into evidence to be 'necessarily obtained for use in the case.'" See Response [D.E. 379 at 6] (citation omitted). However, the record shows that both parties cited the transcript in their various motions and responses. See Defs.' Resp. to Pl.'s Objections to Report and Recommendation on Defs.' Mot. for Summ. J. [D.E. 275 at 5]; Defs.' Resp. to Objections to Report and Recommendation on Plf.'s Mot. for Prelim. Inj. [D.E. 277 at 3, 5–7]; Pl.'s Reply [D.E.

283 at 5]; Defs.' Opp'n to Plf.'s Mot. for Recons. [D.E. 330 at 3]. Therefore, the undersigned finds that the transcript of the December 9, 2021, evidentiary hearing was "reasonably obtained in preparation for additional argument and/or motion practice"; hence, that cost is taxable. See Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp., No. 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018).

Alternatively, Plaintiff argues the amount should be reduced from $708 to $474.30 to remove the expedited 3-day delivery charge that was included in the total amount sought. See Response [D.E. 379 at 7]; see also Bill of Costs [D.E. 371-1 at 5]. Defendants do not explain why it was necessary to incur expedited shipping costs for this transcript and do not rebut this argument in their Reply. Therefore, the undersigned finds that the expedited shipping costs were incurred for counsel's convenience and reduces the costs for the December 9, 2021, evidentiary hearing transcript to $474.30. See, e.g., Torres v. Carnival Corp., No. 12-23370-CIV, 2014 WL 11878361, *2 (S.D. Fla. Sept. 16, 2014) ("Costs to expedite delivery are not recoverable if they were 'merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only.'") (citation omitted).

### 2. February 3, 2021, Discovery Hearing

Defendants seek to recover $141.70 for the transcript of the discovery hearing held on February 3, 2021. See Motion for Costs [D.E. 371 at 3-4]. Plaintiff objects to this cost on the basis that the invoice "lacks some transparency" with respect to the 3-day expedited shipping charge and argues that Plaintiff should only recover $100 for this transcript. See Response [D.E. 379 at 8]. Defendants do not address this argument in their Reply, nor do they offer an explanation as to why it was necessary to incur an expedited shipping cost. Therefore, the undersigned finds that the expedited shipping costs were incurred for counsel's convenience and reduces Defendants'

reimbursement for this transcript to $100.  See Torres, 2014 WL 11878361, at *2.

### C. Costs of copying trial exhibits

Defendants also seek to recover $1,558.40 for costs of copying trial exhibits.  See Motion for Costs [D.E. 371 at 5].  Defendants assert that these costs consisted of "physical copies of (1) Defendants' trial exhibits, (2) the trial exhibits of Plaintiff, (3) documents that Defendants used and/or expected to use as impeachment/ rebuttal evidence during trial, and (4) operative pleadings, joint pretrial stipulation, Order in Limine, and case law relating to the parties' *ore tenus* motions at trial."  Id. at 6.  Plaintiff argues that these costs are not recoverable because Defendants' Bill of Costs does not provide sufficient detail or identify what the charges were for.  See Response [D.E. 379 at 9].

A prevailing party may recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  The moving party "must present evidence regarding the documents copied including their use or intended use." George v. Fla. Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008), report and recommendation adopted in part, 2008 WL 11412061 (S.D. Fla. Jul. 7, 2008) (citation omitted).  This evidence should include "information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009).  However, "costs for copies made merely for counsel's convenience" and "general copying costs without further description are not recoverable."  Id.

Here, Defendants argue that their Motion for Costs sufficiently details the documents that form the basis of their request and that their Bill of Costs [D.E. 371-1 at 8–11] "reflect—on a

8

document-by-document basis—the exact cost for each copy of the identified documents." See Reply [D.E. 382 at 7]. However, a review of the Bill of Costs reveals just the opposite: the records do not identify any documents with specificity or detail whether multiple copies of each document were made for the convenience of counsel. See Fogelman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991) (losing party "should not be held responsible for multiple copies of documents"). Instead, the Bill of Costs merely lists three pages of vague "Impression charges" or "Color Impression charges" with the number of pages copied, without any further description. See Bill of Costs [D.E. 371-1 at 8–11]. The undersigned finds that these "general copying costs" are insufficient to determine whether all of these costs are recoverable and comport with the categories of costs identified in the Motion for Costs. See Monelus, 609 F. Supp. 2d at 1335. Accordingly, the undersigned concludes that these costs are not recoverable.

Applying the foregoing reductions results in the following adjusted costs computation:

| **Expenses and Costs** | **Requested ($)** | **Allowed ($)** |
|---|---|---|
| Deposition Transcript for Mr. Mijares | 1,602.30 | 1,602.30 |
| Deposition Transcript for Mr. Lutter | 386.25 | 386.25 |
| Transcript for December 9, 2021, Evidentiary Hearing | 708.00 | 474.30 |
| Transcripts for February 3, 2021, and May 25, 2021, Discovery Hearings | 222.45 | 180.75 |
| Costs of copying trial exhibits | 1,558.40 | 0.00 |
| **TOTAL:** | **4,477.40** | **2,643.60** |

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendants' Motion for Costs [D.E. 371] be GRANTED IN PART, and that Defendants be awarded $2,643.60 in taxable costs as the prevailing party in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin

P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 25th day of May, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Darrin P. Gayles
Counsel of Record