UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23276-CIV-GAYLES/OTAZO-REYES

UNISOURCE DISCOVERY, INC.,

    Plaintiff/Counter-Defendant,

v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

    Defendants/Counter-Plaintiffs.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendants/Counter-Plaintiffs Unisource Discovery, LLC ("Unisource LLC") and Steven A. Cerasale ("Cerasale") (collectively, "Defendants") Verified Motion for Attorney's Fees and Non-Taxable Costs (hereafter, "Motion for Fees and Costs") [D.E. 372]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 375]. For the reasons stated below, the undersigned respectfully recommends that Defendants' Motion for Fees and Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff/Counter-Defendant Unisource Discovery, Inc. (hereafter, "Plaintiff") filed this lawsuit against Defendants pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., alleging that Defendants had infringed on Plaintiff's trademark. See Am. Compl. [D.E. 310]. Defendants filed a counterclaim for cancellation of the subject trademark. See Countercl. [D.E. 311]. On December 30, 2022, following a four-day jury trial and pursuant to the jury's verdict, the Court entered final judgment in favor of Defendants. See Final J. [D.E. 367].

On February 9, 2023, Defendants filed the instant Motion for Fees and Costs [D.E. 372] as the prevailing party in the action and initially sought to recover $311,582.50 in attorney's fees and $24,117.97 in non-taxable costs. See Motion for Fees and Costs [D.E. 372 at 1]. However, after considering Plaintiff's opposition, Defendants reduced their request for attorney's fees to $306,732.50. See Reply to Response to Motion for Fees and Non-Taxable Costs (hereafter, "Reply") [D.E. 384 at 10].

## DISCUSSION

### I.   Entitlement to Attorney's Fees and Non-Taxable Costs.

Defendants claim entitlement to attorney's fees pursuant to the Lanham Act, codified at 15 U.S.C. § 1117(a). Under the Lanham Act, "[t]he Court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional case" is one that "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). Plaintiff disputes that this was an "exceptional case" and argues that Defendants are not entitled to fees under the Lanham Act.

However, Plaintiff does not dispute that Defendants are entitled to recover their attorney's fees and non-taxable costs pursuant to Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.204. See Response in Opposition to Motion ("Response") [D.E. 383 at 11]. Therefore, the undersigned finds entitlement under FDUPTA and proceeds to address the amount of fees and non-taxable costs sought by Defendants and Plaintiff's objections thereto.

II.     Calculation of Attorney's Fees.

**Defendants seek to recover the following fees:**

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Victor M. Velarde ("Attorney Velarde") | 558.60 | 350.00 | 195,510.00 |
| Juan C. Zorrilla ("Attorney Zorrilla") | 67.90 | 500.00 | 33,950.00 |
| Lauren N. Alvarez ("Attorney Alvarez") | 170.85 | 230.00 | 39,295.50 |
| Joseph R. Englander ("Attorney Englander") | 14.50 | 500.00 | 7,250.00 |
| Esther Galicia ("Attorney Galicia") | 4.50 | 500.00 | 2,250.00 |
| Vanessa Brizo ("Attorney Brizo") | 3.10 | 250.00 | 775.00 |
| Lauren N. Alvarez (Law Clerk) | 112.91 | 200.00 | 22,582.00 |
| Matthew Shalna (Law Clerk) | 49.85 | 200.00 | 9,970.00 |
| **Requested Total** | **982.21** | | **311,582.50** |

See Motion for Fees and Costs [D.E. 372 at 17].

In assessing attorney's fees, "the Court must first determine the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate." See James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341, 1346 (S.D. Fla. 2007). "The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates." Parness v. Piazza Benvenuto Ristorante, Pizzeria & Mkt., Inc., No. 08-61604-CIV, 2009 WL 1117362, at *1 (S.D. Fla. Apr. 24, 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

A. *Reasonable Hourly Rate*

A reasonable hourly rate should be "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836

F.2d at 1299). "A court . . . 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Id.

With respect to the six timekeepers listed above, Plaintiff only objects to the hourly rates of Attorney Zorrilla and Attorney Galicia. Plaintiff argues that the $500 hourly rate for both attorneys should be reduced to $400 because neither attorney appears to have experience in trademark litigation. However, both attorneys have extensive litigation experience, with Attorney Zorrilla having 40 years of general litigation experience and Attorney Galicia having 37 years of appellate and litigation experience. Based on the undersigned's own experience and knowledge, the undersigned finds the hourly rate of $500 for Attorney Zorrilla and Attorney Galicia to be reasonable and appropriate.

B. *Number of Hours Expended*

As noted above, "a district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity." Parness, 2009 WL 1117362, at *2. "A fee applicant must set out the general subject matter of the time expended by the attorney 'with sufficient particularity so that the court can assess the time claimed for each activity.'" Diaz v. Solmar Rest., Inc., No. 08-21379-CIV, 2009 WL 10667781, at *4 (S.D. Fla. Aug. 7, 2009) (quoting Norman, 836 F.2d at 1303). "Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Eckerhart, 461 U.S. 424, 434 (1983).

Plaintiff objects to the overall number of hours expended by the timekeepers and argues that the Court should reduce Defendants' requested fee award to "within the range of $230,000–

4

$250,000." See Response [D.E. 383 at 1]. Although Plaintiff generally argues that Defendants overstaffed the case, Plaintiff fails to provide specific and cogent objections to the documented time entries. For instance, Plaintiff argues that there "is a total of 225.7 hours of more than one attorney working the same case matter." Id. at 18. As support for this contention, Plaintiff cites to pages 110, 120, and 125 of the time entries [D.E. 372-1]. Id. Upon reviewing these pages, however, only 14 time entries are listed for a total of 33.8 hours, far short from the 225.7 hours claimed by Plaintiff. Moreover, none of these entries appear to be duplicative. See Time Entries [D.E. 372-1 at 110, 120, 125].

Plaintiff also argues that the timekeepers "expended 14.90 hours for what appears to be doubling their research efforts". However, a review of the relevant time entries shows that the 14.90 hours spent by Attorneys Velarde, Brizo, and Englander included various tasks beyond researching, and does not reveal any duplication. See id.

Plaintiff also argues that Defendants' attorneys expended "89.79 hours for preparation for and taking part in the hearing on the motion for preliminary injunction" and references the first 23 pages of the time entries globally, without identifying any specific entry. See Response [D.E. 383 at 19]. Moreover, as noted by Defendants, those first 23 pages comprise over 700 different entries. See Reply [D.E. 384 at 8]. Indeed, these 700 plus time entries are for tasks ranging from responding to the Complaint, drafting Defendants' counterclaim, responding to discovery and attending discovery hearings, and responding to Plaintiff's motion for summary judgment, among various other tasks beyond simply responding to Plaintiff's three different motions for preliminary injunction. See Time Entries [D.E. 372-1 at 1–3, 8, 12, 16]. Thus, Plaintiff's objection that the timekeepers spent 89.79 hours preparing for the preliminary injunction hearing is baseless.

Likewise, Plaintiff's argument that Defendants' attorneys over-billed for "six attorneys" for work relating to Plaintiff's three motions for preliminary injunction is also meritless. See Response [D.E. 383 at 19]. In reality, the referenced time entries reflect that only one lawyer, Attorney Velarde, billed for attending the hearing on Plaintiff's third motion for preliminary injunction and only Attorney Velarde and Attorney Alvarez billed for researching and drafting responses to Plaintiff's three motions for preliminary injunction. See Time Entries [D.E. 372-1 at 4–5, 8, 22].

Finally, Plaintiff argues that the "41 court notices (for example, notice of hearing) drafted and reviewed by Victor M. Velarde, Esq. at a rate of $350.00 per hour" should have instead been drafted by "an associate, paralegal or even law clerk". See Response [D.E. 383 at 20]. Defendants respond that the hearing notices "could not have been drafted by a 'clerk' or paralegal' because the Court's Order . . . required the notices to 'specify the substance of the discovery matter' and because Plaintiff's extraordinary discovery misconduct required lengthy notices." See Reply [D.E. 384 at 10]. Given the undersigned's discovery protocol set forth in the Court's Order [D.E. 33 at 7] and based on the undersigned's knowledge of the number of discovery hearings that took place throughout this case, the undersigned agrees that Attorney Velarde was the appropriate person to draft the subject notices as lead counsel.

Plaintiff's only objection that appears to have merit relates to 24 entries for Attorney Zorrilla conferring with Attorney Velarde. See Response [D.E. 383 at 21]. Plaintiff argues that these entries do not sufficiently describe the nature of the attorneys' conferral; hence those fees are not recoverable. Id. In their Reply, Defendants conceded that these entries were not sufficiently detailed and agreed to omit them, thereby reducing their fee request from $311,582.50 to $306,732.50. See Reply [D.E. 384 at 11].

6

Therefore, the undersigned concludes that $306,732.50 is a reasonable attorney's fees award in this case.

### III. Calculation of Non-Taxable Costs

Defendants seek to recover the following non-taxable costs:

| Non-Taxable Costs | Amount ($) |
|---|---:|
| Deposition transcripts of witnesses that were taken in other cases | 2,389.35 |
| Long-distance telephone calls | 84.44 |
| Travel Expenses for Attorney Velarde and trial witness, Alfred Lutter | 14,094.24 |
| PACER charges | 76.80 |
| Westlaw research charges | 7,473.14 |
| **TOTAL** | 24,117.97 |

See Motion for Fees and Costs [D.E. 372 at 18]. Plaintiff does not address the costs for deposition transcripts or long-distance telephone calls, which suggests that he has waived any arguments opposing these costs. See Five for Ent. S.A. v. Rodriguez, No. 11-24142-CIV, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) ("A failure to address issues in response to a motion is grounds for finding that the claims have been abandoned."); Altare v. Vertical Reality MFG, Inc., No. 19-CV-21496, 2020 WL 209272, at *2 (S.D. Fla. Jan. 14, 2020) ("Plaintiff did not respond to this argument and, consequently, the Court deems any response waived."). Therefore, the undersigned finds Defendants are entitled to recover these items of costs.

With respect to PACER charges and Westlaw charges, Plaintiff objects to these costs as vague and argues that they should be denied on that basis. See Response [D.E. 383 at 22]. However, courts have found that costs for computerized legal research are recoverable as non-taxable costs "because the use of computerized legal research databases is not only much more efficient than traditional methods of conducting legal research but is necessary and within the standard of care for a qualified attorney practicing in federal court." Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., No. 5:04-cv-12-Oc-10GRJ, 2008 WL 906739 at *7 (M.D. Fla.

7

Apr. 2, 2008). Moreover, FDUPTA permits the recovery of litigation expenses that are "reasonable and related to the litigation." HRCC, Ltd. v. Hard Rock Café Int'l (USA), Inc., No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863778, at *9 (M.D. Fla. Mar. 26, 2018). Having reviewed the supporting invoices [D.E. 372-3], the undersigned finds that the PACER and Westlaw charges were related to this litigation and were reasonably incurred; hence, they are recoverable.

As to Defendants' request for costs associated with travel expenses, Plaintiff objects to Attorney Velarde's flight and hotel costs to meet with Defendants in California as "really a mini-vacation and a good example of 'overlawyering.'" See Response [D.E. 383 at 23–24]. Defendants counter that the meeting was necessary to prepare for trial and occurred only once in the days leading up to trial. See Reply [D.E. 384 at 11]. Indeed, the supporting invoices reflect that Attorney Velarde travelled to California on May 25, 2022, and flew back on May 27, 2022, in time for the then-scheduled trial period of June 6, 2022. See Invoices [D.E. 272-3 at 43–44]; Paperless Amended Order Setting Trial [D.E. 297]. Accordingly, the undersigned finds that these travel costs were reasonably incurred and were related to the litigation; hence, they are recoverable. See HRCC, Ltd., 2018 WL 1863778, at *9 (finding travel costs such as hotel lodging for counsel, tolls, and mileage related to depositions were recoverable under FDUPTA).

Having addressed Plaintiff's objections, the undersigned concludes that Defendants are entitled to recover all of their requested non-taxable costs in the amount of $24,117.97.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendants' Motion for Fees and Costs [D.E. 372] be GRANTED IN PART, and that Defendants be awarded pursuant to FDUTPA $306,732.50 in attorney's fees plus $24,117.97 in non-taxable costs, for a total award of $330,850.47.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 9th day of June, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Darrin P. Gayles
Counsel of Record