**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
      Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE, individually,
      Defendants.

_____

**OMNIBUS RESPONSE TO AND MOTION TO OVERRULE**
**PLAINTIFF'S OBJECTIONS TO NON-PARTY SUBPOENAS (DE 404 AND DE 405)**

Defendants / Counter-Plaintiffs / Judgment Creditors, Unisource Discovery, LLC and

Steven A. Cerasale ("Defendants"), hereby file their response to Unisource Discovery Inc.'s

("Plaintiff") Objections to Defendants' Non-Party Subpoenas (DE 404 and DE 405).

## INTRODUCTION

Plaintiff has stonewalled discovery and has violated the Court Orders requiring it to comply

with its discovery obligations. *See* Mot. to Hold in Contempt (DE 402); *se also* 2d Mot. to Hold

in Contempt (DE 403). Plaintiff also appears to be hiding its assets (as explained below).

Defendants served the subject Subpoenas after Plaintiff refused to produce documents,

refused to appear for its duly noticed deposition, refused to answer Interrogatories, refused to

respond to Requests for Admissions, refused to serve its Court-ordered Form 1.977, and refused

to comply with the Court Orders compelling Plaintiff to comply.

Specifically, the Subpoenas were served more than two months after Defendants requested

Plaintiff to produce "[a]ll documents reflecting payments for services and/or goods provided by

Unisource Discovery Inc. during the period of January 1, 2022 to the present," and received no

meaningful production. The Subpoenas are aimed at uncovering Plaintiff's 2023 revenues and

determining where those revenues are being diverted to.

Accordingly, Plaintiff's objections that the Subpoenas are meritless.

## ARGUMENT

**I.      The subpoenas were occasioned by Plaintiff's refusal to comply with discovery in aid of execution.**

Plaintiff argues that Defendants have "the ability to directly acquire the requested documents without a subpoena from judgment-debtor Unisource Discovery Inc" and, therefore, the subpoenas are "harassing to judgment creditor and non-party Client." Obj. (DE 404) at p. 4.

This contention is demonstrably false.

Defendants have repeatedly requested Plaintiff to produce documents and information relating to Plaintiff's 2023 revenues. And repeatedly, Plaintiff has refused to comply and obstructed discovery. And when the Court compelled Plaintiff to produce the documents and respond to Interrogatories regarding its revenues, Plaintiff simply chose to ignore the Court's Orders. Throughout this litigation, Plaintiff has exhibited a clear pattern of refusing to comply with this Court's Orders, and in so doing, refusing to provide necessary discovery and information.

For example, this Court ordered Plaintiff on September 18, 2023 to complete and serve a Form 1.977. (DE 396). That form is now overdue by 40 days and counting.

Additionally, Plaintiff was ordered by this Court to "respond to Defendants' Request for Production, Requests for Admission, and Interrogatories in Aid of Execution" by November 7, 2023. (DE 401). And yet, Plaintiff has refused to respond and has continued to concealed each and every piece of information that would indicate the location of its revenues.

Moreover, on the day of its duly noticed deposition, Plaintiff simply refused to attend due to a supposed dental emergency of Plaintiff's principal's daughter. Plaintiff's counsel ignored the undersigned's attempt to reschedule the deposition and has refused to coordinate a new date for the deposition.

In sum, Plaintiff has consistently evaded discovery (e.g., its Form 1.977, court-ordered production, and the deposition of its corporate representative) and provided no documents to reflect that it is currently doing business.

Plaintiff is currently conducting business and appears to be concealing and/or diverting its revenues to avoid satisfying the outstanding judgment against it. Specifically, Plaintiff does not have any opened bank accounts and appears not to have had any bank accounts in all of 2023. The last bank accounts that Plaintiff had in its name closed with a negative balance. But Plaintiff continues to operate its business and collect revenues. Plaintiff, however, has refused to disclose where its revenues are being diverted to.

Accordingly, Defendants served the two subject Subpoenas—not to "harass[ ] … judgment creditor and non-party Client," but rather to obtain the necessary discovery to aid executions.

## II.     Plaintiff's objections to the subpoenas are unfounded.

In its responses, Plaintiff lodged numerous objections to the Subpoenas, including that they are "duplicative," "harassing," "overbroad," and should not include Lisa Cote and the Subpoena, Summons, & Affidavit Company ("The Subpoena Company"), which is a company owned by Mr. Noel Mijares and Ms. Lisa Cote (who are the current officers of Plaintiff). Each of these objections are without merit.

### A.     Defendants' requests are not overbroad or unduly burdensome.

Each request in the Subpoenas are tailored to determining whether Plaintiff has been conducting business since January 1, 2023, and if so, to where those revenues are being diverted. The exact same information was requested from Plaintiff itself in Defendants' First Request for Production, and Plaintiff did not object but also did not produce any documents.

3

Plaintiff argues that these requests are overbroad because instead of asking for "specific transactions," the subpoenas ask for a "*catch-all* request[ ] for 11-months of 'all' transactions from Client … of transactions that occurred in the span of 11–12 months." (DE 405, p. 7), (DE 404, p. 7) (emphasis in originals).

Plaintiff's objection is self-evidently baseless. As a result of Plaintiff's stonewalling discovery, Defendants do not know of any "specific transactions" between Plaintiff and the subpoenaed non-parties.

But in any event, **_any_** revenues paid by the subpoenaed parties for Plaintiff's services is discoverable. Because Defendants as judgment creditors seeking information to aid execution, they are entitled to information relating to all of Plaintiff's revenues and sources of revenues, not just certain supposed "specific transactions."

Moreover, the case law is clear: "[o]bjections that state that a discovery request is '…overbroad, or unduly burdensome' are, standing alone, meaningless" unless they "explain the specific way in which a request is … overly broad, or unduly burdensome." *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012). To that end, "claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Id*.

Here, Plaintiff has not even attempted to identify the "specific way" in which the subject subpoenas are overbroad, outside of conclusory statements. (DE 405, p. 7). Moreover, Plaintiff certainly has not included an affidavit or other statement to demonstrate the bases of any of its objections.

Finally, Plaintiff does not have any standing to object that the Subpoenas are "unduly burdensome" for at least two reasons. First, the Subpoenas seek production from non-parties—not

from Plaintiff. And neither of the two non-parties have stated that production would be burdensome. And second, virtually identical requests were served on Plaintiff, and Plaintiff has already waived all objections to such requests.

Accordingly, Plaintiff's objections should be overruled.

**B.      The inclusion of Lisa Cote and The Subpoena Company is warranted.**

Plaintiff further objects that The Subpoena Company "is not a named party in these proceedings" and the information sought is "not necessary and relevant … to determine whether [the subpoenaed non-parties are] transferring and/or re-directing monies to the Subpoena Company to assist judgment debtor evade collection of the judgment." (DE 405, p. 11).

In fact, Plaintiff is the one who made The Subpoena Company relevant to this action. Plaintiff's current officers—Noel Mijares and his spouse, Lisa Cote—own and operate The Subpoena Company.

Two months ***after*** Plaintiff lost the trial in this case, The Subpoena Company filed a seemingly fraudulent "Loan Agreement" in the Miami-Dade Public Records, which was backdated to November 2022 (i.e., the month before the trial in this case). *See* Loan Agreement (Exhibit "1" hereto). According to the Loan Agreement, The Subpoena Company supposedly lent to Plaintiff— at some undisclosed time—upwards of $662,389.64 plus interest, which was ostensibly "secured" by "[a]ny and all Business Vendor Contract … Invoices, [and] Accounts Receivables." *Id.* at p. 2 ¶ 7.

The supposed "Loan Agreement" was signed by Noel Mijares (on behalf of Plaintiff) and his spouse Lisa Cote (on behalf of The Subpoena Company). Of course, the Loan Agreement appears to be a transparent fraudulent transfer by insiders attempting to evade payment of the Final Judgment in this case. But importantly, the Loan Agreement raises question about Plaintiff diverting its revenues, "Invoices, [and] Accounts Receivables" to The Subpoena Company.

Additionally, because Plaintiff closed its bank accounts and is hiding its assets, it appears that Plaintiff had The Subpoena Company pay for Plaintiff's attorney's fees in this case—which funds, upon information and belief, belong to Plaintiff.

The above conclusively refutes Plaintiff's contention that "there is no link between … Unisource Discovery Inc. and the Subpoena Company other than Lisa Cote."

And in any event, the Subpoenas are not aimed at obtaining any records that relate to The Subpoena Company or Lisa Cote in their individual capacities. Nor does Plaintiff suggest that the subpoenaed entities would have such records. Rather, the Subpoenas are aimed at obtaining only documents relating to Plaintiff and Plaintiff's services. But because Plaintiff closed its bank accounts and appears to be diverting its revenues, the Subpoenas cannot be limited to payment made only to Plaintiff.

Accordingly, Plaintiff's objections that the inclusion of The Subpoena Company and Lisa Cote is in any way improper or unnecessary should be overruled.

## CONCLUSION

For the reasons set forth above, Defendants / Counter-Plaintiffs / Judgment Creditors, Unisource Discovery, LLC, respectfully request the Court to overrule Plaintiff's objections to Defendants' two non-party subpoenas, and to award such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on December 12, 2023, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| **SERVICE LIST** | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com  *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

7