Honorable Darrin Phillip Gayles
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Room 11-
Miami, Florida 33128



FILED BY _____ MC D.C.

JAN 29 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Honorable Lauren Fleischer Louis
C. Clyde Atkins U.S. Courthouse
301 North Miami Avenue
11th floor
Miami, Florida 33128

Case: 1:20-cv-23276 DPG Unisource Discovery, Inc. v. Unisource Discovery, LLC et al

Dear Judge Gayles and Magistrate Louis,

I am writing to bring to your attention an important development in a parallel state matter related to the case you are overseeing. Enclosed with this letter, you will find a contempt order issued by a Miami Dade County Judge in this connected case.

In your court, there remains an unresolved Motion for Contempt against the Plaintiff/Counter Defendants (referenced in docket entries DE 402 and 407). The Miami Dade County Judge has determined that the Plaintiff/Counter Defendant, along with its principal, Noel Mijares, has failed to fulfill the requirements set out in Florida Rule of Civil Procedure Form 1.977. Specifically, they have not completed the form, including all required attachments, nor have they served these documents on the Defendants, Unisource Discovery, LLC, and Steven A. Cerasale.

This ongoing issue highlights a pattern of disregard for the orders issued not only by this Court but also by the Miami Dade County Court. Their behavior, which appears to include using stall tactics to divert funds, undermines the legal process and merits your attention.

Thank you for considering this matter. I remain a concerned citizen vigilant about the proper administration of justice.

Sincerely,

[A Concerned Citizen]

**CC: Judge Gayles; Judge Louis**

Filing # 190310111 E-Filed 01/23/2024 10:21:35 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2018-036161-CA-01
SECTION: CA06
JUDGE: Charles Johnson

**STEVEN CERASALE et al**

Plaintiff(s)

vs.

**UNISOURCE DISCOVERY, INC. et al**

Defendant(s)

_____/

## ORDER GRANTING FOURTH MOTION FOR IMMEDIATE ORDER TO SELL SHARES WITHOUT THIRD-PARTY OPINION

**THIS CAUSE** came before the Court upon Judgment Creditor's Fourth Motion for Immediate Order to Sell Shares Without Third-Party Opinion (the "Fourth Motion").

In three separate Orders, the Court compelled Judgment Debtors to comply with their post-judgment discovery obligations (including, but not limited to, producing all bank statements, financial statements, and native QuickBooks files). Despite the Court's three Orders, Judgment Debtors failed to comply. The Court has previously found that Judgment Debtors appeared to be purposefully evading answering questions regarding where Unisource Discovery Inc.'s revenues and raised unsupported and refuted excuses for their non-compliance (e.g., repeatedly claiming tha a pending Writ of Garnishment prevented them from compiling bank account statements, which claim was denied by the Garnishee).

On January 16, 2024, the Court entered an Order providing Judgment Debtors with one last chance to comply by January 19, 2024. The Court's January 16, 2024 Order warned Judgment Debtors Unisource Discovery, Inc. and Noel Mijares that any failure to timely comply with any portion of the Order "will" result in the imposition of "a fine of $100.00 per day for each day that Judgment Debtors fail to comply with [the] Order" and the issuance of "an Order allowing Judgment Cred to sell the cancelled and reissued shares of Unisource Discovery Inc. (pursuant to the Cour August 29, 2023 Order) without a third-party valuation and without further delay."

After reviewing the record, it is clear that Judgment Debtors have not complied with the Court's Orders and have attempted to stonewall discovery and evade the Court's rulings.

Accordingly, it is hereby

**ORDERED and ADJUDGED** that the Fourth Motion is **GRANTED** as follows:

1. Judgment Debtors, Noel Mijares and Unisource Discovery Inc., shall hereby be required to pay the sum of $100.00 per day for every day after January 19, 2024 until the parties jointly confirm to the Court that Judgment Debtors have fully complied with the Court's October 6, 2023 Order (DE 333), December 15, 2023 Order (DE 346), and January 16, 2024 Order (DE 358).

2. Judgment Creditor, Steven Cerasale, is hereby authorized to immediately sell the uncertificated shares of stock in Unisource Discovery Inc. that used to belong to Noe Mijares and were cancelled and reissued pursuant to the Court's August 29, 2023 Order (representing 25% of Unisource Discovery Inc.'s outstanding shares of stock)—either via private sale or auction.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 23rd day of January, 2024.

2018-036161-CA-01 01-23-2024 10:10 AM
Hon. Charles Johnson

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Diego Valdes, legal@ddvlawgroup.com
Diego Valdes, ddv@ddvlawgroup.com
Diego Valdes, ddvlaw@gmail.com
Juan C Zorrilla, jzorrilla@fowler-white.com
Juan C Zorrilla, tvargas@fowler-white.com
Juan C Zorrilla, vvelarde@fowler-white.com
Matthew Joseph Shalna, mshalna@fowler-white.com

Matthew Joseph Shalna, tvargas@fowler-white.com
Victor M Velarde, vvelarde@fowler-white.com
Victor M Velarde, tvargas@fowler-white.com
Victor M Velarde, chorton@fowler-white.com

**Physically Served:**

Filing # 190168002 E-Filed 01/20/2024 02:33:18 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2018-036161-CA-01

STEVEN CERASALE, et al.,

Plaintiffs,

v.

UNISOURCE DISCOVERY INC, et al.,

Defendants.

## FOURTH MOTION FOR IMMEDIATE ORDER
## TO SELL SHARES WITHOUT THIRD-PARTY OPINION

Judgment Creditor, Steven Cerasale, hereby moves for an immediate Order to sell the cancelled shares of Noel Mijares without third-party opinion in light of Judgment Debtors' complete failure to comply with th

1. Judgment Debtors cannot continue to operate with impunity.

2. In a transparent attempt to perpetrate a fraud upon the Court, Judgment Debtors filed a "Notice of Compliance" (DE 361) falsely representing to the Court that they "have provided all responsive documents" and attached a list of **33** supposed documents that were produced.

3. **_None_** of those "33" documents reflect Unisource Discovery Inc.'s financial information in 2024, 2023, and almost all of 2022.

4. In fact, **_18_** of those "33" documents were previously produced (most were produced in May 2021, i.e., almost 3 years ago). And **_14_** of these documents ar **_duplicates_** of each other. Another **_7_** of the "33" documents have nothing to do with Unisource Discovery Inc.'s finances.

5. But one document confirms a clear attempt to flout this Court's Orders.

6. On January 19, 2024, Noel Mijares attempted to issue back to himself his 25% shares of Unisource Discovery Inc.—in an unequivocal attempt to undo this Court's Order.

7. To be clear, the Court cancelled Noel Mijares's 25% shares in Unisource Discovery Inc. on August 29, 2023. *See* Order Cancelling Shares (DE 320).

8. In a clear attempt to thwart this Court's ruling, Noel Mijares went ahead and simply reissued those 25% shares back to himself on January 19, 2024. *See* Certificate of Shares (Exhibit "1" hereto). Unisource Discovery Inc. did not authorize issuance of those shares.

9. In other words, Judgment Debtors are under the mistaken impression that they can simply undo this Court's Orders with the flick of a pen.

10. And that is why Judgment Debtors have been stalling and buying time: to place as many ill-advised and fraudulent obstacles as possible between Judgment Creditor and execution.

11. Judgment Debtors have had more than sufficient time and many more than sufficient chances to comply with the Court's Orders

12. The Court has issued three separate Orders compelling Judgment Debtors to comply—i.e., Oct. 6, 2023 Order (DE 333); Dec. 15, 2023 Order (DE 346); Jan. 16, 2024 Ord (DE 358).

13. Based upon Judgment Debtors' own actions and representations before the Court, the Court has found that Judgment Debtors were "purposefully evading answering questions."

14. And in two separate Orders, the Court has warned Judgment Debtors about th consequences of non-compliance. *See* Dec. 15, 2023 Order (DE 346) at ¶ 5 ("If Judgment Debtors ... fail to timely comply with any portion of this Order, the Court will enter an Order to Show Cause as to Why Judgment Debtors Should not be Held in Contempt of Court."); Jan. 16, 2024 Order (DE 358) at ¶ 4 ("If Judgment Debtors ... fail to timely comply ..., the Court will impose upon Judgment Debtors a fine of $100.00 per day [and] .... will issue an Order allowing Judgment Creditor to sell the cancelled and reissued shares of Unisource Discovery Inc.").

2

15.     And with all that time they bought with frivolous excuses (e.g., falsely claiming that they could not access bank account statements), Judgment Debtors have caused as much harm as possible to avoid paying the Final Judgment.

16.     For example, in just the past year, Judgment Debtors have done the followi

    a.     Encumbered all of Unisource Discovery Inc.'s assets and pledged them—in full—to Noel Mijares's other company in exchange for nothing[1];

    b.     Zeroed out and closed all bank accounts of Unisource Discovery Inc. (i.e., the Citibank accounts contain a balance of negative $5.56 (DE 314) and the Axos Bank account contains a balance of $0.73 (DE 360));

    c.     Organized a business to compete against Unisource Discovery Inc. (i.e., iLegal Records Retrieval) to which Judgment Debtors appear to be diverting Unisource Discovery Inc.'s business opportunities; and

    d.     Issued a fraudulent "Stock Certificate" to Noel Mijares to replace the shares that were cancelled by Court Order.

17.     Judgment Debtors have also stonewalled all attempts to obtain necessary financial information.

18.     Not only have Judgment Debtors produced essentially nothing in response to discovery requests, but they also have refused to answer even basic questions at their deposition.

---

[1] At his deposition Noel Mijares admitted that in late 2022 or early 2023, he and his spouse supposedly "agreed" on behalf of Unisource Discovery Inc. to a "Loan Agreement" wherein Unisource Discovery Inc. pledged "everything Unisource Discovery, Inc. has available"—i.e., everything Unisource Discovery Inc. owns—to Noel Mijares and his spouse's other company, The Subpoena Company. *See* Dep. Tr. (Exhibit 2 hereto) at 108:14–110:15.

Egregiously, Unisource Discovery Inc. did not receive *any* money under that supposed "Lo Agreement." That is, Unisource Discover Inc. did not receive *any* money in exchange for pledging everything it owns.

Rather, Noel Mijares testified that the "Loan Agreement" (which pledged all of Unisource Discovery Inc.'s assets) ostensibly covered supposed "loans" that were allegedly made *almost 20 years ago*: "The loan encompasses .... payments received ... [in] 2017, 2016, 2015, 2014, 2013, 2012, 2010, 2009, 2008, 2007." *Id.* at 115:21–116:2. But no supposed "loan" was made in 2023—i.e., when the "Loan Agreement" was signed and recorded. *Id.* at 116:21–25.

19.     For example, Noel Mijares claimed not to know the following basic information at his deposition:

    a.    He did not know whether Unisource Discovery Inc. has any clients. *See* Dep. Tr. (Exhibit 2 hereto) at 7:16–24 (Q. Do you currently serve your clients? A. ... I really don't know ... Q. ... does Unisource Discovery Inc. currently have any clients? A. ... I don't think so. ... Q. So it's your testimony that you're not sure if your company currently has clients; is that correct? A. Correct.")

    b.    He did not know whether he is the CEO of Unisource Discovery Inc. *Id.* at 23:9–11 ("Q. And you are the CEO of Unisource Discovery Inc. [ ] correct? A. I don't know.")

    c.    He did not know whether he is a Director of Unisource Discovery Inc. *Id.* at 23:21–23 ("Q. Do you know whether you're the director of Unisource Discovery Inc.? A. I don't know."

    d.    He was not sure "whether Unisource Discovery Inc. is ... currently open for business." *Id.* at 9:8–11 ("Q. ... is Unisource Discovery currently open f business? A. I believe so, yes ... To the best of my knowledge.").

    e.    He testified that "the entirety of Unisource Discovery Inc.'s current reven go directly into that [Axos] Bank account," but Axos Bank confirmed that it currently has only $0.73 in the account (DE 360). *Id.* at 11:1–4.

    f.    He admitted that until August 2023, he was the President of iLegal Records Retrieval (which is a competing business that he opened, as President, in December 2022), but claimed not to know anything about the company [2]

---

[2] When he was asked whether iLegal Records Retrieval competed with Unisource Discovery Inc., Noel Mijares testified that he did not know anything because he was only "a consultant."

When pressed, Noel Mijares took the ridiculous position that (a) he was the President of iLegal Records Retrieval for eight months; (b) but he did not know anything about iLegal Records Retrieval because he was also simultaneously only a "consultant" with "very limited" informatio that "they provided to [him]"; but (c) "no one" worked with him "in connection with ... iLegal Records Retrieval"; and (c) he was "consulting ... on [his own] behalf ... consulting [him]self about iLegal Records Retrieval." *See* Dep. Tr. (Exhibit 2 hereto) at 125:11–13, 128:9–20, 132: 19, 130:11–17, 136:12–137:5.

It is beyond question that Noel Mijares lied under oath about iLegal Records Retrieval. It is also beyond question that Judgment Debtors are using such lies to stonewall discovery.

20. The Court has warned Judgment Debtors about the consequences of continued non-compliance many times over.

21. And, many times over, Judgment Debtors have refused to comply.

22. In its January 16, 2024 Order, the Court was clear:

> If Judgment Debtors ... fail to timely comply with any portion of this Order, *the Court will impose* upon Judgment Debtors a fine of $100.00 per day for each day that Judgment Debtors fail to comply with this Order, ... and *will issue an Order* allowing Judgment Creditor to sell the cancelled and reissued shares of Unisource Discovery Inc. (pursuant to the Court's August 29, 2023 Order) without a third-party valuation and without further delay.

Jan. 16, 2024 Order (DE 358) at ¶ 4.

23. Judgment Debtors have now completely failed to timely comply with the Court's latest "final warning" Order and filed a demonstrably false "Notice of Compliance."

24. The time has come to put an end to it.

For the foregoing reasons, Judgment Creditor respectfully requests the Court to immediately enter the proposed Order attached hereto as Exhibit "3" (which imposes a $1 per day fine on Judgment Debtors and provides to the sale of the cancelled and reissued shares without a third-party valuation), and for such further relief as the Court deems just and appropri under the circumstances.

5

Respectfully submitted,


/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-920
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via email this

19th day of January, 2024 to Diego Valdes, Esq. (ddvlaw@gmail.com; legal@ddvlawgroup.com;

ddv@ddvlawgroup.com).


/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

6

Noel MIZANES
1521 Alton Road
Suite 603, Fl 33139
MIAMI Beach, Fl 33139

MIAMI FL 3
24 JAN 2024 PM 6

Honorable DARRIN Gayles
Wilkie D Ferguson JR.
United states courthouse
400 North MIAMi AVENUE
Room 11
MIAMI, Fl 33128

RECD BY _____ D.C.

JAN 26 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

33128-180199