**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-CIV-DPG

UNISOURCE DISCOVERY, INC.,

      Plaintiff/Counter-defendant,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants/Counter-plaintiffs
_____

**UNISOURCE DISCOVERY INC.  MOTION TO INVESTIGATE FRAUD UPON THE
COURT PURSUANT TO THE COURT'S INHERENT AUTHORITY,
PURAUNT TO 18 U.S.C § 1028 AND 18 U.S.C. § 1341, AND
TO TEMPORARILY STAY THE CASE  PENDING THE INVESTIGATION**

Unisource Discovery Inc. ("Unisource") through the undersigned counsel, files this Motion

To Investigate Fraud Upon the Court pursuant to the District Court's inherent authority and pursuant

to 18 U.S.C § 1028 and 18 U.S.C. § 1341 and to temporarily stay the case pending the investigation

outcome, and states, as follows,

**PRELIMINARY STATEMENT**

This is a significant matter that involves identify theft and mail fraud.

On January 29, 2024, an unknown person (referred hereinafter as the "Sender") through the

United States Postal Service filed a counterfeit and fraudulent letter/motion with the United Stated

District Court [DE 409].

As the letter shows, the Sender intentionally counterfeited/stole Noel Mijares' name and

business address -- fraudulently making the United Stated District Court believe the motion/letter

was sent by Mr. Mijares  (President of Unisource) from his office address. *See* Exhibit "A" (affidavit

of Noel Mijares)

1

The other case referenced by the Sender, in the Miami-Dade Circuit Court, is still pending. In Sender's motion/letter, s/he provides the Court selective documents from Miami-Dade Circuit Court that provides a skewed recitation of the circuit court case and its current posture. In fact, Noel Mijares and Unisource are still litigating their counterclaims in the Miami-Dade circuit court case.

There is nothing legitimate about the Sender's January 29, 2024, motion/letter that is filed with the District Court and it is a complete and utter fraud, forgery, and counterfeit motion/letter, with the specific intent of deceiving the United States Federal Court to obtain a desired litigation outcome.

**<u>ARGUMENT</u>**

This serious criminal matter directly involves <u>identity theft</u> and <u>mail fraud</u> within a United States District Court in violation of 18 U.S.C § 1028a(4) and using interstate commerce through the United States Postal Service in violation of 18 U.S.C. § 1341.

"[A] federal district court the inherent power to deny the court's processes to one who defiles the judicial system by committing possesses a fraud on the court") *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989); *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995)(Federal courts have "the inherent power to regulate..."); *See also Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1545 (11th Cir.), *cert. denied,* 510 U.S. 863 (1993) (recognizing that federal courts have the inherent power to impose reasonable and appropriate sanctions on those appearing before them).

Unisource Discovery Inc. also files the instant Motion because there is a violation of 18 U.S.C § 1028 that could result in a felony that is punishable by "… a fine under this title or imprisonment for not more than 15 years ...".

18 U.S.C § 1028a(4) is defined as:

"knowingly possesses an identification document (other than one issued lawfully for the use of the possessor) or a false identification document, with the intent such document be used to defraud the United States;"

(Emphasis added)

In addition, pursuant to 18 U.S.C. § 1341 there are two elements in mail fraud: (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts, and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." *Schmuck v. United States*, 489 U.S. 705, 721 n. 10 (1989); *see also Pereira v. United States*, 347 U.S. 1, 8 (1954)

Specifically, the Sender, a person that is clearly involved with this case, violated 18 U.S.C § 1028a(4) and 18 U.S.C. § 1341 when using the U.S. Postal Service to commit identity theft against the United States by (1) filing a document/motion with the Federal Court, and through the U.S. Postal Service, that falsely used Noel Mijares identity and also falsely used Mr. Mijares business address; (2) assembling court documents as an exhibit to the counterfeit letter under the false identity of Noel Mijares; and (3) possessing intimate knowledge of two separate cases that involve similar parties to carryforward the identity theft upon the Federal Court, *i.e.,* fraud upon the United States of America.

Here, the mailed envelope received by the Clerk of the Court -- that enclosed the fraudulent letter/motion –  uses a false identity of Noel Mijares and also stole Mr. Mijares' office addresses to bolster the fraud. It is telling that this person, the Sender, did not need to fraudulently steal Mr. Mijares identity – for example, Sender's letter could have been sent by a fictious John Doe from 123 Main St. Florida.  As the envelope also confirms, the letter/motion was sent within Miami-Dade County, Florida. *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995)(the Ninth Circuit has found that, where a court concludes that a party will "… say anything at any time in order to prevail in this litigation" sanctions are warranted.)

To steal Mr. Mijares' identity in a letter/motion to the Court means that the letter <u>must be investigated by the Court</u>.

In the legal and business world trademark disputes are not an uncommon type of "<u>civil</u>" dispute that, as here, is solely between businesspersons and affects no other individuals than the actual parties in the case. While Unisource lost its trademark trial, no employee of Unisource has been terminated and nothing has changed on Unisource's corporate landscape since the jury verdict. As such, "how" and/or "why" the Sender is   " … vigilant about the proper administration of justice …" regarding a civil trademark dispute means that the Sender <u>must</u> be a party in this case and concerned about Your Honor's management of the case.

Except for a person that has been already before this Court in this case there is no other person that would care enough about this civil trademark dispute to literally steal Mr. Mijares' identity and file a letter/motion that is a proverbial "hit job" to obtain a certain outcome by committing fraud upon the Court.

As such, under the Court's inherent authority to control its docket, its courtroom procedure, violations of § 1028a(4) and 18 U.S.C. § 1341, an investigation must be initiated because the Sender's letter/motion that stole the identity (name and address) of Noel Mijares is a fraudulent district court filing, and thus, an intentional fraud upon the Court.

The following is the basis for the easy and reasonable deduction that the Sender of the counterfeit letter is a person currently involved with this case and has a direct stake in the outcome.

A.      **<u>Intimate Legal knowledge Of Each Case</u>**.

There can be little doubt that the Sender has a legal background, intimate knowledge of the state and federal court system, intimate knowledge of the parties, and intimate knowledge that the two cases are between the same parties but in different venues.  Because the two cases are in very different venues  -- state court and federal court --- the Sender is clearly a person that is, or has

been, involved in these cases as a party and therefore can easily tie-in these two unrelated cases.  It is impossible to imagine that this "concerned citizen" is a random layperson acting as a "vigilant" watch-dog that is truly concerned about the administration of justice of a civil trademark case which affects no other persons or the public at-large.

Also, the new Federal magistrate was appointed very recently (December 2023) and therefore the Sender understood to include the name of the newly appointed magistrate as opposed to the previous magistrate that would appear on most, if not all, of the filed documents a layperson would find on the Internet.  As of this filing, the new magistrate has not electronically signed any documents that are found in Pacer and/or otherwise found on the Internet.

These facts clearly deduce that the Sender is a person who is "currently" involved in this case, has an actual stake in the outcome of this case, and hiding behind the ruse of a "concerned citizen" to a civil trademark dispute, *vis-à-vis*, it is either a party or practitioner and reasonably could be no other person.

B. **<u>Using Legal Terms To Reference the attached "Fourth Motion For Immediate Order To Sell Shares Without Third Party Opinion" and Attached "Order Granting Fourth Motion For Immediate Order To Sell Shares Without A Third-Party Opinion</u>**"

In the second paragraph of the Sender's letter, he writes the following.

> "ln your court, there remains an unresolved <u>Motion for Contempt</u> against the Plaintiff/counter Defendants (referenced in docket entries DE4O2 and 407)"

(emphasis added)

It is notable that <u>neither</u> of the referenced motion and/or referenced circuit court order uses the world "contempt" within the body of these documents – all legal practitioners can agree that "contempt" is a very significant legal term with many different legal applications depending upon the matter.  In fact, the prayer for relief in the Sender's attached letter and referenced motion, as shown below, <u>does not</u> use the word "contempt",

"For the foregoing reasons, Judgment Creditor respectfully requests the Court to immediately enter the proposed Order attached here to as Exhibit "3" (which imposes a $1 per day fine on Judgment Debtors and provides to the sale of the cancelled and reissued shares without a third-party valuation),and for such further relief as the Court deems just and appropriate under the circumstances.

It is safe to deduce that an everyday layperson may label the referenced motion and court order as a "bad" order  and/or "serious" sanction motion – however, if ten (10) laypersons were asked to describe the referenced circuit court order and/or motion they would not use the legal term "contempt". This is a strong "tell" that the Sender is an attorney and/or a party that has intimately worked with a Florida attorney to draft and assemble this letter with specific attachments – clearly, the Sender has been intimately involved in this case and concerned with its outcome.

Therefore, the Court can safely deduce that the Sender is an attorney or an actual party because only an individual with years of legal experience would understand that the attachment to Sender's letter  is a motion seeking contempt **even though the attached motion does not use the legal term "contempt" within the motion itself**, and it is a court order that is essentially granting contempt **even though the order does not use the legal term "contempt"  within the order itself**.

Simply put, because the Sender knew to use the legal term "contempt" to describe the attached documents that <u>do not</u> use the word contempt within any of the documents themselves means this person has formal or informal legal experience through the assistance of an attorney and has been involved with this case.

C.      **<u>The Sender Knew To Tie-in Two Cases From Different Venues</u>**

Here, the Sender knew exactly how to tie-in the two cases from very different venues, and therefore, has must have an intimate knowledge of the parties, personalized knowledge of the posture of each case, and the recent outstanding issues that the Sender references. This act also means the Sender knew how to use the federal court "Pacer" system.  As known within the legal community, Pacer is a paid legal service solely for federal courts that most laypersons do not even

know exists.  Also, Pacer requires User ID and Password to access, is traceable with IP addresses for those login into specific cases, not easy to initially use and requires a fair amount of experience – to understand how to retrieve documents, find the correct federal court and its docket, and determine that a new magistrate was recently appointed in December 2023 *et al* means the Sender has experience in or around the legal community and/or experience with this case.

The fact that the letter/motion was also <u>recently</u> drafted and assembled -- this is known because the Sender references "very" recently filed documents in his letter/motion  -- means the Sender has experience with Pacer and the law, has a Pacer User ID and Password, had historical interaction with the two cases, and clearly has an actual stake in the outcome of the case.

Indeed, as mentioned, the Sender -- who is most likely intimately involved in the case – writes that he is concerned with how Your Honor is managing this case because that is the theme of the letter/motion.

<u>**CONCLUSION**</u>

For the foregoing reasons, and the fact that the Sender's fraud upon the Court is apparent from the false motion/letter that the Sender intentionally filed with the United States District Court through the United States postal system using identify theft, the Court must open an investigation to determine if a party is directly or indirectly involved with this fraud upon the District Court when filing a document that clearly employs identity theft.

**WHEREFORE,** Unisource Discovery Inc. respectfully requests:

1. The Court enter an Order that opens an investigation to determine the Sender's identity;

2. The Court enter an Order for an evidentiary hearing to take evidence from the parties with the goal of investigating the identity theft and determine if the Sender is a party;

3.  The Court enter an Order to temporarily stay/abate case movement until the investigation is completed; and

4.  Any other relief this Court believes is just and fair.

## CERTIFICATE OF SERVICE

I hereby certify that this notice was served via the CM/ECF E-Filing Portal on this 31st day of January 2024, upon all parties listed in the service list and notified via email.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924 By:

/s/ Diego David Valdes
Diego David Valdes, Esq.
Florida State Bar No.: 251010
Email: ddvlaw@gmail.com
legal@ddvlawgroup.com

Attorney for Unisource Discovery, Inc.

EXHIBIT "A"

# EXHIBIT "A"

## AFFIDAVIT OF NOEL MIJARES

State of Florida                                    )

County of Miami-Dade                               )

Noel Mijares personally appeared before me this 30ᵗʰ day of January 2024, and having taken an oath, Affiant stated that the information contained herein is true and correct. Affiant is personally known to me, and states as follows:

1. My name is Noel Mijares, and I am currently the President of Unisource Discovery, Inc.

2. I am over the age of 21.

3. On January 29, 2024, I was provided a motion/letter that was filed with the District Court. Upon reviewing the letter/motion I find it highly disturbing.

4. First, I did not send that letter/motion through the US postal system to be filed in the District Court even though this person has misappropriated my identity and misappropriated one of my business addresses. That is not my handwriting on the envelope and clearly I would not benefit from a letter/motion that is attempting to damage Unisource Discovery, Inc.

5. Based upon the letter/motion itself, I quickly noticed that this person is intimately involved with the State Circuit Court case and the District Court case. Clearly, this person is attempting to obtain a specific outcome through stealing my identity.

6. I also noticed that this person understands legal terminology far better than I do. I would have never labeled the referenced and attached motion as a "contempt" motion because it does not say the word contempt within the motion itself. As a layperson, I would never label the

1

attached Circuit Court order as a "contempt" order because the legal term "contempt" is not used by the circuit court within the order. Clearly, this person has a significant legal background and/or has an indirect or direct involvement with a Florida attorney.

7.      Because this person mailed the letter/motion to be filed in the District Court, I reasonably conclude that he has a stake in the outcome of the state circuit court case and the District Court case, and therefore, this person must be a party. Reasonably speaking, there is no individual that even knows there is a trademark dispute in the District Court and would have the chutzpah to send a fraudulent letter/motion that misappropriated my identity and business address to a federal district court other than a party that desires a certain outcome through fraudulent methods.

8.      I hereby declare under penalty of perjury that these statements are true and correct.

Noel Mijares

DATE:

County of Miami-Dade        )

State of Florida        )

**BEFORE ME**, the undersigned authority, personally appeared Noel Mijares, who is personally known to me, after being first duly sworn, deposes and states "Under penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true and correct."

**SWORN TO AND SUBSCRIBED** before me on this 30th day of January 2024.

Notary Public, _____

My Commission Expires:
(SEAL)

RUDINA DAKA
NOTARY PUBLIC
Comm. # HH 343971
My Comm. Expires
Apr 17, 2027
STATE OF FLORIDA

2