**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, et al.,
     Defendants.

---

### RESPONSE TO MOTION TO INVESTIGATE FRAUD UPON THE COURT (DE 410) AND SUPPLEMENTAL FILING OF MIAMI BEACH POLICE REPORT (DE 411)

Defendants/Counter-Plaintiffs/Judgment Creditors, Unisource Discovery, LLC and Steven A. Cerasale ("Defendants"), hereby file their response to Unisource Discovery Inc.'s ("Plaintiff") Motion to Investigate Fraud Upon the Court Pursuant to the Court's Inherent Authority and to Temporarily Stay the Case Pending the Investigation (DE 410) and Supplemental Filing (DE 411).

### ARGUMENT

1.    Defendants' respectfully submit that Plaintiff's Motion to Investigate (DE 410) and Supplemental Filing (DE 411) are unnecessary and ill-advised distractions.

2.    Although unclear, it seems Plaintiff is asking the Court to somehow "initiate" an investigation into what Plaintiff contends is a "serious criminal matter" arising from a strange letter sent to the Court from an anonymous "concerned citizen." *See* Motion (DE 410) at p. 2.[1]

3.    Defendants submit that nothing stops Plaintiff from investigating whatever it believes is worth investigating.

4.    But Plaintiff's request to "stay/abate case movement until the investigation is completed" betrays Plaintiff's real intent behind his Motion: to improperly stay execution of the Judgment against Plaintiff.

---

[1] It is Defendants' position that the strange anonymous letter should be ignored as irrelevant.

5. Plaintiff's goal is clear: delay, stonewall, and use that extra time to place as many obstacles as possible between Defendants and collection.

6. To date, Plaintiff has violated every Court Order requiring Plaintiff to comply with its post-judgment discovery obligations. *See* Mot. to Hold in Contempt (DE 402); *se also* 2d Mot. to Hold in Contempt (DE 403).

7. Plaintiff has also been either concealing its revenues or diverting its revenues to avoid satisfying the outstanding judgment against it.

8. In fact, Plaintiff has identified three bank accounts wherein Plaintiff swore under oath it deposits all its revenues (two of which were closed in 2023, and one of which was opened in late 2023 or early 2024).

9. Across all three bank accounts, Plaintiff has a total negative balance of -$4.83:

   a. Axos Bank Account balance (Acct. No. ending in 8450): $0.73

   b. Citibank Account balance (Acct. No. ending in 1409): $4.01

   c. Citibank Account balance (Acct. No. ending in 1412): -$9.57 (negative)

10. To conceal its revenues, Plaintiff has refused to identify a single customer or other source of revenues and has objected to every subpoena intended to obtain this information.

11. Moreover, Plaintiff's principal Noel Mijares and his spouse supposedly "agreed" on behalf of Plaintiff to pledge "everything Unisource Discovery, Inc. has available"—i.e., everything Plaintiff owns—to Noel Mijares and his spouse's other company, The Subpoena Company. *See* Dep. Tr. (Exhibit 1 hereto) at 108:14–110:15.

12. Additionally, just a few days after the jury returned a verdict against Plaintiff in this case, Plaintiff's principal (Noel Mijares) organized a business to compete against Plaintiff (which

2

he named iLegal Records Retrieval) to which Plaintiff appear to be diverting its business opportunities.[2]

13. Plaintiff's purpose for filing its Motion to Investigate (DE 410) and Supplemental Filing (DE 411) is clear: Plaintiff intends to use this distraction to attempt to stay execution of the Final Judgment.

14. For self-evident reasons, Plaintiff's Motion is frivolous and should be summarily denied.

15. As explained above, nothing stops Plaintiff from investigating what it considers to be a "serious criminal matter." Defendants do not take a position regarding Plaintiff's desire to "investigate" other than to state that Plaintiff's supposed desire to investigate has nothing to do with this action and cannot form the basis for a stay.

### CONCLUSION

For the reasons set forth above, Defendants / Counter-Plaintiffs / Judgment Creditors, Unisource Discovery, LLC and Steven Cerasale, respectfully request the Court to deny Plaintiff's Motion to Investigate and Supplemental Filing, and to award such further relief as the Court deems just and appropriate under the circumstances.

---

[2] During the deposition in aid of execution, Plaintiff's principal Noel Mijares admitted that he was the President of iLegal Records Retrieval from December 2022 to August 2023 and also admitted that he was the only person performing any work for iLegal Records Retrieval.

However, when asked about the competing business activities of iLegal Records Retrieval, Noel Mijares took the ridiculous position that (a) he was the President of iLegal Records Retrieval for eight months; (b) but he did not know anything about iLegal Records Retrieval because he was also simultaneously only a "consultant" with "very limited" information "provided to [him]"; but (c) "no one" worked with him "in connection with … iLegal Records Retrieval"; and (c) he was "consulting … on [his own] behalf … consulting [him]self about iLegal Records Retrieval." *See* Dep. Tr. at 125:11–13, 128:9–20, 132:6–19, 130:11–17, 136:12–137:5.

Respectfully submitted,


/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on February 20, 2024, on all counsel or parties of record on the Service List below.

/s/ Victor M. Velarde
Victor M. Velarde
Fla. Bar No. 105620

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

4