**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-DPG

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

v.

UNISOURCE DISCOVERY, LLC and
STEVEN A. CERASALE,

    Defendants.

_____/

## ORDER SETTING CONTEMPT HEARING

**THIS CAUSE** is before the Court upon Defendants Unisource Discovery, LLC and Steven A. Cerasale's Motions to Hold Plaintiff and its Counsel in Contempt of Court (ECF Nos. 402, 403). The Motions were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, for a ruling. (ECF No. 407).

Defendants obtained a final judgment against Plaintiff in this matter, including an award of attorney's fees and costs. *See* (ECF Nos. 367, 388, 389). In an attempt to complete post-judgment discovery, Defendants filed a motion to compel Plaintiff to complete Florida Rule of Civil Procedure Form 1.977 and, at a noticed discovery hearing, sought to compel Plaintiff's appearance at a deposition in aid of execution and Plaintiff's responses to their discovery requests. (ECF Nos. 395, 401). Defendants' Motions to Compel were granted, (ECF Nos. 396, 401), and were granted in part due to Plaintiff's failure to appear at the noticed discovery hearing. *See* (ECF No. 401). Defendants represent in their Motions that Plaintiff has failed to comply with either Court Order. Plaintiff has further failed to respond to the Motions seeking to hold it in contempt and the accusations therein remain uncontested.

1

Thus, the undersigned shall conduct a contempt hearing to determine whether a finding of civil contempt is proper.  A finding of civil contempt—willful disregard of the authority of the court—must be supported by clear and convincing evidence, which establishes "that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order."  *Riccard v. Prudential Ins.*, 307 F.3d 1277, 1296 (11th Cir. 2002).  At the contempt hearing, Plaintiff shall either demonstrate that it has complied with this Court's Orders, (ECF Nos. 396, 401), or show cause as to why it should not be held in contempt for its failure to comply.  Failure to attend the contempt hearing may result in a finding of contempt, the issuance of sanctions, and/or the entry of any remedial orders necessary to enforce the Court's jurisdiction and Federal Rule of Civil Procedure 37.

Plaintiff may purge itself from contempt of this Court and eliminate the need for conducting the contempt hearing if it complies with this Court's Orders, (ECF Nos. 396, 401), prior to the hearing. If Plaintiff complies prior to the hearing, it must certify to the Court in writing that it has done so.

It is hereby **ORDERED** that a corporate representative of Plaintiff Unisource Discovery, Inc. shall appear for an in-person Contempt Hearing on **Thursday, June 13, 2024, at 2:00 P.M.** in Miami Division before the undersigned at United States Courthouse, Clyde Atkins Bldg., 11th Floor, 301 North Miami Avenue, Miami, Florida.

Defendants' counsel shall serve this Order on Plaintiff via certified mail and shall file a notice of compliance once completed.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 24th day of May, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE