**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,
     Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
<u>NOTICE OF COMPLIANCE WITH COURT ORDER [D.E. 414]</u>**

Judgement Creditors, Unisource Discovery LLC and Steven A. Cerasale, hereby respond to Plaintiff's Notice of Compliance [D.E. 414].

**<u>ARGUMENT</u>**

Plaintiff's responses are self-evidently deficient for at least five important reasons.

**I.     First, Plaintiff has not provided _any_ documents, at all, and has not identified any responsive documents with any sort of specificity.**

Plaintiff served wholly unresponsive and evasive answers to the pending discovery requests. All such responses generally refer to documents that Plaintiff contends it produced over the past several years. *See* Response (Exhibit "1" hereto). This is an insufficient response and is evasive. Plaintiff has not produced any documents and has not identified a single responsive document with any specificity.

**II.    Second, Plaintiff has refused to produce any documents reflecting amounts charged to its customers for services and instead has completely evaded the Request.**

Request No. 19 asked for "the documents (including, but not limited to, invoices, emails, and other correspondence) reflecting the amounts charged or requested for any services …

CASE NO. 20-CIV-23276-DPG

provided by Unisource Discovery, Inc." In other words, the documents showing what Plaintiff has charged its customers in exchange for services.

In response, Plaintiff said that Plaintiff paid for "legal expenses, accounting, custodial fees, taxes." What does Plaintiff's payments for "legal expenses, accounting, custodial fees, taxes" have to do with the Request for invoices and other documents showing the amounts Plaintiff charged to its customers? For obvious reasons, Plaintiff's response is completely non-responsive.

And this is not an honest mistake or a misreading by Plaintiff.

Plaintiff's principal has admitted at his deposition that Plaintiff continues to operate its business and receive revenues. But after garnishing all of Plaintiff's bank accounts, Judgment Creditors have confirmed that **_none_** of those revenues have been deposited into any of Plaintiff's bank accounts. All of Plaintiff's bank accounts reflect either less than $20.00 or a negative balance.

Now, Plaintiff is refusing to produce documents showing where those revenues are being diverted to. And Plaintiff is pretending to "comply" by providing completely (and self-evidently) non-responsive answers.

III.    **Third, Plaintiff's evasive responses were accompanied by a self-serving spreadsheet (the metadata of which reflects that it was created two days ago), which shows that Plaintiff is withholding documents.**

The spreadsheet that Plaintiff prepared a couple of days ago references numerous documents that Plaintiff has not produced—e.g., it references a "journal," "accounts payable," and other documents that ostensibly were "deleted."

When the undersigned asked Plaintiff to produce the "journal" and the other documents referenced in Plaintiff's spreadsheet, Plaintiff responded that the "journal was prepared to show every single transaction from 2007 to present" and simply chose not to produce that journal.

2

**IV.   Fourth, Plaintiff has not provided any documentation showing what Plaintiff ostensibly did with the $600,000 plus that Plaintiff now contends it owes to another insider company.**

Two months after Plaintiff lost the trial in this case, Plaintiff's principal (Noel Mijares) recorded in the Miami-Dade public records a back-dated "Loan Agreement" signed by himself and his spouse. That backdated Loan Agreement reflected that Plaintiff supposedly owes Mr. Mijares's other company more than $600,000 in "loans."

This maneuver clearly appears to be a fraudulent transfer aimed at saddling Plaintiff with fraudulent "debt" to avoid paying Judgment Creditors.

The documents available to Judgment Creditors reflect that Plaintiff wasted hundreds of thousands of dollars to pay for Mr. Noel Mijares's personal expenses—i.e., payment to an unknown "mortgage" that does not belong to Plaintiff, extravagant lunches, excessive payments directly to Mr. Mijares, significant payments to Luisa Mijares (whom Judgment Creditors suspect is Mr. Mijares's mother), more than $50,000.00 in "legal fees" payments to an attorney who has been disbarred since 2018, and so on.

Because Plaintiff claims that it received more than $600,000 in supposedly legitimate "loans," then Plaintiff must show what it used those loaned monies for. Plaintiff's completely evasive responses are unacceptable.

**V.   Finally, the self-serving spreadsheet that Plaintiff created a couple of days ago details—down to the penny—more than 1,200 transactions that are not supported by any previously produced document.**

Plaintiff's self-serving spreadsheet reflects more than 1,200 specific transactions that Plaintiff contends it has had with Mr. Mijares's other company dating as far back as 2007. But the documents that Plaintiff refers to as "already produced" do not reflect any such level of detail.

The only way for Plaintiff to know such level of minute detail of specific transactions for a period of more than sixteen years is that Plaintiff has other documents that it used to prepare the

3

spreadsheet. And Plaintiff simply has refused to produce those documents—option instead to produce a self-serving spreadsheet.

## **CONCLUSION**

Plaintiff has not complied and has not attempted to comply in good faith. Moreover, Plaintiff's act of filing of its "Notice of Compliance" is disingenuous. On June 12, 2024, counsel for Judgement Creditors notified Plaintiff's counsel that the responses were wholly deficient and explained the reasons why. Plaintiff's counsel filed this "Notice of Compliance" anyway without resolving (or attempting to resolve) any of the issues mentioned by counsel for Judgment Creditors.

At this time, it appears Plaintiff is adamant that it will not attempt to comply with its discovery obligations and will continue to stonewall discovery. This has been a consistent pattern in this litigation, which has required numerous Orders compelling Plaintiff's compliance, numerous additional Orders imposing sanctions, and even more Orders compelling Plaintiff to comply with the Sanctions Orders. It appears that without a finding of contempt and sanctions imposed on Plaintiff and its counsel, Plaintiff will continue to ignore its obligations.

For the reasons set forth above, Judgment Creditors respectfully request the Court to enter an Order providing the following relief:

      a.     holding Plaintiff and its counsel in contempt of Court;

      b.     imposing upon Plaintiff and its counsel a daily fine until Plaintiff serves complete responses to Defendants' discovery requests and make a complete production of responsive documents;

      c.     awarding Defendants their reasonable attorney's fees and costs in connection with this Motion; and

      d.     providing such further relief as the Court deems just and appropriate under the circumstances.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

Respectfully submitted,

/s/ Chloe M. Horton
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

Chloe M. Horton
Fla. Bar No. 1039500
Email: chorton@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:     (305) 789-9201

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on June 13, 2024, on all counsel or parties of record on the Service List below.

 /s/ Chloe M. Horton
Chloe M. Horton
Fla. Bar No. 1039500

| SERVICE LIST | |
|---|---|
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff, Unisource Discovery, Inc.* | |

6