**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-DPG

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC and
STEVEN A. CERASALE,

     Defendants.

_____/

**<u>ORDER</u>**

**THIS CAUSE** is before the Court upon Defendants Unisource Discovery, LLC and Steven A. Cerasale's Motions to Hold Plaintiff and its Counsel in Contempt of Court (ECF Nos. 402, 403). A response was not filed, and the time to do so has passed. The Motions were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, for a ruling. (ECF No. 407). A Contempt Hearing was held on June 20, 2024. Having reviewed the Motion, the arguments advanced at the hearing, the record as a whole, and being otherwise fully advised, Defendants' Motions (ECF Nos. 402, 403) are **GRANTED**, as follows.

## I.    BACKGROUND

Defendants obtained a final judgment against Plaintiff in this matter, including an award of attorney's fees and costs. *See* (ECF Nos. 367, 388, 389). In an attempt to complete post judgment discovery, Defendants filed a motion to compel Plaintiff to complete Florida Rule of Civil Procedure Form 1.977 and, at a noticed discovery hearing, sought to compel Plaintiff's appearance at a deposition in aid of execution and Plaintiff's responses to their discovery requests. (ECF Nos. 395, 401). Defendants' Motions to Compel were granted. (ECF Nos. 396, 401). Notably, Plaintiff failed

1

to respond to the Motion to Compel its completion of Form 1.977, and failed to appear at the noticed discovery hearing.  *See* (ECF Nos. 395, 396, 401).

Defendants represent in their Motions that Plaintiff failed to comply entirely with either Court Order.  Plaintiff further failed to respond to the instant Motions seeking to hold it in contempt and the accusations therein remain uncontested.  The matter was ultimately set for a Contempt Hearing on June 20, 2024 (the "Contempt Hearing").[1]

Prior to the Contempt Hearing, Defendants filed a Notice representing that Plaintiff had produced some documents responsive to the Court's Orders, but this production was not in relation to the instant action, but rather was for an independent state action.  *See* (ECF No. 417).  Defendants further represented that Plaintiff completed Form 1.977 and agreed to sit for deposition, which was ultimately not conducted due to incomplete document production.

Plaintiff then filed a Notice representing it had complied with the Court's Orders by responding to Defendants' discovery requests.  *See* (ECF No. 422).  Defendants responded asserting that Plaintiff's discovery responses were not adequate, attaching the asserted deficient discovery responses.  *See* (ECF Nos. 423, 423-1).  Plaintiff then amended its responses to Defendant's discovery requests once again.[2]  At the Contempt Hearing, Defendants acknowledged that they had been in receipt of the amended responses, but still disputed the adequacy of the responses provided.  Defendants further represented that Plaintiff's corporate representative had been deposed as previously requested.

---

[1]  A contempt hearing was originally scheduled for June 13, 2024.  Due to the Court's closure as a result of inclement weather, the hearing was reset to be held by remote videoconference on that same day.  Based on the technological difficulties the Parties experienced, the Court rescheduled the Contempt Hearing to occur on June 20, 2024.
[2]  Initially, Plaintiff improperly filed its amended discovery responses on the docket, which was subsequently stricken by the undersigned.

## II.       DISCUSSION

"District courts have inherent power to enforce compliance with their orders through civil contempt." *United States v. Marc*, No. 618CV2147ORL37EJK, 2019 WL 7461689, at \*4 (M.D. Fla. Dec. 16, 2019), *report and recommendation adopted*, No. 618CV2147ORL37EJK, 2020 WL 42866 (M.D. Fla. Jan. 3, 2020) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980)).  Civil contempt "is a severe remedy," and the burden on a litigant requesting that sanction is therefore "a high one." *In re Roth*, 935 F.3d 1270, 1277 (11th Cir. 2019) (quoting *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019)).  A party requesting civil contempt for noncompliance with a court order must demonstrate by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (emphasis omitted); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010).

In lieu of being held in contempt of Court, Plaintiff may be sanctioned for its conduct under Federal Rule of Civil Procedure 37(b).  *Affiliati Network, Inc. v. Mecham*, No. 19-21531-CV, 2022 WL 19402472, at \*1 (S.D. Fla. Nov. 14, 2022) (declining to hold a contempt hearing to provide defendants another opportunity to comply with the court's orders, and sanctioning defendants under Rule 37(b)); *Amedisys Holding, LLC v. Siebu*, No. 8:20-CV-1031-JSM-AAS, 2022 WL 227562, at \*2 (M.D. Fla. Jan. 26, 2022) (imposing sanctions in the form of the movant's reasonable expenses, including attorney's fees, under Rule 37).  Rule 37(b) provides that "[i]nstead of or in addition to [such a sanction], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(c); *see also* Fed. R. Civ. P. 37(d)(3).  "Rule 37 sanctions are imposed not only to prevent

3

unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982).

It is not disputed that Plaintiff failed to timely comply with the Court's Orders.  Indeed, Plaintiff failed to respond to the instant Motions, and did not dispute this fact at the hearings before the undersigned.  However, notably, Plaintiff has since taken corrective action to be in compliance with the Court's Orders, albeit several months after compliance was required.  At the Contempt Hearing, Defendants represented that, rather than requesting a recommendation from the undersigned for further contempt proceedings, Defendants sought an award of its reasonable fees and costs under Federal Rule of Civil Procedure 37 in prosecuting the instant Motions.

The court has substantial discretion in deciding whether and how to impose sanctions under Rule 37.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).  "That discretion, however, is not unbridled.  The extent of the sanctions must be 'reasonable in light of the circumstances.'" *Amedisys Holding, LLC*, 2022 WL 227562, at *2 (quoting *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985)).

Originally, the Court ordered Plaintiff to complete, under oath, Form 1.977 by November 2, 2023.  (ECF No. 396).  On November 11, 2023, Defendants represented in their Motion, (ECF No. 402), that Plaintiff had failed to comply; a contention that is unrebutted by Plaintiff.  On June 7, 2024, Defendant notified the Court of Plaintiff's ultimate compliance in completing Form 1.977.  (ECF No. 417).

After a noticed discovery hearing, Plaintiff was ordered to respond to Defendants' discovery requests by November 7, 2023 and to appear for a deposition at a time to be coordinated by Plaintiff's counsel.  (ECF No. 401).  In the instant Motion, Defendant represented that Plaintiff had failed to provide discovery responses by this deadline.  In a notice filed before the Contempt Hearing, Defendants represented that they received relevant discovery, but due to discovery produced in an

4

unrelated state action.  Notwithstanding this production, Defendant asserted that Plaintiff had failed to provide relevant discovery to numerous outstanding requests; again, an assertion uncontroverted by Plaintiff.  Before the Contempt Hearing, Plaintiff revised its discovery responses twice, each time Defendants still representing the responses were deficient.

Regarding the deposition of Plaintiff's corporate representative, Defendants represented that the deposition was scheduled but ultimately canceled due to Plaintiff's failure to provide responsive discovery.  At the Contempt Hearing, Defendants represented that the deposition had since occurred.

In failing to respond to the instant Motions, Plaintiff also has not offered any justification that would excuse its failure to timely comply.  Accordingly, Plaintiff shall reimburse Defendants for the reasonable costs and attorneys' fees incurred by Defendants in prosecuting the instant Motions.  At the Contempt Hearing, defense counsel estimated the fees incurred to amount to $2,250.00, which included 2.0 hours incurred for defense counsel's time expended at an hourly rate of $275.00 and 4.0 hours for her colleague's time at an hourly rate of $425.00.  Plaintiff shall have seven days from the Contempt Hearing to confer with Defendants regarding Defendants' estimated fees.

If any dispute persists over Defendants' demand, Defendants shall file, by no later than **FOURTEEN (14) DAYS** from the date of the hearing, a memorandum in support of its demand for fees of no longer than 5 pages (not including exhibits evidencing hours incurred).  In the memorandum, Defendants' costs and fees are not limited to those estimated at the Contempt Hearing, which notably did not account for all time incurred by Defense counsel.  In that memorandum, Defendants shall indicate any agreement reached with Plaintiff's counsel and support any request with documentation of the expenses sought.  Plaintiff may respond to Defendants' filing within **FOURTEEN (14) DAYS** from the date of its filing.  In its response, Plaintiff will be afforded the opportunity to advance any circumstances that would render such an award unjust.

Regarding Plaintiff's amended responses to Defendants' discovery requests, Plaintiff will be afforded a final opportunity to comply and properly respond to the discovery requests by **July 8, 2024**.  Plaintiff shall produce any documents from which Plaintiff used to derive the data from the produced accounting ledger for the relevant time period of January 1, 2022 to the present.   In amending its responses, if there are no responsive documents to a request, Plaintiff shall so specifically state in a verified response.

Plaintiff shall also refrain from asserting objections.  Plaintiff failed to timely respond to Defendants' discovery requests, and in the absence of any meaningful explanation of its failure, its objections are now deemed waived.  Plaintiff's responses shall refrain from asserting any objection other than assertion of privilege.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *Bank of Mongolia v. M & P Global Fin. Servs., Inc.*, 258 F.R.D. 514, 518 (S.D. Fla. 2009).  Failure to serve a privilege log compliant with Southern District of Florida Local Rule 26.1 in support of any asserted privilege and concurrently with the asserted objections will similarly result in waiver of any such asserted privilege.

Plaintiff is again cautioned that if it continues to refuse to participate in post judgment discovery process, additional sanctions may be warranted, including a finding of contempt and a daily fine until it complies.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii); *see also Prepared Food Photos, Inc. v. Perry Wings Plus, Inc.*, No. 22-CV-61883-RAR, 2023 WL 8644651, at *2 (S.D. Fla. Dec. 13, 2023); *Grace v. Ability Recovery Servs., LLC*, No. 3:18-CV-962-J-39JRK, 2020 WL 7389918, at *3 (M.D. Fla. Jan. 13, 2020), *report and recommendation adopted*, No. 3:18-CV-962-J-39JRK, 2020 WL 7389991 (M.D. Fla. Feb. 12, 2020).

## III.    CONCLUSION

Based on the foregoing, Defendants' Motions to Hold Plaintiff and its Counsel in Contempt of Court (ECF Nos. 402, 403) are **GRANTED**, to the extent Defendants sought sanctions under Federal Rule of Civil Procedure 37(b).

A status conference is set in this matter on July 9, 2024 at 9:00 A.M. in Miami Division before Magistrate Judge Lauren Fleischer Louis at United States Courthouse, Clyde Atkins Bldg., 11th Floor, 301 North Miami Avenue, Miami, Florida.  Upon Defendants' filing of a notice certifying Plaintiff's compliance with this instant Order, the status conference will be canceled.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 1st day of July, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE