**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.

      Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, a
California limited liability company, and
STEVEN A. CERASALE, individually,

      Defendants.

---

**VERIFIED MOTION FOR ATTORNEYS' FEES**

Pursuant to the Court's Order entered on July 1, 2024, Defendants, hereby move for an award of attorneys' fees in the amount of $6,087.50 against Plaintiff.

**ARGUMENT**

**I.     The time expended on the subject motions.**

Defendants' counsel have dedicated 21.30 hours to prosecuting the instant motions [D.E. 398, 399, 402, 403]. A lot of that time was expended as a result of Plaintiff's refusals to confer, refusals to comply with Court Orders, refusing to coordinate hearings, and litigation tactics to waste the Court's and Defendants' counsels' time.

The hours expended and a description of each task done during those hours is set forth in detail in Exhibit "1" hereto. Below is a summary of the timekeepers and hours expended:

| Timekeeper | Hours |
|---|---|
| Victor M. Velarde, Esq. | 10.40 |
| Chloe M. Horton, Esq. | 8.90 |
| **Total** | **19.30** |

The hours expended to prosecute these motions included the following:

1. drafting the discovery;

2. attempting to coordinate the discovery hearing with Plaintiff's counsel;

3. attending the first hearing on Defendants' Motion to Compel;

4. attempting to coordinate the deposition of Plaintiff;

5. preparing Defendants' Motion to Hold Plaintiff in Contempt;

6. communicating with Plaintiff's counsel regarding Plaintiff's failure to comply with the Court's Order;

7. preparing Second Motion to Hold Plaintiff in Contempt;

8. attempting to coordinate a hearing on the Motion for Contempt;

9. preparing Defendants' Notice of Outstanding Discovery;

10. reviewing multiple rounds of insufficient responses and documents; and

11. attending at the contempt hearing.

## II. The hourly rates claimed for each timekeeper.

The undersigned's hourly rate is $275.00.

The Court's Order awarding Defendants' attorney's fees [D.E. 387, 388] ruled that an hourly rate of $350.00 is reasonable for Attorney Velarde for this litigation.

At the June 20, 2024 hearing, the undersigned informed the Court that Attorney Velarde's standard hourly rate was $425.00. This is accurate. However, due to the long-standing relationship between Attorney Velarde and Defendants, Attorney Velarde had agreed to substantially reduce his hourly rate to be paid by Defendants to $210.00 for this litigation.

"[T]he agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate. Instead, as the magistrate judge correctly noted, an agreed-upon rate is relevant evidence to determine the fee rate, but it is not necessarily determinative." *Tire*

2

*Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001) (awarding a higher hourly rate than was charged by the attorneys to the party); *see also City of Huntsville v. Proliance Energy, LLC*, CV-02-HS-1296-NE, 2005 WL 8158017, at *1 (N.D. Ala. July 1, 2005) ("[T]he court must reject the defendants' argument that the court is prohibited from awarding more than the plaintiff's contract-rate. Instead, the court must issue an award that provides 'the reasonable worth of services rendered.' The only limitation … is that the rate the court awards must not result in a 'windfall for the prevailing party.'").

Defendants respectfully submit that the following rates are reasonable, well in line with (and even below) market rates, and should be awarded:

1.      $350.00 for Victor M. Velarde, Esq.'s time;

2.      $275.00 for Chloe M. Horton, Esq.'s time.

*See CBRE, Inc. v. Capital Commercial Real Estate Group, Inc.*, 19-61235-CIV, 2019 WL 7708503, at *2 (S.D. Fla. Oct. 10, 2019), *report and recommendation adopted*, 19-CIV-61235-RAR, 2019 WL 7708499 (S.D. Fla. Oct. 28, 2019) (holding that the following rates were reasonable in a trademark infringement case: $360.00 for an "associate in the firm who has been practicing law for 5 years"); *Tobinick v. Novella*, 14-80781-CV, 2018 WL 6978637, at *5 (S.D. Fla. Nov. 20, 2018), *report and recommendation adopted*, 9:14-CV-80781, 2018 WL 6978629 (S.D. Fla. Dec. 6, 2018) (awarding the following hourly rates in a trademark case: $325.00 for "an associate attorney … [who] has been practicing for four years"; and $400.00 for "a partner … [who] has been practicing for eleven years"); *see also Domond v. PeopleNetwork APS*, 750 Fed. Appx. 844, 848 (11th Cir. 2018) (finding that "Miami rates … included an average partner rate of $655").

3

CASE NO. 20-CIV-23276-DPG

Applying the requested reasonable rates, Defendants' request an award of reasonable attorney's fees of $6,087.50 as follows:

| Timekeeper | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Victor M. Velarde, Esq. | 10.40 | $350.00 | $ 3,640.00 |
| Chloe M. Horton, Esq. | 8.90 | $275.00 | $ 2,447.50 |
| **Total** | **19.30** | | **$ 6,087.50** |

## CONCLUSION

For the reasons set forth above, Defendants/Counter-Plaintiffs Unisource Discovery LLC and Steven A. Cerasale respectfully request an award of attorney's fees in the amount of $6,087.50 against Plaintiff Unisource Discovery Inc. and for such further relief as the Court deems just and appropriate under the circumstances.

## VERIFICATION

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on July 4, 2024.

_Chloe M. Horton_

CHLOE M. HORTON

4

## CERTIFICATE OF GOOD FAITH CONFERENCE

Prior to filing this Motion, Defendants' undersigned counsel attempted to confer with Plaintiff's counsel regarding the relief requested in this Motion, but has been unable to confer.

On July 1, 2024 at 3:45pm, the undersigned emailed Plaintiff's counsel a detailed breakdown of the specific requests that Plaintiff needed to respond to.

On July 2, 2024 at 2:34pm, the undersigned emailed Plaintiff's counsel an account of Defendants' counsels' time accrued in prosecuting motions along with a spreadsheet with individualized time entries.

On July 3, 2024 at 1:07pm, Plaintiff's counsel responded to the undersigned's July 1, 2024 email, inaccurately stating that the undersigned was requesting documents that were beyond the scope of discovery. Plaintiff's counsel did not provide any additional documentation that was requested by Defendants' discovery and the Court's order. Plaintiff's counsel did not address the undersigned's July 2nd email regarding attorneys' fees.

On July 3, 2024 at 5:17 p.m., the undersigned responded to Plaintiff's counsel's email and provided the citations to the Court's order as well as a detailed recitation of Plaintiff's insufficient responses. The undersigned also requested Plaintiff's counsel to review and respond to the email regarding attorneys' fees.

As with every other Motion or issue in this case, Plaintiff did not agree to confer. As of the time of this filing, Plaintiff has not served any objection or response to the undersigned regarding the fees requested herein.

CASE NO. 20-CIV-23276-DPG

Respectfully submitted,
/s/ Chloe M. Horton
Chloe M. Horton
Fla. Bar No. 1039500
Email: chorton@fowler-white.com

Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on July 5, 2024, on all counsel or parties of record on the Service List below.

 /s/ Chloe M/ Horton
Chloe M. Horton
Fla. Bar 1039500

| **SERVICE LIST** | |
| --- | --- |
| *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale*<br>**Case No. 20-CIV-23276-DPG** | |
| Diego David Valdes, Esq.<br>Fla. Bar No. 251010<br>Diego David Valdes, P.A.<br>2350 Coral Way, Suite 403B<br>Coral Gables, Florida 33145<br>Telephone: (305) 910-6602<br>Facsimile: (305) 513-5924<br>E-mail: ddvlaw@gmail.com<br><br>*Counsel for Plaintiff,*<br>*Unisource Discovery, Inc.* | |

7