**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-DPG

UNISOURCE DISCOVERY, INC.,

     Plaintiff,

v.

UNISOURCE DISCOVERY, LLC and
STEVEN A. CERASALE,

     Defendants.

_____/

### ORDER ON DISCOVERY DISPUTES AND DENYING PLAINTIFF'S RENEWED MOTIONS FOR PROTECTIVE ORDER

**THIS CAUSE** is before the Court upon the Status Conference held in this matter on July 9, 2024.[1] Defendants previously moved for contempt proceedings, asserting that Plaintiff failed to abide by the Court's Orders to complete Florida Rule of Civil Procedure Form 1.977 or to respond to Defendants' discovery requests in aid of execution. At the contempt hearing scheduled before the undersigned, Plaintiff was afforded another opportunity to comply by properly responding to Defendants' discovery requests including refraining from asserting objections other than the assertion of privilege. Plaintiff's amended discovery responses were due July 8, 2024.

At the status conference,[2] Defense counsel represented that, despite this Court's Order, Plaintiff had not provided any additional document production and, in the amended responses it did provide, still attempted to assert objections and couch its responses. For example, Plaintiff's response to Interrogatory No. 7 reads, "Although Unisource is _not_ objecting to this request, [Defendants']

---

[1] Defendants' Motions for contempt and Plaintiff's Motions for protective order were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge. (ECF No. 407).

[2] Plaintiff's counsel did not appear at the status conference. Thirty-eight minutes after the hearing's scheduled start time, he called defense counsel on her cellular phone and was provided instructions to dial into the hearing telephonically.

request . . . is *exceptionally broad*. . . ." (emphasis in original).  Plaintiff's prefatory statements in its responses, in an attempt to object "without actually objecting," is a violation of this Court's Order to respond and refrain from asserting objections (other than attorney-client privilege).  That Plaintiff attempted to skirt around this directive by stating it is "not objecting" does not alter this finding.  Moreover, Plaintiff's failure to provide responsive discovery as ordered is in further violation of this Court's Order.  *See* (ECF No. 429).

Plaintiff will be afforded one **<u>final</u>** opportunity to properly respond to Defendants' discovery requests by **Friday, July 12, 2024**.  Plaintiff shall limit its responses to only responding to the discovery requests as written.  Specifically, Plaintiff shall refrain from asserting or injecting any preliminary statement, any objections, any caselaw citations, or legal arguments of any kind.  If Plaintiff does not have relevant discovery, it shall respond clearly and without reservation.  Any responsive documents shall be identified by bates stamp number to the particular request to which they are responsive.

Failure to comply with this Order will subject both Plaintiff and Plaintiff's counsel to contempt proceedings.

At the status conference, the Court additionally inquired as to the status of the subpoenas that form the dispute at issue in Plaintiff's Objections and Motions for Protective Order (ECF Nos. 419, 420).  Defendants represented that the contested subpoenas were not presently at issue as the time to respond has since lapsed.  Defense counsel agreed that in order to seek enforcement of the subpoena, they would have to reissue them to the subpoena recipients.  Accordingly, Plaintiffs' Objections and Motions for Protective Order are not ripe and are **DENIED, without prejudice**.  If Defendants elect to reissue the subpoenas, Plaintiff will be free to renew its objections; Plaintiff's counsel was

2

3

reminded that Defendants have represented that the subpoenas were necessitated in the first instance only because Plaintiff failed or refused to produce the documents sought therein.

**DONE AND ORDERED** in open court in Miami, Florida on this 9th day of July, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE