**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-DPG

UNISOURCE DISCOVERY, INC.,

     Plaintiff

v.

UNISOURCE DISCOVERY, LLC, *et al.*,

     Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendants' Verified Motion for Attorneys' Fees (ECF No. 430). Plaintiff failed to file a Response despite this Court's Order to do so (ECF No. 433), and the time to do so has long passed. Having reviewed the Motion, the record, and being otherwise fully advised, Defendants' Motion is **GRANTED IN PART**.

## I.    BACKGROUND

On November 10, 2023, Defendants moved to hold Plaintiff in civil contempt for violating this Court's Orders to complete Florida Rule of Civil Procedure Form 1.977 and to respond to Defendants' discovery requests in aid of execution. (ECF Nos. 402, 403). Those motions were referred to the undersigned for a ruling by the Honorable Darrin P. Gayles, United States District Judge. (ECF No. 407). A contempt hearing was set for June 20, 2024.

Prior to the contempt hearing, Defendants notified the Court that Plaintiff had completed Form 1.977. (ECF No. 417). Plaintiff then filed a Notice representing that it complied with the Court's Orders by responding to Defendants' discovery requests. (ECF No. 422). Defendants

responded asserting that Plaintiff's discovery responses were inadequate. (ECF No. 423). Plaintiff amended its discovery responses. Defendants acknowledged that they were in receipt of the amended responses but still disputed the adequacy of the responses provided.

At the hearing, Plaintiff did not dispute that it failed to timely comply with this Court's Orders. (ECF No. 429 at 4). However, because Plaintiff ultimately attempted to comply, Defendants withdrew their request to hold Plaintiff in contempt and instead requested that the Court compel better responses to Defendants' discovery requests[1] and award reasonable fees and costs pursuant to Federal Rule of Civil Procedure 37(b). (*Id.*). Plaintiff did not offer any justification for its failure to timely comply with the Court's Orders. (*Id.* at 5). Accordingly, the Court ordered Plaintiff to reimburse Defendants for the reasonable costs and attorneys' fees incurred by Defendants in prosecuting its two motions to hold Plaintiff in civil contempt. (*Id.*).

The Court instructed the parties to confer regarding the amount of Defendants' reasonable fees. (*Id.*). If a dispute regarding fees persisted after conferral, then Defendant was to file a memorandum in support of its demand for fees and Plaintiff was to file a response setting forth the circumstances that would make such an award unjust. (*Id.*). The instant Motion followed. The Motion represents that Plaintiff failed to respond to Defendants' attempts to confer. The Court then ordered Plaintiff to respond to the Motion by July 15, 2024. (ECF No. 433). No Response was filed.

---

[1] Regarding Defendants' request to compel better responses, the Court ordered Plaintiff to (1) produce any documents Plaintiff used to derive the data from the produced accounting ledger from January 1, 2022 to the present; (2) state in a verified response if there are no responsive documents to a request; and (3) refrain from asserting objections because any object was deemed waived due to the failure to timely respond. (ECF No. 429 at 6). A status conference was convened on July 9, 2024, at which Defense counsel represented that despite this Court's Order, Plaintiff failed to produce any additional documents and continued to assert objections to discovery requests. (ECF No. 435). Plaintiff was "afforded one **final** opportunity to properly respond to Defendants' discovery requests" by July 12, 2024. (*Id.* at 2). The deadline to properly respond to Defendants' discovery requests was extended to July 16, 2024. (ECF No. 438).

## II.    DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(C) provides that if a party fails to obey an order to provide or permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Plaintiff failed to timely comply with this Court's Orders to complete Form 1.977 (ECF No. 396) and to respond to Defendants' discovery requests (ECF No. 401). At the hearing on June 20, 2024, Plaintiff had the opportunity to explain why its failure to timely comply with the Court's Orders was substantially justified; Plaintiff had no excuse. On July 1, 2024, the Court directed the parties to confer, but Plaintiff did not respond when Defendants attempted to do so. Finally, Plaintiff disobeyed the Court's July 9, 2024 Order to respond to Defendants' Motion, in which it could have argued that circumstances make an award of expenses unjust.

The Court has already ruled that Defendants are entitled to an award of expenses pursuant to Rule 37(b). (ECF No. 429 at 5). The only question remaining is the reasonableness of the fees requested.

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar is the product of multiplying the "number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is the movant's burden to provide adequate documentation of the appropriate hours and hourly rates. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses

3

are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. However, courts need not become "green-eyeshade accountants"; rather, the role of the court is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Defendants request an hourly rate of $350.00 for Victor M. Velarde and $275.00 for Chloe M. Horton. Based on the undersigned's own experience and knowledge, I find these rates reasonable, particularly in light of this Court's Order regarding Defendants' prior motion for attorney fees. *See* (ECF Nos. 387, 389).

Defendants request an award for 10.4 hours expended by Mr. Velarde and 8.9 hours expended by Ms. Horton. The Court has conducted an hour-by-hour analysis.

Prior to November 3, 2023, Mr. Velarde spent 1.0 hour drafting the discovery requests, 0.8 hours emailing opposing counsel about a discovery hearing and to schedule the deposition of Noel Mijares, 0.3 hours drafting a Notice of Hearing, 0.6 hours preparing for and attending the discovery hearing, and 0.2 hours drafting a Notice of Taking Deposition. But these are not expenses "caused by" Plaintiff's failure to timely comply with the Court's Orders, which is all that Rule 37(b) allows. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385–86, 1386 n.2 (9th Cir. 1988); *see also Frank v. Paddy's Inheritance, Inc.*, No. 14-cv-61312, 2015 WL 7720568, at *3 (S.D. Fla. Nov. 30, 2015) (applying *Batson*'s analysis to Rule 37(d)). Accordingly, Defendants cannot recover fees for this time.

Mr. Velarde spent 0.6 hours updating his client. Courts in this District have held that time spent updating a client on its case is not compensable as part of a fees award. *See Santiago v. Peacock's 17, LLC*, No. 22-cv-62272, 2024 WL 582880, at *4 (S.D. Fla. Jan. 29, 2024); *Slutsky v.*

*Plotkin*, No. 23-cv-61416, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023). Thus, the Court will not include this time in Defendants' award.

The Court finds the remainder of the time expended—6.9 hours by Mr. Velarde and 8.9 hours by Ms. Horton—compensable under Rule 37(b), reasonable, and non-duplicative. Therefore, Defendants are entitled to an award of $4,862.50 in reasonable attorneys' fees.

## III.    CONCLUSION

Defendants' Verified Motion for Attorneys' Fees (ECF No. 430) is **GRANTED IN PART**. Plaintiff is **ORDERED** to pay Defendants an award of reasonable attorneys' fees in the amount of **$4,862.50**. Payment will be made within 30 days from the date of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 3rd day of December, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE