**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-DPG

UNISOURCE DISCOVERY, INC.,

    Plaintiff,

v.

UNISOURCE DISCOVERY, LLC, *et al.*,

    Defendants.

_____/

## ORDER SETTING HEARING

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Compliance with Court Order and for Contempt. (ECF No. 440).

On November 10, 2023, Defendants filed two motions asking the Court to hold Plaintiff in civil contempt. (ECF Nos. 402, 403). The Honorable Darrin P. Gayles, United States District Judge, referred those motions to me. (ECF No. 407). I conducted a hearing on the motions on June 20, 2024, at which Defendants withdrew their request to hold Plaintiff in contempt and instead requested that the Court compel better responses to Defendants' requests seeking discovery in aid of execution. I granted the motion to compel and, pursuant to Federal Rule of Civil Procedure 37(b), ordered Plaintiff to pay Defendants an award of attorneys' fees in the amount of $4,862.50 within 30 days. *See* (ECF No. 439).

In the instant Motion, Defendants assert that Plaintiff has violated that Order by failing to pay the fees within 30 days, or indeed, at all. I ordered Plaintiff to show cause as to why it should not be held in contempt on or before February 26, 2025. (ECF No. 441). Plaintiff has failed to respond to that Order by the deadline.

1

Where, as here, the parties have not consented to have a United States Magistrate Judge preside over their civil case, the magistrate judge may not exercise the contempt power of the district court. *See* 28 U.S.C. § 636(e)(6)(B). Instead, when the act complained of constitutes a civil contempt occurring outside her presence, the magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he should not be held in contempt on the basis of the certified facts. *Id.*

The certification of facts under section 636(e) serves to determine whether the moving party has adduced sufficient evidence to establish a *prima facie* case of contempt. In a civil contempt proceeding, the moving party must demonstrate by clear and convincing evidence that: (1) the allegedly violated order was outstanding and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the court's order. *See Solana v. All Am. Waste & Recycling, LLC*, No. 17-20573-Civ, 2017 WL 7726727, at *2 (S.D. Fla. Dec. 12, 2017). After the movant meets its initial burden, the burden then shifts to the alleged contemnor to explain his noncompliance. *Id.* To overcome a finding of contempt, the alleged contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible. *Id.*

Plaintiff Unisource Discovery, Inc. is **ORDERED** to appear on **Tuesday, March 25, 2025 at 9:00 AM** at the C. Clyde Atkins United States Courthouse, 11th Floor, 301 North Miami Avenue, Miami, Florida 33128, to show cause why it should not be found in civil contempt for violating this Court's Order by failing to pay fees as ordered.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 3rd day of March, 2025.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE