**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-DPG

UNISOURCE DISCOVERY, INC.,

     Plaintiff

v.

UNISOURCE DISCOVERY, LLC, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Compliance with Court Order and for Contempt (ECF No. 440). The Court convened a hearing on the Motion on April 7, 2025. For the following reasons, the undersigned recommends that the Court grant the Motion in part, order Plaintiff to show cause why it should not be held in contempt for failure to abide by the Court's orders, and award Defendants the costs reasonably incurred to obtain such relief.

## I.    BACKGROUND

Defendants obtained a final judgment against Plaintiff in this matter, including an award of attorney's fees and costs. *See* (ECF Nos. 367, 388, 389). Defendant filed Motions to Compel post-judgment discovery (ECF Nos. 354, 401), which were granted after Plaintiff failed to oppose them. (ECF Nos. 396, 401). The Court Ordered Plaintiff to: complete under oath Florida Rule of Civil Procedure Form 1.977, including all required attachments (ECF No. 396); respond to Defendants' written discovery requests (ECF No. 401); and sit for a deposition (*id.*).

1

Notwithstanding the Court's Orders, Plaintiff failed to comply. Defendants moved to hold Plaintiff in civil contempt for failure to complete Florida Rule of Civil Procedure Form 1.977 and to respond to Defendants' discovery requests in aid of execution. (ECF Nos. 402, 403). Those motions were referred to the undersigned for a ruling by the Honorable Darrin P. Gayles, United States District Judge. A contempt hearing was convened on June 20, 2024.

At the hearing, Plaintiff did not dispute that it failed to timely comply with this Court's Orders. However, because Plaintiff ultimately attempted to comply, Defendants withdrew their request to hold Plaintiff in contempt and instead requested that the Court compel better responses to Defendants' discovery requests and award reasonable fees and costs pursuant to Federal Rule of Civil Procedure 37(b). Plaintiff did not offer any justification for its failure to timely comply with the Court's Orders. Accordingly, the Court ordered Plaintiff to reimburse Defendants for the reasonable costs and attorneys' fees incurred by Defendants in prosecuting its two motions.

The Court instructed the parties to confer regarding the amount of Defendants' reasonable fees. If a dispute regarding fees persisted after conferral, then Defendant was to file a memorandum in support of its demand for fees and Plaintiff was to file a response setting forth the circumstances that would make such an award unjust. Defendant filed a Verified Motion for Attorneys' fees, representing that Plaintiff failed to respond to Defendants' attempts to confer. (ECF No. 430). Despite the Court ordering Plaintiff to respond to the Motion (ECF No. 433), no response was filed.

The Court entered an Order granting Defendants' Motion, in part, and ordered Plaintiff to pay Defendants an award of $4,862.50 in reasonable attorneys' fees "within 30 days" from December 3, 2024. (ECF No. 439). The instant Motion followed on February 18, 2025, in which

Defendants claim Plaintiff failed to pay the fee award within the time set forth in the undersigned's Order. (ECF No. 440).

The undersigned ordered Plaintiff to show cause by February 26, 2025, why Plaintiff should not be held in contempt of Court. (ECF No. 441). Upon the Plaintiff's failure to respond to the Order to Show Cause, the Court set a Show Cause Hearing for March 31, 2025. (ECF No. 443). On March 26, 2025, Plaintiff, through counsel Diego Valdes, moved to continue the hearing. Plaintiff's Motion represented that counsel was expected to start trial in a different matter on April 1, predicting that it would be completed by April 7, 2025. Though the Motion was not supported by affidavit, in violation of Local Rule 7.6, it was unopposed and granted. The hearing was reset for April 7, 2025. (ECF No. 447).

Plaintiff did not attend the show cause hearing. Nor did counsel appear on Plaintiff's behalf. Defense counsel appeared, prepared to proceed with an evidentiary hearing.

## II.    Legal Standard

A district court has inherent authority to enforce its own orders by the exercise of contempt powers. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Where there is a finding of civil contempt, "[d]istrict courts have broad discretion in fashioning civil contempt sanctions." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990). However, a court must exercise its inherent powers "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "The purposes of civil contempt sanctions are 'to coerce the [contemnor] into compliance with the court's order, and to compensate the complainant for losses sustained.'" *E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987) (quoting *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986)).

Where, as here, the parties have not consented to have a United States Magistrate Judge preside over their civil case, the magistrate judge may not exercise the contempt power of the district court. *See* 28 U.S.C. § 636(e)(6)(B). Instead, when the act complained of constitutes a civil contempt occurring outside her presence, the magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he should not be held in contempt on the basis of the certified facts. *See id.*

The certification of facts under section 636(e) serves to determine whether the moving party has adduced sufficient evidence to establish a *prima facie* case of contempt. In a civil contempt proceeding, the moving party must demonstrate by clear and convincing evidence that: (1) the allegedly violated order was outstanding and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the court's order. *See Solana v. All Am. Waste & Recycling, LLC*, No. 17-20573-Civ, 2017 WL 7726727, at *2 (S.D. Fla. Dec. 12, 2017).

After the movant meets his initial burden, the burden then shifts to the alleged contemnor to explain his noncompliance. *See id.* To overcome a finding of contempt, the alleged contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible. *See id.* The Eleventh Circuit "construe[s] this requirement strictly." *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 984 (11th Cir. 1986). "[T]hus even if the efforts made by defendants are 'substantial,' 'diligent' or 'in good faith,' the fact that a defendant did not make 'all reasonable efforts' to comply with the order, establishes that the defendant has failed to rebut the showing of contempt." *United States v. D'Argenio*, 01-00010-CR, 2019 WL 297091, at *8 (S.D. Fla. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 296534 (S.D. Fla. Jan. 23, 2019). A defendant must also do more than merely assert that he is unable to comply and that he has made

all reasonable efforts to do so; he must "introduce[] evidence in support of his claim." *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). The burden shifts back to the moving party only upon a sufficient showing by the alleged contemnor. *See Solana*, 2017 WL 7726727, at *2 (citing *Combs*, 785 F.2d at 984).

## III.    CERTIFIED FACTS

Defendants claim in their Motion that Plaintiff failed to pay the attorneys' fees award ordered by this Court. Plaintiff did not respond to the Motion, nor the undersigned's order to show cause why it should not be held in contempt.

As noted above, neither Plaintiff nor its counsel appeared at the hearing. Nor was any motion to continue the hearing properly filed. Approximately two hours before the hearing was scheduled to begin, Plaintiff's counsel Diego Valdes emailed chambers, copying defense counsel, to report that he would not appear at the hearing. Counsel represents in his unsolicited and unfiled correspondence to the Court that he was in Naples for a non-emergent medical appointment for his child. Finally, he advised that he intended to move to withdraw from representing Plaintiff due to an unspecified conflict of interest.

Plaintiff's failure to respond or appear leaves no basis to dispute the following facts:

1.  The Court's Order (ECF No. 439), which lawfully commanded Plaintiff to pay Defendants' attorney's fees, remains outstanding. Defense counsel appeared at the hearing and confirmed that Plaintiff has not satisfied the Order or paid any amount of the fees ordered.

2.  The Order clearly and unambiguously ordered Plaintiff to pay Defendants $4,862.50 in reasonable attorneys' fees "within 30 days" from December 3, 2024. *See* (ECF No. 439).

3.  Plaintiff had the ability to comply with the order. There is no indication on this record of Plaintiff's inability to comply.

4. Plaintiff has failed to appear or defend this Motion for contempt and has not rebutted the presumption in favor of contempt.

Accordingly, the Undersigned certifies the above facts pursuant to 28 U.S.C. § 636(e)(6)(B). Based on the foregoing facts, the Court finds that further civil contempt proceedings are warranted and recommends that Defendants' Motion be granted.

However, before the Court imposes a daily fine to induce compliance with the Court's Order, which may ultimately be warranted, *see Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991), I recommend that the Court convene a show cause hearing. Counsel's correspondence to the Court, while wholly inappropriate and in abject violation of the local rules,[1] purports to notify the Court and Defendants of a conflict between himself and his client. To what extent, the Court is deprived of meaningful explanation. But counsel's email calls into question the continuity of his relationship with Plaintiff, and more directly, whether Plaintiff was adequately advised of these contempt proceedings.[2]

## V.    CONCLUSION

For the reasons stated above, I respectfully **RECOMMEND** that:

1.      The Motion for Contempt (ECF No. 440) be **GRANTED;**

2.      Plaintiff be found in contempt of the Court's Order, ECF No. 439;

3.      Plaintiff and its counsel, Diego Valdes, be ordered to appear and show cause why a coercive daily fine should not be imposed until Plaintiff complies with the Court's Order;

---

[1] "Unless invited or directed by the presiding Judge, attorneys and parties shall not: (a) address or present to the Court in the form of a letter or the like any application requesting relief in any form." S.D. Fla. L.R. 7.7.

[2] Defense counsel represents that as recently as March 18, 2025, she interacted with attorney Valdes in his role as counsel for Plaintiff, and he did not then advise her of any breakdown in the relationship or conflict that warranted withdrawal from this representation.

4.      Defendant be found to be entitled to reasonable expenses, including attorneys' fees, incurred in connection with this Motion.

A party serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge, within **FOURTEEN** (14) days of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in chambers in Miami, Florida, this 8th day of April 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE