**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-CIV-DPG

UNISOURCE DISCOVERY, INC.,

      Plaintiff/Counter-defendant,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants/Counter-plaintiffs

_____

## PLAINTIFF, UNISOURCE DISCOVERY INC., MOTION FOR NUNC PRO TUNC ORDER GRANTING AN EXTENSION OF TIME TO FILE AN OBJECTION TO THE COURT'S APRIL 8, 2025, REPORT AND RECOMMENDATION [DE 449]

Pursuant to Rule 72, Rule 6(b)(1)(B) and 28 U.S.C. § 636(b), Plaintiff, Unisource Discovery Inc., through undersigned counsel, moves the Court to enter a nunc pro tunc Order granted an extension of time to file an objection to the Magistrate's April 8, 2025, Report and Recommendation, and states as follows:

1.      On April 8, 2025, Court entered its report and recommendation ("R&R") [DE 449]. In the R&R, the Court ordered that "A party serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge, within FOURTEEN (14) days of this Report and Recommendation."

2.      The deadline to file an objection was April 22, 2025 – two-days ago.

3.      The Plaintiff is seeking a nunc pro tunc order granting an extension to June 2, 2025, to file its objection that pinpoints "specific findings that the party disagrees with ...". *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 856–57 (11th Cir. 2010).

1

4.      Under Rule 6(b)(1)(B), to extend an expired deadline, a party must show good cause and demonstrate excusable neglect. *Carter v. Butts Cty., Ga.*, 110 F. Supp. 3d 1325, 1332 (M.D. Ga. 2015); *See* Rule 6(b)(1)(B)(an extension may be granted "on motion made *after* the time has expired if the party failed to act because of excusable neglect.") (emphasis added)

5.      Courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* at 1332-1333 (citing *Glover v. City of Pensacola*, 2 372 F. App'x 952 , 955 n.6 (11th Cir. 2010) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

6.      For the Court's initial consideration, the Plaintiff has never sought an extension to file an objection to the Court's R&R and has never missed a Court imposed deadline.

7.       Here, the objection deadline was missed because of clerical mistake.

8.       That is, the Plaintiff's legal counsel, Diego Valdes, Esq., is a sole practitioner that did not properly calendar the deadline to file the Plaintiff's objection. When Plaintiff's legal counsel, Diego Valdes, Esq. manually inputted the objection deadline into his into his work calendar for reasons unknown it was not properly saved.

9.       As a consequence of this unintended clerical mistake, Mr. Valdes, Esq. did not see the objection deadline on his work calendar and cell phone calendar, nor did Mr. Valde, Esq. receive the typical filing/deadline "reminder" from his Outlook Express (and cell phone) that is also set when inputting court deadlines.

10.      Notably, this Motion is accompanied by an affidavit from Mr. Valdes, Esq. that explains and supports the proffered clerical excuse. *See* **Exhibit "A.**

2

11. It is well established in the Eleventh Circuit that an attorney's error based on a misunderstanding of the law is an insufficient basis to excuse missing a deadline. *Ojeda-Sanchez v. Bland,* No. 6:08-cv-096, 2010 WL 1737591, *1 (S.D. Ga. Apr. 29, 2010) (quoting *Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 998 (11th Cir. 1997)).

12. "Conversely, delays may be excused if they are attributable to miscommunication, clerical error, or other innocent oversight." *Id.* (emphasis added) The excusable-neglect determination is primarily an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)

13. Granting the extension will not cause prejudice to Defendants. This is not a dispositive matter and extending the deadline will not cause the Defendants to incur more legal fees and/or trigger additional work *et al.*

14. There will be no adverse impact on the judicial proceedings because Plaintiff undertook immediate relief – within 48 of the missed objection deadline.

15. Lastly, there is nothing to suggest that Plaintiff is acting in bad faith – especially since nothing similar has occurred historically in the case, and, again, the undersigned has undertaken immediate measures to seek relief. *Carter v. Butts Cty., Ga.,* 110 F. Supp. 3d 1325, 1332 (M.D. Ga. 2015), (citing *Glover v. City of Pensacola,* 2 372 F. App'x 952 , 955 n.6 (11th Cir. 2010)

16. Because the Plaintiff has immediately sought to correct this clerical error within 48-hours by filing this Motion, and because Plaintiff has proffered supporting evidence of a clerical mistake, excusable neglect has shown to the extent that an extension is respectfully warranted. Otherwise, "[E]xtreme" and "unexpected" hardship would result absent such relief. *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984)

3

**WHEREFORE**, the Plaintiff, Unisource Discovery Inc., respectfully requests that the Court enter a nunc pro tunc order granting an extension to June 2, 2025, to file an objection to the Court's April 8, 2025, Report and Recommendation [DE 449], and any other relief the Court believes is just and fair.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by Florida E-Portal on Chloe Horton, Esq., chorton@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven Cerasale, individually on this 24th day of April, 2025.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

/s/ Diego Valdes, Esq.
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.

4

.

## AFFIDAVIT OF DIEGO VALDES, ESQ.

State of Florida            )

County of Miami-Dade        )

Diego Valdes, Esq. personally appeared before me this 24th day of April, 2025 and having taken an oath, Affiant stated that the information contained herein is true and correct.  Affiant is personally known to me, and states as follows:

1.      My name is Diego Valdes, Esq. and I am over the age of 21.

2.      At all relevant times I have represented Unisource Discovery Inc. ("Unisource") in this matter.

3.      I personal knowledge of the facts concerning the Court's April 8, 2025, report and recommendation ("R&R").

4.      As the R&R represents, the deadline to file an objection was April 22, 2025 – two-days ago.  As of this filing, Unisource has not filed its objection but had intended to do so.

5.      The deadline of April 22, 2025, was missed because of a clerical mistake on my part.

6.      This unintended clerical mistake occurred when I had entered the deadline into my calendar. Although it is rare that this happens, if ever, it appears to have occurred in this instance.

7.      Specifically, when there is a hearing date or a deadline for any court matter -- whether it is this Court or another court or other legal matter -- the deadline is manually entered into my office Outlook Express. I also program a "reminder" between 5or 10 days before the deadline (or hearing date) to provide a comfortable buffer for research and drafting.

8.      As it sounds, the programmed "reminder" does remind me of the deadline and does prompt me to begin work.

9.      As it occurred here, if there deadline is not calendared I will not be reminded to begin the work and I will not be noticed of a hearing date. It is that simple.

1

10. In this instance, and for reasons that are truly unknown, when I had entered the objection deadline into the calendar something went wrong and the date was not saved. To be candid, I really do not know what happened or why the deadline was not properly calendared and saved. I only know that my investigation reveals that the objection deadline does not appear in the calendar for unknown reasons.

11. I do not believe I have ever missed a deadline at any time during the several years of litigation in this case.

12. Unisource needs to file an objection for several reasons to the R&R and respectfully ask that the Court provide until June 2, 2025, as an extension.

13. I hereby declare under penalty of perjury that these statements are true and correct.

_____
Deigo Valdes, Esq.

_____
DATE: 4/24/25

County of Miami-Dade )

State of Florida )

**BEFORE ME**, the undersigned authority, personally appeared Diego Valdes, Esq., who is personally known to me, after being first duly sworn, deposes and states *"Under penalties of perjury, I declare that I have read the foregoing and the facts stated in it are true and correct."*

**SWORN TO AND SUBSCRIBED** before me on this 24th day of April , 2025.

_____

Notary Public, _____

My Commission Expires:

RUDINA DAKA
NOTARY PUBLIC
Comm. # HH 343971
My Comm. Expires
Apr 17, 2027
STATE OF FLORIDA

(SEAL)

2