**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23276-CIV-DPG

UNISOURCE DISCOVERY, INC.,

      Plaintiff/Counter-defendant,

      v.

UNISOURCE DISCOVERY, LLC
and STEVEN A. CERASALE,

      Defendants/Counter-plaintiffs

_____

**SUPPLEMENT**

**PLAINTIFF, UNISOURCE DISCOVERY INC., MOTION FOR NUNC PRO TUNC ORDER GRANTING AN EXTENSION  OF TIME TO FILE AN OBJECTION TO THE COURT'S APRIL 8, 2025, REPORT AND RECOMMENDATION [DE 449]**

Pursuant to Rule 72, Rule 6(b)(1)(B) and 28 U.S.C. § 636(b), Plaintiff, Unisource Discovery Inc., through undersigned counsel, moves the Court to enter a nunc pro tunc Order granted an extension of time to file an objection to the Magistrate's April 8, 2025, Report and Recommendation, and states as follows:

1.      On April 8, 2025, Court entered its report and recommendation ("R&R") [DE 449]. In the R&R, the Court ordered that "A party serve and file written objections, if any, to this Report and Recommendation with the Honorable Darrin P. Gayles, United States District Judge, within FOURTEEN (14) days of this Report and Recommendation."

2.      The deadline to file an objection was April 22, 2025 – two-days ago.

3.      The Plaintiff is seeking a nunc pro tunc order granting an extension to June 2, 2025, to file its objection that pinpoints "specific findings that the party disagrees with …". *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 856–57 (11th Cir. 2010).

1

4. Under Rule 6(b)(1)(B), to extend an expired deadline, a party must show good cause and demonstrate excusable neglect. *Carter v. Butts Cty., Ga.*, 110 F. Supp. 3d 1325, 1332 (M.D. Ga. 2015); *See* Rule 6(b)(1)(B)(an extension may be granted "on motion made *after* the time has expired if the party failed to act because of excusable neglect.") (emphasis added)

5. Courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* at 1332-1333 (citing *Glover v. City of Pensacola*, 2 372 F. App'x 952 , 955 n.6 (11th Cir. 2010) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

6. For the Court's initial consideration, the Plaintiff has never sought an extension to file an objection to the Court's R&R and has never missed a Court imposed deadline.

7. Here, the objection deadline was missed because of clerical mistake.

8. That is, the Plaintiff's legal counsel, Diego Valdes, Esq., is a sole practitioner that did not properly calendar the deadline to file the Plaintiff's objection. When Plaintiff's legal counsel, Diego Valdes, Esq. manually inputted the objection deadline into his into his work calendar for reasons unknown it was not properly saved.

9. As a consequence of this unintended clerical mistake, Mr. Valdes, Esq. did not see the objection deadline on his work calendar and cell phone calendar, nor did Mr. Valde, Esq. receive the typical filing/deadline "reminder" from his Outlook Express (and cell phone) that is also set when inputting court deadlines.

10. Notably, this Motion is accompanied by an affidavit from Mr. Valdes, Esq. that explains and supports the proffered clerical excuse. *See* **Exhibit "A.**

11.     It is well established in the Eleventh Circuit that an attorney's error based on a misunderstanding of the law is an insufficient basis to excuse missing a deadline. *Ojeda-Sanchez v. Bland,* No. 6:08-cv-096, 2010 WL 1737591, *1 (S.D. Ga. Apr. 29, 2010) (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)).

12.     "Conversely, delays may be excused if they are attributable to miscommunication, clerical error, or other innocent oversight." *Id*. (emphasis added) The excusable-neglect determination is primarily an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)

13.     Granting the extension will not cause prejudice to Defendants. This is not a dispositive matter and extending the deadline will not cause the Defendants to incur more legal fees and/or trigger additional work *et al*.

14.     There will be no adverse impact on the judicial proceedings because Plaintiff undertook immediate relief – within 48 of the missed objection deadline.

15.     Lastly, there is nothing to suggest that Plaintiff is acting in bad faith – especially since nothing similar has occurred historically in the case, and, again, the undersigned has undertaken immediate measures to seek relief. *Carter v. Butts Cty., Ga*., 110 F. Supp. 3d 1325, 1332 (M.D. Ga. 2015), (citing *Glover v. City of Pensacola*, 2 372 F. App'x 952 , 955 n.6 (11th Cir. 2010)

16.     Because the Plaintiff has immediately sought to correct this clerical error within 48-hours by filing this Motion, and because Plaintiff has proffered supporting evidence of a clerical mistake, excusable neglect has shown to the extent that an extension is respectfully warranted. Otherwise, "[E]xtreme" and "unexpected" hardship would result absent such relief. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)

**Local Rule 7.1 – Conferral With Defendants**

I hereby certify that in accordance with S.D. Fla. Local Rule 7.1(a)(3), Plaintiff conferred with Defendants Counsel and they did not agree to an extension to reschedule the hearing.

**WHEREFORE**, the Plaintiff, Unisource Discovery Inc. respectfully requests that the Court enter a nunc pro tunc order granting an extension to June 2, 2025, to file an objection to the Court's April 8, 2025, Report and Recommendation [DE 449], and any other relief the Court believes is just and fair.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by Florida E-Portal on Chloe Horton, Esq., chorton@fowler-white.com, Fowler, White, Burnett, P.A., counsel for Defendants Unisource Discovery, LLC and Steven Cerasale, individually on this 19th day of May, 2025.

**DIEGO DAVID VALDES, P.A.**
2350 Coral Way, Suite 403B
Miami, FL 33145
Tel: 305-910-6602
Fax: 305-513-5924

/s/ Diego Valdes, Esq.
Diego David Valdes, Esq.
Florida Bar No. 251010
Email: legal@ddvlawgroup.com
Counsel for Plaintiff: Unisource Discovery, Inc.

4