**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-23276-DPG**

UNISOURCE DISCOVERY, INC.
     Plaintiff,
v.

UNISOURCE DISCOVERY, LLC, and
STEVEN A. CERASALE, individually,
     Defendants.

_____

**OPPOSITION TO SECOND MOTION FOR NUNC PRO TUNC ORDER GRANTING**
**AN EXTENSION OF TIME TO OBJECT TO REPORT AND RECOMMENDATION**

Defendants/Counter-Plaintiffs (collectively, "Defendants"), hereby file their Opposition to Plaintiff/Counter-Defendant's Motion for Nunc Pro Tunc Order Granting an Extension of Time to File an Objection to the Court's April 8, 2025 Report and Recommendation [D.E. 452].

**ARGUMENT**

**I.      Plaintiff has not conferred in good faith despite the Court's Order to do so.**

Plaintiff's first Motion for Nunc Pro Tunc Order was denied for failure to confer. *See* Order [D.E. 451]. Plaintiff thereafter twice refused to confer in good faith.

Specifically, Plaintiff is seeking an extension to object to the Report and Recommendation. In an attempt to confer, the undersigned asked what was the basis of Plaintiff's objection. For self-evident reasons, Plaintiff cannot move for an extension to file an objection when Plaintiff does not have any objection to file. Such a motion would serve no purpose other than delay for the sake of delay.

On May 1, 2025, Plaintiff responded as follows: "We are not going to discuss our position over emails, that will be done in our Response to the Court." *See* Emails attached hereto as Exhibit "A." Plaintiff also refused to confer over the phone.

Despite the undersigned's repeated requests to confer (both over emails and over the phone), Plaintiff refused to confer. On this basis alone, Plaintiff's Motion should be denied.

**II.     Plaintiff has not even attempted to justify any extension because Plaintiff has not stated what "objection" it may have to the Report and Recommendation.**

The Report and Recommendation was entered on April 8, 2025—more than 40 days ago. Plaintiff's Motions are nothing more than a delay tactic. The following five facts make this clear.

First, Plaintiff has not even suggested what "objection" it could possibly have to the Report and Recommendation and did not attach any proposed objection to its Motions. When the undersigned asked Plaintiff to confer, Plaintiff refused to disclose what "objection" it was ostensibly contemplating.

Second, Plaintiff has not even attempted to justify an extension until June 2, 2025. Plaintiff's deadline to file objections to the Report and Recommendation was "FOURTEEN (14) days" after the Report and Recommendation—i.e., April 22, 2025. Two days after the deadline (i.e., April 24, 2025), Plaintiff filed its first Motion [D.E. 450] seeking an extension. Plaintiff's sole basis for the extension is that it failed to calendar the deadline (i.e., a "clerical mistake").

But Plaintiff completely omits any discussions, explanation, or argument about why its "clerical mistake" (which Plaintiff caught two days after the deadline) can somehow justify an extension until June 2, 2025—i.e., ***55 days*** after the Report and Recommendation and ***39 days*** after Plaintiff supposedly "caught" its clerical calendaring mistake.

Third, Plaintiff purposefully delayed filing his second Motion. On April 29, 2025, the Court denied Plaintiff's Motion for failure to confer. *See* Order [D.E. 451]. The parties (through counsel) attempted to confer on May 1 (wherein Plaintiff refused to confer as explained above). Plaintiff then waited ***three weeks*** before filing his second Motion for Nunc Pro Tunc Order [D.E. 452] on May 19.

To be clear, there were no communications between counsel during Plaintiff's three-week delay, nor was there any other activity in this action. Plaintiff simply sat on his second motion for three weeks.

Fourth, Plaintiff's claim in its Motion that it "has never missed a Court imposed deadline" is clearly false. Mot. [D.E. 452] at ¶ 6. The Report and Recommendation arose from a Show Cause hearing that resulted from the fact that Plaintiff missed the Court-imposed deadline to pay sanctions, and the sanctions were imposed because Plaintiff missed several Court-imposed discovery deadlines. In fact, the Report and Recommendation reflects that "Plaintiff did not dispute that it failed to timely comply with this Court's Orders" and "did not offer any justification for its failure to timely comply with the Court's Orders." *See* Rep. & Rec. [D.E. 449] at p. 2.

Plaintiff has done nothing but delay and cannot justify further delay. For this reason, Plaintiff's Motion for Nunc Pro Tunc Order—which is filed for the purpose of further delay—should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiff's Motion for Nunc Pro Tunc Order Granting an Extension of Time to File an Objection to the Court's April 8, 2025 Report and Recommendation [D.E. 449], and grant all other such relief that the Court deems just and proper under the circumstances.

3

CASE NO. 20-CIV-23276-DPG

Respectfully submitted,

/s/ Chloe M. Horton
Victor M. Velarde
Fla. Bar No. 105620
Email: vvelarde@fowler-white.com
Chloe M. Horton
Fla. Bar No. 1039500
Email: chorton@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on May 26, 2025, on all counsel or parties of record on the Service List below.

/s/ Chloe M. Horton
Chloe M. Horton
Fla. Bar No. 1039500

| **SERVICE LIST** *Unisource Discovery, Inc. v. Unisource Discovery, LLC and Steven A. Cerasale* **Case No. 20-CIV-23276-DPG** | |
|---|---|
| Diego David Valdes, Esq. Fla. Bar No. 251010 Diego David Valdes, P.A. 2350 Coral Way, Suite 403B Coral Gables, Florida 33145 Telephone: (305) 910-6602 Facsimile: (305) 513-5924 E-mail: ddvlaw@gmail.com *Counsel for Plaintiff, Unisource Discovery, Inc.* | |

4